FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599

MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
ALEXANDER H. SCHMIDT (*pro hac vice*)
schmidt@whafh.com
MICHAEL LISKOW (243899)
liskow@whafh.com
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile:  212/545-4677

Counsel for Plaintiffs Robert Pepper,
Stephen H. Schwartz, Edward W. Hayter
and Harry Bass

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT PEPPER, STEPHEN H. SCHWARTZ, EDWARD W. HAYTER, and HARRY BASS on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:11-cv-06714 JW <br><br> **DECLARATION OF RACHELE R. RICKERT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S MOTION TO DISMISS** <br><br> DATE:    April 23, 2012 <br> TIME:    9:00 a.m. <br> DEPT.:   9, 19th Floor <br> JUDGE:  Hon. Chief Judge James Ware |

DECLARATION OF RACHELE R. RICKERT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT
APPLE INC.'S MOTION TO DISMISS – CASE NO. C 3:11-cv-06714 JW

1    I, Rachele R. Rickert, declare as follows:

2    1.    I am an attorney duly licensed to practice before all the courts of the State of

3    California. I am a member of the law firm Wolf Haldenstein Adler Freeman & Herz LLP, counsel

4    for Plaintiffs in the above-captioned action. I submit this declaration in support of Plaintiffs'

5    Opposition to Defendant Apple Inc.'s Motion to Dismiss. I have personal knowledge of the

6    matters stated herein and, if called upon, I could and would competently testify thereto.

7    2.    Attached hereto as **Exhibit A** is a true and correct copy of a June 26, 2007 press

8    release titled, "AT&T and Apple Announce Simple, Affordable Service Plans for iPhone," found

9    on AT&T's web site at http://www.att.com/gen/press-room?pid=4800&cdvn=news&newsarticleid

10   =24018&mapcode=consumer|mobile-devices on March 16, 2012, which discloses that, "[a]ll

11   iPhone monthly service plans are available for individuals and families and are based on a two-

12   year service agreement with AT&T."

13   3.    Attached hereto as **Exhibit B** is a true and correct copy of a July 11, 2008 press

14   release entitled, "AT&T Kicks Off Sales of iPhone 3G," found on AT&T's web site at

15   http://www.att.com/gen/press-room?pid=4800&cdvn=news&newsarticleid=25923&mapcode=

16   wire less-networks-general|consumer on March 16, 2012, which discloses, "iPhone 3G will be

17   available for $199 for the 8GB model and $299 for the 16GB model. These prices require

18   two-year contracts."

19   4.    Attached hereto as **Exhibit C** is a true and correct copy of a June 18, 2009 press

20   release titled, "iPhone 3G S Available at AT&T Tomorrow", found on AT&T's web site at

21   http://www.att.com/gen/press-room?pid=4800&cdvn=news&newsarticleid=26868&mapcode=

22   consumer|mobile-devices on March 16, 2012, which discloses that the stated prices "require a

23   two-year service commitment."

24   5.    Attached hereto as **Exhibit D** is a true and correct copy of a June 7, 2010 press

25   release titled, "AT&T to Offer iPhone 4 on June 24," found on AT&T's web site at

26   http://www.att.com/gen/press-room?pid=18004&cdvn=news&newsarticleid=30863&mapcode=

27   consumer|wireless on March 16, 2012, which discloses that, "[a]ll new and current iPhone

28

DECLARATION OF RACHELE R. RICKERT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT
APPLE INC.'S MOTION TO DISMISS – CASE NO.  C 3:11-cv-06714 JW

customers who are upgrade eligible, plus existing customers who choose to upgrade early must agree to a two-year term commitment."

6. Attached hereto as **Exhibit E** is a true and correct copy of a web page from Internet Archive Wayback Machine, found at http://web.archive.org/web/20070602140742/http:/www.wireless.att.com/cell-phone-service/legal/return-policy.jsp on March 16, 2012, which reflects the content of an AT&T web page on June 2, 2007, disclosing that cancelation of ATTM wireless service after 30 days from the date of purchase and before the end of the two-year service commitment resulted in a $175 early termination fee.

7. Attached hereto as **Exhibit F** is a true and correct copy of a web page from Internet Archive Wayback Machine, found at http://web.archive.org/web/20080318180121/http:/www.wireless.att.com/cell-phone-service/legal/return-policy.jsp on March 16, 2012, which reflects the content of an AT&T web page on October 18, 2008, disclosing that cancelation of ATTM wireless service after 30 days from the date of purchase and before the end of the two-year service commitment resulted in a $175 early termination fee.

8. Attached hereto as **Exhibit G** is a true and correct copy of a web page from Internet Archive Wayback Machine, found at http://web.archive.org/web/20091003041833/http:/www.wireless.att.com/cell-phone-service/legal/return-policy.jsp on March 16, 2012, which reflects the content of an AT&T web page on October 3, 2009, disclosing that cancelation of ATTM wireless service after 30 days from the date of purchase and before the end of the two-year service commitment resulted in a $175 early termination fee.

9. Attached hereto as **Exhibit H** is a true and correct copy of a web page from Internet Archive Wayback Machine, found at http://web.archive.org/web/20100811040119/http:/www.wireless.att.com/cell-phone-service/legal/return-policy.jsp on March 16, 2012, which reflects the content of an AT&T web page on August 11, 2010, disclosing, "If your Service Commitment includes the purchase of certain specified Equipment [including the iPhone] on or after June 1, 2010, the Early Termination Fee will be $325 minus $10 for each full month of your Service Commitment that you complete."

DECLARATION OF RACHELE R. RICKERT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S MOTION TO DISMISS – CASE NO.  C 3:11-cv-06714 JW

- 2 -

1

2      10. Attached hereto as **Exhibit I** is a true and correct copy of a web page from Internet

3    Archive Wayback Machine, found at http://web.archive.org/web/20110412181535/http:/www.

4    wireless.att.com/cell-phone-service/legal/return-policy.jsp on March 16, 2012, which reflects the

5    content of an AT&T web page on April 12, 2011, disclosing, "If your Service Commitment

6    includes the purchase of certain specified Equipment [including the iPhone] on or after June 1,

7    2010, the Early Termination Fee will be $325 minus $10 for each full month of your Service

     Commitment that you complete."

8      11. Attached hereto as **Exhibit J** is a true and correct copy of a web page from

9    ATTM's web site, found at http://www.wireless.att.com/learn/articles-resources/early-term-

10   fees.jsp on March 16, 2012, and titled, "Early Termination Fees," in which ATTM discloses the

11   Early Termination Fees that apply to various devices, including "Apple: iPhone (all models)."

12     12. Attached hereto as **Exhibit K** is a true and correct copy of a web page from

13   ATTM's web site, found at http://www.wireless.att.com/cell-phone-service/legal/return-policy.jsp

14   on March 16, 2012, titled, "AT&T Returns Policy & Early Termination Fee," which describes the

15   Early Termination Fee that will apply if a wireless services customer cancels service before they

16   complete their Service Commitment.

17     13. Attached hereto as **Exhibit L** is a true and correct copy of the Answer of Defendant

18   AT&T Mobility LLC in the related *In re Apple & AT&TM Antitrust Litig.*, No. 07-05152 JW,

19   found at ECF No. 188.

20     14. Attached hereto as **Exhibit M** is a true and correct copy of the Answer of

21   Defendant Apple Inc. in the related *In re Apple & AT&TM Antitrust Litig.*, No. 07-05152 JW,

22   found at ECF No. 152.

23     I declare under penalty of perjury under the laws of the United States of America that the

24   foregoing is true and correct.  Executed this 16th day of March, 2012 at San Diego, California.

25

26            /s/ Rachele R. Rickert

27            RACHELE R. RICKERT

28   APPLE 2:18769.DECL

DECLARATION OF RACHELE R. RICKERT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT
APPLE INC.'S MOTION TO DISMISS – CASE NO.  C 3:11-cv-06714 JW

# EXHIBIT A

## AT&T and Apple Announce Simple, Affordable Service Plans for iPhone

*All Plans Include Unlimited Data & Visual Voicemail*

**Atlanta, Georgia, Cupertino, California, June 26, 2007**

AT&T and Apple today announced three simple, affordable service plans for iPhone which start at just $59.99 per month. All three plans include unlimited data, Visual Voicemail, 200 SMS text messages, roll-over minutes, unlimited mobile-to-mobile calling, and a specific number of voice minutes. With everything else already included, iPhone customers can easily choose the plan that's right for them based on the amount of voice minutes they plan to use each month. In addition, iPhone customers can choose from any of AT&T's standard service plans.

"AT&T has the largest voice and data network in America, the largest mobile-to-mobile calling community and the fewest dropped calls," said Randall Stephenson, chairman and CEO, AT&T. "AT&T has invested more than $16 billion dollars in its wireless network between 2005 and 2007, and iPhone customers will enjoy the best voice and data network in the nation."

"We want to make choosing a service plan simple and easy, so every plan includes unlimited data with direct Internet access, along with Visual Voicemail and a host of other goodies," said Steve Jobs, Apple's CEO. "We think these three plans give customers the flexibility to experience all of iPhone's revolutionary features at affordable and competitive prices."

All iPhone plans include Visual Voicemail, an industry first, which allows consumers to see a listing of their voice mails, decide which messages to listen to, then go directly to those messages without listening to previous messages. Just like email, Visual Voicemail on iPhone enables users to immediately and randomly access the messages that interest them most. Unlike most wireless plans that charge additional fees for new features, there are no additional fees for Visual Voicemail.

iPhone introduces an entirely new user interface based on a revolutionary multi-touch display and pioneering new software that allows users to control iPhone with just a tap, flick or pinch of their fingers. iPhone combines three products into one small and lightweight handheld device — a revolutionary mobile phone, a widescreen iPod, and the Internet in your pocket with best-ever applications on a mobile phone for email, web browsing and maps. iPhone ushers in an era of software power and sophistication never before seen in a mobile device, which completely redefines what users can do on their mobile phones.

**Pricing & Availability**
iPhone goes on sale at 6:00 pm (local time) on Friday, June 29 and will be sold in the U.S. through Apple's retail and online stores and AT&T retail stores. iPhone will be available in a 4GB model for $499 (US) and an 8GB model for $599 (US), and will work with either a PC or Mac. All iPhone monthly service plans are available for individuals and families and are based on a two-year service agreement with AT&T. Individual plans are priced at 59.99 for 450 minutes, $79.99 for 900 minutes and $99.99 for 1,350 minutes. Other plans are available as well. All plans include unlimited data (email and web), Visual Voicemail, 200 SMS text messages, roll over minutes and unlimited mobile-to-mobile and a one-time activation fee of $36.

---

### FOR MORE INFORMATION ONLINE

| **Related News:** | **Related Media Kits:** |
|---|---|
| AT&T and Apple Announce Simple, Affordable Service Plans for iPhone | AT&T Entertainment Services |
| AT&T Kicks Off Accelerated Branding Campaign | iPhone |
| **Web Site Links:** | **Related Fact Sheets :** |
| AT&T Web Site | AT&T Experience Store |
| AT&T Wireless Web Site | |
| Apple Web Site | |
| Apple iPhone | |

---

**Bookmarks and Tags:**

Learn more about bookmarks and tags.

**Technorati:**   AT&T, Apple, iPhone, iPod, Visual Voicemail, SMS Text

*This AT&T news release and other announcements are available as part of an RSS feed at www.att.com/rss.*

**About Apple**
*Apple ignited the personal computer revolution in the 1970s with the Apple II and reinvented the personal computer in the 1980s with the Macintosh. Today, Apple continues to lead the industry in innovation with its award-winning computers, OS X operating system and iLife and professional applications. Apple is also spearheading the digital media revolution with its iPod portable music and video players and iTunes online store, and will enter the mobile phone market this year with its revolutionary iPhone.*

**About AT&T**
*AT&T Inc. (NYSE: T) is a premier communications holding company. Its subsidiaries and affiliates, AT&T operating companies, are the providers of AT&T services in the United States and around the world. Among their offerings are the world's most advanced IP-based business communications services and the nation's leading wireless, high speed Internet access and voice services. In domestic markets, AT&T is known for the directory publishing and advertising sales leadership of its Yellow Pages and YELLOWPAGES.COM organizations, and the AT&T brand*

is licensed to innovators in such fields as communications equipment. As part of its three-screen integration strategy, AT&T is expanding its TV entertainment offerings. Additional information about AT&T Inc. and the products and services provided by AT&T subsidiaries and affiliates is available at www.att.com.

©2007 AT&T Knowledge Ventures. All rights reserved. AT&T and the AT&T logo are trademarks of AT&T Knowledge Ventures.

# EXHIBIT B

## AT&T Kicks Off Sales of iPhone 3G

*Online Resources Available to Help Customers Prepare for Purchase*

*Variety of Attractive Plans Combine Voice and Unlimited Data*

**Dallas, Texas, Mountain View, California, July 11, 2008**

AT&T begins selling iPhone 3G today in its retail stores at 8 a.m. local time across the United States, along with a variety of attractive monthly plans that combine voice and unlimited data use. iPhone 3G uses the nation's fastest 3G wireless network, which reaches 300 major metropolitan areas.

**Pricing and Eligibility**

AT&T Inc. (NYSE:T) has announced that AT&T is making it easy for customers to prepare for their iPhone 3G purchase by posting "Get iReady" tips and frequently asked questions at www.att.com/iphone. The site also includes a link for customers to check their upgrade eligibility and other wireless account information.

iPhone 3G will be available for $199 for the 8GB model and $299 for the 16GB model. These prices require two-year contracts and are available to the following customers:

iPhone customers who purchased before July 11*
Customers activating a new line with AT&T
Current AT&T customers who are eligible, at the time of purchase, for an upgrade discount

Current customers who are not eligible for an upgrade discount can purchase iPhone 3G for $399 for the 8GB model or $499 for the 16GB model. Both options require a new two-year service agreement. Current customers may also choose to wait until they become eligible for an upgrade discount. Eligibility is generally determined by amount of time remaining on a current contract and payment history.

Current AT&T customers who are upgrading to iPhone 3G will pay an $18 upgrade fee and new AT&T customers will pay the standard $36 activation fee.

**Voice, Data and Text Messaging Plans**

AT&T brings iPhone 3G customers the best coverage on the globe and the largest mobile-to-mobile calling community with unlimited calling to AT&T's 71.4 million wireless customers. iPhone 3G customers can choose from four individual AT&T Nation plans, which bundle voice and unlimited data (e-mail and Web browsing).

**AT&T Nation$^{SM}$ Unlimited:** Includes unlimited Anytime Minutes for $129.99 a month.
**AT&T Nation 1350:** Includes 1350 Anytime Minutes and unlimited Night & Weekend Minutes for $109.99 a month.
**AT&T Nation 900:** Includes 900 Anytime Minutes and unlimited Night & Weekend Minutes for $89.99 a month.
**AT&T Nation 450:** Includes 450 Anytime Minutes and 5,000 Night & Weekend Minutes for $69.99 a month.

All AT&T Nation and AT&T FamilyTalk® plans for iPhone 3G include nationwide long distance and roaming, Visual Voicemail, Rollover®, unlimited Mobile to Mobile calling, Call Forwarding, Call Waiting, Three-Way Calling and Caller ID.

AT&T will offer FamilyTalk plans, with bundled voice and unlimited data, starting as low as $129.99 a month for two iPhone 3G lines. Up to three additional iPhone lines can be added for $39.99 each.

Unlimited text messaging can be added for an additional $20 ($30 for FamilyTalk plans of up to five lines); $15 (1,500 messages), or $5 (200 messages).

