| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
| |   Daniel M. Wall (Bar No. 102580) |
| 2 |   Christopher S. Yates (Bar No. 161273) |
| |   Sadik Huseny (Bar No. 224659) |
| 3 | 505 Montgomery Street, Suite 2000 |
| | San Francisco, California 94111-6538 |
| 4 | Telephone: (415) 391-0600 |
| | Facsimile: (415) 395-8095 |
| 5 | Email: Dan.Wall@lw.com |
| | Email: Chris.Yates@lw.com |
| 6 | Email: Sadik.Huseny@lw.com |
| 7 | Attorneys for Defendant |
| | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | CASE NO. C 11-06714-YGR<br>RELATED CASE NO. C 07-05152-JW<br><br>**MOTION FOR ADMINISTRATIVE RELIEF TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**<br><br>The Honorable Yvonne Gonzalez Rogers |
| ZACK WARD and THOMAS BUCHAR, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>APPLE INC.,<br><br>        Defendant. | CASE NO. C 12-05404-JCS<br><br><br><br>Courtroom G, 15th Floor<br>Magistrate Judge Joseph C. Spero |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

APPLE'S MOTION FOR ADMINISTRATIVE RELIEF TO
CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NUMBER: C 11-06714-YGR

1 **TO THE COURT AND ALL PARTIES OF RECORD:**

2 PLEASE TAKE NOTICE that Defendant Apple Inc. ("Apple") hereby moves this Court
3 to consider whether *Ward, et al. v. Apple Inc.,* Case No. 3:12-cv-05404-JCS, filed in the United
4 States District Court, Northern District of California (San Francisco Division) should be related
5 to this case.

6 The recently filed *Ward* action is an antitrust action brought against Apple on behalf of
7 purchasers of the iPhone and alleges that Apple conspired with AT&T Mobility LLC to
8 monopolize the claimed iPhone Voice and Data Services Aftermarket, in violation of section 2 of
9 the Sherman Antitrust Act, 15 U.S.C. § 2. The exact same claim is pleaded in this case, *In re*
10 *Apple iPhone Antitrust Litigation.*[1] In fact, prior to his retirement Judge Ware issued an Order
11 holding that AT&T Mobility LLC is an indispensable party and must be joined if a Voice and
12 Data Services Aftermarket claim is pursued:

> The Court ORDERS that ATTM be made a party to this action.
> [fn. This Order is not intended to *require* that Plaintiffs maintain
> claims based on an alleged voice and data services aftermarket.
> Instead, it holds that insofar as Plaintiffs wish to maintain such
> claims, ATTM must be added as a party.]

17 *In re Apple iPhone Antitrust Litig.*, No. C 11-06714 JW, 2012 U.S. Dist. LEXIS 97105, at *33-
18 34 & n.29 (N.D. Cal. July 11, 2012). Setting aside the failure to comply with Judge Ware's
19 Order to name AT&T Mobility LLC as a defendant (the plaintiffs in *Ward* are represented by the
20 same counsel as the plaintiffs in this case), it is plain that the *Ward* case is a copycat suit,
21 virtually identical to *In re Apple iPhone Antitrust Litigation*. The cases involve substantially the
22 same transactions or events and many of the same legal and factual issues within the meaning of
23 Civil Local Rule 3-12. For example, substantially identical versions of the following paragraphs
24 in the *Ward* complaint appear in the *In re Apple iPhone Antitrust Litigation* complaint: *Compare*

---

[1] *In re Apple iPhone Antitrust Litigation* was related to another case, *In re Apple & AT&TM Antitrust Litigation*, Case No. C 07-05152-JW; the latter case is stayed pending arbitration. Dkt. 553; *In re Apple & AT&TM Antitrust Litig.*, 826 F. Supp. 2d 1168, 1179 (N.D. Cal. 2011).

1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

APPLE'S MOTION FOR ADMINISTRATIVE RELIEF TO
CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NUMBER: C 11-06714-YGR

1  *Ward* ¶¶ 16-39 *with Apple iPhone* ¶¶ 25-49; *compare Ward* ¶¶ 40-53 *with Apple iPhone* ¶¶ 52-
2  65; *compare Ward* ¶¶ 55-57 *with Apple iPhone* ¶¶ 71-73; *compare Ward* ¶ 71 *with Apple iPhone*
3  ¶ 87; *compare Ward* ¶¶ 72-77 *with Apple iPhone* ¶¶ 100-105.  It is therefore likely that there
4  would be "unduly burdensome duplication of labor and expense" or conflicting results if the
5  cases are conducted before different Judges.  *See* Civil L.R. 3-12(a)(1) and (2).  Relating the case
6  and placing them under the supervision of one Judge will save the Court and the parties
7  significant costs and may facilitate and expedite the cases.

8  Therefore, Apple requests the Court, in the low-numbered *In re Apple iPhone Antitrust*
9  *Litigation*, enter an Order relating the antitrust actions listed above to each other and reassigning
10 the *Ward* action to Judge Gonzalez Rogers.

11 Dated:  November 2, 2012                    Respectfully submitted,

12                                              LATHAM & WATKINS LLP
                                                Daniel M. Wall
13                                              Christopher S. Yates
                                                Sadik Huseny
14

15
                                             By    /s/ Christopher S. Yates
16                                              Christopher S. Yates
                                                Attorneys for Defendant APPLE INC.
17
   SF\1093620
18

2

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

APPLE'S MOTION FOR ADMINISTRATIVE RELIEF TO
CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NUMBER: C 11-06714-YGR