LATHAM & WATKINS LLP
   Daniel M. Wall (Bar No. 102580)
   Christopher S. Yates (Bar No. 161273 )
   Sadik Huseny (Bar No. 224659)
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone:  (415) 391-0600
Facsimile:  (415) 395-8095
Email:   Dan.Wall@lw.com
Email:   Chris.Yates@lw.com
Email:   Sadik.Huseny@lw.com

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE iPHONE ANTITRUST LITIGATION | CASE NO. C 11-06714 YGR<br>RELATED CASE NO. C 07-05152-JW<br><br>**DEFENDANT APPLE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT**<br><br>Date:    December 18, 2012<br>Time:   2:00 PM<br>Place:  Courtroom TBD<br><br>Judge:  Honorable Yvonne Gonzalez Rogers |

1   Defendant Apple Inc. ("Apple") hereby respectfully requests that the Court take judicial
2  notice of the materials set forth below in its determination of Apple's Motion to Dismiss
3  Plaintiffs' Amended Consolidated Class Action Complaint ("Complaint").  Judicial notice is
4  proper because, in making allegations regarding applications ("Apps") for the Apple iPhone,
5  Plaintiffs' Complaint refers to, necessarily relies on and/or purports to summarize Apple press
6  releases regarding Apps, but Plaintiffs do not attach these press releases to the Complaint.
7  Judicial notice of these press releases completes the picture.

## I.     LEGAL STANDARD

In analyzing motions to dismiss under Federal Rule of Civil Procedure 12, a court is not bound by or limited only to the allegations of a complaint, but may take into consideration documents referenced or relied on in the complaint under the "incorporation by reference" doctrine. *Busey v. P.W. Supermarkets, Inc.,* 368 F. Supp. 2d 1045, 1049 (N.D. Cal. 2005) ("the court may consider a document not attached to the complaint if the complaint specifically refers to it and its authenticity is not questioned"); *see also Yang v. Dar Al-Handash Consultants*, 250 Fed. Appx. 771, 772 (9th Cir. 2007) (holding that a court need not "blindly accept the allegations in the pleadings as true if these allegations are contradicted by uncontested facts set forth in (1) exhibits to the non-moving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that are included in materials that can be judicially noticed").

The "incorporation by reference" doctrine extends to documents necessarily relied on in the complaint, even if the contents of such are not explicitly alleged or referenced in the complaint. *See, e.g., Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by reference doctrine permits the court to "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," and extends to "situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint"); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998).

1  Courts need not accept as true any allegations in a complaint that are contradicted by
2  matters subject to judicial notice or incorporated by reference.  *See, e.g., Sprewell v. Golden State*
3  *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not . . . accept as true allegations
4  that contradict matters properly subject to judicial notice or by exhibit."); *Steckman v. Hart*
5  *Brewing*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (court "not required to accept as true conclusory
6  allegations which are contradicted by documents referred to in the complaint").  The policy
7  underlying these rules is to prevent plaintiffs from insulating complaints against motions to
8  dismiss by artful pleading.  *See, e.g., Parrino,* 146 F.3d at 705-06 (policy aimed at "[p]reventing
9  plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents
10 upon which their claims are based"); *Kramer v. Time Warner, Inc*., 937 F.2d 767, 774 (2d Cir.
11 1991) ("Were courts to refrain from considering such documents, complaints that quoted only
12 selected and misleading portions of such documents could not be dismissed under Rule 12(b)(6)
13 even though they would be doomed to failure.").

## II.   BASIS FOR REQUEST

Under these principles, and as discussed below, the Court may properly consider press releases referred to or relied on in Plaintiffs' Complaint in deciding the instant motion to dismiss, without converting it into a motion for summary judgment.

