

RECEIVED

MAY 23 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# IN RE APPLE IPHONE ANTITRUST LITIGATION

Case No. 11-cv-06714-YGR

United States District Court

Northern District of California

IN RE APPLE IPHONE ANTITRUST LITIGATION,
ROBERT PEPPER; STEPHEN H. SCHWARTZ;
EDWARD W. HAYTER; ERIC TERRELL,
Plaintiffs

v.

APPLE INC.,
Defendant

## BRIEF FOR AMICUS CURIAE PUBLIC DOMAIN INTERESTS IN SUPPORT OF DEFENDANT

# BRIEF FOR AMICUS CURIAE PUBLIC DOMAIN INTERESTS IN SUPPORT OF DEFENDANT

Amicus Curiae Rudolf J. Friederich is, and has been, an owner and user of numerous computer devices sold by Apple Inc., to include iPhones, iPads and Mac computers. Amicus Curiae Rudolf J. Friederich is and has been a downloader and user of numerous applications ('apps') from the Apple Store on all of the above computer devices. This places Amicus Curiae Rudolf J. Friederich in the same *locus standi* category as the Plaintiffs in the above styled civil case. Further, Amicus Curiae Rudolf J. Friederich has no vested interest whatsoever in Apple Inc. other than as an owner and user of their computer devices and apps.

Not a day seems to go by in which the general public does not learn of some critical data breach or other cybersecurity nightmare. Computer device manufacturers and software developers are constantly deluged with complaints and allegations of a failure to 'bake in' adequate security for their products and services.

Apple Inc., in comparison to Google LLC for example, has done a far superior job in securing the computer devices using the iOS and MacOS operating systems precisely because Apple Inc. has maintained a tighter control on iOS and MacOS apps. Said iOS and MacOS apps are required to undergo a fairly rigorous multi-faceted analysis, to include security, prior to being accepted for further distribution within the Apple Store. Cyberattacks and compromises on Apple Inc. computer devices which have not been 'jailbroken', particularly those computer devices within the iOS ecosystem, are quite rare. This has had a substantive positive security benefit for computer devices users.

Forcing Apple Inc. to relinquish its tight control of MacOS and iOS apps will have a significant negative effect on user cybersecurity. The most appalling negative cybersecurity effect for a member of the general public is the downloading of malicious software ('malware') which can lead to the emptying out a user's bank account to the benefit of cybercriminals. Malicious apps, most especially those not found in an official app store such as the Apple Store and Google Play, are currently a primary current attack vector by cybercriminals and cyberespionage

groups. The incidence of malicious apps found in the Apple Store appears to be far lower than those found in, for example, Google Play.

As Apple Inc. does a far superior job in the integrity and security of the apps it allows into the Apple Store, this current practice has been of immense benefit to the cybersecurity of the general public. In an age of incessant cyberattacks, and increasingly these attacks are on mobile computer devices, instead of stripping Apple Inc. of its ability to tightly control the iOS apps distribution market, Apple Inc. should be commended. The most vulnerable general public users – the elderly, the less well educated and the non-cybersecurity savvy – are the ones who most benefit from the iOS apps distribution system just as it is.

It is a certainty that if Apple Inc. is stripped of its tight control of iOS apps that consumers and users worldwide of Apple Inc. computer devices will suffer increased cybercrime and fraud attacks at a time in history when such protections are most needed. To undermine the security of the iOS and MacOS ecosystem at this critical time in history will be a great disservice to Apple Inc. consumers and users worldwide. The security benefits which accrue to the general public worldwide from Apple Inc.'s apps distribution system far outweigh any harm caused by the alleged price fixing.

Submitted.

*Rudolf J. Friederich*

Rudolf J. Friederich
P.O. Box 3515
Manassas, VA 20108

Amicus Curiae Rudolf J. Friederich is unable to ascertain from Internet searches exactly who the counsel of record is for either the Plaintiff or the Defendant.