| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
| |    Daniel M. Wall (Bar No. 102580) |
| 2 |    Christopher S. Yates (Bar No. 161273) |
| |    Sadik Huseny (Bar No. 224659) |
| 3 |    Aaron T. Chiu (Bar No. 287788) |
| | 505 Montgomery Street, Suite 2000 |
| 4 | San Francisco, California 94111-6538 |
| | Telephone: (415) 391-0600 |
| 5 | Facsimile: (415) 395-8095 |
| | Dan.Wall@lw.com |
| 6 | Chris.Yates@lw.com |
| | Sadik.Huseny@lw.com |
| 7 | Aaron.Chiu@lw.com |
| 8 | Attorneys for Defendant |
| | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | CASE NO. 4:11-cv-06714-YGR |
| | **DEFENDANT APPLE INC.'S RESPONSE TO JUNE 7, 2019 ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12** |
| | The Honorable Yvonne Gonzalez Rogers |
| ROBERT PEPPER, on behalf of himself and all others similarly situated, | |
|          Plaintiffs, | |
|   v. | |
| APPLE INC., | |
|          Defendant. | |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

APPLE'S RESPONSE TO ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 4:11-CV-06714-YGR

Pursuant to Civil Local Rules 3-12 and 7-11, Defendant Apple Inc. ("Apple") submits this response to Plaintiffs' Administrative Motion to consider whether the following actions should be related: *In re iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR (N.D. Cal. 2011) (the "*Pepper* Action") and *Lawrence v. Apple Inc.*, Case No. 3:19-cv-02852-WHA (N.D. Cal. 2019) (the "*Lawrence* Action").

Apple agrees that the *Pepper* and *Lawrence* Actions satisfy the requisite standards under Local Rule 3-12 to be related and should be related, and therefore does not oppose Plaintiffs' Motion. Apple files this brief Response, however, to notify the Court of two related issues.

First, Plaintiffs have indicated that they will move the Ninth Circuit to reassign the *Pepper* Action to another District Court once the Supreme Court issues the mandate and remands the *Pepper* Action to the Ninth Circuit, which—depending on when and how that matter is decided—may therefore affect whether this Court or another is the "the Judge in this District who is assigned to the lowest-numbered case." Civ. L.R. 3-12. In the currently-related *Ward v. Apple* case, Plaintiffs' counsel represented to the Ninth Circuit their intent to do so in a recent filing:

> The Supreme Court recently effectively reversed the District Court yet again in the related action, *In re Apple iPhone Antitrust Litig.*, Case No. 4:11-cv-06741-YGR, pending before the same District Court judge. Plaintiffs in that action have requested [sic] this Court to reassign that action to a different District Court judge once the Supreme Court issues its mandate. Both cases, which are deemed related on the District Court's docket, should be reassigned together as related cases.

Reply Brief of Plaintiff-Petitioner at 25 n. 13, *Ward v. Apple Inc.*, No. 18-16016 (9th Cir. 2018). Although Plaintiffs' counsel told the Ninth Circuit in *Ward* that they have already requested that the Ninth Circuit reassign the *Pepper* Action, they have not in fact done so because the *Pepper* Action remains, jurisdictionally, before the Supreme Court. Apple is thus left to guess what Plaintiffs' basis for seeking reassignment will be, but does not believe that Plaintiffs' approach has any merit or is made in good faith, and will oppose such a request for reassignment.

Second, the Court should be aware of another case recently field in this district— *Cameron v. Apple Inc.*, No. 4:19-cv-03074-WHA (N.D. Cal. 2019) (the "*Cameron* Action").

1

The *Cameron* Action was filed by a putative class of iOS app developers against Apple. It also alleges claims of monopolization and attempted monopolization under Section 2 of the Sherman Act, 15 U.S.C. § 2, in the market for iPhone and iOS app distribution services, and seeks damages from Apple's 30% commission on paid apps that the consumer plaintiffs in the *Pepper* Action (and the *Lawrence* Action) seek to recover. *Compare Pepper* Am. Class Action Compl., Dkt. 111 ¶ 8 (alleging that "Apple … corner[ed] the distribution market for iPhone applications and charg[ed] consumers an extra 30% for every app"), *with* Compl., *Cameron* Action, Dkt. 1 ¶¶ 2, 3 (alleging that "Apple attained monopoly power in the U.S. market for iOS app and in-app-product distribution services," and "Apple's market power has allowed it to charge developers a supra-competitive 30% commission of the sale of paid apps and in-app products"). Like the *Lawrence* Action, the *Cameron* Action asserts identical monopolization claims that involve the same defendant, transactions, and events, and thus satisfies the requisite standards to qualify as a related case. Apple will therefore be moving separately for this Court to consider whether the *Cameron* Action should also be related to the *Pepper* Action, pending information from plaintiffs in the *Pepper* Action and in the *Cameron* Action as to whether they agree to such relation.

Dated: June 11, 2019

Respectfully submitted,

LATHAM & WATKINS LLP

By \_\_\_\_\_/s/ *Sadik Huseny*_____
     Sadik Huseny
     Attorneys for Defendant
     APPLE INC.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

APPLE'S RESPONSE TO ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 4:11-CV-06714-YGR