THEODORE J. BOUTROUS, JR. (SBN 132099)
tboutrous@gibsondunn.com
RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
MELISSA PHAN (SBN 266880) (admission pending)
mphan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice* forthcoming)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | CASE NO. 4:11-cv-06714-YGR<br>RELATED CASE NOS. 4:19-cv-02852-YGR (*Lawrence v. Apple*) and 4:12-cv-05404-YGR (*Ward v. Apple*)<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**<br><br>The Honorable Yvonne Gonzalez Rogers |
| ROBERT PEPPER, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | CASE NO. 4:11-cv-06714-YGR |

Pursuant to Civil Local Rules 3-12 and 7-11, Defendant Apple Inc. ("Apple") respectfully submits this Administrative Motion to consider whether the following actions should be related: *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR (N.D. Cal.) ("*Pepper*") and *Cameron v. Apple Inc.*, No. 3:19-cv-03074-WHA (N.D. Cal.) ("*Cameron*").

Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  A party that knows or believes that an action may be related to another action that is or was pending in this District "must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11."  Civil L.R. 3-12(b).  That motion must include "(1) [t]he title and case number of each apparently related case; [and] (2) [a] brief statement of the relationship of the actions according to the criteria set forth in Civil L.R. 3-12(a)."  Civil L.R. 3-12(d).

The newly filed *Cameron* action is related to the *Pepper* action.

*First*, *Pepper* and *Cameron* "concern substantially the same parties, property, transaction or event." Civil L.R. 3-12(a)(2)(1).  The *Pepper* plaintiffs are consumers who allegedly purchased iOS apps from the App Store.  Decl. of Daniel G. Swanson in Supp. of Mot. to Consider Whether Cases Should Be Related ("Swanson Decl.") Ex. B ("*Pepper* SAC") ¶ 1.  The *Cameron* plaintiffs are app developers that allegedly distribute their products to consumers through the App Store. *Cameron* Compl. ¶ 1.  Both lawsuits hinge on allegations that (1) Apple engaged in the anticompetitive practice of maintaining the App Store as the exclusive distribution ecosystem for iOS apps, *see, e.g.*, *Pepper* SAC ¶¶ 5-8, 14; Swanson Decl. Ex. A ("*Cameron* Compl.") ¶¶ 2, 27, and (2) Apple's 30% commission on each paid app sold is supracompetitive, *see, e.g.*, *Pepper* SAC ¶¶ 6-8, 14; *Cameron* Compl. ¶¶ 3, 4, 33.  Both sets of plaintiffs allege monopolization and attempted monopolization under Section 2 of the Sherman Act, 15 U.S.C. § 2, *see Pepper* SAC ¶¶ 70-80; *Cameron* Compl. ¶¶ 118-40, and seek injunctive relief restructuring the manner in which iOS apps are purchased, *see Pepper* SAC at 16 (Prayer for Relief); *Cameron* Compl. at 45-46

1

1  (Prayer for Relief).

2  To be sure, these cases relate even though the two lawsuits are brought by different putative
3  classes of plaintiffs (consumers and developers). The *Pepper* plaintiffs seek damages resulting
4  from Apple's 30% commission, alleging that they are entitled to damages for the difference
5  between the sales price and the competitive price. *See, e.g.*, *Pepper* SAC at 16 (Prayer for Relief);
6  *id.* ¶¶ 15, 41, 45, 79. The *Cameron* plaintiffs likewise seek damages stemming from the
7  commission and also allege they are entitled to lost profits they could have earned in a competitive
8  market that lacks the purportedly supracompetitive commission. *See, e.g.*, *Cameron* Compl. ¶¶ 22,
9  38. Despite slight differences, both damages theories are based on the same claimed factual
10 predicate: the structure of the App Store and the 30% commission. *See, e.g.*, *Pepper* SAC ¶ 4;
11 *Cameron* Compl. ¶ 22.

