RACHELE R. BYRD (190634)
byrd@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
MATTHEW M. GUINEY (*pro hac vice*)
guiney@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212/545-4677

*Plaintiffs' Interim Class Counsel*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE iPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12**<br><br>JUDGE:   Hon. Yvonne Gonzalez Rogers<br>CTRM:    1 – 4th Floor |

Plaintiffs Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, and Eric Terrell (the "Plaintiffs"), by and through their undersigned attorneys, hereby submit their response to Apple's administrative motion to relate *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR (N.D. Cal.) ("*Pepper*") and *Sermons v. Apple Inc.*, No. 3:19-cv-03796-WHA (N.D. Cal.) ("*Sermons*") (ECF No. 163).

The newly filed *Sermons* action is not related to the *Pepper* action for the same reasons that *Cameron v. Apple* is not related to *Pepper*. *See e.g.*, ECF No. 153 (Plaintiffs' response to Apple's motion to relate *Cameron* and *Pepper*); ECF No. 159 (Plaintiffs' supplemental brief). Plaintiffs incorporate these arguments by reference and provide a brief summary of these arguments below.

*First*, the parties in both actions are **not** the same, nor are the claims, the relevant markets, or the impact and damages the same. In *Pepper*, as the Supreme Court recently recognized,[1] Plaintiffs and the members of the proposed class are **consumers** who **bought** apps from Apple and paid supra-competitive prices for the apps as a result of Apple's monopolization of the market for the sale of iPhone apps. In *Pepper*, Plaintiffs seek treble damages for the difference between the prices they paid to Apple for **the apps** in the monopolized market and the prices they would have paid for the apps in a competitive market (*i.e.*, absent Apple's monopolization of that market). In *Sermons*, on the other hand, the plaintiffs and the members of the proposed class who are apps developers seek **lost profits** that they could have earned in a competitive retail market. Therefore, the two plaintiff groups' theories of harm and damages differ.

*Second*, the *Pepper* action has a long history. The parties have briefed **four** motions to dismiss and a motion to compel arbitration. The *Pepper* action was filed on December 29, 2011 — 7 1/2 years ago — while the *Sermons* action was filed less than one month ago, on June 28, 2019. The class period in *Pepper* is December 29, 2007 to the present, spanning 11 1/2 years. The class period in *Sermons* is not specified, but the complaint contains no allegations that the

---

[1] *See Apple Inc. v. Pepper, et al.*, 139 S. Ct. 1514 (2019).

1  statute of limitations has been tolled, and therefore, presumably, the class period will likely not
2  extend back beyond 2015.

3      *Lastly*, to the extent relating *Sermons* to *Pepper* means that the two cases will be
4  coordinated or consolidated, the *Pepper* Plaintiffs will suffer prejudice due to the delay that will
5  necessarily occur. The Court and parties in *Sermons* will need to relate, consolidate, and appoint
6  interim lead counsel for the multiple cases filed by apps developers,[2] then litigation will likely
7  ensue over the sufficiency of the pleadings before discovery commences. Moreover, given
8  Apple's propensity to appeal every adverse ruling, the case may be tied up in appeals for years
9  thereafter, as the *Pepper* case has been. The *Pepper* Plaintiffs have already spent **years** on these
10 matters and, once their case has been remanded to the District Court, discovery will finally begin.
11 Their case should not be delayed even further by being coordinated or consolidated with cases
12 filed by apps developers that do not share enough similarities to provide countervailing
13 efficiencies. While the discovery to be taken and produced may overlap somewhat, this overlap
14 does not provide a sufficient reason to further delay *Pepper*. The plaintiffs in *Sermons* can simply,
15 at the appropriate time, ask Apple to produce whatever discovery it produced in *Pepper*.

17 DATED: July 26, 2019      **WOLF HALDENSTEIN ADLER**
          **FREEMAN & HERZ LLP**

19         */s/ Mark C. Rifkin*
        MARK C. RIFKIN

MARK C. RIFKIN
MATTHEW M. GUINEY
270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4677

**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
RACHELE R. BYRD

---

[2] So far, at least one other case has been filed against Apple by apps developers alleging the same claims as those alleged in *Sermon*: *Cameron v. Apple Inc.*, No. 3:19-cv-03074 (N.D. Cal.).

|   |   |
|---|---|
| 1 | |
| 2 | 750 B Street, Suite 1820 |
|   | San Diego, CA 92101 |
|   | Telephone: 619/239-4599 |
|   | Facsimile: 619/234-4599 |

*Plaintiffs' Interim Class Counsel*

APPLE2:25764v2