United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT PEPPER, ET AL.,**<br>Plaintiffs**,**<br>vs.<br>**APPLE INC.,**<br>Defendant**.** | CASE NO. 11-cv-06714-YGR<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO RELATE CASES**<br><br>Re: Dkt. Nos. 150, 163 |
| **DONALD R. CAMERON, ET AL.,**<br>Plaintiffs**,**<br>vs.<br>**APPLE INC.,**<br>Defendant**.** | CASE NO. 19-cv-03074-WHA |
| **BERRY SERMONS,**<br>Plaintiff**,**<br>vs.<br>**APPLE INC.,**<br>Defendant**.** | CASE NO. 19-cv-03796-WHA |

On August 22, 2019, the Ninth Circuit Court of Appeals issued a mandate in *Robert Pepper v. Apple, Inc.*, Case No. 11-cv-06714.

Currently pending before the Court are two Administrative Motions by defendant Apple Inc.'s to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 3-12, namely *Cameron v. Apple, Inc.*, Case No. 19-cv-03074-WHA ("*Cameron*") and *Sermons v. Apple, Inc.*, Case No. 19-cv-03796-WHA ("*Sermons*"). (Dkt. Nos. 150, 163.) Under the Local Rule 3-12(a), "[a]n action is related to another when: **(1)** The actions concern substantially the same parties,

property, transaction or event; and **(2)** It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." The extent to which the instant actions are related is one of degree. The motions are fully briefed. (Dkt. Nos. 150, 152, 153, 160, 161, 163, 164, 165.)

> As the Court previously indicated:
> Here, the defendant in [all three] cases is the same. The plaintiffs differ and their relationship to the defendant also differs. However, each case stems from the use of the exact same technology and the economics regarding that same technology. The time periods overlap, albeit one case is significantly longer than the other [two]. Procedurally, even though one case has a long history, discovery has not begun in any case. Given the Court's understanding of the cases, it also appears that discovery will overlap.

(Dkt. No. 156.) Having reviewed the parties' filings, the Court finds that significant economies exist in terms of case management and resolution of motions inextricably tied to an understanding of the technology, platform markets, and the transactions at issue.

Opposing plaintiffs' arguments against relating *Cameron* and *Sermons* to the *Pepper* action do not persuade. The argument that plaintiffs in *Cameron* and *Sermons* are app developers and therefore the cases do not present substantially similar parties fails. Although plaintiffs' relationships to defendant differ, the alleged breakdown in those relationships, which form the bases of plaintiffs' complaints, center around the same technology and economic structures. Moreover, Local Rule 3-12(a)(1) allows for relation of actions even where plaintiff classes differ, including classes of consumers as opposed to content creators. *See Pecover v. Elec. Arts Inc.*, Case No. 4:08-cv-2820-CW (Dkt. No. 147) (N.D. Cal. Apr. 14, 2010). *Cameron* plaintiffs' argument that the property at issue is not substantially the same similarly fails. Plaintiffs misconstrue the Supreme Court's statement regarding conflicting claims to the common fund. The Court's statement does not, as plaintiffs suggest, mean that the property at issue is not substantially similar. As the Court explained, if the consumer class prevails, "they will be entitled to the *full amount* of the unlawful overcharge that they paid to Apple" as "[t]he overcharge has not been passed on by anyone to anyone." *Apple, Inc. v. Pepper*, 139 S.Ct. 1514, 1525 (2019) (emphasis in original). Further, although the individual transactions addressed by each case are not identical, they are underlined by the same operative facts—Apple's alleged monopolization of

the distribution and sale of iPhone apps.

Plaintiffs' argument that there is no risk of conflicting results if the cases are not related is unpersuasive. Plaintiffs rely on surface differences in the damages theories presented, however as the Court previously noted, courts routinely relate cases in which the theories of damages differ. Moreover, the fact that both sets of plaintiffs seek injunctive relief presents a sufficient risk of inconsistent results to warrant relation.

Finally, relating these actions would, contrary to plaintiffs' argument, avoid unduly burdensome duplication of effort. All three cases are currently in a similar procedural posture and have yet to begin substantial discovery and so efficiency gains will be achieved in discovery. Moreover, given overlap, relating both actions to *Pepper* would prevent unnecessary duplication of *judicial* effort and resources.

For these reasons the Court **GRANTS** Apple's motions to relate the *Cameron* and *Sermons* actions.

The Court also notes the following developments in each case:

- On July 24, 2019, parties in *Sermons* filed a stipulation extending time for Apple to respond to plaintiff's complaint to the later of (i) September 5, 2019; and (ii) 45 days from this Order.
- On July 30, 2019, Apple filed an answer to the second amended consolidated class action complaint in *Pepper*.
- On August 5, 2019, parties in *Cameron* filed a stipulation extending time for Apple to respond to plaintiffs' complaint to September 12, 2019, on which parties in *Cameron* are also scheduled to attend an initial case management conference.
- On August 19, 2019, Apple filed an answer to the initial complaint in related action *Lawrence v. Apple, Inc.*, Case No. 19-cv-02852-YGR.

Accordingly, the Court **SETS** a case management conference in *all cases*, for **September 13, 2019 at 9:00 a.m.** in Courtroom 1 of the Federal Courthouse at 1301 Clay Street in Oakland, California. By no later than **September 6, 2019**, parties in each action shall file an initial case management statement in compliance with Civil Local Rule 16-9.

This Order terminates Docket Numbers 150 and 163.

**IT IS SO ORDERED.**

Dated: August 22, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**