THEODORE J. BOUTROUS JR., SBN 132099
    tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
    rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
    dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

CYNTHIA E RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
    crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile:   202.467.0539

ELI M. LAZARUS, SBN 284082
    elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant, APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Apple iPhone Antitrust Litigation | CASE NO. 4:11-cv-06714-YGR<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING COORDINATION OF DISCOVERY**<br><br>The Honorable Yvonne Gonzalez Rogers |

[Caption continues on the next page]

| | |
|---|---|
| DONALD R. CAMERON, *et al.*, | CASE NO. 4:19-cv-03074-YGR |
| Plaintiffs, | |
| v. | |
| APPLE INC., | |
| Defendant. | |

Plaintiffs in the Related App Store Actions, including Plaintiffs Donald R. Cameron, Pure Sweat Basketball, Inc., and Barry Sermons, plaintiffs in *Cameron, et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR (collectively, "Developer Plaintiffs"); and Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, Edward Lawrence, and Eric Terrell, plaintiffs in *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR (collectively, "Consumer Plaintiffs"); and Defendant Apple Inc. ("Defendant"), (collectively, the "Parties"), by and through their respective counsel, hereby agree as follows:

1. Plaintiffs shall coordinate discovery efforts to minimize expenses and facilitate the orderly and efficient progress of the Related App Store Actions. Consumer Plaintiffs and Developer Plaintiffs shall consult in good faith and engage in reasonable efforts to coordinate discovery and jointly resolve any disputes concerning discovery they are seeking so as to avoid duplication and unnecessary burden. To the extent discovery is served by any Plaintiff, such Plaintiff shall avoid duplicating discovery requests previously served by any other Plaintiffs.

2. Future discovery requests, future responses to discovery requests, and future discovery produced in response to such requests by parties and non-parties in any of the Related App Store Actions shall be served on counsel for all parties in the Related App Store Actions.

3. Witnesses should only be deposed once. All parties in the Related App Store Actions who wish to question a witness should participate in a single deposition. For any Fed. R. Civ. P. 30(b)(1) witness, including a party, or 30(b)(6) designee whose deposition will take place pursuant to notice by both the Consumer Plaintiffs and Developer Plaintiffs, the deposition will be limited to 10 hours and will be completed in a single day or, at the witness's or designee's request, over two consecutive days. For any other witness or designee whose deposition will take place pursuant to notice by one of Apple, the Consumer Plaintiffs, or the Developer Plaintiffs pursuant to Fed. R. Civ. P. 30(b)(1) or 30(b)(6), the witness's or designee's deposition will be limited to one day of seven hours, unless otherwise stipulated or ordered by the Court. If a witness/designee (*i.e.*, the same person) is to testify pursuant to both Fed. R. Civ. P. 30(b)(1) and Fed. R. Civ. P. 30(b)(6), the witness/designee should sit for a single session, with multiple days being scheduled consecutively to the extent possible. The Parties acknowledge that this paragraph does not specify the overall time limit for deposing a person who is to testify pursuant to both Fed. R. Civ. P. 30(b)(1) and Fed. R. Civ. P. 30(b)(6) or for deposing a person whose deposition will take

place pursuant to notice by both Apple and any of the Consumer or Developer Plaintiffs.  The Parties must coordinate regarding deposition noticing and scheduling.

4. All discovery-related meet and confers with Apple shall include representatives of all Plaintiffs where practical and where the issues relate to all Plaintiffs.  Plaintiffs will work together to include representatives from the other Plaintiffs at all discovery meet and confers where appropriate.

5. The Parties must make an attempt to coordinate on third-party discovery.  Before serving discovery on non-parties (whether a document request, deposition notice, or other), the Parties shall consider whether the request may be served by joint subpoena of the Plaintiffs collectively or Apple.  Correspondence with a non-party (including email) that is related to the nature of the production shall be provided to all parties in the Related App Store Actions within 24 hours.  The issuing party shall provide a copy of all materials to the other side within three business days after receipt of the materials from the non-party, subject to any limitations in the Protective Order.

6. All disclosures made pursuant to Fed. R. Civ. P. 26(f) (i.e., initial disclosures and expert disclosures) shall also be served on counsel for all parties in the Related App Store Actions.

7. Any cases that are subsequently related to the Related App Store Actions are to be bound by these protocols governing the coordination of discovery, as well as the stipulations regarding ESI and expert discovery.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  January 2, 2020

GIBSON, DUNN & CRUTCHER LLP
Theodore J. Boutrous Jr.
Richard J. Doren
Daniel G. Swanson
Cynthia E. Richman
Eli Lazarus

By: /s/ Cynthia E. Richman
Cynthia E. Richman
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8234

*Attorneys for Defendant Apple Inc.*

| | |
|---|---|
| Dated: January 2, 2020 | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP<br>    Mark C. Rifkin<br>    Rachele R. Byrd<br>    Matthew M. Guiney<br>    Brittany N. DeJong<br><br>By: /s/ Rachele R. Byrd<br>    Rachele R. Byrd<br>    750 B Street, Suite 1820<br>    San Diego, CA 92101<br>    Telephone: 619.239.4599<br><br>*Interim Class Counsel for the Consumer Plaintiffs* |
| Dated: January 2, 2020 | HAGENS BERMAN SOBOL SHAPIRO LLP<br>    Steve W. Berman<br>    Robert F. Lopez<br>    Shana E. Scarlett<br><br>By: /s/ Steve W. Berman<br>    Steve W. Berman<br>    1301 Second Avenue, Suite 2000<br>    Seattle, WA 98101<br>    Telephone: 206.623.0594<br><br>*Interim Class Counsel for the Developer Plaintiffs* |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____    _____
HON. YVONNE GONZALEZ ROGERS
United States District Court Judge

### ECF SIGNATURE ATTESTATION

In accordance with Local Rule 5-1, the filer of this document hereby attests that the concurrence of the filing of this document has been obtained from the other signatories hereto.

| | |
|---|---|
| Dated: January 2, 2020 | GIBSON, DUNN & CRUTCHER LLP<br><br>By: /s/ Cynthia E. Richman<br>    Cynthia E. Richman<br>    Attorneys for Defendant Apple Inc. |