1  THEODORE J. BOUTROUS JR., SBN 132099
   tboutrous@gibsondunn.com
2  RICHARD J. DOREN, SBN 124666
   rdoren@gibsondunn.com
3  DANIEL G. SWANSON, SBN 116556
   dswanson@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
5  Los Angeles, CA  90071-3197
   Telephone:   213.229.7000
6  Facsimile:   213.229.7520

7  VERONICA S. LEWIS (Texas Bar No. 24000092;
   appearance *pro hac vice*)
8     vlewis@gibsondunn.com
   GIBSON, DUNN & CRUTCHER LLP
9  2100 McKinney Avenue, Suite 1100
   Dallas, TX 75201
10 Telephone:   214.698.3100
   Facsimile:   214.571.2900

CYNTHIA E RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
   crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile:  202.467.0539

ELI M. LAZARUS, SBN 284082
   elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306


Attorneys for Defendant, APPLE INC.

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Apple iPhone Antitrust Litigation | CASE NO. 4:11-cv-06714-YGR<br><br>**EXPERT STIPULATION AND [PROPOSED] ORDER**<br><br>———————————<br><br>The Honorable Yvonne Gonzalez Rogers |
| DONALD R. CAMERON, *et al.*,<br><br>            Plaintiffs,<br><br>    APPLE INC.,<br><br>            Defendant. | CASE NO. 4:19-cv-03074-YGR |

Plaintiffs Donald R. Cameron, Pure Sweat Basketball, Inc., and Barry Sermons, plaintiffs in *Cameron v. Apple Inc.*, Case No. 4:19-cv-03074-YGR (the "*Cameron* Action"); Robert Pepper, Stephen H. Schwartz, Edward Lawrence, and Edward W. Hayter, plaintiffs in *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR (the "*Pepper* Action"); and Defendant Apple Inc. ("Defendant"), by and through their respective counsel, hereby agree as follows:

1. **Expert Reports and Summaries**: The parties will make all disclosures required by Federal Rule of Civil Procedure 26(a)(2), as modified or limited herein, at the times and in the manner provided for by subsequent order of the Court. The term "expert" as used herein refers to a witness a party may use to present evidence under Federal Rule of Evidence 702, 703, or 705. Each party that intends to offer the testimony of one or more experts, must serve an expert report for each expert (or, as applicable, a summary for each expert in compliance with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)); provided, however, that the term "considered" as used in Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon" for purposes of the *Cameron* Action and the *Pepper* Action. The following shall be included in any expert report produced in the *Cameron* Action or the *Pepper* Action: a description of the expert witness's qualifications, including a list of all publications authored in the previous ten years and a list of all other cases in which, during the previous four years, the expert witness has testified as an expert at trial or by deposition; and a statement of the hourly rate paid for the expert witness's time in the case.

2. **Associated Documents and Data**: Within two (2) business days (but no more than four (4) calendar days) of the service of any expert report, the serving party must produce to all other parties a copy of all documents or data referred to therein, except for any documents or data that have been produced previously in the *Cameron* Action or the *Pepper* Action, which can instead be referred to by Bates (or other identifying) number. To the extent the disclosures in an expert report include, rely upon, or describe exhibits, information, or data processed or modeled by a computer at the direction of an expert in the course of forming the expert's opinions, the

party offering the expert's opinions must produce native copies of the data along with the appropriate programs, software, and instructions, except that no party need produce programs, software, or instructions that are commercially available at a reasonable cost.  No party need produce databases, programs, and software that (i) are used in the ordinary course of a party's business and (ii) are not practicable to copy, as long as the party offering the expert's opinion provides timely and reasonable access for purposes of replication or analysis of disclosed results. Documents and data should be produced electronically (via email or storage device such as hard drive or thumb drive) where appropriate.  Documents that are publicly available must be identified but need not be produced absent specific request.

      3.    **Expert Discovery Limitations:**  The provisions of Federal Rule of Civil Procedure 26(b)(4)(C), as modified or limited herein, will apply to expert discovery in the *Cameron* Action and the *Pepper* Action.  However, no expert or party is required to produce or describe on a privilege log and no party may seek discovery or disclosure of by any method (including by deposition):  (1) any communication between an expert (including his or her assistants, staff, or agents) and a party offering the testimony of such expert (including the party's employees, agents, consultants, and counsel, and their employees, staff or agents); (2) any communication between an expert and his or her staff, assistants, or agents; (3) any communication between an expert and his or her staff, assistant, or agents and any other expert retained by the party, including his or her staff, assistants, or agents; (4) drafts of any report, exhibit, study, work paper, computation, calculation, compilation, or any other material prepared by, for, or at the direction of an expert, regardless of the form in which the draft is recorded; or (5) any notes or other writings made by, for, or at the direction of an expert.  Nothing in this paragraph relieves an expert or party from the duty to identify the facts, data, and assumptions that the expert relied upon in forming his or her opinions, as provided for under Rule 26(b)(4)(C).  Moreover, notwithstanding the limitations contained in this paragraph and above, an expert may be asked to respond to reasonable questions regarding the hourly rates of the expert and his or her staff, the amount of time an expert or that expert's staff has spent on the

expert's report and associated work, and the amount of money billed for the report and associated work.

**4.     Finality of Expert Evidence:** Subject to the duty to correct under Federal Rule of Civil Procedure 26(a)(2)(E) and Rule 26(e)(2), no expert report, summary, or other expert evidence may be supplemented, and no expert evidence may be offered or admitted that has not been timely and properly disclosed, except by leave of Court.

**IT IS SO STIPULATED.**

Dated: January 28, 2020

GIBSON, DUNN & CRUTCHER LLP
Theodore J. Boutrous Jr.
Richard J. Doren
Daniel G. Swanson
Veronica S. Lewis
Cynthia E. Richman
Eli M. Lazarus

By: */s/ Cynthia E. Richman*
Cynthia E. Richman
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8234

*Attorneys for Defendant Apple Inc.*

Dated: January 28, 2020

HAGENS BERMAN SOBOL SHAPIRO LLP
Steve W. Berman
Robert F. Lopez
Shana E. Scarlett

By: */s/ Steve W. Berman*
Steve W. Berman
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: 206.623.0594

*Interim Class Counsel for the Developer Plaintiffs*

Dated: January 28, 2020

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
Mark C. Rifkin
Rachele R. Byrd
Matthew M. Guiney
Brittany N. DeJong

3

EXPERT STIPULATION AND [PROPOSED] ORDER
CASE NOS. 4:11-cv-06714-YGR, 4:19-CV-03074-YGR

By: */s/ Rachele R. Byrd*
Rachele R. Byrd
750 B Street, Suite 1820
San Diego, CA  92101
Telephone:  619.239.4599

*Interim Class Counsel for the Consumer Plaintiffs*

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

DATED: _____    _____
Hon. Yvonne Gonzalez Rogers
United States District Court Judge

**ECF SIGNATURE ATTESTATION**

In accordance with Local Rule 5-1, the filer of this document hereby attests that the concurrence of the filing of this document has been obtained from the other signatories hereto.

Dated: January 28, 2020

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Cynthia E. Richman*
Cynthia E. Richman
Attorneys for Defendant Apple Inc.