UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR <br><br> STIPULATION AND [PROPOSED] ORDER MODIFYING SCHEDULE |
| DONALD R. CAMERON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC. <br><br> Defendant. | No. 4:19-cv-03074-YGR |

010818-11/1205676 V1

Pursuant to Civil Local Rule 6-2, Plaintiffs in the above-captioned actions, including Plaintiffs Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, and Edward Lawrence, plaintiffs in *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR (collectively, "Consumer Plaintiffs"); Plaintiffs Donald R. Cameron, Pure Sweat Basketball, Inc., and Barry Sermons, plaintiffs in *Cameron, et al. v. Apple Inc.*, Case No. 4:19-cv-03074-YGR (collectively, "Developer Plaintiffs"); and Defendant Apple Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel, hereby agree as follows:

WHEREAS, on January 9, 2020, this Court entered a Revised Case Management and Pretrial Order (ECF No. 84 (Case No. 4:19-cv-03074-YGR); ECF No. 198 (Case No. 4:11-cv-06714-YGR));

WHEREAS, pursuant to this Revised Case Management and Pretrial Order, among other events and deadlines, class certification motions and supporting expert reports are due on September 30, 2020, class certification opposition and supporting expert reports are due on December 7, 2020, and class certification replies are due on January 8, 2021 (*see id.*);

WHEREAS, because of the current worldwide COVID-19 pandemic, the Parties, their counsel, their employees, and their expert consultants have been and are currently under travel restrictions, "shelter in place" orders, and other congregation limitations in California and elsewhere and are, in some cases, now caring for young children during business hours in addition to diligently working on this litigation;

WHEREAS, despite restrictions associated with the COVID-19 pandemic, the Parties have been working diligently on discovery, but, among other things, the restrictions have made the Parties' collection, review, and production of documents and data more challenging;

WHEREAS, Defendant communicated to Consumer Plaintiffs and Developer Plaintiffs on February 10, 2020 and thereafter that it expects to substantially complete production of documents and data in July 2020 but was hoping to do so sooner, and on April 23, 2020 stated that it would substantially complete production by July 31, 2020;

WHEREAS, in light of the foregoing, Developer Plaintiffs and Consumer Plaintiffs have concluded, given careful consideration of the estimated substantial volume of the data and documents that have been and will be produced, that they and their experts will require additional

time than that afforded by the current deadline of September 30, 2020, between substantial completion of production of documents and data by Defendant, which are critical to their class certification motions and reports, and the deadline for submission of their class certification motions and supporting experts' reports, including time: to process, clean, and review the data and documents; to obtain answers from Defendant to questions about the meaning and structure of the data; to propound follow-up written discovery and take depositions (both depositions pursuant to Rule 30(b)(1) and Rule 30(b)(6)); and then to incorporate analysis of the discovery into their class certification expert reports and motions;

WHEREAS, the Parties thus believe that good cause exists for an extension of approximately four months (126 days) on the deadline for class certification motions and supporting expert reports that are currently due on September 30, 2020, as well as corresponding extensions (126 days for each) on subsequent associated pretrial deadlines;

WHEREAS, the Parties have not previously requested an extension to the class certification deadlines;

WHEREAS, the Revised Case Management and Pretrial Order also sets certain trial-related dates and deadlines in 2022, including a Compliance Hearing set for January 28, 2022, a Joint Pretrial Conference Statement due on February 4, 2022, a Pretrial Conference on February 18, 2022, and a Trial Date of March 7, 2022 (ECF No. 84 (Case No. 4:19-cv-03074-YGR); ECF No. 198 (Case No. 4:11-cv-06714-YGR));

WHEREAS, due to the proposed four-months extensions on the class certification and associated deadlines discussed *supra*, the Parties believe that these trial-related deadlines and dates should also be extended by approximately four months (126 days);

WHEREAS, pursuant to Civil Local Rule 6-2(a)(2), the previous time modifications in Consumer Plaintiffs' case are as follows (ECF numbers correspond to the Consumer Plaintiffs' docket in Case No. 4:11-cv-06714-YGR):

1. On March 29, 2012, the Court granted a motion to shorten time on briefing and hearing of Consumer Plaintiffs' Motion for Appointment of Interim Class Counsel (ECF No. 31);

2. On April 13, 2012, the Court extended Apple's time to respond to Consumer Plaintiffs' Consolidated Complaint and extended time to file an opposition brief (ECF No. 35);

