THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  213.229.7000
Facsimile:  213.229.7520

VERONICA S. LEWIS (Texas Bar No. 24000092; *pro hac vice*)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone:  214.698.3100
Facsimile:  214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
HARRY R. S. PHILLIPS (D.C. Bar No. 1617356; *pro hac vice*)
  hphillips2@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone:  202.955.8500
Facsimile:  202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone:  415.393.8200
Facsimile:  415.393.8306

**Attorneys for Defendant APPLE INC.**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Apple iPhone Antitrust Litigation | CASE NO. 4:11-cv-06714-YGR<br><br>**DEFENDANT APPLE INC.'S ANSWER TO PLAINTIFFS' THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>The Honorable Yvonne Gonzalez Rogers |

## ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, and to Paragraph 3 of the Court's Order Granting Stipulation For Leave to File Third Amended Consolidated Class Action Complaint (Dkt. 229 ¶ 3), Defendant Apple Inc. ("Apple"), by and through its undersigned counsel, hereby answers and asserts defenses to the claims and allegations made by plaintiffs Edward Hayter, Edward Lawrence, Robert Pepper, and Stephen Schwartz ("Plaintiffs") in the Third Amended Consolidated Class Action Complaint ("Complaint"). Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint.

Except as specifically admitted, Apple denies the allegations in the Complaint, including, without limitation, headings, sub-headings, and footnotes. With respect to footnotes, any allegations contained therein do not comply with Federal Rule of Civil Procedure 10(b), providing that allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed R. Civ. P. 10(b). No response is therefore required to the Complaint's footnotes. *See, e.g., Bernath v. YouTube LLC*, 2017 WL 1050070, at *2 (M.D. Fla. Mar. 20, 2017); *Holmes v. Gates*, 2010 WL 956412, at *1 n.1 (M.D.P.A. Mar. 11, 2010). In any event, except as expressly admitted, Apple denies any and all allegations contained in footnotes 1 through 12.

## NATURE OF ACTION

1. Apple admits that Plaintiffs purport to bring claims pursuant to Section 2 of the Sherman Act (15 U.S.C. § 2) on their own behalf and on behalf of the purported class of persons alleged to be similarly situated, but vigorously denies that there is any merit to Plaintiffs' claims. Apple admits that it owns and operates the App Store, a safe and secure platform that has revolutionized the business of developing, marketing, shopping for, and acquiring software applications. Apple further admits that Plaintiffs purport to be licensees of iOS software applications and to have made in-app purchases through such applications. Apple denies the remaining allegations in Paragraph 1 and footnote 1, including that Plaintiffs represent a putative "class of persons similarly situated" and that any alleged class may be properly certified.

2. Apple admits that it began selling the iPhone on or about June 29, 2007, to consumers in the United States. Apple further admits that the iPhone is a revolutionary, "breakthrough"

"smartphone" with, among countless other capabilities, email and other Internet communications functionality. Apple admits that it "built" the iPhone operating system now called iOS and that, again, among many other things, iOS currently enables iPhone users to download and run certain apps securely. Apple admits that iOS applications can be used by consumers to "browse the Internet, transform music into cell phone ringtones, take photos, play games and engage in other functions." Except to the extent expressly admitted, Apple denies the allegations in Paragraph 2.

3.   Apple admits that on September 5, 2007, it introduced the iPod Touch, the first iPod featuring Apple's multi-touch user interface. Apple admits that the iPod Touch runs on the iOS operating system and can run apps that also run on the iPhone. Apple further admits that on or about April 3, 2010, it began selling the iPad, a revolutionary touchscreen tablet. Apple admits that iPads run on iOS or iPadOS, an operating system launched in September 2019 developed specifically for the iPad, and that the iPad can run many of the same apps available on the iPhone and iPod touch. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 3.

4.   To the extent that the allegations in Paragraph 4 are legal conclusions and characterizations, no responsive pleading is required. Apple admits that, when first introduced in 2007, the iPhone was limited to the apps that came preinstalled on the device. Apple avers that in 2008, Apple launched the App Store and thereby enabled sales of third-party apps on the iPhone. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 4 and footnote 2.

5.   To the extent that the allegations in Paragraph 5 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 5.

6.   Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 regarding "traditional desktop or laptop computer manufacturers," and, on that basis, denies them. Apple denies the remaining allegations in Paragraph 6. Apple's customers have an unfettered ability to purchase and utilize software applications through their devices' web browsers.

7.   To the extent that the allegations in Paragraph 7 are legal conclusions and characterizations, no responsive pleading is required. Apple denies that iOS is the same as or similar to any other operating system and denies that there is "no legitimate basis" for Apple to "treat its iOS

Devices [*sic*] customers any differently than it treats its iMac or MacBook customers." Apple further denies that it charges a "mark-up" or that there is no legitimate basis for charging a 30% commission on paid applications licensed through the App Store. Apple pioneered the iPhone and iOS, invented the App Store and developed a seamless, safe, and reliable experience for consumers and developers alike. Apple provides an enormous service to developers who can obtain instant access to an array of tools and hundreds of millions of customers through the App Store platform. And Apple has made substantial investments in the App Store to ensure unparalleled reliability, world-class security, and privacy for all consumers. Except to the extent expressly admitted, Apple denies any remaining allegations in Paragraph 7.

8. Apple admits that there has been "heavy demand" for the iPhone and that it is a "novel product." To the extent that the allegations in Paragraph 8 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, except to the extent expressly admitted, Apple denies the allegations in Paragraph 8.

9. Apple denies the allegations in Paragraph 9.

10. Apple admits that it charges developers a 30% commission on paid applications, in-app purchases of digital content, and initial-year subscriptions sold through the App Store. Apple admits that the commission charged to app developers on subscriptions decreases to 15% after one year. Apple denies the remaining allegations in Paragraph 10.

11. Apple denies the allegations in Paragraph 11, and specifically denies that Apple "controls what prices developers can charge." Developers set the price of apps in the App Store, not Apple.

12. Apple denies the allegations in Paragraph 12.

13. To the extent that the allegations in Paragraph 13 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple admits that the App Store now offers more than 1.8 million apps for download. Apple admits that iOS device users have downloaded hundreds of billions of apps since the App Store launched in 2008. Apple further admits that Paragraph 13 cites and describes a blog post by app analytics company

SensorTower, which speaks for itself. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 13.

14. To the extent that the allegations in Paragraph 14 are legal conclusions and characterizations, no responsive pleading is required. Apple avers that it takes antitrust compliance very seriously and always has. Apple admits that the quotes in Paragraph 14 are selectively excerpted from the cited hearing transcript, which speaks for itself. The transcript is from a different lawsuit, *United States v. Apple Inc.*, that was resolved several years ago and is wholly unrelated and irrelevant to the legal and factual questions presented in this case. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 14.

15. To the extent that the allegations in Paragraph 15 are legal conclusions and characterizations, no responsive pleading is required. Apple avers that it takes antitrust compliance very seriously and always has. Apple admits that the quotes in Paragraph 15 are selectively excerpted from the cited hearing transcript, which speaks for itself. The transcript is from a different lawsuit, *United States v. Apple Inc.*, that was resolved several years ago and is wholly unrelated and irrelevant to the legal and factual questions presented in this case. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 15.

16. To the extent that the allegations in Paragraph 16 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 16. Apple has not "unlawfully stifled competition." The App Store has been an engine of innovation and created and expanded competition at every level of the consumer experience.

17. To the extent that the allegations in Paragraph 17 are legal conclusions and characterizations or set out the relief Plaintiffs seek, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 17.

18. To the extent that the allegations in Paragraph 18 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 18.

19. To the extent that the allegations in Paragraph 19 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 19.

20. Apple admits that Paragraph 20 sets forth the relief that Plaintiffs purport to seek. To the extent a response is required, Apple denies that Plaintiffs are entitled to any such relief and denies any remaining allegations in Paragraph 20. Instead of providing any benefit to consumers, the relief sought in Plaintiffs' Complaint would be at odds with the purposes of the Sherman Act and with Apple's intellectual property rights, and would degrade product quality and the user experience, by compromising the security and reliability of Apple devices and software.

## **THE PARTIES**

21. Apple admits that Plaintiff Schwartz has used an address in White Plains, New York. Apple admits that Plaintiff Schwartz has purchased iPhones (including in October 2010 and September 2014) and an iPad in August 2019. Apple admits that Plaintiff Schwartz made a first paid app transaction in 2008. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and, on that basis, denies the same.

22. Apple admits that Plaintiff Hayter has used an address in Brooklyn, New York, has purchased iPhones (including in March 2008), and purchased an iPad in March 2013. Apple admits that Plaintiff Hayter made a first paid app transaction in 2014. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and, on that basis, denies the same.

23. Apple admits that Plaintiff Pepper has used an address in Chicago, Illinois and has purchased iPhones (including in 2007) and iPads. Apple admits that Plaintiff Pepper made a first paid app transaction in 2008. Apple lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and, on that basis, denies the same.

24. Apple admits that Plaintiff Lawrence has used an address in Tiburon, California, and has purchased iPhones (including in June 2009, January 2012, November 2014, and August 2019) and an iPad in June 2011. Apple admits that Plaintiff Lawrence made a paid app transaction in 2009. Apple

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and, on that basis, denies the same.

25. Apple admits that it is a California corporation with its executive offices in Cupertino, California at 1 Apple Park Way. Apple admits the allegations in the second and third sentences of Paragraph 25.

## JURISDICTION AND VENUE

26. To the extent that the allegations in Paragraph 26 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple admits that Plaintiffs purport to plead federal question jurisdiction. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 26.

27. To the extent that the allegations in Paragraph 27 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple admits that Plaintiffs purport to plead jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Except to the extent expressly admitted, Apple denies the allegations in Paragraph 27.

28. Apple admits that, taking Plaintiffs' venue-related allegations to be true, venue in this District is proper pursuant to 28 U.S.C. § 1391. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 28.

29. To the extent that the allegations in Paragraph 29 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple admits that the use of Apple software or hardware products is based on the applicable software license and other terms and conditions. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 29.

## FACTUAL ALLEGATIONS

30. Apple admits the allegations in Paragraph 30.

31. Apple admits that the iPhone is a highly advanced and desirable product. Apple further admits that the iPhone was made available for retail purchase in the United States on June 29, 2007, at prices of $499 for the 8GB model and $599 for the 16GB model, and that many consumers waited in

line to purchase an iPhone. Apple admits that it has released multiple iPhone models since that time. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 31 and footnote 7.

32.     Apple admits that the iPod Touch was made available for retail purchase in the United States in September 2007 at prices of $299 for the 8GB model and $399 for the 16GB model. Apple admits that the iPad was made available for retail purchase in the United States in April 2010 at prices starting at $499. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 32.

33.     Apple admits that it has sold more than 1.4 billion iPhones, more than 350 million iPads, and more than 100 million iPod Touches worldwide since those devices were launched. Apple further admits that it has "rightfully earned hundreds of billions of dollars in revenue from" those sales. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 33.

34.     Apple denies the allegations in Paragraph 34.

35.     To the extent that the allegations in Paragraph 35 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 35.

36.     Apple admits that it controls the design, features, and operating software for its products and that iOS refers generally to the operating software for the iPhone, the iPod Touch, and certain models of the iPad. Apple further admits that iOS and iPadOS versions implement certain technological measures within the meaning of 17 U.S.C. § 1201 (hereinafter "technological measures"). Except to the extent expressly admitted, Apple denies the allegations in Paragraph 36.

37.     Apple denies the allegations in Paragraph 37.

38.     Apple admits that it has developed a number of apps for use on its mobile devices and that eligible developers who choose to enter into a license agreement with Apple are able to develop iOS apps. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 38.

39.     To the extent this paragraph alleges that "third party programmers quickly circumvented Apple's security measures and made non-Apple approved iPhone apps available for sale on the Internet," Apple is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them. Apple admits that the circumvention of technological measures has occurred and that non-Apple approved iOS apps are available to consumers. Apple denies

the remaining allegations in Paragraph 39 and specifically denies that Apple sought to "eliminate" third-party apps from its platform. Apple has welcomed third-party apps onto its devices, as is obvious from the more than 1.8 million apps available on the App Store and customers' unfettered ability to utilize web applications through the iPhone's web browser.

40. Apple denies the allegations in Paragraph 40.

41. Apple admits that it previously charged a fee to allow consumers the ability to convert a portion of a song purchased on iTunes into a ringtone. Apple is without sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 41 and on that basis denies them. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 41.

42. Apple denies the allegations in Paragraph 42.

43. Apple denies the allegations in Paragraph 43.

44. Apple admits that in March 2008 it released a software development kit to enable independent software developers to design applications for use on the iPhone. Apple further admits that it offers eligible developers the opportunity to enroll in the Apple Developer Program at a small cost of $99 per membership year. Membership provides advanced capabilities and offers instant access to more than one billion consumers in 175 countries around the world. The Apple Developer Program provides developers with beta software, advanced app capabilities, extensive beta testing tools, and app analytics. These tools allow app developers to take advantage of the latest innovative Apple technologies so their apps will seamlessly integrate with the latest advances in iOS and the latest iPhones. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 44.

45. Apple admits that it opened the App Store in July 2008 and continues to operate that store. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 45.

46. Apple admits that Paragraph 46 selectively quotes from a page on Apple's website, which speaks for itself. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 46.

47. Apple admits that iOS device customers who license apps through Apple's App Store pay the price (if any) set by the developer for the app to Apple directly, and Apple remits the balance to the app developer minus a reasonable commission as revenue to Apple for the platform services Apple provides. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 47.

48. Apple denies the allegations in Paragraph 48.

49. Apple admits that it charges developers a 30% commission on paid applications, in-app purchases of digital content, and initial-year subscriptions sold through the App Store, and that the commission on subscriptions drops to 15% after one year. Apple admits the second sentence of Paragraph 49. Except to the extent expressly admitted, Apple denies the allegations in Paragraph 49 and footnote 10.

50. Apple admits that, when setting prices for their apps, app developers must select a price tier, many of which end in 99 cents for apps sold in U.S. dollars. Apple admits that Paragraph 50 selectively quotes from a June 30, 2020, article on *Digital Innovation Gazette*, which speaks for itself. Apple further admits that there are hundreds of thousands of free apps available in the App Store and avers that these free apps benefit the consumers whom Plaintiffs purport to represent. Apple denies the remaining allegations in Paragraph 50.

51. To the extent that the allegations in Paragraph 51 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 51.

52. To the extent that the allegations in Paragraph 52 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 52. Apple avers that both before they purchased their first iPhones and when they purchased multiple subsequent iOS devices, Plaintiffs knew about or could reasonably discover the policies and practices challenged in their Complaint, including Apple's decision not to facilitate sideloading on its devices, its practice of subjecting iOS apps to pre-distribution review, Apple's charging of a commission to developers on sales of paid apps and certain in-app purchases, and the pricing of apps in Apple's App Store.

53. To the extent that the allegations in Paragraph 53 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 53.

54. Apple denies the allegations in Paragraph 54.

55. Apple denies the allegations in Paragraph 55.

56. Apple denies the allegations in Paragraph 56 and footnote 12, and specifically denies that Apple's commission would be "unsustainable" if plaintiffs obtained their requested relief. Apple's commission rates are competitive for the level of value, service, and quality provided by the App Store.

57. Apple denies the allegations in Paragraph 57.

58. Apple denies the allegations in Paragraph 58.

59. Apple denies the allegations in Paragraph 59.

60. To the extent this paragraph makes allegations about unidentified "desktop and laptop computer software," Apple is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them. Apple denies the remaining allegations in Paragraph 60.

61. Apple denies the allegations in Paragraph 61. By any measure, the App Store benefits consumers.

## **CLASS ALLEGATIONS**

62. Apple admits that Plaintiffs purport to bring this action as a putative class action on behalf of themselves and others alleged to be similarly situated, and that Plaintiffs propose to act as representatives of the purported class. Apple denies the remaining allegations in Paragraph 62, and specifically denies the existence of an alleged class as described in this paragraph.

63. To the extent the allegations in Paragraph 63 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Apple denies the existence of the alleged class and thus denies the allegations in Paragraph 63.

64. Apple denies the allegations in Paragraph 64.

65. To the extent the allegations in Paragraph 65 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 65, and specifically denies that any of the allegations in Paragraph 65 are "common to the Class."

66. To the extent the allegations in Paragraph 66 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 66.

67. To the extent the allegations in Paragraph 67 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Apple denies the existence of the alleged class and thus denies the allegations in Paragraph 67.

68. To the extent the allegations in Paragraph 68 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Apple denies the existence of the alleged class and thus denies the allegations in Paragraph 68.

69. To the extent the allegations in Paragraph 69 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Apple denies the existence of the alleged class and thus denies the allegations in Paragraph 69.

70. To the extent the allegations in Paragraph 70 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Apple denies the allegations in Paragraph 70.

71. To the extent the allegations in Paragraph 71 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any responsive pleading is required, Apple denies the existence of the alleged class and thus denies the allegations in Paragraph 71.

72. To the extent that the allegations in Paragraph 72 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 72.

**RELEVANT MARKET ALLEGATIONS**

73. Apple denies the allegations in Paragraph 73, and specifically denies the existence of an "aftermarket for iOS applications."

74. Apple denies the allegations in Paragraph 74, and specifically denies that vigorous competition between Apple and companies such as Google and Samsung is "irrelevant" to this case.

75. Apple denies the allegations in Paragraph 75.

76. Apple denies the allegations in Paragraph 76.

77. Apple denies the allegations in Paragraph 77.

**COUNT I**

**Unlawful Monopolization Of The Applications Aftermarket
In Violation Of Section 2 Of The Sherman Act
(Seeking Damages And Equitable Relief)**

78. Apple reasserts and hereby incorporates by reference its responses to Paragraphs 1 through 77, as though fully set forth herein.

79. To the extent that the allegations in Paragraph 79 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 79.

80. To the extent that the allegations in Paragraph 80 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 80.

81. To the extent that the allegations in Paragraph 81 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 81.

82. To the extent that the allegations in Paragraph 82 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 82.

# COUNT II

### Attempted Monopolization Of The Applications Aftermarket In Violation Of Section 2 Of The Sherman Act
### (Seeking Damages And Equitable Relief)

83. Apple reasserts and hereby incorporates by reference its responses to Paragraphs 1 through 82, as though fully set forth herein.

84. To the extent that the allegations in Paragraph 84 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 84.

85. To the extent that the allegations in Paragraph 85 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 85.

86. To the extent that the allegations in Paragraph 86 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 86.

87. To the extent that the allegations in Paragraph 87 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 87.

88. To the extent that the allegations in Paragraph 88 are legal conclusions and characterizations, no responsive pleading is required. Insofar as any response is required, Apple denies the allegations in Paragraph 88.

The remainder of the Complaint consists of Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Apple denies that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Apple, without waiver, limitation, or prejudice, hereby asserts the following defenses:

**First Defense**

**(Failure to State a Cause of Action)**

The Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

**Second Defense**

**(Failure to Plead a Relevant Market)**

The Complaint is deficient as a matter of law because, even with amendment, it persists in alleging a single-sided market despite controlling Supreme Court precedent compelling, as a matter of law, that in cases involving two-sided transaction platforms such as the App Store, only one relevant market should be defined that includes both sides of the platform—i.e., consumers and developers. *Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2286-87 (2018).

**Third Defense**

**(Legitimate Business Justifications)**

Apple alleges that, without admitting any liability whatsoever, at all times its conduct was reasonable and that its actions were undertaken in good faith to advance legitimate business interests and had the effect of promoting, encouraging, and increasing competition.

**Fourth Defense**

**(No Injury or Damages)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have sustained no injury in fact or antitrust injury or damages proximately caused by an act or omission by Apple.

**Fifth Defense**

**(No Entitlement to Injunctive Relief)**

Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable and Plaintiffs have an adequate remedy at law.

**Sixth Defense**

**(Causation)**

Plaintiffs' claims are barred, in whole or in part, because of a lack of causation, including without limitation because any injuries or damages that may have been suffered were caused solely or

proximately by the intervening and superseding acts and omissions of others over whom Apple has no power, authority, or control.

**Seventh Defense**

**(Ratification/Agreement/Acquiescence/Authorization/Consent)**

Plaintiffs' claims are barred, in whole or in part, because of ratification, agreement, acquiescence, authorization or consent to Apple's alleged conduct, including (without limitation): because each Plaintiff freely bought multiple Apple devices knowing they were allegedly subject to the alleged restraints; and because Plaintiffs failed to diligently raise claims arising from purchases on iPads and iPod Touch devices, in-app purchases, and the App Store's 99-cent pricing, and instead repeatedly disclaimed their intention to bring such claims—including before the Court.

**Eighth Defense**

**(Statute of Limitations)**

Plaintiffs' claims are barred in whole or in part by the statute of limitations applicable to their respective claims. In particular, Plaintiffs' amended claims arising from purchases on iPads and iPod Touch devices, in-app purchases, and the App Store's 99-cent pricing are barred by the applicable statute of limitations because (1) new claims by Plaintiffs Pepper, Schwartz, and Hayter do not relate back under Fed. R. Civ. P. 15 to their 2013 Second Amended Complaint, and the new claims of Plaintiff Lawrence do not relate back to his 2019 complaint; (2) under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), the applicable statute of limitations is not tolled with respect to claims set forth in the Complaint for any class member who was not within the class definition alleged in the Second Amended Complaint or any other prior class action complaint; and (3) no putative class member has preserved any right to sue as to alleged claims arising from purchases on iPads or iPod Touch devices, in-app purchases, or the App Store's 99-cent pricing.

**Ninth Defense**

**(Lack of Standing)**

Plaintiffs' claims are barred, in whole or in part, insofar as Plaintiffs lack standing to assert any or all of the claims alleged in the Complaint individually, in a representative capacity, or on behalf of the general public.

**Tenth Defense**

**(Failure to Join an Indispensable Party)**

Plaintiffs have failed to join all parties necessary for a just adjudication of its purported claims.

**Eleventh Defense**

**(Duplicative Recovery/Unjust Enrichment)**

The claims of the Plaintiffs and the alleged class are barred in whole or in part to the extent that they seek or would recover damages or other relief that would duplicate in whole or part damages or relief sought or awarded in this action or in any other action consolidated therewith or related thereto, or would result in unjust enrichment to Plaintiffs.

**Twelfth Defense**

**(Improper Class Action)**

Plaintiffs' claims, and those of the purported class, are barred in whole or in part, because the action is not properly maintainable as a class action as alleged by Plaintiffs.

**Thirteenth Defense**

**(Undamaged Class Members)**

To the extent Plaintiffs and the alleged class seek relief on behalf of purported class members who have not suffered any damages, the Complaint and each of its claims for relief therein violate Defendant's rights to due process under the United States Constitution.

**Fourteenth Defense**

**(Limitation of Liability)**

Plaintiffs are parties to one or more software license agreements with Apple that bar their claims, in whole or in part, because of applicable limitation of liability provisions contained therein.

**Fifteenth Defense**

**(Mitigation of Damages)**

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages, if any.

### Sixteenth Defense

### (Protected Rights)

The claims of the Plaintiffs are barred, in whole or in part, insofar as they challenge the exercise of rights protected by the First Amendment of the United States Constitution and by the Noerr-Pennington doctrine.

### Seventeenth Defense

### (Right To Jury Trial)

As a matter of constitutional right and substantive due process, Defendant would be entitled to contest by jury trial its liability for damages to any particular individual plaintiffs, even if the representative(s) of the putative class prevail on their claims.

### Eighteenth Defense

### (Laches/Waiver/Estoppel)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel. In particular, Plaintiffs' amended claims arising from purchases on iPads and iPod Touch devices, in-app purchases, and the App Store's 99-cent pricing are barred by the doctrine of laches because (1) Plaintiffs have not been diligent in pursuing these claims, which challenge policies that existed before Plaintiffs Pepper, Schwartz, and Hayter filed their Second Amended Complaint in 2013, and well before Plaintiff Lawrence filed his complaint in 2019; (2) the new claims by Plaintiffs Pepper, Schwartz, and Hayter do not relate back under Fed. R. Civ. P. 15 to their 2013 Second Amended Complaint, and the new claims of Plaintiff Lawrence do not relate back to his 2019 complaint; (3) under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), laches is not tolled with respect to claims set forth in the Complaint for any class member who was not within the class definition alleged in the Second Amended Complaint or any other prior class action complaint; and (4) no member of the putative classes has preserved any right to sue as to alleged claims arising from purchases on iPads or iPod Touch devices, in-app purchases, or the App Store's 99-cent pricing.

### Nineteenth Defense

### (Unenforceability/Illegality)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unenforceability and/or illegality, including without limitation unenforceability as against public policy.

### Twentieth Defense

### (Foreign Trade Antitrust Improvements Act)

Plaintiffs' claims are barred, in whole or in part, by the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a, insofar as Plaintiffs make claims concerning transactions or alleged conduct involving trade or commerce with foreign nations outside U.S. jurisdiction.

### Twenty-First Defense

### (No Entitlement to Interest, Attorneys' Fees or Costs)

Plaintiffs are not entitled to interest, attorneys' fees, or costs in connection with this action.

### Additional Defenses

Apple presently has insufficient knowledge or information to determine whether it may have additional, as yet unstated, affirmative defenses. Apple has not knowingly and intentionally waived any applicable affirmative defenses and reserves the right to assert additional affirmative defenses as they become known to it through discovery in this matter. Apple reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be or will be divulged through clarification of Plaintiffs' Complaint, through discovery, or through further legal analysis of Plaintiffs' position in this litigation.

DATED: October 19, 2020                                    GIBSON, DUNN & CRUTCHER LLP

By: */s/ Cynthia E. Richman*

Theodore J. Boutrous Jr.
Richard J. Doren
Daniel G. Swanson
Mark A. Perry
Veronica S. Lewis
Cynthia E. Richman
Jay P. Srinivasan

Ethan Dettmer
Eli M. Lazarus
Harry R. S. Phillips

*Attorneys for Defendant Apple Inc.*