Steve W. Berman (*pro hac vice*)
Robert F. Lopez (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

Shana E. Scarlett (SBN 217895)
Benjamin J. Siegel (SBN 256260)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
shanas@hbsslaw.com
bens@hbsslaw.com

*Interim Lead Class Counsel in Cameron, et. al v. Apple Inc., Case No. 4:19-cv-03074-YGR*

RACHELE R. BYRD (190634)
byrd@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA  92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
MATTHEW M. GUINEY (*pro hac vice*)
guiney@whafh.com
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114

*Interim Class Counsel for the Consumer Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO MODIFY CASE SCHEDULE** |
| DONALD R. CAMERON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.<br><br>Defendant. | No. 4:19-cv-03074-YGR<br>No. 4:19-cv-03796-YGR |

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and ¶ 3 of this Court's Standing Order, Developer and Consumer Plaintiffs ("Plaintiffs") respectfully request an extension of the deadline to file their class certification motions from February 3 to April 16, 2021, subject to Apple's completion of data and document production by December 31, 2020.[1]  Despite Plaintiffs' diligence, issues related to (1) deposition coordination and (2) document and data production have prevented them from taking depositions, completing discovery, conducting expert analysis, and meeting deadlines necessary to file a thorough certification motion.  An extension would not only address these problems, but would also facilitate coordination between Plaintiffs, Epic and Apple by resolving several serious logistical issues.

Plaintiffs' request is consistent with two concerns raised during the parties' October 19 CMC: (1) the Court's interest in having the "full scope" of Plaintiffs' class certification requests at the time of Epic's trial; and (2) Apple's concern that its experts will be overtaxed by a schedule extension. Under the proposed schedule, the Court will have Plaintiffs' class certification motions and expert reports when Epic's trial begins, as well as Plaintiffs' response(s)—due on February 5, 2021—to Apple and Epic's joint briefing on trial elements, legal framework and remedies.  Plaintiffs also do not oppose giving Apple as much time as it reasonably needs to utilize its experts in responding to Plaintiffs' motions and having their assistance during the Epic trial.

### I.  Relevant background

**Documents and data production.**  Apple has delayed production of two crucial categories of data and documents essential to class certification analysis: (1) documents and data related to the costs of running the App Store, and (2) transactional data. This data is critical for their experts' class certification reports, including demonstrating common impact and a common methodology for measuring damages.  Indeed, this Court has denied class certification before because certain data was not obtained and analyzed by plaintiffs' experts.[2]  On November 13, Plaintiffs filed two joint letter

---

[1] On May 27, 2020, the parties submitted a proposed order moving the class certification deadline to February 3, 2021—a deadline predicated on Apple's representation that it would "substantially complete production" of data and documents by July 31, 2020.  ECF No. 92 (Developers) at 1-2, 4.
[2] *See, e.g.*, *In re Lithium Ion Batteries Antitrust Litig.*, 2017 WL 1391491, at *12 (N.D. Cal. Apr. 12, 2017) (denying class certification in part based on plaintiffs' failure to "obtain[]" critical data); *Ward v. Apple Inc.*, 2018 WL 934544, at *3 (N.D. Cal. Feb. 16, 2018) (denying class certification because expert declaration lacked "data-driven analysis").

1

briefs seeking to compel this information; the dispute is now before Magistrate Judge Hixson while the Court considers Plaintiffs' motion. *See* Siegel Decl. ¶¶ 26–48.

The short version of this long story is that, since October 2019, Plaintiffs have persistently sought from Apple: (1) documents and data related to the costs of running the App Store; and (2) transactional data. *See id*. ¶¶ 3–6. In fits and starts, and in some cases only on threat of a motion to compel, Apple has produced just some of the former and only two samples of the latter. The outcome is a schedule knocked wildly off kilter: subsequent to the July 31 substantial completion date, Apple has produced nearly 2.3 million pages of documents "relating to costs and budget"—on September 20 (approx. 1.75 million), October 9 (167,011), and November 11 (357,647)—and recently represented it "continues to conduct a reasonable investigation" for responsive documents that it is "working to wrap up . . . in November." Ex. 36.[3] Thus, whether or not Apple is compelled to complete production of these documents per the requests in the joint letter briefs, Plaintiffs have already been highly prejudiced by Apple's conduct. And while the class certification clock is ticking, crucial documents either remain missing or have only just been produced. *See* Siegel Decl. ¶¶ 39–48; Ex. 45 at 2.

Apple also belatedly provided information about its transactional databases and, after months of negotiation, has still refused outright to produce data to Plaintiffs unless they agree to make ***no*** requests for additional data—a gesture equivalent to holding this data hostage. *See* Siegel Decl. ¶¶ 28–38. But Plaintiffs' experts cannot prepare their class certification reports without that data. And because the data is so voluminous—Apple estimates that there are **65 billion** rows of data yet to be produced (totaling *dozens* of terabytes)—even a near-term production would make it nearly impossible to process and analyze in advance of the current class certification deadline, which will involve transferring and decrypting the data, organizing the data (standardizing fields, removing outliers, interpreting the fields and how they relate to one another), deposing witnesses to understand and assess the data, all before utilizing that data to present models showing classwide impact and a damages methodology that may be applied across the class. Apple's refusal to timely produce the data has prejudiced Plaintiffs, who cannot even begin to undertake this laborious process. That is also why

---

[3] All "Ex. _" references are to exhibits to the Siegel Declaration, filed concurrently herewith.

1  Plaintiffs' extension request is conditioned on Apple completing production by December 31, 2020.

2  **Depositions.**  Plaintiffs have long planned to take depositions in November and December to
3  support their class certification motions.  Only Apple's witnesses can: (1) speak to their perspective
4  on the functioning and contours of the market(s) that should be analyzed at class certification; (2)
5  provide explanations and clarity not available from the documents and data alone; and (3) speak on
6  behalf of the company—and make binding admissions—to ensure that all parties are working from a
7  common understanding of the App Store's commission structure and other rules, critical to
8  determining whether liability, impact, and damages can be analyzed on a classwide basis.

9  On September 28, Apple's counsel indicated during the *Epic* preliminary injunction hearing,
10 "Epic proposes that all depositions take place between January 4th and February 5th [2021] whereas
11 [Apple] would extend that by about three weeks."  *See* Ex. 37 at 98.  On October 14, Plaintiffs
12 contacted Apple to propose an extension of the class certification deadline to April 16, 2021, with the
13 goals of:  (1) coordinating depositions with Epic between January and March; (2) minimizing burden
14 on Apple; and (3) allowing Plaintiffs and Apple additional time to resolve several long-running issues
15 regarding the production of key documents and data.  On October 16, Apple said no.

16 During the October 19 CMC, the Court discussed scheduling and deposition coordination.
17 After Apple indicated that it opposed modifying the schedule, the Court raised its witnesses being
18 deposed twice: "[I]f Apple's going to object to doing things multiple times, then they have less of an
19 argument with respect to a continuance or at least with respect to opposing a continuance."  Ex. 38 at
20 32, 34.  When Epic's counsel explained that Epic had just begun receiving documents—and would not
21 be able to join depositions if they started imminently—the Court made clear:  "I understand that, and
22 that is why I said Apple can't have its cake and eat it, too.  You can't both say that you want depositions
23 coordinated and that you oppose a continuance.  Well, actually you could, but you're not very
24 persuasive if that's what you do."  *Id.* at 35.  The Court later emphasized: "I told Apple they can't have
25 it both ways.  It sounds to me the state of play is as soon as this is done, you need to meet and confer
26 again, and then hear back from you over this request for an extension."  *Id.* at 38.

27 On October 19, Developer Plaintiffs emailed Apple counsel to request that Apple confirm

28

3

whether—consistent with the Court's instruction—it would either: (1) agree to move the schedule to accommodate coordinated depositions for all three cases; or (2) hew to the present schedule, but agree to duplicative depositions of its employees, with Class Plaintiffs' depositions to begin immediately. *See* Ex. 39.  But during a follow-up call on October 21, Apple refused to choose between these alternatives, instead seizing on phrasing in Developer Plaintiffs' October 19 email to assert that it constituted a "proposal" that just five depositions be conducted twice.  Despite Plaintiffs' explanation (during the same call) that their email contained no such offer, Apple nevertheless sought to memorialize this purported proposal in an October 22 letter.  Ex. 40.[4]  Since then, Apple—in response to Plaintiffs' request for November and early December deposition dates for three witnesses, after Apple refused to move the schedule to accommodate coordinated depositions, Ex. 41 at 4—has sought to forestall depositions outright, stating: "Should Plaintiffs proceed with a given deposition without Epic's participation if no compromise is reached, they may only do so after obtaining Epic's affirmative consent that Epic will not seek to re-depose the witness."  Ex. 42 at 14; *compare* Ex. 44 at 4–5.  In other words, in defiance of the Court, Apple has sought to have its cake and eat it too.

The result is this: after Plaintiffs requested deposition dates for three witnesses on October 22—with a request that the first witness be deposed the week of November 17—it was not until November 3 that Apple proposed a single date (December 3) for just the *last* of these three deponents (Ron Okamoto).  Ex. 43.  Then, more than three weeks after October 22—and only in response to a letter from Plaintiffs, Ex. 44—Apple proposed a <u>December 18</u> date for the deposition of Matt Fischer, who Plaintiffs had proposed to depose the week of <u>November 17</u>.  Ex. 45. Meanwhile, Apple recently informed Plaintiffs, on October 22 & 27 and November 12, that productions for Mr. Okamoto will not be complete until November 23 at the earliest (less than 2 weeks before his deposition) and remaining documents for the two other deponents will be produced "in short order thereafter," inhibiting Plaintiffs' deposition preparation.  Ex. 42 at 10 n.12; Ex. 45 at 2.[5]  And as discussed above, Apple has conditioned Plaintiffs' ability to take depositions on a compromise that (1) was never proposed; (2)

---

[4] Plaintiffs responded to these issues in detail on November 9, 2020.  *See* Ex. 44 at 3-4.

[5] Apple claims that it substantially completed its custodial document production on July 31, 2020.  But according to its own November 12th letter (Ex. 45), Apple will have produced 33% of Mr. Okamoto's documents and 21% of Mr. Fischer's documents after its July 31 deadline.

4

runs contrary to the spirit and letter of the Court's CMC instructions; and (3) has prevented Plaintiffs from taking any depositions. Without an extension, Plaintiffs are left in an all but impossible position.

## II. Plaintiffs have been diligent, and would be prejudiced if a continuance is denied

A party seeking to modify a scheduling order must show "good cause" to obtain relief from the Court. *See* Fed. R. Civ. P. 16(b)(4). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks omitted).

Plaintiffs' attempts to accommodate Apple (and Epic) by modifying their planned deposition schedule have not only been rebuffed by Apple, but actually seized upon to short circuit depositions, in contravention of this Court's instructions. Moreover, to reiterate, Apple has (1) yet to produce more than samples of transactional data, *and* (2) produced 2.3 million pages of critical documents since the July 31 substantial completion deadline—the keystone around which the current schedule was built. *See* Siegel Decl. ¶¶ 28–48. These delays have put Plaintiffs sorely behind. *See Keating v. Nordstrom, Inc.*, 2019 WL 8227383, at *2 (D. Alaska Feb. 19, 2019) (extending class certification discovery cutoff "[i]n light of [Defendant's] delayed and limited discovery production to date"); *Buchanan v. Sirius XM Radio, Inc.* 2018 WL 1932825 (N.D. Tex. Apr. 24, 2018) (extending class certification deadline upon motion filed three days before deadline where important upcoming discovery was "foundational to [plaintiff's] class certification motion").

Plaintiffs respectfully request that this Court grant them the requested extension to April 16, 2021. Plaintiffs are mindful of the Court's interest in having the "full scope" of Plaintiffs' class certification request at the time of Epic's trial; under the proposed revised schedule, the Court will still have the benefit of Plaintiffs' motions, supporting expert reports, and trial briefs.[6] This extension would promote judicial economy—not only by facilitating joint depositions, but also by enabling coordination between Plaintiffs and Epic more broadly—minimize burden on all parties (including Epic and Apple) and, most importantly, favor the resolution of these cases on their merits.

---

[6] Plaintiffs also respectfully submit that Apple cannot show prejudice from moving the class certification deadline. Plaintiffs will agree to any reasonable extension to Apple's response date that Apple believes is necessary to avoid overtaxing experts also involved in the Epic trial.

5
ADMIN. MOTION TO MODIFY CASE SCHEDULE - Case Nos.
4:11-06714-YGR (TSH), 4:19-cv-03074-YGR (TSH)

DATED: November 23, 2020           HAGENS BERMAN SOBOL SHAPIRO LLP

By    */s/ Steve W. Berman*
       STEVE W. BERMAN (*pro hac vice*)

Robert F. Lopez (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
robl@hbsslaw.com

Shana E. Scarlett (SBN 217895)
Benjamin J. Siegel (SBN 260260)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com
bens@hbsslaw.com

By:    */s/ Rachele R. Byrd*
       RACHELE R. BYRD

RACHELE R. BYRD (SBN 190634)
byrd@whafh.com
BRITTANY N. DEJONG (SBN 258766)
dejong@whafh.com
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
MATTHEW M. GUINEY (*pro hac vice*)
guiney@whafh.com
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114

6

## **DECLARATION REGARDING CONCURRENCE**

I, Steve W. Berman, am the ECF user whose identification and password are being used to file this **PLAINTIFFS' ADMINISTRATIVE MOTION TO MODIFY CASE SCHEDULE**. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all of the signatories listed above have concurred in this filing.

DATED: November 23, 2020              HAGENS BERMAN SOBOL SHAPIRO LLP

                                      */s/ Steve W. Berman*
                                       Steve W. Berman