United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No.: 4:11-cv-06714-YGR <br><br> **ORDER TENTATIVELY DENYING ADMINISTRATIVE MOTION TO MODIFY CASE SCHEDULE** <br><br> Re: Dkt. Nos. 282, 294, 327 |
| DONALD R. CAMERON, ET. AL., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No.: 4:19-cv-03074-YGR <br><br><br><br> Re: Dkt. Nos. 159, 172, 201 |

The Court is in receipt of plaintiffs' request for an extension of the filing date for its motion for class certification. (*In re Apple iPhone Antitrust Litigation*: Dkt. Nos. 282 (administrative motion to seal), 294 (administrative motion to modify case schedule); *Cameron v. Apple Inc.*: Dkt. Nos. 159 (administrative motion to seal), 172 (administrative motion to modify case schedule).) The Court has also read and considered Magistrate Judge Thomas Hixson's Discovery Order filed earlier today and plaintiffs' administrative request to file supplemental briefing. (*See In re Apple iPhone Antitrust Litigation*: Dkt. No. 327; *Cameron*: Dkt. No. 201.) For the reasons set forth herein, the administrative motion to modify the case schedule is tentatively **DENIED**.

In general, extensions should be appropriately given. Here, however, plaintiffs apparently failed to heed this Court's admonishments. Discovery in these actions has been pending for well over a year. The Court advised counsel to be focused in its discovery pursuits this fall so that it could

comply with the Court's deadlines.  The Court has read and considered the filings, including the underlying correspondence between the parties, and did not find evidence of a delay on the part of Apple Inc. necessitating a change in the schedule despite plaintiffs' arguments to the contrary.  The Court also anticipated a production date of the transactional data by December 31, 2020.

Magistrate Judge Hixson's Discovery Order confirms to the Court that Apple has not been recalcitrant.  Instead, with respect to the transactional data at issue, plaintiffs themselves contributed to the delay.  For instance, Consumer Plaintiffs are apparently seeking transactional data related to app sales from foreign App Store storefronts which Magistrate Judge Hixson has initially found to be irrelevant.  While the Court understands the he is providing the Consumer Plaintiffs with an opportunity to submit an expert declaration showing it probative value, the fact that valuable time and resources have been spent on the topic does not advance plaintiffs' position.

In evaluating and ruling upon a class certification motion, some inquiry into the substance of a case may be necessary to determine whether the requirements under Rule 23 are satisfied.  However, the Court is mindful that it must not advance a decision on the merits to the class certification stage. The court's class-certification analysis must be "rigorous" and may "entail some overlap with the merits" of the underlying claims."  *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 465–66 (2013) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 and n.6 (2011)). "Merits questions may be considered to the extent — but only to the extent —that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen*, 568 U.S. 465-66.  In this regard, the Court understands that further analysis and investigation may be required after the class certification stage, but that does not detract from the plaintiffs articulating the fundamental theories upon which they are proceeding.  Given that a full merit analysis is not required at class certification, the Court has granted such motions when plaintiffs can demonstrate how the elements are satisfied even though more work remains to be done.[1]  To the extent that further discovery is warranted, plaintiffs' motion should note the same and identify the anticipated impact.

---

[1] Plaintiffs' references to "*In re Lithium Ion Batteries Antitrust Litig.*, 2017 WL 1391491, at *12 (N.D. Cal. Apr. 12, 2017) (denying class certification in part based on plaintiffs' failure to "obtain[]" critical data); and *Ward v. Apple Inc.*, 2018 WL 934544, at *3 (N.D. Cal. Feb. 16, 2018) (denying class certification because expert declaration lacked "data-driven analysis")" do not persuade.  In the former, the indirect purchaser plaintiffs were never able to show how they could

The Court continues to maintain that understanding plaintiffs' theories prior to the bench trial in *Epic Games v. Apple Inc.*, will allow for a more thoughtful adjudication of the myriad matters which are currently pending, especially given the Court's limited resources.  That said, plaintiffs have now positioned the Court between the proverbial "rock and a hard place."

Accordingly, if Apple produces the transactional data ordered by Magistrate Judge Hixson by **December 31, 2020**, the briefing on the motion for class certification shall remain as ordered.  If not, the Court will grant the request and reset a briefing schedule.  Apple shall file a notice by Monday, **January 4, 2021** confirming whether the production was made.  If not, Apple shall provide the Court with a date certain for the production.

The corresponding administrative motions to seal at Docket Number 282 in the *In re Apple iPhone Antitrust Litigation* matter and Docket Number 159 in the *Cameron* matter are **GRANTED**. The administrative motion for leave to file a reply in support of the administrative motion to modify case schedule filed earlier today is **DENIED.**  (*See In re Apple iPhone Antitrust Litigation*: Dkt. No. 327; *Cameron*: Dkt. No. 201.)

This Order terminates Docket Numbers 282, 294, and 327 in the *In re Apple iPhone Antitrust Litigation* matter and Docket Numbers 159, 172, and 201 in the *Cameron* matter.

**IT IS SO ORDERED**.

Date: December 18, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

prove antitrust impact on a class-wide basis even though the Court denied the first motion without prejudice.  In the latter, the plaintiffs failed to conduct discovery and submitted a motion based merely on an 11-page report claiming class-wide proof on a "but for"-world theory without *any* data analysis. An analysis *entirely* disconnected to data is insufficient for class certification.  The Court does not anticipate that plaintiffs here would offer such a wholly inadequate motion.