UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 11-cv-06714-YGR   (TSH) |
| | **ORDER RE: MOTIONS TO SEAL** |
| | Re: Dkt. Nos. 370, 371, 372, 376, 377, 378 |
| DONALD R. CAMERON, et al.,<br>    Plaintiffs,<br>    v.<br>APPLE INC.,<br>    Defendant. | Case No. 19-cv-03074-YGR   (TSH)<br><br>Re: Dkt. Nos. 240, 241, 242, 247, 248, 249 |
| EPIC GAMES, INC.,<br>    Plaintiff and Counter-defendant,<br>    v.<br>APPLE INC.,<br>    Defendant and Counterclaimant. | Case No. 20-cv-05640-YGR   (TSH)<br><br>Re: Dkt. Nos. 260, 261, 262, 269, 270, 271 |

In these related actions, there are several pending motions to seal that were filed in connection with joint discovery letter briefs. With respect to the motions to seal, the Court orders as follows.

11-cv-6714 ECF No. 371; 19-3074 ECF No. 241; 20-5640 ECF No. 261. These motions to seal are granted in and denied in part. Apple's proposed redactions to the joint discovery letter brief concerning the Cue and Federighi depositions are acceptable. As Apple has already filed in

the public record the redacted letter brief, no further action is necessary as to that document. Apple's proposed redactions to exhibit 1 are not acceptable, so the motions to seal are denied as to that document without prejudice to Apple filing a narrowly tailored motion. The motions are denied as to exhibits 2-7 because Apple, the designating party, does not seek to seal them. Accordingly, no earlier than four days from today, and no later than ten days, Plaintiffs may file those exhibits in the public record.

11-cv-6714 ECF No. 372; 19-3074 ECF No. 242; 20-5640 ECF No. 262. These motions to seal are granted in part and denied in part. Apple's proposed redactions to the joint discovery letter brief about the Cook deposition are acceptable. As Apple has already filed the redacted version in the public record, no further action is required on these motions.

11-cv-6714 ECF No. 376; 19-3074 ECF No. 247; 20-5640 ECF No. 269. The Court grants in part and denies in part these motions to seal concerning the subpoena to Samsung. Exhibits 3, 4 and 5 are ordered sealed in their entirety. Samsung's proposed redactions to the joint discovery letter brief are acceptable. Pursuant to Local Rule 79-5(f)(3), the Court orders Apple to file a public redacted version of the joint discovery letter brief implementing Samsung's proposed redactions within seven days. The Court orders Apple to provide that redacted document to Samsung in advance of filing so that Samsung may confirm the redactions are correct or propose changes consistent with this order. This ruling applies in equal fashion to the motions to seal at 11-cv-6714 ECF No. 370; 19-3074 ECF No. 240; 20-5640 ECF No. 260.

11-cv-6714 ECF No. 377; 19-3074 ECF No. 248; 20-5640 ECF No. 270. These motions to seal concerning the exhibits to the joint discovery letter brief regarding the Cue and Federighi depositions are granted in part and denied in part. Exhibit A, D, G and H are ordered sealed in their entirety. Apple's proposed redactions to exhibits B, C, E, F, I, K and L are acceptable. Because Apple has already filed these redacted exhibits in the public record, there is no further action needed as to those documents. Apple's proposed redactions to exhibit J are not acceptable, and the motions to seal are denied as to that exhibit without prejudice to Apple filing a narrowly tailored motion.

11-cv-6714 ECF No. 378; 19-3074 ECF No. 249; 20-5640 ECF No. 271. These motions

to seal concerning the exhibits submitted in connection with the joint discovery letter brief about the Cook deposition are granted in part and denied in part. The motions are denied as to exhibits A and B because Apple, the designating party, did not request sealing. No earlier than four days from today, and no later than ten days, Plaintiffs may file those exhibits in the public record. Apple's proposed redactions to exhibits C, D, E, F and G are acceptable. Because Apple has already filed these redacted exhibits in the public record, there is no further action needed as to those documents.

**IT IS SO ORDERED.**

Dated: January 26, 2021

THOMAS S. HIXSON
United States Magistrate Judge