BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
BRITTANY N. DEJONG (258766)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA  92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com
dejong@whafh.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
rifkin@whafh.com
guiney@whafh.com

*Interim Class Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>DATE:     Nov. 16, 2021<br>TIME:      10:00 a.m.<br>CTROOM: 1, 4th Floor<br>JUDGE:    Hon. Yvonne Gonzalez Rogers |

1     The motion of plaintiffs Robert Pepper, Stephen H. Schwartz, Edward W. Hayter and
2 Edward Lawrence ("Plaintiffs") for an order certifying a Class, defined as defined as "All persons
3 in the United States, exclusive of Apple and its employees, agents and affiliates, and the Court
4 and its employees, who purchased one or more iOS applications or application licenses from
5 Defendant Apple Inc. ("Apple"), or who paid Apple for one or more in-app purchases ("IAPs"),
6 including, but not limited to, any subscription purchase, for use on an iOS Device at any time
7 since July 10, 2008", came on for hearing in Courtroom 1, 4th Floor of this Court on November
8 16, 2021 (the "Class").  Wolf Haldenstein Adler Freeman & Herz LLP and Kellogg, Hansen,
9 Todd, Figel & Frederick, P.L.L.C. appeared on behalf of Plaintiffs.  Gibson Dunn & Crutcher
10 LLP appeared on behalf of Defendant Apple Inc.

11     Having considered the motion, the papers filed in support, Defendant's response thereto,
12 and the arguments of counsel, the Court finds:

13     1.   After conducting a rigorous analysis, the Court finds that this action satisfies the
14 requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.  *See Wal-Mart*
15 *Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011).

16     2.   **Numerosity**.  Rule 23(a)(1) is satisfied because the proposed Class is so numerous
17 that joinder of all class members is impracticable.  Millions of Apple customers bought iOS apps
18 or paid for IAP throughout the United States during the Class Period; therefore, numerosity is
19 easily satisfied.  *See Apple iPod iTunes Antitrust Litig.*, 2008 U.S. Dist. LEXIS 107127, at *8-9
20 (N.D. Cal. Dec. 22, 2008) ("*iTunes*").

21     3.   **Commonality**.  Rule 23(a)(2) is satisfied because there are questions of law or fact
22 common to the class. To begin, Plaintiffs must prove both that a "'relevant market' exists and that
23 the defendant has power within that market." *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038,
24 1044 (9th Cir. 2008). Additionally, questions surrounding "the willfulness of Apple's behavior"
25 and "questions of antitrust injury" will be integral to Plaintiffs' success on their monopolization
26 and attempted monopolization claims and are common to the Class. *iTunes*, 2008 U.S. Dist. LEXIS
27 107127, at *14-15. Those predominant common questions are shared by each Class member. Even
28 if each Class member were forced to proceed individually on their antitrust claims, each would

1  have to prove market and market power as foundational elements of their own cases. The
2  "questions of market definition, market share, and market power are common to all members of
3  the proposed class." *Id.*, at *12.
4     In addition to common factual issues, Class members also share the legal issue of whether
5  Apple violated Section 2 of the Sherman Act, 15 U.S.C. § 2, by monopolizing the aftermarket for
6  iOS apps and IAP. Whether Apple violated the antitrust laws is a common legal issue. *See*
7  *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005); *Thompson v. Clear Channel*
8  *Commc'ns., Inc.* (*In re Live Concert Antitrust Litig.*), 247 F.R.D. 98, 113 (C.D. Cal. 2007) ("*Live*
9  *Concert*").
10        4.    **Typicality**.  Rule 23(a)(3) is satisfied because Plaintiffs' claims are typical of the
11  claims of the Class.  Plaintiffs allege the same antitrust claims as all other members of the Class.
12  Each Plaintiff (and Class member) purchased an iOS Device and then bought an app from Apple
13  or paid for IAP through the App Store during the Class Period, and each was injured by paying
14  the supra-competitive prices for the apps and IAP. *Nitsch v. Dreamworks Animation SKG Inc.*,
15  315 F.R.D. 270, 284 (9th Cir. 2016) ("all class members were injured by the same alleged antitrust
16  conspiracy and incurred the same alleged injury – suppressed compensation caused by
17  Defendants' single antitrust conspiracy.")
18        5.    **Adequacy**.  Rule 23(a)(4) is satisfied because Plaintiffs will adequately represent
19  the Class.  In determining whether the adequacy requirement is satisfied, courts must resolve two
20  basic questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with
21  other class members and (2) will the named plaintiffs and their counsel prosecute the action
22  vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir.
23  1998).
24     Here, the interests of Plaintiffs and the rest of the Class are entirely aligned. As direct
25  consumers of iOS apps and IAP during the Class Period, they all share the same interest in
26  determining: (1) whether Apple monopolized the iOS apps aftermarket; and (2) whether they paid
27  supra-competitive prices for apps and IAP as a result.  *See In re Dynamic Random Access Memory*
28  *(DRAM) Antitrust Litig.*, 2006 U.S. Dist. LEXIS 39841, at *36 (N.D. Cal. June 5, 2006)

1  ("*DRAM*") (adequacy of representation met because "the named plaintiffs allege that all members
2  of the proposed class paid artificially inflated prices as a result of defendants' [antitrust violation]
3  during the relevant class period, that all suffered similar injury as a consequence of the
4  conspiracy, and that all seek the same relief"). Under these circumstances, no conflicts preclude
5  class certification. *See In re Tableware Antitrust Litig.*, 241 F.R.D. 644, 649 (N.D. Cal. 2007).
6  Plaintiffs are motivated advocates for the Class. They have retained legal counsel with
7  considerable experience in the prosecution of major class and antitrust litigation. Plaintiffs have
8  produced documents, provided declarations and/or sat for depositions.

9  Rule 23(b)(3) is satisfied because common issues predominate and classwide treatment
10 of class members' claims is superior to a multitude of individual actions.

11 6. **Predominance**. Predominance is satisfied where the elements of class claims are
12 subject to generalized, as opposed to individualized, proof. *DRAM*, 2006 U.S. Dist. LEXIS
13 39841, at *38; *In re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 266 (D.D.C. 2002); *In re TFT-*
14 *LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 291, 310 (N.D. Cal. 2010). "Predominance is a test
15 readily met in certain cases alleging . . . violations of the antitrust laws." *Amchem Products, Inc.*
16 *v. Windsor*, 521 U.S. 591, 625 (1997). "Considering whether questions of law or fact common to
17 class members predominate begins . . . with the elements of the underlying cause of action." *Erica*
18 *P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011). Plaintiffs will use generalized
19 proof for each element of their claims.

20 To prove their Sherman Act section 2 monopolization claim, Plaintiffs will need to prove:
21 "(a) the possession of monopoly power in the relevant market; (b) the willful acquisition or
22 maintenance of that power; and (c) causal antitrust injury." *FTC v. Qualcomm Inc.*, 969 F.3d 974,
23 990 (9th Cir. 2020). For Plaintiffs to prove their claim for attempted monopolization, they will
24 need to prove: "(1) that the defendant has engaged in predatory or anticompetitive conduct with
25 (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power."
26 *Coal. For ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 506 (9th Cir. 2010) (internal
27 quotation marks omitted). These standard "common questions" will predominate here. "[T]he state
28 of the market and [Apple's] use and maintenance of monopoly power, as opposed to individual

plaintiff's conduct, drives the claim." *In re Glumetza Antitrust Litig.*, 336 F.R.D. 468, 475 (N.D. Cal. 2020).

As Prof. McFadden confirmed, each element of Plaintiffs' monopolization and attempted monopolization claims can and will be proved with evidence common to all Class members. *See Live Concert*, 247 F.R.D. at 149; 6 A Conte & H. Newberg, NEWBERG ON CLASS ACTIONS, § 18.25 at 84 (4th ed. 2002) ("common liability issues such as conspiracy or monopolization have, almost invariably, been held to predominate over individual issues").

7. **Superiority**.  Superiority under Rule 23(b)(3) is demonstrated where "classwide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Litigating the monopolization and attempted monopolization claims of each iOS Device customer on an individual basis, even if it were practically feasible, is plainly not the preferable alternative. *See, e.g.*, *In re High-Tech Emp. Antitrust Litig.*, 985 F. Supp. 2d 1167, 1128 (N.D. Cal. 2013) (class action superior where "Plaintiffs' case rises and falls with their common evidence"); *Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 1994 U.S. Dist. LEXIS 12652, at *9-10 (N.D. Cal. Aug. 31 1994) (finding class action superior method because, "[d]espite the complexity of determining individual damages, other methods of adjudicating this controversy would appear to be even more complex and less efficient."); *Live Concert*, 247 F.R.D. at 148 (class mechanism clearly superior way to resolve antitrust claims, even if individualized damages analysis assumed to be required); *DRAM*, 2006 U.S. Dist. LEXIS 39841, at *51 ("unnecessarily duplicative, and judicially inefficient, for the court to mandate individual trials as to each class member").

8. For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion and certifies the Class defined as "All persons in the United States, exclusive of Apple and its employees, agents and affiliates, and the Court and its employees, who purchased one or more iOS applications or application licenses from Defendant Apple, or who paid Apple for one or more IAPs, including, but not limited to, any subscription purchase, for use on an iOS Device at any time since July 10, 2008."

9. Plaintiffs Robert Pepper, Stephen H. Schwartz, Edward W. Hayter and Edward

Lawrence are appointed to serve as class representatives. Wolf Haldenstein Adler Freeman & Herz LLP and Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. are appointed to serve as Co-Class Counsel.

**IT IS SO ORDERED.**

DATE: _____

THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

27399