Steven L. Holley (*pro hac vice* pending)
(holleys@sullcrom.com)
Shane M. Palmer (SBN 308033)
(palmersh@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:     (212) 558-4000
Facsimile:      (212) 558-3588

Brendan P. Cullen (SBN 194057)
(cullenb@sullcrom.com)
SULLIVAN & CROMWELL LLP
1870 Embarcadero Road
Palo Alto, California  94303
Telephone:     (650) 461-5600
Facsimile:      (650) 461-5700

*Attorneys for Non-Party Spotify USA Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR |
|  | **DECLARATION OF BENJAMIN KUNG PURSUANT TO CIVIL LOCAL RULE 79-5(e)(1) AND IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND EXHIBITS IN SUPPORT THEREOF (DKT. NO. 443)** |

SULLIVAN
&
CROMWELL LLP

I, Benjamin Kung, declare as follows:

1.      I am a Director in the Financial Planning & Analysis ("FP&A") team at Spotify USA Inc. ("Spotify"), currently serving as our Head of Strategic Planning and Licensing Finance.  I submit this declaration pursuant to Local Civil Rule 79-5(e) in support of sealing portions of the Expert Report of Daniel L. McFadden submitted in support of Plaintiffs' Motion for Class Certification (Dkt. No. 442-11) ("McFadden Report"), which is the subject of an Administrative Motion to File Under Seal, filed by Plaintiffs on June 2, 2021 (Dkt. No. 443).

2.      I have worked at Spotify since March 2016 and have served in various roles within the FP&A team during that time.  My current job responsibilities include overseeing teams that forecast and manage the economics of our music licensing deals, providing guidance and visibility to business teams and senior leadership on matters impacting Spotify's consolidated margins, and long-range strategic planning for the company.  I have personal knowledge of the facts set forth in this declaration and can testify competently to those facts.

3.      Spotify is an indirect, wholly-owned subsidiary of Spotify Technology S.A., a publicly-traded company incorporated in Luxembourg.  Founded in Sweden, Spotify operates the most popular global audio streaming service.  Spotify's streaming service first launched in Sweden in 2008 and launched in the United States in 2011.  Spotify is available in 178 markets, and its platform is used by over 356 million monthly active users.

4.      The market for audio and music streaming apps and app distribution on various platforms is highly competitive and includes several of the largest tech companies in the world, including Apple Inc. ("Apple").  Because Spotify does not directly control a widely-used channel for distributing its audio streaming app to a large number of users, our business model not only depends on our ability to acquire content or negotiate licenses with content rights holders on favorable terms, but also requires us to simultaneously negotiate with distribution partners to keep distribution fees and commissions as low as possible.  To optimize our distribution and user growth strategies against these variables, Spotify employs significant resources with respect to research and development, data collection, and analysis about user experience and behavior across various channels in order to successfully compete in the audio streaming market.

SULLIVAN
&
CROMWELL LLP

1

DECL. OF BENJAMIN KUNG IN RESP. TO PLS.' ADMIN. MOT. TO FILE UNDER SEAL MOT. FOR CLASS CERT. (DKT. NO. 443)
CASE NO. 4:11-CV-06714-YGR

5. I understand that the McFadden Report contains certain information that is derived from a document that was produced by Spotify in this litigation, bearing production numbers SPOT-APPLE-00000008 through SPOT-APPLE-00000013, in response to a subpoena served on Spotify by Plaintiffs on March 18, 2021 (the "Subpoena"). This document is a presentation relating to Spotify's decision to disable IAP in Spotify's app for iOS devices, dated August 2016. I understand that when Spotify produced this document to Plaintiffs, it designated the document as "SPOTIFY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" pursuant to the Supplemental Protective Order Governing Discovery from Spotify that was filed at Spotify's request and was entered by the Court in this litigation on February 11, 2021 ("Supplemental Protective Order") (Dkt. No. 407).

6. I have reviewed Plaintiffs' Administrative Motion to File Under Seal, the attached declaration of Brittany N. DeJong, and excerpts provided by Plaintiffs' counsel of the portions of the McFadden Report that Plaintiffs' counsel identified as containing or describing Spotify's confidential information. A true and correct copy of the excerpts of the McFadden Report provided by Plaintiffs' counsel is attached hereto as Exhibit A, with highlighting to show the specific portions that are sealable for the reasons stated in this declaration.

7. In an effort to narrowly tailor its sealing requests, Spotify only requests sealing of two small portions of footnote 260 to paragraph 193 of the McFadden Report. Although other portions of the McFadden Report reflect information derived from non-public documents that were produced by Spotify in this litigation, Spotify recognizes the Court's need to balance Spotify's interests against the public's interest in access to court records and has sought to narrow its sealing requests as much as possible.

8. The highlighted portions of footnote 260 of the McFadden Report shown in the attached Exhibit A reflect Spotify's internal projections of the change in the number of subscribers to Spotify's Premium audio streaming service on iOS devices who paid for their subscriptions through Apple's IAP following Spotify's decision to disable IAP in its app, and the total projected number of such subscribers as of the end of 2016. Spotify would be competitively harmed in its business if these projections were disclosed to the public. These figures reflect

SULLIVAN
&
CROMWELL LLP

2

Spotify's proprietary, internal data and analysis concerning the use of its app on iOS devices. This is highly sensitive information that Spotify keeps confidential and does not disclose to the public. To maintain the confidentiality of the data reflected in these figures, Spotify invests in data security measures to prevent unauthorized outside parties from accessing the information.

9.     If these projections in footnote 260 of the McFadden Report were disclosed publicly, it would give Spotify's competitors insight into Spotify's internal data and analysis concerning usage of its app on iOS devices, including trends over time. Such information can be used by Spotify's competitors to inform their own business and marketing strategies with respect to product strategy, distribution, and advertising. And the competitive harm to Spotify resulting from any public disclosure of these figures would be amplified because Spotify's competitors generally do not make the same level of platform-specific usage detail publicly available.

10.     If the information contained in footnote 260 of the McFadden Report were publicly disclosed, it would also unfairly disadvantage Spotify in its negotiations with distribution partners (including original equipment manufacturers such as mobile, TV, gaming, and auto partners, as well as app providers and commercial partners). If this material were to fall into the hands of distribution platforms or partners, it would undermine Spotify's position in negotiations, undercut deal terms, negatively impact deal economics, and generally harm Spotify's ability to compete and grow its business.

I declare under penalty of perjury that the foregoing is true and correct. Executed this June 7, 2021 in Brooklyn, New York.

/s/ Benjamin Kung
Benjamin Kung

SULLIVAN & CROMWELL LLP

3

DECL. OF BENJAMIN KUNG IN RESP. TO PLS.' ADMIN. MOT. TO FILE UNDER SEAL MOT. FOR CLASS CERT. (DKT. NO. 443)
CASE NO. 4:11-CV-06714-YGR

1

## **ATTESTATION**

I, Brendan P. Cullen, am the ECF User whose ID and password are being used to file this document with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all registered counsel.  In compliance with Local Rule 5-1(i)(3), I hereby attest that all signatories concur with this filing.

Dated:  June 7, 2021

/s/ Brendan P. Cullen
Brendan P. Cullen

Sullivan
&
Cromwell LLP

DECL. OF BENJAMIN KUNG IN RESP. TO PLS.' ADMIN. MOT. TO FILE UNDER SEAL MOT. FOR CLASS CERT. (DKT. NO. 443)
CASE NO. 4:11-CV-06714-YGR