# EXHIBIT 30

** HIGHLY CONFIDENTIAL UNDER THE PROTECTIVE ORDER **

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

IN RE APPLE iPHONE ANTITRUST LITIGATION ) Civil Action No. 4:11-cv-06715YGR

ZOOM VIDEOTAPED DEPOSITION OF
TRYSTAN KOSMYNKA, VOLUME II
Taken on
Wednesday, February 3, 2021

Reported by:
LORI M. BARKLEY, CSR No. 6426

is clear. We've written to you about it. We will not be making Mr. Kosmynka available for further deposition testimony, and there's already correspondence between the parties on this. So no need to elaborate, correspondence and motion practice.

MS. MANIFOLD: Okay, thank you. We respectfully disagree, but I appreciate the brevity on both sides. Thank you.

TRYSTAN KOSMYNKA,

having been previously administered an oath, was examined and testified as follows:

EXAMINATION (continuing)

BY MS. MANIFOLD:

Q. I wanted to take you back to 2016, and I wanted to do just a really high level review of what the app review process was like back in 2016. And, you know, ask you what happened somewhat at each stage.

So before an app even gets into the front door would you agree with me that a developer has to be a paid member of the iOS Developer Program, correct?

groups that make the store and app review work.

BY MS. MANIFOLD:

Q. Have you ever seen any reports that calculate the cost of the tools, the investment, the infrastructure that you just described that's exclusive of, you know, the head count and cost reports that you get; have you ever seen that calculated at any place?

A. I don't recall.

MS. MANIFOLD: Okay. So why don't we go off the record for, say, five minutes so we can transfer over to my colleague.

And thank you very much for your time on my behalf.

I do reserve the right to bring the witness back for all the things we've said on the record, but I do want to thank you for your time.

Off the record, please.

MS. MOYE: In response I will again note that we are not making Mr. Kosmynka available for deposition testimony after today.

We can go off the record now and I would like a report of time at this point.

VIDEO OPERATOR: We're going off the record. The time is 10:44.

(Recess taken.)

VIDEO OPERATOR: We're back on the record. The time is 10:55.

EXAMINATION

BY MR. WOJCIK:

Q. Hi, Mr. Kosmynka. I'm the attorney for the developer plaintiffs. My name is Ted Wojcik. I guess I'm the third of the three musketeers you're going to be dealing with in this deposition.

And I was going to pick up -- I know that counsel for Epic asked you a couple questions yesterday about the web app but I have a few more for you.

Now, iOS users are, they're free to access whatever content they want through their browsers on their iOS devices. Is that an accurate statement?

A. IOS users can use their iOS devices freely in general. They can access content they want on the App Store, they can access content through browsers. So users have -- it's their choice where and what they get access to.

Q. And important in that is that users can access web apps through their browsers, right?

A. Yes.

Q. Okay. And you can input as a user of an iOS device, sensitive information like financial information or health information into a website or a web app if you're using an iOS device; is that correct?

MS. MOYE: Could I have that question back, I'm sorry, I missed the very beginning of it, court reporter, could you read it back, please?

(Whereupon the record was read by the reporter as follows:

"Q. Okay. And you can input as a user of an iOS device sensitive information like financial information or health information into a website or a web app if you're using an iOS device; is that correct?")

THE WITNESS: I think it's up to the user where they put their sensitive information.

BY MR. WOJCIK:

Q. Okay. So they have the capability to put that information into a browser or web app?

A. Sensitive information's a very broad set of things and that would I guess be up to the website as to whether they accepted such information and

STATE OF CALIFORNIA ) ss.
COUNTY OF LOS ANGELES )

I, Lori M. Barkley, CSR No. 6426, do hereby certify:

That the foregoing deposition testimony taken before me at the time and place therein set forth and at which time the witness was administered the oath;

That the testimony of the witness and all objections made by counsel at the time of the examination were recorded stenographically by me, and were thereafter transcribed under my direction and supervision, and that the foregoing pages contain a full, true and accurate record of all proceedings and testimony to the best of my skill and ability.

I further certify that I am neither counsel for any party to said action, nor am I related to any party to said action, nor am I in any way interested in the outcome thereof.

IN WITNESS WHEREOF, I have subscribed my name this 4th day of February, 2021.

LORI M. BARKLEY, CSR No. 6426