THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
CAELI A. HIGNEY, SBN 268644
  chigney@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant APPLE INC.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEFENDANT APPLE INC.'S NOTICE OF ERRATA TO THE EXPERT REPORTS AND DECLARATIONS OF LORIN HITT (ECF 478-1) AND JEFFREY PRINCE (ECF 478-3)** |

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Apple Inc. ("Apple") files this Administrative Motion to Partially Seal Defendant Apple Inc.'s Notice of Errata to the Expert Report and Declaration of Lorin Hitt (ECF 478-1) and Jeffrey Prince (ECF 478-3) to seal information Apple contends is sealable under controlling authority and the Local Rules. *See* L. R. 79-5 (defining "sealable" "document[s], or portions thereof," as being "privileged, protectable as a trade secret or otherwise entitled to protection under the law"). Specifically, Apple moves to seal portions of the Errata to Expert Report and Declaration of Lorin Hitt, Ph.D and Errata to Expert Report of Jeffrey T. Prince, Ph.D. which contain non-public financial information and competitively sensitive confidential business information that could competitively harm Apple, and respectfully requests that the Court grant Apple's request to do so.

## LEGAL STANDARD

In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Here, the less-restrictive good cause test applies because the underlying dispute is non-dispositive. *See In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) (applying good cause standard for class certification opposition and related filings). The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

## DISCUSSION

**A.    The Court Should Grant Apple's Request As To Non-Public Financial Information.**

Non-public financial information is routinely sealed because it can reveal sensitive information to a litigant's competitors that would provide those competitors an unfair advantage in the future. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir.

2013) (applying Ninth Circuit law and concluding that the district court abused its discretion in denying a motion to seal as to "profit, cost, and margin data"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 13-CV-159, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (concluding that sensitive financial information falls within the class of documents that may be filed under seal); *Rodman v. Safeway Inc.*, No. 11-CV-3003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's pricing strategy").

Here, Apple non-public financial information is found within the Errata to Expert Report of Lorin Hitt, Ph.D. related to paragraphs 94 and 208 of the Expert Report of Lorin Hitt. *See* Declaration of Rachel S. Brass at ¶ 8. Apple asks the Court to seal this non-public, competitively sensitive financial information, as disclosure could harm Apple's business.

**B.   The Court Should Grant Apple's Request As To Confidential Competitively Sensitive Business Information**

As the Supreme Court has recognized, sealing may be appropriate to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing*." Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, courts routinely seal information where disclosure could harm a litigant's competitive standing. *See, e.g., Philips v. Ford Motor Co., No. 14-CV-02989*, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 9185002, at *2 (N.D. Cal. Jun. 17, 2016) ("[U]nder Ninth Circuit law . . . internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage.").

Apple confidential competitively sensitive business information is found within the Errata to Expert related to paragraph 108 Expert Report of Jeffrey T. Prince. *See* Declaration of Rachel S. Brass

at ¶ 8. Apple asks the Court to seal this non-public, competitively sensitive information, as disclosure could harm Apple's business.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court partially seal the identified information.

Dated: September 28, 2021

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Rachel S. Brass*
Rachel S. Brass

Attorney for Defendant Apple Inc.