THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
CAELI A. HIGNEY, SBN 268644
  chigney@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant APPLE INC.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEFENDANT APPLE INC.'S NOTICE OF ERRATA TO THE EXPERT REPORTS AND DECLARATIONS OF LORIN HITT (ECF 478-1) AND JEFFREY PRINCE (ECF 478-3)** |

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEFENDANT APPLE INC.'S NOTICE OF ERRATA, 4:11-cv-06714-YGR

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1.  I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2.  I submit this declaration in support of Defendant's Administrative Motion to Partially Seal Defendant Apple Inc.'s Notice of Errata to the Expert Reports and Declarations of Lorin Hitt (ECF 478-1) and Jeffrey Prince (ECF 478-3).

3.  Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will exploit any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

4.  In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Here, the less-restrictive good cause test applies because the underlying dispute is non-dispositive. *See In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) (applying good cause

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEFENDANT APPLE INC.'S NOTICE OF ERRATA, 4:11-CV-06714-YGR

standard for class certification opposition and related filings). The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

5. Specifically Apple asks the Court to seal specific non-public, competitively sensitive financial information and confidential business information whose disclosure could harm Apple.

6. Non-public financial information in particular is routinely sealed because it can reveal sensitive information to a litigant's competitors that would provide those competitors an unfair advantage in the future. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law and concluding that the district court abused its discretion in denying a motion to seal as to "profit, cost, and margin data"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 13-CV-159, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (concluding that sensitive financial information falls within the class of documents that may be filed under seal); *Rodman v. Safeway Inc.*, No. 11-CV-3003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's pricing strategy").

7. As the Supreme Court has recognized, sealing may also be appropriate to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, courts routinely seal information where disclosure could harm a litigant's competitive standing. *See, e.g., Philips v. Ford Motor Co., No. 14-CV-02989*, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 9185002, at *2 (N.D. Cal. Jun. 17, 2016) ("[U]nder Ninth Circuit law . . .

Gibson, Dunn & Crutcher LLP

2
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEFENDANT APPLE INC.'S NOTICE OF ERRATA, 4:11-CV-06714-YGR

internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage.").

8. Below is a chart detailing the specific items of Apple's that are sealable in Defendant Apple Inc.'s Notice of Errata to the Expert Reports and Declarations of Lorin Hitt (ECF 478-1) and Jeffrey Prince (ECF 478-3) for the reasons explained herein, with proposed redactions highlighted in yellow in the attached unredacted version of the Errata. Apple has previously sought to seal this information. *See* Declaration of Michael J. Holecek in Support of Defendant's Corrected Administrative Motion to Partially Seal Defendant Apple Inc.'s Opposition to Named Consumer Plaintiff's Motion for Class Certification and Supporting Documents at ECF 480-2 (filed August 11, 2021).

| Document | Pages & Lines | Reason for Redaction |
|---|---|---|
| Errata to Expert Report of Lorin Hitt, Ph.D. | Line 41 regarding paragraph 42 of the Expert Report of Lorin Hitt<br><br>Line 44 regarding paragraph 208 of the Expert Report of Lorin Hitt | The Errata contains competitively sensitive non-public financial information regarding Mac App Store revenues. |
| Errata to Expert Report of Jeffrey T. Prince, Ph.D. | Errata related to Paragraph 108 | The Errata contains competitively sensitive information related to the total number of apps in the App Store over time. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on September 28, 2021 at San Francisco, California.

/s/ *Rachel S. Brass*
Rachel S. Brass

Gibson, Dunn & Crutcher LLP

3
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEFENDANT APPLE INC.'S NOTICE OF ERRATA, 4:11-CV-06714-YGR