THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
CAELI A. HIGNEY, SBN 268644
  chigney@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant APPLE INC.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**DEFENDANT APPLE INC.'S FURTHER AMENDED ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEFENDANT APPLE INC.'S OPPOSITION TO NAMED CONSUMER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND SUPPORTING DOCUMENTS** |

DEFENDANT APPLE INC.'S FURTHER AMENDED ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEFENDANT APPLE INC.'S OPPOSITION TO NAMED CONSUMER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND SUPPORTING DOCUMENTS, 4:11-cv-06714-YGR

Gibson, Dunn & Crutcher LLP

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Apple Inc. ("Apple") files this Further Administrative Motion to Partially Seal Defendant Apple Inc.'s Opposition to Named Consumer Plaintiff's Motion for Class Certification and Supporting Documents to seal documents which contain information Apple contends is sealable under controlling authority and the Local Rules. *See* L. R. 79-5 (defining "sealable" "document[s], or portions thereof," as being "privileged, protectable as a trade secret or otherwise entitled to protection under the law").[1] In particular these documents contain a mixture of either (1) non-public, competitively sensitive financial information whose disclosure could harm Apple; (2) confidential information whose disclosure could aid a bad actor; and/or (3) competitively sensitive business information, including unannounced Apple products or internal market research. This is one of two administrative submissions Apple is making today in this action related to correcting minor changes to previous filings and sealing requests.[2]

Apple accordingly moves to seal portions of the Defendant Apple Inc.'s Opposition to Named Consumer Plaintiff's Motion for Class Certification and Supporting Documents as well as the *Daubert* Motion to Exclude Testimony of Professor Daniel L. McFadden. Apple respectfully requests that the

---

[1] Apple submits this further amended motion after it supplied third parties with highlighted documents indicating the third parties' potentially confidential information in Apple's Opposition and Supporting Documents, and after several third parties filed declarations to seal confidential material from August 16 to September 3, 2021 as described in the concurrently filed Declaration of Rachel S. Brass ("Brass Declaration" or "Brass Decl."). Apple also identified additional portions of its own confidential material that were filed under seal but inadvertently omitted in its prior declaration, again as described in the Brass Declaration.

[2] This motion is one of two submissions that Apple is filing in this action today. For the convenience of the Court, the following is a brief description of these submissions:
(1) This Further Amended Administrative Motion to Seal portions of Apple's class certification opposition submits an *updated* supporting declaration correctly identifying all Apple confidential information.
  (a) The accompanying Declaration of Rachel S. Brass in support of this motion reflects an updated table identifying (i) citations which were previously inadvertently omitted from the supporting declaration filed in connection with the Amended Administrative Motion to Seal on August 11, 2021 (Dkt. 480) and (ii) information that Apple is no longer seeking to seal in light of this Court's subsequent sealing decisions in *Epic Games Inc. v. Apple Inc.*, Case No. 4:20-cv-05640 (Dkt. 812).
  (b) The [Proposed] Order relating to Apple's Further Amended Motion to Seal corresponds to the updated table in the Brass Declaration.
(2) An Administrative Motion to Permanently Seal certain papers (Dkt. Nos. 473 and 474) requests permanent sealing of prior docket entries which are currently provisionally under seal.
  (a) The Stipulation and [Proposed] Order relating to the Administrative Motion to Permanently seal certain papers corresponds to the motion.

Gibson, Dunn & Crutcher LLP

DEFENDANT APPLE INC.'S FURTHER AMENDED ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEFENDANT APPLE INC.'S OPPOSITION TO NAMED CONSUMER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND SUPPORTING DOCUMENTS, 4:11-CV-06714-YGR

Court grant Apple's request to seal the sealable information contained within the documents and exhibits discussed herein and specifically identified in the concurrently filed Brass Declaration.

**LEGAL STANDARD**

In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Here, the less-restrictive good cause test applies because the underlying dispute is non-dispositive. *See In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) (applying good cause standard for class certification opposition and related filings). The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

**DISCUSSION**

**A.   The Court Should Grant Apple's Request As To Non-Public Financial Information.**

Apple asks the Court to seal specific non-public, competitively sensitive financial information whose disclosure could harm Apple. As the Supreme Court has recognized, sealing may be appropriate to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, courts routinely seal information where disclosure could harm a litigant's competitive standing. *See*, *e.g.*, *Philips v. Ford Motor Co.*, No. 14-CV-02989, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Rodman v. Safeway Inc.*, No. 11-CV-3003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's pricing strategy").

2
DEFENDANT APPLE INC.'S FURTHER AMENDED ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEFENDANT APPLE INC.'S OPPOSITION TO NAMED CONSUMER PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND SUPPORTING DOCUMENTS, 4:11-CV-06714-YGR

Gibson, Dunn & Crutcher LLP

1   Non-public financial information in particular is routinely sealed because it can reveal sensitive information to a litigant's competitors that would provide those competitors an unfair advantage in the future.  *See*, *e.g.*, *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law and concluding that the district court abused its discretion in denying a motion to seal as to "profit, cost, and margin data"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 13-CV-159, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (concluding that sensitive financial information falls within the class of documents that may be filed under seal).

The documents and portions of documents which contain information sealable for these reasons are identified in the concurrently filed Brass Declaration.  *See* Brass Decl. ¶12.

**B.   The Court Should Grant Apple's Request As To Information That Could Aid A Bad Actor.**

Apple requests that the Court seal specific information that could aid third parties in harming Apple or its customers, such as details about Apple's security policies and internal processes like Apple's App Review process.  Sealing of court records is appropriate "when such 'court files might . . . become a vehicle for improper purposes.'"  *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  For example, courts have sealed information that could be used by a bad actor to breach a company's internal security system.  *See*, *e.g.*, *Connor v. Quora, Inc.*, No. 18-CV-07597, 2020 WL 6700473, at *2 (N.D. Cal. Nov. 13, 2020) (sealing "information regarding Quora's investigation into the data breach incident that could be used by a bad actor to exploit and breach Quora's systems"); *Music Group Macao Commercial Offshore Limited v. Foote*, No. 14-CV-03078, 2015 WL 3993147, at *5 (N.D. Cal. June 30 2015) ("[C]ourts have found a party's tangible concern about future cyber attacks or hacking is a compelling reason to seal materials."); *In re Google Inc. Gmail Litigation*, No. 13–MD–02430, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding compelling reasons existed to seal "information that if made public . . . could lead to a breach in the security of the Gmail system").  Similarly, courts seal information that could be abused by bad actors to harm the parties' themselves.  *See, e.g.*, *Adtrader, Inc. v. Google LLC*, No. 17-CV-0782, 2020 WL 6387381, at *2 (N.D.

Gibson, Dunn & Crutcher LLP

1  Cal. Feb. 24, 2020) (sealing information where "disclosing to bad actors who would seek to manipulate
2  Google's systems information about how Google detects and reacts to invalid traffic").

3  Sealing here is necessary because third parties could use the identified information to evade
4  Apple's important security policies and to manipulate Apple's App Review process. Apple takes many
5  steps, and undertakes substantial efforts, to safeguard information—including its trade secrets and data
6  of its customers and developers who use Apple's technology—and keeping the details of those efforts
7  confidential is important to their effectiveness. Public disclosure of this detailed information would
8  risk providing assistance to competitors and third parties seeking to unlawfully access or steal data. In
9  addition, Apple has designed a rigorous App Review process, using proprietary review tools and
10 information, to protect users and developers alike from fraud, malware, and unwarranted intrusion into
11 their privacy, as well as to evaluate the operation and reliability of proposed apps and app updates. The
12 Court should seal the identified information in order to ensure that bad actors cannot use it to
13 circumvent Apple's important review processes.

14 The documents and portions of documents which contain information sealable for these
15 reasons are identified in the concurrently filed Brass Declaration. *See* Brass Decl. ¶12.

16 **C.   The Court Should Grant Apple's Request As To Competitively Sensitive Information.**

17 Apple seeks to seal competitively sensitive information. Public access to this information
18 would cause Apple economic harm and put it at a competitive disadvantage. *See Ctr. for Auto Safety*
19 *v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *In re Apple Inc. Device Performance*
20 *Litig.*, No. 18-MD-2827, 2019 WL 1767158, *2 (N.D. Cal. Apr. 22, 2019) (finding compelling reasons
21 may exist to seal "product development plans"); *Algarin v. Maybelline*, LLC, No. 12-CV-3000, 2014
22 WL 690410, *3 (S.D. Cal. Feb. 21, 2014) (compelling reasons found to seal information related to
23 product development where "[p]ublic disclosure of L'Oréal's confidential business material, marketing
24 strategies, product development plans could result in improper use by business competitors seeking to
25 replicate L'Oréal's business practices and circumvent the time and resources necessary in developing
26 their own practices and strategies").

27 Apple also seeks to seal as competitively sensitive certain market research reports which were
28 either commissioned by or conducted by Apple to gain unique insights into consumers and gain a

4
DEFENDANT APPLE INC.'S FURTHER AMENDED ADMINISTRATIVE MOTION TO PARTIALLY SEAL
DEFENDANT APPLE INC.'S OPPOSITION TO NAMED CONSUMER PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION AND SUPPORTING DOCUMENTS, 4:11-CV-06714-YGR

Gibson, Dunn &
Crutcher LLP

competitive advantage. *Samsung*, 727 F.3d at 1228 (finding "Apple has a strong interest in keeping its market research reports confidential," such that compelling reasons existed to seal "market research reports [which] contain information that Apple's competitors could not obtain anywhere else"); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 9185002, at *2 (N.D. Cal. Jun. 17, 2016) ("[U]nder Ninth Circuit law . . . internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage.").

Sealing is necessary here because public disclosure of this information would risk competitors gaining an unfair business advantage by benefiting from Apple's efforts into product development and market research that Apple intended to keep confidential. Apple takes many steps, and undertakes substantial efforts, to safeguard information—including its trade secrets—and keeping those efforts confidential is important to their effectiveness.

The documents and portions of documents which contain information sealable for these reasons are identified in the concurrently filed Brass Declaration. *See* Brass Decl. ¶12.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court partially seal the identified information.

Dated: October 11, 2021

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Rachel S. Brass*
Rachel S. Brass

Attorney for Defendant Apple Inc.

5
DEFENDANT APPLE INC.'S FURTHER AMENDED ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEFENDANT APPLE INC.'S OPPOSITION TO NAMED CONSUMER PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND SUPPORTING DOCUMENTS, 4:11-CV-06714-YGR

Gibson, Dunn & Crutcher LLP