| | |
|---|---|
| THEODORE J. BOUTROUS JR., SBN 132099<br>  tboutrous@gibsondunn.com<br>RICHARD J. DOREN, SBN 124666<br>  rdoren@gibsondunn.com<br>DANIEL G. SWANSON, SBN 116556<br>  dswanson@gibsondunn.com<br>JAY P. SRINIVASAN, SBN 181471<br>  jsrinivasan@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)<br>  vmoye@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>2100 McKinney Avenue, Suite 1100<br>Dallas, TX 75201<br>Telephone: 214.698.3100<br>Facsimile: 214.571.2900 | MARK A. PERRY, SBN 212532<br>  mperry@gibsondunn.com<br>CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>  crichman@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>ETHAN D. DETTMER, SBN 196046<br>  edettmer@gibsondunn.com<br>RACHEL S. BRASS, SBN 219301<br>  rbrass@gibsondunn.com<br>CAELI A. HIGNEY, SBN 268644<br>  chigney@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street<br>San Francisco, CA 94105<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306<br><br>*Attorneys for Defendant APPLE INC.* |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEFENDANT APPLE INC.'S OBJECTICUN UNDER CIV. L. R. 7-3(D)(1) TO EVIDENCE FILED WITH PLAINTIFFS' CLASS CERTIFICATION REPLY AND SUPPORTING DOCUMENTS** |

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL OBJECTION TO REPLY EVIDENCE, 4:11-cv-06714-YGR

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration in support of Defendant's Administrative Motion to Partially Seal Apple's Objection Under Civ. L. R. 7-3(D)(1) and Supporting Documents. Apple operates in an intensely competitive marketplace. It occupies a unique position and competes vigorously with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors will exploit any release of Apple's highly sensitive, proprietary information in order to gain competitive advantage. As such, Apple takes extensive measures to protect the confidentiality of its proprietary information.

3. In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Here, the less-restrictive good cause test applies because the underlying dispute is non-dispositive. *See In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) (applying good cause standard for class certification opposition and related filings). The Court has "broad latitude" "to

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *In Re Qualcomm Litig.*, No. 17-00108, Dkt. 398-1 (S.D. Cal. Mar. 3, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration supporting filing under seal.

Gibson, Dunn & Crutcher LLP

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL OBJECTION TO REPLY EVIDENCE, 4:11-CV-06714-YGR

prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original).

4. Specifically Apple asks the Court to seal specific non-public, competitively sensitive financial information and confidential business information whose disclosure could harm Apple.

5. Non-public financial information in particular is routinely sealed because it can reveal sensitive information to a litigant's competitors that would provide those competitors an unfair advantage in the future. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law and concluding that the district court abused its discretion in denying a motion to seal as to "profit, cost, and margin data"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Linex Techs., Inc. v. Hewlett-Packard Co.*, No. 13-CV-159, 2014 WL 6901744 (N.D. Cal. Dec. 8, 2014) (concluding that sensitive financial information falls within the class of documents that may be filed under seal); *Rodman v. Safeway Inc.*, No. 11-CV-3003, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (granting motion to seal "information discussing Safeway's pricing strategy").

6. As the Supreme Court has recognized, sealing may also be appropriate to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, courts routinely seal information where disclosure could harm a litigant's competitive standing. *See, e.g., Philips v. Ford Motor Co., No. 14-CV-02989*, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 WL 9185002, at *2 (N.D. Cal. Jun. 17, 2016) ("[U]nder Ninth Circuit law . . . internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage.").

Gibson, Dunn & Crutcher LLP

2

DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL OBJECTION TO REPLY EVIDENCE, 4:11-CV-06714-YGR

7. Apple seeks to seal the same the same confidential information in three documents. Below is a chart detailing the specific items of Apple's that are sealable in Apple's Objection Under Civ. L. R. 7-3(D)(1) and Supporting Documents for the reasons explained herein, with proposed redactions highlighted in yellow in the attached unredacted versions of the following documents:

| Document | Redaction Location | Reason for Redaction |
|---|---|---|
| Appendix A to the Objection to Reply Evidence - Corrections to the Deposition Transcript of Prof. Daniel McFadden | Corrections related to Lines 155:20-24 | This document should be partially sealed because it includes Apple's non-public financial information related to Apple's profitability and would put Apple at a competitive disadvantage if made public. |
| Exhibit 1 to the Brass Declaration In Support of Apple's Objection to Reply Evidence | Corrections related to Lines 155:20-24 found in Exhibit 1 to the September 8, 2021 Letter to Thomas Burt. | This document should be partially sealed because it includes Apple's non-public financial information related to Apple's profitability and would put Apple at a competitive disadvantage if made public. |
| Exhibit 2 to the Brass Declaration In Support of Apple's Objection to Reply Evidence | Page 3 | This document should be partially sealed because it includes Apple's non-public financial information related to Apple's profitability and would put Apple at a competitive disadvantage if made public. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on October 26, 2021 at San Francisco, California.

/s/ *Rachel S. Brass*
Rachel S. Brass

Gibson, Dunn & Crutcher LLP

3
DECLARATION OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO PARTIALLY SEAL OBJECTION TO REPLY EVIDENCE, 4:11-CV-06714-YGR