UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | CASE NO. 11-cv-6714-YGR<br><br>**ORDER DENYING CONSUMER PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; GRANTING CONSUMER PLAINTIFFS' MOTION TO STRIKE APPLE'S MOTION TO COMPEL TRIAL PLAN; AND DENYING MOTION TO COMPEL TRIAL PLAN AS MOOT**<br><br>Re: Dkt. Nos. 471, 487, and 544 |

Plaintiffs Stephen H. Schwartz, Edward W. Hayter, Robert Pepper, and Edward Lawrence's ("Consumer Plaintiffs") bring this putative class action against Apple, Inc. for Apple's alleged anticompetitive conduct and alleged violation of the Sherman Act. (Dkt. No. 228, Ex. A ("TAC") at 1.)

Now before the Court are the following motions: (1) Consumer Plaintiffs' motion for leave to file a fourth amended complaint, specifically to include one additional affirmative claim for a violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*. ("UCL"). Consumer Plaintiffs' UCL claim is based on Apple's alleged anticompetitive conduct and alleged violation of the Sherman Act using all three prongs of the Act: unfair, fraudulent and unlawful. Under the UCL, Consumer Plaintiffs seek both injunctive relief and equitable restitution (Dkt. No. 544); (2) Apple's motion to compel plaintiffs to submit a trial plan (Dkt. No. 471) in light of Consumer Plaintiffs' pending motion for class certification; and (3) Consumer plaintiffs' motion to strike Apple's motion to compel plaintiffs to submit a trial plan (Dkt. No. 487).[1]

---

[1] The Court assumes the parties' familiarity with the factual and procedural background of this case.

Having carefully considered the pleadings and the papers submitted, the Court **HEREBY ORDERS** as follows: (1) the Court **DENIES** Consumer Plaintiffs' motion for leave to amend given the unjustified delay, considerable prejudice, and lack of good cause; (2) **GRANTS** Consumer Plaintiffs' motion to strike Apple's motion to compel plaintiffs to submit a trial plan as it relates to plaintiffs' motion for class certification and violates Local Rule 7-3(a); and (3) **DENIES WITHOUT PREJUDICE** Apple's motion to compel plaintiffs to submit a trial plan as moot.[2]

### I. MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

#### A. Procedural History

This case has a long history having been filed a decade ago. Upon return from the Supreme Court, and with input from counsel, the Court issued a scheduling order to expedite resolution of the case by setting the briefing schedule for discovery cutoffs and class certification. Plaintiffs did not request to amend their complaint at that time.

On January 9, 2020, the Court entered a Revised Case Management and Pretrial Order setting the hearing for class certification on February 1, 2021 and trial for March 7, 2022. (Dkt. No. 198.) Thereafter, in June 2020, due in part to the COVID-19 pandemic, the parties stipulated to a revised schedule extending the schedule four months. The Court granted the request and reset the trial date for July 11, 2022. (Dkt. No. 209.) Plaintiffs did not request to amend their complaint at that time.

In the related actions, the Developer Class filed a consolidated class action complaint on June 4, 2019, which included a claim under the UCL. Epic Games filed an action against Apple on August 13, 2020, which also included a claim under the UCL.[3] Thereafter, Consumer Plaintiffs

---

[2] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds these motions appropriate for decision without oral argument. Accordingly, the Court **VACATES** the motion hearing for Consumer plaintiffs' motion for leave to file a fourth amended complaint and Apple's motion to compel plaintiffs to submit a trial plan set for **NOVEMBER 16, 2021**. The hearing on Consumer plaintiffs' motion for class certification and Apple's motion to exclude the testimony of Professor McFadden shall proceed as scheduled on November 16, 2021. Thus, the parties' joint stipulation continuing the class certification, motion to compel trial plan, and Daubert hearing is **DENIED**.

[3] *Epic Games v. Apple, Inc.*, Case No. 4:20-5640-YGR (N.D. Cal.) ("Epic Games/Apple case").

2

1  filed their own amended complaint and chose again not to include a UCL claim. *See* Dkt. Nos. 1,
2  26 (3/21/2012), 81 (9/28/2012), and 229 (9/11/2020).

3  Again, upon the parties' request, on January 8, 2021, the Court extended the briefing
4  schedule for the class certification motion requiring:

- Class Certification Motion shall be filed and supporting Expert Reports with all data upon which they are based shall be produced by June 1, 2021.
- Class Certification Opposition shall be filed and supporting Expert Reports with all data upon which they are based shall be produced by August 10, 2021.
- Class Certification Reply shall be filed and any Rebuttal Expert Reports with all data upon which they are based shall be produced by October 12, 2021.

The hearing is scheduled for November 16, 2021. (Order at Dkt. No. 362; *see* related order at Dkt. 330.) The Court did not vacate the trial date nor did plaintiffs request to amend their complaint. (*Id.*) Under the current scheduling order, the following deadlines apply, assuming the Court renders its decision on class certification by December 1, 2021:

| Deadline for Expert Reports | January 30, 2022 |
| --- | --- |
| Deadline for Rebuttal Reports | March 16, 2022 |
| Expert Cutoff | April 15, 2022 |
| Dispositive Motions/*Dauberts* filed | May 30, 2022 |
| Joint Pretrial Statements | June 10, 2022 |
| Trial | July 11, 2022 |

As this Court has done in other antitrust cases, a brief period of time is allowed after class certification practice to tie up any loose ends which may have been identified during that portion of the pretrial practice. The time is too short to do much else. Thus, given the parties' requested extensions, under the current scheduling order, the parties have already committed to double track dispositive and *Daubert* motion practice with trial preparation. *See* Standing Order re Civil Trial for trial related deadlines.

In preparing for an expedited trial in the Epic Games/Apple trial, the Court repeatedly

3

1  requested input from the Consumer Plaintiffs and the Developer Plaintiffs including their
2  perspectives on the legal issues being litigated, including the UCL.  Not once did the Consumer
3  Plaintiffs request to amend their complaint.
4        In August 2021, counsel for the Developer Plaintiffs advised the Court that they had
5  reached a tentative settlement with Apple and the Court preliminarily approved the settlement on
6  November 2, 2021.
7        After a bench trial in the Epic Games/Apple case, the Court issued a 185-page decision on
8  September 10, 2021 with its findings which included a finding against Apple on the UCL claim.
9        On October 8, 2021, counsel for Consumer Plaintiffs filed the instant motion, never really
10 explaining why they never alleged a UCL claim but merely stating that they would be "remiss not
11 to," given the Court's decision in the Epic Games/Apple case.

### B. Legal Standard

The parties dispute the rule under which Consumer Plaintiffs' motion for leave to amend should be evaluated.  Two potential rules apply: Federal Rule of Civil Procedure (FRCP) 15(a) (Amendments before Trial) or FRCP 16(b) (Modifying a Case Schedule).  Rule 15(a) generally governs when parties may amend their pleadings and Rule 16(b) governs amendments that would alter the Court's pretrial schedule.

Apple avers that the motion to amend, if granted, would result in a change to the Court's scheduling order, and thus Rule 16 applies.  (Opp. at 8-9.)  Plaintiffs counter that Rule 16 only applies when a court has entered a scheduling order that sets a deadline for amendments to the pleadings. (Dkt. No 567 ("Reply") at 3-4.)  According to plaintiffs, because the Court's scheduling orders in this case have not set such a deadline, Rule 15 applies.  (*Id.*)

The Court notes that the case law regarding the governing standard in a case with a unique procedural history such as this one appears mixed.  At least one court in this district has applied Rule 16(b) absent a scheduling order setting a deadline for amendment of pleadings and was affirmed by the Ninth Circuit.  *See Design Data Corp. v. Unigate Enter., Inc.*, No. 12-CV-04131-WHO, 2014 WL 4477244, at *2 (N.D. Cal. Sept. 11, 2014), *aff'd*, 847 F.3d 1169 (9th Cir. 2017) (although the court had not issued a scheduling order setting a deadline for amendment to

4

the pleadings, Rule 16(b) applied "[g]iven that the timing of [defendant]'s motion to amend would upend the trial schedule"). However, in other cases, courts have stated that Rule 16(b) controls only after "the district court [ ] file[s] a pretrial scheduling order pursuant to [Rule] 16 which establish[s] a timetable for amending pleadings[.]" *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607–608 (9th Cir. 1992); *Moeller v. Taco Bell Corp.*, No. C 02-5849 PJH, 2013 WL 6140730, at *1 (N.D. Cal. Nov. 21, 2013) (where "no deadline for amending the pleadings was ever set in a case management or pretrial scheduling order, . . . the applicable standard is provided by Rule 15(a)").

Given the lengthy procedural history of this case, the Court will use the concepts underlying both FRCP 15 and 16 to evaluate the request. Courts are to grant leave to amend "when justice so requires." Generally speaking, the rule is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). That said, "leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

Under Rule 15 the Court weighs the following factors in ruling on a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the movant has previously amended its pleadings to cure deficiencies. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Of these factors, "the consideration of prejudice to the opposing party [ ] carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). "Undue delay alone cannot serve as the basis for the denial of leave to amend." *In re Tracht Gut, LLC v. L.A. Cty. Treasurer & Tax Collect*or, 836 F.3d 1146, 1155 n.4 (9th Cir. 2016).

Rule 16 requires diligence and allows changes due to matters not reasonably foreseeable at the time the scheduling order was issued. *Johnson,* 975 F.2d at 609.

### C. Analysis

Apple contends that amendment should be denied because it would upend the Court's

5

scheduling order and reopen the pleadings.  Further, even under Rule 15, Apple claims (a) it would be prejudiced by the amendment; (b) Consumer Plaintiffs unduly delayed in seeking leave to amend; (c) Consumer Plaintiffs' proposed amendment would be futile; (d) Consumer Plaintiffs have amended their complaint "five" times; (e) and the timing of Consumer Plaintiffs' amendment reflects bad faith.  The Court addresses each factor.

### 1. Rule 16: Modification to the Court's Schedule

The schedule for this case was coordinated with two other related cases; one of which has been tried and is now on appeal and the other of which settled.  Class certification briefing is complete pending a hearing and, due to requests for extensions, the schedule already overlaps with trial preparation.  Thus, the request to reopen pleadings to add a new claim would entirely disrupt an already tight schedule.

Further, and importantly, counsel for the Consumer Plaintiffs have utterly failed to explain their delay in raising this issue.  That this Court ruled in favor of Epic Games for its UCL claim does not justify granting leave for the belated request to reopen the pleadings.

Protestations to the contrary, Consumer Plaintiffs add three new theories under the UCL and additional remedies.  (*See* Proposed Fourth Amended Complaint, ¶¶ 19, 20, and 90-101.)  Moreover, the proposal adds generic bald allegations which would be subject to Rule 12 practice.  For instance, the proposed paragraph 92 alleges that "Apple's acts, omissions, misrepresentations, practices and non-disclosures, as alleged herein, constituted a common, continuous, and continuing course of conduct of unfair competition . . . ." Yet, the proposed complaint is devoid of any factual allegations or any specific reference to any "omission," "misrepresentation," or "non-disclosure" as is required by a heightened pleading standard for the "fraud" theory under the UCL.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  Similarly, they propose to allege in paragraph 94 "immoral, unethical, oppressive, and unscrupulous" conduct but never identifies any facts to support the conclusory statement of law.  Finally, they request in the Prayer and proposed paragraphs 98 and 101, "full restitution and/or disgorgement . . . ." which are entirely new bases for requested relief. While perhaps the damages issues would not be subject to Rule 12 practice, it would require further discovery and analysis for class certification purposes.  All of

these additional factual issues distinguish the authorities offered by the Consumer Plaintiffs.

Under a Rule 16 analysis, the motion should be denied.

### 2. Rule 15 Analysis

#### a. Prejudice

"Prejudice is the touchstone of the inquiry under Rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotations and citations omitted). A need to reopen discovery, a delay in the proceedings, or the addition of complaints or parties may be indicators of prejudice. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of motion to amend pleadings filed five days before close of discovery where amendments would have required additional discovery and delayed proceedings); *Solomon v. N. Am. Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (holding the district court did not abuse its discretion in denying plaintiff's motion to amend on grounds of undue delay and prejudice where the motion was made "on the eve of the discovery deadline . . . [and] would have required reopening discovery, thus delaying the proceedings").

While the Court acknowledges that the UCL claim overlaps with the facts and theory set out in the operative complaint, it is a distinctly different claim. As referenced above, despite any overlap, the breadth of Consumer Plaintiffs' proposed amendments include a fraud component which could widen the scope dramatically. For this reason, Apple is correct that that additional discovery will be needed to understand the nature and scope of plaintiffs' UCL claim and the common evidence upon which the class is relying to for class certification purposes.

Finally, given that the remedy identified in the proposed complaint is entirely new, additional expert discovery would be required for both the plaintiff class and in opposition thereto.

Consumer Plaintiffs' argument that they intend to pursue the same claim decided in the Epic Games/Apple case is not consistent with their proposed complaint which does not address any of those factual issues at all. Nor do the Consumer Plaintiffs dispute that they have never provided any discovery to Apple on those claims, which would require additional discovery both factual and expert to occur. While Consumer Plaintiffs argue that briefing on class certification can be done with "succinct supplemental briefing," they do not demonstrate how that is possible.

7

Given the Court's experience in evaluating such motions, it is doubtful.

Accordingly, this factor weighs against granting the motion for leave to amend.

### b. Undue Delay

The Court next examines whether undue delay exists. "Although delay is not a dispositive factor in the amendment analysis, it is relevant, . . . especially when no reason is given for the delay[.]" *Lockheed Martin Corp. v. Network Solutions Inc.,* 194 F.3d 980, 986 (9th Cir. 1999) (internal citations omitted). Further, "[r]elevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

Here, and as outlined in the procedural history of this case, counsel for the Consumer Plaintiffs have had multiple opportunities, and time, to amend their complaint. In fact, they last amended their complaint in September 2020 and were aware, or on notice, that the other two related cases included UCL claims. Plaintiffs waited nearly two years after this case had come back to this Court from appeal before seeking leave to add the UCL claim, and *only* as a result of having read this Court's decision.

Accordingly, the Court finds that plaintiffs were unduly delayed in seeking leave to add their UCL claim, weighing against granting the motion for leave to amend.

### c. Futility

With respect to the next issue of futility, the Court must be satisfied that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex el rel. Koster v. Harris*, 847 F.3d 646,656 (9th Cir. 2017). The party opposing leave to amend "bear[s] a particularly heavy burden" identical to the one governing 12(b)(6) motions. *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, No. C-06-3359- JF-RS, 2009 WL 667171 at *2 (N.D. Cal. Mar. 10, 2009). Even claims or defenses with "tenuous basis in the record" or those "fraught with contradictions" will survive the futility inquiry. *Id.*

Here, Apple argues that plaintiffs' claim for equitable relief under the UCL is futile because plaintiffs have an adequate remedy at law. While case law establishes that a plaintiff is precluded from seeking equitable relief where there are other adequate remedies available, nothing

8

precludes plaintiffs from seeking restitution under the UCL in the alternative from their other remedies sought.

The Court is not convinced that the claim would be futile. This weighs in favor of granting the motion.

### d. Previous Amendments to Cure Deficiencies

Next, the Court considers whether plaintiffs' amendment is the result of "repeated failure to cure deficiencies by amendments previously allowed." *Forman v. Davis*, 371 U.S. 178, 182 (1962). Apple argues that the Court should deny Consumer Plaintiffs' motion because plaintiffs have already amended their complaint five times. Apple's argument overlooks the purpose of plaintiffs' previous amendments. Aside from plaintiffs' earlier amendment to fix an issue with standing, the bulk of plaintiffs' amendments were not to cure deficient pleadings. Instead, they were to add the consolidated plaintiffs and to expand the relevant market definition. Moreover, plaintiffs' current motion for leave to amend does not seek to cure any deficiency.

Accordingly, this factor weighs in favor of granting the motion but carries little applicability in this context.

### e. Bad Faith

Lastly, the Court examines whether Consumer Plaintiffs acted in bad faith. Apple argues that plaintiffs acted in bad faith by waiting to bring their UCL claim until after the Court's decision in the Epic Games/Apple case. Consumer Plaintiffs' decision to seek a UCL claim, while unduly delayed, does not rise to the level of bad faith. Indeed, Apple's only cited authority, *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) is distinguishable. In *Lockheed Martin Corp.,* the plaintiff waited until discovery closed and while facing a motion for summary judgment to bring additional claims and allege new factual allegations. The Court found that such conduct "might reflect bad faith." Rather, courts typically find bad faith where parties seek leave to add frivolous claims in order to avoid having the case dismissed. *Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 509-10 (N.D. Cal. 2011) (denying motion for leave to amend where plaintiff sought amendment as a last-ditch attempt to avoid dismissal). Such motive is absent from this case.

9

That said, the Court cannot discern any credible reason for delay and counsel provide none. It appears counsel would like to benefit from 20-20 hindsight. Thus, the Court could view the motion as one of gamesmanship or the result of negligence in failing to allege a claim which was found to be successful. Alternatively, the Court could also view counsel's actions as reflecting a considered decision that the UCL claim was not necessary or appropriate, especially given that counsel states it wants to assert the UCL claim "out of an abundance of caution." (Opp. at 8:1.)

Accordingly, given the lack of bad faith but also the lack of any reasoned explanation for its actions or any good cause for counsel's prior actions, this factor is neutral in terms of granting the motion.

### D. Conclusion

Based upon both Federal Rule of Civil Procedure 16 and a balancing under Federal Rule of Civil Procedure 15, the motion to amend is denied. Consumer Plaintiffs shall proceed on the basis that they have repeatedly reaffirmed. To find otherwise, would require this Court to entirely modify the trial and pre-trial schedule in this action which already requires the parties to double track pretrial motions and trial preparation, and would reopen the pleadings for additional Rule 12 motions.

## II. MOTION TO STRIKE

Consumer Plaintiffs move to strike Apple's motion to compel plaintiffs to submit a trial plan under Local Rule 7-11. Plaintiffs argue that the motion should be stricken for three reasons, namely: (1) it includes a procedural objection to plaintiffs' motion for class certification in violation of Local Rule 7-3(a); (2) it improperly circumvents page limits; and (3) it would upend the class certification schedule.

The Court examines whether the motion violates Local Rule 7-3(a). Under Rule 7-3(a), "[a]ny opposition to a motion may include a proposed order, affidavits, or declarations, as well as a brief or memorandum under Civil L.R. 7-4. Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum. Pursuant to Civil L.R. 7-4(b), such brief or memorandum may not exceed 25 pages of text."

1    While Apple frames the motion as a separate motion, the Court notes that the gravamen of the motion are arguments for denial of class certification including procedural objections. For example, Apple argues that "plaintiffs should be required to address [how the cases could fairly be tried to judgment] before the Court rules on their respective motions for class certification", and that the "Court cannot, and should not, certify any class or subclass without requiring such a plan, or because of the absence of a plan." (Dkt. No. 471, at 1: 23-27). Its constitutional arguments are also tied to the class certification process. Under Local Rule 7-3(a), these arguments should have been included in Apple's opposition to plaintiffs' motion for class certification. They were not. Given such, they are improper under Rule 7-3(a).

Accordingly, the Court hereby **GRANTS** plaintiffs' motion to strike Apple's motion to compel plaintiffs to submit a trial plan because it violates Local Rule 7-3(a). The Court need not address plaintiffs' other arguments. In light of the foregoing, Apple's motion to compel is **DENIED** as moot.

However, the motion is denied **WITHOUT PREJUDICE**, to be refiled in the context of trial if class certification is granted. Moreover, the Court anticipates that the motion will need to consider the class action settlement in *Cameron et al. v. Apple, Inc.*, No. 19-3074-YGR and the impact of that case, if any.

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Consumer Plaintiffs' motion to file a fourth amended complaint; **GRANTS** Consumer Plaintiffs' motion to strike Apple's motion to compel a trial plan; and **DENIES WITHOUT PREJUDICE** said motion.

This Order terminates Docket Nos. 471, 487, and 544.

**IT IS SO ORDERED.**

Dated: November 8, 2021

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE