BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA  92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
rifkin@whafh.com
guiney@whafh.com

*Interim Class Counsel and Proposed Co-Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR<br><br>**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]**<br><br>**DECLARATION OF DANIEL L. MCFADDEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S *DAUBERT* MOTION TO EXCLUDE REPLY TESTIMONY OF PROFESSOR DANIEL L. MCFADDEN**<br><br>DATE:        December 14, 2021<br>TIME:         10:00 a.m.<br>CTROOM:   1, 4th Floor<br>JUDGE:       Hon. Yvonne Gonzalez Rogers |

**DOCUMENT SUBMITTED UNDER SEAL PURSUANT TO L.R. 79-5(b)**

I, Daniel L. McFadden, declare as follows:

1.     Counsel for Consumer Plaintiffs asked me to prepare this declaration in response to Apple's and Professor Prince's criticism that my model predicts negative prices for some IAP transactions in the But-For world.[1] As I will explain in this declaration, Apple and Professor Prince once again mischaracterize my model.

2.     My methodology for calculating damages estimates But-For prices for app downloads and IAP at the app level. Because I estimate app developers' variable costs at the app level, the But-For price should also be estimated at the app level.[2]

3.     For IAP apps with multiple IAP items, such as Roblox, the estimated But-For price is the average price an app developer would have charged for its IAP items in the But-For world. For example, the average IAP price of Roblox was $▓▓▓ in the As-Is world in 2018. I estimate that the average But-For IAP price would have been $▓▓▓ in 2018, $▓▓▓ lower than its As-Is price.[3]

4.     In my Opening Report, I use the app-level As-Is and But-For prices to estimate aggregate damages for the Consumer Class. There, I explain that the amount the Consumer Class overpaid is calculated by (1) multiplying the difference between the As-Is price $(p_j^{AS})$ and the But-

---

[1] Defendant Apple Inc.'s Notice of *Daubert* Motion and *Daubert* Motion to Exclude Reply Testimony of Professor Daniel L. McFadden, *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, November 9, 2021, pp. 1 and 11; Declaration of Jeffrey T. Prince, Ph.D., in Support of Apple's Motion to Exclude Reply Opinions of Daniel L. McFadden, *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, November 9, 2021 ("Prince *Daubert* Declaration"), ¶¶ 48-51.

Unless otherwise defined herein, defined terms in this declaration are as defined in the Expert Report of Daniel L. McFadden, *In Re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, June 1, 2021 ("McFadden Opening Report"), and/or the Reply Report of Daniel L. McFadden, *In Re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, October 19, 2021 ("McFadden Reply Report").

[2] McFadden Reply Report, Section III.D.

[3] *See* the following data file from the McFadden Opening Report workpapers: "Estimation\intermediate\A3_Butfor_Games_tau0p12\results_table.csv." *See also* Expert Report and Declaration of Jeffrey T. Prince, Ph.D., *In Re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, August 10, 2021 ("Prince Report"), Exhibit 8.

DECLARATION OF DANIEL L. MCFADDEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S DAUBERT MOTION TO EXCLUDE REPLY TESTIMONY OF PROFESSOR DANIEL L. MCFADDEN
Case No. 11-cv-06714-YGR
-1-

For price $(p_j^{BF})$ by the number of paid downloads and/or IAP transactions for each app $(Q_j^{AS})$ and then (2) aggregating these app-level damages across apps $(\sum_{j=1}^{J}(p_j^{AS} - p_j^{BF})Q_j^{AS})$.[4] However, as I explain in my Opening Report, because this calculation is done on a 0.1 percent sample of the full App Store transactions data, I calculate the total amount that the Consumer Class overpaid for each app category as a percent of the App Store's total commission revenues earned in that category. Specifically, I calculate this ratio by dividing $\sum_{j=1}^{J}((p_j^{AS} - p_j^{BF})Q_j^{AS})$ by $\sum_{j=1}^{J} \tau^{AS}(p_j^{AS} Q_j^{AS})$, where $\tau^{AS}$ is the App Store commission rate in the As-Is world, and $\tau^{AS}(p_j^{AS} Q_j^{AS})$ is the App Store's commission revenues attributable to app $j$.[5]

5. For the Games category, I estimate the Consumer Class's damages to be 54.3 percent of the App Store's total commission revenues earned in this category from July 2008 to September 2019.[6] For the Music and Entertainment categories, I estimate the Consumer Class's damages to be 42.4 percent of the App Store's total commission revenues earned in these categories during the same period.[7] I use these percentages to estimate that the Consumer Class damages attributable to the Games category are $         ,[8] and the Consumer Class damages attributable to the Music and Entertainment categories are $         .[9] None of the But-For prices used in these calculations is negative.

6. In addition, in my Opening Report, I explain that I use the app-level As-Is and But-For prices to estimate the proportion of the excessive App Store commission borne by the

---

[4] McFadden Opening Report, Appendix E.4, ¶ 46. *See also* the following code file from the McFadden Opening Report workpapers: "Estimation/code/functions_butfor/summarize_butfor.R."
[5] McFadden Opening Report, Appendix E.4, ¶ 47. *See also* the following code file from the McFadden Opening Report workpapers: "Estimation/code/functions_butfor/summarize_butfor.R."
[6] McFadden Opening Report, ¶ 236.
[7] McFadden Opening Report, ¶ 239.
[8] McFadden Opening Report, ¶ 236.
[9] McFadden Opening Report, ¶ 239.

DECLARATION OF DANIEL L. MCFADDEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S DAUBERT MOTION TO EXCLUDE REPLY TESTIMONY OF PROFESSOR DANIEL L. MCFADDEN
Case No. 11-cv-06714-YGR
-2-

Consumer Class.[10] This proportion is the same ratio calculation as above, except that I use the excessive App Store commission as the denominator. That is, I use $\sum_{j=1}^{J}(\tau^{AS}p_j^{AS}Q_j^{AS} - \tau^{BF}p_j^{BF}Q_j^{AS})$ as the denominator, where $\tau^{BF}$ is the App Store commission in the But-For world and $(\tau^{AS}p_j^{AS}Q_j^{AS} - \tau^{BF}p_j^{BF}Q_j^{AS})$ is the excessive App Store commission attributable to app $j$.[11] I estimate that the Consumer Class bore 81.8 percent of the excessive App Store commission from the Games category and 81.9 percent of the excessive App Store commission from the Entertainment and Music categories from July 2008 to September 2019.[12] None of the But-For prices used in these calculations is negative.

7. In my Opening Report, I identify unharmed Apple IDs, which I define as those that spent money only on apps for which I estimate their But-For prices to be higher than As-Is prices.[13] Professor Prince, in his rebuttal report, points out that "if the total cost using but-for prices is higher than (or equal to) the total cost using actual prices, this account is unharmed."[14] And he estimates that 14.6 percent of Apple IDs in my estimation sample would be unharmed on net.[15]

8. In estimating this 14.6 percent of unharmed Apple IDs, Professor Prince uses the absolute dollar amount change to estimate Apple ID-level net harm. For example, if an Apple ID purchased a pack of 80 Robux at $0.99 in the As-Is world in 2018, he subtracts $▬ (my estimated average But-For price for Roblox IAP) from $0.99 when calculating this ID's IAP spending on Robux in the But-For world.[16]

9. In Section IV.C of my Reply Report, I adopt Professor Prince's way of calculating Apple ID-level net harm. Because the focus of that section is to address Professor Prince's criticism

---

[10] The excessive App Store commission is defined as the difference between the Apple App Store commission in the As-Is world and the But-For world. *See* McFadden Opening Report, footnote 301.
[11] *See* the following code file from the McFadden Opening Report workpapers: "Estimation/code/functions_butfor/summarize_butfor.R."
[12] McFadden Opening Report, ¶¶ 235 and 238.
[13] McFadden Opening Report, ¶ 241.
[14] Prince Report, ¶ 31.
[15] Prince Report, ¶ 32.
[16] Robux is Roblox's virtual currency.

DECLARATION OF DANIEL L. MCFADDEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S DAUBERT MOTION TO EXCLUDE REPLY TESTIMONY OF PROFESSOR DANIEL L. MCFADDEN
Case No. 11-cv-06714-YGR
-3-

that my damages calculation is based on a small portion of apps and Apple IDs, I first replicate his 14.6 percent number using the top 70 percent revenue apps and app-yearly data and then show that the percent of unharmed IDs does not change significantly when all apps and app-monthly data are used. Using the same net harm calculation as Professor Prince, I show that the percent of unharmed IDs increases slightly from 14.6 percent to 15.3 percent.[17]

10. Professor Prince claims, "In the Roblox example … Professor McFadden finds that all in-app purchases items reduce prices by the same ▊ amount, which means he predicts that a pack of 80 Robux, costing $0.99 in the actual world, would have a negative price of ▊ in the but-for world."[18] This is a mischaracterization of my model. I do not predict that Roblox would charge a negative price of ▊ for a pack of 80 Robux in the But-For world. As explained above, I estimate the average price of Robux to be ▊ in the But-For world in 2018, ▊ lower than its average price in the As-Is world in the same year.

11. When determining how much individual IDs should be paid in damages, the "percentage method" is a suitable way to calculate individual damages, consistent with how I calculate class-wide damages in my Opening Report. For any app, say app $j$, my model estimates that the class-wide damages are $r_j$ percent of the App Store commission revenues attributable to spending on app $j$, where $r_j = (p_j^{AS} - p_j^{BF})Q_j^{AS}/(\tau^{AS} p_j^{AS} Q_j^{AS})$.[19] Thus, the damages for an Apple ID's spending on app $j$ can be calculated as $r_j$ percent of the App Store commission revenues attributable to this ID's spending on app $j$. For example, using the calculation I describe in my Opening Report, at the 12 percent But-For commission rate, I estimate the amount that the Consumer Class overpaid on Roblox in 2018 to be ▊ percent of the App Store's commission revenues earned from Roblox that year.[20] If an individual Apple ID spent $0.99 on Roblox in 2018,

---

[17] McFadden Reply Report, ¶ 209.
[18] Prince *Daubert* Declaration, ¶ 48.
[19] *See* Appendix A for the code that calculates this ratio. The code in Appendix A is created using snippets from the code file referenced in footnote 4.
[20] *See* Appendix A for the code that generates this number. The code in Appendix A is created using snippets from the code file referenced in footnote 4.

DECLARATION OF DANIEL L. MCFADDEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
DEFENDANT APPLE INC.'S DAUBERT MOTION TO EXCLUDE REPLY TESTIMONY OF
PROFESSOR DANIEL L. MCFADDEN
Case No. 11-cv-06714-YGR
-4-

1  Apple's App Store commission revenues from this spending is 30 percent of $0.99 (=$0.297).[21]
2  Thus, this Apple ID was injured by ▮▮ percent of $0.297 (=▮▮) for its Roblox spending in
3  2018. All of this is consistent with how I calculated class-wide damages in my Opening Report.

4  I declare under penalty of perjury under the laws of the United States of America that the
5  foregoing is true and correct.  Executed November 23, 2021 at Berkeley, California.

*Daniel McFadden*

DANIEL L. MCFADDEN

27854v8

---

[21] To be precise, the App Store commission rate on Roblox was 29.85 percent in 2018.

DECLARATION OF DANIEL L. MCFADDEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
DEFENDANT APPLE INC.'S DAUBERT MOTION TO EXCLUDE REPLY TESTIMONY OF
PROFESSOR DANIEL L. MCFADDEN
Case No. 11-cv-06714-YGR
-5-

# APPENDIX A

```r
#Lines used from the following file in the McFadden Opening Report Workpapers:
#"[McFadden Opening Report Workpapers]/Estimation/code/functions_butfor/summarize_butfor.R"
rm(list = ls())

library(data.table)

#
indir="[McFadden Opening Report Workpapers]
/Estimation/intermediate/A3_Butfor_Games_tau0p12/results_table.csv"
df=fread(indir)

#
df=df[is.na(pd_bf), pd_bf:=0]
df=df[is.na(pi_bf), pi_bf:=0]

#
df=df[,apple:=ay_tau*(ay_pd*ay_q+ay_pi*ay_omega)]

df=df[,consumer:=ay_pd*ay_q+ay_pi*ay_omega]
df=df[,consumer_bf:=pd_bf*ay_q+pi_bf*ay_omega]

df=df[,overch_consumer:=consumer-consumer_bf]
df=df[,damages_consumer_prop:=overch_consumer/apple]

#Get roblox
rob=df[tbg_app_id==431946152&tbg_year==2018]
#consumer overcharge as percentage of app store commission revenue
print(rob$damages_consumer_prop)
#effective App Store commission rate
print(rob$ay_tau)
```

Note: Besides reading in the data and filtering to Roblox in 2018, this code file is created using snippets from the following code file from the McFadden Opening Report workpapers: "Estimation/code/functions_butfor/summarize_butfor.R"

DECLARATION OF DANIEL L. MCFADDEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S DAUBERT MOTION TO EXCLUDE REPLY TESTIMONY OF PROFESSOR DANIEL L. MCFADDEN
Case No. 11-cv-06714-YGR