THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No. 24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
  Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
CAELI A. HIGNEY, SBN 268644
  chigney@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Apple iPhone Antitrust Litigation | Case No. 4:11-cv-06714-YGR<br><br>**DECLARATION OF ELI M. LAZARUS IN SUPPORT OF DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS *DAUBERT* MOTION TO EXCLUDE REPLY TESTIMONY OF PROFESSOR DANIEL L. MCFADDEN**<br><br>The Honorable Yvonne Gonzalez Rogers<br><br>Date:        December 14, 2021<br>Time:       10:00 a.m.<br>Courtroom: 1, 4th Floor |

Gibson, Dunn & Crutcher LLP

LAZARUS DECLARATION IN SUPPORT OF DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF *DAUBERT* MOTION TO EXCLUDE MCFADDEN REPLY TESTIMONY, CASE NO. 4:11-cv-06714-YGR

I hereby declare as follows:

1. I am an attorney licensed to practice in the State of California and a member of the Bar of this Court. I am of counsel at the law firm Gibson, Dunn & Crutcher LLP, counsel of record to Defendant Apple Inc. ("Apple") in this case. I submit this declaration in support of Apple's Reply in Support of its *Daubert* Motion to Exclude Reply Testimony of Professor Daniel L. McFadden.

2. On October 10, 2019, Plaintiffs in this case ("Consumer Plaintiffs") served on Apple their first set of Requests for Production of Documents, attached hereto as **Exhibit A**. Those Requests for Production did not include any request for transactional data.

3. On October 17, 2019, Developer Plaintiffs in *Cameron v. Apple*, Case No. 19-cv-3074-YGR, served on Apple their first set of Requests for Production, attached hereto as **Exhibit B**. These Requests for Production from Developer Plaintiffs included Request No. 69, which sought:

> ALL DOCUMENTS setting forth ALL transactional data RELATING TO the distribution AND sales of U.S. iOS developers' iOS DIGITAL PRODUCTS in YOUR App Store, from YOUR App Store's inception through the date of judgment in this matter, including those providing details of, OR otherwise RELATING TO:
>
> (a) each AND every sale of an iOS DIGITAL PRODUCT via or in YOUR App Store, including the date thereof;
>
> (b) the volume of consumer visits to, and purchases of iOS DIGITAL PRODUCTS from, YOUR App Store;
>
> (c) the name OR identify of each iOS DIGITAL PRODUCT sold in YOUR App Store;
>
> (d) the name of each U.S. iOS developer whose iOS DIGITAL PRODUCT was sold via or in YOUR App Store;
>
> (e) the retail price for each iOS DIGITAL PRODUCT sold in YOUR App Store; AND
>
> (f) the commissions or fees paid to YOU by U.S. iOS developers, AND wholesale (or wholesale-level) or other monies paid to U.S. iOS developers, for each sale of their iOS DIGITAL PRODUCTS via or in YOUR App Store.

Gibson, Dunn & Crutcher LLP

1

LAZARUS DECLARATION IN SUPPORT OF DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF *DAUBERT* MOTION TO EXCLUDE MCFADDEN REPLY TESTIMONY, CASE NO. 4:11-cv-06714-YGR

4. Although Consumer Plaintiffs' first set of Requests for Production of Documents did not request transactional data, the Court's Order Granting Stipulation Regarding Coordination of Discovery, entered on January 6, 2020 at Dkt. 194, provided that "future discovery produced in response to [discovery] requests by parties and non-parties in any of the Related App Store Actions shall be served on counsel for all parties in the Related App Store Actions."  Accordingly, Apple planned to produce App Store transactional data in response to Developer Plaintiffs' Request No. 69 to both Developer Plaintiffs and Consumer Plaintiffs.

5. Over the course of many months following service of Developer Plaintiffs' Request No. 69, counsel for Consumer Plaintiffs participated along with counsel for Developer Plaintiffs and Apple in meet-and-confer communications—both in writing and by telephone—regarding the proper contours of Apple's anticipated production of transactional data in response to that Request.

6. On July 23, 2020, Apple produced to Consumer Plaintiffs and Developer Plaintiffs a sample of 100,000 records of its App Store transactional data.

7. On September 1, 2020, Consumer Plaintiffs served their second set of Requests for Production, attached hereto as **Exhibit C**.  These Requests for Production included Request No. 47, which sought transactional data, specifically:

> All DOCUMENTS setting forth all transactional data CONCERNING the distribution and sale of digital products in YOUR APP STORE, including transactional data from U.S. and foreign storefronts, from the inception of the APP STORE through the date of judgment in this matter.

8. On September 6, 2020, Apple produced to Consumer Plaintiffs and Developer Plaintiffs a second sample of 100 million records of its App Store transactional data.

9. On September 10, 2020, I wrote an email, attached hereto as **Exhibit D**, to the Developer Plaintiffs, copying Consumer Plaintiffs, making clear that the transactional data would be anonymized to protect consumer privacy.[1]  Specifically, I stated in part:

---

[1] To limit the volume of this submission and the number of sealing requests to the Court, I am attaching as Exhibit D only the email to which I refer above, excerpted from a longer email chain; I am not including prior correspondence in the same chain as it is not pertinent here.  For the same

*(Cont'd on next page)*

2

LAZARUS DECLARATION IN SUPPORT OF DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF *DAUBERT* MOTION TO EXCLUDE MCFADDEN REPLY TESTIMONY, CASE NO. 4:11-cv-06714-YGR

Gibson, Dunn & Crutcher LLP

We would make two additional notes regarding data fields to be included in the final production of transactional data. First, for privacy purposes, Apple has anonymized the Consumer ID data that you see in the sample production by assigning each unique Consumer ID a unique hash value. Accordingly, each consumer account can still be tracked by a unique number, it will simply be a different number than the one that Apple uses internally and in dealings with the given customer. Accordingly, this hashing will have no effect on the ability of plaintiffs, Apple, and their consultants to analyze the data.

10. On September 29, 2020, counsel for Consumer Plaintiffs and Developer Plaintiffs sent Apple a letter, attached hereto as **Exhibit E**, taking issue not with the anonymization of the data, but with the way the anonymized person_id variables were formatted. Specifically, they stated in part:

> After producing the second sample, Apple counsel stated on September 10, 2020 that Apple had altered the value of the "person_id" variable by assigning "each unique Consumer ID a unique hash value," in order to anonymize the consumer ID data. Plaintiffs do not object to the concept of using a hashed value of the person_id variable in order to protect consumer privacy. However, the particular method of hashing that Apple used unnecessarily inflated the size of the data. . . . [P]lease use a 6-character hash that includes upper-case letters.

11. On October 23, 2020, I wrote a letter to Consumer Plaintiffs and Developer Plaintiffs, attached hereto as **Exhibit F**, explaining that:

> Converting to a 6-character has[h] value would create difficulties for Apple's data teams that are not justified by the expected benefit of a shorter hash value. This is especially true in light of the many ways that Apple has gone beyond its obligations to

---

reasons, I am attaching as Exhibits E and F versions of those documents with redactions as they appear at Dkt. 273-2 (approved by Magistrate Judge Hixson at Dkt. 317) because the redacted portions are not pertinent here, and Apple does not to seek to file them under seal with this submission. And for the same reasons, I am attaching as Exhibits G and H only the interrogatories and responses that I reference herein. I am prepared to submit full and unredacted copies of all of these documents with an administrative motion to seal if helpful to the Court.

3

LAZARUS DECLARATION IN SUPPORT OF DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF *DAUBERT* MOTION TO EXCLUDE MCFADDEN REPLY TESTIMONY, CASE NO. 4:11-cv-06714-YGR

Gibson, Dunn & Crutcher LLP

reduce the size of the data production at Plaintiffs' request, including by switching to a relational table format.

12. To my knowledge, neither Consumer Plaintiffs nor Developer Plaintiffs further questioned or challenged the anonymization of the person_id data or the format of that data.

13. On March 26, 2021, Consumer Plaintiffs served on Apple their second set of Interrogatories. Those Interrogatories included Interrogatory No. 3 and Interrogatory No. 4, which are attached hereto as **Exhibit G**.

14. On April 26, 2021, Apple served on Consumer Plaintiffs its Responses and Objections to their second set of Interrogatories. These Responses and Objections included responses and objections to Interrogatory No. 3 and Interrogatory No. 4, which are attached hereto as **Exhibit H**, and excerpts of which are reproduced here:

**INTERROGATORY NO. 3:**

Describe the process YOU used to randomly generate the field "person_id" in the TRANSACTIONAL DATABASE, including, but not limited to, whether there are any reasons to suspect that samples drawn based on the first 1 or 2 hexidecimals of the "person_id" field would not be random.

**RESPONSE TO INTERROGATORY NO. 3:**

. . . Subject to, limited by, and without waiving its objections, Apple responds as follows: Apple generated random universally unique identifiers (UUIDs) and mapped them on a one-to-one basis to consumer identification values used internally at Apple. In the dataset for production, Apple then replaced those consumer identification values with the corresponding UUIDs using built mapping. Accordingly, there is no relationship between the UUIDs appearing in the produced data and the consumer identification values used internally at Apple other than the mapping just described. Apple is not aware of any reason to suspect that samples drawn based on the first 1 or 2 hexidecimals of the "person_id" field would not be random. Apple notes, however, that there are many ways to again randomize the values in the produced data to ensure the drawing of a random sample.

4

Gibson, Dunn & Crutcher LLP

LAZARUS DECLARATION IN SUPPORT OF DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF *DAUBERT* MOTION TO EXCLUDE MCFADDEN REPLY TESTIMONY, CASE NO. 4:11-cv-06714-YGR

**INTERROGATORY NO. 4:**

If a consumer has more than one Apple ID, explain how to identify all of the accounts in YOUR TRANSACTIONAL DATABASE associated with that consumer.

**RESPONSE TO INTERROGATORY NO. 4:**

. . . Subject to, limited by, and without waiving its objections, Apple responds as follows: Apple is not aware of any way to identify all of the accounts in its transactional data associated with a consumer who has more than one Apple ID. With data that has not been anonymized, it is possible to match accounts that share common personal details like account holder names and addresses, but this method is not guaranteed to identify all accounts associated with a consumer with more than one Apple ID.

15. I have reviewed other discovery requests from Consumer Plaintiffs and Developer Plaintiffs as well as written communications from Consumer Plaintiffs and Developer Plaintiffs relating to Apple's transactional data, and I have not identified, nor can I recall, any further request, comment, or objection from them relating to Apple's anonymized consumer ID (or person_id) data.

16. No Request for Production (and to my knowledge, no informal request) from either Consumer Plaintiffs or Developer Plaintiffs sought consumer ID (or person_id) data that was not anonymized. Nor did Consumer Plaintiffs or Developer Plaintiffs ever seek "data that has not been anonymized," as referenced in Apple's response to Consumer Plaintiffs' Interrogatory No. 4, in order to match accounts that share common personal details like account holder names and addresses (though, as noted in the interrogatory response, that method is not guaranteed to identify all accounts associated with a consumer with more than one Apple ID).

17. Nor did any Request for Production (or to my knowledge, any informal request) from either Consumer Plaintiffs or Developer Plaintiffs seek data identifying consumers' names, billing addresses, credit card numbers, or other personal identifying information.

18. Nor did any Request for Production (or to my knowledge, any informal request) from either Consumer Plaintiffs or Developer Plaintiffs seek data or documents concerning information particular to the named Consumer Plaintiffs.

5

LAZARUS DECLARATION IN SUPPORT OF DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF *DAUBERT* MOTION TO EXCLUDE MCFADDEN REPLY TESTIMONY, CASE NO. 4:11-cv-06714-YGR

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on November 30, 2021, at San Francisco, California.

                                             */s/ Eli M. Lazarus*

                                                  Eli M. Lazarus

Gibson, Dunn & Crutcher LLP

6

LAZARUS DECLARATION IN SUPPORT OF DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF *DAUBERT* MOTION TO EXCLUDE MCFADDEN REPLY TESTIMONY, CASE NO. 4:11-cv-06714-YGR