# EXHIBIT A

RACHELE R. BYRD (190634)
byrd@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
MATTHEW M. GUINEY (*pro hac vice*)
guiney@whafh.com
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212/545-4677

*Plaintiffs' Interim Class Counsel*

[Additional Counsel Appear on Signature Page]

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE APPLE iPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. – SET NO. 1**<br><br>JUDGE: Hon. Yvonne Gonzalez Rogers<br>CTRM: 1 – 4th Floor |

PROPOUNDING PARTY: PLAINTIFFS ROBERT PEPPER, STEPHEN H. SCHWARTZ, EDWARD W. HAYTER AND ERIC TERRELL

RESPONDING PARTY: DEFENDANT APPLE INC.

SET NO.: ONE

PLEASE TAKE NOTICE that pursuant to rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Robert Pepper, Stephen H. Schwartz, Edward W. Hayter and Eric Terrell ("Plaintiffs") by and through their undersigned counsel, hereby request that Defendant Apple Inc. ("Apple" or "Defendant") produce the documents hereinafter described.

Defendant shall serve a written response hereto and produce the following described documents for inspection and copying within thirty (30) days of service hereof at the law offices of Wolf Haldenstein Adler Freeman & Herz LLP, Symphony Towers, 750 B Street, Suite 1820, San Diego, California 92101, or at such other place upon which the parties may agree.

**INSTRUCTIONS**

1. In producing documents and other materials in response to this document request, you are requested to furnish all documents in your possession, custody, or control, regardless of whether such documents are possessed directly by you or your partners, agents, employees, representatives, subsidiaries, affiliates or investigators, or by your attorneys or their agents, employees or investigators.

2. Defendant shall produce the original of each document described below or, if the original is not available, then a copy thereof; and in any event also all non-identical copies which differ from the original or from the other copies produced for any reason, including the making of notes thereon (on either the front or back of the document), and drafts. A document also shall be considered non-identical and must be produced if it was kept in a different file from another copy of the same document (which otherwise was identical). For example, and including without limitation, if the same document was kept in the usual course of business in the files of two different corporate directors then both copies must be produced even if they were otherwise identical.

3. All documents produced shall be bound or stapled in the same manner as the original.

4. All documents shall be produced as they are kept in the usual course of business, or the documents shall be organized and labeled to correspond to the categories in the requests.

5. Documents shall be produced in their original folders, binders, covers or containers, or facsimile thereof.

6. Production shall include the title or the like however denominated of the file, folder, binder, cover or container (or the like however denominated) in which the documents were kept in the ordinary course of business.

7. In your response to each request, identify by Bates number, including prefix, or otherwise the identity of the person, department, branch, division or office from whose files the document(s) are being produced.

8. All documents that originated in electronic form shall be produced in their native electronic form, with metadata. These documents shall be produced with an accompanying index, to the extent one exists, that lists:

- Beg doc # - Document first Bates number;
- End doc # - Document last Bates number;
- Secondary begin doc # - First Bates number of unit;
- Secondary end doc # - End Bates number of unit (last page of last attachment to doc);
- Owner – Name of person whose files the document comes from;
- Doc date – date of file;
- File size – number of bytes in the file;
- File name – name of the file;
- Document type – document type;
- Doc title – re: line of document;
- Author – Author;
- Recipient – recipients;
- cc- carbon copies; and
- bcc – blind copies.

9. All other documents shall be produced in searchable PDF format to the extent they are available, or can be made available, in that format.

10. All electronic mail shall be provided in native e-mail format (e.g., .pst, .nsf, .xls, and .doc), with metadata, with the following fields combined in an accompanying index:

- Owner – Name of person whose e-mail file or other e-files are being provided;
- File Name – Name of file;
- File Date – Date of file; and
- File Size – Size of file

11. For those paper documents which have been created digitally but executed with a hand-written signature or physical seal, then both the digital version and the signed paper copy should be produced.

12. You are instructed to produce each document in response to this document request in its entirety, without deletion or excision, regardless of whether you consider the entire document to be relevant or responsive. If any requested document cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document or portion is being withheld.

13. If you object to any request in this document request on the ground that it is overly broad, you are instructed to produce documents in response to the request as narrowed to conform to your objection within the period allowed for a response and to state in your responses: (1) how you narrowed the request, and (2) the reason why you claim the request is overly broad. Plaintiffs do not waive the right to compel the production as originally sought from Apple.

14. If you assert any claim of privilege, whether attorney-client, work-product or otherwise, in objecting to any of the document requests herein, and withhold any responsive document pursuant to that objection, identify each document by providing the following: (a) the title and description of the document, the number of pages, and the Bates-number range; (b) the subject matter or general nature of the document (without disclosing its contents); (c) the identity and position of its author; (d) the date it was communicated (or prepared, if that is the more relevant date); (e) the identity and position of all addressees and recipients of the communication; (f) the document's present location; (g) the specific basis for the assertion that the document is privileged or protected (including a brief summary of any supporting facts); and (h) the steps taken to ensure the confidentiality of the communication, including an affirmation that no unauthorized persons received the communication.

15. If a document responsive to a document request has been destroyed or discarded, identify the document in the same manner in which the privileged documents are to be identified as stated above.

16. If no documents responsive to a particular document request exist or are within your possession, custody, or control, you must so state in your response to the request.

17. This request is continuing so as to require supplemental production pursuant to rule 26(a) of the Federal Rules of Civil Procedure. If you discover, obtain possession of, or create, varying or additional documents responsive to the request between the time of the original response and the time set for trial, notice of such supplemental documents and copies thereof shall be served on Plaintiffs' counsel no later than ten days after the discovery of any such documents, but in no event later than one week before the first day of trial.

## DEFINITIONS

1. "Apple," "You" or "Your" means Apple Inc., including any agents or persons acting on its behalf or under its control, and its branches, divisions, subsidiaries, affiliates, representatives, employees, attorneys and investigators.

2. "Apps" mean software applications.

3. "Concerning" means relating to, referring to, describing, evidencing or constituting.

4. "Document" or "Documents" is defined to be synonymous in meaning, and equal in scope, to its usage in Federal Rule of Civil Procedure 34(a)(1)(A), and includes, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images and other data or electronic or computerized data compilations, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

5. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

6. "Including" and "includes" shall be construed to mean "including without limitation."

7. "All" and "each" shall be construed as "all and each."

8. The use of the singular form of any word includes the plural and vice versa.

**RELEVANT TIME PERIOD**

Unless otherwise indicated, the relevant time period for these document requests is from January 1, 2006 through the present date.

**DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

All organization charts, personnel directories or other Documents sufficient to show Your organizational structure, Including:

(a) The organization of any division, department, unit or subdivision of Your company that has responsibilities Concerning the creation, development, oversight or maintenance of the App Store for the iPhone;

(b) The identity of any member of the Board of Directors or management committees, subcommittees or working groups that have any responsibilities Concerning the creation, development, oversight or maintenance of the App Store for the iPhone or antitrust compliance.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show, for each year of the Relevant Time Period, the names, titles, and job descriptions of: (a) Your present or former directors, officers, or senior managers, as well as any secretaries or administrative assistants assigned to these directors, officers or senior managers who had authority over the creation, development, oversight or maintenance of the App Store for the iPhone; and (b) any other employee with management or supervisory authority over the creation, development, oversight or maintenance of the App Store for the iPhone.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Concerning the preservation, retention, backup, storage, destruction, and litigation hold policies You have or had in place during the Relevant Time Period, including all current and former versions.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to demonstrate any departure or variance from any of Your policies relating to the retention, storage, or destruction of any Document.

**REQUEST FOR PRODUCTION NO. 5:**

All monthly, quarterly and yearly audited or unaudited financial Documents and data, including profit and loss statements, balance sheets, cash flow statements and other financial Documents that Concern the App Store for the iPhone, that were prepared for or received by any of Your officers, directors or senior managers (including the Chief Financial Officer, treasurer or controller for relevant business units).

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show by month, quarter and year the cost allocations, cost apportioning rules and accounting practices that are used to calculate Your profits, profit margins or projected profits related to the App Store for the iPhone.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show by month, quarter and year Your profits (including income measures such as EBIT and EBITDA), profit margins, profit levels or projected profits related to the App Store for the iPhone.

**REQUEST FOR PRODUCTION NO. 8:**

All of Your financial statements related to the App Store for the iPhone, Including Securities & Exchange Commission 10-K Annual Reports and Form 10-Q Quarterly Reports, or any other financial statements.

**REQUEST FOR PRODUCTION NO. 9:**

All business plans, planning analyses, budgets, forecasts, or sales or profit projections related to the App Store for the iPhone, Including Documents that Concern any impact unlocking the iPhone so that Apps could be downloaded from locations other than the App Store would or could have on Your revenues or profits.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents related to Your policies, practices or guidelines, Including all current and former versions, Concerning: (a) compliance (or noncompliance) with the United States antitrust laws; or (b) any antitrust training You provided or considered providing to any of Your officers, directors or employees.

**<u>REQUEST FOR PRODUCTION NO. 11</u>:**

All presentations to the Board of Directors Concerning the App Store for the iPhone.

**<u>REQUEST FOR PRODUCTION NO. 12</u>:**

All Board of Director and/or Board committee meeting minutes concerning the App Store for the iPhone.

**<u>REQUEST FOR PRODUCTION NO. 13</u>:**

All Documents Concerning Your decision and/or reasons for developing the App Store for the iPhone.

**<u>REQUEST FOR PRODUCTION NO. 14</u>:**

All Documents Concerning Your policy and/or decision to install program locks on the iPhone so that consumers could only download Apps from the App Store.

**<u>REQUEST FOR PRODUCTION NO. 15</u>:**

All Documents Concerning Your policy and/or decision to impose a 30% commission on purchases of iPhone Apps from the App Store.

**<u>REQUEST FOR PRODUCTION NO. 16</u>:**

All Documents Concerning Your policy and/or decision to impose a 15% commission on purchases of iPhone Apps from the App Store in certain circumstances.

**<u>REQUEST FOR PRODUCTION NO. 17</u>:**

All Documents Concerning charging a commission other than 30% or 15% on purchases of iPhone Apps from the App Store.

**<u>REQUEST FOR PRODUCTION NO. 18</u>:**

All Documents Concerning Your disclosure to consumers that You restricted the iPhone such that Apps could only be purchased through the App Store.

**<u>REQUEST FOR PRODUCTION NO. 19</u>:**

All Documents Concerning any and all changes You made to the iPhone warranty Concerning consumers who unlocked and/or downloaded Apps from locations other than the App Store.

**<u>REQUEST FOR PRODUCTION NO. 20</u>:**

All Documents Concerning Your announcement(s) or statement(s) that downloading or purchasing iPhone Apps from locations other than the App Store could cause the iPhone to lose functionality or become unusable, Including Documents concerning the truth or falsity of any such announcement.

**<u>REQUEST FOR PRODUCTION NO. 21</u>:**

All Documents Concerning Your decision to void Your warranty for the iPhone if a consumer purchased or downloaded an iPhone App from a location or locations other than the App Store.

**<u>REQUEST FOR PRODUCTION NO. 22</u>:**

All Documents Concerning Your process for reviewing and/or approving Apps before they can be offered for sale through the App Store.

**<u>REQUEST FOR PRODUCTION NO. 23</u>:**

All Documents Concerning Your response(s) to consumers who inquired about restriction(s) You placed on the iPhone that prohibited Apps from being purchased, downloaded, or installed from locations other than the App Store.

**<u>REQUEST FOR PRODUCTION NO. 24</u>:**

Documents sufficient to evidence the number, nature and resolution of consumer complaints concerning the inability to purchase, download, or install iPhone Apps from locations other than the App Store.

**<u>REQUEST FOR PRODUCTION NO. 25</u>:**

All Documents Concerning Your ability to monitor iPhones to determine whether consumers downloaded or purchased iPhone Apps from locations other than the App Store.

**<u>REQUEST FOR PRODUCTION NO. 26</u>:**

All Documents that support Your assertion in paragraph 16 of Your Answer that the relief sought “would degrade product quality and the user experience, by compromising the security and reliability of Apple devices and software.”

**REQUEST FOR PRODUCTION NO. 27:**

All Documents that support Your second affirmative defense for Legitimate Business Justifications, Including, that Your actions had the effect of promoting, encouraging, and increasing competition.

**REQUEST FOR PRODUCTION NO. 28:**

All competitive market surveys or other documents Concerning competitive and market conditions in the market for Apps, approved or unapproved by Apple, that could be utilized on iPhones.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents You produced to any regulatory agencies in response to inquiries or investigations Concerning alleged antitrust violations and/or competition.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents You produced to the House Judiciary Committee, pursuant to its letter to You, dated September 13, 2019.

DATED: October 10, 2019

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
RACHELE R. BYRD
BRITTANY N. DEJONG

Rachele R. Byrd
RACHELE R. BYRD

750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
MARK C. RIFKIN
MATTHEW M. GUINEY
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212/545-4677

**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C**
DAVID C. FREDERICK
1615 M Street, NW Suite 400
Washington, D.C. 20036
Telephone: 202/326-7900

*Plaintiffs' Interim Class Counsel*

APPLE2:25800v3

# CERTIFICATE OF SERVICE

I, Kathryn Cabrera, hereby certify that I am a citizen of the United States, over the age of eighteen, and not a party to the within action. I hereby certify that on October 10, 2019, I delivered the foregoing **PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT APPLE INC. – SET NO. 1**, via electronic mail to the following counsel of record for defendant Apple Inc.:

GIBSON, DUNN & CRUTCHER LLP
Theodore J. Boutrous Jr.
Richard J. Doren
Daniel G. Swanson
Melissa Phan
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel: 213/229-7000; Fax: 213/229-7520
tboutrous@gibsondunn.com
rdoren@gibsondunn.com
dswanson@gibsondunn.com
mphan@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
Cynthia E. Richman
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Tel: 202/955-8234; Fax: 202/530-9691
crichman@gibsondunn.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 10th day of October 2019 at San Diego, California.

Kathryn Cabrera
KATHRYN CABRERA