# EXHIBIT H

THEODORE J. BOUTROUS JR., SBN 132099
tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYE (Texas Bar No. 24000092; appearance *pro hac vice*)
vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN D. DETTMER, SBN 196046
edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | CASE NO. 4:11-cv-06714-YGR<br><br>**DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO CONSUMER PLAINTIFFS' SECOND SET OF INTERROGATORIES**<br><br>Hon. Yvonne Gonzales Rogers |

PROPOUNDING PARTY: Plaintiffs Robert Pepper, Stephen H. Schwartz, Edward H. Hayter and Edward Lawrence

RESPONDING PARTY: Defendant Apple Inc.

SET NO.: Two

## PRELIMINARY STATEMENT

Apple Inc. ("Apple") responds generally that its investigation of facts relevant to this litigation is ongoing. The following responses are made to the best of Apple's present knowledge, information, and belief. Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the responses herein. Without in any way obligating itself to do so, Apple expressly reserves the right to supplement, amend, correct, clarify, or modify its responses as further information becomes available. Apple also reserves the right to use or rely on, at any time, documents, evidence, and other matters in addition to the information produced in response to the Interrogatories, whether or not such documents, evidence, or other matters are newly discovered or are now in existence but have not yet been located.

In each and every Specific Response and Objection, Apple incorporates by reference each and every General Objection, Objection to Definition, and Objection to Instruction. Apple also incorporates by reference each and every Objection to Definition into each and every Objection to Instruction, and vice versa. A Specific Response may repeat a General Objection, Objection to Definition, and/or Objection to Instruction for emphasis or for some other reason. However, the omission of any General Objection, Objection to Definition, and/or Objection to Instruction in any Specific Response is not intended to be, nor should it be construed as, a waiver of any such Objections.

## GENERAL OBJECTIONS

1. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek to impose obligations that exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local Rules, all applicable rules and orders of this Court, and any agreements between the parties. Apple will construe and respond to the Interrogatories in accordance with the requirements of the Federal Rules and other applicable rules or laws.

2. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they: (i) seek information that is not relevant to any party's claims or defenses in the action; (ii) impose a burden disproportionate to the needs of the case; (iii) are unreasonably cumulative or

duplicative; (iv) seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive; or (v) seek information beyond the scope of permissible discovery.

3. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they are vague, ambiguous, overbroad, unduly burdensome, and/or fail to state with reasonable particularity the type of information sought therein.

4. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek information contained in documents Apple has produced or expects to produce in response to Plaintiff's Requests for Production. Pursuant to Rule 33(d) of the Federal Rules, Apple refers Plaintiffs to the information contained in those documents.

5. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek information protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege, immunity, or protection. Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that Apple does not object to an Interrogatory on the basis of an applicable privilege. The inadvertent disclosure of any information subject to such privilege or protection is not intended to relinquish any privilege or protection and shall not be deemed to be a waiver of any applicable privilege or protection.

6. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they contain characterizations, definitions, arguments, or assumptions. Nothing contained in or absent from Apple's responses or objections shall constitute, or be deemed as, an admission, concession, or agreement that Plaintiff's characterizations, definitions, arguments, or assumptions are correct or accurate. The failure to object to any of the defined terms that are listed in the "Definitions" section of the Interrogatory, but that are not used by Plaintiffs in the Interrogatory therein, shall not be construed as a waiver of any objections to the definition of the defined term.

7. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they lack foundation, or incorporate allegations and assertions that are disputed or erroneous.

By responding and objecting to any Interrogatory, Apple does not admit the correctness of such assertions.

8. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they seek discovery from any subsidiary or affiliate of Apple. To the extent that an Interrogatory seeks such disclosure, it is improper, burdensome, and oppressive. Apple is responding only on behalf of itself and not on behalf of any affiliate or subsidiary.

9. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they call for information that is subject to a confidentiality agreement, or other restrictions, or to a protective order or other court order entered in another action or proceeding, which prevent disclosure in this action. Apple's disclosure of such information is subject to Apple's compliance with any notice and/or contractual obligations to third parties in advance of disclosure.

10. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent that they purport to impose an obligation to conduct anything beyond a reasonable and diligent search of readily accessible information. Any interrogatories that seek to require Apple to go beyond such a search are overbroad and unduly burdensome.

11. Apple objects to the Interrogatories, including the Definitions and Instructions, to the extent they rely on terms that are not defined and could be understood to have multiple meanings.

12. Apple objects to the Interrogatories on the grounds that they are impermissibly compound because of their discrete subparts. Apple further objects to the Interrogatories on the related grounds that a number of the Interrogatories impermissibly introduce separate and distinct lines of inquiry that are not logically and factually subsumed within and necessarily related to the Interrogatory's primary question. *See Hasan v. Johnson*, 2012 WL 569370, at *5 (E.D. Cal. Feb. 21, 2012); *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217–18 (C.D. Cal. 2009).

13. Apple objects to the Interrogatories on the grounds that they violate Federal Rule of Civil Procedure 33(b)(1)(B) because answering them would require Apple to furnish information that is not available to it and/or cannot be given without undue labor and expense. Under Rule 33, a responding party "must furnish information that is *available to it* and that can be given *without undue*

*labor and expense*." Wright & Miller, Fed. Prac. & Proc. § 2174 (3d ed.) (emphasis added); *see also* Fed. R. Civ. P. 33(b)(1)(B). Parties are "not required to conduct extensive research in order to answer an interrogatory," *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013), and "interrogatories that require a party to undertake extensive investigations, research, or compilations or evaluations of data for the opposing party"—as some of the Interrogatories do, if read broadly—"are in many circumstances," as here, "improper." Wright & Miller, *supra*, § 2174.

14. Apple responds to the Interrogatories, including the Definitions and Instructions, without waiving or intending to waive, but rather preserving and intending to preserve, its right to object to any other discovery requests.

**OBJECTIONS TO DEFINITIONS**

1. Apple objects to the definitions of "and" and "or" on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome. In responding to the Interrogatories, Apple will construe these terms in accordance with the requirements of the Federal Rules, the Local Rules, and all applicable rules and court orders.

2. Apple objects to the definitions of "Apple," "You," and "Your" on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome to the extent the terms are meant to include "any agents or persons acting on its behalf or under its control, and its branches, divisions, subsidiaries, affiliates, representatives, employees, attorneys and investigators" to the extent Apple does not exercise control over them, and to the extent that Plaintiffs purport to use these terms to impose obligations that go beyond the requirements of the Federal Rules and Local Rules. In responding to the Interrogatories, Apple will construe these terms to mean Apple Inc., and limit its responses accordingly.

3. Apple objects to the definition of "TRANSACTIONAL DATABASE" on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. In responding to the Interrogatories, Apple will construe this term in accordance with the requirements of the Federal Rules, the Local Rules, and all applicable rules and court orders.

4. Apple objects to the definitions of "all" and "each" on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome. In responding to the Interrogatories, Apple will construe these terms in accordance with the requirements of the Federal Rules, the Local Rules, and all applicable rules and court orders.

**SPECIFIC RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 3:**

Describe the process YOU used to randomly generate the field "person_id" in the TRANSACTIONAL DATABASE, including, but not limited to, whether there are any reasons to suspect that samples drawn based on the first 1 or 2 hexidecimals of the "person_id" field would not be random.

**RESPONSE TO INTERROGATORY NO. 3:**

Apple restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Apple objects to this Interrogatory because it is impermissibly vague and ambiguous, including as to the undefined term "random." Apple further objects to this Interrogatory because it is compound as it contains discrete subparts that introduce separate and distinct lines of inquiry that are not factually subsumed within and necessarily related to the primary question. *See Hasan v. Johnson*, 2012 WL 569370, at *5 (E.D. Cal. Feb. 21, 2012); *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217–18 (C.D. Cal. 2009).

Subject to, limited by, and without waiving its objections, Apple responds as follows: Apple generated random universally unique identifiers (UUIDs) and mapped them on a one-to-one basis to consumer identification values used internally at Apple. In the dataset for production, Apple then replaced those consumer identification values with the corresponding UUIDs using built mapping. Accordingly, there is no relationship between the UUIDs appearing in the produced data and the consumer identification values used internally at Apple other than the mapping just described. Apple is not aware of any reason to suspect that samples drawn based on the first 1 or 2 hexidecimals of the "person_id" field would not be random. Apple notes, however, that there are many ways to again randomize the values in the produced data to ensure the drawing of a random sample.

**INTERROGATORY NO. 4:**

If a consumer has more than one Apple ID, explain how to identify all of the accounts in YOUR TRANSACTIONAL DATABASE associated with that consumer.

**RESPONSE TO INTERROGATORY NO. 4:**

Apple restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Apple objects to this Interrogatory on the grounds that it violates Federal Rule of Civil Procedure 33(b)(1)(B) because answering it would require Apple to furnish information that is not available to it and/or cannot be given without undue labor and expense. Apple further objects to this Interrogatory because it is impermissibly vague and ambiguous, including as to the undefined term "accounts."

Subject to, limited by, and without waiving its objections, Apple responds as follows: Apple is not aware of any way to identify all of the accounts in its transactional data associated with a consumer who has more than one Apple ID. With data that has not been anonymized, it is possible to match accounts that share common personal details like account holder names and addresses, but this method is not guaranteed to identify all accounts associated with a consumer with more than one Apple ID.

DATED: April 26, 2021

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Cynthia E. Richman
Cynthia E. Richman

*Attorney for Defendant Apple Inc.*

I, Mark Rollins, declare:

I am employed as a Finance Manager at Apple Inc. ("Apple"). I am authorized to make this verification on Apple's behalf. I am familiar with the contents of Defendant Apple Inc.'s Responses and Objections to Consumer Plaintiffs' Second Set of Interrogatories, specifically Apple's Responses to Interrogatory Nos. 3 through 11. I further declare that the facts set forth in Apple's Responses to Interrogatory Nos. 3 through 11 are true and correct to the best of my information and belief, based on my review of documents, records, and information possessed by or known to Apple and its officers or employees, and on that basis I allege them to be true.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that I executed this Verification on April 23, 2021 at Santa Clara, California.

Mark Rollins

**CERTIFICATE OF SERVICE**

I, Eli M. Lazarus, hereby certify that I am a citizen of the United States, over the age of eighteen, and not a party to this action. I hereby certify that on April 26, 2021, I delivered the foregoing **DEFENDANT APPLE INC.'S RESPONSES AND OBJECTIONS TO CONSUMER PLAINTIFFS' SECOND SET OF INTERROGATORIES**, via electronic mail, pursuant to an agreement among the parties for electronic service, to the following counsel in this action and the related actions:

PAUL R. RIEHLE
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE & REATH LLP**

CHRISTINE A. VARNEY
cvarney@cravath.com
KATHERINE B. FORREST
kforrest@cravarth.com
GARY A. BORNSTEIN
gbornstein@cravarth.com
YONATAN EVEN
yeven@cravath.com
LAUREN A. MOSKOWITZ
lmoskowitz@cravath.com
M. BRENT BYARS
mbyars@cravath.com
**CRAVATH, SWAINE & MOORE LLP**

*Counsel to Epic Games, Inc.*

STEVE W. BERMAN
steve@hbsslaw.com
ROBERT F. LOPEZ
robl@hbsslaw.com
SHANA E. SCARLETT
shanas@hbsslaw.com
BENJAMIN J. SIEGEL
bens@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**

*Interim Class Counsel for the Developer Plaintiffs*

MARK C. RIFKIN
rifkin@whafh.com
RACHELE R. BYRD
byrd@whafh.com
MATTHEW M. GUINEY
guiney@whafh.com
BRITTANY N. DEJONG
dejong@whafh.com
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

*Interim Class Counsel for the Consumer Plaintiffs*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of April, 2021, at San Francisco, California.

/s/ *Eli M. Lazarus*

Eli M. Lazarus