# Exhibit 20

THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No.
24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
RACHEL BRASS, SBN 219301
  rbrass@gibsondunn.com
CAELI A. HIGNEY, SBN 268644
  chigney@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Apple iPhone Antitrust Litigation | CASE NO.  4:11-cv-06714-YGR |
| | **SUPPLEMENTAL DECLARATION OF MARK ROLLINS IN SUPPORT OF APPLE INC.'S *DAUBERT* MOTION TO EXCLUDE REPLY TESTIMONY OF PROFESSOR DANIEL L. MCFADDEN** |
| | The Honorable Yvonne Gonzalez Rogers |
| | Date:        Dec. 14, 2021<br>Time:        10:00 a.m.<br>Courtroom:  1, 4th Floor |

1    Pursuant to Civil Local Rule 7-5, I, Mark Rollins, declare as follows:

2    1.    I am employed as a Finance Manager at Apple Inc. ("Apple") and, among other duties,

3    work with the teams of engineers responsible for all of Apple's identity and access management.

4    2.    I submitted a declaration dated August 10, 2021 in support of Defendant Apple Inc.'s

5    *Daubert* Motions and Oppositions to Class Certification, and I submit this supplemental declaration in

6    support of Apple's *Daubert* Motion to Exclude Reply Testimony of Professor Daniel L. McFadden.  I

7    have personal knowledge of the facts stated below and, if called as a witness, I could and would testify

8    competently thereto.

9    3.    As I explained in my prior declaration, people or entities use and make purchases on the

10   App Store through "Apple IDs," which are unique, password-protected accounts.  People or entities

11   can obtain multiple Apple IDs to use the App Store—for example, using different email addresses.

12   4.    Apple can locate the purchase history for a single Apple ID, like the report I included

13   as **Exhibit 1** to my prior declaration, but only by running a manual search for that Apple ID in a specific

14   software tool.  Such purchase history information may include a name, billing address, email address,

15   payment types, and last four digits of a credit card for a given Apple ID.

16   5.    Apple can only pull the purchase history reports described in Paragraph 4 one-at-a-time.

17   That is, an individual employee at Apple must manually type an Apple ID into the software tool Apple

18   uses to search for payment information associated with that Apple ID, and then the tool displays a

19   purchase history report for that single Apple ID; the tool cannot be used to pull information for several

20   Apple ID queries at once.

21   6.    I understand Plaintiffs' expert in this litigation has proposed that Apple could use the

22   type of information contained in the purchase history report attached as **Exhibit 1** to my previous

23   declaration to confirm whether certain information (i.e., email addresses, billing addresses, names)

24   match across different Apple IDs in order to link multiple Apple IDs to a single individual.  But the

25   only way to identify instances of overlap in such data between different Apple IDs is for an employee

26   to run manual searches (i.e., for a certain name, Apple ID, email address, physical address, payment

27   method, and/or telephone number) in certain software tools—including the tool I describe in Paragraph

28   4—and then attempt to try to compare or match the information that is returned.  Due to the way in

which data are stored at Apple, there is no automated process at Apple that could be used to filter, link, or otherwise identify potentially related accounts using this type of information aside from individual, manual searches.

7.     Further, if a search for a particular piece of information—like a search for the name "Daniel McFadden"—turned up 20 "hits" when queried in Apple's systems, an individual Apple employee would likely have to spend considerable time comparing addresses or other potentially correlating information to ascertain whether those 20 Apple IDs may belong to the same person—not to mention attempting to ascertain whether, for example, "Dan McFadden" and "Daniel McFadden" were the same user.

8.     I understand, for example, that an Apple employee ran a manual search for the name of one of the named Plaintiffs, "Edward Hayter," in one of Apple's software tools in connection with this litigation in or around July 2019.  That search returned 12 "hits" in the United States, which included entries for ▮▮ "Edward Hayter"s with address information in ▮▮▮▮▮▮ with an address in ▮▮▮▮▮▮ with an address in ▮▮▮▮▮ with an address in ▮▮▮▮▮▮▮▮▮▮▮), and ▮▮ with ▮▮▮▮▮▮▮▮▮▮)  The search results also included, for example,  a ▮▮▮ ▮▮▮▮▮▮ and, separately, a ▮▮▮▮▮▮▮▮▮ Apple ID.

9.     Further, as I have previously explained, even if Apple identifies potential overlapping information associated with more than one Apple ID, Apple otherwise does not and cannot independently and accurately identify or validate names, email addresses, billing addresses, payment methods, or phone numbers across Apple IDs to establish that certain Apple IDs do or do not belong to the same person or entity.  That is, for example, even if a manual search located multiple Apple IDs associated with the same billing information or name, Apple has no way to accurately verify or confirm that those Apple IDs actually belong to the same individual as opposed to different individuals using the same credit card or with the same name—for example, a father and son who share both a first and last name and potentially a credit card.  This is true for *every single* Apple ID account, which is what I meant when I said "each or every" in my prior declaration.

10.     I understand, for example, that the named Plaintiff Edward Lawrence identified in a deposition in this case ▮▮ different Apple IDs he uses or has used in the past:

Gibson Dunn &
Crutcher LLP

1 ██████████████████     ██████████████     ████████████████

2 ████████████████████████████████

3     11.    In connection with this litigation, in or around April 2020, Apple manually ran a

4 purchase history queries for the Apple IDs Mr. Lawrence identified as belonging to him. As reflected

5 on those reports, for the Apple ID ██████████████     the name associated with the purchase

6 history was ████████████ the billing address the user submitted, as reflected on that report, was

7 ████████████████████     the credit card number ended in █████ and was a ███

8 card, and the phone number was entered as ██████████. *See* **Exhibit 2**.    For

9 ████████████████     the billing address was ████████████████████ the credit

10 card ended in █████ and was a ████ card, and the phone number was ████████████. *See* **Exhibit**

11 **3**. And for ████████████████     the billing address was ████████████████████

12 the credit card number ended in █████ and was a █████ and two phone numbers were listed as ██████

13 ████████ and ████████████ *See* **Exhibit 4**.

14     12.    As reflected in the purchase history data for Mr. Lawrence, there is variation in the

15 information across his accounts—while the ████████ and ████████████ Apple IDs share the same

16 credit card number/type, they do not share the same phone number; while the ████████████ Apple

17 ID shares one phone number each with ████████████ and ████████████ it does not share a credit card

18 number with either. And ████████████ and ████████████—while they share a billing address—could

19 be housemates, parent/child, or the same person.

20     13.    Consistent with the process I explain in Paragraphs 4 and 5 above, in order to pull the

21 information in the purchase histories for Mr. Lawrence, Apple had to run individual searches for each

22 individual Apple ID in a specific software tool.  And in order to try to verify that all of these accounts

23 actually belong to the same individual—particularly given the differing account information—only Mr.

24 Lawrence himself could confirm his Apple IDs, as I understand he testified to during his deposition.

25     14.    Because Apple does not have an automated, non-manual way to identify potential

26 overlap across all Apple IDs, Apple also cannot provide a reasonable estimate of the number of Apple

27 IDs that contain overlapping information (such that they may belong to the same individual), or the

28

number of IDs in similar situations to Mr. Lawrence's—that is, where some data matches between two (or more) Apple IDs, but other data does not.

15. While I understand that Plaintiffs assert that matching email addresses using names and physical addresses "might well match with ninety or ninety-five percent confidence on all the accounts opened by a particular consumer," I have no reason to believe this could be the case. In fact, the examples I reviewed in Paragraphs 8 and 10-12 above for two of the named Plaintiffs, Edward Lawrence and Edward Hayter, indicate that such matching is highly unlikely to identify associated accounts with such precision: I understand that there are five named Plaintiffs in this case, meaning that at least 2/5—or 40%—may not be matched using Apple's information with confidence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 30, 2021 at Cupertino, California.

By: _____

Mark Rollins