BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com
byrd@whafh.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
rifkin@whafh.com
guiney@whafh.com
burt@whafh.com

*Interim Class Counsel for Plaintiffs*

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR<br><br>**ADMINISTRATIVE MOTION FOR AN ORDER MODIFYING THE BRIEFING AND HEARING SCHEDULE ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Hon. Yvonne Gonzalez Rogers |

**DOCUMENT SUBMITTED UNDER SEAL PURSUANT TO L.R. 79-5(b)**
**[REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED]**

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiffs Robert Pepper, Stephen H. Schwartz, Edward W. Hayter and Edward Lawrence ("Plaintiffs") bring this administrative motion to respectfully request a 60-day extension of their deadline to supplement their motion for class certification, from August 26, 2022, to October 25, 2022.  Plaintiffs and their experts have worked diligently to comply with the schedule the Court set. However, an extension is necessary because last week, Apple produced a massive amount of App Store transactional data, some of which replaces defective data Apple produced more than a year ago.  It will take Plaintiffs' experts several weeks to merge this new production with the two prior productions (swapping out the overlapping data), and re-process, sample, and then analyze the data for use in their expert report.  The computer time alone required to run complex regressions against the new dataset is extensive.

Plaintiffs' counsel wrote to Apple's counsel on July 20, 2022, requesting Apple stipulate to extend Plaintiffs' deadline to file their motion for class certification by sixty (60) days given the setback caused by Apple's replacement production. Apple refused to stipulate to an extension. Declaration of Rachele R. Byrd in Support of Administrative Motion for an Order Modifying the Briefing and Hearing Schedule on Plaintiffs' Motion for Class Certification, ¶ 3.

## II.    STATEMENT OF FACTS

On January 15, 2021, Apple produced 24 terabytes of App Store data on a hard drive covering transactions from July 2008 through September 2019.  Plaintiffs' experts analyzed that dataset in connection with the motion for class certification filed on June 1, 2021. On June 2, 2021, Apple made a second production of 2.4 terabytes of App Store transactions data covering the period October 2019 to April 2021. Plaintiffs' experts combined the two productions into 26.4 terabytes of data and have been analyzing that newer and more complete dataset in connection with the supplemental motion for class certification due to be filed on August 26, 2022. ECF No. 640.  However, while the experts' work was underway, on July 11, 2022, Apple made a third production of 3.5 terabytes of App Store data on a hard drive covering the period April 3, 2020 through April 25, 2022.  This third data production overlaps with Apple's second data production

1  for the period October 2019 through April 2021. In its transmittal letter, Apple's counsel instructed
2  that, ████████████████████████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████████████████████████████████
4  ███████████████████████ Declaration of Minjae Song in Support of Administrative Motion for an
5  Order Modifying the Briefing and Hearing Schedule on Plaintiffs' Motion for Class Certification
6  ("Song Decl.") ("Song Decl."), ¶ 3. ████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████████████████████████
8  ███████████████████████████████████████████████ *Id.*

9        Plaintiffs' class certification motion is currently due in five weeks, on August 26, 2022.
10 ECF No. 640. Apple's belated production of replacement App Store data has delayed the work of
11 Plaintiffs' experts by several weeks. *Id.*, ¶ 6. Plaintiffs' experts report that all of the three data
12 productions need to be combined to cover the whole Class period. *Id.* The combined data, which
13 will be approximately 30 terabytes, then needs to be re-processed before it can be used to estimate
14 the model and update the damages calculations. *Id.* Plaintiffs' experts estimate that it will take
15 ten to fifteen days just to merge the new production to the previous productions and to prepare
16 samples for model estimation. *Id.* It will then take an additional four to five weeks to complete
17 all the analyses and calculations to address the issues identified in the Court's March 29, 2022
18 Order Denying Plaintiffs' Motion for Class Certification Without Prejudice (ECF No. 630).[1] *Id.*
19 Most of this time is computer processing time and cannot be shortened.[2] *Id.* These time estimates
20 do not account for unforeseen data or computing issues they may encounter. *Id.* Therefore,
21 Plaintiffs' experts need an additional sixty (60) days to complete their work and prepare an expert
22 report in support of Plaintiffs' motion for class certification.

---

[1] It took Plaintiffs' experts more than four weeks to complete all the calculations needed to support the upcoming supplemental motion with the data that combines the first two productions, which was 26 terabytes. The combined full data will be close to 30 terabytes. *Id.*

[2] Plaintiffs' experts are using the best cloud computing resources available in the cloud computing industry. They are currently using cloud servers with 7500 DWUs, the maximum DWUs available at The Brattle Group right now. (A DWU is a unit measuring computing performance.) *Id.*

## III. ARGUMENT

A party seeking to modify a scheduling order must show "good cause" to obtain relief from the Court.  *See* Fed. R. Civ. P. 16(b)(4).  "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation marks omitted).  Rule 16(b)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Id.*

Plaintiffs have been working diligently with their experts, who have been tirelessly processing, sampling, and analyzing data to calculate damages and finalize their expert report by the August 26th deadline. Despite their diligent efforts, Plaintiffs and their experts are unable to complete their analysis and calculations in time because Apple recently produced new data to replace some of the old, erroneous data Apple previously produced, which requires Plaintiffs' experts to re-do much of their work.  Moreover, Plaintiffs brought this motion shortly after discovering that Apple's belated third data production would cause significant delay in the preparation of their expert report.  Therefore, good cause exists for modification of the scheduling order to allow the time Plaintiffs' experts need to incorporate and use this new replacement data. *See Kumandan v. Google LLC*, No. 19-cv-04286-BLF, 2022 U.S. Dist. LEXIS 87055, at *4-5 (N.D. Cal. May 13, 2022) (granting the plaintiffs' motion to continue the class certification motion deadline by two months because they "have shown diligence—they filed the present motion shortly after discovering that Google's March 29 and April 5 productions were potentially material to their motion for class certification and required additional time to process."); *Buchanan v. Sirius XM Radio, Inc.*, Civil Action No. 3:17-CV-0728-D, 2018 U.S. Dist. LEXIS 68482, at *6 (N.D. Tex. Apr. 24, 2018) (extending class certification deadline upon motion filed three days before deadline where important upcoming discovery was "foundational to [plaintiff's] class certification motion").

Finally, a sixty-day modification of the scheduling order will not prejudice Apple.

/ / /

## IV. CONCLUSION

For all of the reasons stated above, Plaintiffs request the Court adjust the current schedule as follows:

| EVENT | CURRENT DATE | NEW DATE |
|---|---|---|
| Second Class Certification Motion and Supporting Expert Evidence | August 26, 2022 | October 25, 2022 |
| Second Class Certification Opposition and Supporting Expert Evidence | December 2, 2022 | January 31, 2023 |
| Second Class Certification Reply and Rebuttal Evidence | January 20, 2023 | March 21, 2023 |
| Hearing on Second Class Certification Motion | March 1, 2023 at 2:00 pm (in-person) | April 26, 2023 at 2:00 p.m. (in-person) or at the Court's convenience |
| Deadline to Complete Fact Discovery | 60 days after decision on class certification | Same |
| Last Discovery Motions Filed | 30 days before closure of fact discovery | Same |
| Parties' Expert Reports | 60 days after decision on class certification | Same |
| Rebuttal Expert Reports | 45 days after submission of initial expert reports | Same |
| Expert Discovery Cutoff | 30 days after submission of rebuttal expert reports | Same |
| Dispositive/*Daubert* Motions | 45 days after the close of expert discovery | Same |
| Dispositive/*Daubert* Oppositions | 45 days after opening brief is filed | Same |
| Dispositive/*Daubert* Replies | 30 days after opposition brief is filed | Same |

DATED: July 23, 2022

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By:     */s/ Rachele R. Byrd*
       RACHELE R. BYRD

BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

ADMINISTRATIVE MOTION FOR AN ORDER MODIFYING BRIEFING AND HEARING SCHEDULE ON MOTION FOR CLASS CERT.
Case No. 11-cv-06714-YGR
-4-

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4677

*Interim Class Counsel for Plaintiffs*

DAVID C. FREDERICK (*pro hac vice*)
AARON M. PANNER (*pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
dfrederick@kellogghansen.com
apanner@kellogghansen.com

*Counsel for Plaintiffs*

28567

ADMINISTRATIVE MOTION FOR AN ORDER MODIFYING BRIEFING AND HEARING SCHEDULE ON MOTION FOR CLASS CERT.
Case No. 11-cv-06714-YGR
-5-