BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA  92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
rifkin@whafh.com
guiney@whafh.com
burt@whafh.com

*Interim Class Counsel and Proposed Co-Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR<br><br>**[PROPOESD] ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>DATE:  April 4, 2023<br>TIME:  2:00 p.m.<br>CTROOM: 1, 4th Floor<br>JUDGE:  Hon. Yvonne Gonzalez Rogers |

1    The renewed motion of plaintiffs Robert Pepper, Stephen H. Schwartz, Edward W. Hayter
2 and Edward Lawrence ("Plaintiffs") for an order certifying a Class, defined as defined as "All
3 persons in the United States, exclusive of Apple and its employees, agents and affiliates, and the
4 Court and its employees, who purchased one or more iOS applications or application licenses from
5 Defendant Apple Inc. ("Apple"), or who paid Apple for one or more in-app purchases, including,
6 but not limited to, any subscription purchase, for use on an iOS Device at any time since July 10,
7 2008 (the "Class Period"). The Class is limited to those persons who paid more than $10.00 in
8 total to Apple during the Class Period for iOS applications and in-app purchases from any one
9 Apple ID account. Wolf Haldenstein Adler Freeman & Herz LLP and Kellogg, Hansen, Todd,
10 Figel & Frederick, P.L.L.C. appeared on behalf of Plaintiffs. Gibson Dunn & Crutcher LLP
11 appeared on behalf of Defendant Apple Inc.

12    Having considered the renewed motion, the papers filed in support, Defendant's response
13 thereto, and the arguments of counsel, the Court finds:

14    1.    After conducting a rigorous analysis, the Court finds that this action satisfies the
15 requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. *See Wal-Mart*
16 *Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011).

17    2.    **Numerosity, Commonality, Adequacy and Typicality**. In the Court's March 29,
18 2022 Order (the "March 29 Order"), the Court found that Plaintiffs have satisfied all the
19 requirements of Rule 23(a) because: (1) the class is sufficiently numerous (*id*. at 15-16); (2) four
20 core common questions exist to satisfy the commonality requirement (*id*. at 16-18); and (3)
21 Plaintiffs satisfy the adequacy and typicality requirements (*id*. at 20).

22    3.    **Predominance**. In its March 29 Order, the Court concluded that, in light of its
23 rulings on the *Daubert* motions, Plaintiffs had not met their predominance burden by proving
24 class-wide impact and damages. March 29 Order at 25-26. The Court accepted certain aspects of
25 Prof. Daniel L. McFadden's three-step model as sound and reliable – which remain unchanged
26 in his Supplemental Report – but excluded other portions of his opinions, giving Plaintiffs an
27 opportunity to cure the deficiencies and errors that the Court identified. Prof. McFadden and Dr.
28 Rosa M. Abrantes-Metz have now corrected all those deficiencies and errors. Therefore, Rule

1  23(b)(3) is also satisfied because common issues predominate and classwide treatment of Class
2  members' claims is superior to a multitude of individual actions.

3      4.    **Superiority**.  Superiority under Rule 23(b)(3) is demonstrated where "classwide
4  litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino
5  v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Litigating the monopolization and
6  attempted monopolization claims of each iOS Device customer on an individual basis, even if it
7  were practically feasible, is plainly not the preferable alternative. *See*, *e.g.*, *In re High-Tech Emp.
8  Antitrust Litig.*, 985 F. Supp. 2d 1167, 1128 (N.D. Cal. 2013) (class action superior where
9  "Plaintiffs' case rises and falls with their common evidence"); *Image Tech. Servs., Inc. v. Eastman
10 Kodak Co.*, 1994 U.S. Dist. LEXIS 12652, at *9-10 (N.D. Cal. Aug. 31 1994) (finding class action
11 superior method because, "[d]espite the complexity of determining individual damages, other
12 methods of adjudicating this controversy would appear to be even more complex and less
13 efficient."); *Live Concert*, 247 F.R.D. at 148 (class mechanism clearly superior way to resolve
14 antitrust claims, even if individualized damages analysis assumed to be required); *DRAM*, 2006
15 U.S. Dist. LEXIS 39841, at *51 ("unnecessarily duplicative, and judicially inefficient, for the court
16 to mandate individual trials as to each class member").

17     5.    For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion and certifies the
18 Class defined as: "All persons in the United States, exclusive of Apple and its employees, agents
19 and affiliates, and the Court and its employees, who purchased one or more iOS applications or
20 application licenses from Defendant Apple Inc., or who paid Apple for one or more in-app
21 purchases, including, but not limited to, any subscription purchase, for use on an iOS Device at
22 any time since July 10, 2008 (the "Class Period"). The Class is limited to those persons who paid
23 more than $10.00 in total to Apple during the Class Period for iOS applications and in-app
24 purchases from any one Apple ID account."

25     6.    Plaintiffs Robert Pepper, Stephen H. Schwartz, Edward W. Hayter and Edward
26 Lawrence are appointed to serve as Class Representatives.  Wolf Haldenstein Adler Freeman &
27 Herz LLP and Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C. are appointed to serve as Co-
28 Class Counsel.

1 **IT IS SO ORDERED.**

DATE: _____

_____
THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

28761