David P. Chiappetta, CA Bar No. 172099
DChiappetta@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105-3204
Telephone: 415.344.7076
Facsimile: 415.344.7050

Judith B. Jennison, CA Bar No. 165929
JJennison@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Non-Party Microsoft Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM MICROSOFT CORPORATION** |

1

1

2   WHEREAS the parties to *In re Apple iPhone Antitrust Litigation* (the "Parties") agreed to

3   a Stipulated Protective Order on January 6, 2020 (Case No. 4:11-cv-06714-YGR, Dkt. No. 195);

4   WHEREAS the Court entered the Stipulated Protective Order on January 9, 2020 (Case

5   No. 4:11-cv-06714-YGR, Dkt. No. 199) (the "Protective Order");

6   WHEREAS Paragraph 10(a) of the Protective Order states that "[t]he terms of this Order

7   are applicable to information produced by a Non-Party in this action" and that "[n]othing in these

8   provisions should be construed as prohibiting a Non-Party from seeking additional protections";

9   WHEREAS Parties to the litigation have served subpoenas on Microsoft

10  Corporation ("Microsoft");

11  WHEREAS Microsoft has objected to the production of competitively sensitive

12  information in response to subpoenas served on it in the litigation in the absence of certain

13  additional protections beyond those set forth in the Protective Order agreed to by the Parties to

14  the litigation;

15  WHEREFORE, IT IS HEREBY ORDERED that documents produced by Microsoft in

16  connection with the litigation shall be further subject to the following provisions (the

17  "Supplemental Protective Order"):

18

19

20

21

22

23

24

25

26

27

28

1

1

**A.        GENERAL PROVISIONS**

2          1.        The definitions, terms and provisions contained in the Protective Order shall be

3  incorporated herein by reference as though fully set forth herein; provided, however, that in the

4  event of a conflict between any definition, term or provision of this Supplemental Protective

5  Order and any definition, term or provision of the Protective Order, this Supplemental Protective

6  Order will control with respect to such conflict.

7          2.        The definitions, terms and provisions contained in this Supplemental Protective

8  Order shall apply only to those Discovery Materials produced by Microsoft, and nothing herein

9  shall provide any rights or protections to the Parties to the litigation beyond those set forth in the

10  Protective Order.

11  **B.        ADDITIONAL DEFINITIONS**

12          1.        Business Consultant: a consultant advising on or involved in competitive

13  decision-making.

14          2.        Party Expert: with respect to "MICROSOFT HIGHLY CONFIDENTIAL –

15  OUTSIDE COUNSEL EYES ONLY," a person with specialized knowledge or experience in a

16  matter pertinent to the litigation who: (1) has been retained by a Party or its counsel to serve as an

17  expert witness or as a consultant in this action; (2) is not a current employee or current Business

18  Consultant of a Party, Microsoft, or of any Microsoft competitor, [1] or otherwise currently involved

19  in competitive decision-making for a Party, Microsoft, or for any Microsoft competitor; (3) has

20  not, within the 12 months preceding the entry of this Supplemental Protective Order, been an

21  employee or Business Consultant of a Party, Microsoft, or any Microsoft competitor, or otherwise

22  been involved in competitive decision-making for a Party, Microsoft, or any Microsoft

23  competitor; and (4) at the time of retention, is not anticipated to become an employee or Business

24  Consultant of a Party, Microsoft, or of any Microsoft competitor, or to be otherwise involved in

25  competitive decision-making for a Party or for any Microsoft competitor. If, while this action is

26

27          [1] References to "competitors" within this Supplemental Protective Order shall be
interpreted to mean competitors of Microsoft and its subsidiaries, including those persons or
28  entities that provide similar products or services as Microsoft or its subsidiaries.

2

pending, a Party learns that any of its retained experts or consultants as defined herein is anticipating to become, or has become, an employee or Business Consultant of Microsoft or any Microsoft competitor, or otherwise involved in competitive decision-making for Microsoft or any Microsoft competitor, the Party learning such information shall promptly disclose the information to Microsoft.

    3.    "MICROSOFT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY"  Information or Items: extremely sensitive "Confidential Information or Items" produced by Microsoft and that contain algorithms and source code; non-public, commercially sensitive customer lists or communications; non-public financial, marketing, or strategic business planning information; non-public information regarding prices, costs, margins, or other financial metrics; information relating to research, development, testing of, or plans for existing or proposed future products; non-public information concerning Microsoft's data protection practices and security protocols; evaluation of the strengths and vulnerabilities of Microsoft's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken during contract negotiations; information relating to pending or abandoned patent applications that have not been made available to the public; confidential submissions to governmental entities describing Microsoft's legal positions or theories; personnel files; sensitive personally identifiable information; and communications that disclose any such information, disclosure of which to a Party or another Non-Party would create a substantial risk of serious harm.

**C.    ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF MICROSOFT PROTECTED MATERIALS**

    1.    Manner of Designating "MICROSOFT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items. Designation in conformity with this Supplemental Protective Order requires:

        (a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that Microsoft affix

3

1   the legend "MICROSOFT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY"

2   to each page of any document for which Microsoft seeks protection under this Supplemental

3   Protective Order. If only a portion or portions of the material on a page qualifies for protection,

4   Microsoft also must clearly identify the protected portion(s) (e.g., by making appropriate

5   markings in the margins).

6          If Microsoft makes original documents or materials available for inspection, it

7   need not designate them for protection until after the inspecting Party has indicated which

8   material it would like copied and produced. During the inspection and before the designation, all

9   of the material made available for inspection shall be deemed "MICROSOFT HIGHLY

10  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." After the inspecting Party has

11  identified the documents it wants copied and produced, Microsoft must determine which

12  documents, or portions thereof, qualify for protection under this Supplemental Protective Order.

13  Then, before producing the specified documents, Microsoft must affix the appropriate legend

14  ("MICROSOFT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY") to each

15  page that contains such material. If only a portion or portions of the material on a page qualifies

16  for protection, Microsoft also must clearly identify the protected portion(s) (e.g., by making

17  appropriate markings in the margins).

18          (b)     for testimony given in deposition or in other pretrial proceedings not

19  involving the Court, that Microsoft identify on the record, before the close of the deposition,

20  hearing, or other proceeding, all protected testimony. When it is impractical to identify separately

21  each portion of testimony that is entitled to protection and it appears that substantial portions of

22  the testimony may qualify for protection, Microsoft may invoke on the record (before the

23  deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the

24  specific portions of the testimony as to which protection is sought. During that period, the entirety

25  of the transcript shall be treated as "MICROSOFT HIGHLY CONFIDENTIAL – OUTSIDE

26  COUNSEL EYES ONLY." Only those portions of the testimony that are appropriately designated

27  for protection within the 21 days shall be covered by the provisions of this Supplemental

28  Protective Order. Alternatively, Microsoft may specify, at the deposition or up to 21 days

4

1    afterwards if that period is properly invoked, that the entire transcript shall be treated as

2    "MICROSOFT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  With

3    respect to trial, Microsoft can petition the Court for appropriate protective measures which shall

4    be requested in advance of evidence being taken.

5              In the event that any of the Parties reasonably expect a deposition, hearing, or

6    other proceeding to include "MICROSOFT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

7    EYES ONLY" Information or Items, they shall give notice to the other Parties so that the other

8    Parties can ensure that only authorized individuals identified in paragraph C.2 below who have

9    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

10   proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its

11   designation as "MICROSOFT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES

12   ONLY."

13             Transcripts containing "MICROSOFT HIGHLY CONFIDENTIAL – OUTSIDE

14   COUNSEL EYES ONLY" Information or Items shall have an obvious legend on the title page

15   that the transcript contains such material, and the title page shall be followed by a list of all pages

16   (including line numbers as appropriate) that have been designated as "MICROSOFT HIGHLY

17   CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY". Microsoft shall inform the court

18   reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day

19   period for designation shall be treated during that period as if it had been designated

20   "MICROSOFT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in its

21   entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated

22   only as actually designated.

23             (c)    for information produced in some form other than documentary and for any

24   other tangible items, that Microsoft affix in a prominent place on the exterior of the container or

25   containers in which the information or item is stored the legend "MICROSOFT HIGHLY

26   CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." If only a portion or portions of the

27   information or item warrant protection, Microsoft, to the extent practicable, shall identify the

28   protected portion(s).

5

2.      Disclosure of "MICROSOFT HIGHLY CONFIDENTIAL – OUTSIDE
COUNSEL EYES ONLY" Information or Items. Unless otherwise ordered by the Court or
permitted in writing by Microsoft, a Party may disclose any information or item designated
"MICROSOFT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

(a)      the Party's Outside Counsel of Record in this action, as well as employees
of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information
for the litigation and who have signed the "Acknowledgement and Agreement to be Bound" that
is attached to the Protective Order as Exhibit A;

(b)      Designated House Counsel of the Party who have signed the
"Acknowledgement and Agreement to be Bound" that is attached to the Protective Order as
Exhibit A, but only in the event that (i) information designated "MICROSOFT HIGHLY
CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is incorporated into and necessary to a
Party's work product that is to be filed or served in the litigation; (ii) the Party discloses to
Microsoft the relevant excerpts from the work product that include the information designated
"MICROSOFT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" prior to
disclosure to Designated House Counsel of the Party; (iii) the Party identifies by name and job
title the Designated House Counsel, which shall be limited to two Apple litigation attorneys with
primary responsibility for overseeing the litigation, with whom such work product will be shared
for the purpose of reviewing and approving the work product in advance of filing or service; and
(iv) Microsoft provides consent to the disclosure, which shall not unreasonably be withheld;

(c)      Party Experts (as defined in this Supplemental Protective Order) (1) to
whom disclosure is reasonably necessary for the litigation and (2) who have signed the
"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      the Court and its personnel;

6

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

3.     In light of the judgment in *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20- cv-05640, Dkt. No. 814, and the final judgment of dismissal with prejudice in *Cameron v. Apple Inc.*, Case No. 4:19-cv-03074- YGR, Dkt. Nos. 491 & 494, any discovery produced by Microsoft in *In re Apple iPhone Antitrust Litigation* (Case No. 4:11-cv-06714-YGR) and designated either "CONFIDENTIAL" or "MICROSOFT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" shall not be produced in or used in *Epic Games, Inc. v. Apple Inc.* or *Cameron v. Apple Inc.*

4.     All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5, 6, 7.1, 9, 10, 11, 12, 13, and 14 apply mutatis mutandis to information designated "MICROSOFT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

1

2
DATED:     10/11/2022                        **PERKINS COIE LLP**

3                                              By: */s/ David P. Chiappetta*

4                                                  DAVID P. CHIAPPETTA, CA Bar No. 172099
                                                   DChiappetta@perkinscoie.com

5                                                  JUDITH B. JENNISON, CA Bar No. 165929
                                                   JJennison@perkinscoie.com

6                                                  Attorneys for Non-Party Microsoft Corporation

7

8                                              **MCDERMOTT WILL EMERY LLP**

9
DATED:     10/11/2022

10                                             By: */s/ Nicole Castle (with permission)*
                                                   MICHELLE LOWERY (SBN 302882)
11                                                 2049 Century Park East, Suite 3200
                                                   Los Angeles, CA 90067
12                                                 Telephone (310) 277-4110
                                                   mslowery@mwe.com

13                                                 **MCDERMOTT WILL EMERY LLP**
14                                                 PETER JOHN SACRIPANTI (*pro hac vice*)
                                                   JOHN J. CALANDRA (*pro hac vice*)
15                                                 NICOLE CASTLE (*pro hac vice*)
                                                   One Vanderbilt Avenue
16                                                 New York, NY 10017
                                                   Telephone: (212) 547-5400
17                                                 psacripanti@mwe.com
                                                   jcalandra@mwe.com

18                                                 **MCDERMOTT WILL & EMERY LLP**
19                                                 ELIZABETH RODD (*pro hac vice*)
                                                   200 Clarendon Street
20                                                 Boston, MA 02116
                                                   Telephone: (617) 535-4000
21                                                 erodd@mwe.com

22                                                 *Attorneys for Defendant Apple Inc.*

23

24

25

26

27

28

DATED:  __10/11/2022_____

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ, LLP

By:  */s/ Rachele R. Byrd (with permission)_____*
BETSY C. MANIFOLD
RACHELE R. BYRD

750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

MARK C. RIFKIN
MATTHEW M. GUINEY
**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4677

*Consumer Plaintiffs' Interim Class Counsel*

9

1

2

3     **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

4

5     DATED: _____

6                                                    HON. YVONNE GONZALEZ ROGERS
                                                     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CF SIGNATURE ATTESTATION

2         In accordance with Local Rule 5-1, the filer of this document hereby attests

3  that the concurrence of the filing of this document has been obtained from the other

4  signatories hereto.

5

6  DATED:  __10/11/2022_____      **PERKINS COIE LLP**

7

8                            By: */s/ David P. Chiappetta*
                                  David P. Chiappetta, Bar No. 172099

9                                  DChiappetta@perkinscoie.com

10                           Attorneys for Non-Party
                           Microsoft Corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28