SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ANN M. O'BRIEN (*admitted pro hac vice*)
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, DC 20006-6801
Telephone:   202.747.3340
Facsimile:   202.747.3909
Email:        aobrien@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MONA SOLOUKI, Cal Bar No. 215145
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415.434.9100
Facsimile:   415.434.3947
E mail:       msolouki@sheppardmullin.com

Attorneys for Third Party
Strava, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE iPHONE ANTITRUST LITIGATION, | Case No. 4:11-cv-06714-YGR |
| | **STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM THIRD PARTY STRAVA, INC.** |
| | Judge:    Yvonne Gonzalez Rogers |

1    WHEREAS the parties to In re Apple iPhone Antitrust Litigation (the "Parties") agreed to

2  a Stipulated Protective Order on January 6, 2020 (ECF No. 195);

3    WHEREAS the Court entered the Stipulated Protective Order on January 9, 2020 (ECF

4  No. 199);

5    WHEREAS the Court subsequently entered a Stipulated Amended Protective Order on

6  January 21, 2021 (ECF No. 381) (the "Protective Order");

7    WHEREAS Paragraph 10(a) of the Protective Order states that "[t]he terms of this Order

8  are applicable to information produced by a Non-Party in this action" and that "[n]othing in these

9  provisions should be construed as prohibiting a Non-Party from seeking additional protections";

10    WHEREAS, Parties to the litigation have served a subpoena on Strava, Inc. ("Strava")[1];

11    WHEREAS, Strava is willing to produce competitively sensitive information in response

12  to subpoenas served on it in the litigation, subject to certain additional protections beyond those

13  set forth in the Protective Order and that the Parties to the litigation agree to;

14    WHEREFORE, IT IS HEREBY ORDERED that documents produced by Strava in

15  connection with the litigation shall be further subject to the following provisions (the

16  "Supplemental Protective Order"):

17  **A.    GENERAL PROVISIONS**

18    1.    The definitions, terms and provisions contained in the Protective Order shall be

19  incorporated herein by reference as though fully set forth herein; provided, however, that in the

20  event of a conflict between any definition, term or provision of this Supplemental Protective Order

21  and any definition, term or provision of the Protective Order, this Supplemental Protective Order

22  will control with respect to such conflict.

23    2.    The definitions, terms and provisions contained in this Supplemental Protective

24  Order shall apply only to those Discovery Materials produced by Strava, and nothing herein shall

25
_____

26  [1] The term "Strava" shall include any entity that responds to subpoenas served on Strava, Inc. in the litigation. References to "competitors" within this Supplemental Protective Order shall be interpreted to mean competitors of Strava, Inc. and its parents and subsidiaries. The term "competitor" shall be construed in the broadest sense to include any organization or person that provides the types of services provided by Strava, Inc. and its parents and subsidiaries.

27

28

SMRH:4880-0290-8498.1          STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING
DISCOVERY FROM THIRD PARTY STRAVA, INC.

provide any rights or protections to the Parties to the litigation beyond those set forth in the Protective Order.

**B.     ADDITIONAL DEFINITIONS**

1.     Business Consultant: a consultant advising on or involved in competitive decision-making.

2.     Party Expert: with respect to "STRAVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee or current Business Consultant of a Party, Strava, or of any Strava competitor, or otherwise currently involved in competitive decision-making for a Party, Strava, or for any Strava competitor; (3) has not, within the 12 months preceding the entry of this Protective Order, been an employee or Business Consultant of a Party, Strava, or Strava's competitor, or otherwise been involved in competitive decision-making for a Party, Strava, or Strava's competitor; and (4) at the time of retention, is not anticipated to become an employee or Business Consultant of a Party, Strava, or of any Strava competitor, or to be otherwise involved in competitive decision-making for a Party or for any Strava competitor. If, while this action is pending, a Party learns that any of its retained experts or consultants as defined herein is anticipating to become, or has become, an employee or Business Consultant of Strava or any Strava competitor, or otherwise involved in competitive decision-making for Strava or any Strava competitor, the Party learning such information shall promptly disclose the information to Strava.

3.     "STRAVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items" produced by Strava and that contains algorithms and source code; non-public, commercially sensitive customer lists or communications; non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, margins, or other financial metrics; information relating to research, development, testing of, or plans for existing or proposed future products; non-public information concerning Strava's data protection practices and security

protocols; evaluation of the strengths and vulnerabilities of Strava's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Strava or competitors to Strava; information relating to pending or abandoned patent applications that have not been made available to the public; confidential submissions to governmental entities describing Strava's legal positions or theories; personnel files; sensitive personally identifiable information; and communications that disclose any such information, disclosure of which to a Party or another Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

C.    **ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF STRAVA PROTECTED MATERIALS**

    1.    <u>Manner of Designating "STRAVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items</u>. Designation in conformity with this Supplemental Protective Order requires:

        a.    for <u>information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that Strava affix the legend "STRAVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page of any document for which Strava seeks protection under this Supplemental Protective Order. If only a portion or portions of the material on a page qualifies for protection, Strava also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

        If Strava makes original documents or materials available for inspection, it need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "STRAVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, Strava must determine which documents, or portions thereof, qualify for protection under this Supplemental Protective Order. Then, before producing the specified documents, Strava must affix the appropriate legend ("STRAVA HIGHLY CONFIDENTIAL –

OUTSIDE COUNSEL EYES ONLY") to each page that contains such material. If only a portion or portions of the material on a page qualifies for protection, Strava also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.    <u>for testimony given in deposition or in other pretrial proceedings not involving the Court</u>, that Strava identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, Strava may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Supplemental Protective Order. Alternatively, Strava may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "<u>STRAVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY</u>." With respect to trial or other proceedings involving the Court, Strava can petition the Court for appropriate protective measures which shall be requested in advance of evidence being taken.

Strava and the Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include "<u>STRAVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY</u>" Information or Items so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "<u>STRAVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY</u>."

Transcripts containing "<u>STRAVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY</u>" Information or Items shall have an obvious legend on the title page that the transcript contains such material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as "<u>STRAVA HIGHLY</u>

CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY". Strava shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "STRAVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

        c.      for information produced in some form other than documentary and for any other tangible items, that Strava affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "STRAVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." If only a portion or portions of the information or item warrant protection, Strava, to the extent practicable, shall identify the protected portion(s).

        2.      Disclosure of "STRAVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by Strava, a Party may disclose any information or item designated "STRAVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

        a.      the Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the litigation and who have signed the "Acknowledgement and Agreement to be Bound" that is attached to the Protective Order as Exhibit A;

        b.      Designated House Counsel of the Party, but only in the event that (i) information designated "STRAVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is incorporated into and necessary to a Party's work product that is to be filed or served in the litigation; (ii) the Party discloses to Strava the relevant excerpts from the work product that include the information designated "STRAVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" prior to disclosure to Designated House Counsel of the Party; (iii) the Party identifies by name and job title the Designated House Counsel, which shall be limited to two Apple litigation attorneys with primary responsibility for overseeing the litigation, with whom such work product will be shared for the purpose of reviewing and approving the work product in

1  advance of filing or service; and (iv) Strava provides consent to the disclosure, which shall not

2  unreasonably be withheld;

3         c.       Party Experts (as defined in this Supplemental Protective Order) (1) to

4  whom disclosure is reasonably necessary for the litigation and (2) who have signed the

5  "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order);

6         d.       the Court and its personnel;

7         e.       court reporters and their staff, professional jury or trial consultants, and

8  Professional Vendors to whom disclosure is reasonably necessary for the litigation and who have

9  signed the "Acknowledgment and Agreement to be Bound" (Exhibit A to the Protective Order);

10  and

11         f.       the author or recipient of a document containing the information.

12  3.     In light of the judgment in Epic Games, Inc. v. Apple Inc., Case No. 4:20- cv-

13  05640, Dkt. No. 814, and the final judgment of dismissal with prejudice in Cameron v. Apple Inc.,

14  Case No. 4:19-cv-03074- YGR, Dkt. Nos. 491 & 494, any discovery produced by Strava and

15  designated as "STRAVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is

16  only for use in this litigation, In re Apple iPhone Antitrust Litigation (Case No. 4:11-cv-06714-

17  YGR), subject to the terms of this Supplemental Protective Order.

18  4.     All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5.3, 6,

19  7.1, 9, 10, 11, 12, 13, and 14 apply here to information designated "STRAVA HIGHLY

20  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to

21  information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; except

22  where the provisions of the Protective Order conflict with any provision of this Supplemental

23  Protective Order in which case this Supplemental Protective Order will control with respect to

24  such conflict; and except that the provision in Paragraph 3 of the Protective Order providing that

25  any use of Protected Material at trial shall be governed by a separate agreement or order shall not

26  apply to information designated "STRAVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

27  EYES ONLY". Unless otherwise ordered by the Court or expressly permitted by Strava, no Party

28  seeking to introduce documents or information designated "STRAVA HIGHLY

1    CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" into the record at trial may disclose the

2    materials to any persons other than those identified in Paragraph C.2. of this Supplemental

3    Protective Order.

4    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

5    Dated: April 5, 2023              By:    */s/ Nicole Castle*
                                              **MCDERMOTT WILL & EMERY LLP**
6                                             MICHELLE LOWERY (SBN 302882)
                                              2049 Century Park East, Suite 3200
7                                             Los Angeles, CA 90067
                                              Telephone: (310) 277-4110
8                                             mslowery@mwe.com

9                                             **MCDERMOTT WILL & EMERY LLP**
10                                            PETER JOHN SACRIPANTI (*pro hac vice*)
                                              JOHN J. CALANDRA (*pro hac vice*)
11                                            NICOLE CASTLE (*pro hac vice*)
                                              One Vanderbilt Ave
12                                            New York, NY 10017
                                              Telephone: (212) 547-5400
13                                            psacripanti@mwe.com
                                              jcalandra@mwe.com
14                                            ncastle@mwe.com

15                                            **MCDERMOTT WILL & EMERY LLP**
16                                            ELIZABETH RODD (*pro hac vice*)
                                              200 Clarendon Street
17                                            Boston, MA 02116
                                              Telephone: (617) 535-4000
18                                            erodd@mwe.com

19                                            *Attorneys for Defendant Apple Inc.*

20

21

22

23

24

25

26

27

28

SMRH:4880-0290-8498.1        STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING
                             DISCOVERY FROM THIRD PARTY STRAVA, INC.

| 1 | Dated: April 5, 2023 | By: | */s/ Rachele R. Byrd* |
| 2 | | | **WOLF HALDENSTEIN ADLER** |
| | | | **FREEMAN & HERZ LLP** |
| 3 | | | RACHELE R. BYRD (190634) |
| | | | 750 B Street, Suite 1820 |
| 4 | | | San Diego, CA 92101 |
| | | | Telephone: (619) 239-4599 |

**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
270 Madison A venue
New York, New York 10016
Telephone: (212) 545-4600

*Consumer Plaintiffs' Interim Class Counsel*

Dated: April 5, 2023       By:    */s/ Ann M. O'Brien*

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
ANN M. O'BRIEN (*admitted pro hac vice*)
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, DC 20006-6801
Telephone:  (202) 747-3340
Facsimile:  (202) 747-3909
aobrien@sheppardmullin.com

MONA SOLOUKI (CAL BAR NO. 215145)
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  (415) 434-9100
Facsimile:  (415) 434-3947
msolouki@sheppardmullin.com

*Counsel for Strava, Inc.*

SMRH:4880-0290-8498.1
STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING
DISCOVERY FROM THIRD PARTY STRAVA, INC.

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2    DATED: _____, 2023

3

4                                                    _____

5                                                    HON. THOMAS S. HIXSON
                                                     United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4880-0290-8498.1     STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING
                          DISCOVERY FROM THIRD PARTY STRAVA, INC.

## **DECLARATION REGARDING CONCURRENCE**

I, Ann M. O'Brien, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated:  April 5, 2023

By  *_____*
                                                        */s/ Ann M. O'Brien*
                                                        Ann M. O'Brien

SMRH:4880-0290-8498.1
STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING
DISCOVERY FROM THIRD PARTY STRAVA, INC.