1  Robert S. Gutierrez (CA Bar No. 143223)
   BALLARD SPAHR LLP
2  2029 Century Park East, Suite 1400
   Los Angeles, CA 90067-2915
3  Telephone: 424.204.4370
   Facsimile: 424.204.4350
4  gutierrezr@ballardspahr.com

5  *Attorney for Non-Party FitNow, Inc.*

6
7  [Additional counsel on signature page]

```
FILED
May 10 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM FITNOW, INC.** |

WHEREAS the parties to *In re Apple iPhone Antitrust Litigation* (the "Parties") agreed to a Stipulated Protective Order on January 6, 2020 (Case No. 4:11-cv-06714-YGR, Dkt. No. 195);

WHEREAS the Court entered the Stipulated Protective Order on January 9, 2020 (Case No. 4:11-cv-06714-YGR, Dkt. No. 199);

WHEREAS the Court subsequently entered a Stipulated Amended Protective Order on January 21, 2021 (ECF No. 381) (the "Protective Order");

WHEREAS Paragraph 10(a) of the Protective Order states that "[t]he terms of this Order are applicable to information produced by a Non-Party in this action" and that "[n]othing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections";

WHEREAS Plaintiffs in the litigation have served a subpoena on FitNow, Inc. d/b/a Lose It ("FitNow");

WHEREAS FitNow has objected to the production of competitively sensitive information in response to the subpoena served on it in the litigation in the absence of certain additional protections beyond those set forth in the Protective Order agreed to by the Parties to the litigation;

WHEREFORE, IT IS HEREBY ORDERED that documents produced by FitNow in connection with the litigation shall be subject to the terms of the Protective Order and further subject to the following provisions (the "Supplemental Protective Order"):

**A.    GENERAL PROVISIONS**

1. The definitions, terms and provisions contained in the Protective Order shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term or provision of this Supplemental Protective Order and any definition, term or provision of the Protective Order, this Supplemental Protective Order will control with respect to such conflict.

2. The definitions, terms and provisions contained in this Supplemental Protective Order shall apply only to those Discovery Materials produced by FitNow, and nothing herein shall provide any rights or protections to the Parties to the litigation beyond those set forth in the Protective Order.

1

STIPULATED [~~PROPOSED~~] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM FITNOW, INC.
Case No. 4:11-cv-06714-YGR

B. **ADDITIONAL DEFINITIONS**

1. Business Consultant: a consultant advising on or involved in competitive decision-making.

2. Party Expert: with respect to "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee or current Business Consultant of a Party, FitNow, or of any FitNow competitor, [1] or otherwise currently involved in competitive decision-making for a Party, FitNow, or for any FitNow competitor; (3) has not, within the 12 months preceding the entry of this Supplemental Protective Order, been an employee or Business Consultant of a Party, FitNow, or any FitNow competitor, or otherwise been involved in competitive decision-making for a Party, FitNow, or any FitNow competitor; and (4) at the time of retention, is not anticipated to become an employee or Business Consultant of a Party, FitNow, or of any FitNow competitor, or to be otherwise involved in competitive decision-making for a Party or for any FitNow competitor. If, while this action is pending, a Party learns that any of its retained experts or consultants as defined herein is anticipating to become, or has become, an employee or Business Consultant of FitNow or any FitNow competitor, or otherwise involved in competitive decision-making for FitNow or any FitNow competitor, the Party learning such information shall promptly disclose the information to FitNow.

3. "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items" produced by FitNow and that contain algorithms and source code; non-public, commercially sensitive customer lists or communications; non-public financial, marketing, or strategic business planning information; non-public information regarding prices, costs, margins, or other financial metrics; information relating to research, development, testing of, or plans for existing or proposed future products; non-public

---

[1] References to "competitors" within this Supplemental Protective Order shall be interpreted to mean competitors of FitNow and its affiliates, including those persons or entities that provide similar products or services as FitNow or its affiliates.

information concerning FitNow's data protection practices and security protocols; evaluation of the strengths and vulnerabilities of FitNow's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken during contract negotiations; information relating to pending or abandoned patent applications that have not been made available to the public; confidential submissions to governmental entities describing FitNow l's legal positions or theories; personnel files; sensitive personally identifiable information; and communications that disclose any such information, disclosure of which to a Party or another Non-Party would create a substantial risk of serious harm.

C. **ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF FITNOW PROTECTED MATERIALS**

1. Manner of Designating "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items. Designation in conformity with this Supplemental Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that FitNow affix the legend "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page of any document for which FitNow seeks protection under this Supplemental Protective Order. If only a portion or portions of the material on a page qualifies for protection, FitNow l also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

If FitNow makes original documents or materials available for inspection, it need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, FitNow must determine which documents, or portions thereof, qualify for protection under this Supplemental Protective Order. Then, before producing the specified

documents, FitNow must affix the appropriate legend ("FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY") to each page that contains such material. If only a portion or portions of the material on a page qualifies for protection, FitNow also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial proceedings not involving the Court, that FitNow identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, FitNow may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought. During that period, the entirety of the transcript shall be treated as "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Supplemental Protective Order. Alternatively, FitNow may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." With respect to trial, FitNow can petition the Court for appropriate protective measures which shall be requested in advance of evidence being taken.

In the event that any of the Parties reasonably expect a deposition, hearing, or other proceeding to include "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items, they shall give notice to the other Parties and FitNow so that the other Parties can ensure that only authorized individuals identified in paragraph C.2 below who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

Transcripts containing "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items shall have an obvious legend on the title page that the transcript contains such material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY". FitNow shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that FitNow affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." If only a portion or portions of the information or item warrant protection, FitNow, to the extent practicable, shall identify the protected portion(s).

2. Disclosure of "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by FitNow, a Party may disclose any information or item designated "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

(a) the Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the litigation and who have signed the "Acknowledgement and Agreement to be Bound" that is attached to the Protective Order as Exhibit A;

(b) Designated House Counsel of the Party who have signed the "Acknowledgement and Agreement to be Bound" that is attached to the Protective Order as Exhibit A, but only in the event that (i) information designated "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is incorporated into and necessary to a Party's work product

that is to be filed or served in the litigation; (ii) the Party discloses to FitNow the relevant excerpts from the work product that include the information designated "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" prior to disclosure to Designated House Counsel of the Party; (iii) the Party identifies by name and job title the Designated House Counsel, which shall be limited to two Apple litigation attorneys with primary responsibility for overseeing the litigation, with whom such work product will be shared for the purpose of reviewing and approving the work product in advance of filing or service; and (iv) FitNow provides consent to the disclosure, which shall not unreasonably be withheld;

(c) Party Experts (as defined in this Supplemental Protective Order) (1) to whom disclosure is reasonably necessary for the litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

3. In light of the judgment in *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20-cv-05640, Dkt. No. 814, and the final judgment of dismissal with prejudice in *Cameron v. Apple Inc.*, Case No. 4:19-cv-03074-YGR, Dkt. Nos. 491 & 494, any discovery produced by FitNow in *In re Apple iPhone Antitrust Litigation* (Case No. 4:11-cv-06714-YGR) and designated either "CONFIDENTIAL" or "FITNOW HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" shall not be produced in or used in *Epic Games, Inc. v. Apple Inc.* or *Cameron v. Apple Inc.*

4. All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5, 6, 7.1, 9, 10, 11, 12, 13, and 14 apply mutatis mutandis to information designated "FITNOW HIGHLY

CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: May 10, 2023_____

**BALLARD SPAHR LLP**

By: */s/ Robert S. Gutierrez*

    Robert S. Gutierrez (CA Bar No. 143223)
    BALLARD SPAHR LLP
    2029 Century Park East, Suite 1400
    Los Angeles, CA 90067-2915
    Telephone: 424.204.4370
    Facsimile: 424.204.4350
    gutierrezr@ballardspahr.com

*Attorney for Non-Party FitNow, Inc.*

DATED: May 10, 2023_____

**MCDERMOTT WILL & EMERY LLP**

By: */s/ Michelle Lowery*

    MICHELLE LOWERY (SBN 302882)
    2049 Century Park East, Suite 3200
    Los Angeles, CA 90067
    Telephone (310) 277-4110
    mslowery@mwe.com

**MCDERMOTT WILL & EMERY LLP**
PETER JOHN SACRIPANTI (*pro hac vice*)
JOHN J. CALANDRA (*pro hac vice*)
NICOLE CASTLE (*pro hac vice*)
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 547-5400
psacripanti@mwe.com
jcalandra@mwe.com

**MCDERMOTT WILL & EMERY LLP**
ELIZABETH RODD (*pro hac vice*)
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 535-4000
erodd@mwe.com

*Attorneys for Defendant Apple Inc.*

DATED: May 10, 2023

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ, LLP**

By: ___/s/ Rachele R. Byrd___
RACHELE R. BYRD

MARK C. RIFKIN
MATTHEW M. GUINEY
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4677
burt@whafh.com
rifkin@whafh.com
guiney@whafh.cpm

RACHELE R. BYRD
BETSY C. MANIFOLD
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
byrd@whafh.com
manifold@whafh.com

*Consumer Plaintiffs' Interim Class Counsel*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: May 10, 2023

HON. THOMAS S. HIXSON
UNITED STATES MAGISTRATE JUDGE

**CF SIGNATURE ATTESTATION**

In accordance with Local Rule 5-1, the filer of this document hereby attests that the concurrence of the filing of this document has been obtained from the other signatories hereto.

DATED: May 10, 2023_____

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: */s/ Rachele R. Byrd*_____

RACHELE R. BYRD, CA Bar No. 190634
byrd@whafh.com

*Consumer Plaintiffs' Interim Class Counsel*