**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA  90071
Tel 213.229.7000
www.gibsondunn.com

Daniel G. Swanson
Direct: +1 213.229.7430
Fax: +1 213.229.6430
DSwanson@gibsondunn.com

June 1, 2023

The Honorable Yvonne Gonzalez Rogers
U.S. District Court for the Northern District of California
Oakland Courthouse, Courtroom 1 – 4th Floor
1301 Clay Street
Oakland, CA 94612

Re:     *In re Apple iPhone Antitrust Litigation,* Case No. 4:11-cv-06714-YGR (N.D. Cal.)

Dear Judge Gonzalez Rogers:

We write on behalf of Defendant Apple Inc. in response to the Court's May 10, 2023, Order Denying Proposed Continuance, Vacating *Daubert* Hearing, and Imposing Prefiling Requirements.  *See* Dkt. 715.

In light of the Court's order, and Paragraph 11 of the Court's Standing Order, Apple has concluded that it is unnecessary to file a supplemental *Daubert* motion with respect to the opinions contained in the two reply reports of Prof. McFadden and Dr. Abrantes-Metz (Dkts. 708-2 and 708-3), which were submitted with Plaintiffs' reply in support of their renewed motion for class certification (Dkt. 708-1).  Apple's pending *Daubert* motion (Dkt. 688-1), objecting to the admissibility of the opinions of Prof. McFadden and Dr. Abrantes-Metz, encompasses the same opinions recapitulated in their reply reports, making an additional motion unnecessary.

Consequently, Apple requests only that the hearing on its pending *Daubert* motion be reinstated and that Apple be permitted to complete the briefing on that motion by responding to the opposition filed by Plaintiffs, which encompassed a 30-page memorandum (Dkt. 702-1), a 55-page declaration by Prof. McFadden (Dkt. 702-2), and an 87-page declaration by Dr. Abrantes-Metz (Dkt. 702-3).  Apple's reply brief was due on May 19, *see* Dkts. 686, 698; but on May 10 that briefing was "suspend[ed]" pursuant to the Court's order, *see* Dkt. 715 at 1.  In addition to replying to Plaintiffs' voluminous submissions, which duplicate many of the errors that resulted in the exclusion of Plaintiffs' previous expert evidence, *see* Dkt. 630, Apple wishes to address the impact of developments since it filed its initial motion on March 10, including the Ninth Circuit's opinion in *Epic Games, Inc. v Apple Inc.*, --- F.4th ---, 2023 WL 3050076 (9th Cir. Apr. 24, 2023), and subsequently produced third-party discovery.

If granted leave, Apple will file its reply by June 9, 2023, two weeks before the June 23, 2023 hearing on Plaintiffs' class certification motion.  As previously ordered pursuant to stipulation, Apple's reply memorandum will not exceed 20 pages. Dkt. 686 at 1–2.  Given the interrelationship

June 1, 2023
Page 2

between Apple's *Daubert* motion and Plaintiffs' renewed bid for class certification, Apple respectfully submits that oral argument on both motions should take place at the same hearing.[1]

Respectfully submitted,

/s/ Daniel G. Swanson

*Counsel for Apple Inc.*

---

[1] Apple also reiterates its request for an evidentiary hearing to determine whether Apple's *Daubert* and Rule 702 objections should be sustained.  *See* Dkt. 690 at i; *see also, e.g.*, *In re Google Play Store Antitrust Litig.*, 2022 WL 17252587, at *3–6 (N.D. Cal. Nov. 28, 2022) (ruling on *Daubert* motion following "a concurrent expert proceeding" to "aid the *Daubert* and class certification analysis"); *In re Packaged Seafood Prods. Antitrust Litig.*, 332 F.R.D. 308, 317 (N.D. Cal. 2019) (deciding class certification following a three-day hearing "focused … on the models each expert put forward to prove that common evidence could show impact to the class members"), *aff'd sub nom Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) (en banc); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 292 F. Supp. 3d 14, 32 (D.D.C. 2017) (deciding class certification and *Daubert* motions after a five-day evidentiary hearing); *Laumann v. Nat'l Hockey League*, 117 F. Supp. 3d 299, 305 (S.D.N.Y. 2015) (deciding *Daubert* motion at class certification stage following a three-day evidentiary hearing ); *cf. Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) (a trial court has "latitude in deciding how to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability").