# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
### Providing Exemplary Legal Service Since 1888

**RACHELE R. BYRD**
DIRECT DIAL: 619-234-3897
FACSIMILE: 619-234-4599
byrd@whafh.com

SYMPHONY TOWERS
750 B STREET - SUITE 1820
SAN DIEGO, CA 92101
619-239-4599

270 Madison Ave.
New York, NY 10016
212-545-4600

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
111 W. JACKSON BLVD., SUITE 1700
CHICAGO, IL 60604
312-984-0000

June 5, 2023

The Honorable Yvonne Gonzalez Rogers
U.S. District Court for the Northern District of California
Oakland Courthouse, Courtroom 1 – 4th Floor
1301 Clay Street Oakland, CA 94612

Re:   *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR (N.D. Cal.)

Dear Judge Gonzalez Rogers:

We represent Plaintiffs in the above-referenced action and write pursuant to the Court's May 10, 2023, Order Denying Proposed Continuance, Vacating *Daubert* Hearing, and Imposing Prefiling Requirements (ECF No. 715), in response to Defendant Apple Inc.'s June 1, 2023, letter.

The Court's Order permitted prefiling letters from the parties to request permission to file a *new Daubert* motion, but Apple's letter requests that the hearing on its already-filed *Daubert* motion be placed back on calendar and that it be permitted to file a reply brief. The Court should deny Apple's request. Apple's *Daubert* motion claims there are methodological "flaws" in Plaintiffs' experts' opinions, but for many of those alleged "flaws," Apple's experts only posit that Plaintiffs' experts are wrong; none actually identifies what the *correct* methodology is or should be. And as for the other alleged "flaws," which largely attack the data Plaintiffs' experts relied upon, Apple's claims are neither supported by academic literature nor the record created so far.

Taken in its entirety, Apple uses its *Daubert* motion to once again (and many times over) manifest disagreements between its *eight* experts and Plaintiffs' experts, Prof. Daniel L. McFadden and Dr. Rosa Abrantes-Metz, regarding their ultimate opinions. But as the Court emphasized in its May 10 Order, "**[m]ere disagreement with [an expert's] opinions is not sufficient.**" (Emphasis in original.)

The Court's March 29, 2022, Order denying class certification without prejudice (ECF No. 630) rejected Prof. McFadden's benchmark analysis and identified several concerns over certain flaws in his original damages model. The Court granted Plaintiffs leave to address those issues, "anticipat[ing] that the deficiencies can be addressed," and directed Apple not to repeat arguments that were "analyzed and rejected" in the first round of class certification briefing.

The Honorable Yvonne Gonzalez Rogers
June 5, 2023
Page 2

      To address the Court's concerns, Plaintiffs have substituted a data-driven computation of the but-for commission rate performed by Dr. Abrantes-Metz, an expert with relevant expertise in transaction pricing and payment processing that the Court found Prof. McFadden lacked, for Prof. McFadden's benchmarking. In addition, Plaintiffs have addressed all of the Court's specific concerns with Prof. McFadden's updated damages model. Apple then submitted a sprawling *Daubert* motion, relying on *eight* experts, that frequently contradicted the Court's instruction not to re-argue previously decided issues and resurrected (or reframed) many meritless arguments from the first round of *Daubert* briefing. Nowhere did Apple or its army of experts say that Prof. McFadden or Dr. Abrantes-Metz have not adequately addressed any of those deficiencies.

      Apple's *Daubert* motion is without merit, and its voluminous flyspecking at most amounts to mere disagreements between the parties' experts on ultimate opinions that a jury must resolve. Therefore, the Court was right to take Apple's *Daubert* motion off calendar and suspend further briefing on the motion. No reply brief can correct this fundamental flaw in Apple's *Daubert* motion. Accordingly, the Court should deny Apple's request.

      Very truly yours,

      Rachele R. Byrd
      WOLF HALDENSTEIN ADLER
       FREEMAN & HERZ LLP

      *Counsel for Plaintiffs*