SANJAY M. NANGIA (CA State Bar No. 264986)
DAVIS WRIGHT TREMAINE LLP
50 California Street, Floor 23
San Francisco, California  94111
Telephone:     (415) 276-6500
Facsimile:     (415) 276-6599
Email: sanjaynangia@dwt.com

Attorneys for Hallmark Media United States, LLC

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| In re Apple iPhone Antitrust litigation | Case No. 4:11-cv-06714-YGR |
|---|---|
| | **THIRD-PARTY HALLMARK'S DECLARATION IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE INFORMATION UNDER SEAL** |
| | N.D. L. Rule 79-5 |

I, Emily Powers, hereby declare as follows:

1. I am the Executive Vice President of Streaming and Digital Platforms at Hallmark Media United States, LLC ("Hallmark"). I have been employed at Hallmark since January 2023 and in the course of my employment have become familiar with Hallmark's processes for maintaining confidential financial information, including the sales information that is the subject of the below sealing request.

2. Pursuant to Civil Local Rule 79-5, I submit this declaration in support of sealing certain items in the Hitt Report at Dkt. 688-3 that disclose Hallmark's information ("Hitt Report"). As explained in detail below, the requested relief is narrowly tailored and necessary to protect the confidentiality of certain Hallmark information. I have knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to them.

3. Hallmark Movies Now is an on-demand streaming video service operated by Hallmark that offers family-friendly movies directly to consumers via mobile applications, including to Apple iPhone customers (the "Hallmark App"), the Hallmark Now website, and via third-party services, including Amazon Channels.

4. Hallmark is a third party to this lawsuit. Hallmark did not choose to disclose its sales information in the lawsuit. Rather, Hallmark's information was maintained in Apple's business records with the understanding that it would be kept confidential.

5. My understanding is that the specific Hallmark sales information filed provisionally under seal is as follows:

| Confidentiality Request # | Document | Description |
|---|---|---|
| 1 | Hitt Report, Ex. 1, Figure 8 | Page 50, items 20 and 21 (showing changes in commission rates, pricing changes, and impact on free trials for the Hallmark App). |
| 2 | Hitt Report, Ex. 1, Figure 16 | Page 70, items 12-13 (showing product tier and impact on pricing for the Hallmark App) |
| 3 | Hitt Report, Ex. 1, Figure 66 | Page 278, items 33-34 (showing number of transactions/sales for the |

| | | Hallmark App) |
|---|---|---|
| 4 | Hitt Report, Ex. 1, Figure 86 | Page 299, entire page (showing daily average prices, commission rates, percent of free transactions for the Hallmark App) |
| 5 | Hitt Report, Ex. 1, Figure 87 | Page 300, entire page (showing daily average prices, commission rates, percent of free transactions for the Hallmark App) |

6. Hallmark respectfully requests that the Court permit the materials identified above to be filed under seal due to their confidential nature.

7. It is extremely important to Hallmark to keep the above information confidential. Hallmark is a private company and does not release performance or financial data, particularly such detailed sales information.

8. Hallmark has never publicly disclosed, in litigation or otherwise, the above sales information at issue, to the best of my knowledge. Further, Hallmark implements security measures to help prevent unauthorized access to these systems and processes.

9. If the details are disclosed publicly, Hallmark's competitors will be better able to understand Hallmark's strategy and sales as it relates to the Hallmark App. Hallmark has spent years building and developing the Hallmark App, and its performance on the App Store would provide insights on Hallmark's success and strategy. These competitors will then be better equipped to compete with Hallmark, or if they do not have such an App, in determining whether building an App similar to Hallmark's is competitively worthwhile.

10. Finally, Hallmark negotiates and signs contracts with other App distributors, vendors, and program suppliers. If the above described information for the Hallmark App is disclosed, this information could be used by these parties to the detriment of Hallmark. Access to this confidential information would put Hallmark at a competitive disadvantage in any of the negotiations or dealings with these parties. Additionally, Hallmark would be at risk if suppliers decide not to work with Hallmark because the sales and pricing information is different than expected.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th of June, 2023 at New York, NY.

*Emily Powers*
EMILY POWERS