BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
rifkin@whafh.com
guiney@whafh.com
burt@whafh.com

*Interim Class Counsel and Proposed Co-Class Counsel*

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR<br><br>**JOINT SUBMISSION OF AUTHORITIES REGARDING UNINJURED CLASS MEMBERS AND CLASS CERTIFICATION**<br><br>CTROOM: 1, 4th Floor<br>JUDGE: Hon. Yvonne Gonzalez Rogers |

In its June 23, 2023, Memorandum Order (ECF No. 737), the Court directed the parties to submit a "a Joint Brief on caselaw regarding percentages of uninjured class members by June 30, 2023." At the hearing on Plaintiffs' renewed motion for class certification on June 23, 2023, the Court instructed the parties to provide only the "case names and parentheticals identifying either the percentage where class is not certified or where class is certified." The Court expressly ordered the parties to include "zero argument" in the brief.

**Plaintiffs' Submission**[1]

| Name of Case | Number/Percentage of Uninjured in Class | Certified or Not Certified |
|---|---|---|
| **Supreme Court Cases** | | |
| *TransUnion LLC v. Ramirez*, 210 L. Ed. 2d 568, 141 S. Ct. 2190, 2197 (2021) | 75% uninjured | Narrowed and certified on remand |
| **Ninth Circuit Cases** | | |
| *Van v. LLR, Inc.*, 61 F.4th 1053, 1068-69 (9th Cir. 2023) | 19% uninjured | Certification vacated and remanded |
| *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9 Cir. 2022) (*en banc*) | 5.5% or 28% uninjured | Class certified. |
| **Other Circuit Cases** | | |
| *In re Rail Freight Fuel Surcharge Antitrust Litig*. 934 F.3d 619, 625 (D.C. Cir. 2019) | 12.7% uninjured | Certification denied |
| *In re Asacol Antitrust Litig.*, 907 F.3d 42, 58 (1st Cir. 2018) | 10% uninjured | Certification denied. |
| *In re Nexium Antitrust Litig.*, 777 F.3d 9 (1st Cir. 2015) | 5.8% uninjured | Class certified |
| *Messner v. Northshore Univ. HealthSystem*, 669 F. 3d 802, 816, 825-26 (7th Cir. 2012) | 2.4% | Class certified |
| **District Court Cases in Ninth Circuit** | | |
| *Trevino v. Golden State FC LLC*, No. 1:18-cv-00120-ADA-BAM, 2023 WL 3687377, at *11-17 (E.D. Cal. May 26, 2023) | 89.5% uninjured | Class certified as to injured |
| *In re Xyrem Antitrust Litig.*, No. 20-md-02966-RS, 2023 WL 3440499, at *5-8 (N.D. Cal. May 12, 2023) | 2% to 5% uninjured | Class certified |

---

[1] Plaintiffs submit this chart in compliance with the Court's direction at the class certification hearing. Plaintiffs object to Apple's inclusion of any argument in its submission, as doing so violates the Court's clear and emphatic direction to include "zero" argument in the brief.

JOINT SUBMISSION OF AUTHORITIES REGARDING UNINJURED CLASS MEMBERS AND
CLASS CERTIFICATION
Case No. 11-cv-06714-YGR
-1-

| | | |
|---|---|---|
| *Orshan v. Apple Inc.*, No. 5:14-cv-05659-EJD, 2023 WL 3568079, at *12-13 (N.D. Cal. Mar. 31, 2023) | 27.6% to 70% uninjured | Certification denied |
| *Stiner v. Brookdale Senior Living, Inc.*, No. 17-cv-03962-HSG, 2023 WL 2722294, at *28-31 (N.D. Cal. Mar. 30, 2023) | 93% uninjured | Narrowed class certified |
| *Weiner v. Ocwen Fin. Corp.*, No. 2:14-cv-02597-TLN-DB, 343 F.R.D. 628, 630-33 (E.D. Cal. Feb. 28, 2023) | Approx. 50% uninjured | Class certified. |
| *Sonneveldt v. Mazda Motor of Am., Inc.*, No. 8:19-cv-01298-JLS-KES, 2023 WL 1812157, at *3-5 (C.D. Cal. Jan. 25, 2023) | Majority uninjured | Decertified |
| *Lytle v. Nutramax Labs., Inc.*, No. ED CV 19-0835 FMO (SPx), 2022 WL 1600047 (C.D. Cal. 2022) | Majority uninjured | |
| *Johnson v. Nissan N. Am., Inc.*, No. 3:17-cv-00517-WHO, 2022 WL 2869528, at *23 (N.D. Cal. July 21, 2022) | Up to 99% uninjured (ECF No. 147 at *19-31) | Class certified |
| *Utne v. Home Depot U.S.A., Inc.*, No. 16-cv-01854-RS, 2022 WL 1443338 (N.D. Cal. May 6, 2022) | 3% uninjured (*see* ECF No. at *6) | Class certified |
| *In re Korean Ramen Antitrust Litig.*, No. 13-CV-04115-WHO, 2017 WL 235052 (N.D. Cal. Jan. 19, 2017) | 3% uninjured (ECF No. 147 at *19-31). | Class certified |
| | | |
| **District Court Cases Outside Ninth Circuit** | | |
| *In re Pork Antitrust Litig.*, No. CV 18-1776 (JRT/JFD), 2023 WL 2696497, at *24 (D. Minn. Mar. 29, 2023) | 3.8% uninjured | Class certified |
| *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 341 F.R.D. 128, 142, 146–47 (D. Md. 2022) | Class of 47.7 million; uninjured unspecified | Class certified |
| *Williams v. PillPack LLC*, 343 F.R.D. 201, 207-14 (W.D. Wash. Dec. 23, 2022) | 40% to 90% uninjured (*see* ECF No. 243 at 8) | Class certified |
| *Simmons v. Ford Motor Co.*, 592 F. Supp. 3d 1262, 1284-1285 (S.D. Fla. 2022) | "Vast majority" uninjured | Certification denied |
| *Iowa Pub. Emps. Ret. Sys. v. Bank of Am. Corp.*, No. 17 Civ. 6221 (KPF) (SLC), 2022 WL 2829880 (S.D.N.Y. June 30, 2022) | 0.2% to 0.4% uninjured | Class certified in part |
| *In re Ranbaxy Generic Drug Application Antitrust Litig.*, 338 F.R.D. 294, 304 (D. Mass. 2021) | <10% uninjured | Class certified |
| *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2020 WL 5778756 (E.D. Va. Aug. 14, 2020), *report and* | "All or substantially all" injured | Class certified |

| | | |
|---|---|---|
| *recommendation adopted*, No. 2:18-MD-2836, 2021 WL 3704727 (E.D. Va. Aug. 20, 2021) | | |
| *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2020 WL 1180550, at *31 (D. Kan. Mar. 10, 2020) | <5% uninjured | Class certified |
| *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 335 F.R.D. 1, 13 (E.D.N.Y. 2020) | 5% uninjured | Class certified |
| *In re Intuniv Antitrust Litig.*, No. 1:16-CV-12396-ADB, 2019 WL 3947262, at *7 (D. Mass. Aug. 21, 2019) | 8% uninjured | Certification denied |

## Apple's List of Cases

Apple's list of cases in which courts have certified or declined to certify classes that purportedly included uninjured class members follows. Apple has provided context regarding the courts' findings where appropriate, including by noting the source of any figures regarding uninjured class members and courts' resolution of disputed figures.

### a. Ninth Circuit Court of Appeals

- *Van v. LLR, Inc.*, 61 F. 4th 1053, 1068-69 (9th Cir. 2023) (vacating order certifying class of 10,606 members who were allegedly overcharged on 72,373 purchases where "at least eighteen of the 13,680 discounts provided to class members" (0.13%) established that some class members were uninjured); *see also* Def. Opening Br., 2022 WL 2070594, at *31 (arguing that "less than 19%, but likely far more than 1%" were injured; court did not cite or rely on this contention).
- *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F. 4th 651, 672 n.18, 673 n.21, 681-84 (9th Cir. 2022) (en banc) (affirming certification of direct purchaser class in which district court credited plaintiffs' evidence that all putative class members were injured. The defendants' expert "did not 'suggest' that 5.5 percent of the class were uninjured" and "did not show that 28 percent of the class potentially suffered no injury," contrary to the dissent's arguments. Also affirming certification of indirect purchaser classes where expert models were "capable of resolving the antitrust impact issue in a single stroke," crediting that 100% (or more) of overcharge was passed onto indirect purchasers).
- *Andrews v. Plains All Am. Pipeline, L.P.*, 777 Fed. App'x 889, 892 (9th Cir. 2019) (reversing certification because "many employees within the class likely were not injured"; plaintiffs' expert model showed that only 34% of putative class members lost jobs, and the remainder were not fortuitously uninjured); *see also Andrews*, 2018 WL 6017968, at *5 (C.D. Cal. Feb. 9, 2018) (putative class contained "well into the hundreds, if not thousands" of individuals).
- *Ruiz Torres v. Mercer Canyons Inc.*, 835 F. 3d 1125, 1137 & n.5 (9th Cir. 2016) & 305 F.R.D. 646, 652-54 (E.D. Wash. 2015) (affirming certification where defendant identified two specific putative class members out of 600 (0.3%) who were "fortuitously" uninjured).

### b. Other Federal Appellate Courts

- *In re Lamictal Direct Purchaser Antitrust Litig.*, 957 F.3d 184, 192-95 (3d Cir. 2020) & 2018 WL 6567709, at *3 (D.N.J. Dec. 12, 2018) (reversing certification where defendants argued that "up to one-third of the" 65-member class "likely paid no more, or even *less*" for the relevant product and district court did not "conduct a rigorous analysis of the competing expert reports").
- *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 934 F. 3d 619, 623 (D.C. Cir. 2019) (affirming denial of certification where plaintiffs' model showed 2,037 putative class members (12.7%) were uninjured as "5% to 6% constitutes the outer limits" of uninjured class members).
- *In re Asacol Antitrust Litig.*, 907 F. 3d 42, 47, 51-54 (1st Cir. 2018) (reversing certification where plaintiffs' model showed at least 10% of class was uninjured, meaning that "thousands" suffered no injury, and rejecting a "claims administrator's review" as an inadequate "mechanism" for distinguishing between injured and uninjured class members).
- *In re Nexium Antitrust Litig.*, 777 F. 3d 9, 27-31 (1st Cir. 2015) (affirming certification where about 2.4% of putative class members were uninjured and rejecting the defendants' evidence that "5.8% of the consumers were uninjured"); *see also id*. at 35 (Kayatta, J., dissenting) (stating that courts should focus on the raw number as "[c]ulling out 5% of 1 million is almost certainly not [easy]").
- *Messner v. Northshore Univ. HealthSystem*, 669 F. 3d 802, 816, 825-26 (7th Cir. 2012) (vacating denial of certification where defendant "admit[ted] that only about 2.4 percent of the putative class members," direct purchasers of hospital services, were uninjured).
- *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 324-25 & n.23 (3d Cir. 2008) (vacating certification order because the court failed to resolve "genuine[] dispute[]" between experts about whether the alleged antitrust conspiracy "impact[ed] the entire class").
- *Denney v. Deutsche Bank AG*, 443 F. 3d 253, 264-65 (2d Cir. 2006) & *Denney v. Deutsche Bank AG*, 230 F.R.D. 317, 330 (S.D.N.Y. 2005) (affirming certification because a class must "be defined in such a way that anyone within it would have standing" and, after resolving disputed evidence, "each [of the around 1,100] class member[s] suffered an injury-in-fact").
- *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006) (affirming denial of certification where class "could include millions" who were uninjured).
- *Blades v. Monsanto Co.*, 400 F. 3d 562, 571 (8th Cir. 2005) (affirming denial of certification where "not every member of the proposed classes" of farmers who purchased genetically modified corn "can prove with common evidence that they suffered impact").

### c. District Courts within Ninth Circuit

- *In re Xyrem Antitrust Litig.*, 2023 WL 3440399, at *5-8 (N.D. Cal. May 12, 2023) (certifying class where it was "highly unlikely" that any putative class member was uninjured ("much lower than 2-5%" according to the plaintiffs' motion, No. 20-MD-02966-RS, Dkt. 353 at 24)).
- *Johnson v. Nissan North America, Inc.*, 2022 WL 2869528, at *23 (N.D. Cal. Jul. 21, 2022) (certifying class after rejecting the defendant's argument that any class members were injured as a "misunderstand[ing] [of] the injury at the heart of this suit").
- *McKenzie Law Firm, P.A. v. Ruby Receptionists, Inc.*, 2020 WL 1970812, *9 (D. Or. Apr. 24, 2020) (certifying class with "no more than about 30 uninjured class members" out of approximately 18,000 members total (0.17%)).
- *Schellenbach v. GoDaddy.com LLC*, 321 F.R.D. 613, 625 (D. Ariz. 2017) & 2017 WL 3719883, at *5 (D. Ariz. Aug. 29, 2017) (denying certification where it "appear[ed] that almost one-third

of the proposed class members" were uninjured and, even crediting the plaintiffs' evidence, "approximately 1,000 of the 10,000 potential class members" were uninjured).

### d. Other Federal District Courts

- *In re Pork Antitrust Litig.*, 2023 WL 2696497, at *24 (D. Minn. Mar. 29, 2023) (certifying class where both parties' experts "determined that nearly 100%" of the "thousands" of putative class members "were impacted"; defendant's expert's "own analysis shows that at least 96.2%" of class members were overcharged).
- *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 341 F.R.D. 128, 142 (D. Md. 2022) (narrowing class definition where proposed definition meant the "number of uninjured" could "be in the thousands").
- *Value Drug Co. v. Takeda Pharms., U.S.A. Inc.*, 2022 WL 17177267, *13 (E.D. Pa. Nov. 23, 2022) (denying certification where adjusting plaintiffs' expert's assumptions resulted in 25% of class being uninjured, finding "[a]n unreliable model showing uninjured class members cannot be used as the basis for predominance.").
- *In re Pre-Filled Propane Tank Antitrust Litig.*, 2021 WL 5632089, *8-10 (W.D. Mo. Nov. 9, 2021) (denying certification where defendants argued that "significant portions (over 30%) of the at-issue class sales did not exhibit an overcharge," and plaintiffs' expert's "use of averaging and aggregated data covers up the existence of numerous uninjured class members").
- *In re Niaspan Antitrust Litig.*, 464 F. Supp. 3d 678, 715 (E.D. Pa. 2020) (denying certification because, focusing on "the [raw] number of potentially uninjured class members," at least 73,000 over 600,000 putative class members (12.2%) were uninjured).
- *In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D. 5, 62 (S.D.N.Y. 2020) (denying certification where plaintiffs' expert "impermissibly relied on averaging that conceals uninjured purchasers," and the defendant's expert's analysis showed that "over 50 percent of class members were unaffected" by the alleged anticompetitive conduct).
- *In re Loestrin 24 FE Antitrust Litig.*, 410 F. Supp. 3d 352, 402-04 (D.R.I. 2019) (denying certification where at least 6.7% of class members—in a putative class of "hundreds of thousands"—were uninjured).
- *In re Intuniv Antitrust Litig.*, 2019 WL 3947262, at *8 (D. Mass. Aug. 21, 2019) (denying certification where at least 8% of class members—over 25,000 consumers—were uninjured).
- *In re Thalomid & Revlimid Antitrust Litig.*, 2018 WL 6573118, at *12-*14 (D.N.J. Oct. 30, 2018) (denying certification where plaintiffs argued that "at least 90% of consumers" —purchasers of defendant's pharmaceutical drugs—"were impacted").
- *Food Lion, LLC v. Dean Foods Co.*, 312 F.R.D. 472, 488-90 (E.D. Tenn. 2016) (denying certification where plaintiffs' expert claimed that regression model established that 99.9% of proposed class was injured, but more granular analysis by defendant's expert showed "no evidence of injury for 1,446 (26.3% ) [of] zip codes").
- *Vista Healthplan, Inc. v. Cephalon, Inc.*, 2015 WL 3623005, at *20 (E.D. Pa. June 10, 2015) (denying certification where more than 5% of putative class members were uninjured).
- *In re Photochromic Lens Antitrust Litig.*, 2014 WL 1338605, at *22-24 (M.D. Fla. Apr. 3, 2014) (denying certification where plaintiffs' "common evidence [could] demonstrate antitrust impact on only 86% [12 of 14] and 90% [1,219 of 1,352] of the relevant subgroups" of class members).

DATED: June 30, 2023                     **WOLF HALDENSTEIN ADLER**
                                          **FREEMAN & HERZ LLP**

1
2   By:   /s/ Rachele R. Byrd
   BETSY C. MANIFOLD
3   RACHELE R. BYRD
   750 B Street, Suite 1820
4   San Diego, CA 92101
   Telephone: (619) 239-4599
5   Facsimile: (619) 234-4599
   manifold@whafh.com
6   byrd@whafh.com

7   MARK C. RIFKIN
   MATTHEW M. GUINEY
8   THOMAS H. BURT
   **WOLF HALDENSTEIN ADLER**
9     **FREEMAN & HERZ LLP**
   270 Madison Ave
10  New York, NY 10016
   Telephone: (212) 545-4600
11  Facsimile: (212) 686-0114
   rifkin@whafh.com
12  guiney@whafh.com
   burt@whafh.com
13

14  *Interim Class Counsel and Proposed Co-Class*
   *Counsel*
15
   DAVID C. FREDERICK (*pro hac vice*)
16  AARON M. PANNER (*pro hac vice*)
   KYLE WOOD (*pro hac vice*)
17  **KELLOGG, HANSEN, TODD, FIGEL &**
     **FREDERICK, P.L.L.C.**
18  1615 M Street, N.W., Suite 400
   Washington, D.C. 20036
19  Telephone: (202) 326-7900
   Facsimile: (202) 326-7999
20  dfrederick@kellogghansen.com
   apanner@kellogghansen.com
21  kwood@kellogghansen.com

22
   *Counsel for Plaintiffs and Proposed*
23  *Co-Class Counsel*

24
   GIBSON, DUNN & CRUTCHER LLP
25
   By: */s/ Cynthia E. Richman*
26
27     Theodore J. Boutrous Jr.
      Daniel G. Swanson
28     Cynthia E. Richman

---

JOINT SUBMISSION OF AUTHORITIES REGARDING UNINJURED CLASS MEMBERS AND
CLASS CERTIFICATION
Case No. 11-cv-06714-YGR
-6-

                          Caeli A. Higney
                          Julian W. Kleinbrodt
                          Harry R. S. Phillips

                          *Attorneys for Defendant Apple Inc.*

## ATTESTATION OF CONCURRENCE

In accordance with Civil Local Rule 5-1(h)(3), the filer of this document hereby attests that the concurrence of the filing of this document has been obtained from the other signatory hereto.

DATED:  June 30, 2023                          */s/ Rachele R. Byrd*
                                                                     RACHELE R. BYRD

29717