**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071
Tel 213.229.7000
www.gibsondunn.com

Daniel G. Swanson
Direct: +1 213.229.7430
Fax: +1 213.229.6430
DSwanson@gibsondunn.com

July 10, 2023

The Honorable Yvonne Gonzalez Rogers
U.S. District Court for the Northern District of California
Oakland Courthouse, Courtroom 1 – 4th Floor
1301 Clay Street
Oakland, CA 94612

Re:   *In re Apple iPhone Antitrust Litigation,* Case No. 4:11-cv-06714-YGR (N.D. Cal.)

Dear Judge Gonzalez Rogers:

We write on behalf of Defendant Apple Inc. in response to Plaintiffs' July 7, 2023 letter seeking permission to file a sur-reply in response to Apple's *Daubert* reply brief. *See* Dkt. 744-2 ("Letter").

Apple does not object to Plaintiffs filing a three-page brief to specifically address the new Microsoft evidence described in Apple's brief and expert declarations. *See Daubert* Reply at § III.A; Hitt Reply § 4; Letter at 2-3. This is the only new evidence on which Apple and its experts relied in Apple's reply papers, occupying less than two pages of Apple's brief. These 2020-21 Microsoft documents provide updated versions of a 2019 Microsoft report that Dr. Abrantes-Metz relied upon to supply a key input for her model. They were first made available to Plaintiffs on May 5, 2023, and Plaintiffs described them just last month as providing Abrantes-Metz with the "most reliable" data available. *See* June 23, 2023, Hrg. Tr. 76:12-18. Apple does not oppose providing Plaintiffs a proportionate (three-page) opportunity to brief this new evidence. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996); *In re PersonalWeb Techs., LLC*, 2019 WL 1975432, at *1 (N.D. Cal. Feb. 6, 2019).

However, Plaintiffs have no cause for the *10 page brief*—plus *expert sur-reply reports* of unknown length—that they ask to file. *See* Letter at 1. Apple's reply was confined to the issues raised in its initial *Daubert* motion, responding to Plaintiffs' 30-page opposition and 126 pages of supporting expert declarations. Plaintiffs' Letter makes clear, however, that rather than address "new arguments" and "new evidence" in Apple's reply as promised, Hrg. Tr. 101:10-13, Plaintiffs' sur-reply would improperly "respon[d] to [Apple's] reply briefing," *Int'l Petrol. Prods. & Additives Co., Inc. v. Black Gold S.A.R.L.,* 2022 WL 4094136, at *2 n.1 (N.D. Cal. Aug. 16, 2022) (Gonzalez Rogers, J.) (striking sur-reply for that reason)—including on issues such as price tiers, marginal costs, and IAP prices that Plaintiffs admit have been "oft-repeated" by this point. Letter at 2. Worse still, Plaintiffs also apparently plan to accompany their submission with **brand new, undisclosed analyses from McFadden** supposedly "validat[ing] his econometric modeling" with "more reliable real world data." Letter at 1-2 & n.3. But McFadden's complete failure to test his model against any real-world data was at issue well before Apple filed its reply. *See* Class Cert. Opp. at 10-13; *Daubert* Mot. at 9-10. Plaintiffs and McFadden have already had ample opportunity to address this fatal shortcoming (and many others) in their hundreds of pages of reports,

# GIBSON DUNN

July 10, 2023
Page 2

declarations, and briefs, and during the two hours that the Court heard argument on Apple's motion.[1]

Accordingly, the Court should limit Plaintiffs' sur-reply to three pages that address only the newly produced Microsoft documents.[2]

Respectfully submitted,

/s/ Daniel G. Swanson

*Counsel for Apple Inc.*

---

[1] Prof. Hitt's disclosure at Plaintiffs' request of his "parallel trends" checks—which he has not relied on, *see* Hitt Reply ¶¶ 33-37 & App'x 2; Reply at 6—creates no basis for Plaintiffs' request, as Plaintiffs' Letter articulates no issue with these tests themselves. *See* Letter at 1 & n.2. Plaintiffs also ask to "explain [an] additional, obvious flaw in Prof. Hitt's" analysis related to McFadden's "placebo" test. Letter at 2. But their Letter alone devotes more than three-times as much space to this issue as the one-sentence footnote in Apple's reply. *Compare* Letter at 2, *with* Reply at 6 n.4. Accordingly, no further argument is necessary on this point either.

[2] If, however, Plaintiffs are permitted to introduce new argument or evidence, fairness dictates that Apple be given an opportunity to respond.