BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
rifkin@whafh.com
guiney@whafh.com
burt@whafh.com

*Interim Class Counsel for Plaintiffs*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR <br><br> **STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM THIRD PARTY PIXELCUT INC.** <br><br> Hon. Yvonne Gonzalez Rogers |

WHEREAS the parties to *In re Apple iPhone Antitrust Litigation* (the "Parties") agreed to a Stipulated Protective Order on January 6, 2020 (ECF No. 195);

WHEREAS the Court entered the Stipulated Protective Order on January 9, 2020 (ECF No. 199);

WHEREAS the Court subsequently entered a Stipulated Amended Protective Order on January 21, 2021 (ECF No. 381) (the "Protective Order");

WHEREAS Paragraph 10(a) of the Protective Order states that "[t]he terms of this Order are applicable to information produced by a Non-Party in this action" and that "[n]othing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections";

WHEREAS Parties to the litigation have served subpoenas on Pixelcut Inc. ("Pixelcut");[1]

WHEREAS Pixelcut is willing to produce competitively sensitive information in response to subpoenas served on it in the litigation, subject to certain additional protections beyond those set forth in the Protective Order and that the Parties to the litigation agree to;

WHEREFORE, IT IS HEREBY ORDERED that documents produced by Pixelcut in connection with the litigation shall be further subject to the following provisions (the "Supplemental Protective Order"):

**A.** **GENERAL PROVISIONS**

1.      The definitions, terms and provisions contained in the Protective Order shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term or provision of this Supplemental Protective

---

[1] The term "Pixelcut" shall include any entity that responds to subpoenas served on Pixelcut Inc. in the litigation. References to "competitors" within this Supplemental Protective Order shall be interpreted to mean competitors of Pixelcut and its parents and subsidiaries. The term "competitor" shall be construed in the broadest sense to include any organization or person that provides the types of services provided by Pixelcut and its parents and subsidiaries, including but not limited to Alphabet, Amazon, Apple, Meta f/k/a Facebook, Google, iHeart Media, SoundCloud, Spotify, Tencent and TikTok.

STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM PIXELCUT INC.
Case No. 4:11-cv-06714-YGR

Order and any definition, term or provision of the Protective Order, this Supplemental Protective Order will control with respect to such conflict.

2.     The definitions, terms and provisions contained in this Supplemental Protective Order shall apply only to those Discovery Materials produced by Pixelcut, and nothing herein shall provide any rights or protections to the Parties to the litigation beyond those set forth in the Protective Order.

**B.     ADDITIONAL DEFINITIONS**

1.     Business Consultant: a consultant advising on or involved in competitive decision-making.

2.     Party Expert: with respect to "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY," a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee or current Business Consultant of a Party, Pixelcut, or of any Pixelcut competitor, or otherwise currently involved in competitive decision-making for a Party, Pixelcut, or for any Pixelcut competitor; (3) has not, within the 12 months preceding the entry of this Supplemental Protective Order, been an employee or Business Consultant of a Party, Pixelcut, or any Pixelcut competitor, or otherwise been involved in competitive decision-making for a Party, Pixelcut, or any Pixelcut competitor; and (4) at the time of retention, is not anticipated to become an employee or Business Consultant of a Party, Pixelcut, or of any Pixelcut competitor, or to be otherwise involved in competitive decision-making for a Party or for any Pixelcut competitor. If, while this action is pending, a Party learns that any of its retained experts or consultants as defined herein is anticipating to become, or has become, an employee or Business Consultant of Pixelcut or any Pixelcut competitor, or otherwise involved in competitive decision-making for Pixelcut or any Pixelcut competitor, the Party learning such information shall promptly disclose the information to Pixelcut.

3.      "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES

ONLY"  Information or Items: extremely sensitive "Confidential Information or Items" produced

by Pixelcut and that contain algorithms and source code; non-public, commercially sensitive

customer lists or communications; non-public financial, marketing, or strategic business planning

information; current or future non-public information regarding prices, costs, margins, or other

financial metrics; information relating to research, development, testing of, or plans for existing

or proposed future products; non-public information concerning Pixelcut's data protection

practices and security protocols; evaluation of the strengths and vulnerabilities of Pixelcut's

product offerings, including non-public pricing and cost information; confidential contractual

terms, proposed contractual terms, or negotiating positions (including internal deliberations about

negotiating positions) taken with respect to Pixelcut or competitors to Pixelcut; information

relating to pending or abandoned patent applications that have not been made available to the

public; confidential submissions to governmental entities describing Pixelcut's legal positions or

theories; personnel files; sensitive personally identifiable information; and communications that

disclose any such information, disclosure of which to a Party or another Non-Party would create a

substantial risk of serious harm that could not be avoided by less restrictive means.

**C.      ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF PIXELCUT PROTECTED MATERIALS**

1.      Manner of Designating "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL EYES ONLY" Information or Items. Designation in conformity with this

Supplemental Protective Order requires:

a.      for information in documentary form (e.g., paper or electronic documents,

but excluding transcripts of depositions or other pretrial or trial proceedings), that Pixelcut affix

the legend "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to

each page of any document for which Pixelcut seeks protection under this Supplemental

Protective Order. If only a portion or portions of the material on a page qualifies for protection,

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pixelcut also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

If Pixelcut makes original documents or materials available for inspection, it need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, Pixelcut must determine which documents, or portions thereof, qualify for protection under this Supplemental Protective Order. Then, before producing the specified documents, Pixelcut must affix the appropriate legend ("PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY") to each page that contains such material. If only a portion or portions of the material on a page qualifies for protection, Pixelcut also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.     for testimony given in deposition or in other pretrial proceedings not involving the Court, that Pixelcut identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, Pixelcut may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Supplemental Protective Order. Alternatively, Pixelcut may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." With respect to trial or other proceedings involving the Court, Pixelcut can petition the

Court for appropriate protective measures which shall be requested in advance of evidence being taken.

Pixelcut and the Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

Transcripts containing "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items shall have an obvious legend on the title page that the transcript contains such material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." Pixelcut shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

c.      for information produced in some form other than documentary and for any other tangible items, that Pixelcut affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." If only a portion or portions of the information or item warrant protection, Pixelcut, to the extent practicable, shall identify the protected portion(s).

2.      Disclosure of "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items. Unless otherwise ordered by the Court or

permitted in writing by Pixelcut, a Party may disclose any information or item designated "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

      a.    the Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the litigation and who have signed the "Acknowledgement and Agreement to be Bound" that is attached to the Protective Order as Exhibit A;

      b.    Designated House Counsel of the Party, but only in the event that (i) information designated "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is incorporated into and necessary to a Party's work product that is to be filed or served in the litigation; (ii) the Party discloses to Pixelcut the relevant excerpts from the work product that include the information designated "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" prior to disclosure to Designated House Counsel of the Party; (iii) the Party identifies by name and job title the Designated House Counsel, which shall be limited to two Apple litigation attorneys with primary responsibility for overseeing the litigation, with whom such work product will be shared for the purpose of reviewing and approving the work product in advance of filing or service; and (iv) Pixelcut provides consent to the disclosure, which shall not unreasonably be withheld;

      c.    Party Experts (as defined in this Supplemental Protective Order) (1) to whom disclosure is reasonably necessary for the litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order);

      d.    the Court and its personnel;

      e.    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A to the Protective Order); and

      f.    the author or recipient of a document containing the information.

    3.    In light of the judgment in *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20- cv-05640, Dkt. No. 814, and the final judgment of dismissal with prejudice in *Cameron v. Apple*

*Inc.*, Case No. 4:19-cv-03074- YGR, Dkt. Nos. 491 & 494, any discovery produced by Pixelcut and designated as "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is only for use in this litigation, *In re Apple iPhone Antitrust Litigation* (Case No. 4:11-cv-06714-YGR), subject to the terms of this Supplemental Protective Order.

4.      All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5.3, 6, 7.1, 9, 10, 11, 12, 13, and 14 apply here to information designated "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; except where the provisions of the Protective Order conflict with any provision of this Supplemental Protective Order in which case this Supplemental Protective Order will control with respect to such conflict; and except that the provision in Paragraph 3 of the Protective Order providing that any use of Protected Material at trial shall be governed by a separate agreement or order shall not apply to information designated "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY". Unless otherwise ordered by the Court or expressly permitted by Pixelcut, no Party seeking to introduce documents or information designated "PIXELCUT HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" into the record at trial may disclose the materials to any persons other than those identified in Paragraph C.2. of this Supplemental Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  July 18, 2023                    By:    */s/ Nicole Castle*
                                         **MCDERMOTT WILL & EMERY LLP**
                                         Michelle Lowery (SBN 302882)
                                         2049 Century Park East, Suite 3200
                                         Los Angeles, CA 90067
                                         Telephone (310) 277-4110
                                         mslowery@mwe.com

                                         **MCDERMOTT WILL & EMERY LLP**
                                         Peter John Sacripanti (*pro hac vice*)
                                         John J. Calandra (*pro hac vice*)
                                         Nicole Castle (*pro hac vice*)
                                         One Vanderbilt Ave
                                         New York, NY 10017
                                         Telephone: (212) 547-5400
                                         psacripanti@mwe.com
                                         jcalandra@mwe.com

ncastle@mwe.com

**MCDERMOTT WILL & EMERY LLP**
Elizabeth Rodd (*pro hac vice*)
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 535-4000
erodd@mwe.com

*Attorneys for Defendant Apple Inc.*

Dated:  July 18, 2023          By:___*/s/ Rachele R. Byrd*_____
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
Betsy C. Manifold (182450)
Rachele R. Byrd (190634)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com

**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
Mark C. Rifkin (*pro hac vice*)
Matthew M. Guiney (*pro hac vice*)
Thomas H. Burt (*pro hac vice*)
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4677
rifkin@whafh.com
guiney@whafh.com
burt@whafh.com

*Consumer Plaintiffs' Interim Class Counsel*

Dated:  July 18, 2023          By:___*/s/ Ethan Jacobs*_____
**ETHAN JACOBS LAW CORPORATION**
Ethan Jacobs (Bar No. 291838)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845
ethan@ejacobslaw.com

*Counsel for Third Party Pixelcut Inc.*

9

STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM PIXELCUT INC.
Case No. 4:11-cv-06714-YGR

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____        _____
                                     HON. THOMAS S. HIXSON
                                     UNITED STATES MAGISTRATE JUDGE

**<u>DECLARATION REGARDING CONCURRENCE</u>**

I, Rachele R. Byrd, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: July 18, 2023              _____/s/ Rachele R. Byrd_____
                                     RACHELE R. BYRD

STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM PIXELCUT INC.
Case No. 4:11-cv-06714-YGR