1   David P Chiappetta, Cal. Bar No. 172099
2   DChiappetta@perkinscoie.com
    PERKINS COIE LLP
3   505 Howard Street, Suite 1000
    San Francisco, CA 94105
4   Telephone: 415.344.7076
    Facsimile: 415.344.7050
5
6   Judith B. Jennison, Cal. Bar No. 165929
    JJennison@perkinscoie.com
7   PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
8   Seattle, WA 98101
    Telephone: 206.359.8000
9   Facsimile: 206.359.9000
10
    Attorneys for Non-Party
11  MICROSOFT CORPORATION

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                   OAKLAND DIVISION

15

16  IN RE APPLE IPHONE ANTITRUST          Case No. 4:11-CV-06714-YGR
    LITIGATION
17

18                                        **DECLARATION OF DAVID P.
                                          CHIAPPETTA IN SUPPORT OF**
19                                        **OMNIBUS MOTION TO SEAL**

20

21

22

23

24

25

26

27

28

-1-

1    Pursuant to Civil Local Rule 79-5, I declare as follows:

2        1.      I am a partner at the law firm Perkins Coie LLP and counsel to Microsoft

3    Corporation ("Microsoft"), which is not a party to the above-captioned case. I am a member in

4    good standing of the State Bar of California. The facts stated in this declaration are based on my

5    own personal knowledge and, if called as a witness, I could and would testify to those facts.

6        2.      I submit this declaration in support of Defendant Apple Inc.'s Interim

7    Administrative Motion to Seal and to Consider Whether Another Party's Material Should Be

8    Sealed in Portions of Defendant's Opposition to Plaintiff's Renewed Motion for Class

9    Certification (Dkt. 688) and Associated Filings and the Parties' Forthcoming Omnibus Sealing

10   Motion to partially seal materials related to the parties briefing on class certification and

11   supporting documents in the *In re Apple iPhone Antitrust Litigation*, Case No. 11-cv-06714.

12       3.      Attached hereto as Exhibit 1 is a true and correct copy of a declaration dated

13   August 31, 2021, by Herbert Holzer, Director of Software & Apps for the Microsoft Digital Store

14   at Microsoft. This declaration was previously filed in the above-captioned case (Dkt. 516-1; filed

15   with Dkt. 516, Declaration of David P. Chiappetta in Support of 476 Administrative Motion to

16   File Under Seal) in support of sealing Microsoft's non-public financial and competitively

17   sensitive information derived from confidential Microsoft financial information contained in the

18   documents Bates-labeled MSFT_EPIC_00000093, MSFT_EPIC_00000095, and

19   MSFT_EPIC_000000348. It was also submitted in support of sealing information that the parties

20   represented was derived from MSFT_EPIC_00000348, which was also relied on by Professor

21   Nicholas Economides to support his calculations in a document titled "Economides Rate

22   Yardstick.xlsx," which is referred to in the materials Microsoft now seeks to seal.

23       4.      Attached hereto as Exhibit 2 is a true and correct copy of a declaration dated June

24   4, 2021, by Herbert Holzer, Director of Software & Apps for Microsoft Digital Store at

25   Microsoft. This declaration was previously filed in the above-captioned case (Dkt. 516-2; filed

26   with Dkt. 516, Declaration of David P. Chiappetta in Support of 476 Administrative Motion to

27   File Under Seal) in support of sealing information that Developer Plaintiffs' counsel represented

28   was derived from the document Bates-labeled MSFT_EPIC_00000348, which was also relied on

1    by Professor Nicholas Economides to support his calculations in a document titled "Economides

2    Rate Yardstick.xlsx," which is referred to in the materials Microsoft now seeks to seal.

3         5.        Attached hereto as Exhibit 3 is a true and correct copy of a declaration dated April

4    30, 2021, by Herbert Holzer, Director of Software & Apps for Microsoft Digital Store at

5    Microsoft. This declaration was previously filed in the related case *Epic Games, Inc. v. Apple,*

6    *Inc.*, Case No. 4:20-cv-05640-YGR in support of sealing portions of PX 2478 / DX-5528. Judge

7    Gonzalez Rogers' Pretrial Order No. 9 Re: Additional Third Party Administrative Motions to

8    Seal, ordered Microsoft's confidential information contained in that document sealed. *See* Exhibit

9    5. I have reviewed PX 2478 / DX-5528 and have confirmed that it is identical to the document

10   Bates-labeled MSFT_EPIC_00000095 that was produced by Microsoft in the *Epic* case and the

11   above-captioned litigation.

12        6.        Attached hereto as Exhibit 4 is a true and correct copy of a declaration dated April

13   30, 2021, by David Hampton, General Manager of Gaming Strategy for Microsoft's Gaming

14   Division at Microsoft Corporation. This declaration was previously filed in the related case *Epic*

15   *Games, Inc. v. Apple, Inc.*, Case No. 4:20-cv-05640-YGR in support of sealing portions of PX

16   2477 / DX-5523. Judge Gonzalez Rogers' Pretrial Order No. 9 Re: Additional Third Party

17   Administrative Motions to Seal, ordered Microsoft's confidential information contained in that

18   document sealed. *See* Exhibit 5. I have reviewed PX 2477 / DX-5523 and have confirmed that

19   those exhibits are identical to the document Bates-labeled MSFT_EPIC_00000093 that was

20   produced by Microsoft in the *Epic* case and the above-captioned litigation.

21        7.        Attached hereto as Exhibit 5 is a true and correct copy of Judge Gonzalez Rogers'

22   Pretrial Order No. 9 Re: Additional Third Party Administrative Motions to Seal, which was

23   entered in the related case *Epic Games, Inc. v. Apple, Inc.*, Case No. 4:20-cv-05640-YGR. The

24   order grants sealing of confidential Microsoft information in, among other documents, portions of

25   the documents Bates-labeled MSFT_EPIC_00000093 and MSFT_EPIC_00000095. *Supra* ¶¶ 5-6.

26        8.        Attached hereto as Exhibit 6 is a true and correct copy of Judge Gonzalez Rogers'

27   Order Re: Pending Administrative Motions to Seal (Dkt. 631), which was entered in the above-

28

-3-

captioned case. The order grants sealing of confidential Microsoft information derived from MSFT_EPIC_00000093 and MSFT_EPIC_00000095.

9.      Attached hereto as Exhibit 7 is a true and correct copy of a declaration dated August 31, 2021, by me, which was filed in the above-captioned case as Declaration of David P. Chiappetta in Support of 476 Administrative Motion to File Under Seal (Dkt. 516).

10.     Attached hereto as Exhibit 8 is a true and correct copy of a declaration dated August 28, 2023, by David Hampton, General Manager of Gaming Strategy for Microsoft's Gaming Division at Microsoft Corporation. This declaration addresses information derived from the confidential strategy documents Bates-labeled MSFT_APPL_00000163 and MSFT_APPL_00000169. These documents are newer versions of the same Game Industry Profit Report prepared by Microsoft's Gaming Business Planning & Strategy Team from 2020 and 2021.  An older version of the report from 2019 is Bates-labeled MSFT_EPIC_00000093 and was previously sealed in the *Epic Games* case in Judge Gonzalez Rogers Pretrial Order No. 9 Re: Additional Third Party Administrative Motions to Seal, which ordered Microsoft's confidential information contained in that document sealed. *See* Exhibit 5.

11.     Attached hereto as Exhibit 9 is a true and correct copy of a declaration dated August 25, 2023, by Herbert Holzer, Director of Software & Apps for Microsoft Digital Store at Microsoft. This declaration is filed here in support of sealing Microsoft's confidential information derived from the document Bates-labeled MSFT_ EPIC_00000120.

12.     Although there is a presumption of public access to judicial records, that right is not absolute, and a court may seal documents offered in evidence at a trial upon showing compelling reasons to keep certain information confidential. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 330 F.3d 1122, 1135 (9th Cir. 2003); *see also* Civil L.R. 79-5(b). A compelling reason to seal judicial records exists when those records might "become a vehicle for improper purposes," such as use of the records to release trade secrets or confidential business information that might harm a third-party's competitive standing. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a [third-party's] competitive standing." (citations omitted)).

-4-

13. Microsoft seeks to seal information which reveals Microsoft's non-public business strategy and non-public financial data whose disclosure would harm Microsoft. Confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfy the compelling reasons standard. *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG, 2020 WL 1171112, *1 (N.D. Cal. Mar. 11, 2020) (citation and quotations omitted). Documents that reveal a company's "sales growth and decline," such as financial data, also meet the compelling reasons standard. *Murphy v. Kavo Am. Corp.*, No. 4:11-CV-0410-YGR, 2012 WL 1497489, *2 (N.D. Cal. Apr. 27, 2012) (Gonzalez Rogers, J.). Such information could be used by competitors to harm Microsoft's competitive standing or harm Microsoft's relationships with developers or customers. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing).

14. Moreover, there is also a compelling reason to file material under seal where that exhibit divulges confidential business information unrelated to the public's understanding of the judicial proceeding in which the material is presented. *Chipotle Mexican Grill*, 2020 WL 1171112, at *2. Microsoft has narrowly tailored its sealing requests, and the portions of the documents that Microsoft seeks to keep under seal are, at most, tangential to this litigation generally and the motions for which the documents were submitted in support of.

15. Microsoft seeks to seal the following evidentiary materials that Apple, Inc. and Plaintiffs have submitted to the Court:

| # | Document or Portion of Document to Be Sealed | Reason for Sealing | Evidence Offered in Support of Sealing |
|---|---|---|---|
| 1 | Expert Report of Lorin M. Hitt ("Hitt Expert Report") (Dkt. 688-3)<br>• Financial figures in line 2 of Figure 27 (page 135)<br>• Financial figures in line 11 of Figure 27 (page 135)<br>• Footnote 30 (page 20, ¶ 25)<br><br>Deposition of Rosa Abrantes-Metz (Dkt. 688-12)<br>• 177:10<br><br>Plaintiffs' Renewed Notice of Motion and Motion for Class Certification (Dkt. 665; 683)<br>• 8:4<br><br>Reply Report of Rosa M. Abrantes-Metz (Dkt. 707-2; 708-3)<br>• Financial figure in Footnote 22 (page 11)<br>• Financial figure in ¶ 17 (page 12)<br>• Financial figure in ¶ 73 (page 38)<br>• Financial figure in ¶¶ 156-57 (page 81)<br><br>Ex. C to the Declaration of Rachele R. Byrd: Abrantes-Metz Declaration (Dkt. 701-4; 702-3)<br>• Financial figure in Footnote 10 (page 8) | These documents should be partially sealed because they reflect Microsoft's non-public financial information as well as competitively sensitive information regarding Microsoft's business strategy, pricing strategy, and negotiated terms with customers, which if made public would put Microsoft at a competitive disadvantage or harm its relationships with developers or customers. The financial figures in lines 2 and 11 of Figure 27, the second sentence of n.30 (page 20), and the figure at page 177, line 10 of Dr. Abrantes-Metz's deposition, as well as at the additional listed pin cites, represent sensitive operating profit margin and sales figures, or a comparative rank of such figures with other profit margins, derived from MSFT_EPIC_00000093, which was previously sealed in Pretrial Order No. 9 (Ex. 5) in the *Epic v. Apple* litigation and in this litigation with Judge Gonzalez Rogers' Order Re: Pending Administrative Motions to Seal (Dkt. 631). As explained above, the figure, if made public, would put Microsoft at a competitive disadvantage or harm its relationships with developers or customers. | Ex. 4, April 30, 2021 Hampton Decl. ¶¶ 6-7;<br><br>Ex. 5, Pretrial Order No. 9 (*Epic v. Apple*);<br><br>Ex. 6, Order Re: Pending Administrative Motions to Seal (Dkt. 631) |

|  |  |  |
|---|---|---|
| • Financial figure in ¶ 13 (page 8)<br>• Financial figure in ¶ 89 & Footnote 183 (pages 45-46)<br>• Financial figure in ¶¶ 125-26 (page 63)<br><br>Errata Regarding Declaration of Abrantes-Metz ISO Plaintiffs' Opposition to Apple's Daubert Motion (Dkt. 716, Ex. B; Dkt. 717-1, Ex. B)<br>• Financial figure in Footnote 10<br><br>Expert Report of Rosa Abrantes-Metz (Dkt. 665-1, Ex. A; 666-2, Ex. 2)<br>• Financial figure in ¶ 43 (page 15)<br><br>Ex. E to the Declaration of Rachele R. Byrd: Hitt Deposition (Dkt. 701-6, Ex. E; 702-4, Ex. E)<br>• 221:12-13<br>• 236:10-12<br>• 234:13-15<br><br>Declaration of Lorin M. Hitt (Dkt. 740-2)<br>• Financial figure in ¶¶ 44-45 & Footnote 54 (page 15)<br>• Financial figure in Figure 3 (page 17)<br>• Financial figure in ¶ 52 (page 18)<br><br>Apple's Reply ISO Daubert Motion to Exclude the Testimony of Daniel L. McFadden & Rosa Abrantes-Metz (Dkt. 741) |  |  |

-7-

| | | | |
|---|---|---|---|
| | | • 17:23 | |
| 2 | Declaration of Lorin M. Hitt (Dkt. 740-2)<br>• Financial figure in ¶¶ 44-45 & Footnote 54 (page 15)<br>• Financial figure in Figure 3 & ¶¶ 49-50 (page 17)<br>• Financial figure in ¶ 52 (page 18)<br><br>Apple's Reply ISO Daubert Motion to Exclude the Testimony of Daniel L. McFadden & Rosa Abrantes-Metz (Dkt. 741)<br>• 17:24<br>• 18:10-12<br><br>Plaintiffs' Request to File Sur-Reply (Dkt. 743, 744-1)<br>• Financial figure comparison in last paragraph at bottom of page 2 | This deposition, reply brief, and request should be partially sealed because they reflect Microsoft's non-public financial information as well as competitively sensitive information regarding Microsoft's business strategy, pricing strategy, and negotiated terms with customers, which if made public would put Microsoft at a competitive disadvantage or harm its relationships with developers or customers. The financial figures at the listed pin cites reflect sensitive operating profit margin and sales figures derived from MSFT_APPL_00000163 and MSFT_EPIC_00000169, which are updated reports reflecting confidential business and industry intelligence and strategy. These two documents are updated reports for 2020 and 2021 of the same report from 2019 in MSFT_EPIC_00000093, which was previously sealed in Pretrial Order No. 9 (Ex. 5) in the *Epic v. Apple* litigation and in this litigation with Judge Gonzalez Rogers' Order Re: Pending Administrative Motions to Seal (Dkt. 631). As explained above, the figures, if made public, would put Microsoft at a competitive disadvantage or harm its relationships with developers or customers. | Ex. 4, April 30, 2021 Hampton Decl. ¶¶ 6-7;<br><br>Ex. 5, Pretrial Order No. 9 (*Epic v. Apple*);<br><br>Ex. 6, Order Re: Pending Administrative Motions to Seal (Dkt. 631)<br><br>Ex. 8, August 25, 2023 Hampton Decl. ¶¶ 4-7; |

-8-

| 3 | Deposition of Rosa Abrantes-Metz (Dkt. 688-12)<br>• 207:19<br><br>Hitt Expert Report (Dkt. 688-3)<br>• Footnote 408, (page 142, ¶ 295) | This expert report and declaration should be partially sealed because they reflect Microsoft's non-public financial information as well as competitively sensitive information reflecting Microsoft's business strategy referenced by Dr. Abrantes-Metz in her deposition.  Counsel for Apple and Plaintiffs have represented the figure at page 207, line 19 of Dr. Abrantes-Metz declaration (and therefore the reference to the same testimony in n.408 (page 142) of Dr. Hitt's report) is derived from confidential information from MSFT_EPIC_00000093 and 00000095, which were previously sealed in Pretrial Order No. 9 (Ex. 5) in the *Epic v. Apple* litigation and in this litigation with Judge Gonzalez Rogers' Order Re: Pending Administrative Motions to Seal (Dkt. 631). As explained above, the figure, if made public, would put Microsoft at a competitive disadvantage or harm its relationships with developers or customers. | Ex. 1, August 31, 2021 Holzer Decl. ¶¶ 6-8, 12-15;<br><br>Ex. 3, April 30, 2021 Holzer Decl. ¶¶ 4-8;<br><br>Ex. 4, April 30, 2021 Hampton Decl. ¶¶ 6-7;<br><br>Ex. 5, Pretrial Order No. 9 (*Epic v. Apple*);<br><br>Ex. 6, Order Re: Pending Administrative Motions to Seal (Dkt. 631) |

-9-

| 4 | Hitt Expert Report (Dkt. 688-3)<br>• Financial figures in line 1 of Figure 28 (page 143)<br>• Final sentence of ¶ 296 (page 142)<br><br>Reply Report of Rosa M. Abrantes-Metz (Dkt. 707-2; 708-3)<br>• Financial figure in ¶¶ 136-37 & Footnote 280 (pages 71-72)<br>• Financial figure in ¶ 165 & Footnote 348 (pages 87)<br><br>Ex. C to the Declaration of Rachele R. Byrd: Abrantes-Metz Declaration (Dkt. 701-4; 702-3)<br>• Financial figure in ¶ 110 & Footnote 217 (page 56)<br>• Financial figure in ¶ 111 (page 56)<br>• Financial figure in ¶ 125 (page 63)<br>• Financial figure in ¶ 134 & Footnote 273 (page 69)<br><br>Expert Report of Rosa Abrantes-Metz (Dkt. 665-1, Ex. A; 666-2, Ex. 2)<br>• Redacted information in ¶ 48 (page 17)<br>• Redacted information in Footnote 193 (page 97) | These expert reports, reply report, and declaration should be partially sealed because they reflect Microsoft's non-public financial information as well as competitively sensitive information regarding Microsoft's business strategy and negotiated terms with customers. The financial figures in the final sentence of ¶ 296 (page 142) and line 1 of Figure 28 of the Hitt Expert Report, as well as the other listed pin cites, represent competitively sensitive information about Microsoft's share of third-party PC game transactions. Line 1 of Figure 28 also reflects commission rates derived for Microsoft Store.  I understand from counsel for Apple and Plaintiffs that these figures were derived from confidential figures in MSFT_EPIC_00000093 and MSFT_EPIC_00000095, which were previously sealed in Pretrial Order No. 9 (Ex. 5) in the *Epic v. Apple* litigation and in this litigation with Judge Gonzalez Rogers' Order Re: Pending Administrative Motions to Seal (Dkt. 631). As explained above, the figures, if made public, would put Microsoft at a competitive disadvantage or harm its relationships with developers or customers. I also understand from counsel for Plaintiffs that the redacted information at ¶ 48 (page 17) and Footnote 193 (page 97) of the Expert Report of Dr. Abrantes-Metz relies on confidential information from page 17 of MSFT_EPIC_00000093 that was previously sealed. To the extent the redacted information conveys any of the of the confidential information that was previously sealed, these portions should also be sealed. | Ex. 3, April 30, 2021 Holzer Decl. ¶¶ 4-8;<br><br>Ex. 4, April 30, 2021 Hampton Decl. ¶¶ 6-7;<br><br>Ex. 5, Pretrial Order No. 9 (*Epic v. Apple*);<br><br>Ex. 6, Order Re: Pending Administrative Motions to Seal (Dkt. 631) |

| 5 | Ex. E to the Declaration of Rachele R. Byrd: Hitt Deposition (Dkt. 701-6, Ex. E; 702-4, Ex. E)<br>• 257:22-25<br><br>Reply Report of Rosa M. Abrantes-Metz (Dkt. 707-2; 708-3)<br>• Financial figure in ¶ 151 & Footnote 309 (pages 78)<br>• Financial figure in ¶ 152 (pages 79)<br>• Financial figure in ¶¶ 155-56 (pages 80)<br>• Financial figure in ¶ 172 (pages 89)<br><br>Ex. C to the Declaration of Rachele R. Byrd: Abrantes-Metz Declaration (Dkt. 701-4; 702-3)<br>• Financial figure in ¶ 123 & Footnote 243 (page 61)<br>• Financial figure in ¶¶ 123-24 (page 62) | This expert declaration, report, and deposition should be partially sealed because they reflect Microsoft's non-public financial information as well as competitively sensitive information regarding Microsoft's business strategy. These confidential figures represent competitively sensitive information about Microsoft's market share and revenue across platforms and segments. Counsel for Plaintiffs have represented that the market share information from third parties at the listed pin cites was derived from confidential figures in MSFT_EPIC_00000093 and MSFT_EPIC_00000095, which were previously sealed in Pretrial Order No. 9 (Ex. 5) in the *Epic v. Apple* litigation and in this litigation with Judge Gonzalez Rogers' Order Re: Pending Administrative Motions to Seal (Dkt. 631). As explained above, the third-party market share information in the expert declaration, report, and deposition excerpts at the listed pin cites, if made public, could allow someone to reverse engineer Microsoft's confidential platform and segment specific market share and revenue, and would put Microsoft at a competitive disadvantage or harm its relationships with developers or customers. | Ex. 3, April 30, 2021 Holzer Decl. ¶¶ 4-8;<br><br>Ex. 4, April 30, 2021 Hampton Decl. ¶¶ 6-7;<br><br>Ex. 5, Pretrial Order No. 9 (*Epic v. Apple*);<br><br>Ex. 6, Order Re: Pending Administrative Motions to Seal (Dkt. 631) |

-11-

| 6 | Reply Report of Rosa M. Abrantes-Metz (Dkt. 707-2; 708-3)<br>• Financial figure in Footnote 162 (page 42)<br><br>Expert Report of Rosa Abrantes-Metz (Dkt. 665-1, Ex. A; 666-2, Ex. 2)<br>• Financial figure in ¶ 60 (page 20) | This expert report and reply report should be partially sealed because they reflect Microsoft's non-public financial information as well as competitively sensitive information regarding Microsoft's business strategy. Counsel for Plaintiffs have represented that the profit margin for Apple at the listed pin cites was calculated using confidential figures in MSFT_EPIC_00000093, which was previously sealed in Pretrial Order No. 9 (Ex. 5) in the *Epic v. Apple* litigation and in this litigation with Judge Gonzalez Rogers' Order Re: Pending Administrative Motions to Seal (Dkt. 631). Counsel for Plaintiffs have represented that the calculated profit margin at the listed pin cites could be used to reverse engineer Microsoft's operating profit margin. As explained above, the figure, if made public, would put Microsoft at a competitive disadvantage or harm its relationships with developers or customers. | |
| 7 | Deposition of Rosa Abrantes-Metz (Dkt. 688-12)<br>• 176:16-25 | This deposition transcript should be partially sealed because it reflects non-public confidential information about how to calculate Microsoft's profit margin. The deposition transcript at page 176, lines 16-25 generally reflects calculations of Microsoft's operating profit margin and cost structure, which were derived from confidential figures in MSFT_EPIC_00000093, which was previously sealed in Pretrial Order No. 9 (Ex. 5) in the *Epic v. Apple* litigation and in this litigation with Judge Gonzalez Rogers' Order Re: Pending Administrative Motions to Seal (Dkt. 631).  As explained above, the testimony, if made public, could allow someone to reverse engineer Microsoft's profit margins, and would put Microsoft at a competitive disadvantage or harm its relationships with developers or customers. | Ex. 3, April 30, 2021 Holzer Decl. ¶¶ 4-8;<br><br>Ex. 4, April 30, 2021 Hampton Decl. ¶¶ 6-7;<br><br>Ex. 5, Pretrial Order No. 9 (*Epic v. Apple*);<br><br>Ex. 6, Order Re: Pending Administrative Motions to Seal (Dkt. 631) |

-12-

| | | | |
|---|---|---|---|
| 8 | Second Revised Suppl. Expert Report of Daniel L. McFadden (Dkt. 679-1; 680, Ex. A)<br>• Financial figure in Table of Contents (TOC) title of Figure 11<br>• Financial figure in ¶ 7 (page 3)<br>• Financial figure in ¶ 16 (page 6)<br>• Financial Figure in ¶ 41 (page 16)<br>• Financial figure in ¶¶ 64-65 (page 26)<br>• Financial figure in Figure 7 (page 39)<br>• Financial figure in ¶ 104 & Figure 11 (page 68)<br><br>Revised Suppl. Expert Report of Daniel L. McFadden (Dkt. 675-1; 676, Ex. A)<br>• Financial figure in TOC title of Figure 11<br>• Financial figure in ¶ 7 (page 3)<br>• Financial figure in ¶ 16 (page 6)<br>• Financial figure in ¶ 41 (page 16)<br>• Financial figure in ¶¶ 64-65 (page 26)<br>• Financial figure in ¶96 & Figure 7 (page 39)<br>• Financial figure in ¶¶104-05 & Figure 11 (page 68)<br><br>Expert Suppl. Report of Daniel L. McFadden (Dkt. 665-1, Ex. B; 666-3, Ex. 3) | These expert reports, motion, and declaration should be partially sealed because they reflect non-public confidential information. Counsel for Plaintiffs have represented that the but-for commission rate and related calculations at the listed pin cites were derived from confidential figures in MSFT_EPIC_00000093, which was previously sealed in Pretrial Order No. 9 (Ex. 5) in the *Epic v. Apple* litigation and in this litigation with Judge Gonzalez Rogers' Order Re: Pending Administrative Motions to Seal (Dkt. 631). Counsel for Plaintiffs have represented that the but-for commission rate at the listed pin cites could be used to reverse engineer Microsoft's operating profit margin. As explained above, the figure, if made public, would put Microsoft at a competitive disadvantage or harm its relationships with developers or customers. | Ex. 3, April 30, 2021 Holzer Decl. ¶¶ 4-8;<br><br>Ex. 4, April 30, 2021 Hampton Decl. ¶¶ 6-7;<br><br>Ex. 5, Pretrial Order No. 9 (*Epic v. Apple*);<br><br>Ex. 6, Order Re: Pending Administrative Motions to Seal (Dkt. 631) | |

-13-

- Financial figure in TOC title of Figure 11
- Financial figure in ¶ 7 (page 3)
- Financial figure in ¶ 16 (page 6)
- Financial figure in ¶ 41 (page 16)
- Financial figure in ¶¶ 64-65 (page 26)
- Financial figure in Figure 7 (page 39)
- Financial figure in ¶ 104 & Figure 11 (page 68)

Plaintiffs' Renewed Notice of Motion and Motion for Class Certification (Dkt. 665; 683)
- 1:24
- 7:2,18
- 8:4

Ex. B to the Declaration of Rachele R. Byrd: McFadden Declaration (Dkt. 701-3, Ex. B; 702-2, Ex. B)
- Financial figure in ¶ 59 (page 31)

Reply Report of Daniel L. McFadden ISO Plaintiffs' Renewed Motion for Class Certification (Dkt. 707-1; 708-2)
- Financial figure in ¶ 64 (page 24)
- Financial figure in ¶ 65 (page 25)
- Financial figure in ¶ 163 (page 69)

Reply Report of Rosa M.
Abrantes-Metz (Dkt. 707-
2; 708-3)

- Financial figure in
  ¶ 2 (page 5)
- Financial figure in
  ¶ 63 (page 34)
- Financial figure in
  Footnote 133 (page
  36)
- Financial figure in
  Footnote 139 (page
  37)
- Financial figure in
  ¶ 157 (page 81)
- Financial figure in
  ¶ 167 (page 87)
- Financial figure in
  ¶ 188 (page 97)
- Financial figure in
  ¶ 191 (page 98)
- Financial figure in
  ¶ 200 & Footnote
  429 (page 101)
- Financial figure in
  ¶ 112 & Footnote
  240 (page 60)
- Financial figure in
  ¶ 115 & Footnote
  246 (page 61)

Ex. C to the Declaration of
Rachele R. Byrd:
Abrantes-Metz Declaration
(Dkt. 701-4; 702-3)

- Financial figure in
  ¶ 2 (page 4)
- Financial figure in
  ¶ 54 (page 28)
- Financial figure in
  Footnote 105 (page
  29)
- Financial figure in
  ¶ 87 & Footnote
  179 (page 44)

| | | |
|---|---|---|
| <ul><li>Financial figure in ¶ 89 & Footnote 183 (pages 45-46)</li><li>Financial figure in ¶ 110 & Footnote 217 (page 56)</li><li>Financial figure in ¶¶ 125-26 (page 63)</li><li>Financial figure in ¶ 136 (page 69)</li><li>Financial figure in ¶ 149 (page 76)</li><li>Financial figure in ¶ 152 (pages 76-77)</li><li>Financial figure in ¶ 153 (page 77)</li></ul>Expert Report of Rosa Abrantes-Metz (Dkt. 665-1, Ex. A; 666-2, Ex. 2)<ul><li>Financial figure in ¶ 66 (page 23)</li><li>Financial figure in ¶ 119 (page 53)</li></ul>Declaration of Lorin M. Hitt (Dkt. 740-2)<ul><li>Financial figure in ¶ 48 (page 16)</li></ul>Apple's Reply ISO Daubert Motion to Exclude the Testimony of Daniel L. McFadden & Rosa Abrantes-Metz (Dkt. 741)<ul><li>18:1-3</li></ul> | | |

| 9 | Reply Report of Rosa M. Abrantes-Metz (Dkt. 707-2; 708-3)<br>• Financial figure in ¶ 167 (page 87)<br>• Financial figure in ¶ 170 (page 88)<br>• Financial figure in ¶ 191 (pages 98)<br><br>Ex. C to the Declaration of Rachele R. Byrd: Abrantes-Metz Declaration (Dkt. 701-4; 702-3)<br>• Financial figure in ¶ 136 (page 69)<br>• Financial figure in ¶ 139 (page 70)<br>• Financial figure in ¶ 152 (pages 76-77)<br><br>Plaintiffs' Opposition to Apple's Daubert Motion to Exclude the Testimony of Professor Daniel L. McFadden & Dr. Rosa Abrantes-Metz (Dkt. 701; 702-1; 704, Ex. A; 705-1)<br>• 30:1<br><br>Expert Report of Rosa Abrantes-Metz (Dkt. 665-1, Ex. A; 666-2, Ex. 2)<br>• Financial figure in ¶ 19 (page 6)<br>• Financial figure in ¶ 66 (page 23)<br>• Financial figure in Footnote 98 (page 34)<br>• Financial figure in ¶ 120 & Figure 1 (page 54) | These expert reports, motion, and declaration should be partially sealed because they reflect non-public confidential information. Counsel for Plaintiffs have represented that the benchmark commission rate and related calculations at the listed pin cites were derived from confidential figures in MSFT_EPIC_00000093 and MSFT_EPIC_00000095, which were previously sealed in Pretrial Order No. 9 (Ex. 5) in the *Epic v. Apple* litigation and in this litigation with Judge Gonzalez Rogers' Order Re: Pending Administrative Motions to Seal (Dkt. 631). Counsel for Plaintiffs have represented that the benchmark commission rate at the listed pin cites could be used to reverse engineer Microsoft's confidential information from these previously sealed documents. As explained above, the figure, if made public, would put Microsoft at a competitive disadvantage or harm its relationships with developers or customers. | Ex. 3, April 30, 2021 Holzer Decl. ¶¶ 4-8;<br><br>Ex. 4, April 30, 2021 Hampton Decl. ¶¶ 6-7;<br><br>Ex. 5, Pretrial Order No. 9 (*Epic v. Apple*);<br><br>Ex. 6, Order Re: Pending Administrative Motions to Seal (Dkt. 631) |

-17-

| 10 | Hitt Expert Report (Dkt. 688-3)<br>• Footnote 443, line 6 (page 150, ¶ 311) | This expert report should be partially sealed because it reflects Microsoft's non-public financial information as well as competitively sensitive information regarding Microsoft's business strategy, pricing strategy, and negotiated terms with customers. Counsel for Apple and Plaintiffs have represented that the figure in lines 5-6 of footnote 443 reflects calculations of Microsoft's profit margin and cost structure, which were derived from confidential figures in MSFT_EPIC_0000348.  As explained above, these figures, if made public, would put Microsoft at a competitive disadvantage or harm its relationships with developers or customers. | Ex. 1, August 31, 2021 Holzer Decl. ¶¶ 6-8, 12-15;<br><br>Ex. 2, June 4, 2021 Holzer Decl. ¶ 5;<br><br>Ex. 5, Pretrial Order No. 9 (*Epic v. Apple*);<br><br>Ex. 6, Order Re: Pending Administrative Motions to Seal (Dkt. 631);<br><br>Ex. 7, Declaration of David P. Chiappetta in Support of 476 Administrative Motion to File Under Seal (Dkt. 516) |

-18-

| 11 | Hitt Expert Report (Dkt. 688-3)<br>• Footnote 443, lines 4-5 (page 150, ¶ 311) | This expert report should be partially sealed because it reflects Microsoft's non-public financial information as well as competitively sensitive information regarding Microsoft's business strategy, pricing strategy, and negotiated terms with customers, which if made public would put Microsoft at a competitive disadvantage or harm its relationships with developers or customers. I understand from counsel for Apple that the financial figures in lines 4-5 of n.443 (page 150) represent sensitive sales figures derived from MSFT_EPIC_00000093 and MSFT_EPIC_00000095, which were previously sealed in Pretrial Order No. 9 (Ex. 5) in the *Epic v. Apple* litigation and in this litigation with Judge Gonzalez Rogers' Order Re: Pending Administrative Motions to Seal (Dkt. 631). As explained above, the figures, if made public, would put Microsoft at a competitive disadvantage or harm its relationships with developers or customers. | Ex. 3, April 30, 2021 Holzer Decl. ¶¶ 4-8;<br><br>Ex. 4, April 30, 2021 Hampton Decl. ¶¶ 6-7;<br><br>Ex. 5, Pretrial Order No. 9 (*Epic v. Apple*);<br><br>Ex. 6, Order Re: Pending Administrative Motions to Seal (Dkt. 631) |
| 12 | Expert Report of Rosa Abrantes-Metz (Dkt. 665-1, Ex. A; 666-2, Ex. 2)<br>• Pricing strategy in ¶ 113 & Footnote 178 (page 50) | This expert report should be partially sealed because it reflects Microsoft's non-public financial information as well as competitively sensitive information regarding Microsoft's pricing and discount pricing strategy. This information was taken from MSFT_EPIC_00000120, which reflects sensitive internal analysis with regards to business strategy, store policy and principals, and pricing strategy. If the information identified in the report excerpts were made public, the disclosure would put Microsoft at a competitive disadvantage with competitors and developers and harm Microsoft's relationships with customers. | Ex. 1, August 31, 2021 Holzer Decl. ¶¶ 6-8, 12-15;<br><br>Ex. 2, June 4, 2021 Holzer Decl. ¶ 5;<br><br>Ex. 3, April 30, 2021 Holzer Decl. ¶¶ 4-8;<br><br>Ex. 5, Pretrial Order No. 9 (*Epic v. Apple*);<br><br>Ex. 6, Order Re: Pending Administrative Motions to Seal (Dkt. 631);<br><br>Ex. 9, August 25, 2023 Holzer Decl. ¶¶ 3-5 |

16.     I understand that Apple and Plaintiffs will file an omnibus motion to seal the above-referenced documents with the Court in the above-captioned cases. I understand that Apple and Plaintiffs will file redacted and/or sealed versions of the same with the Court.

17.     For the foregoing reasons, Microsoft respectfully requests that the Court seal the above-referenced portions of the identified documents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 29th day of August 2023 in Fresno, California.

/s/ David P. Chiappetta
David P. Chiappetta

-20-

DECLARATION OF DAVID P. CHIAPPETTA                                   CASE NO. 4:11-CV-06714-YGR

162373253.6