# Exhibit 1

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | NORTHERN DISTRICT OF CALIFORNIA | |
| 3 | OAKLAND DIVISION | |

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-CV-06714-YGR |
| DAVID CAMERON, et al.<br><br>　　　　　Plaintiff<br><br>　v.<br><br>APPLE, INC.,<br><br>　　　　　Defendant. | Case No. 4:19-CV-03074-YGR<br><br>DECLARATION OF HERBERT HOLZER |

I, Herbert Holzer, declare as follows:

　　1.　　I am currently the Director of Software & Apps for Microsoft Digital Store at Microsoft Corporation ("Microsoft"). The facts stated in this declaration are based on my own personal knowledge and, if called as a witness, I could and would testify to those facts.

　　2.　　In my current role at Microsoft, I am responsible for apps and software category business planning and management. I have been employed with Microsoft since April 2015. Based on my work experience, I am familiar with Microsoft's business strategies, sales data, and licensing practices as these relate to the Windows Store. Microsoft keeps such information confidential to protect itself and its partners from potential harm.

　　3.　　I understand that Apple, Inc. ("Apple") has submitted the following that contain Microsoft's confidential information in the *Cameron v. Apple* case: Memorandum of Points of Authorities In Opposition to Plaintiffs' Motion for Class Certification (*Cameron v. Apple*, 4:19-cv-03074, Dkt. 376) and Supporting Documents, and Notice of Motion to Exclude the Testimony of Professor Einer Elhauge, Professor Nicholas Economides, and Christian Tregillis (*Cameron v. Apple*, 4:19-cv-03074, Dkts. 374, 376-11, 380, 381-4), and Supporting Documents. I also understand Microsoft is concurrently filing the declaration of David P. Chiappetta in support of

1  sealing Microsoft's confidential information contained in those filings, and I make this

2  declaration in support of Microsoft's efforts.

3      4.    I understand that Apple has submitted the following documents that contain

4  Microsoft's confidential information in the *In re Apple iPhone Antitrust Litigation* case:

5  Defendant Apple Inc.'s Opposition to Named Consumer Plaintiffs' Motion for Class Certification

6  (*In re Apple iPhone Antitrust Litig.*, 4:11-cv-06714, Dkt. 476) and Supporting Documents.  I also

7  understand Microsoft is concurrently filing the declaration of David P. Chiappetta in support of

8  sealing Microsoft's confidential information contained in those filings, and I make this

9  declaration in support of Microsoft's declaration.

10      5.    I have reviewed the excerpts from Apple's briefings and supporting documents

11  that reference Microsoft's confidential information and explain below why portions of these

12  briefings and expert reports reflect sensitive and highly confidential information that would cause

13  serious harm to Microsoft if publicly released.

    **a. *Economides Yardstick Data derived from MSFT_EPIC_00000348 and MSFT_EPIC_00000093.***

16      6.    I understand that in the above-mentioned filings the parties have heavily relied on

17  calculations in a document titled "Economides Rate Yardstick.xlsx," which I understand

18  incorporates confidential Microsoft financial data derived from documents Bates-labeled

19  MSFT_EPIC_00000093 and MSFT_EPIC_00000348.  As discussed below, both

20  MSFT_EPIC_00000093 and MSFT_EPIC_00000348 contain non-public confidential financial

21  data that is only shared internally within Microsoft on a need-to-know basis. Because the

22  underlying sources of data for the "Economides Rate Yardstick.xlsx" are based on confidential

23  commercially sensitive Microsoft data, figures calculated from this data could reveal non-public

24  confidential information about Microsoft's internal finances, market opportunities, or business

25  strategy.  If made public, the information and data could be used by competitors to harm

26  Microsoft's competitive standing or harm Microsoft's relationships with developers or customers.

27      7.    I have reviewed MSFT_EPIC_00000348, from which I understand calculations in

28  the "Economides Rate Yardstick.xlsx" were derived, and confirm it contains information and

projections derived from non-public confidential financial data for the Windows Store, and is commercially sensitive. This information is treated confidentially internally within Microsoft, and only revealed on a need-to-know basis. I previously reviewed MSFT_EPIC_00000348 in connection with my declaration dated June 7, 2021, as I understood that Developer Plaintiffs' counsel confirmed to Microsoft that the information that I supported sealing was derived from MSFT_EPIC_00000348. As described in my declaration dated June 7, 2021, the information derived from MSFT_EPIC_00000348 reflects current and future non-public Windows Store business strategy, including developer sales figures. If Microsoft's developers and competitors were to obtain such information, it would place Microsoft at a competitive disadvantage and potentially could be used to harm Microsoft's relationships with business partners. With respect to developers, disclosure of the information would harm Microsoft during contract negotiations with developers because developers could use sales information to approximate the degree to which a particular developer contributes to Microsoft's Windows Store revenue and sales. Developers with greater market share for Windows Store sales would have increased leverage in negotiations with Microsoft than they would otherwise but for the disclosure of this information. With respect to competitors, disclosure of the information would provide competitors with valuable strategic information that could be used to undercut Microsoft's position in the app industry.

8.  I have also reviewed MSFT_EPIC_00000093 from which I also understand calculations in the "Economides Rate Yardstick.xlsx" were derived, and the Declaration of David Hampton dated April 30, 2021 filed in support of sealing portions of that document which I understand, based on Microsoft's counsel's representations, was designated as trial exhibit(s) PX 2477 / DX-5523 in the *Epic v. Apple* case. Based on that declaration and my understanding of Microsoft's business, I understand portions of MSFT_EPIC_000000093 to reflect confidential non-public Microsoft information which Microsoft only reveals internally on a need-to-know basis that, if revealed, could be used by competitors to harm Microsoft's competitive standing or harm Microsoft's relationship with developers or customers. I further understand that the Court

1  has previously sealed portions of MSFT_EPIC_000093 in the *Epic v. Apple* litigation. Pretrial

2  Order No. 9, Dkt. 564, *Epic Games, Inc. v. Apple Inc.,* Case No. 4:20-cv-05640-YGR.

   b. **Defendant Apple Inc.'s Opposition to Named Consumer Plaintiffs' Motion for Class Certification**
   *(Cameron v. Apple, 4*:19-cv-03074, Dkt. 381-3*; In re Apple iPhone Antitrust Litigation, Case No.* 4:11-CV-06714-YGR, Dkt. 476-3*))*

   9.     The last paragraph of Page 15 of Defendant Apple's Opposition to Named Consumer Plaintiffs' Motion for Class Certification reflects non-public sensitive information regarding Microsoft's strategy with customers. I understand that it includes information that was derived from MSFT_EPIC_00000095 and MSFT_EPIC_000000348. The Court has previously sealed MSFT_EPIC_00000095 based on my previous declaration dated April 30, 2021 in the related matter, *Epic. v. Apple*, Dkt. 564, Pretrial Order No. 9, Case No. 4:20-cv-05640-YGR (referring to MSFT_EPIC_00000095 as PX-2478 and DX-5528). As described in my declaration dated April 30, 2021 filed in the *Epic v. Apple* litigation in support of sealing MSFT_EPIC_00000095, the information, if made public, the information could be used by competitors to harm Microsoft's competitive standing or harm Microsoft's relationship with developers or customers. With respect to MSFT_EPIC_000000348, and as described above, *supra* ¶ 7, if revealed, the figures could be used by competitors to harm Microsoft's competitive standing or harm Microsoft's relationship with developers and customers.

   c. **Defendant Apple Inc's Notice of Daubert Motion to Exclude Testimony of Professor Einer Elhauge, Professor Nicholas Economides, and Christian Tregillis and Memorandum of Points and Authorities**
   *(Cameron v. Apple,* 4:19-cv-03074, Dkts. 374, 376-11, 380, 381-4*)*

   10.    The information at 3:15-24 and 8:7-8 of Defendant Apple Inc.'s Notice of Daubert Motion to Exclude Testimony of Professor Einer Elhauge, Professor Nicholas Economides, and Christian Tregillis and Memorandum of Points and Authorities reflects non-public sensitive financial information. I understand these figures were derived by Professor Economides from confidential Microsoft financial information contained in MSFT_EPIC_000000348. As described

above, *supra* ¶ 7, if revealed, the figures could be used by competitors to harm Microsoft's competitive standing and harm Microsoft's relationship with developers and customers.

  d. **Defendant Apple Inc.'s Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Class Certification**
*(Cameron v. Apple*, 4:19-cv-03074, Dkt. 376-3; *In re Apple iPhone Antitrust Litig.*, 4:11-cv-06714, Dkt. 480-3)

11. The information at 20:26 and 21:7 of Apple Inc.'s Memorandum of Points and Authorities in Opposition to Developer Plaintiffs' Motion for Class Certification reflect Microsoft's confidential financial information. I understand these figures were derived by Professor Economides from confidential Microsoft financial information contained in MSFT_EPIC_00000093 and MSFT_EPIC_000000348. As described above, *supra* ¶¶ 7-8, if revealed, the figures could be used by competitors to harm Microsoft's competitive standing or harm Microsoft's relationship with developers and customers.

  e. **Expert Report of Lorin M. Hitt**
*(Cameron v. Apple Inc., Case No.* 4:19-CV-03074-YGR, Dkts. 373-1, 376-4;
*In re Apple iPhone Antitrust Litigation,* Case No. 4:11-CV-06714-YGR, Dkts. 473-1, 476-4, 478-1)

12. The information at paragraph 99 (pages 60-61), first sentence of footnote 185 (page 61), the third sentence of paragraph 106 (page 64), and the third and sixth sentences of footnote 397 (page 109) of the Expert Report of Declaration of Lorin M. Hitt, Ph.D. ("Hitt Expert Report") reflect non-public sealed information from MSFT_EPIC_00000095. Dkt. 564, Pretrial Order No. 9, *Epic Games, Inc. v. Apple Inc.,* Case No. 4:20-cv-05640-YGR. As described in my declaration April dated 30, 2021, filed in the *Epic v. Apple* litigation in support of sealing MSFT_EPIC_00000095, the information, if made public, the information could be used by competitors to harm Microsoft's competitive standing or harm Microsoft's relationship with developers or customers. Further, the information reflected in Hitt Report reflects specific negotiated terms with customers, and Microsoft's business strategy relating to Windows Store. If revealed, the figures could be used by competitors to harm Microsoft's competitive standing or harm Microsoft's relationship with developers and customers.

13. The information at paragraph 126 (page 73), footnote 247 (page 73), and the first sentence of paragraph 128 (page 73), the third sentence in footnote 614 (Page 184), and paragraph 387 (page 188) of the Hitt Expert Report reflect Microsoft's confidential financial information. I understand counsel for Developer Plaintiffs has confirmed that the figures that are contained in the Economides Rate Yardstick.xlsx document were derived from confidential Microsoft financial information in MSFT_EPIC_00000093 and MSFT_EPIC_00000348. As described above, *supra* ¶¶ 7-8, if made public, the information could be used by competitors to harm Microsoft's competitive standing or harm Microsoft's relationship with developers or customers. Further, the information at footnotes 247 and 614 could be used by competitors or customers to calculate the figure that would reveal information about Microsoft Store strategy.

14. The financial figures in the last line of Figure 22 of paragraph 129 (Page 75) and the financial figures in paragraph 384 (page 187) of the Hitt Expert Report reflect confidential Microsoft information contained in Professor Economides' expert report. I understand counsel for Developer Plaintiffs has confirmed that the source of these calculations are confidential financial data from MSFT_EPIC_00000348 and the Economides Rate Yardstick.xlsx, which is derived from MSFT_EPIC_000000348 and MSFT_EPIC_00000093. As described above, *supra* ¶¶ 7-8, if made public, the information could be used by competitors to harm Microsoft's competitive standing or harm Microsoft's relationship with developers and customers.

15. The fifth sentence of footnote 397 (page 109) of the Hitt report reflects confidential non-public financial information regarding Microsoft Store. I understand this confidential revenue information derived from MSFT_EPIC_00000348. As described above, *supra* ¶ 7, if made public, the information could be used by competitors to harm Microsoft's competitive standing or harm Microsoft's relationship with developers and customers.

16. Finally, the Hitt Report references a code name for a non-public initiative regarding Microsoft's future business strategy at footnotes 118 (page 82), 247 (page 73), 253 (page 74), 614 (page 184), 635 (page 187), 636 (page 187), and 637 (page 187). This code name was referenced as the title of MSFT_EPIC_00000348 and is an internal code name that has been assigned to a non-public project that involves future Windows Store business strategy. Within

Microsoft, code names are used to protect the secrecy and identity of commercially sensitive non-public projects and initiatives. The code name itself is non-public, and if made public, would permit competitors, developers, and customers to associate confidential data or information with the particular project, which could be used to harm Microsoft's business. If revealed, it would undermine Microsoft's future efforts to protect non-public confidential information, including existence of non-public projects, products, or initiatives.

    f.  **_Expert Report of Richard Schmalensee_**
*(Cameron v. Apple Inc.,* Case No. 4:19-CV-03074-YGR, Dkts. 373-5, 376-8**;** *In re Apple iPhone Antitrust Litig.*, 4:11-cv-06714, Dkts. 473-5, 476-8, 478-5)

17.    The figures contained in the second sentence of paragraph 142 of the Expert Report and Declaration of Richard Schmalensee, Ph.D. (Page 72) reflect financial data derived from confidential Microsoft information. I understand that counsel for Developer Plaintiffs has confirmed that this information was derived from MSFT_EPIC_000000348 and MSFT_EPIC_000000093. As described above, *supra* ¶¶ 7-8, if made public, the information could be used by competitors to harm Microsoft's competitive standing or harm Microsoft's relationship with customers and developers would have increased leverage in negotiations with Microsoft than they would otherwise but for the disclosure of this information.

    g.  **_Transcript of Deposition of Professor Einer Elhauge_**
*(Cameron v. Apple Inc.,* Case No. 4:19-CV-03074-YGR, Dkts. 375-18, 377-12*)*

18.    The figure contained at page 182:20-22 in the transcript of the Deposition of Einer Elhauge dated July 30, 2021 reflect financial data derived from confidential Microsoft information. I understand that counsel for Developer Plaintiffs has confirmed that this information was derived from MSFT_EPIC_000000348 and MSFT_EPIC_000000093. As described above, *supra* ¶¶ 7-8, if made public, the information could be used by competitors to harm Microsoft's competitive standing or harm Microsoft's relationship with customers and developers would have increased leverage in negotiations with Microsoft than they would otherwise but for the disclosure of this information.

     **h.** ***Transcript of Deposition of Professor Nicholas Economides***
*(Cameron v. Apple Inc.,* Case No. 4:19-CV-03074-YGR, Dkts. 375-19, 377-13*)*

19. The information contained at 180:25-181:3 and 183:22-184:13 in the transcript of the Deposition of Nicholas Economides dated August 4, 2021 ("Economides Deposition") reflect confidential source information that contains financial data derived from confidential Microsoft information. I understand that counsel for Developer Plaintiffs has confirmed that MSFT_EPIC_000000348 and MSFT_EPIC_000000093 are the confidential sources. As described above, *supra* ¶¶ 7-8, if made public, the information could be used by competitors to harm Microsoft's competitive standing or harm Microsoft's relationship with customers and developers would have increased leverage in negotiations with Microsoft than they would otherwise but for the disclosure of this information.

20. The information contained at 182:18-183:3 in the Economides Deposition reflects Microsoft's confidential revenue data. I understand that counsel for Developer Plaintiffs has confirmed that this information was derived from MSFT_EPIC_000000348. As described above, *supra* ¶¶ 7, if made public, the information could be used by competitors to harm Microsoft's competitive standing or harm Microsoft's relationship with customers and developers would have increased leverage in negotiations with Microsoft than they would otherwise but for the disclosure of this information.

21. The information contained at 188:12-16, 190:17-18, 191:11-192:1, 201:18-22, 202:2-12, 203:5-24, 232:17-20 in the Economides Deposition reflects financial data derived from confidential Microsoft information. I understand that counsel for Developer Plaintiffs has confirmed that MSFT_EPIC_000000348 and MSFT_EPIC_000000093 are the confidential sources. As described above, *supra* ¶¶ 7-8, if made public, the information could be used by competitors to harm Microsoft's competitive standing or harm Microsoft's relationship with developers.

22. The information contained at 192:9 in the Economides Deposition reflects Microsoft's confidential data. I understand that counsel for Developer Plaintiffs has confirmed that this information was derived from MSFT_EPIC_000000348. As described above, *supra* ¶¶ 7,

if made public, the information could be used by competitors to harm Microsoft's competitive standing or harm Microsoft's relationship with customers and developers would have increased leverage in negotiations with Microsoft than they would otherwise but for the disclosure of this information.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of August 2021 in Redmond, Washington.

*/s/ Herbert Holzer*
Herbert Holzer

**ATTESTATION**

I, David P. Chiappetta, am the ECF user whose ID and password are being used to file the above Declaration. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Herbert Holzer has concurred in the aforementioned filing.

>*/s/ David P. Chiappetta*
>David P Chiappetta