BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
rifkin@whafh.com
guiney@whafh.com
burt@whafh.com

*Interim Class Counsel*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE iPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM THIRD PARTY CANVA US INC.** |

WHEREAS the parties to *In re Apple iPhone Antitrust Litigation* (the "Parties") agreed to a Stipulated Protective Order on January 6, 2020 (ECF No. 195);

WHEREAS the Court entered the Stipulated Protective Order on January 9, 2020 (ECF No. 199);

WHEREAS the Court subsequently entered a Stipulated Amended Protective Order on January 21, 2021 (ECF No. 381) (the "Protective Order");

WHEREAS Paragraph 10(a) of the Protective Order states that "[t]he terms of this Order are applicable to information produced by a Non-Party in this action" and that "[n]othing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections";

WHEREAS Parties to the litigation have served subpoenas on Canva US Inc. ("Canva")[1];

WHEREAS Canva is willing to produce competitively sensitive information in response to subpoenas served on it in the litigation, subject to certain additional protections beyond those set forth in the Protective Order and that the Parties to the litigation agree to;

WHEREFORE, IT IS HEREBY ORDERED that documents produced by Canva in connection with the litigation shall be further subject to the following provisions (the "Supplemental Protective Order"):

## A.    GENERAL PROVISIONS

1.    The definitions, terms and provisions contained in the Protective Order shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term or provision of this Supplemental Protective Order and any definition, term or provision of the Protective Order, this Supplemental Protective Order will control with respect to such conflict.

2.    The definitions, terms and provisions contained in this Supplemental Protective Order

---

[1] The term "Canva" shall include any entity that responds to subpoenas served on Canva US Inc. in this litigation. References to "competitors" within this Supplemental Protective Order shall be interpreted to mean competitors of Canva US Inc. and any parents, subsidiaries, or otherwise related entities. The Term "competitor" shall be construed in the broadest sense to include any organization or person that provides the type of services provided by Canva US Inc. and its parents, subsidiaries, and related entities.

shall apply only to those Discovery Materials produced by Canva, and nothing herein shall provide any rights or protections to the Parties to the litigation beyond those set forth in the Protective Order.

**B.    ADDITIONAL DEFINITIONS**

1.    <u>Business Consultant</u>: a consultant advising on or involved in competitive decision-making.

2.    <u>Party Expert</u>: with respect to "CANVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee or current Business Consultant of a Party, Canva, or of any Canva competitor, or otherwise currently involved in competitive decision-making for a Party, Canva, or for any Canva competitor; (3) has not, within the 12 months preceding the entry of this Protective Order, been an employee or Business Consultant of a Party, Canva, or Canva's competitor, or otherwise been involved in competitive decision-making for a Party, Canva, or Canva's competitor; and (4) at the time of retention, is not anticipated to become an employee or Business Consultant of a Party, Canva, or any Canva competitor, or to be otherwise involved in competitive decision-making for a Party or for any Canva competitor. If, while this action is pending, a Party learns that any of its retained experts or consultants as defined herein is anticipating to become, or has become, an employee or Business Consultant of Canva or any Canva competitor, or otherwise involved in competitive decision-making for Canva or any Canva competitor, the Party learning such information shall promptly disclose the information to Canva.

3.    <u>"CANVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY"</u> <u>Information or Items</u>: extremely sensitive "Confidential Information or Items" produced by Canva and that contains algorithms and source code; non-public, commercially sensitive customer lists or communications; non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, margins, or other financial metrics; product and customer acquisition, usage, subscription, or retention metrics; information relating to research, development, testing of, or plans for existing or proposed future products; non-public information

1  concerning Canva's data protection practices and security protocols; evaluation of the strengths and

2  vulnerabilities of Canva's product offerings, including non-public pricing and cost information;

3  confidential contractual terms, proposed contractual terms, or negotiating positions (including

4  internal deliberations about negotiating positions) taken with respect to Canva or competitors to

5  Canva; information relating to pending or abandoned patent applications that have not been made

6  available to the public; confidential submissions to governmental entities describing Canva's legal

7  positions or theories; personnel files; sensitive personally identifiable information; communications

8  that disclose any such information; and any other Information or Items, the disclosure of which to a

9  Party or another Non-Party would create a substantial risk of serious harm that could not be avoided

10 by less restrictive means.

11     C.    **ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF CANVA**

12         **PROTECTED MATERIALS**

13     1.    <u>Manner of Designating "CANVA HIGHLY CONFIDENTIAL – OUTSIDE</u>

14 <u>COUNSEL EYES ONLY" Information or Items</u>. Designation in conformity with this Supplemental

15 Protective Order requires:

16         a.    <u>for information in documentary form</u> (e.g., paper or electronic documents, but

17 excluding transcripts of depositions or other pretrial or trial proceedings), that Canva affix the legend

18 "CANVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page of any

19 document for which Canva seeks protection under this Supplemental Protective Order. If only a

20 portion or portions of the material on a page qualifies for protection, Canva also must clearly

21 identify the protected portion(s) (e.g., by making appropriate markings in the margins).

22     If Canva makes original documents or materials available for inspection, it need not

23 designate them for protection until after the inspecting Party has indicated which material it would

24 like copied and produced. During the inspection and before the designation, all of the material made

25 available for inspection shall be deemed "CANVA HIGHLY CONFIDENTIAL – OUTSIDE

26 COUNSEL EYES ONLY." After the inspecting Party has identified the documents it wants copied

27 and produced, Canva must determine which documents, or portions thereof, qualify for protection

28

1  under this Supplemental Protective Order. Then, before producing the specified documents, Canva

2  must affix the appropriate legend ("CANVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

3  EYES ONLY") to each page that contains such material. If only a portion or portions of the material

4  on a page qualifies for protection, Canva also must clearly identify the protected portion(s) (e.g., by

5  making appropriate markings in the margins).

6          b.      for testimony given in deposition or in other pretrial proceedings not

7  involving the Court, that Canva identify on the record, before the close of the deposition, hearing, or

8  other proceeding, all protected testimony. When it is impractical to identify separately each portion

9  of testimony that is entitled to protection and it appears that substantial portions of the testimony

10  may qualify for protection, Canva may invoke on the record (before the deposition, hearing, or other

11  proceeding is concluded) a right to have up to 21 days to identify the specific portions of the

12  testimony as to which protection is sought. Only those portions of the testimony that are

13  appropriately designated for protection within the 21 days shall be covered by the provisions of this

14  Supplemental Protective Order. Alternatively, Canva may specify, at the deposition or up to 21 days

15  afterwards if that period is properly invoked, that the entire transcript shall be treated as "CANVA

16  HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." With respect to trial or other

17  proceedings involving the Court, Canva can petition the Court for appropriate protective measures

18  which shall be requested in advance of evidence being taken.

19          Canva and the Parties shall give the other parties notice if they reasonably expect a

20  deposition, hearing, or other proceeding to include "CANVA HIGHLY CONFIDENTIAL –

21  OUTSIDE COUNSEL EYES ONLY" Information or Items so that the other parties can ensure that

22  only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

23  (Exhibit A to the Protective Order) are present at those proceedings. The use of a document as an

24  exhibit at a deposition shall not in any way affect its designation as "CANVA HIGHLY

25  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

26          Transcripts containing "CANVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

27  EYES ONLY" Information or Items shall have an obvious legend on the title page that the transcript

28

STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER
GOVERNING DISCOVERY FROM THIRD PARTY CANVA US INC.
Case No. 4:11-cv-06714-YGR
-4-

1   contains such material, and the title page shall be followed by a list of all pages (including line

2   numbers as appropriate) that have been designated as "CANVA HIGHLY CONFIDENTIAL –

3   OUTSIDE COUNSEL EYES ONLY." Canva shall inform the court reporter of these requirements.

4   Any transcript that is prepared before the expiration of a 21-day period for designation shall be

5   treated during that period as if it had been designated "CANVA HIGHLY CONFIDENTIAL –

6   OUTSIDE COUNSEL EYES ONLY" in its entirety unless otherwise agreed. After the expiration of

7   that period, the transcript shall be treated only as actually designated.

8          c.     for information produced in some form other than documentary and for any

9   other tangible items, that Canva affix in a prominent place on the exterior of the container or

10   containers in which the information or item is stored the legend "CANVA HIGHLY

11   CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." If only a portion or portions of the

12   information or item warrant protection, Canva, to the extent practicable, shall identify the protected

13   portion(s).

14          2.     Disclosure of "CANVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES

15   ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by

16   Canva, a Party may disclose any information or item designated "CANVA HIGHLY

17   CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

18          a.     the Party's Outside Counsel of Record in this action, as well as employees of

19   said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

20   the litigation and who have signed the "Acknowledgement and Agreement to be Bound" that is

21   attached to the Protective Order as Exhibit A;

22          b.     Designated House Counsel of the Party, but only in the event that (i)

23   information designated "CANVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES

24   ONLY" is incorporated into and necessary to a Party's work product that is to be filed or served in

25   the litigation; (ii) the Party discloses to Canva the relevant excerpts from the work product that

26   include the information designated "CANVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

27   EYES ONLY" prior to disclosure to Designated House Counsel of the Party; (iii) the Party identifies

28

by name and job title the Designated House Counsel, which shall be limited to two Apple litigation attorneys with primary responsibility for overseeing the litigation, with whom such work product will be shared for the purpose of reviewing and approving the work product in advance of filing or service; and (iv) Canva provides consent to the disclosure, which shall not unreasonably be withheld;

        c.      Party Experts (as defined in this Supplemental Protective Order) (1) to whom disclosure is reasonably necessary for the litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order);

        d.      the Court and its personnel;

        e.      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A to the Protective Order); and

        f.      the author or recipient of a document containing the information.

3.      In light of the judgment in *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20- cv-05640, Dkt. No. 814, and the final judgment of dismissal with prejudice in *Cameron v. Apple Inc.*, Case No. 4:19-cv-03074- YGR, Dkt. Nos. 491 & 494, any discovery produced by Canva and designated as "CANVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is only for use in this litigation, *In re Apple iPhone Antitrust Litigation* (Case No. 4:11-cv-06714-YGR), subject to the terms of this Supplemental Protective Order.

4.      All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5.3, 6, 7.1, 9, 10, 11, 12, 13, and 14 apply here to information designated "CANVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; except where the provisions of the Protective Order conflict with any provision of this Supplemental Protective Order in which case this Supplemental Protective Order will control with respect to such conflict; and except that the provision in Paragraph 3 of the Protective Order providing that any use

of Protected Material at trial shall be governed by a separate agreement or order shall not apply to information designated "CANVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY". Unless otherwise ordered by the Court or expressly permitted by Canva, no Party seeking to introduce documents or information designated "CANVA HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" into the record at trial may disclose the materials to any persons other than those identified in Paragraph C.2. of this Supplemental Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: January 31, 2024        By:        */s/ Nicole L. Castle*
**MCDERMOTT WILL & EMERY, LLP**
Peter John Sacripanti (*pro hac vice*)
John J. Calandra (*pro hac vice*)
Nicole L. Castle (*pro hac vice*)
One Vanderbilt Ave
New York, NY 10017
Telephone: (212) 547-5400
psacripanti@mwe.com
jcalandra@mwe.com
ncastle@mwe.com

**MCDERMOTT WILL & EMERY, LLP**
Michelle Lowery (SBN 302882)
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Telephone: (310) 277-4110
mslowery@mwe.com

**MCDERMOTT WILL & EMERY, LLP**
Elizabeth Rodd (*pro hac vice*)
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 535-4000
erodd@mwe.com

*Attorneys for Defendant Apple, Inc.*

DATED: January 31, 2024        By:        */s/ Rachele R. Byrd*
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
RACHELE R. BYRD (190634)
BETSY C. MANIFOLD (182450)
75 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619-239-4599

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

1

2

3

4

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
270 Madison Ave
New York, NY 10016
Telephone: 212-545-4600

*Consumer Plaintiffs' Interim Class Counsel*

5

6

7

8

DATED: January 31, 2024       By:   /s/ Marc David Peters
                                     **TURNER BOYD LLP**
                                     Marc David Peters
                                     155 Bovet Road, Suite 750
                                     San Mateo, CA 94402
                                     Telephone: 650-521-593
                                     mdpeters@tumerboyd.com

9

*Counsel for Third Party Canva US Inc.*

10

11

12

13 **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

14

15 DATED: _____       _____

16                                    HON. THOMAS S. HIXSON
                                       UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION REGARDING CONCURRENCE

I, Rachele R. Byrd, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: January 31, 2024

_____/s/ Rachele R. Byrd_____
RACHELE R. BYRD