| | |
|---|---|
| BETSY C. MANIFOLD (182450) <br> RACHELE R. BYRD (190634) <br> WOLF HALDENSTEIN ADLER <br>   FREEMAN & HERZ LLP <br> 750 B Street, Suite 1820 <br> San Diego, CA 92101 <br> Telephone: 619/239-4599 <br> Facsimile: 619/234-4599 <br> manifold@whafh.com <br> byrd@whafh.com <br><br> MARK C. RIFKIN (*pro hac vice*) <br> MATTHEW M. GUINEY (*pro hac vice*) <br> THOMAS H. BURT (*pro hac vice*) <br> WOLF HALDENSTEIN ADLER <br>   FREEMAN & HERZ LLP <br> 270 Madison Ave <br> New York, NY 10016 <br> Telephone: (212) 545-4600 <br> Facsimile: (212) 686-0114 <br> rifkin@whafh.com <br> guiney@whafh.com <br> burt@whafh.com <br><br> *Interim Class Counsel for Plaintiffs* | THEODORE J. BOUTROUS JR., SBN 132099 <br>   tboutrous@gibsondunn.com <br> DANIEL G. SWANSON, SBN 116556 <br>   dswanson@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 333 South Grand Avenue <br> Los Angeles, CA 90071 <br> Telephone: 213.229.7000 <br> Facsimile: 213.229.7520 <br><br> CAELI A. HIGNEY, SBN 268644 <br>   chigney@gibsondunn.com <br> JULIAN W. KLEINBRODT, SBN 302085 <br>   jkleinbrodt@gibsondunn.com <br> ELI M. LAZARUS, SBN 284082 <br>   elazarus@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> One Embarcadero Center <br> San Francisco, CA 94111 <br> Telephone: 415.393.8200 <br> Facsimile: 415.393.8306 <br><br> CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*) <br>   crichman@gibsondunn.com <br> HARRY R. S. PHILLIPS (D.C. Bar No. 1617356; *pro hac vice*) <br>   hphillips2@gibsondunn.com <br> GIBSON, DUNN & CRUTCHER LLP <br> 1050 Connecticut Avenue, N.W. <br> Washington, D.C. 20036 <br> Telephone: 202.955.8500 <br> Facsimile: 202.467.0539 <br><br> *Attorneys for Defendant APPLE INC.* <br><br> [*Additional counsel on signature page*] |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR <br><br> **JOINT STATEMENT RE: CASE SCHEDULE** <br><br> COURTROOM: 1, 4th Floor <br> JUDGE: Hon. Yvonne Gonzalez Rogers |

Pursuant to the Court's direction in the February 2, 2024 order on Plaintiffs' Renewed Motion for Class Certification (ECF No. 789) (hereinafter, "Order"), Plaintiffs Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, and Edward Lawrence (collectively, "Plaintiffs") and Defendant Apple Inc. (collectively, the "Parties"), by and through their respective counsel, hereby submit this Joint Statement Re: Case Schedule.

**APPLE'S STATEMENT**

As a preliminary matter, Apple notes that it will be filing a Rule 23(f) petition with the Ninth Circuit, seeking review of the Court's Order. Pending the Ninth Circuit's review and disposition of that petition (and any appeal, if granted), Apple requests a temporary stay of one part of discovery in this case—the production of highly-sensitive consumer records.

Plaintiffs have requested extremely sensitive personal identifying information belonging to hundreds of millions of Apple consumers—specifically, the names, physical addresses, contact information, and payment account information associated with more than 400 million App Store accounts. Plaintiffs seek this information in order to attempt to match the actual individual purchasers associated with consumer accounts on the App Store, as the Court directed them to do before any trial in this matter. *See* Renewed Class Cert. Hearing Tr. 94:21-25, 95:1-5, and 102:6-9. Plaintiffs propose to analyze that data and ultimately to connect it with the more than 100 billion App Store transactional records produced by Apple in this matter. The production of these two datasets raises profound security and privacy risks to the identities and purchase histories of all of the App Store's customers in the United States over the past 16 years. *See* CMC Tr. 14:19-20 (Apr. 11, 2022) (Court recognition of "security issues" with Plaintiffs' request). Indeed, Apple applies multiple layers of protections to defend this type of customer information in the ordinary course of its business. *See also id.* 13:1-8; *see also* Apple Privacy Policy (last updated Dec. 22, 2022), https://www.apple.com/legal/privacy/en.

To prepare for possible production of this data, the Parties have begun discussions on security measures to protect the data as much as possible from bad actors who have increasingly targeted cyberattacks against law firms and discovery vendors. And Apple is willing to continue to engage with Plaintiffs and their consultants on devising a plan for the production of purchaser data if and when necessary (without waiving any of Apple's rights with respect to the process and scope of production).

Apple believes, however, that given the real and significant risks to consumer privacy, the production of purchaser data should be stayed until the Rule 23(f) process runs its course.

Courts evaluating a request for a stay of proceedings or discovery pending decisions relating to a Rule 23(f) petition consider (1) whether the petition and associated appeal present "serious legal questions"; (2) whether the petitioner will be irreparably injured in the absence of a stay; (3) whether issuance of a stay will not substantially injure the opposing party; and (4) where the public interest lies. *Gray v. Golden Gate Nat. Recreational Area*, No. 08-cv-00722-EDL, 2011 WL 6934433, at *1-2 (N.D. Cal. Dec. 29, 2011) (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 964-70 (9th Cir. 2011); *Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 412 (D. Del. 2010)).

Here, Apple's Rule 23(f) petition raises "serious legal questions." The Ninth Circuit granted Rule 23(f) review in a similar case against Google, *In re Google Play Store Antitrust Litigation*, No. 23-15285, raising the same core legal questions before that petition was mooted by the district court's decision to decertify the plaintiff class in that case. Specifically, the petitions in both cases raise questions concerning (1) what rigorous analysis is required into whether individualized issues of each class member's injury will overwhelm common questions, and (2) the sufficiency of an injury model with unsupported assumptions about individualized factors bearing on injury. Apple maintains that there are serious questions as to whether Plaintiffs' model here can successfully ascertain the number of uninjured class members and limit them, as required under Rule 23(f). Apple will be irreparably injured if it is forced to put sensitive customer data at unnecessary risk of compromise by bad actors. On the other hand, given the speed of Rule 23(f) proceedings, any delay in production of purchaser data would be relatively brief and cause no substantial harm to Plaintiffs while other discovery continues to move forward. For example, Apple will produce the updated transactional data necessary for Plaintiffs' expert to run his pricing model on all transactional data.[1] The public interest also favors a stay to avoid unnecessary risk to data on millions of consumers across the country.

---

[1] To be clear, Apple's position is that the pricing model of Plaintiffs' expert cannot successfully ascertain the number of uninjured class members and limit them in a way that would support the continued certification of a plaintiff class in this action.

**PLAINTIFFS' STATEMENT**

Plaintiffs oppose Apple's requested stay. Apple's purported reason for seeking a stay is that its Rule 23(f) petition from this Court's meticulous, detailed, cautious, and well-reasoned class certification decision raises the same "core legal questions" argued by Google in its *Google Play Store Antitrust Litigation*. Nothing could be farther from the truth. Leaving apart the Court's careful consideration of all the issues Apple chose to litigate – no matter how poorly founded – this case and the *Google* case are nothing alike. Indeed, the Court is well aware that in Google's criticism of the plaintiffs' expert in *that* case – in which the class was certified – Google itself went to great lengths to distinguish Prof. McFadden's thorough analysis here from the *entirely different* work done by the plaintiffs' expert there. In truth, Apple simply wants to delay the trial of this action, which already has withstood too many delays because of Apple's scorched-earth and wrong-footed litigation tactics. It is time for Apple to face trial for its misdeeds.

Plaintiffs need the consumer records to: (1) match Apple IDs to people in order to ascertain the number of uninjured Class members and limit them, as required by the Court; (2) demonstrate to the Court that Prof. McFadden's model can and will successfully ascertain the number and identity of all uninjured Class members before trial so that they may be appropriately limited if necessary; and (3) give notice to the Class as required by Federal Rule of Civil Procedure 23(c)(2). Without the consumer data, Plaintiffs will not be able to meet the jointly proposed schedule set forth below and the trial of this action will be needlessly delayed.

As the Court is well aware, Plaintiffs require the customer data to match the actual, individual purchasers to the consumer accounts on the App Store and to perform the damages calculations that must be completed before the trial of this matter. *See* Renewed Class Cert. Hearing Tr. 94:21-25, 95:1-5, and 102:6-9 (June 23, 2023). Plaintiffs have proposed that the data be produced to their designated claim administration service provider. Plaintiffs propose to have the claims administration service provider work with their damages expert, Prof. McFadden, to analyze that data and ultimately to connect it with the more than 100 billion App Store transactional records produced by Apple in this matter so that the required computations can be performed. The data will also be used by the service

provider to provide notice of the pendency of the class action to the Class members. Plaintiffs do not expect to need or have access to any of the customer data.

Plaintiffs have proposed that Apple communicate directly with the service provider regarding its data safety and security protocols. Apple only recently indicated its willingness to accept Plaintiffs' proposal. To balance Apple's stated concern for the safety and security of the personal information of its customers with Plaintiffs' legitimate need for the data to prepare to proceed to trial (as well as to send notice of pendency to the Class members), it is incumbent upon Apple to take reasonable steps to work with Plaintiffs' claims administration service provider to ensure the safety and security of the information.

Issuance of a stay will substantially prejudice Plaintiffs. Plaintiffs will not be able to give notice to the Class, match Apple IDs to people, identify and limit the number of uninjured Class members, or complete their merits expert reports. Furthermore, this case has been pending since 2011, and delay only causes more harm to Plaintiffs' ability to try this case. Apple's forthcoming Rule 23(f) petition does not justify this kind of prejudice to Plaintiffs. As the Supreme Court has emphasized, "Rule 23(f) avoids delay . . . by specifying that '[a]n appeal ***does not stay*** proceedings in the district court unless the district judge or the court of appeals so orders.'" *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1713 n.9 (2017) (quoting Fed. R. Civ. P. 23(f)) (emphasis added).[2]

Moreover, Apple has not demonstrated that its anticipated 23(f) petition will present "serious legal questions." Apple references the Ninth Circuit's granting of a 23(f) petition in the *In re Google* case but, as demonstrated above, the issues here are not the same or even similar. It then references "serious questions" about whether Plaintiffs' model can ascertain the number of uninjured class members and limit them but does identify the "serious legal questions." This is not sufficient for Apple to meet its burden.

---

[2] *See also In re Sumitomo Copper Litig.*, 262 F.3d 134, 140 (2d Cir. 2001) ("Finally, we note that parties should not view Rule 23(f) as a vehicle to delay proceedings in the district court."); *Blair v. Equifax Check Serv., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999) (". . . Rule 23(f) is drafted to avoid delay . . . . Because stays will be infrequent, interlocutory appeals under Rule 23(f) should not unduly retard the pace of litigation.").

Nor has Apple demonstrated that it will be irreparably injured in the absence of a stay. The Ninth Circuit has held irreparable harm is a "bedrock requirement" of a motion to stay, and movants must make a "threshold showing regarding irreparable harm" or "a stay *may not issue*, regardless of the petitioner's proof regarding the other stay factors." *Leiva-Perez*, 640 F.3d at 965 (emphasis added). Apple's vague references to the sensitivity of the consumer data and risk are not sufficiently concrete to demonstrate injury.

Finally, it is in the public interest to move this case toward trial as expeditiously as possible, while still allowing for the time Plaintiffs' experts need to process the massive transactional and consumer data and run their impact and damages model. Therefore, the Court should deny Apple's request for even a partial stay.

## JOINTLY PROPOSED PRETRIAL SCHEDULE

With the exception of Apple's proposal for a stay of discovery of highly sensitive consumer records, the Parties have agreed to entry of the following case schedule:

| Event | The Parties' Proposed Schedule |
|---|---|
| Deadline to Complete Fact Discovery | 100 days after class certification decision (5/13/2024) |
| Last Discovery Motions Filed | 30 days before closure of fact discovery (4/12/2024) |
| Parties' Opening Expert Reports and Plaintiffs' Expert's Pricing Model Run on All App Store Transactional Data | 150 days after close of fact discovery (10/10/2024) |
| Rebuttal Expert Reports | 120 days after submission of initial expert reports (2/7/2025) |
| Expert Discovery Cutoff | 45 days after submission of rebuttal expert reports (3/24/2025) |
| Dispositive[3]/*Daubert* Motions/Motion to Decertify | 45 days after close of expert discovery (5/8/2025) |
| Dispositive/*Daubert* Oppositions/Opposition to Motion to Decertify | 45 days after opening brief is filed (6/23/2025) |
| Dispositive/*Daubert* Replies/Reply in support of Motion to Decertify | 30 days after opposition brief is filed (7/23/2025) |

---

[3] *See* Standing Order regarding Pre-filing Conference Requirements for motions for summary judgment.

| Event | The Parties' Proposed Schedule |
|---|---|
| Hearing on Dispositive/*Daubert* Motions/Motion to Decertify | First Tuesday 30 days after replies on Dispositive/*Daubert* Motions/Motion to Decertify (8/26/2025) |
| Motions *in Limine* exchanged | 60 days after decision on Dispositive/*Daubert*/Decertification Motions |

If the Court issues a decision on dispositive/*Daubert*/decertification motions 60 days after the hearing proposed for the same (i.e., on October 27, 2025), under the Parties' proposed schedule, motions *in limine* would be due December 26, 2025. The immediately following six-month period would run from then until June 26, 2026. The Parties currently do not have conflicts that would affect their ability to appear for trial during that period.

DATED: February 16, 2024

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: */s/ Rachele R. Byrd*
RACHELE R. BYRD

BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4677

*Interim Class Counsel*

DAVID C. FREDERICK (*pro hac vice*)
AARON M. PANNER (*pro hac vice*)
KYLE M. WOOD (*pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
dfrederick@kellogghansen.com

apanner@kellogghansen.com
kwood@kellogghansen.com

*Counsel for Plaintiffs*

DATED: February 16, 2024          **GIBSON, DUNN & CRUTCHER LLP**

By:   */s/ Cynthia E. Richman*
       CYNTHIA E. RICHMAN

Cynthia E. Richman (*pro hac vice*)
crichman@gibsondunn.com
Harry R. S. Phillips (*pro hac vice*)
hphillips2@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8234
Facsimile: 202.530.9691

Theodore J. Boutrous Jr. (132099)
tboutrous@gibsondunn.com
Daniel G. Swanson (116556)
dswanson@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Caeli A. Higney (268644)
chigney@gibsondunn.com
Julian W. Kleinbrodt (268644)
jkleinbrodt@gibsondunn.com
Eli M. Lazarus (284082)
elazarus@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Apple Inc.*

ECF SIGNATURE ATTESTATION

In accordance with Civil Local Rule 5-1(h)(3), the filer of this document hereby attests that the concurrence of the filing of this document has been obtained from the other signatory hereto.

DATED: February 16, 2024          */s/ Rachele R. Byrd*
                                      RACHELE R. BYRD

JOINT STATEMENT RE: CASE SCHEDULE
Case No. 11-cv-06714-YGR

-8-