UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA                    *ORIGINAL*

Before The Honorable YVONNE GONZALEZ ROGERS, Judge

| | |
|---|---|
| In re Apple iPhone Antitrust ) | Pages 1 - 10 |
| Litigation                  ) | |
|                             ) | NO. C 11-06714 YGR |
|                             ) | |
|                             ) | |
|                             ) | Oakland, California |
| _____ ) | Monday, February 26, 2024 |

**Further Case Management Conference**

### TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS

**APPEARANCES (VIA ZOOM):**

For Plaintiffs:        Wolf, Haldenstein, Adler, Freeman &
                          Herz LLP
                       270 Madison Avenue
                       New York, New York  10016
                  BY:  MARK C. RIFKIN, ATTORNEY AT LAW


For Defendant:         Gibson, Dunn & Crutcher LLP
                       One Embarcadero Center, Suite 2600
                       San Francisco, California  94111-3715
                  BY:  CAELI A. HIGNEY, ATTORNEY AT LAW


              (Appearances continued next page)

Reported By:      Raynee H. Mercado, CSR No. 8258

    Proceedings reported by electronic/mechanical stenography;
transcript produced by computer-aided transcription.

|   |   |
|---|---|
| 1 | **A P P E A R A N C E S  (CONT'D.)** |
| 2 |   |
| 3 | For Defendant:        Gibson, Dunn & Crutcher LLP |
| 4 |                       1050 Connecticut Avenue, N.W.<br>                       Washington, DC  20036-5306<br>                  BY:  CYNTHIA RICHMAN, ATTORNEY AT LAW |

--o0o--

| | |
|---|---|
| 1 | Monday, February 26, 2024                                    2:15 p.m. |
| 2 | P R O C E E D I N G S |
| 3 | (Zoom Webinar) |
| 4 | --o0o-- |
| 5 | **THE CLERK:** Requesting the parties in the matter of |
| 6 | In Re: Apple Antitrust Litigation to turn their videos on. |
| 7 | Thank you, counsel. |
| 8 | **THE COURT:** Okay.  Good afternoon.  Let's call your |
| 9 | case. |
| 10 | **THE CLERK:** Good afternoon, everyone. |
| 11 | Ms. Higney, requesting to turn your video on, please. |
| 12 | **MS. HIGNEY:**  Good afternoon. |
| 13 | **THE COURT:**  Thank you. |
| 14 | **THE CLERK:** These proceedings are being court |
| 15 | reported by this court.  Any other recording of this |
| 16 | proceeding, either by video, audio, including screen shots or |
| 17 | other copying of this hearing, is strictly prohibited. |
| 18 | Your Honor, now calling the civil matter 11-CV-6714-YGR, |
| 19 | In Re: Apple Antitrust Litigation. |
| 20 | Parties, please state your appearances for the record |
| 21 | starting with the plaintiff. |
| 22 | **MR. RIFKIN:**  Good afternoon, Your Honor.  Mark Rifkin |
| 23 | of Wolff Haldenstein for the plaintiffs. |
| 24 | **MS. HIGNEY:**  Good afternoon, Your Honor, Caeli Higney |
| 25 | of Gibson Dunn for Apple, joined by Cynthia Richman. |

1          **THE COURT:**  Okay.  Good afternoon.
2      And which of the two of you are lead today?
3          **MS. HIGNEY:**  I will be leading today.
4          **THE COURT:**  All right.
5      So your schedule, some of this is already resolved.
6  Right?
7      So you've got the deadline to complete fact discovery,
8  May 13th; expert reports, October 10th; rebuttal reports,
9  February 7th; expert discovery cutoff, March 24th.
10     And these are all taken from your joint statement.
11         **MR. RIFKIN:**  That's correct, Your Honor.
12         **THE COURT:**  Then -- I don't know that you have
13 *Daubert*s left.  You've already brought a significant number of
14 *Daubert*s, so --
15         **MS. HIGNEY:**  Well, Your --
16         **THE COURT:**  You may have to ask for permission.  I
17 am -- repeatedly speak on the fact that many folks -- many
18 lawyers bring *Daubert* motions that aren't properly brought.
19 And I changed my rule in part of it -- because of it.
20     So if you want to bring them, you're probably going to
21 have to ask permission so I can see what it is you're trying
22 to -- trying to do.
23     The mere fact that you disagree with an expert is not a
24 basis for bringing a motion; although I will say, obviously,
25 in your case, I've granted some motions, so --

1         **MS. HIGNEY:**  Understood, Your Honor.
2         And I think from Apple's perspective, we would be bringing
3    a *Daubert* motion only if necessary if, you know, plaintiffs'
4    experts' full merits report -- which, you know he has yet to
5    run his pricing model across all of the transactional data.
6         If we thought once we see that report and see the full run
7    that there are issues that necessitate in our opinion his
8    exclusion under Rule 702.
9         **THE COURT:**  Yeah, well, the model's already been
10   authorized so I don't know how the results would come under a
11   702 issue, but I won't prejudge.
12        So you need to file dispositive motions.  And, again, with
13   respect to that, there -- there are requirements before you
14   can file, so May 8th, 2025.  You'll have to come and talk
15   before that time.  That includes *Daubert* motions and
16   theoretically a motion to decertify.
17        So that's May 8th.  Oppositions, June 23rd; replies
18   July 23rd.  All of those work.
19        We can tentatively put you on for hearing on August 26,
20   2025, and then I'll include in the order 60 days after
21   decision motions in limine exchanged.
22        I'm not -- well, go ahead and give you a trial date now.
23        February 2nd, 2026.
24        Your pretrial conference -- and there may be multiples.  I
25   suspect, given everything, there will be multiples.

1          The first pretrial conference we'll set for December 17th.
2          We'll set a second pretrial conference January 9th.
3          All of your trial filings will tee off December 17th.
4          Your pretrial statement, then, with the date of the
5     17th -- we'll say that's due December 5th.  So that's the date
6     that all of the filings are due.
7          If you want to take a look at those -- the requirements
8     and come up with a proposed form of order that has all of
9     those things specific, that probably makes sense for everybody
10    so that there's no misunderstanding.
11         And what I'd ask is that you meet and confer on those
12    topics, send me a proposed form of order with your dates, with
13    the trial date, the conference dates -- conferences are at
14    9:00 a.m. -- a pretrial conference statement date of
15    December 5th, and then anything else you want to add as you go
16    through the mechanics of what's required under my standing
17    order.
18         If you'll send that to me in an editable form, I'll add
19    some of my standard language and then issue it.
20         I understand Apple's going to bring a motion?
21              **MS. HIGNEY:**  Pardon, Your Honor?
22              **THE COURT:**  I said, you're going to bring some
23    motion?  For Rule 23(f)?
24              **MS. HIGNEY:**  Correct.  We have already filed a 23(f)
25    petition with the Ninth Circuit.

1  **THE COURT:** Okay.
2  Okay. Any questions?
3  **MR. RIFKIN:** None from the plaintiffs, Your Honor.
4  This is acceptable to us.
5  **MS. HIGNEY:** The one issue I would like to raise,
6  Your Honor, is in connection with filing that 23(f) petition,
7  we did ask that plaintiffs agree to a limited narrowly
8  tailored stay of discovery here; that is, Apple doesn't want
9  to move forward with producing the linking data at this time
10 because that's very sensitive data and putting that kind of
11 data at security risks where it might not be necessary, we
12 thought, didn't need to happen until the Ninth Circuit rules
13 on our 23(f) petition.
14 So we've agreed to the hundred day close of fact discovery
15 deadline. We've agreed to move forward with producing the
16 updated transactional data that plaintiff's expert needs to
17 run his pricing model, but what we're asking is that Apple not
18 be required to produce the linking information until if and
19 when the 23(f) petition is denied.
20 **THE COURT:** I'm not going to -- my inclination is to
21 say no. I don't have a motion in front of me, correct?
22 **MS. HIGNEY:** That's correct. We -- I mean, we raised
23 the issue in our --
24 **THE COURT:** Right, you raised the issue. And what
25 Mr. Rifkin said is -- I thought you were going to go, perhaps

1   talk directly to the other vendor to figure out the security
2   issues.  None of that's in front of me.  I don't know whether
3   it's been done.
4       I don't think that you're going to be willing to go to
5   trial on a statistical model.  If you want to go to trial on a
6   statistical model, we can do that.  And then if you lose, then
7   it can be generated.
8       I denied his attempt to do that as not being fully
9   complete.  If you want to stipulate to doing it that way,
10  well, we can do it that way.
11      Are you willing to stipulate?
12          **MS. HIGNEY:**  No, Your Honor, and --
13          **THE COURT:**  I didn't think so.
14          **MS. HIGNEY:**  And --
15          **THE COURT:**  So you do what you can to show me that
16  you've done everything you can --
17      At this point, you haven't.
18          **MS. HIGNEY:**  Understood.  And to be clear, we are
19  engaging in those discussions with plaintiffs' vendor.  We've
20  been working internally at Apple about gathering such
21  information, preparing to produce it.
22      What we're saying is that we shouldn't actually be
23  required to produce it just -- until, if and when, the Ninth
24  Circuit denies our petition, so it would be a limited stay.  I
25  mean, that could happen within the 100 days that are currently

1   provided under our case schedule.  And if the Ninth Circuit
2   denies our 23(f) within those 100 days, we're working with
3   plaintiffs' counsel and their --
4                    (Simultaneous colloquy.)
5           **THE COURT:**  I'm always here.  You can --
6                    (Simultaneous colloquy.)
7           **THE COURT:**  -- come back.
8       I'm here.  You can come back.
9           **MS. HIGNEY:**  Okay.
10          **THE COURT:**  I'm not giving you the green light as I
11  sit here.
12          **MS. HIGNEY:**  Understood, Your Honor.
13      Again, we'll -- we'll talk to plaintiff's counsel.  We'll
14  talk to their vendor.  And we're continuing to move the ball
15  forward on discovery.  Our concern is just putting that data
16  at risk unnecessarily if the 23(f) --
17          **THE COURT:**  It's not clear to me that it is at risk,
18  and it's not clear that it's unnecessary, and it is not clear
19  to me that there aren't other options.
20          **MS. HIGNEY:**  Understood.
21      And we're working with plaintiffs' counsel on exploring
22  what those other options are.
23          **THE COURT:**  Great.  Then there should be no need to
24  ask me to give you a green light for relief when you haven't
25  finished talking.

1   **MS. HIGNEY:** Understood.
2       To be clear, the -- the only light we were asking for was
3   this limited -- we don't have to go forward with actually
4   handing the linking data over to them until the 23(f) is
5   denied.
6           **THE COURT:** I'm not giving you permission --
7                   (Simultaneous colloquy.)
8           **THE COURT:** -- like that on an unsubstantiated
9   record.
10          **MS. HIGNEY:** Okay.
11          **THE COURT:** All right.
12      Anything else you all need today?
13          **MR. RIFKIN:** Nothing from the plaintiffs, Your Honor.
14      Thank you.
15          **MS. HIGNEY:** And nothing further from Apple.
16      Thank you, Your Honor.
17          **THE COURT:** All right.  We'd like -- I'd like that
18   proposed form of order no later than Friday.
19          **MR. RIFKIN:** Very well, Your Honor.  We'll get to
20   work on it right away.
21          **THE COURT:** Okay.  Thank you.
22      We're adjourned.
23              (Proceedings were concluded at 2:28 P.M.)
24                          --o0o--
25

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

_____

Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR

Tuesday, February 27, 2024