UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 11-cv-06714-YGR (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 814 |

Plaintiffs served a subpoena on non-party Rocket Money f/k/a Truebill. ECF No. 814, Ex. A. The parties have filed a joint discovery letter brief in which Plaintiffs move to compel compliance with the subpoena, *see* ECF No. 814 at 1 ("Plaintiffs request that the Court compel Rocket Money to produce documents responsive to Requests for Production ('RFPs') 1-4 in Plaintiff' subpoena to Rocket Money"), and in which Rocket Money moves to quash the subpoena, *see id*. at 3 ("Rocket Money requests that the Court quash Plaintiffs' subpoena directed to Rocket Money"). The Court held a hearing on May 1, 2024, and now issues this order.

**A.     Venue**

Motions to compel compliance with a subpoena or to quash a subpoena should ordinarily be filed in the district where compliance is required. *See* Fed. R. Civ. Proc. 45(d)(2)(B)(i) & (d)(3)(A). This requirement exists for the protection of the subpoenaed non-party, which may consent to transfer of such a motion to the issuing court. Fed. R. Civ. Proc. 45(f). Even without the non-party's consent, the district where compliance is required may transfer a subpoena-related motion to the issuing court if it finds exceptional circumstances. *Id*.

Here, the district where compliance was required looks to be the Central District of California. ECF No. 814, Ex. A. However, Plaintiffs filed their motion to compel, and Rocket

Money filed its motion to quash, in this district, which is the issuing court. The Court finds that Rocket Money has waived any objection to this Court's ruling on these motions. First, Rocket Money did not argue in the joint discovery letter brief that Plaintiffs' motion to compel was brought in the wrong district. Ordinarily, if a party does not argue that a motion is defective for a particular reason, it is deemed to have waived that argument. Second, Rocket Money itself filed a motion to quash in this district, thus demonstrating an affirmative desire for this Court to rule on this discovery dispute. Accordingly, for both of these reasons, the Court finds that Rocket Money has waived any objection to this Court's ruling on these motions.

**B.     Merits**

There is no real dispute that the information Plaintiffs seek is relevant for Plaintiffs' expert's impact and damages model. Nor is there a dispute about whether there is some other place Plaintiffs could get the requested information about Rocket Money; only Rocket Money has it.

The major dispute is about burden, but the Court thinks this dispute is a mirage. Rocket Money objected to the subpoena, stating that "[t]he information sought by the Subpoena is not data ordinarily kept by Rocket Money in the course of its business, nor is it information that is accessible by way of standard accounting practices." ECF No. 814, Ex. B. Rocket Money further argued that it "is unable to produce records or documents which reflect the information sought because any effort to respond to the Subpoena would require Rocket Money to undertake the costly and burdensome process of collecting and calculating financial data not kept in the ordinary course and would likely require engagement of specialized financial personnel, processes, and/or software." *Id*.

Those arguments represent a major misunderstanding of what a subpoenaed party's obligations are. Rocket Money is obligated to produce documents and information as they are kept in the ordinary course of business. Rocket Money has no obligation to create new documents, perform new calculations, or create anything that does not already exist. If Rocket Money's records as they are maintained in the ordinary course of business do not show the things Plaintiffs want to learn, that's Plaintiffs' problem. And, if it would take a lot of time and effort to

glean the information Plaintiffs want to learn from Rocket Money's documents, Plaintiffs have to put in that time and effort.

At the hearing Rocket Money made the point that even if it does not maintain financial records that show the information Plaintiffs want, in theory an analysis of the raw data concerning its millions of individual transactions could (with enough time and effort) be used to generate the information Plaintiffs seek.  Thus, an order compelling Rocket Money to produce "documents sufficient to show" the requested information could be construed as an order compelling the production of all that raw transactional data.  That's a fair point, and it would be unduly burdensome for Rocket Money to produce all that transactional raw data.  Further, Plaintiffs stated at the hearing that they don't want all that raw data anyway, and they expressed no objection to the Court limiting Rocket Money's production obligation to financial records.  Accordingly, the Court concludes that for each RFP, Rocket Money must produce whatever financial records it has concerning the listed subjects.  It has no obligation to collect or calculate new things, and it is not required to produce raw transactional data.

The Court overrules Rocket Money's confidentiality objections.  The protective order in this action is sufficient to protect Rocket Money.  Further, many non-parties in this action have negotiated supplemental protective orders, and the Court sees no reason why Rocket Money cannot do so as well.

The Court also overrules Rocket Money's objection to the time frame of the subpoena.

Accordingly, Plaintiffs' motion to compel and Rocket Money's motion to quash are **GRANTED IN PART** and **DENIED IN PART** as stated above.

**IT IS SO ORDERED.**

Dated: May 1, 2024

THOMAS S. HIXSON
United States Magistrate Judge