BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA  92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
rifkin@whafh.com
guiney@whafh.com
burt@whafh.com

*Class Counsel*

[Additional Counsel Appear on Signature Page]

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE APPLE iPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**STIPULATED [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM THIRD PARTY ROCKET MONEY F/K/A TRUEBILL**<br><br>Hon. Yvonne Gonzalez Rogers |

1  WHEREAS the parties to *In re Apple iPhone Antitrust Litigation* (the "Parties") agreed to a Stipulated Protective Order on January 6, 2020 (ECF No. 195);

WHEREAS the Court entered the Stipulated Protective Order on January 9, 2020 (ECF No. 199);

WHEREAS the Court subsequently entered a Stipulated Amended Protective Order on January 21, 2021 (ECF No. 381) (the "Protective Order");

WHEREAS Paragraph 10(a) of the Protective Order states that "[t]he terms of this Order are applicable to information produced by a Non-Party in this action" and that "[n]othing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections";

WHEREAS Parties to the litigation have served subpoenas on Rocket Money f/k/a Truebill ("Rocket Money")[1];

WHEREAS Rocket Money is willing to produce competitively sensitive information in response to subpoenas served on it in the litigation, subject to certain additional protections beyond those set forth in the Protective Order and that the Parties to the litigation agree to;

WHEREFORE, IT IS HEREBY ORDERED that documents produced by Rocket Money in connection with the litigation shall be further subject to the following provisions (the "Supplemental Protective Order"):

**A.    GENERAL PROVISIONS**

1. The definitions, terms and provisions contained in the Protective Order shall be incorporated herein by reference as though fully set forth herein; provided, however, that in the event of a conflict between any definition, term or provision of this Supplemental Protective Order

---

[1] The term "Rocket Money" shall include any entity that responds to subpoenas served on Rocket Money f/k/a Truebill in the litigation. References to "competitors" within this Supplemental Protective Order shall be interpreted to mean competitors of Rocket Money and Rocket Money's affiliates, parents and subsidiaries. The term "competitor" shall be construed in the broadest sense to include any organization or person that provides the types of services provided by Rocket Money.

and any definition, term or provision of the Protective Order, this Supplemental Protective Order will control with respect to such conflict.

2. The definitions, terms and provisions contained in this Supplemental Protective Order shall apply only to those Discovery Materials produced by Rocket Money, and nothing herein shall provide any rights or protections to the Parties to the litigation beyond those set forth in the Protective Order.

**B.     ADDITIONAL DEFINITIONS**

1. **Business Consultant**: a consultant advising on or involved in competitive decision-making.

2. **Party Expert**: with respect to "ROCKET MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a current employee or current Business Consultant of a Party, Rocket Money, or of any Rocket Money competitor, or otherwise currently involved in competitive decision-making for a Party, Rocket Money, or for any Rocket Money competitor; (3) has not, within the 12 months preceding the entry of this Protective Order, been an employee or Business Consultant of a Party, Rocket Money, or Rocket Money's competitor, or otherwise been involved in competitive decision-making for a Party, Rocket Money, or Rocket Money's competitor; and (4) at the time of retention, is not anticipated to become an employee or Business Consultant of a Party, Rocket Money, or of any Rocket Money competitor, or to be otherwise involved in competitive decision-making for a Party or for any Rocket Money competitor. If, while this action is pending, a Party learns that any of its retained experts or consultants as defined herein anticipates becoming, or has become, an employee or Business Consultant of Rocket Money or any Rocket Money competitor, or otherwise involved in competitive decision-making for Rocket Money or any Rocket Money competitor, the Party learning such information shall promptly disclose the information to Rocket Money in writing via certified mail to Rocket Money's registered

agent for service of process, with copies via first class mail and email to its counsel of record identified herein.

3. **"ROCKET MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items**: extremely sensitive "Confidential Information or Items" produced by Rocket Money and that contains algorithms and source code; non-public, commercially sensitive customer lists or communications; non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, margins, or other financial metrics; information relating to research, development, testing of, or plans for existing or proposed future products; non-public information concerning Rocket Money's data protection practices and security protocols; evaluation of the strengths and vulnerabilities of Rocket Money's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions) taken with respect to Rocket Money or competitors to Rocket Money; information relating to pending or abandoned patent applications that have not been made available to the public; confidential submissions to governmental entities describing Rocket Money's legal positions or theories; personnel files; sensitive personally identifiable information; and communications that disclose any such information, disclosure of which to a Party or another Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

C. **ADDITIONAL PROTECTIONS FOR ACCESS TO AND USE OF ROCKET MONEY PROTECTED MATERIALS**

1. **Manner of Designating "ROCKET MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items**. Designation in conformity with this Supplemental Protective Order requires:

   a. *for information in documentary form* (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that Rocket Money affix the legend "ROCKET MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to each page of any document for which Rocket Money seeks protection under this

Supplemental Protective Order. If only a portion or portions of the material on a page qualifies for protection, Rocket Money also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

If Rocket Money makes original documents or materials available for inspection, it need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ROCKET MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, Rocket Money must determine which documents, or portions thereof, qualify for protection under this Supplemental Protective Order. Then, before producing the specified documents, Rocket Money must affix the appropriate legend ("ROCKET MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY") to each page that contains such material. If only a portion or portions of the material on a page qualifies for protection, Rocket Money also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b. for testimony given in deposition or in other pretrial proceedings not involving the Court, that Rocket Money identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, Rocket Money may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Supplemental Protective Order. Alternatively, Rocket Money may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "ROCKET MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." With respect to trial or other proceedings involving the Court, Rocket Money can petition the Court for appropriate protective measures which shall be requested in advance of

1  evidence being taken. During the applicable 21-day period for identifying protected testimony (or
2  portions of thereof), the subject testimony shall be deemed "ROCKET-MONEY HIGHLY
3  CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

4  Rocket Money and the Parties shall take reasonable efforts to give the other parties
5  notice if they reasonably expect a deposition, hearing, or other proceeding to include "ROCKET
6  MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or
7  Items so that the other parties can ensure that only authorized individuals who have signed the
8  "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order) are present at
9  those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect
10 its designation as "ROCKET MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES
11 ONLY."

12 Transcripts containing "ROCKET MONEY HIGHLY CONFIDENTIAL –
13 OUTSIDE COUNSEL EYES ONLY" Information or Items shall have an obvious legend on the
14 title page that the transcript contains such material, and the title page shall be followed by a list of
15 all pages (including line numbers as appropriate) that have been designated as "ROCKET MONEY
16 HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY". Rocket Money shall inform
17 the court reporter of these requirements. Any transcript that is prepared before the expiration of a
18 21-day period for designation shall be treated during that period as if it had been designated
19 "ROCKET MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" in its
20 entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated
21 only as actually designated.

22 c.   for information produced in some form other than documentary and for any
23 other tangible items, that Rocket Money affix in a prominent place on the exterior of the container
24 or containers in which the information or item is stored the legend "ROCKET MONEY HIGHLY
25 CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY." If only a portion or portions of the

information or item warrant protection, Rocket Money, to the extent practicable, shall identify the protected portion(s).

2. **Disclosure of "ROCKET MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by Rocket Money, a Party may disclose any information or item designated "ROCKET MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

a. the Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the litigation and who have signed the "Acknowledgement and Agreement to be Bound" that is attached to the Protective Order as Exhibit A;

b. Designated House Counsel of the Party, but only in the event that (i) information designated "ROCKET MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is incorporated into and necessary to a Party's work product that is to be filed or served in the litigation; (ii) the Party discloses to Rocket Money the relevant excerpts from the work product that include the information designated "ROCKET MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" prior to disclosure to Designated House Counsel of the Party; (iii) the Party identifies by name and job title the Designated House Counsel, which shall be limited to two Apple litigation attorneys with primary responsibility for overseeing the litigation, with whom such work product will be shared for the purpose of reviewing and approving the work

product in advance of filing or service; and (iv) Rocket Money provides consent to the disclosure, which shall not unreasonably be withheld;

    c. Party Experts (as defined in this Supplemental Protective Order) (1) to whom disclosure is reasonably necessary for the litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Protective Order);

    d. the Court and its personnel;

    e. court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A to the Protective Order); and

    f. the author or recipient of a document containing the information.

  3. In light of the judgment in *Epic Games, Inc. v. Apple Inc.*, Case No. 4:20- cv-05640, Dkt. No. 814, and the final judgment of dismissal with prejudice in *Cameron v. Apple Inc.*, Case No. 4:19-cv-03074- YGR, Dkt. Nos. 491 & 494, any discovery produced by Rocket Money and designated as "ROCKET MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" is only for use in this litigation, *In re Apple iPhone Antitrust Litigation* (Case No. 4:11-cv-06714-YGR), subject to the terms of this Supplemental Protective Order and of the Protective Order.

  4. All other provisions of the Protective Order, including Paragraphs 2, 3, 4, 5.3, 6, 7.1, 9, 10, 11, 12, 13, and 14 apply here to information designated "ROCKET MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the same extent as they apply to information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; except where the provisions of the Protective Order conflict with any provision of this Supplemental Protective Order in which case this Supplemental Protective Order will control with respect to such conflict; and except that the provision in Paragraph 3 of the Protective Order providing that any use of Protected Material at trial shall be governed by a separate agreement or order shall not apply to information designated "ROCKET MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY". Unless otherwise ordered by the Court or expressly permitted by Rocket Money, no Party seeking to introduce documents or information designated "ROCKET MONEY HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" into the record at trial may disclose the

materials to any persons other than those identified in Paragraph C.2. of this Supplemental Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: May 15, 2024          By:     /s/ *Michelle Lowery*
                                     **MCDERMOTT WILL & EMERY LLP**
                                     Michelle Lowery (SBN 302882)
                                     2049 Century Park East, Suite 3200
                                     Los Angeles, CA 90067
                                     Telephone (310) 277-4110
                                     mslowery@mwe.com

                                     **MCDERMOTT WILL & EMERY LLP**
                                     John J. Calandra (*pro hac vice*)
                                     Nicole Castle (*pro hac vice*)
                                     One Vanderbilt Ave
                                     New York, NY 10017
                                     Telephone: (212) 547-5400
                                     jcalandra@mwe.com
                                     ncastle@mwe.com

                                     **MCDERMOTT WILL & EMERY LLP**
                                     Elizabeth Rodd (*pro hac vice*)
                                     200 Clarendon Street
                                     Boston, MA 02116
                                     Telephone: (617) 535-4000
                                     erodd@mwe.com

                                     *Attorneys for Defendant Apple Inc.*

| | | | |
|---|---|---|---|
| 1 | Dated:  May 15, 2024 | By: | /s/ *Rachele R. Byrd* |

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
RACHELE R. BYRD (190634)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:   619/234-4599

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
270 Madison Avenue
New York, New York 10016
Telephone:  212/545-4600
Facsimile:   212/545-4677

*Consumer Plaintiffs' Class Counsel*

Dated:  May 15, 2024

/s/ *Corinne S. Rockoff*
**MADDIN HAUSER ROTH & HELLER PC**
Corinne S. Rockoff (*pro hac vice)*
Brian A. Nettleingham (*pro hac vice*)
28400 Northwestern Hwy., 2nd Floor
Sothfield, MI 48034
Telephone:  (248) 827-1881
Facsimile:  (248) 827-1882
crockoff@maddinhauser.com
bnettleingham@maddinhauser.com

**GOODWIN PROCTER LLP**
Hayes Hyde
3 Embarcadero Ctr.
San Francisco, CA 94111
Telephone:  (415) 733-6044
hhyde@goodwinlaw.com

*Attorneys for Rocket Money f/k/a Truebill*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____     _____
HON. THOMAS S. HIXSON
United States Magistrate Judge

**DECLARATION REGARDING CONCURRENCE**

I, Rachele R. Byrd, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: May 15, 2024                                /s/ Rachele R. Byrd
                                                                  Rachele R. Byrd