| | |
|---|---|
| THEODORE J. BOUTROUS JR. (SBN 132099)<br>  tboutrous@gibsondunn.com<br>DANIEL G. SWANSON (SBN 116556)<br>  dswanson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520 | CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)<br>  crichman@gibsondunn.com<br>HARRY R. S. PHILLIPS (D.C. Bar No. 1617356; *pro hac vice*)<br>  hphillips@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539 |

CAELI A. HIGNEY (SBN 268644)
  chigney@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
  jkleinbrodt@gibsondunn.com
DANA L. CRAIG (SBN 251865)
  dcraig@gibsondunn.com
ELI M. LAZARUS (SBN 284082)
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

**Attorneys for Defendant APPLE INC.**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Apple iPhone Antitrust Litigation | Case No. 4:11-cv-06714-YGR<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO TEMPORARILY SEAL JUNE 17, 2024 HEARING**<br><br>The Honorable Thomas S. Hixson |

Pursuant to Civil Local Rules 7-11 and 77-3, Defendant Apple Inc. ("Apple") respectfully submits this unopposed Administrative Motion to Temporarily Seal the June 17, 2024 Hearing to be held at 10 a.m. PT before Hon. Thomas S. Hixon (the "Hearing"). In support, Apple states as follows:

## REQUEST FOR DISCOVERY HEARING TO BE CLOSED TO PUBLIC

1.  Apple respectfully requests that the Hearing be closed to the general public and that the hearing transcript remain temporarily under seal following oral argument. Apple requests up to 21 days after receipt of the final Hearing transcript to file a motion to seal only those portions of the transcript that contain sealable information. Plaintiffs have stipulated to the relief sought by Apple's motion.

2.  The discovery dispute that will be discussed in the Hearing concerns Apple's production of data relating to Plaintiffs' attempt to identify members of the class, including uninjured members. *See* Dkt. 815. Apple asks the Court to close the Hearing because the parties' discussion may implicate Apple's highly confidential material that would fall under the Court's protective orders. Specifically, the Hearing is likely to reveal information relating to the consumer data and billing information that Apple retains, possibly including how that data is stored and organized. This information is treated as highly confidential, even within Apple. Most employees do not have access to this information as a result of Apple's efforts to safeguard consumer privacy and confidentiality and the integrity of Apple data and systems. Public disclosure of Apple's confidential information would potentially assist and encourage bad actors in their efforts to access and exfiltrate Apple's confidential information and personal identifiable information concerning consumers. Closure of the hearing will enable the parties to have a meaningful discussion of the key issues in the dispute, without risking a violation of the Court's protective orders.

3.  In determining whether to seal information, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive matters. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Here, the less-restrictive good cause test applies because the dispute to be

discussed at the Hearing is non-dispositive. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original). And a request for protection of information that "might become a vehicle for improper purposes" satisfies even the higher "compelling reasons" standard. *Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 WL 11357787, at *4 (N.D. Cal. July 2, 2008).

4. Other courts in this district have followed the procedure proposed here—closing a hearing and temporarily sealing the transcript pending a further motion—in order to allow "the parties to have a meaningful discussion," and have found that this approach "appropriately balances the public's interest." *AliveCor, Inc. v. Apple Inc*., Case No. 21-cv-03958-JSW (Dec. 5, 2023, Dkt. 266).

5. Local Rule 77-3 directs that "[a]bsent a showing of good cause, any objection or request [concerning remote public access to a hearing] must be submitted at least 14 days before the proceeding." Given the brief period of 10 days between the Court's order and the scheduled Hearing, Apple submits that good cause exists for the filing of this motion less than 14 days before the June 17, 2024 Hearing.

*       *       *

Pursuant to Local Rules 7-11 and 77-3, Apple is also filing a stipulation and proposed order concurrently herewith.

DATED June 12, 2024            GIBSON, DUNN & CRUTCHER LLP

By: */s/ Caeli A. Higney*

Theodore J. Boutrous Jr.
Daniel G. Swanson
Cynthia E. Richman
Caeli A Higney
Julian W. Kleinbrodt
Dana L. Craig
Eli M. Lazarus
Harry R. S. Philips

*Attorneys for Defendant Apple Inc.*