| | |
|---|---|
| THEODORE J. BOUTROUS JR. (SBN 132099)<br>　tboutrous@gibsondunn.com<br>DANIEL G. SWANSON (SBN 116556)<br>　dswanson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520 | CYNTHIA E. RICHMAN (D.C. Bar No. 492089; pro hac vice)<br>　crichman@gibsondunn.com<br>HARRY R. S. PHILLIPS (D.C. Bar No. 1617356; pro hac vice)<br>　hphillips@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539 |

CAELI A. HIGNEY (SBN 268644)
　chigney@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
　jkleinbrodt@gibsondunn.com
DANA L. CRAIG (SBN 251865)
　dcraig@gibsondunn.com
ELI M. LAZARUS (SBN 284082)
　elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

**Attorneys for Defendant APPLE INC.**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Apple iPhone Antitrust Litigation | Case No. 4:11-cv-06714-YGR<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE JULY 19, 2024 HEARING TRANSCRIPT**<br><br>The Honorable Thomas S. Hixson |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Apple Inc. ("Apple") respectfully submits this motion ("Motion") to seal portions of the July 19, 2024 Hearing Transcript, attached hereto as Exhibit 1 under seal with portions proposed to be sealed highlighted and as Exhibit 2 with redactions, along with the concurrently filed Declaration of Caeli A. Higney.

The portions of the July 19, 2024 Hearing Transcript listed below include confidential information about Apple's proprietary systems and how Apple stores and manages payor data, disclosure of which could potentially provide malicious actors with insights into Apple's data architecture and assist them seeking unauthorized access to and exfiltration of Apple's confidential data. Such a breach would have devastating and irreparable consequences, not only compromising Apple's systems but also putting the privacy and security of Apple's customers at serious risk. To prevent these harms, Apple respectfully requests that the Court issue an order sealing the information identified in the table below.

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Transcript of Proceedings held on 07/19/24 | Portions Highlighted in Yellow at 3:10-18, 22-24; 4:7-8, 12, 15-19, 22-25; 5:1-2, 9-12, 15, 21-22; 6:11-13, 17-18, 23-25; 7:1-5, 14-15; 12:19-20, 23, 25; 15:13-15. | Apple |

## II. LEGAL STANDARD

In determining whether to seal information, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive matters. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016).

Here, the less-restrictive good cause test applies because the dispute discussed at the July 19,

2024 Hearing is non-dispositive. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original). And a request for protection of information that "might become a vehicle for improper purposes" satisfies even the higher "compelling reasons" standard. *Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 WL 11357787, at *4 (N.D. Cal. July 2, 2008).

### III.  GOOD CAUSE WARRANTS SEALING OF PORTIONS OF THE JULY 19, 2024 HEARING TRANSCRIPT.

Apple asks this Court to seal portions of the July 19, 2024 Hearing Transcript which contain confidential information regarding (1) details of the data to be used in Plaintiffs' effort to identify class members, and (2) contents of Apple's confidential data. Pursuant to the good cause standard, Apple's sealing request is warranted.

As an initial matter, the proposed redactions are narrowly tailored to redact only the specific portions of the July 19, 2024 Hearing Transcript that reflect Apple's internal confidential information, and thus do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-CV-02099 JST (NC), 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

The portions of the Hearing Transcript for which Apple requests sealing concern App Store payor data, including how that data is stored, organized, and produced. This information is treated as highly confidential, even within Apple. Most employees do not have access to this information as a result of Apple's efforts to safeguard consumer privacy and the integrity of Apple data and systems. Public disclosure of Apple's confidential information would inevitably reveal certain characteristics of user-generated payor data that Plaintiffs will use to identify potential class members, as well as how Apple stores and manages this data. Such disclosure could potentially aid a bad actor seeking unauthorized access to and exfiltration of Apple's confidential data. The closed hearing on July 19, 2024 allowed the parties to have a meaningful discussion of the key issues in the dispute, without risking a violation of the Court's protective orders, and Apple now requests that specific, confidential portions of the Hearing Transcript remain sealed.

* * *

Pursuant to Local Rules 7-11 and 79-5, Apple is also filing a proposed order concurrently herewith.

DATED August 29, 2024

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Caeli A. Higney

Theodore J. Boutrous Jr.
Daniel G. Swanson
Cynthia E. Richman
Caeli A. Higney
Julian W. Kleinbrodt
Dana L. Craig
Eli M. Lazarus
Harry R. S. Phillips

*Attorneys for Defendant Apple Inc.*