| | |
|---|---|
| BETSY C. MANIFOLD (182450) | THEODORE J. BOUTROUS JR. (SBN 132099) |
| RACHELE R. BYRD (190634) | tboutrous@gibsondunn.com |
| **WOLF HALDENSTEIN ADLER** | DANIEL G. SWANSON (SBN 116556) |
| **FREEMAN & HERZ LLP** | dswanson@gibsondunn.com |
| 750 B Street, Suite 1820 | GIBSON, DUNN & CRUTCHER LLP |
| San Diego, CA 92101 | 333 South Grand Avenue |
| Telephone: (619) 239-4599 | Los Angeles, CA 90071 |
| Facsimile: (619) 234-4599 | Telephone: 213.229.7000 |
| manifold@whafh.com | Facsimile: 213.229.7520 |
| byrd@whafh.com | |
| | CYNTHIA E. RICHMAN (D.C. Bar No. 492089; pro hac vice) |
| MARK C. RIFKIN (*pro hac vice*) | crichman@gibsondunn.com |
| MATTHEW M. GUINEY (*pro hac vice*) | HARRY R. S. PHILLIPS (D.C. Bar No. 1617356; pro hac vice) |
| THOMAS H. BURT (*pro hac vice*) | hphillips@gibsondunn.com |
| **WOLF HALDENSTEIN ADLER** | GIBSON, DUNN & CRUTCHER LLP |
| **FREEMAN & HERZ LLP** | 1050 Connecticut Avenue, N.W. |
| 270 Madison Ave | Washington, DC 20036 |
| New York, NY 10016 | Telephone: 202.955.8500 |
| Telephone: (212) 545-4600 | Facsimile: 202.467.0539 |
| Facsimile: (212) 686-0114 | |
| rifkin@whafh.com | CAELI A. HIGNEY (SBN 268644) |
| guiney@whafh.com | chigney@gibsondunn.com |
| burt@whafh.com | JULIAN W. KLEINBRODT (SBN 302085) |
| | jkleinbrodt@gibsondunn.com |
| **Co-Class Counsel** | DANA L. CRAIG (SBN 251865) |
| | dcraig@gibsondunn.com |
| | ELI M. LAZARUS (SBN 284082) |
| | elazarus@gibsondunn.com |
| | GIBSON, DUNN & CRUTCHER LLP |
| | One Embarcadero Center, Suite 2600 |
| | San Francisco, CA 94111-3715 |
| | Telephone: 415.393.8200 |
| | Facsimile: 415.393.8306 |
| | **Attorneys for Defendant APPLE INC.** |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Apple iPhone Antitrust Litigation | Case No. 4:11-cv-06714-YGR |
| | **JOINT MOTION TO SEAL PORTIONS OF THE AUGUST 9, 2024 HEARING TRANSCRIPT** |
| | The Honorable Thomas S. Hixson |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs and Defendant Apple Inc. ("Apple", together with Plaintiffs, "Parties") respectfully submit this motion ("Motion") to seal portions of the August 9, 2024 Hearing Transcript, attached hereto as Exhibit 1 under seal with portions proposed to be sealed highlighted and as Exhibit 2 with redactions, along with the concurrently filed Declarations of Caeli A. Higney and Rachele R. Byrd.

The portions of the August 9, 2024 Hearing Transcript listed below include Apple's highly sensitive proprietary information. Disclosure of the foregoing could aid malicious actors seeking unauthorized access and data exfiltration. Such a breach would cause irreparable harm, compromising the privacy and security of Apple's customers. One portion listed below also includes the confidential and proprietary information of Plaintiffs' claims administrator, JND Legal Administration ("JND"). It discusses the specific processes and steps JND would take to deduplicate Apple's Payor Data, public disclosure of which could cause JND competitive harm.

To prevent these harms, the Parties respectfully request that the Court issue an order sealing the information identified in the table below.

| Document | Portions to be Filed Under Seal | Party Claiming Confidentiality |
|---|---|---|
| Transcript of Proceedings held on August 9, 2024 | Portions Highlighted in Yellow at 8:4-10, 21-24; 9:2, 6-10, 24; 10:10; 11:12, 25; 13:1, 9-10; 14:5-18, 22-23; 15:4, 10, 12-18, 16:5-6, 9-10, 19-21, 23; 19:13-15, 21-22, 24. | Apple |
| Transcript of Proceedings held on August 9, 2024 | Portion Highlighted in Yellow at 12:15-18. | Plaintiffs |

## II. LEGAL STANDARD

In determining whether to seal information, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive matters. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016).

Here, the less-restrictive good cause test applies because the dispute discussed at the August 9, 2024 Hearing is non-dispositive. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original). And a request for protection of information that "might become a vehicle for improper purposes" satisfies even the higher "compelling reasons" standard. *Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 WL 11357787, at *4 (N.D. Cal. July 2, 2008).

## III. GOOD CAUSE WARRANTS SEALING OF PORTIONS OF THE AUGUST 9, 2024 HEARING TRANSCRIPT.

Apple asks this Court to seal portions of the August 9, 2024 Hearing Transcript which contain confidential information regarding Apple's confidential data to be used in Plaintiffs' effort to identify potential class members. Plaintiffs request that the Court seal one portion that reveals the specific processes and steps that JND would take in performing that task. Pursuant to the good cause standard, the Parties' sealing requests are warranted.

As an initial matter, the proposed redactions are narrowly tailored to redact only the specific portions of the August 9, 2024 Hearing Transcript that reflect Apple's internal confidential information and JND's proprietary information, and thus do not "unduly limit[] public access." *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-CV-02099 JST (NC), 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014).

The identified portions of the August 9, 2024, Hearing Transcript contain Apple's highly

sensitive proprietary information and JND's proprietary information. Public disclosure would expose critical elements of Apple's confidential data and JND's trade secrets. As noted above, this information would aid malicious actors seeking unauthorized access and data exfiltration. Such a breach would cause irreparable harm by compromising the integrity of Apple's systems and endangering the privacy and security of millions of Apple customers. Public disclosure of JND's trade secret information could expose it to substantial and irreparable competitive harm. Indeed, the Court recognized as much in granting Plaintiffs' Administrative Motion to File Under Seal the Declaration of Darryl Thompson. *See* ECF No. 910. Given these risks, the Parties respectfully urge the Court to seal the specified portions of the transcript. The closed hearing on August 9, 2024 allowed the parties to have a meaningful discussion of the key issues in the dispute, without risking a violation of the Court's protective orders, and the Parties now request that specific, confidential portions of the Hearing Transcript remain sealed.

*   *   *

Pursuant to Local Rules 7-11 and 79-5, the Parties are filing a proposed order concurrently herewith.

DATED: September 3, 2024

| | |
|---|---|
| WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP | GIBSON, DUNN & CRUTCHER LLP |
| By: /s/ Rachele R. Byrd<br>Rachele R. Byrd | By: /s/ Caeli A. Higney<br>Caeli A. Higney |
| *Plaintiffs' Class Counsel* | *Counsel for Defendant Apple Inc.* |

**ECF SIGNATURE ATTESTATION**

In accordance with Local Rule 5-1, the filer of this document hereby attests that the concurrence of the filing of this document has been obtained from the other signatories hereto.

Dated: September 3, 2024

                                             GIBSON, DUNN & CRUTCHER LLP

                                             By:   /s/  Caeli A. Higney
                                                                Caeli A. Higney

*Counsel for Defendant Apple Inc.*