**Additional Tips for Consumers**

New AT&T customers who wish to port or retain their phone number from another wireless carrier should consider bringing a copy of a bill from their current service provider. Customers will be asked to provide account information as it appears on record with their current provider, including:

Account number
Name of the account holder
Account holder's SSN or Tax ID
Billing address
PIN or password (if applicable)

Customers who inherit an original iPhone from a friend or family member will need to request a SIM card from AT&T for the phone and activate the device using the in-home activation process through iTunes.

Customers should listen to voice mail messages on their current devices and write down any necessary information before purchasing iPhone 3G, because existing voice mail messages will be lost when upgrading to iPhone's Visual Voicemail feature.

AT&T will offer accessory bundle options specific to iPhone 3G in its retail stores.

**iPhone 2.0 Software**

All iPhone customers will benefit from the iPhone 2.0 software, which will be pre-loaded on all iPhone 3Gs and available as a free download for current iPhone customers. The new software will include numerous enhancements, such as business-class e-mail access via Microsoft Exchange ActiveSync; the iPhone Software Development Kit (SDK), which allows a business to easily create applications customized to its needs; and the App Store, available at www.apple.com/webapps, which offers a wide-range of applications — from games to business, education to entertainment and productivity to social networking.

For example, AT&T has developed YELLOWPAGES.COM Mobile for iPhone, which takes local mobile search to a new level by allowing users to discover businesses and local events based on their popularity among other iPhone users, get directions and access business reviews. Numerous enterprise applications are and will continue to be available on iPhone 3G, via the App Store, including Oracle's CRM, collaboration and e-mail applications.

**iPhone for Business**

Oracle and Kraft Foods Inc. are among the first business customers to deploy iPhone 3G. Business customers interested in iPhone 3G should contact an AT&T business sales representative or review their account information online to determine their eligibility for upgrade pricing. Corporate e-mail and other business applications require the Enterprise Data Plan for iPhone, which is $45 a month and bundled with an eligible voice plan. Small business customers may qualify for AT&T BusinessTalk, the industry's only shared plan specifically for small businesses. Additional details on iPhone business offerings are available at www.att.com/iphoneforbusiness.

*iPhone 3G is available to customers who are currently prepaid customers; however, there is no prepaid plan for iPhone 3G. Additionally, customers' accounts must be in good standing at the time of purchase.*

## FIND MORE INFORMATION ONLINE

**Related Media Kits:**

The iPhone

**Related News Releases:**

AT&T Announces iPhone 3G Pricing and Tips to be iReady
AT&T to Offer Next-Generation iPhone on Its High-Performance 3G Network

**Related Fact Sheets:**

AT&T Network Coverage Map
iPhone and AT&T's Wireless Data Network
3G Coverage: Cities with 3G Service

**Web Sites:**

AT&T Web Site
AT&T Wireless Web Site
AT&T iPhone Web Site
About the AT&T 3G Network
Apple iPhone

**Bookmarks and Tags:**

del.icio.us     digg

Learn more about bookmarks and tags.

**Technorati:**

AT&T, iPhone, 3G Network, Mobile Broadband, Wireless Internet Service

**About AT&T**
*AT&T Inc. (NYSE:T) is a premier communications holding company. Its subsidiaries and affiliates, AT&T operating companies, are the providers of AT&T services in the United States and around the world. Among their offerings are the world's most advanced IP-based business communications services and the nation's leading wireless, high speed Internet access and voice services. In domestic markets, AT&T is known for the directory publishing and advertising sales leadership of its Yellow Pages and YELLOWPAGES.COM organizations, and the AT&T brand is licensed to innovators in such fields as communications equipment. As part of its three-screen integration strategy, AT&T is expanding its TV entertainment offerings. In 2008, AT&T again ranked No. 1 on Fortune magazine's World's Most Admired Telecommunications Company list and No. 1 on America's Most Admired Telecommunications Company list. Additional information about AT&T Inc. and the products and services provided by AT&T subsidiaries and affiliates is available at http://www.att.com.*

© 2008 AT&T Intellectual Property. All rights reserved. AT&T and the AT&T logo are trademarks of AT&T Intellectual Property.

# EXHIBIT C

### iPhone 3G S Available at AT&T Tomorrow

*Locations Open Early at 7 a.m. for Customers Who Preordered in Store*

**Dallas, Texas, June 18, 2009**

ShareThis

AT&T* begins selling iPhone 3G S nationwide tomorrow morning in its more than 2,200 company-owned retail locations. In addition, AT&T today will begin shipping devices to customers who preordered online for arrival beginning tomorrow. iPhone 3G S will also be available tomorrow morning at all 211 U.S. Apple retail stores.

"The time is finally here. We're more than ready to open our doors tomorrow and begin selling the fastest, most powerful iPhone yet," said Ralph de la Vega, president and CEO, AT&T Mobility & Consumer Markets. "We understand that customers are eager to get their hands on this great new device. So we've worked hard to make the experience as easy as possible."

**EARLY HOURS FOR PREORDER CUSTOMERS**

Many customers have chosen to preorder iPhone 3G S in an AT&T store or online.

**AT&T Store Preorders:** Customers who preordered in AT&T stores can return to the same store beginning tomorrow morning, with their receipt, to pick up their order. Customers should be sure to check the e-mail notification they received for their actual arrival date as some preorders will arrive after June 19; dates are based on when preorders were made and available inventory. All stores will open at 7 a.m. local time to exclusively serve preorder customers whose orders are expected to arrive on June 19. Any customer is welcome to visit beginning at normal business hours, at which point all customers will be served on a "first come, first served" basis.

**att.com Preorders:** Customers who preordered online will have their iPhone 3G S shipped to their home or office beginning tomorrow. Customers should be sure to examine their e-mail notification for their actual arrival date as some preorders will arrive after June 19; dates are based on when preorders were made and available inventory.

**PRICING**

AT&T will offer iPhone 3G S at a variety of attractive prices:

- $199 (16GB) and $299 (32GB) for all new AT&T customers and existing AT&T customers who have fulfilled their previous agreement. In addition, AT&T yesterday extended this pricing to iPhone 3G customers who will be eligible for a full upgrade in July, August, or September 2009.

- $399 (16GB) and $499 (32GB) for existing AT&T customers who have not yet fulfilled their existing agreement but would like an early upgrade to iPhone 3G S. This early upgrade option is exclusively available for iPhone 3G and iPhone 3G S.

Prices above require a two-year service commitment and approved voice and data plan. Options are available to purchase these phones without a two-year contract commitment.

Existing AT&T customers can easily check their upgrade eligibility at www.att.com/iPhone or by visiting any AT&T company-owned retail store. Customers can also call *NEW# (*639#) from their AT&T handset to receive a text message with information on upgrade eligibility.

**CONSUMER PLANS**

AT&T customers can choose from several monthly plans that start as low as $69.99 per month for voice and unlimited data (e-mail and Web browsing). All iPhone plans include nationwide long distance and roaming, Visual Voicemail, Rollover®, and unlimited Mobile to Mobile calling.

AT&T FamilyTalk® offers extra value for families who share minutes. Plans start as low as $129.99 a month for two iPhone lines with bundled voice and unlimited data. Up to three additional iPhone lines can be added for $39.99 each.

**BUSINESS PLANS**

Small business customers may qualify for AT&T BusinessTalk®, a shared minute plan specifically for small businesses. Companies can share up to 20,000 minutes per month between as many as 40 employees. In addition, business customers and employees of many businesses are eligible for discounted service rates. For more information, contact an AT&T business sales representative or visit www.att.com/Iphoneforbusiness.

**FEATURES**

iPhone 3G S is packed with incredible new features including improved speed and performance -- up to twice as fast as iPhone 3G -- with longer battery life, a high-quality 3 megapixel autofocus camera, easy to use voice recording and hands free voice control. iPhone 3G S includes the new iPhone OS 3.0, the world's most advanced mobile operating system.

Later this summer, AT&T will make multimedia messaging (MMS) available at no extra cost to customers with a text messaging bundle. And, in the future, AT&T will offer tethering capability for iPhone 3G S and iPhone 3G.

All iPhone 3G S customers receive access to more than 20,000 U.S. AT&T Wi-Fi Hot Spots. As part of the iPhone OS 3.0 software, authentication at AT&T hot spots is automatic, allowing customers to seamlessly switch from AT&T's 3G network to an AT&T Wi-Fi hotspot without being prompted.

**ADDITIONAL TIPS FOR CUSTOMERS BUYING ON JUNE 19**

New AT&T customers who wish to port or retain their phone number from another wireless carrier should consider bringing a copy of a bill from their current service provider. Customers will be asked to provide account information as it appears on record with their current provider, including:

- Account number

- Name of the account holder

- Account holder's Social Security Number or Tax ID

- Billing address

- PIN or password (if applicable)

Initially, AT&T stores will sell one iPhone 3G S per person for new customers; existing customers may purchase one per eligible telephone number. Online shoppers may purchase one device per household.

Customers who inherit an iPhone 3G from a friend or family member will need to visit an AT&T store to activate their device. Customers who inherit an iPhone can request a SIM card from AT&T and activate at home using iTunes.

Customers should listen to voice mail messages on their current devices and write down any necessary information before purchasing iPhone 3G S, because existing voice mail messages will be lost switching devices.

AT&T will offer accessory bundle options specific to iPhone 3G S in its retail stores.

Additional news regarding iPhone 3G S will be posted in the AT&T Media Newsroom at www.att.com/iPhone_news.

*\*AT&T products and services are provided or offered by subsidiaries and affiliates of AT&T Inc. under the AT&T brand and not by AT&T Inc.*

**About AT&T**
*AT&T Inc. (NYSE:T) is a premier communications holding company. Its subsidiaries and affiliates – AT&T operating companies – are the providers of AT&T services in the United States and around the world. With a powerful array of network resources that includes the nation's fastest 3G network, AT&T is a leading provider of wireless, Wi-Fi, high speed Internet and voice services. AT&T offers the best coverage worldwide, offering the most wireless phones that work in the most countries. It also offers advanced TV services under the AT&T U-verse<sup>SM</sup> and AT&T | DIRECTV<sup>SM</sup> brands. The company's suite of IP-based business communications services is one of the most advanced in the world. In domestic markets, AT&T's Yellow Pages and YELLOWPAGES.COM organizations are known for their leadership in directory publishing and advertising sales. In 2009, AT&T again ranked No. 1 in the telecommunications industry on FORTUNE® magazine's list of the World's Most Admired Companies.*

*Additional information about AT&T Inc. and the products and services provided by AT&T subsidiaries and affiliates is available at http://www.att.com. This AT&T news release and other announcements are available at http://www.att.com/newsroom and as part of an RSS feed at www.att.com/rss. Or follow our news on Twitter at @ATTNews. Find us on Facebook at www.Facebook.com/ATT to discover more about our consumer and wireless services or at www.Facebook.com/ATTSmallBiz to discover more about our small business services.*

*© 2009 AT&T Intellectual Property. All rights reserved. AT&T, the AT&T logo and all other marks contained herein are trademarks of AT&T Intellectual Property and/or AT&T affiliated companies. All other marks contained herein are the property of their respective owners.*

Case 4:11-cv-06714-YGR   Document 24   Filed 03/16/12   Page 14 of 78

RSS News Releases
RSS Spanish News Releases
RSS Podcasts
AT&T news

# EXHIBIT D

## AT&T to Offer iPhone 4 on June 24

*Best Pricing Immediately Available to Any iPhone Customer Eligible for Upgrade in 2010*
*Preordering for iPhone 4 and New $99 iPhone 3GS 8GB Available June 15 at AT&T Retail and*
*Online Stores*

**Dallas, Texas, June 07, 2010**

ShareThis

AT&T*, the U.S. smartphone leader, today announced it will offer iPhone 4, the thinnest
smartphone ever with all-new design, FaceTime video calling, Apple's stunning new Retina
display, 5 megapixel camera and HD video recording. iPhone 4 will be available for a
suggested retail price of $199 for the 16GB model and $299 for the 32GB model, in
company retail stores and online at www.att.com/iphone, plus business channels,
beginning June 24. Customers can preorder starting June 15.

To let current iPhone customers quickly upgrade to iPhone 4, AT&T will make its best
pricing immediately available to any iPhone customer who would be upgrade eligible for a
discounted device by the end of 2010.

"This is another very exciting day for AT&T customers," said Ralph de la Vega, president
and CEO, AT&T Mobility and Consumer Markets. "By teaming with Apple to deliver an
extraordinary device over the nation's fastest 3G network, we're enabling our customers
to access their favorite social networks and favorite business applications."

"We know that people are eager to get iPhone 4, which is why we moved up the upgrade
eligibility date for current iPhone customers by up to six months. This move, combined
with the new wireless data plans we announced last week, will make it more affordable for
more people to purchase an iPhone and enjoy the benefits of the mobile Internet."

In addition, a new iPhone 3GS 8GB for $99 will also be available on June 24.

**Pricing**
iPhone 4 and the new iPhone 3GS 8GB will be available at a variety of attractive price
points for customers:

| DEVICE | NEW AND "UPGRADE ELIGIBLE" CUSTOMERS | EARLY UPGRADE | NO COMMITMENT |
|---|---|---|---|
| iPhone 4 16GB | $199 | $399 | $599 |
| iPhone 4 32GB | $299 | $499 | $699 |
| iPhone 3GS (8GB) | $99 | $299 | $499 |

All new and current iPhone customers who are upgrade eligible, plus existing customers
who choose to upgrade early must agree to a two-year term commitment, and select an
eligible voice and data plan for iPhone. No Commitment pricing does not require a two-
year term commitment, but does require both voice and data service.

AT&T will also offer current iPhone 3GS 16GB and 32GB models at new, lowered price
points of $149 (16GB) and $199 (32GB), with a two year term commitment plus voice
and data plans, while supplies last.

**Eligibility**
Existing iPhone customers eligible for an upgrade between today and the end of this year,
have been made immediately eligible for AT&T's best pricing for iPhone 4 with a new two-
year term commitment.  Consumers can verify upgrade eligibility at www.att.com/iphone
today. Business customers can verify upgrade eligibility at AT&T's Premier site,
https://www.wireless.att.com/business/.

**Preordering**
Consumers may preorder iPhone 4 and iPhone 3GS 8GB at AT&T retail stores or online at
www.att.com/iphone beginning June 15. Business customers can preorder through their
AT&T sales representative or by visiting AT&T's Premier site. For greater convenience and
faster delivery, preorders can be shipped directly to a customer's home or business for
delivery as early as June 24. Customers can also have a preorder shipped to their local
AT&T store for pick up on or after Friday, June 25.

Additional Information

### Related News Releases:

New AT&T iPhone App Adds the Power of Crowdsourcing to
Network Enhancement Initiatives
AT&T Expands Accessory Lineup in Stores and Online

### Related Media Kits:

The iPhone 4
Wireless Networks

### Related Fact Sheets:

iPhone 4 Device Pricing
AT&T & Wi-Fi: What Customers Need to Know

### Web Sites:

AT&T Web Site
AT&T Wireless Web Site
AT&T iPhone Web Site
Apple iPhone

### News Sources

About Us
RSS News Releases
RSS Spanish News Releases
RSS Podcasts
AT&T news

AT&T stores will operate on a first-come, first-served basis, and will accommodate as many customers as possible.

**Consumer Plans**

AT&T customers can choose from several monthly plans that start as low as $54.99 per month for individual plans with voice and data. For families, customers can now add additional iPhones to their FamilyTalk account for as little as $24.99 per month, providing voice and data service. All iPhone plans include nationwide long distance and domestic roaming, Visual Voicemail, Rollover, and unlimited Mobile to Mobile calling.

**Business Plans**

Small business customers may qualify for AT&T BusinessTalk®, a shared minute plan specifically for small businesses. Companies can share up to 20,000 minutes per month among as many as 40 employees. In addition, business customers and employees of many businesses are eligible for discounted service rates. For more information, customers can contact an AT&T business account representative or visit www.att.com/iphoneforbusiness.

**New Wireless Data Plans**

iPhone 4 and iPhone 3GS customers can choose one of AT&T's new data plans: DataPlus, which provides 200MB for just $15, and DataPro which provides 2GB for just $25. Existing AT&T smartphone customers upgrading to iPhone 4 or iPhone 3GS are not required to switch to a new plan, but can choose to do so. iPhone 4, iPhone 3GS and iPhone 3G customers can add tethering to AT&T DataPro for an additional $20 per month.

Each data plan includes unlimited Wi-Fi usage at more than 20,000 AT&T Wi-Fi Hot Spots nationwide at no additional charge. AT&T will help customers monitor and manage wireless data usage by sending text messages and emails as customers begin to approach their usage limit, and by providing online tools, including an iPhone app that shows monthly usage information.

Currently, 98 percent of AT&T smartphone customers use less than 2 GB a month on average. More information on the new data plans can be found at www.att.com/dataplans.

Additional news regarding iPhone 4 will be posted in the AT&T Media Newsroom at www.att.com/iphone_news.

For the complete array of AT&T offerings, visit www.att.com. For more information and detailed disclaimer information, please review this announcement in the AT&T newsroom at http://www.att.com/newsroom.

*AT&T products and services are provided or offered by subsidiaries and affiliates of AT&T Inc. under the AT&T brand and not by AT&T Inc.*

**About AT&T**

*AT&T Inc. (NYSE:T) is a premier communications holding company. Its subsidiaries and affiliates – AT&T operating companies – are the providers of AT&T services in the United States and around the world. With a powerful array of network resources that includes the nation's fastest 3G network, AT&T is a leading provider of wireless, Wi-Fi, high speed Internet and voice services. A leader in mobile broadband, AT&T also offers the best wireless coverage worldwide, offering the most wireless phones that work in the most countries.  It also offers advanced TV services under the AT&T U-verse® and AT&T | DIRECTV brands. The company's suite of IP-based business communications services is one of the most advanced in the world. In domestic markets, AT&T Advertising Solutions and AT&T Interactive are known for their leadership in local search and advertising. In 2010, AT&T again ranked among the 50 Most Admired Companies by FORTUNE® magazine.*

*Additional information about AT&T Inc. and the products and services provided by AT&T subsidiaries and affiliates is available at http://www.att.com.  This AT&T news release and other announcements are available at http://www.att.com/newsroom and as part of an RSS feed at www.att.com/rss. Or follow our news on Twitter at @ATTNews. Find us on Facebook at www.Facebook.com/ATT to discover more about our consumer and wireless services or at www.Facebook.com/ATTSmallBiz  to discover more about our small business services.*

© 2010 AT&T Intellectual Property. All rights reserved. 3G service not available in all areas. AT&T, the AT&T logo and all other marks contained herein are trademarks of AT&T Intellectual Property and/or AT&T affiliated companies.

ShareThis

# EXHIBIT E


INTERNET ARCHIVE
WayBackMachine BETA
95 captures
2 Jun 07 - 12 Apr 11


http://www.wireless.att.com/cell-phone-service/legal/return-policy.jsp   Go

MAY   JUN   JUL
◄   2   ►
2006  2007  2008

## at&t

# Cingular Return Policy

* Cingular values our relationship with you and offers a return policy for equipment and services purchased directly from Cingular Wireless. It may not reflect the policies of authorized retailers of Cingular Wireless.

### Equipment

If the equipment you purchased does not meet your expectations, simply return it either to a store or by mail **within 30 days from** the date the equipment was purchased or shipped.

Equipment returned within 30 days will be refunded back to the original payment method (Gift cards and Ring tone cards are excluded).

Any rebate associated with the returned equipment will be voided.

A re-stocking fee ($25.00 for voice-centric devices and $50.00 for data-centric devices) may be charged for equipment returned that is damaged or does not include all components (device, battery, charger, manual and software)

Equipment received through an insurance claim cannot be returned or exchanged under this policy.  (Equipment Warranty rules may apply)

### Service Cancellation

You may cancel service **within 30 days from** the activation date to avoid the early termination fee of $175.

You will be responsible for all applicable usage fees, prorated access charges, taxes, surcharges or other charges through the termination date.

If you cancel service within the return period but do not return the equipment within the return period or if equipment is not returned in like-new condition, you may be charged the full retail price of the equipment.

If you paid a security deposit, it will take 1 to 2 billing cycles to process the return of the security deposit. The charges for service used on the account before the service termination date will be applied against the security deposit.

### Equipment Exchanges

You may exchange equipment one time **within the 30 day period.**

### Warranty Exchanges

Wireless devices carry a one-year warranty from date of purchase. To make a warranty claim after the first 30 days from purchase, call 1-800-801-1101.

### GoPhone® Returns

Funds deposited into a GoPhone® account are not refundable or redeemable for cash or credit, during or after the 30-day return period.

If a GoPhone® starter kit or electronic refill card is returned and the activation PIN has been revealed a $25 processing fee will be assessed.

### How to Return Equipment:

If equipment you purchased from Cingular does not meet your expectations, simply return it to a Cingular Wireless retail store **within 30 days from** the date the equipment was purchased or shipped.

- An original proof of purchase (receipt or invoice) is required with your return.
- Please remove any confidential, proprietary or personal information before returning your equipment. Cingular is not responsible for any equipment containing personal information.
- Return the equipment (device, battery, charger, manual and software) in the manufacturer's original packaging along with the receipt/invoice.
- Equipment must be in like-new condition with no visible damage.
- If you purchased your equipment from att.com/wireless or by phone, you may ship the equipment to our Cingular Wireless Returns Center at the address below:

Cingular Wireless Returns Center
13550 Independence Parkway
Fort Worth, TX 76177

- Retain a copy of the tracking number from the shipping carrier for your records
- Depending on the reason for the return, return shipping charges may apply
- The return and equipment refund process will take 1 to 2 billing cycles
- Equipment returned within 30 days will be refunded back to the original payment method
- Equipment returned more than 30 days from the ship date will not be refunded or returned to you

INTERNET ARCHIVE WaybackMachine

# EXHIBIT F

INTERNET ARCHIVE  WayBackMachine BETA

95 captures
2 Jun 07 - 12 Apr 11

Case 4:11-cv-06714-PGR  Document 24  Filed 03/16/12  Page 22 of 78

http://www.wireless.att.com/cell-phone-service/legal/return-policy.jsp

OCT MAR APR
◄ 18 ►
2007 2008 2009

 at&t

Print this page

# AT&T Return Policy

\* AT&T values our relationship with you and offers a return policy for equipment and services purchased directly from AT&T. It may not reflect the policies of authorized retailers of AT&T.

### Equipment

If the equipment you purchased does not meet your expectations, simply return it either to a store or by mail within 30 days from the date the equipment was purchased or shipped. (Gift cards, Ring tone cards, and Apple branded equipment are excluded. See below.) Equipment returned within 30 days will be refunded back to the original payment method. Any rebate associated with the returned equipment will be voided.

A re-stocking fee ($25.00 for voice-centric devices and $50.00 for data-centric devices) may be charged for equipment returned that is damaged or does not include all components (device, battery, charger, manual and software). Equipment received through an insurance claim cannot be returned or exchanged under this policy. (Equipment Warranty rules may apply)

### Apple Branded Equipment

Apple branded equipment is covered by a 14-day return policy and must be returned based on the original point of purchase. AT&T stores will only accept returns of Apple Branded Equipment if the items were purchased at an AT&T store, web site, or kiosk location. AT&T will not accept returns for items purchased at Apple stores or at Apple.com. If the Apple branded equipment is returned unopened and in the original shrink wrapping, it will be refunded back to the original payment method. Opened Apple branded equipment that is returned within 14 days will be subject to a 10% open box restocking fee. All products must be packed in their original, unmarked packaging including any accessories and manuals that shipped with the product. Apple Accessories may be returned within 30 days.

### Service Cancellation

You may cancel service **within 30 days from** the activation date to avoid the early termination fee of $175.

You will be responsible for all applicable usage fees, prorated access charges, taxes, surcharges or other charges through the termination date.

If you cancel service within the return period but do not return the equipment within the return period or if equipment is not returned in like-new condition, you may be charged the full retail price of the equipment.

If you paid a security deposit, it will take 1 to 2 billing cycles to process the return of the security deposit. The charges for service used on the account before the service termination date will be applied against the security deposit.

### Equipment Exchanges

You may exchange equipment one time **within the 30 day period.**
Exchanges of Apple branded equipment must be made within 14 days of purchase and will incur a 10% open box re-stocking fee.

### Warranty Exchanges

Wireless devices carry a one-year warranty from date of purchase. To make a warranty claim after the first 30 days from purchase, call 1-800-801-1101. Apple branded equipment is covered by Apple's one-year Limited Warranty; refer to apple.com for details.

### GoPhone Pay As You Go Returns

Funds deposited into a GoPhone account are not refundable or redeemable for cash or credit, during or after the 30-day return period.

Pay As You Go refill cards or funds deposited into a GoPhone account are not refundable or redeemable for cash or credit.

### How to Return Equipment:

If equipment you purchased from AT&T does not meet your expectations, simply return it to a AT&T retail store **within 30 days from** the date the equipment was purchased or shipped within 14 days for Apple branded equipment and they must to returned to the original point of purchase.

- An original proof of purchase (receipt or invoice) is required with your return.
- Please remove any confidential, proprietary or personal information before returning your equipment. AT&T is not responsible for any equipment containing personal information.
- Return the equipment (device, battery, charger, manual and software) in the manufacturer's original packaging along with the receipt/invoice.
- Equipment must be in like-new condition with no visible damage.
- If you purchased your equipment from AT&T.com or by phone, you may ship the equipment to our AT&T Returns Center at the address below:

    AT&T Returns Center
    13550 Independence Parkway
    Fort Worth, TX 76177


- Depending on the reason for the return, return shipping charges may apply
- The return and e
- Equipment returi
- Equipment returned more than 30 days from the ship date will not be refunded or returned to you (30 days for Apple-branded equipment)

- If you purchased your equipment from an authorized retailer of AT&T, follow the return instructions provided by the authorized retailer.
- If canceling service or exchanging equipment, you must contact the number on your invoice to process the cancellation or exchange.

# EXHIBIT G

INTERNET ARCHIVE
WaybackMachine BETA
http://www.wireless.att.com/cell-phone-service/legal/return-policy.jsp            Go
95 captures
2 Jun 07 - 12 Apr 11

JUN   OCT   JAN
◄   3   ►
2008   2009   2010

 at&t

## AT&T Returns Policy

Print this page

AT&T values our relationship with you and offers a return policy for equipment and services purchased directly from AT&T. Our return policy does not reflect the policies of AT&T's authorized dealers or retailers.

### Equipment
If the equipment you purchased directly from AT&T does not meet your expectations, you may return or exchange it at any AT&T owned retail store within 30 days from the date the equipment was purchased or shipped. Equipment purchased from att.com/wireless or directly from AT&T over the phone may also be returned by mail. If returning your equipment to AT&T by mail, please retain a copy of the tracking number from the shipping carrier for your records. Depending on the reason for the return, return shipping charges may apply.

You may exchange equipment **one time** within 30 days from the date the original equipment was purchased or shipped.

Returned equipment must be in the manufacturer's original packaging and be in like-new condition (no physical or water damage). The return must include the original components such as the device, battery, charger, manual, software and invoice/receipt. Please remove any confidential, proprietary or personal information before returning your equipment. AT&T is not responsible for any equipment containing confidential, proprietary or personal information.

Refunds for like-new equipment returned within 30 days will be through the original payment method and may take up to two months.

- A $35 restocking fee applies to all devices purchased at an AT&T-owned retail store, except where prohibited.
- A $35 restocking fee applies to all netbook purchases, except where prohibited.
- A 10% restocking fee applies to all iPhone purchases, except where prohibited. The 10% restocking fee does not apply if the device was purchased without AT&T service (device only sale) and returned unopened.

Refunds for equipment returned more than 30 days from the purchase or ship date may not be provided and the equipment may not be returned to you.

Any rebate associated with the equipment subsequently returned will be voided.

The following purchases are excluded and cannot be returned or exchanged under this policy.

- Equipment purchased from authorized dealers or retailers
- Equipment received through an insurance claim
- Gift cards and ringtone cards

### Service Cancellation
Call the number on your invoice/receipt to cancel your service. You may cancel service **within 30 days** from the activation date to avoid the early termination fee of $175. Thereafter the fee will decrease by $5 each month for the term of the agreement. You will be responsible for all applicable usage fees, prorated access charges, taxes, surcharges or other charges through the termination date. AT&T will refund your activation fee, if any, if service is terminated within 3 days of activation.

You may have to return any handsets and accessories purchased with the service before your account will be cancelled. If you are allowed to cancel service within the 30 day return period, but do not return the equipment within the return period, AT&T may charge you an amount equal to or up to the full retail price of the equipment.

If you paid a security deposit, it will take 1 to 2 billing cycles to process the return of the security deposit. The charges for service used on the account before the service termination date will be applied against the security deposit.

### Warranty Claims/Exchanges
New wireless devices and netbooks carry a one-year manufacturer's warranty from date of purchase. Refurbished wireless devices and netbooks carry a 90-day manufacturer's warranty from the date of purchase. New Apple branded equipment is covered by Apple's one-year Limited Warranty. Refurbished Apple branded equipment is covered under Apple's original Limited Warranty, and will have at least 90 days or more remaining under the warranty when sold.

- For warranty claims on all wireless devices (except netbooks and Apple branded equipment) after the first 30 days from purchase, call 1-800-801-1101.
- For warranty claims on netbooks after the first 30 days from purchase, please refer to the manufacturer's warranty information included with the netbook.
- For warranty claims on Apple branded equipment, please refer to www.apple.com/support/oss/ for details.

### GoPhone Pay As You Go Returns
Funds deposited into a GoPhone account are not refundable or redeemable for cash or credit, during or after the 30-day return period. Pay As You Go refill cards or PIN or funds are not refundable or redeemable for cash or credit.

# EXHIBIT H

http://www.wireless.att.com/cell-phone-service/legal/return-policy.jsp
95 captures
2 Jun 07 - 12 Apr 11
MAY  AUG  NOV
2009  2010  2011

 **at&t**

Close

Print this page

# AT&T Returns Policy & Early Termination Fee

AT&T values our relationship with you and offers a return policy for equipment and services purchased directly from AT&T. Our return policy does not reflect the policies of AT&T's authorized dealers or retailers.

### Equipment

If the equipment you purchased directly from AT&T does not meet your expectations, you may return or exchange it at any AT&T owned retail store within 30 days from the date the equipment was purchased or shipped. Equipment purchased from att.com/wireless or directly from AT&T over the phone may also be returned by mail. If returning your equipment to AT&T by mail, please retain a copy of the tracking number from the shipping carrier for your records. Depending on the reason for the return, return shipping charges may apply.

You may exchange equipment one time within 30 days from the date the original equipment was purchased or shipped. If (1) the purchase price of the original equipment is reduced in connection with a new activation or upgrade and a Service Commitment and (2) the new (exchanged) equipment has a different Early Termination Fee associated with it than the original equipment, you will be required to sign a new agreement. The effective date of the new agreement will be the date the new agreement is signed and your Service Commitment will restart from that date. **However, your service activation date will not change for any purpose, including, but not limited to, calculating any early termination fees you may be obligated to pay (See Service Cancellation below).**

Returned equipment must be in the manufacturer's original packaging and be in like-new condition (no physical or water damage). The return must include the original components such as the device, battery, charger, manual, unopened software and invoice/receipt. Please remove any confidential, proprietary or personal information before returning your equipment. AT&T is not responsible for any equipment containing confidential, proprietary or personal information.

Refunds for like-new equipment returned within 30 days will be through the original payment method and may take up to two months.

- A $35 restocking fee applies to all devices purchased at an AT&T-owned retail store, except where prohibited.
- A $35 restocking fee applies to all netbook purchases, except where prohibited.
- A 10% restocking fee applies to all iPhone purchases, except where prohibited. The 10% restocking fee does not apply if the device was purchased without AT&T service (device only sale) and returned unopened.

Equipment may not be refunded and the equipment may not be returned to you if one of the following applies:

- Equipment was returned more than 30 days from the purchase or ship date.
- Equipment was determined to be ineligible (e.g., opened software, liquid or physical damage).

Any rebate associated with the equipment subsequently returned will be voided.

The following purchases are excluded and cannot be returned or exchanged under this policy.

- Equipment purchased from authorized dealers or retailers
- Equipment received through an insurance claim
- Gift cards and ringtone cards

### Service Cancellation & Early Termination Fee

Call the number on your invoice/receipt to cancel your service. You may cancel service **within 30 days** from the activation date to avoid the applicable early termination fee (the "Early Termination Fee" or "ETF"). If your Service Commitment includes the purchase of certain specified Equipment on or after June 1, 2010, the Early Termination Fee will be $325 minus $10 for each full month of your Service Commitment that you complete. (For a complete list of the specified Equipment, check www.att.com/equipmentETF). Otherwise, your Early Termination Fee will be $150 minus $4 for each full month of your Service Commitment that you complete. You will be responsible for all applicable usage fees, prorated access charges, taxes, surcharges or other charges through the termination date. You will be responsible for all applicable usage fees, prorated access charges, taxes, surcharges, or other charges through the termination date. AT&T will refund your activation fee, if any, if service is terminated within 3 days of activation.

You may have to return any handsets and accessories purchased with the service before your account will be cancelled. If you are allowed to cancel service within the 30 day return period, but do not return the equipment within the return period, AT&T may charge you an amount equal to or up to the full retail price of the equipment.

If you paid a security deposit, it will take 1 to 2 billing cycles to process the return of the security deposit. The charges for service used on the account before the service termination date will be applied against the security deposit.

### Warranty Claims/Exchanges

New wireless devices and netbooks carry a one-year manufacturer's warranty from date of purchase. Refurbished wireless devices and netbooks carry a 90-day manufacturer's warranty from the date of purchase. New Apple branded equipment is covered by Apple's one-year Limited Warranty. Refurbished Apple branded equipment is covered under Apple's original Limited Warranty, and will have at least 90 days or more remaining under the warranty when sold.

- For warranty claims on all wireless devices (except netbooks and Apple branded equipment) after the first 30 days from purchase, visit www.att.com/wex or call 1-800-801-1101.
- For warranty claims on netbooks after the first 30 days from purchase, please refer to the manufacturer's warranty information included with the netbook.
- For warranty claims on Apple branded equipment, please refer to www.apple.com/support/oss/ for details.

Any rebate associated with the equipment subsequently returned will be voided.

The following purchases are excluded and cannot be returned or exchanged under this policy.

- Equipment purchased from authorized dealers or retailers

INTERNET ARCHIVE
http://www.wireless.att.com/cell-phone-service/legal/return-policy.js...
95 captures

Gift cards and ringtone ... cannot be exchanged under this policy. Close Out equipment must be returned if service is being canceled.

**GoPhone Pay As You Go Returns**

Funds deposited into a GoPhone account are not returnable or redeemable for cash or credit. Additionally, GoPhone Pay As You Go refill cards or PIN or funds are not refundable or redeemable for cash or credit.

# EXHIBIT I

INTERNET ARCHIVE
WayBackMachine
95 captures
2 Jun 07 - 12 Apr 11

http://www.wireless.att.com/cell-phone-service/legal/return-policy...

DEC   APR   MAY
◀  12  ▶
2010  2011  2012

**at&t**

Close

# AT&T Returns Policy & Early Termination Fee

Print this page

AT&T values our relationship with you and offers a return policy for equipment and services purchased directly from AT&T. Our return policy does not reflect the policies of AT&T's authorized dealers or retailers.

**Equipment**

If the equipment you purchased directly from AT&T does not meet your expectations, you may return or, for all equipment other than equipment sold as a "Closeout Item," exchange it at any AT&T owned retail store within 30 days from the date the equipment was purchased or shipped, except for tablets purchased without a Service Commitment and MOTOROLA LAPDOCK™ for MOTOROLA ATRIX™4G, which must be returned within 14 days of purchase. Equipment purchased from att.com/wireless or directly from AT&T over the phone may also be returned by mail. If returning your equipment to AT&T by mail, please retain a copy of the tracking number from the shipping carrier for your records. Depending on the reason for the return, return shipping charges may apply.

You may exchange equipment, other than Closeout Items, one time within 30 days, or 14 days for tablets purchased without a Service Commitment and MOTOROLA LAPDOCK, from the date the original equipment was purchased or shipped. If (1) the purchase price of the original equipment is reduced in connection with a new activation or upgrade and a Service Commitment and (2) the new (exchanged) equipment has a different Early Termination Fee associated with it from the original equipment, you will be required to sign a new agreement. The effective date of the new agreement will be the date the new agreement is signed and your Service Commitment will restart from that date. **However, your service activation date will not change for any purpose, including, but not limited to, calculating any early termination fees you may be obligated to pay (See Service Cancellation below).**

Returned equipment, other than the Closeout Items, must be in the manufacturer's original packaging and be in like-new condition (no physical or water damage). Returned Closeout Items must be in the original packaging in which you received the equipment and be in substantially the same condition as it was when you received it. The return must include the original components such as the device, battery, charger, manual, unopened software and invoice/receipt. Please remove any confidential, proprietary or personal information before returning your equipment. AT&T is not responsible for any equipment containing confidential, proprietary or personal information.

Notwithstanding the general provisions of this policy, ALL SALES FOR PROMOTIONALLY PRICED iPADS ARE FINAL. NO REFUNDS OR EXCHANGES.

Refunds for qualified equipment returned within 30 days, or 14 days for tablets purchased without a Service Commitment and MOTOROLA LAPDOCK, will be through the original payment method and may take up to two months.

Refurbished equipment may be exchanged within 30 days from the date the equipment was purchased or shipped, provided if you exchange the refurbished equipment for new equipment, you will have to pay the difference between the price of the refurbished equipment and the price of the new equipment.

Restocking fees:

- A $35 restocking fee applies to all devices purchased at an AT&T-owned retail store, except where prohibited.
- A $35 restocking fee applies to all netbook/notebook purchases, except where prohibited.
- A 10% restocking fee applies to all tablet purchases, except where prohibited.
- A 10% restocking fee applies to all iPhone and iPad purchases, except where prohibited. The 10% restocking fee does not apply if the device is returned unopened.

Equipment may not be refunded and the equipment may not be returned to you if one of the following applies:

- Equipment was returned more than 30 days, or 14 days for tablets purchased without a Service Commitment and MOTOROLA LAPDOCK, from the purchase or ship date.
- Equipment was determined to be ineligible (e.g., opened software, liquid or physical damage, not in substantially the same condition as when received by you).

Any rebate associated with the equipment subsequently returned will be voided.

The following purchases are excluded and cannot be returned or exchanged under this policy.

- Equipment purchased from authorized dealers or retailers
- Equipment received through an insurance claim
- Gift cards and ringtone cards

Closeout Items cannot be exchanged under this policy. Closeout Items must be returned if service is being cancelled.

**Service Cancellation & Early Termination Fee**

Call the number on your invoice/receipt to cancel your service. You may cancel service **within 30 days** from the activation date to avoid the applicable early termination fee (the "Early Termination Fee" or "ETF"). If your Service Commitment includes the purchase of certain specified Equipment on or after June 1, 2010, the Early Termination Fee will be $325 minus $10 for each full month of your Service Commitment that you complete. (For a complete list of the specified Equipment, check www.att.com/equipmentETF). Otherwise, your Early Termination Fee will be $150 minus $4 for each full month of your Service Commitment that you complete. You will be responsible for all applicable usage fees, prorated access charges, taxes, surcharges or other charges through the termination date. AT&T will refund your activation fee, if any, if service is terminated within 3 days of activation.

You may have to return any handsets and accessories purchased with the service before your account will be cancelled. If you are allowed to cancel service within the 30 day return period, but do not return the equipment within the return period, AT&T may charge you an amount equal to or up to the full retail price of the equipment.

If you paid a security deposit, it will take 1 to 2 billing cycles to process the return of the security deposit. The charges for service used on the account before the service termination date will be applied against the security deposit.

Wayback Machine
2 Jun '07 - 12 Apr '11
2010  2011  2012

Warranty Claims/Exchanges

New wireless devices, tablets and Apple branded equipment are covered by a manufacturer's warranty from the date of purchase. New Apple branded equipment is covered by Apple's one-year Limited Warranty.

- For warranty claims on all wireless devices (except netbooks/notebooks, tablets, and Apple branded equipment) after the first 30 days from purchase, visit www.att.com/wex or call 1-800-801-1101.
- For warranty claims on netbooks/notebooks, and tablets purchased with a Service Commitment after the first 30 days from purchase, or after the first 14 days for tablets purchased without a Service Commitment and MOTOROLA LAPDOCK, please refer to the manufacturer's warranty information included with the netbook/notebook or tablet.
- For warranty claims on Apple branded equipment, please refer to www.apple.com/support/oss/ for details.

**GoPhone Pay As You Go Returns**

Funds deposited into a GoPhone account are not refundable or redeemable for cash or credit, during or after the 30-day return period. Pay As You Go refill cards or PIN or funds are not refundable or redeemable for cash or credit.

# EXHIBIT J

**AT&T Wireless Legal**

Wireless
Customer
Agreement

GoPhone
Customer
Agreement and
Plans

DataConnect
Pass/iPad™/
Session-based
Wireless Data
Services
Agreement

Applications,
Services and
Features

General Wireless
Policies and
Processes

Other Charges
Applicable to
Wireless Services

# Early Termination Fees

For further details regarding AT&T's Returns Policy and Early Termination Fees, including Cancellation of Service, please see our **Returns Policy (http://www.wireless.att.com/cell-phone-service/legal/return-policy.jsp)** .

| Category | Devices* | Early Termination Fee |
|---|---|---|
| Advanced | Netbooks:<br>• All models purchased with a service commitment<br><br>Tablets:<br>• All models purchased with a service commitment<br><br>Phones:<br>• AT&T: Impulse 4G™<br>• Apple: iPhone (all models)<br>• BlackBerry®: All models<br>• HP: Veer 4G<br>• HTC: Surround, Inspire™ 4G, HD7S, Status™, HTC Vivid™, TITAN™<br>• LG: Quantum, Phoenix™, Thrill™ 4G, Nitro™ HD<br>• MOTOROLA: MOTOROLA ATRIX™ 4G, MOTOROLA ATRIX™ 2<br>• Nokia: E71X, Surge<br>• Palm: All Models<br>• Pantech: Crossover™, Pocket™, Burst™<br>• Samsung: Captivate, Focus™, Infuse™ 4G, Galaxy S™ II, Galaxy S™ II Skyrocket™, Focus™ S, Focus™ Flash, Captivate™ Glide, DoubleTime™, Galaxy Note™, Rugby® Smart<br>• Sharp®: FX™ PLUS<br>• Sony Ericsson: Xperia™ X10, Xperia™ PLAY 4G | $325 minus $10 for each full month of your Service Commitment that you complete |
| Standard | Any phone or device not listed in the Advanced category above: | $150 minus $4 for each full month of your Service Commitment that you complete |

*Applies to both new and refurbished phones and devices.

**Wireless Legal Site** (http://www.att.com/wirelesslegal) | **Wireless Customer Agreement** (http://www.att.com/wirelessterms) | (
(http://www.att.com/learn/articles-resources/records-security.jsp)

# EXHIBIT K



Close

Print this page

# AT&T Returns Policy & Early Termination Fee

AT&T values our relationship with you and offers a return policy for equipment and services purchased directly from AT&T. Our return policy does not reflect the policies of AT&T's authorized dealers or retailers.

**Equipment**
If the equipment you purchased directly from AT&T does not meet your expectations, you may return or, for all equipment other than equipment sold as a "Closeout Item," exchange it at any AT&T owned retail store within 30 days from the date the equipment was purchased or shipped, except for tablets and MOTOROLA LAPDOCK™ for MOTOROLA ATRIX™4G, which must be returned within 14 days of purchase. Equipment purchased from att.com/wireless or directly from AT&T over the phone may also be returned by mail. If returning your equipment to AT&T by mail, please retain a copy of the tracking number from the shipping carrier for your records. Depending on the reason for the return, return shipping charges may apply.

You may exchange equipment, other than Closeout Items, one time within 30 days, or 14 days for tablets and MOTOROLA LAPDOCK, from the date the original equipment was purchased or shipped. If (1) the purchase price of the original equipment is reduced in connection with a new activation or upgrade and a Service Commitment and (2) the new (exchanged) equipment has a different Early Termination Fee associated with it from the original equipment, you will be required to sign a new agreement. The effective date of the new agreement will be the date the new agreement is signed and your Service Commitment will restart from that date. **However, your service activation date will not change for any purpose, including, but not limited to, calculating any early termination fees you may be obligated to pay** (See Service Cancellation below).

Returned equipment, other than the Closeout Items, must be in the manufacturer's original packaging and be in like-new condition (no physical or water damage). Returned Closeout Items must be in the original packaging in which you received the equipment and be in substantially the same condition as it was when you received it. The return must include the original components such as the device, battery, charger, manual, unopened software and invoice/receipt. Please remove any confidential, proprietary or personal information before returning your equipment. AT&T is not responsible for any equipment containing confidential, proprietary or personal information.

Notwithstanding the general provisions of this policy, ALL iPADS SOLD AS CLOSEOUT ITEMS ARE FINAL. NO REFUNDS OR EXCHANGES.

Refunds for qualified equipment returned within 30 days, or 14 days for tablets and MOTOROLA LAPDOCK, will be through the original payment method and may take up to two months.

Refurbished equipment may be exchanged within 30 days from the date the equipment was purchased or shipped, provided if you exchange the refurbished equipment for new equipment, you will have to pay the difference between the price of the refurbished equipment and the price of the new equipment.

Restocking fees:

- A $35 restocking fee applies to all devices (excluding tablets) purchased through AT&T, except where prohibited. The restocking fee does not apply to iPhone if it is returned, unopened, during the return period.
- A restocking fee of 10% of the sales price applies to all tablet returns (including iPad), except where prohibited. The restocking fee does not apply to iPad if it is returned, unopened, during the return period.

Equipment may not be refunded and the equipment may not be returned to you if one of the following applies:

- Equipment was returned more than 30 days, or 14 days for tablets and MOTOROLA LAPDOCK, from the purchase or ship date.
- Equipment was determined to be ineligible (e.g., opened software, liquid or physical damage, not in substantially the same condition as when received by you).

Any rebate associated with the equipment subsequently returned will be voided.

The following purchases are excluded and cannot be returned or exchanged under this policy.

- Equipment purchased from authorized dealers or retailers
- Equipment received through an insurance claim
- Gift cards and ringtone cards

Closeout Items cannot be exchanged under this policy. Closeout Items must be returned if service is being cancelled.

**Service Cancellation & Early Termination Fee & Equipment Fee**
Call the number on your invoice/receipt to cancel your service. You may cancel service **within 30 days** from the activation date to avoid the applicable early termination fee (the "Early Termination Fee" or "ETF"). If your Service Commitment includes the purchase of certain specified Equipment on or after June 1, 2010, the Early Termination Fee will be $325 minus $10 for each full month of your Service Commitment that you complete. (For a complete list of the specified Equipment, check www.att.com/equipmentETF). Otherwise, your Early Termination Fee will be $150 minus $4 for each full month of your Service Commitment that you complete. You will be responsible for all applicable usage fees, prorated access charges, taxes, surcharges or other charges through the termination date. AT&T will refund your activation fee, if any, if service is terminated within 3 days of activation.

You may have to return any handsets and accessories purchased with the service before your account will be cancelled. If you are allowed to cancel service within the 30 day return period, but do not return the equipment within the return period, AT&T may charge you an

amount equal to or up to the no commitment price of the equipment. (Equipment Fee). If you cancel service on tablets purchased with a service commitment between day 15 and day 30, (or between day 1 and day 14 and fail to return the Equipment) you will owe an Equipment Fee up to the difference between the no-commitment price of the tablet and the price you paid for the tablet.

If you paid a security deposit, it will take 1 to 2 billing cycles to process the return of the security deposit. The charges for service used on the account before the service termination date will be applied against the security deposit.

**Warranty Claims/Exchanges**
New wireless devices, tablets and netbooks/notebooks carry a one-year manufacturer's warranty from date of purchase. Refurbished wireless devices and netbooks carry a 90-day manufacturer's warranty from the date of purchase. New Apple branded equipment is covered by Apple's one-year Limited Warranty. Refurbished Apple branded equipment is covered under Apple's original Limited Warranty, and will have at least 90 days or more remaining under the warranty when sold.

- For warranty claims on all wireless devices (except netbooks/notebooks, tablets, and Apple branded equipment) after the first 30 days from purchase, visit www.att.com/wex or call 1-800-801-1101.
- For warranty claims on netbooks/notebooks, after the first 30 days from purchase, or after the first 14 days for tablets and MOTOROLA LAPDOCK, please refer to the manufacturer's warranty information included with the netbook/notebook or tablet.
- For warranty claims on Apple branded equipment, please refer to www.apple.com/support/oss/ for details.

**GoPhone Pay As You Go Returns**
Funds deposited into a GoPhone account are not refundable or redeemable for cash or credit, during or after the 30-day return period. Pay As You Go refill cards or PIN or funds are not refundable or redeemable for cash or credit.

# EXHIBIT L

Daniel A. Sasse, Esq. (CA Bar No. 236234)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
Telephone: (949) 263-8400
Facsimile: (949) 263-8414
Email: dsasse@crowell.com

Wm. Randolph Smith, Esq. (*pro hac vice*)
Jeffrey H. Howard, Esq. (*pro hac vice*)
Shari Ross Lahlou, Esq. (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave. N.W.
Washington, D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
Email: wrsmith@crowell.com
jhoward@crowell.com
slahlou@crowell.com

Attorneys for Defendant
AT&T Mobility LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In Re Apple & AT&TM Antitrust Litigation | Case No. C 07-5152 JW<br><br>**ANSWER OF DEFENDANT AT&T MOBILITY LLC** |

1      **ANSWER TO PLAINTIFFS' COMPLAINT**

2          Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant AT&T

3 Mobility LLC ("ATTM"), by and through its undersigned counsel, hereby answers and asserts

4 defenses to the claims and allegations made by Plaintiffs Herbert H. Kliegerman, Paul Holman,

5 Lucy Rivello, Timothy P. Smith, Michael G. Lee, Dennis V. Macasaddu, Mark G. Morikawa,

6 Vincent Scotti, and Scott Sesso ("Plaintiffs") in their Revised Consolidated Amended Class

7 Action Complaint ("Complaint").

8                          **NATURE OF ACTION**

9         1.      ATTM admits that Plaintiffs seek to bring claims pursuant to Section 2 of the

10 Sherman Act (15 U.S.C. § 2), the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301-12), and the

11 consumer protection laws of 42 states and the District of Columbia on their own behalf and on

12 purported behalf of classes of persons alleged to be similarly situated; Plaintiffs' state consumer

13 protection claims have since been dismissed by the Court. ATTM denies the remaining

14 allegations in this paragraph, including the existence of any cognizable "class" on whose behalf

15 plaintiffs may bring suit.

16         2.      ATTM admits that the iPhone was available for sale on or about June 29, 2007 to

17 consumers in the United States. ATTM further admits that prior to the launch of the iPhone,

18 ATTM entered into a contract with Defendant Apple permitting ATTM to be the exclusive

19 provider of wireless voice and data services for iPhone customers in the United States. ATTM

20 further admits that pursuant to that contract with Apple, Apple received a portion of certain of

21 ATTM's revenues derived from iPhone customers. ATTM denies the remaining allegations in

22 this paragraph.

23         3.      ATTM admits that iPhones sold in the United States are programmed to operate

24 solely on ATTM's wireless voice and data service network. ATTM denies the remaining

25 allegations of this paragraph.

26         4.      ATTM admits that Apple has retained a certain control over design, features and

27 operating software for the iPhone. ATTM lacks knowledge or information sufficient to form a

28

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1  belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the

2  same.

3       5.    ATTM admits that Apple issued iPhone software version 1.1.1 on September 27,

4  2007.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the

5  remaining allegations of this paragraph and, on that basis, denies the same.

6       6.    ATTM denies the allegations of this paragraph.

7       7.    Plaintiffs' consumer protection claims have been dismissed by the Court.  ATTM

8  denies any and all allegations in this paragraph still being pursued.

9       8.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

10  the allegations of this paragraph and, on that basis, denies the same.

11       9.    ATTM denies the allegations of this paragraph.

12       10.    ATTM denies the allegations of this paragraph.

13       11.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

14  the allegations of this paragraph and, on that basis, denies the same.

15       12.    This paragraph of the Complaint sets out the relief sought by Plaintiffs.  To the

16  extent a response is required, ATTM admits that Plaintiffs seek such relief but denies that

17  Plaintiffs are entitled to any such relief.

18                         **THE PARTIES**

19       13.    ATTM admits that Plaintiff Kliegerman entered into an ATTM voice and data plan

20  in July 2007.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of

21  the remaining allegations of this paragraph and, on that basis, denies the same.

22       14.    ATTM admits that Plaintiff Holman entered into an ATTM voice and data plan on

23  or about June 29, 2007.  ATTM lacks knowledge or information sufficient to form a belief as to

24  the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

25       15.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

26  the allegations of this paragraph and, on that basis, denies the same.

27

28

crowell moring
3 Park Plaza, 20ᵗʰ Floor
Irvine, CA 92614-8505
(949) 263-8400

16.     ATTM admits that Plaintiff Smith entered into an ATTM voice and data plan on or about June 30, 2007.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

17.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

18.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

19.     ATTM admits that Plaintiff Morikawa entered into an ATTM voice and data plan. ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

20.     ATTM admits that Plaintiff Scotti entered into an ATTM voice and data plan on or about July 12, 2007.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

21.     ATTM admits that Plaintiff Sesso entered into an ATTM voice and data plan in July 2007.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

22.     ATTM admits that Apple manufactures, markets and sells the iPhone, among other consumer electronic devices.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

23.     ATTM admits that ATTM is a Delaware limited liability company with its principal place of business located at 1025 Lenox Park Boulevard NE, Atlanta, Georgia 30319-5309.  ATTM admits that ATTM is a cell phone service provider that regularly conducts and transacts business in this District, as well as elsewhere throughout New York and the United States.  ATTM further admits that it entered into a contract with Apple under which ATTM is the exclusive provider of wireless voice and data services for iPhones sold in the United States.

3
Case No. 07-CV-05152-JW
ANSWER OF DEFENDANT AT&T MOBILITY LLC

**JURISDICTION AND VENUE**

24.     ATTM admits that the Court has original jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law and Magnuson-Moss Warranty Act claims pursuant to 28 U.S.C. § 1367.

25.     ATTM admits that, taking Plaintiffs' jurisdictional allegations to be true, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

26.     ATTM admits that, taking Plaintiffs' venue-related allegations to be true, venue in this District is proper pursuant to 28 U.S.C. § 1391.

**FACTUAL ALLEGATIONS**

27.     ATTM admits that Apple conducted an advertising campaign in spring 2007 to market the iPhone.  ATTM further admits that the advertising referenced the iPhone's mobile phone, iPod and Internet communications functions as well as email, visual voicemail, web browsing, maps and searching capability.

28.     ATTM admits that the 2G iPhone was made available for retail purchase in the United States on June 29, 2007, at prices of $499 for the 8GB model and $599 for the 16GB model, and that some consumers waited in line to purchase an iPhone.  ATTM further admits that, at the time the Complaint was filed, Apple and ATTM sold an 8GB version of the 2G iPhone for $399 and a 16GB version of the iPhone for $499.

29.     ATTM admits that, at the time the Complaint was filed, the iPhone was sold at both Apple's and ATTM's retail and online stores.

30.     ATTM admits that it entered into a contract with Apple under which ATTM is the exclusive provider of wireless voice and data services for iPhones sold in the United States. ATTM further admits that iPhone customers in the United States must sign a two-year service contract to obtain ATTM's voice and data services.  ATTM denies the remaining allegations of this paragraph.

31.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

32.     ATTM denies the allegations of this paragraph.

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

33. ATTM denies the allegations of this paragraph.

34. ATTM denies the allegations of this paragraph.

35. ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

36. ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

37. ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

38. ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

39. ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

40. ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

41. ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

42. ATTM admits that it has, under certain circumstances, provided unlock codes for non-iPhone handsets if requested by a purchaser.

43. ATTM denies the allegations of this paragraph.

44. ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

45. ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

46. ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

47. ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

ANSWER OF DEFENDANT AT&T MOBILITY LLC

48.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

49.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

50.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

51.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

52.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

53.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

54.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

55.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

56.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

57.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

58.    ATTM admits the allegations of this paragraph.

59.    ATTM admits that GSM and CDMA are two of the competing network technologies for wireless service in the United States.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

60.    ATTM admits that the iPhones sold as of the time of, and prior to, the filing of the Complaint are used on ATTM's Edge/GSM facilities.  ATTM lacks knowledge or information

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1  sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that

2  basis, denies the same.

3      61.    ATTM admits that it, Verizon Wireless, LLC, Sprint Nextel Corp., and T-Mobile

4  USA are currently the four operators that analysts typically describe as "nationwide," and that

5  ATTM and T-Mobile use GSM/TDMA as their 2G digital technology and Verizon and Sprint use

6  CDMA as their 2G digital technology.  ATTM lacks knowledge or information sufficient to form

7  a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the

8  same.

9      62.    ATTM denies the allegations of this paragraph.

10     63.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

11  the allegations of this paragraph and, on that basis, denies the same.

12     64.    ATTM denies the allegations of this paragraph.

13     65.    ATTM admits that GSM devices in the United States typically utilize the

14  removable SIM card technology, and that these SIM cards are typically linked to a specific

15  carrier's network.

16     66.    ATTM admits that a SIM card is a specially programmed microchip that inserts

17  into a GSM-compatible mobile device and that the SIM card encrypts transmissions and identifies

18  the user to the mobile network.  ATTM further admits that the SIM cards allow users to easily

19  switch their account information between other compatible GSM devices for immediate use.

20  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining

21  allegations of this paragraph and, on that basis, denies the same.

22     67.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

23  the allegations of this paragraph and, on that basis, denies the same.

24     68.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

25  the allegations of this paragraph and, on that basis, denies the same.

26     69.    ATTM admits that it has, under certain circumstances, provided unlock codes for

27  non-iPhone handsets if requested by a purchaser.  ATTM lacks knowledge or information

28

Case No. 07-CV-05152-JW
ANSWER OF DEFENDANT AT&T MOBILITY LLC

crowell moring
3 Park Plaza, 20ᵗʰ Floor
Irvine, CA  92614-8505
(949) 263-8400

1 sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that

2 basis, denies the same.

3      70.    ATTM admits that it has, under certain circumstances, provided unlock codes for

4 non-iPhone handsets if requested by a purchaser. ATTM further admits that it does not provide

5 the unlock code for the iPhone. ATTM denies that any of its actions were unlawful and denies the

6 remaining allegations of this paragraph.

7      71.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

8 the allegations of this paragraph and, on that basis, denies the same.

9      72.    ATTM admits that non-Apple programmers made iPhone "unlocking" codes

10 available both for sale and for free on the Internet. ATTM lacks knowledge or information

11 sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that

12 basis, denies the same.

13      73.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

14 the allegations of this paragraph and, on that basis, denies the same.

15      74.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

16 the allegations of this paragraph and, on that basis, denies the same.

17      75.    ATTM admits that the DMCA was enacted in 1998. The language in the DMCA

18 and in the Federal Register speaks for itself. ATTM denies the remaining allegations in this

19 paragraph.

20      76.    ATTM denies the allegations of this paragraph.

21      77.    ATTM admits that on January 9, 2007, Apple and ATTM announced that they had

22 entered into an agreement whereby Cingular Wireless (now ATTM) would be the exclusive

23 provider of wireless voice and data services for iPhones sold in the United States. ATTM denies

24 the remaining allegations in this paragraph.

25      78.    ATTM admits that it provided to Apple a portion of certain of ATTM's revenues

26 derived from iPhone customers pursuant to the terms of its initial agreement with Apple. ATTM

27 denies the remaining allegations in this paragraph.

28

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1    79.    ATTM admits that ATTM offers iPhone purchasers a two-year service contract.

2  ATTM denies the remaining allegations in this paragraph.

3    80.    ATTM admits that iPhones sold in the United States are programmed so as to

4  operate solely with ATTM's wireless voice and data service network, and that unlock codes are

5  not provided to consumers.  ATTM denies the remaining allegations of this paragraph.

6    81.    ATTM admits that Apple retains a certain control over the features, content,

7  software programming and design of the iPhone.

8    82.    ATTM admits that ATTM has offered handsets for purchase at prices below the

9  manufacturer suggested retail price of the handset based on the expectation that ATTM will

10  recoup its investment when the customer enters into a contract for service with ATTM.  ATTM

11  further admits that customers typically incur an Early Termination Fee if they cancel their ATTM

12  service plan prior to expiration of their service agreement.  ATTM lacks knowledge or information

13  sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that

14  basis, denies the same.

15    83.    ATTM admits that iPhone customers incur a $175 Early Termination Fee if they

16  cancel their ATTM service plan prior to expiration of their two-year service agreement.  ATTM

17  denies the remaining allegations in this paragraph.

18    84.    ATTM denies the allegations in this paragraph.

19    85.    ATTM denies the allegations in this paragraph concerning ATTM's conduct.

20  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining

21  allegations of this paragraph and, on that basis, denies the same.

22    86.    ATTM admits that the language quoted in this paragraph is an accurate quotation

23  from the cited *USA Today* article.  ATTM denies all the remaining allegations in this paragraph.

24    87.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

25  the allegations of this paragraph and, on that basis, denies the same.

26    88.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of

27  the allegations of this paragraph and, on that basis, denies the same.

28

Case No. 07-CV-05152-JW

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

89.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

90.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

91.     ATTM admits that unauthorized unlock programs for the iPhone became available on the Internet in the summer of 2007.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

92.     ATTM admits that unauthorized unlock programs for the iPhone became available on the Internet in the summer of 2007.  ATTM denies the remaining allegations of this paragraph.

93.     ATTM denies the allegations in this paragraph.

94.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

95.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

96.     ATTM admits that Apple issued iPhone software version 1.1.1 on September 27, 2007.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

97.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

98.     ATTM admits that the referenced September 24, 2007 press release contained the quoted language in this paragraph.

99.     ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

100.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

101.    ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

10

Case No. 07-CV-05152-JW

ANSWER OF DEFENDANT AT&T MOBILITY LLC

102.  ATTM admits that Apple issued iPhone software version 1.1.1 on September 27, 2007.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

103.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

104.  ATTM denies the allegations in this paragraph.

105.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

106.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis, denies the same.

107.  ATTM denies the allegations in this paragraph.

108.  ATTM admits that Plaintiffs seek to bring this action as a purported "Nationwide Class" class action on behalf of themselves and other alleged to be similarly situated, and propose to act as representatives of the purported class.  ATTM denies the remaining allegations in this paragraph, and denies the existence of an alleged "Nationwide Class" as described in this paragraph.

109.  ATTM admits that Plaintiffs seek to bring this action as a purported "Consumer Protection Class" class action on behalf of themselves and other alleged to be similarly situated, and propose to act as representatives of the purported class.  ATTM denies the remaining allegations in this paragraph, and denies the existence of an alleged "Consumer Protection Class" as described in this paragraph.

110.  ATTM denies the existence of either of the alleged classes and thus denies the allegations in this paragraph on that basis.

111.  ATTM denies the existence of either of the alleged classes.  ATTM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, denies the same.

112.  ATTM denies the existence of either of the alleged classes and thus denies the allegations in this paragraph, including subparts a-q.

Case No. 07-CV-05152-JW
ANSWER OF DEFENDANT AT&T MOBILITY LLC

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

113. ATTM denies the existence of either of the alleged classes and thus denies the allegations in this paragraph.

114. ATTM denies the existence of either of the alleged classes and thus denies the allegations in this paragraph.

115. ATTM denies the existence of either of the alleged classes and thus denies the allegations in this paragraph.

116. ATTM denies the existence of either of the alleged classes and thus denies the allegations in this paragraph.

117. ATTM denies the existence of either of the alleged classes. ATTM denies the remaining allegations in this paragraph.

118. ATTM denies the existence of either of the alleged classes and thus denies the allegations in this paragraph.

119. ATTM denies the allegations in this paragraph.

## RELEVANT MARKET ALLEGATIONS

120. ATTM denies the allegations in this paragraph.

121. ATTM denies the allegations in this paragraph.

## COUNT I

## SHERMAN ACT § 2: UNLAWFUL MONOPOLIZATION

## OF THE APPLICATIONS AFTERMARKET

122. ATTM repeats and incorporates by reference Paragraphs 1 through 121 of its Answer as if fully set forth here.

123. ATTM denies the allegations of this paragraph.

124. ATTM denies the allegations of this paragraph.

125. ATTM denies the allegations of this paragraph.

126. ATTM denies the allegations of this paragraph.

## COUNT II

## SHERMAN ACT § 2: ATTEMPTED MONOPOLIZATION

## OF THE APPLICATIONS AFTERMARKET

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

ANSWER OF DEFENDANT AT&T MOBILITY LLC

1      127.    ATTM repeats and incorporates by reference Paragraphs 1 through 126 of its

2    Answer as if fully set forth here.

3      128.    ATTM denies the allegations of this paragraph.

4      129.    ATTM denies the allegations of this paragraph.

5      130.    ATTM denies the allegations of this paragraph.

6      131.    ATTM denies the allegations of this paragraph.

7      132.    ATTM denies the allegations of this paragraph.

8

**COUNT III**

9

**SHERMAN ACT § 2: UNLAWFUL MONOPOLIZATION**

10

**OF THE VOICE AND DATA SERVICES AFTERMARKET**

11      133.    ATTM repeats and incorporates by reference Paragraphs 1 through 132 of its

12    Answer as if fully set forth here.

13      134.    ATTM denies the allegations of this paragraph.

14      135.    ATTM denies the allegations of this paragraph.

15      136.    ATTM denies the allegations of this paragraph.

16      137.    ATTM denies the allegations of this paragraph.

17      138.    ATTM denies the allegations of this paragraph.

18

**COUNT IV**

19

**SHERMAN ACT § 2: ATTEMPTED CONSPIRACY TO MONOPOLIZE**

20

**THE VOICE AND DATA SERVICES AFTERMARKET**

21      139.    ATTM repeats and incorporates by reference Paragraphs 1 through 138 of its

22    Answer as if fully set forth here.

23      140.    ATTM denies the allegations of this paragraph.

24      141.    ATTM denies the allegations of this paragraph.

25      142.    ATTM denies the allegations of this paragraph.

26      143.    ATTM denies the allegations of this paragraph.

27      144.    ATTM denies the allegations of this paragraph.

28

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1

<u>**COUNT V**</u>

2

**SHERMAN ACT § 2: CONSPIRACY TO MONOPOLIZE**

3

**THE VOICE AND DATA SERVICES AFTERMARKET**

4        145.    ATTM repeats and incorporates by reference Paragraphs 1 through 144 of its

5    Answer as if fully set forth here.

6        146.    ATTM denies the allegations of this paragraph.

7        147.    ATTM denies the allegations of this paragraph.

8        148.    ATTM denies the allegations of this paragraph.

9        149.    ATTM denies the allegations of this paragraph.

10       150.    ATTM denies the allegations of this paragraph.

11

<u>**COUNT VI**</u>

12

**STATE LAW UNFAIR AND DECEPTIVE ACTS AND PRACTICES**

13       151.    ATTM repeats and incorporates by reference Paragraphs 1 through 150 of its

14    Answer as if fully set forth here.

15       152.    Plaintiffs' consumer protection and unfair and deceptive trade practices claims have

16    been dismissed by the Court. ATTM denies any and all allegations in this paragraph still being

17    pursued.

18       153.    Plaintiffs' consumer protection and unfair and deceptive trade practices claims have

19    been dismissed by the Court. ATTM denies any and all allegations in this paragraph still being

20    pursued.

21       154.    Plaintiffs' consumer protection and unfair and deceptive trade practices claims have

22    been dismissed by the Court. ATTM denies any and all allegations in this paragraph still being

23    pursued.

24       155.    Plaintiffs' consumer protection and unfair and deceptive trade practices claims have

25    been dismissed by the Court. ATTM denies any and all allegations in this paragraph still being

26    pursued.

27

28

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

Case No. 07-CV-05152-JW

ANSWER OF DEFENDANT AT&T MOBILITY LLC

1    156.    Plaintiffs' consumer protection and unfair and deceptive trade practices claims have

2    been dismissed by the Court. ATTM denies any and all allegations in this paragraph still being

3    pursued.

4    157.    Plaintiffs' consumer protection and unfair and deceptive trade practices claims have

5    been dismissed by the Court. ATTM denies any and all allegations in this paragraph still being

6    pursued.

7    <u>**COUNT VII**</u>

8    **MAGNUSON-MOSS WARRANTY ACT**

9    158.    ATTM repeats and incorporates by reference Paragraphs 1 through 157 of its

10   Answer as if fully set forth here.

11   159.    ATTM denies the allegations of this paragraph.

12   160.    ATTM denies the allegations of this paragraph.

13   161.    ATTM denies the allegations of this paragraph.

14   162.    ATTM denies the allegations of this paragraph.

15   <u>**COUNT VIII**</u>

16   **TRESPASS TO CHATTELS**

17   163.    ATTM repeats and incorporates by reference Paragraphs 1 through 162 of its

18   Answer as if fully set forth here.

19   164.    ATTM denies the allegations of this paragraph.

20   165.    ATTM denies the allegations of this paragraph.

21   166.    ATTM denies the allegations of this paragraph.

22   167.    ATTM denies the allegations of this paragraph.

23   <u>**COUNT IX**</u>

24   **FEDERAL COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)**

25   168.    ATTM repeats and incorporates by reference Paragraphs 1 through 167 of its

26   Answer as if fully set forth here.

27   169.    ATTM denies the allegations of this paragraph.

28   170.    ATTM denies the allegations of this paragraph.

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

ANSWER OF DEFENDANT AT&T MOBILITY LLC

1

## COUNT X

2

## CALIFORNIA PENAL CODE § 502

3    171.    ATTM repeats and incorporates by reference Paragraphs 1 through 170 of its

4  Answer as if fully set forth here.

5    172.    ATTM admits that the iPhone is a computer within the meaning of California Penal

6  Code § 502.

7    173.    ATTM denies the allegations of this paragraph.

8    174.    ATTM denies the allegations of this paragraph.

9    The remainder of the Complaint consists of Plaintiffs' prayer for relief to which no

10  response is required.  To the extent a response is required, ATTM denies that Plaintiffs are entitled

11  to the relief sought in the Complaint or to any relief whatsoever.

12    ****************

13    ## GENERAL DENIAL

14    ATTM denies any allegations of the Complaint, whether express or implied, that are not

15  specifically admitted, denied or qualified herein.

16    ## AFFIRMATIVE DEFENSES

17    ATTM sets forth below its affirmative defenses.  By setting forth these affirmative

18  defenses, ATTM does not assume the burden of proving any fact, issue, or element of a cause of

19  action where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is

20  intended or shall be construed as an admission that any particular issue or subject matter is

21  relevant to Plaintiffs' allegations.  ATTM reserves the right to assert additional affirmative

22  defenses at such time and to such extent as warranted by discovery and the factual developments

23  in this case.

24    As separate and distinct affirmative defenses, ATTM alleges as follows:

25    1.    One or more of the causes of action asserted in the Complaint fails to state a claim

26  for which relief can be granted.

27    2.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

28

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

16                                    Case No. 07-CV-05152-JW
ANSWER OF DEFENDANT AT&T MOBILITY LLC

3.      Plaintiffs' claims are barred, in whole or in part, because they attack conduct that is authorized by the United States laws and that is not subject to prohibition under the antitrust laws.

4.      Plaintiffs are barred from recovery because ATTM's actions were privileged, justified, excused, were taken for a legitimate business reason not prohibited by law, and/or because ATTM at all times acted in good faith and did not directly or indirectly perform any act whatsoever that would constitute a violation of any right of Plaintiffs or any duty owed to Plaintiffs.

5.      Plaintiffs' claims are barred, in whole or in part, because all conduct engaged in by ATTM was reasonable, based upon independent, legitimate business and economic justifications, and without any purpose or intent to injure competition.

6.      ATTM's acts as alleged in the Complaint were made in good faith to meet competition.  Plaintiffs' claims are barred, in whole or in part, because ATTM's actions have not tended to destroy competition in any relevant market.

7.      Any purported monopoly or monopoly power alleged against ATTM has been thrust upon ATTM, has occurred by force of accident, or has occurred by virtue of ATTM's superior skill, foresight, and industry.

8.      ATTM has not improperly exercised any purported monopoly power against Plaintiffs.

9.      ATTM is the passive beneficiary of any purported monopoly or monopoly power.

10.      ATTM had no specific intent to engage in attempted monopolization.

11.      ATTM does not possess the power to control prices or exclude competition in any relevant market.

12.      ATTM has not willfully acquired any purported monopoly or monopoly power, nor has ATTM maintained any purported monopoly or monopoly power by exclusionary means.

13.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered antitrust injury.

14.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs, through their actions, assumed the risk that they would suffer the harm they alleged.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

17

Case No. 07-CV-05152-JW

15.    Plaintiffs' claims are barred, in whole or in part, because the damages alleged were caused by the actions of third parties for whom ATTM is not responsible.

16.    Plaintiffs' claims are barred, in whole or in part, because the damages alleged were caused by Plaintiffs' own actions and not those of ATTM.

17.    Plaintiffs' claims are barred, in whole or part, by Plaintiffs' lack of standing to assert any or all of the causes of action alleged in the Complaint individually, in a representative capacity, or on behalf of the general public.

18.    As to those causes of action based upon an alleged breach of warranty, ATTM expressly limited any express warranty and disclaimed any implied warranty that may have otherwise been created or have been in existence.

19.    Plaintiffs' claims, and those of the purported classes, are barred because this action is not properly maintainable as a class action as alleged by Plaintiffs.

20.    Plaintiffs' claims, and those of the purported classes, are barred in whole or in part because Plaintiffs are not proper class representatives.

21.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were contributorily negligent.

22.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of ripeness.

23.    Plaintiffs' claims are barred, in whole or in part, because ATTM's acts or omissions were not the proximate cause of Plaintiffs' alleged injuries.

24.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to provide ATTM with sufficient notice of ATTM's alleged breaches of warranties.

25.    Plaintiffs' claims are barred, in whole or in part, under the doctrines of waiver and/or estoppel.

26.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of mootness.

27.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or the doctrine of laches.

28.    Plaintiffs' claims are barred, in whole or in part, because the alleged damages sought are too speculative and uncertain.

Case No. 07-CV-05152-JW
ANSWER OF DEFENDANT AT&T MOBILITY LLC

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

29. Plaintiffs have failed to mitigate their damages and to protect themselves from avoidable consequences.

30. Plaintiffs' claims are barred because Plaintiffs failed to pursue the required alternative dispute resolution.

31. Plaintiffs' claims are preempted by the requirements of the Federal Arbitration Act as relates to plaintiffs' contracts with ATTM and Apple.

WHEREFORE, ATTM prays for the following:

    a.    Dismissal of Plaintiffs' claims with prejudice;

    b.    A finding that ATTM is not liable to Plaintiffs, or that Plaintiffs' claims are barred, in whole or in part, based on one or more of the affirmative defenses asserted herein;

    c.    An award to ATTM of its reasonable actual attorneys' fees and costs of suit pursuant to applicable statutes;

    d.    Such other and further relief as the Court deems just.

DATED: March 18, 2009

Respectfully submitted,

**CROWELL & MORING LLP**

By: /s/ Daniel A. Sasse
    Daniel A. Sasse
    3 Park Plaza, 20th Floor
    Irvine, CA 92614
    Attorneys for Defendant
    AT&T Mobility LLC

crowell moring
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

Case No. 07-CV-05152-JW
ANSWER OF DEFENDANT AT&T MOBILITY LLC

# EXHIBIT M



1   LATHAM & WATKINS LLP
       Daniel M. Wall (Bar No. 102580)
2      Alfred C. Pfeiffer, Jr. (Bar No. 120965)
       Christopher S. Yates (Bar No. 161273)
3      Sadik Huseny (Bar No. 224659)
     505 Montgomery Street, Suite 2000
4    San Francisco, California  94111-6538
     Telephone:  (415) 391-0600
5    Facsimile:  (415) 395-8095
     Email:   Dan.Wall@lw.com
6    Email:   Al.Pfeiffer@lw.com
     Email:   Chris.Yates@lw.com
7    Email:   Sadik.Huseny@lw.com

8    Attorneys for Defendant
     APPLE INC.
9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                          SAN JOSE DIVISION

13

14

15   IN RE APPLE & ATTM ANTITRUST          CASE NO. C 07-5152 JW
     LITIGATION
16                                         **ANSWER OF DEFENDANT APPLE INC.**

17

18

19

20

21

22

23

24

25

26

27

28

1

## ANSWER TO PLAINTIFFS' COMPLAINT

2      Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant

3   Apple Inc. ("Apple"), by and through its undersigned counsel, hereby answers and asserts

4   defenses to the claims and allegations made by Plaintiffs Herbert H. Kliegerman, Paul Holman,

5   Lucy Rivello, Timothy P. Smith, Michael G. Lee, Dennis V. Macasaddu, Mark G. Morikawa,

6   Vincent Scotti, and Scott Sesso ("Plaintiffs") in their Revised Consolidated Amended Class

7   Action Complaint ("Complaint").

8

## NATURE OF ACTION

9      1.      Apple admits that Plaintiffs seek to bring claims pursuant to Section 2 of

10   the Sherman Act (15 U.S.C. § 2), the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301-12),

11   and the consumer protection laws of 42 states and the District of Columbia on their own behalf

12   and on purported behalf of classes of persons alleged to be similarly situated; plaintiffs' state

13   consumer protection claims have since been dismissed by the Court. Apple denies the remaining

14   allegations in this paragraph, including the existence of any cognizable "class" on whose behalf

15   plaintiffs may bring suit.

16      2.      Apple admits that it began selling its iPhone on or about June 29, 2007 to

17   consumers in the United States.[1]  Apple further admits that, prior to such time, it entered into a

18   contract with Defendant AT&T Mobility, LLC ("ATTM") permitting ATTM to be the exclusive

19   provider of cell phone voice and data services for iPhone customers in the United States and that,

20   pursuant to that contract with ATTM, it received a portion of certain of ATTM's revenues

21   derived from customers who purchased the iPhone. Apple denies the remaining allegations in

22   this paragraph.

23      3.      Apple admits that iPhones sold in the United States are programmed so as

24   to operate solely with ATTM's phone and data service. Apple denies the remaining allegations

25

26   [1] The iPhones sold as of the time of, and prior to, the filing of the Complaint are used on
   ATTM's "2G" network; the next generation of iPhones, released summer 2008, are used on
27   ATTM's "3G" network. Apple's use of the term "iPhone" herein refers to its original 2G
   iPhone unless otherwise noted.
28

1 │ of this paragraph.

2 │     4.     Apple admits that it retains a certain control over design, features and

3 │ operating software for the iPhone, and has created software programs that are usable on iPhones.

4 │ Apple further admits that it has entered into agreements with other software manufacturers

5 │ regarding software applications for the iPhone, and that it released a software development kit in

6 │ March 2008 and Version 2.0 of the iPhone operating system in June 2008. Apple denies the

7 │ remaining allegations of this paragraph.

8 │     5.     Apple admits that it made available for download Version 1.1.1 of the

9 │ iPhone operating software on or about September 27, 2007. Apple denies the remaining

10 │ allegations of this paragraph.

11 │     6.     Apple denies the allegations of this paragraph.

12 │     7.     Plaintiffs' consumer protection claims have been dismissed by the Court.

13 │ Apple denies any and all allegations in this paragraph still being pursued.

14 │     8.     Apple denies the allegations of this paragraph.

15 │     9.     Apple denies the allegations of this paragraph.

16 │     10.     Apple denies the allegations of this paragraph.

17 │     11.     Apple denies the allegations of this paragraph.

18 │     12.     This paragraph of the Complaint sets out the relief sought by Plaintiffs.

19 │ To the extent a response is required, Apple admits that Plaintiffs seek such relief but denies that

20 │ Plaintiffs are entitled to any such relief.

21 │                   **THE PARTIES**

22 │     13.     Apple lacks knowledge or information sufficient to form a belief as to the

23 │ truth of the allegations of this paragraph and, on that basis, denies the same.

24 │     14.     Apple lacks knowledge or information sufficient to form a belief as to the

25 │ truth of the allegations of this paragraph and, on that basis, denies the same.

26 │     15.     Apple lacks knowledge or information sufficient to form a belief as to the

27 │ truth of the allegations of this paragraph and, on that basis, denies the same.

28 │

1    16. Apple lacks knowledge or information sufficient to form a belief as to the

2 truth of the allegations of this paragraph and, on that basis, denies the same.

3    17. Apple lacks knowledge or information sufficient to form a belief as to the

4 truth of the allegations of this paragraph and, on that basis, denies the same.

5    18. Apple lacks knowledge or information sufficient to form a belief as to the

6 truth of the allegations of this paragraph and, on that basis, denies the same.

7    19. Apple lacks knowledge or information sufficient to form a belief as to the

8 truth of the allegations of this paragraph and, on that basis, denies the same.

9    20. Apple lacks knowledge or information sufficient to form a belief as to the

10 truth of the allegations of this paragraph and, on that basis, denies the same.

11    21. Apple lacks knowledge or information sufficient to form a belief as to the

12 truth of the allegations of this paragraph and, on that basis, denies the same.

13    22. Apple admits the allegations of this paragraph.

14    23. Apple admits that ATTM is a cell phone service provider that conducts

15 and transacts business in various parts of the United States. Apple further admits that ATTM

16 markets and sells the iPhone and is the exclusive provider of wireless and data services to iPhone

17 customers in the United States. Apple lacks knowledge or information sufficient to form a belief

18 as to the truth of the remaining allegations of this paragraph and, on that basis, denies the same.

19           **JURISDICTION AND VENUE**

20    24. Apple admits that the Court has original jurisdiction over Plaintiffs'

21 federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs'

22 state law and Magnuson-Moss Warranty Act claims pursuant to 28 U.S.C. § 1367.

23    25. Apple admits that, taking plaintiffs' jurisdictional allegations to be true,

24 the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

25    26. Apple admits that, taking plaintiffs' venue-related allegations to be true,

26 venue in this District is proper pursuant to 28 U.S.C. § 1391.

27

28

1

## FACTUAL ALLEGATIONS

2          27.     Apple admits that it conducted an advertising campaign in spring 2007 to

3   market the iPhone. Apple further admits that the advertising mentioned the iPhone's mobile

4   phone, iPod and breakthrough Internet communications functions as well as desktop-class email,

5   visual voicemail, web browsing, maps and searching capability.

6          28.     Apple admits that the iPhone was made available for retail purchase in the

7   United States on June 29, 2007, at prices of $499 for the 8GB model and $599 for the 16GB

8   model, and that some consumers waited in line to purchase an iPhone. Apple further admits that,

9   at the time the Complaint was filed, Apple and ATTM sold an 8GB version of the iPhone for

10  $399 and a 16GB version of the iPhone for $499.

11          29.     Apple admits that, at the time the Complaint was filed, Apple and ATTM

12  sold the iPhone at both Apple's and ATTM's retail and online stores.

13          30.     Apple admits that it entered into a contract with ATTM under which

14  ATTM is the exclusive provider of cell phone voice and data services for iPhones sold in the

15  United States. Apple further admits that, in general, ATTM would not provide voice and data

16  services to iPhone purchasers in the United States without the entry of a two-year service

17  contract. Apple denies the remaining allegations of this paragraph.

18          31.     Apple lacks knowledge or information sufficient to form a belief as to the

19  truth of the allegations of this paragraph and, on that basis, denies the same.

20          32.     Apple denies the allegations in this paragraph.

21          33.     Apple denies the allegations in this paragraph.

22          34.     Apple denies the allegations in this paragraph.

23          35.     Apple lacks knowledge or information sufficient to form a belief as to the

24  truth of the allegations of this paragraph and, on that basis, denies the same.

25          36.     Apple lacks knowledge or information sufficient to form a belief as to the

26  truth of the allegations of this paragraph and, on that basis, denies the same.

27          37.     Apple lacks knowledge or information sufficient to form a belief as to the

28  truth of the allegations of this paragraph and, on that basis, denies the same.

1         38.     Apple lacks knowledge or information sufficient to form a belief as to the

2  truth of the allegations of this paragraph and, on that basis, denies the same.

3         39.     Apple lacks knowledge or information sufficient to form a belief as to the

4  truth of the allegations of this paragraph and, on that basis, denies the same.

5         40.     Apple admits that iPhones sold in the United States are programmed so as

6  to operate solely with ATTM's phone and data service.  Apple lacks knowledge or information

7  sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on

8  that basis, denies the same.

9         41.     Apple lacks knowledge or information sufficient to form a belief as to the

10  truth of the allegations of this paragraph and, on that basis, denies the same.

11         42.     Apple lacks knowledge or information sufficient to form a belief as to the

12  truth of the allegations of this paragraph and, on that basis, denies the same.

13         43.     Apple denies the allegations of this paragraph.

14         44.     Apple lacks knowledge or information sufficient to form a belief as to the

15  truth of the allegations of this paragraph and, on that basis, denies the same.

16         45.     Apple lacks knowledge or information sufficient to form a belief as to the

17  truth of the allegations of this paragraph and, on that basis, denies the same.

18         46.     Apple lacks knowledge or information sufficient to form a belief as to the

19  truth of the allegations of this paragraph and, on that basis, denies the same.

20         47.     Apple lacks knowledge or information sufficient to form a belief as to the

21  truth of the allegations of this paragraph and, on that basis, denies the same.

22         48.     Apple lacks knowledge or information sufficient to form a belief as to the

23  truth of the allegations of this paragraph and, on that basis, denies the same.

24         49.     Apple lacks knowledge or information sufficient to form a belief as to the

25  truth of the allegations of this paragraph and, on that basis, denies the same.

26         50.     Apple lacks knowledge or information sufficient to form a belief as to the

27  truth of the allegations of this paragraph and, on that basis, denies the same.

28

1            51.    Apple lacks knowledge or information sufficient to form a belief as to the

2    truth of the allegations of this paragraph and, on that basis, denies the same.

3            52.    Apple lacks knowledge or information sufficient to form a belief as to the

4    truth of the allegations of this paragraph and, on that basis, denies the same.

5            53.    Apple lacks knowledge or information sufficient to form a belief as to the

6    truth of the allegations of this paragraph and, on that basis, denies the same.

7            54.    Apple lacks knowledge or information sufficient to form a belief as to the

8    truth of the allegations of this paragraph and, on that basis, denies the same.

9            55.    Apple lacks knowledge or information sufficient to form a belief as to the

10   truth of the allegations of this paragraph and, on that basis, denies the same.

11           56.    Apple lacks knowledge or information sufficient to form a belief as to the

12   truth of the allegations of this paragraph and, on that basis, denies the same.

13           57.    Apple lacks knowledge or information sufficient to form a belief as to the

14   truth of the allegations of this paragraph and, on that basis, denies the same.

15           58.    Apple lacks knowledge or information sufficient to form a belief as to the

16   truth of the allegations of this paragraph and, on that basis, denies the same.

17           59.    Apple admits that GSM and CDMA are two of the competing network

18   technologies for cellular service in the United States.  Apple lacks knowledge or information

19   sufficient to form a belief as to the truth of the allegations of this paragraph and, on that basis,

20   denies the same.

21           60.    Apple admits that the iPhones sold as of the time of, and prior to, the filing

22   of the Complaint are used on ATTM's "2G" network, and that its more recent iPhones, released

23   summer 2008, are used on ATTM's "3G" network.  Apple lacks knowledge or information

24   sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on

25   that basis, denies the same.

26           61.    Apple lacks knowledge or information sufficient to form a belief as to the

27   truth of the allegations of this paragraph and, on that basis, denies the same.

28

1     62.    Apple admits that the referenced *Wall Street Journal* article contains the

2  quoted statement. Apple lacks knowledge or information sufficient to form a belief as to the

3  truth of the remaining allegations of this paragraph, including of the allegations contained in the

4  statement from the *Wall Street Journal*, and on that basis, denies the same.

5     63.    Apple lacks knowledge or information sufficient to form a belief as to the

6  truth of the allegations of this paragraph and, on that basis, denies the same.

7     64.    Apple denies the allegations of this paragraph.

8     65.    Apple lacks knowledge or information sufficient to form a belief as to the

9  truth of the allegations of this paragraph and, on that basis, denies the same.

10    66.    Apple lacks knowledge or information sufficient to form a belief as to the

11  truth of the allegations of this paragraph and, on that basis, denies the same.

12    67.    Apple lacks knowledge or information sufficient to form a belief as to the

13  truth of the allegations of this paragraph and, on that basis, denies the same.

14    68.    Apple lacks knowledge or information sufficient to form a belief as to the

15  truth of the allegations of this paragraph and, on that basis, denies the same.

16    69.    Apple lacks knowledge or information sufficient to form a belief as to the

17  truth of the allegations of this paragraph and, on that basis, denies the same.

18    70.    Apple denies that any of its actions were unlawful.  Apple lacks

19  knowledge or information sufficient to form a belief as to the truth of the remaining allegations

20  of this paragraph and, on that basis, denies the same.

21    71.    Apple denies the allegations in this paragraph.

22    72.    Apple admits that means to alter the iPhone's operating system, as well as

23  iPhones whose operating systems had been altered, became available on the Internet.  Apple

24  denies the remaining allegations in this paragraph.

25    73.    Apple denies the allegations of this paragraph.

26    74.    Apple lacks knowledge or information sufficient to form a belief as to the

27  truth of the allegations of this paragraph and, on that basis, denies the same.

28

1        75.     Apple admits that the DMCA was enacted in 1998. The language in the

2   DMCA and in the Federal Register speaks for itself. Apple denies the remaining allegations in

3   this paragraph.

4        76.     Apple denies the allegations in this paragraph.

5        77.     Apple admits that on January 9, 2007, it announced that it had entered into

6   an agreement whereby Cingular Wireless (now ATTM) would be the exclusive provider of

7   wireless voice and data services for iPhones sold in the United States. Apple denies the

8   remaining allegations in this paragraph.

9        78.     Apple admits that it received a portion of certain of ATTM's revenues

10  derived from iPhone customers pursuant to the terms of its initial agreement with ATTM. Apple

11  denies the remaining allegations in this paragraph.

12       79.     Apple admits that ATTM offers iPhone purchasers a two-year service

13  contract. Apple denies the remaining allegations in this paragraph.

14       80.     Apple admits that iPhones sold in the United States are programmed so as

15  to operate solely with ATTM's phone and data service, and that unlock codes are not provided to

16  consumers. Apple denies the remaining allegations of this paragraph.

17       81.     Apple admits that it retains a certain control over the features, content,

18  software programming and design of the iPhone.

19       82.     Apple lacks knowledge or information sufficient to form a belief as to the

20  truth of the allegations of this paragraph and, on that basis, denies the same.

21       83.     Apple denies the allegations in this paragraph.

22       84.     Apple denies the allegations in this paragraph.

23       85.     Apple admits it discussed a potential iPhone arrangement with Verizon.

24  Apple denies the remaining allegations in this paragraph.

25       86.     Apple admits that the language quoted in this paragraph is an accurate

26  quotation from the *USA Today* article in question. Apple denies the remaining allegations in this

27  paragraph.

28

1      87.    Apple lacks knowledge or information sufficient to form a belief as to the

2   truth of the allegations of this paragraph and, on that basis, denies the same.

3      88.    Apple admits that customers who have purchased songs through the

4   iTunes Music Store can create custom ring tones from such songs for a charge of $0.99 per song.

5   Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining

6   allegations of this paragraph and, on that basis, denies the same.

7      89.    Apple denies the allegations in this paragraph.

8      90.    Apple denies the allegations in this paragraph.

9      91.    Apple admits that unauthorized unlock programs for the iPhone became

10   available on the Internet in the summer of 2007.  Apple lacks knowledge or information

11   sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, on

12   that basis, denies the same.

13      92.    Apple denies the allegations in this paragraph.

14      93.    Apple denies the allegations in this paragraph.

15      94.    Apple admits that it warned iPhone owners that making unauthorized

16   modifications to the software of their iPhone violated the iPhone software license agreement and

17   that the inability to use an iPhone due to unauthorized modifications was not covered by the

18   iPhone warranty.  Apple denies the remaining allegations in this statement.

19      95.    Apple admits that it warned customers that modifications to the iPhone

20   operating system might cause the iPhone to become inoperable.  Apple denies the remaining

21   allegations in this statement.

22      96.    Apple admits that it made available for download Version 1.1.1 for the

23   iPhone.  Apple denies the remaining allegations in this paragraph.

24      97.    Apple denies the allegations in this paragraph.

25      98.    Apple admits the allegations in this paragraph.

26      99.    Apple denies the allegations in this paragraph.

27      100.    Apple denies the allegations in this paragraph.

28      101.    Apple denies the allegations in this paragraph.

1       102.    Apple admits that it made available for download Version 1.1.1 on or

2   about September 27, 2007.  Apple further admits that it announced that Version 1.1.1 was

3   intended to provide certain changes and improvements, including among other things

4   improvements to the power management and battery life of the iPhone.  Apple further admits

5   that Version 1.1.1 incorporated many changes and improvements over the earlier operating

6   system.  Apple denies the remaining allegations in this paragraph.

7       103.    Apple denies the allegations in this paragraph.

8       104.    Apple denies the allegations in this paragraph.

9       105.    Apple lacks knowledge or information sufficient to form a belief as to the

10  truth of the allegations of this paragraph and, on that basis, denies the same.

11      106.    Apple denies the allegations in this paragraph.

12      107.    Apple denies the allegations in this paragraph.

13                          **CLASS ALLEGATIONS**

14      108.    Apple admits that Plaintiffs seek to bring this action as a purported

15  "Nationwide Class" class action on behalf of themselves and other alleged to be similarly

16  situated, and propose to act as representatives of the purported class.  Apple denies the remaining

17  allegations in this paragraph, and denies the existence of an alleged "Nationwide Class" as

18  described in this paragraph.

19      109.    Apple admits that Plaintiffs seek to bring this action as a purported

20  "Consumer Protection Class" class action on behalf of themselves and other alleged to be

21  similarly situated, and propose to act as representatives of the purported class.  Apple denies the

22  remaining allegations in this paragraph, and denies the existence of an alleged "Consumer

23  Protection Class" as described in this paragraph.

24      110.    Apple denies the existence of either of the alleged classes and thus denies

25  the allegations in this paragraph on that basis.

26      111.    Apple denies the existence of either of the alleged classes.  Apple lacks

27  knowledge or information sufficient to form a belief as to the truth of the remaining allegations

28  in this paragraph and, on that basis, denies the same.

1          112.    Apple denies the existence of either of the alleged classes and thus denies

2    the allegations in this paragraph, including subparts a-q.

3          113.    Apple denies the existence of either of the alleged classes and thus denies

4    the allegations in this paragraph.

5          114.    Apple denies the existence of either of the alleged classes and thus denies

6    the allegations in this paragraph.

7          115.    Apple denies the existence of either of the alleged classes and thus denies

8    the allegations in this paragraph.

9          116.    Apple denies the existence of either of the alleged classes and thus denies

10   the allegations in this paragraph.

11         117.    Apple denies the existence of either of the alleged classes.  Apple denies

12   the remaining allegations in this paragraph.

13         118.    Apple denies the existence of either of the alleged classes and thus denies

14   the allegations in this paragraph.

15         119.    Apple denies the allegations in this paragraph.

16                        **RELEVANT MARKET ALLEGATIONS**

17         120.    Apple denies the allegations of this paragraph.

18         121.    Apple denies the allegations of this paragraph.

19                                   **COUNT I**
                 **SHERMAN ACT § 2: UNLAWFUL MONOPOLIZATION**
20                 **OF THE APPLICATIONS AFTERMARKET**

21         122.    Apple repeats and incorporates by reference Paragraphs 1 through 121 of

22   its Answer as if fully set forth here.

23         123.    Apple denies the allegations of this paragraph.

24         124.    Apple denies the allegations of this paragraph.

25         125.    Apple denies the allegations of this paragraph.

26         126.    Apple denies the allegations of this paragraph.

27

28

<div style="text-align:center">

**COUNT II**
**SHERMAN ACT § 2: ATTEMPTED MONOPOLIZATION**
**OF THE APPLICATIONS AFTERMARKET**

</div>

127.    Apple repeats and incorporates by reference Paragraphs 1 through 126 of its Answer as if fully set forth here.

128.    Apple denies the allegations of this paragraph.

129.    Apple denies the allegations of this paragraph.

130.    Apple denies the allegations of this paragraph.

131.    Apple denies the allegations of this paragraph.

132.    Apple denies the allegations of this paragraph.

<div style="text-align:center">

**COUNT III**
**SHERMAN ACT § 2: UNLAWFUL MONOPOLIZATION**
**OF THE VOICE AND DATA SERVICES AFTERMARKET**

</div>

133.    Apple repeats and incorporates by reference Paragraphs 1 through 132 of its Answer as if fully set forth here.

134.    Apple denies the allegations of this paragraph.

135.    Apple denies the allegations of this paragraph.

136.    Apple denies the allegations of this paragraph.

137.    Apple denies the allegations of this paragraph.

138.    Apple denies the allegations of this paragraph.

<div style="text-align:center">

**COUNT IV**
**SHERMAN ACT § 2: ATTEMPTED CONSPIRACY TO MONOPOLIZE**
**THE VOICE AND DATA SERVICES AFTERMARKET**

</div>

139.    Apple repeats and incorporates by reference Paragraphs 1 through 138 of its Answer as if fully set forth here.

140.    Apple denies the allegations of this paragraph.

141.    Apple denies the allegations of this paragraph.

142.    Apple denies the allegations of this paragraph.

143.    Apple denies the allegations of this paragraph.

144.    Apple denies the allegations of this paragraph.

1

<div style="text-align:center">

**COUNT V**

2

**SHERMAN ACT § 2: CONSPIRACY TO MONOPOLIZE
THE VOICE AND DATA SERVICES AFTERMARKET**

</div>

3        145.    Apple repeats and incorporates by reference Paragraphs 1 through 144 of

4   its Answer as if fully set forth here.

5        146.    Apple denies the allegations of this paragraph.

6        147.    Apple denies the allegations of this paragraph.

7        148.    Apple denies the allegations of this paragraph.

8        149.    Apple denies the allegations of this paragraph.

9        150.    Apple denies the allegations of this paragraph.

10

<div style="text-align:center">**COUNT VI**</div>

11

<div style="text-align:center">**STATE LAW UNFAIR AND DECEPTIVE ACTS AND PRACTICES**</div>

12        151.    Apple repeats and incorporates by reference Paragraphs 1 through 121 of

13   its Answer as if fully set forth here.

14        152.    Plaintiffs' consumer protection and unfair and deceptive trade practices

15   laws have been dismissed by the Court.

16        153.    Plaintiffs' consumer protection and unfair and deceptive trade practices

17   laws have been dismissed by the Court.  Apple denies any and all allegations in this paragraph

18   still being pursued.

19        154.    Plaintiffs' consumer protection and unfair and deceptive trade practices

20   laws have been dismissed by the Court.  Apple denies any and all allegations in this paragraph

21   still being pursued.

22        155.    Plaintiffs' consumer protection and unfair and deceptive trade practices

23   laws have been dismissed by the Court.  Apple denies any and all allegations in this paragraph

24   still being pursued.

25        156.    Plaintiffs' consumer protection and unfair and deceptive trade practices

26   laws have been dismissed by the Court.  Apple denies any and all allegations in this paragraph

27   still being pursued.

28

1         157.    Plaintiffs' consumer protection and unfair and deceptive trade practices

2 laws have been dismissed by the Court. Apple denies any and all allegations in this paragraph

3 still being pursued.

4 <center>**COUNT VII**</center>

5 <center>**MAGNUSON-MOSS WARRANTY ACT**</center>

6         158.    Apple repeats and incorporates by reference Paragraphs 1 through 121 of

7 its Answer as if fully set forth here.

8         159.    Apple denies the allegations of this paragraph.

9         160.    Apple denies the allegations of this paragraph.

10         161.    Apple denies that it has breached its warranty obligations and that it has

11 violated the Magnuson-Moss Warranty Act. Apple lacks knowledge or information sufficient to

12 form a belief as to the truth of the remaining allegations of this paragraph and, on that basis,

13 denies the same.

14         162.    Apple denies the allegations of this paragraph.

15 <center>**COUNT VIII**</center>

16 <center>**TRESPASS TO CHATTELS**</center>

17         163.    Apple repeats and incorporates by reference Paragraphs 1 through 121 of

18 its Answer as if fully set forth here.

19         164.    Apple denies the allegations of this paragraph.

20         165.    Apple denies the allegations of this paragraph.

21         166.    Apple denies the allegations of this paragraph.

22         167.    Apple denies the allegations of this paragraph.

23 <center>**COUNT IX**</center>

24 <center>**FEDERAL COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)**</center>

25         168.    Apple repeats and incorporates by reference Paragraphs 1 through 121 of

26 its Answer as if fully set forth here.

27         169.    Apple denies the allegations of this paragraph.

28         170.    Apple denies the allegations of this paragraph.

1

## COUNT X

2

## CALIFORNIA PENAL CODE § 502

3    171.    Apple repeats and incorporates by reference Paragraphs 1 through 121 of

4    its Answer as if fully set forth here.

5    172.    Apple admits that the iPhone is a computer within the meaning of

6    California Penal Code § 502.

7    173.    Apple denies the allegations of this paragraph.

8    174.    Apple denies the allegations of this paragraph.

9

10    The remainder of the Complaint consists of Plaintiffs' prayer for relief to which

11    no response is required. To the extent a response is required, Apple denies that Plaintiffs are

12    entitled to the relief sought in the Complaint or to any relief whatsoever.

13    *****************

14    ## GENERAL DENIAL

15    Apple denies any allegations of the Complaint, whether express or implied, that

16    are not specifically admitted, denied or qualified herein.

17    ## First Affirmative Defense

18    ## (Failure to State a Cause of Action)

19    One or more of the causes of action asserted in the Complaint fails to state a claim

20    for which relief can be granted.

21    ## Second Affirmative Defense

22    ## (Unclean Hands)

23    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

24    ## Third Affirmative Defense

25    ## (Legal Privilege)

26    Plaintiffs' claims are barred, in whole or in part, because they attack conduct that

27    is authorized by the United States laws and that is not subject to prohibition under the antitrust

28    laws.

1            **Fourth Affirmative Defense**

2            **(Justification/Privilege/Excuse)**

3         Plaintiffs are barred from recovery because Apple's actions were privileged,

4 justified, excused, were taken for a legitimate business reason not prohibited by law, and/or

5 because Apple at all times acted in good faith and did not directly or indirectly perform any act

6 whatsoever that would constitute a violation of any right of Plaintiffs or any duty owed to

7 Plaintiffs.

8            **Fifth Affirmative Defense**

9     **(Independent, Legitimate Business and Economic Justifications)**

10         Plaintiffs' claims are barred, in whole or in part, because all conduct engaged in

11 by Apple was reasonable, based upon independent, legitimate business and economic

12 justifications, and without any purpose or intent to injure competition.

13            **Sixth Affirmative Defense**

14       **(Meeting Competition/No Harm to Competition)**

15         Apple's acts as alleged in the Complaint were made in good faith to meet

16 competition. Plaintiffs' claims are barred, in whole or in part, because Apple's actions have not

17 tended to destroy competition in any relevant market.

18            **Seventh Affirmative Defense**

19            **(No Antitrust Injury)**

20         Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not

21 suffered antitrust injury.

22            **Eighth Affirmative Defense**

23            **(Assumption of Risk)**

24         Plaintiffs' claims are barred, in whole or in part, because Plaintiffs, through their

25 actions, assumed the risk that they would suffer the harm they alleged.

26            **Ninth Affirmative Defense**

27     **(No Liability for Damages Incurred by Third Parties)**

28         Plaintiffs' claims are barred, in whole or in part, because the damages alleged

1    were caused by the actions of third parties for whom Apple is not responsible.

2    <center>**Tenth Affirmative Defense**</center>

3    <center>**(No Liability for Damages Caused by Plaintiffs' Own Misconduct)**</center>

4    Plaintiffs' claims are barred, in whole or in part, because the damages alleged

5    were caused by Plaintiffs' own actions and not those of Apple.

6    <center>**Eleventh Affirmative Defense**</center>

7    <center>**(Lack of Standing)**</center>

8    Plaintiffs' claims are barred, in whole or part, by Plaintiffs' lack of standing to

9    assert any or all of the causes of action alleged in the Complaint individually, in a representative

10    capacity, or on behalf of the general public.

11    <center>**Twelfth Affirmative Defense**</center>

12    <center>**(Warranties were Limited)**</center>

13    As to those causes of action based upon an alleged breach of warranty, Apple

14    expressly limited any express warranty and disclaimed any implied warranty that may have

15    otherwise been created or have been in existence.

16    <center>**Thirteenth Affirmative Defense**</center>

17    <center>**(Improper Class Action)**</center>

18    Plaintiffs' claims, and those of the purposed classes, are barred because this action

19    is not properly maintainable as a class action as alleged by Plaintiffs.

20    <center>**Fourteenth Affirmative Defense**</center>

21    <center>**(Improper Class Representative)**</center>

22    Plaintiffs' claims, and those of the purported classes, are barred in whole or in

23    part because Plaintiffs are not proper class representatives.

24    <center>**Fifteenth Affirmative Defense**</center>

25    <center>**(Mootness)**</center>

26    Plaintiffs' claims are barred, in whole or in part, by the doctrine of mootness.

27

28

1

### Sixteenth Affirmative Defense

2

#### (Ripeness)

3

Plaintiffs' claims are barred, in whole or in part, by the doctrine of ripeness.

4

### Seventeenth Affirmative Defense

5

#### (Consent/Authorization)

6

Plaintiffs' claims are barred, in whole or in part, because they consented to or

7

authorized the allegedly harmful conduct.

8

### Additional Affirmative Defenses

9

Apple presently has insufficient knowledge or information upon which to form a

10

belief as to whether it may have additional, as yet unstated, affirmative defenses. Apple reserves

11

the right to assert additional affirmative defenses in the event discovery indicates such defenses

12

may be appropriate.

13

WHEREFORE, Apple prays for the following:

14

        a.     Dismissal of Plaintiffs' claims with prejudice;

15

        b.     A finding that Apple is not liable to Plaintiffs, or that Plaintiffs'

16

claims are barred, in whole or in part, based on one or more of the affirmative defenses asserted

17

herein;

18

        c.     An award to Apple of its reasonable actual attorneys' fees and

19

costs of suit pursuant to applicable statutes;

20

        d.     Such other and further relief as the Court deems just.

21

Dated: October 30, 2008                Respectfully submitted,

22

                   LATHAM & WATKINS LLP

23

                   Daniel M. Wall
Alfred C. Pfeiffer

24

                   Christopher S. Yates
Sadik Huseny

25

26

                 By      /s/ Alfred C. Pfeiffer, Jr.
                   Alfred C. Pfeiffer

27

                   Attorneys for Defendant
APPLE INC.

28

SF\676552