Plaintiffs allege that Apple "violated section 2 of the Sherman Act by monopolizing or attempting to monopolize the software applications aftermarket for iPhones" because "Apple refused to 'approve' any application by a developer who did not pay the annual [$99] fee or agree to Apple's [revenue] apportionment scheme."  Compl. ¶¶ 5, 11, 50.  In their Complaint, Plaintiffs summarize portions of Apple's March 6, 2008 press release regarding Apps:

> In March 2008, Apple released a "software development kit" ("SDK") for the stated purpose of enabling independent software developers to design applications for use on the iPhone. For an annual fee of $99, the SDK allows developers to submit applications to be distributed through Apple's applications market, the "iTunes App Store." If the application is not made available for free in the App Store, Apple collects 30% of the sale of each application, with the developer receiving the remaining 70%.

Compl. ¶ 5.  Plaintiffs also reference Apple's March 5, 2012 press release regarding the number of

1   Apps that have been purchased or downloaded for free. *Id.* ¶ 76.

2       The Court may properly consider these two press releases under the "incorporation by
3   reference" doctrine in assessing the adequacy of Plaintiffs' claims. *See, e.g., Knievel*, 393 F.3d at
4   1076-77 (considering nine web pages "surrounding" alleged defamatory photograph under
5   "incorporation by reference" doctrine); *Fecht v. The Price Co.*, 70 F.3d 1078, 1080 & n.1 (9th Cir.
6   1995) (where plaintiffs alleged misleading statements or omissions, affirming grant of judicial
7   notice and consideration of full text of defendants' statements in corporate disclosure documents);
8   *Curry v. CTB McGraw-Hill, LLC*, No. C 05-04003 JW, 2006 U.S. Dist. LEXIS 5920, at *10 & n.1
9   (N.D. Cal. Jan. 30, 2006) (granting judicial notice as to ERISA pension and welfare benefit plans
10  referenced in complaint); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1113 (N.D.
11  Cal. 2003) (where plaintiffs "referred explicitly and implicitly to many press releases and SEC
12  filings in the Complaint," taking judicial notice of such documents in analyzing "contentions of
13  misrepresentation or omission of material facts"); *Aligo v. Time-Life Books, Inc.*, No. C 94-20707
14  JW, 1994 U.S. Dist. LEXIS 21559, at *4-5 (N.D. Cal. Dec. 19, 1994) (in misappropriation of
15  likeness case, taking judicial notice of Rolling Stone magazine and videotape of infomercial
16  referenced in complaint).[1]

17  **III.    REQUEST FOR JUDICIAL NOTICE – SPECIFIC DOCUMENTS**

18      In light of the above, Apple requests that the Court take judicial notice of each of the
19  following documents:

20    1. *Apple Announces iPhone 2.0 Software Beta*, March 6, 2008 Apple Press Release, summarized in part at Complt. ¶¶ 5-6 and available at
21    https://www.apple.com/pr/library/2008/03/06Apple-Announces-iPhone-2-0-Software-Beta.html.  A true and correct copy of this document is attached
22    hereto as Exhibit 1.

23    2. *Apple's App Store Downloads Top 25 Billion*, March 5, 2012 Apple Press Release, available at https://www.apple.com/pr/library/2012/03/05Apples-

---

[1] *See also In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (affirming district court's consideration of full text of prospectus, in assessing motion to dismiss); *Heath v. AT&T Corp.*, No. C-05-0719 VRW, 2005 U.S. Dist. LEXIS 34334, at *4-5 (N.D. Cal. Sept. 12, 2005) (considering various employment dispute documents relied on in complaint and attached to motion to dismiss); *In re 3Com Corp. Sec. Litig,* [1999 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 90,522, p. 92,578 (N.D. 1999)  (taking judicial notice of SEC filings, historical closing stock prices and accounting principles referenced in complaint in assessing motion to dismiss).

1 App-Store-Downloads-Top-25-Billion.html. A true and correct copy of this document is attached hereto as <u>Exhibit 2</u>.

## IV. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court take judicial notice of the documents referenced above in its determination of Apple's Motion to Dismiss Plaintiffs' Amended Consolidated Class Action Complaint.

Dated: November 2, 2012

Respectfully submitted,

LATHAM & WATKINS LLP

By   /s/ Daniel M. Wall
　　　Daniel M. Wall
　　　Attorneys for Defendant APPLE INC.

SF\1197851