12  Further, the cases are related even though the *Cameron* plaintiffs assert an alternative
13 "monopsony" theory of harm on behalf of app developers—that theory also centers on the
14 operation of the App Store and the allegedly supracompetitive 30% commission. *Cameron* Compl.
15 ¶ 22. As the Court in *Pepper* explained, multiple suits based on the same course of conduct "are
16 not atypical when the intermediary in a distribution chain is a bottleneck monopolist or
17 monopsonist (or both) between the manufacturer on the one end and the consumer on the other
18 end." *Apple Inc. v. Pepper*, 139 S. Ct. 1514, 1525 (2019); *see also Weyerhaeuser Co. v. Ross-*
19 *Simmons Hardwood Lumber Co.*, 549 U.S. 312, 322 (2007) (monopsony is the "mirror image" of
20 monopoly). Moreover, where, as here, Apple operates as a platform in a two-sided market,
21 "focus[ing] on only one side of the two-sided . . . market" would "miss[] the mark." *Ohio v. Am.*
22 *Express. Co.*, 138 S. Ct. 2274, 2287 (2018).

23  Regardless, nothing in Civil Local Rule 3-12 requires cases to contain *identical* allegations,
24 claims, or theories. *See, e.g.*, *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, Case
25 No. 14-cv-1130, 2015 WL 4452136, at *12 (N.D. Cal. July 20, 2015) (relating cases involving
26 "substantially the same matter" despite "slightly differing parties" and "a differing underlying
27 FOIA request"); *In re Leapfrog Enters., Inc. Sec. Litig.*, Case No. 03-cv-5421, 2005 WL 5327775,
28

2

at *1 (N.D. Cal. July 5, 2005) (relating cases involving different plaintiffs that "name the same defendants, make similar factual allegations, and seek redress for violation of the same sections of the Securities and Exchange Act"). Rather, the rule requires substantial similarities. Indeed, *Pepper* and *Ward v. Apple* have already been related before this Court, despite the differences between the two. *See* Dkt. 92 (Related Case Order). *Ward* involves antitrust claims relating to Apple's decision to initially offer the iPhone in the United States exclusively with AT&T Mobility voice and data services. If *Ward* relates to *Pepper*, then *Cameron* relates as well—*Pepper* and *Cameron* involve allegations against the same defendant (Apple) over the same conduct (App Store structure and commission).

*Second*, relating these cases would avoid "an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(2). This Court has presided over *Pepper* for nearly seven years and is familiar with the legal and factual issues surrounding the plaintiffs' claims. *See, e.g.*, Dkt. 78 (Order Reassigning Case to the Court); Dkt. 124 (Order Granting Motion to Dismiss). The legal arguments raised in each case will be substantially similar. Given the time and effort that the Court has already expended in assessing similar legal claims premised on a shared factual predicate, relating *Pepper* and *Cameron* would conserve judicial resources.[1] A different court in this District would lack this Court's familiarity and expertise with the cases' common facts and law, and separate litigations would require the other court to needlessly duplicate previous judicial efforts.

Moreover, discovery sought by the *Pepper* and *Cameron* plaintiffs (as well as Apple) will overlap extensively and thus relation will reduce unduly burdensome duplication of labor and expense for the parties. Plaintiffs will presumably seek substantially similar discovery into market conditions, barriers to entry, the 30% commission, the costs associated with operating the App Store, and the business justifications for Apple's business model, just to provide a few examples. And because both plaintiff groups will seek damages stemming from the 30% commission and

---

[1] Plaintiffs filed a motion in the Ninth Circuit to reassign *Pepper* to a different District Court judge upon remand. *See* Plaintiffs-Appellants' Motion for Reassignment of District Court Judge on Remand, *Pepper v. Apple Inc.*, No. 14-15000 (9th Cir. 2019). However, reassignment is wholly unwarranted, and Apple intends to vigorously oppose plaintiffs' motion.

3

injunctive relief restructuring the manner in which iOS apps are purchased, there is a substantial risk of inconsistent rulings and otherwise duplicative recoveries should these actions be permitted to proceed before different judges.  As the dissent noted in *Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019), the "plaintiffs [in *Pepper*] have … acknowledge[ed] that because 'there is only one 30% markup,' any claim by the developers against Apple would necessarily be seeking 'a piece of the same 30% pie.'"  *Id*. at 1529 n.3 (Gorsuch, J., dissenting).[2]

Because both *Pepper* and *Cameron* center on the App Store's structure and Apple's commission for app sales, and because the Court is already familiar with many of the legal and factual issues implicated in both cases, Apple respectfully requests that this Court enter an order relating *Pepper* and *Cameron* and reassigning *Cameron* to this Court.

Dated:  June 21, 2019

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By /s/ Daniel G. Swanson
Theodore J. Boutrous, Jr.
Richard J. Doren
Daniel G. Swanson
Cynthia E. Richman
Melissa Phan

Attorneys for Defendant APPLE INC.

---

[2]  Given this "risk of duplicative damages," it remains to be seen whether additional integration efforts such as coordination, joinder, or consolidation are merited. *See Pepper*, 139 S. Ct. at 1529 (Gorsuch, J., dissenting); Fed. R. Civ. P. 19(a)(1)(B).

| | |
|---|---|
| 1 | |
| 2 | THEODORE J. BOUTROUS, JR. (SBN 132099)<br>tboutrous@gibsondunn.com |
| 3 | RICHARD J. DOREN (SBN 124666)<br>rdoren@gibsondunn.com |
| 4 | DANIEL G. SWANSON (SBN 116556)<br>dswanson@gibsondunn.com |
| 5 | MELISSA PHAN (SBN 266880) (admission pending)<br>mphan@gibsondunn.com |
| 6 | GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue |
| 7 | Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000 |
| 8 | Facsimile: 213.229.7520 |
| 9 | CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice* forthcoming)<br>crichman@gibsondunn.com |
| 10 | GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W. |
| 11 | Washington, DC 20036-5306<br>Telephone: 202.955.8500 |
| 12 | Facsimile: 202.467.0539 |
| 13 | Attorneys for Defendant APPLE INC. |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | CASE NO. 4:11-cv-06714-YGR<br>RELATED CASE NOS. 3:19-cv-02852-YGR (*Lawrence v. Apple*) and 4:12-cv-05404-YGR (*Ward v. Apple*)<br><br>**CERTIFICATE OF SERVICE**<br><br>The Honorable Yvonne Gonzalez Rogers |
| ROBERT PEPPER, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | CASE NO. 4:11-cv-06714-YGR |

5

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 333 South Grand Avenue Los Angeles, CA 90071-3197.

On **June 21, 2019**, I caused the following documents to be served:

- **DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**

- **DECLARATION OF DANIEL G. SWANSON IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**

- **[PROPOSED] ORDER GRANTING DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**

via the CM/ECF System on June 21, 2019 to the parties who are registered participants of the CM/ECF System in this case and via U.S. mail to counsel of record for plaintiffs in the potentially related case *Cameron v. Apple Inc.*, No. 3:19-cv-03074-WHA (N.D. Cal.):

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
206-623-7292
Fax: 206-623-0594
Email: steve@hbsslaw.com

Robert F Lopez
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue
Suite 2000
Seattle, WA 98101
206-623-7292
Fax: 206-623-0594
Email: robl@hbsslaw.com

Shana E. Scarlett
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
(510) 725-3000
Fax: (510) 725-3001
Email: shanas@hbsslaw.com

*Counsel for Donald R. Cameron and Pure Sweat Basketball, Inc.*

I declare under penalty of perjury that the foregoing is true and correct and that this

1 | declaration was executed on June 21, 2019 at St. Gallen, Switzerland.

/s/ Daniel G. Swanson
Daniel G. Swanson

7