3. On May 14, 2012, the Court extended Apple's deadline for filing its reply in support of its motion to dismiss Consumer Plaintiffs' Consolidated Complaint (ECF No. 49);

4. On July 25, 2012, the Court extended Consumer Plaintiffs' time to file an Amended Complaint (ECF No. 77);

5. On October 18, 2012, the Court extended Apple's time to respond to Consumer Plaintiffs' Amended Consolidated Class Action Complaint (ECF No. 83);

6. On November 15, 2012, the Court extended the briefing schedule on Apple's motion to dismiss Consumer Plaintiffs' Amended Consolidated Complaint (ECF No. 93);

7. On January 24, 2013, the Court continued the hearing on Apple's motion to dismiss Consumer Plaintiffs' Amended Consolidated Class Action Complaint (ECF No. 105);

8. On September 11, 2013, the Court extended by seven days Apple's deadline to respond to Consumer Plaintiffs' Second Amended Complaint (ECF No. 114);

9. On September 5, 2019, the Court continued the Case Management Conference from September 13, 2019 to October 7, 2019 (ECF No. 170);

10. On January 9, 2020, the Court continued a further case management conference from January 13, 2020 to August 3, 2020 (ECF No. 197); and

11. On March 26, 2020, the Court extended the deadline to complete private mediation to July 30, 2020 (ECF No. 205);

WHEREAS, pursuant to Civil Local Rule 6-2(a)(2), the previous time modifications in Developer Plaintiffs' case are as follows (ECF numbers correspond to the Developer Plaintiffs' docket in Case No. 4:19-cv-03074-YGR):

1. On September 5, 2019, the Court continued a case management conference from September 13, 2019 to October 7, 2019 (ECF No. 46);

2. On September 16, 2019, the Court extended time for Apple to answer the complaint filed by Plaintiffs Donald R. Cameron and Pure Sweat Basketball, Inc. (ECF No. 48);

3. On January 9, 2020, the Court continued a further case management conference from January 13, 2020 to August 3, 2020 (ECF No. 84); and

4. On March 26, 2020, the Court extended the deadline to complete private mediation to July 30, 2020 (ECF No. 89).

WHEREAS, the Parties respectfully submit that good cause exists to continue the class certification and other deadlines as discussed in this stipulation.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED among the Parties, through their respective counsel and subject to approval of the Court, to the entry of an Order providing that the schedule shall be modified as follows:

### PRETRIAL SCHEDULE

| EVENT | PRESENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Further Case Management Conference | Monday, August 3, 2020 at 2:00 p.m. | Same |
| Updated Joint Case Management Statement Due | July 27, 2020 | Same |
| Private Mediation to be Completed by | July 30, 2020 | Same |
| Commencement of Discovery | October 7, 2019 | Same |
| Exchange of Initial Disclosures | October 14, 2019 | Same |
| Deadline to Complete Fact Discovery | 60 days after decision on class certification | Same |
| Last Discovery Motions Filed by | 30 days prior to close of discovery | Same |
| Class Certification Motion and Supporting Expert Reports Due | September 30, 2020 | February 3, 2021 |

| EVENT | PRESENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Class Certification Opposition and Supporting Expert Reports Due | December 7, 2020 | April 12, 2021 |
| Class Certification Reply | January 8, 2021 | May 14, 2021 |
| Hearing on Class Certification | February 1, 2021 at 10:00 a.m. | June 7, 2021 at 10:00 a.m. |
| Disclosure of Expert Reports: All Experts, Retained and Non-Retained Must Provide Written Reports Compliant with FRCP 26(A)(2)(B) | | |
| Parties' Expert Reports Filed by | 60 days after decision on class certification | Same |
| Rebuttal Expert Reports Filed by | 45 days after submission of initial expert reports | Same |
| Expert Discovery Cutoff: | 30 days after submission of rebuttal expert reports | Same |
| Dispositive Motions[1] / Daubert Motions to be Filed by | 45 days after close of expert discovery | Same |
| Dispositive Motion / Daubert Motion Opposition Brief Filed by | 45 days after opening brief is filed | Same |
| Dispositive Motion / Daubert Motion Reply Brief Filed by | 30 days after opposition brief is filed | Same |
| Compliance Hearing (*see* below) | Friday, January 28, 2022 at 9:01 a.m. | Friday, June 3, 2022 at 9:01 a.m. |
| Joint Pretrial Conference Statement Due | February 4, 2022 | June 10, 2022 |
| Pretrial Conference | Friday, February 18, 2022 at 9:00 a.m. | Friday, June 24, 2022 at 9:00 a.m. |

---

[1] *See* Standing Order regarding Pre-filing Conference Requirements for motions for summary judgment.

| EVENT | PRESENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Trial Date | Monday, March 7, 2022 at 8:30 a.m. for Jury Trial | Monday, July 11, 2022 at 8:30 a.m. for Jury Trial |

Pursuant to the Court's Pretrial Instructions in Civil Cases at Section 2, trial counsel shall meet and confer in advance of the Pretrial Conference. The compliance hearing on Friday, June 3, 2022 at 9:01 a.m. is intended to confirm that counsel have reviewed the Court's Pretrial Setting Instructions and are in compliance therewith. The compliance hearing shall be held in the Federal Courthouse, 1301 Clay Street, Oakland, California, in Courtroom 1. Five (5) business days prior to the date of the compliance hearing, the parties shall file a one-page JOINT STATEMENT confirming they have complied with this requirement or explaining their failure to comply. If compliance is complete, the parties need not appear and the compliance hearing will be taken off calendar. Telephonic appearances will be allowed if the parties have submitted a joint statement in a timely fashion. Failure to do so may result in sanctions.

The parties must comply with both the Court's Standing Order in Civil Cases and Standing Order for Pretrial Instructions in Civil Cases for additional deadlines and procedures. All Standing Orders are available on the Court's website at http://www.cand.uscourts.gov/ygrorders.

**IT IS SO STIPULATED**

DATED: May 27, 2020                HAGENS BERMAN SOBOL SHAPIRO LLP

By: s/ Steve W. Berman
    STEVE W. BERMAN (*pro hac vice*)

Robert F. Lopez (*pro hac vice*)
steve@hbsslaw.com
rob@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone:  (206) 623-7292
Facsimile:   (206) 623-0594

Shana E. Scarlett (SBN 217895)
Benjamin J. Siegel (SBN 256260)
HAGENS BERMAN SOBOL SHAPIRO LLP
shanas@hbsslaw.com

-6-
STIPULATION AND [PROPOSED] ORDER MODIFYING SCHEDULE
010818-11/1205676 V1
Case Nos.: 11-cv-06714-YGR;19-cv-03074-YGR

|   |   |   |
|---|---|---|
| 1 |   | bens@hbsslaw.com |
|   |   | 715 Hearst Avenue, Suite 202 |
| 2 |   | Berkeley, CA 94710 |
|   |   | Telephone: (510) 725-3000 |
| 3 |   | Facsimile:  (510) 725-3001 |

*Interim Class Counsel for the Developer Plaintiffs*

DATED:  May 27, 2020          WOLF HALDENSTEIN ADLER
                              FREEMAN & HERZ LLP


By: s/ Rachele R. Byrd
    RACHELE R. BYRD (190634)

Brittany N. Dejong (258766)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:   619/234-4599
byrd@whafh.com
dejong@whafh.com

Mark C. Rifkin (*pro hac vice*)
Matthew M. Guiney(*pro hac vice*)
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Telephone:  212/545-4600
Facsimile:   212/545-4677
 rifkin@whafh.com
guiney@whafh.com

*Interim Class Counsel for the Consumer Plaintiffs*

DATED:  May 27, 2020          GIBSON, DUNN & CRUTCHER LLP

By: s/ Cynthia E. Richman
    CYNTHIA E. RICHMAN (*pro hac vice*)

1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:  202.955.8234
Facsimile:  202.530.9691
crichman@gibsondunn.com

Theodore J. Boutrous Jr. (SBN 132099)
tboutrous@gibsondunn.com
Richard J. Doren (SBN 124666)
rdoren@gibsondunn.com
Daniel G. Swanson (SBN 116556)

-7-
STIPULATION AND [PROPOSED] ORDER MODIFYING SCHEDULE
Case Nos.: 11-cv-06714-YGR;19-cv-03074-YGR

dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Veronica S. Lewis (*pro hac vice*)
vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone:  214.698.3100
Facsimile:  214.571.2900

Ethan Dettmer(SBN 196046)
edettmer@gibsondunn.com
Eli M. Lazarus (SBN 284082)
elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Apple Inc.*

\*\*\*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:  June 2, 2020

_____
THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE