# EXHIBIT 2

## *PUBLIC – REDACTED VERSION*

Pages 1 - 20

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Thomas S. Hixson, Magistrate Judge

IN RE APPLE iPHONE ANTITRUST    )
LITIGATION,                      )    **NO. C 11-06714 YGR (TSH)**
_____)

San Francisco, California
Friday, August 9, 2024

**SEALED TRANSCRIPT OF VIDEOCONFERENCE PROCEEDINGS OF THE
OFFICIAL ELECTRONIC SOUND RECORDING 11:14 - 11:41 a.m.**

**APPEARANCES**: (via videoconference)

For Plaintiffs:
        WOLF, HALDENSTEIN, ADLER, FREEMAN
        & HERZ LLP
        270 Madison Avenue
        New York, New York  10016
  BY:  **THOMAS H. BURT, ATTORNEY AT LAW**

        KELLOGG, HANSEN, TODD, FIGEL & FREDERICK
        Sumner Square
        1615 M Street NW
        Washington, D.C.  20036
  BY:  **KYLE M. WOOD, ATTORNEY AT LAW**

For Defendant:
        GIBSON, DUNN & CRUTCHER LLP
        One Embarcadero Center - Suite 2600
        San Francisco, California  94111
  BY:  **CAELI A. HIGNEY, ATTORNEY AT LAW**

Transcribed By:    Marla F. Knox, RPR, CRR, RMR
              United States Official Court Reporter

| | |
|---|---|
| 1 | **Friday - August 9, 2024**                              **11:14 a.m.** |
| 2 | **S E A L E D   P R O C E E D I N G S** |
| 3 | ---oOo--- |
| 4 | **THE CLERK:**  All right.  Everyone, we are back on the |
| 5 | record in civil action 11-6714, In Re: Apple iPhone Antitrust |
| 6 | Litigation.  The Honorable Thomas S. Hixson presiding. |
| 7 | Counsel, let's start the way we did the last time with the |
| 8 | Plaintiffs' arguing Counsel identifying themselves and then |
| 9 | going down the list. |
| 10 | **MR. BURT:**  Good morning again, Your Honor, Thomas |
| 11 | Burt, Wolf Haldenstein, for the Plaintiffs. |
| 12 | **THE COURT:**  Good morning. |
| 13 | **MR. WOOD:**  Kyle Wood, Kellogg Hansen Todd Figel & |
| 14 | Frederick, also for Plaintiffs. |
| 15 | **THE COURT:**  Good morning. |
| 16 | **MR. WOOD:**  Good morning. |
| 17 | **MS. HIGNEY:**  Good morning, Your Honor, Caeli Higney of |
| 18 | Gibson Dunn & Crutcher representing Apple. |
| 19 | **THE COURT:**  Good morning.  I have ordered this hearing |
| 20 | temporarily sealed because the parties have indicated that |
| 21 | highly confidential information may be discussed and they might |
| 22 | want to propose redactions to the transcript afterwards. |
| 23 | Let me just make sure that we have the correct people at |
| 24 | the hearing. |
| 25 | Plaintiffs, looking at all the names that you see on the |

 1  screen, does it seem to you that we have the appropriate people

 2  and only the appropriate people at this hearing?

 3                    (Pause in proceedings.)

 4        **MR. BURT:**  Yes, Your Honor, it does.

 5        **THE COURT:**  And let me ask the same question of Apple.

 6        **MS. HIGNEY:**  Yes, Your Honor.

 7        **THE COURT:**  Okay.  Ms. Higney, is there something you

 8  wanted to say?

 9        **MS. HIGNEY:**  Yes.  On the last hearing we had argument

10  over docket number 898, that's Plaintiffs' motion to add

11  additional custodians, and Your Honor asked whether those six

12  custodians that Plaintiffs are requesting all appear on Apple's

13  initial disclosures.

14      And both parties answered in the affirmative.  That is

15  actually not correct with respect to Mr. Cook.  Mr. Cook is not

16  on Apple's Rule 26 disclosures.

17        **THE COURT:**  Oh, okay.  Thank you.  Would Plaintiffs

18  like to respond?

19        **MR. WOOD:**  Your Honor, I -- I trust Apple's assertion

20  there.  I -- you know, I cannot guarantee that -- all I would

21  say is that Plaintiffs' position is still the same; that they

22  are entitled to the documents from his files to determine if

23  they, indeed -- they, themselves, want to call Mr. Cook at

24  trial and that's it.  Thank you, Your Honor.  I appreciate it.

25        **THE COURT:**  Thank you.  And thank you, Ms. Higney, for

1    the correction.

2        Rose, it looks like Ms. Lin is in the waiting room.

3        **MR. BURT:**  Your Honor, I recognize Ms. Lin as an

4    appropriate participant in this call.

5        **THE COURT:**  And does Apple as well?

6        **MS. HIGNEY:**  Yes, Your Honor.

7                    (Pause in proceedings.)

8        **THE COURT:**  Okay.  Thank you.

9        **THE CLERK:**  She is joining, Judge.

10       **THE COURT:**  Great.  The parties have filed under seal

11   the declaration of Darryl Thompson, which I have had the

12   opportunity to review.  So, let me turn to Plaintiffs for your

13   argument, please.

14       **MR. BURT:**  Thank you, Your Honor.  What Apple asked

15   for, which was a ministerial set of instructions or algorithm

16   or code that would allow Apple to do the process within its own

17   walls of matching up payors to accounts -- bearing in mind that

18   we have already accepted that Apple can do the matching of

19   transactions to people and that that need never leave its walls

20   beyond the very small sample that already has -- the

21   information about the people, not their transactions, the

22   process of matching that, that Apple had hoped would be simple,

23   ministerial, replicable, verifiable, it is not.

24       I think the factual record made by the declaration is that

25   it just isn't.  It is an iterative process that isn't only

1   iterative but requires judgment.

2      It requires specialized expertise and problem solving.

3   It's not the sort of thing that can just be embodied in a set

4   of instructions.

5      So that idea, it just doesn't exist.  And I think the

6   factual record is quite clear on that.

7      As to the idea that somehow JND could walk Apple through

8   it so that Apple could maintain the payor information within

9   its own walls instead of within the air gapped information to

10   JND and then be sort of slowly coached through the process one

11   iteration at a time, I think also the factual record is that

12   that is not practicable.

13      I'm going to point out three places in the declaration

14   that bear directly on this.  It is subparagraph 7D, 7K and 9B,

15   where JND says we don't know how to do that.

16      It is -- it is quite a different thing to teach somebody

17   what one does with expertise.  I don't think I could coach

18   somebody through being a litigator step-by-step as they

19   litigated a case.

20      I don't expect JND to try to coach people through the

21   de-duplication process that it does through the experience it

22   has developed over years and many very large engagements.

23      So, Apple has had since February to articulate how -- how

24   it is that the personally identifying information, not the

25   transactions, and we -- again, we understand that matching the

**SEALED PROCEEDINGS**

1  transactions -- what apps people buy, what content they buy in

2  them -- we understand that that's very sensitive; and we have

3  agreed that Apple can keep that forever within its own walls

4  except for -- except for the small sample that has already been

5  turned over so that it can never be matched to an individual

6  person.  And that when it's turned over for the --

7       THE COURT:  Let me pause you right here.  What

8  specifically are you asking me to order Apple to produce to

9  JND?  You have described it as "account information" or

10  "personal identifying information."  What's the right

11  terminology of what you are asking for?

12       MR. BURT:  Payor information.

13       THE COURT:  Payor information?

14       MR. BURT:  Payor information.  It is the fields of

15  payor information produced in the sample.

16            (Pause in proceedings.)

17       THE COURT:  And is it for all potential class members?

18       MR. BURT:  Yes, Your Honor.

19            (Pause in proceedings.)

20       THE COURT:  And would I also want to say not including

21  transactional information?

22       MR. BURT:  I believe that's correct, not -- we all

23  know what the transactional information means.  We all know

24  what the payor identifying information means.  I don't think

25  anyone is confused about definitions there, Your Honor.

 1            **THE COURT:**  Okay.  Well, good.  Thank you.  I just

 2    wanted to make sure I say the right thing in my order but

 3    continue.

 4            **MR. BURT:**  So, I don't think that we have ever heard

 5    articulated a particular risk that applies to the payor

 6    identification information, not to the transactional

 7    information.

 8        I think we have set up all the safeguards that could be

 9    reasonably required in these circumstances, and we are now

10    talking about a process that is Plaintiffs' obligation to

11    perform.

12        We have gone out of our way to find a vendor that can do

13    it, that has already passed muster with Apple.  And on top of

14    that, we have imposed some -- we have worked with Apple to

15    create some fairly stringent restrictions on how the

16    information is used to make sure that we -- we give that more

17    safeguarding than I think is even necessary here for that

18    information.

19        Apple has never come back and said:  Now, here is the

20    threat model we are concerned about.  Here is the thing,

21    leaving aside the transactions, but just that payor

22    identification information that is particularly sensitive.

23        Now, I expect that Apple is going to raise something with

24    Your Honor that came up, as Apple says, for the first time in

25    the declaration.

 1    And I want to emphasize that it came up in the first

 2  time -- for the first time in the declaration because of the

 3  process that we learned by getting the sample; that it will be

 4  necessary for -- ███████████████████████████████████

 5  ████████████████████████████████████████████████████

 6  ████████████████████████████████████████████████████

 7  ███████████████████████

 8        ████████████████████████████████████████████

 9  ████████████████████████████████████████████████████

10  ███████████████████    All right.

11    So that's the least sensitive, least protected information

12  that we now know we need because of the -- because of the

13  sample providing the information that Apple doesn't update

14  addresses in other fields; right.

15    So, we have a bunch of fields there where we know the

16  addresses are stale.  A certain percentage of Americans move

17  every year.

18    We didn't know for sure how that was handled until we saw

19  the sample, and now we know that this is necessary.

20    I'm told by JND that having assessed it, they need to do

21  that; and ██████████████████████████████████████████████

22  ████████████████████████████████████████████████████

23  ████████████████████████████████████████

24        ████████████████████████████████████████████

25  We had a discussion when the sample was produced about the size

 1    of the number of records in the fields, and there's roughly --

 2    ████████████████████████████████████████.

 3        So, once they do top level matches, it will compress a

 4    great deal.  We can't say for sure it will be, for example,

 5    10 percent but a great deal.

 6        And ████████████████████████████████████

 7    ████████████████████████████████████████████████████

 8    ██████████████████████████████████  ████████

 9    ████████████████████████████████████████████

10    ████████████████████████████████████

11        We have a methodology that works.  It is not a methodology

12    that can be duplicated, packed up and shipped back to Apple.

13    That's where we are, Your Honor.

14            THE COURT:  All right.  Let me hear from Apple.

15            MS. HIGNEY:  Thank you, Your Honor.  Apple's position

16    remains the same; that Plaintiffs have not demonstrated a

17    sufficient need for the full payor data set and that is because

18    we understand that JND is proposing an iterative process.

19        We don't dispute that there will need to be an iterative

20    process here, both in terms of cleaning the data set as it

21    exists and in terms of determining if there are, you know,

22    supposed matches between different payor account records.

23        But, we are talking about the full data set is a data set

24    that involves ████████ -- ██████████████████ of entries.

25    So, that cannot be done through a manual process.

1        By definition, Plaintiffs are going to have to look -- JND

2   is going to have to look at some subset of that data to figure

3   out, okay, what are the issues here; what are the issues with

4   the address fields that we see affecting a lot of these

5   records, and then write code, as Mr. Thompson acknowledges in

6   his declaration, to clean up those issues.

7        But they aren't religion to be going -- I mean, Mr. Burt

8   can correct me if I'm wrong, but I can't conceive of a world in

9   where they are literally going line-by-line in the full data

10  set -- again, that's going to have over a ███████

11  observations -- to clean up each line, to identify, oh, this

12  street is misspelled here; this phone number should be this

13  there.

14       They are going to have to develop code.  Again,

15  Mr. Thompson recognizes that they are going to develop code to

16  engage in that kind of cleanup process.  So what remains

17  unclear to Apple is why they can't develop that type of code

18  using a sample.

19       And we invited Plaintiffs in our meet-and-confer -- after

20  we received Mr. Thompson's declaration late last week, we

21  invited Plaintiffs to tell us is there a sample of -- JND to

22  tell us is there a sample -- if it is not the sample we

23  provided to date, is there another sample that would be

24  sufficient for your purposes?

25       Because one of the arguments that Plaintiffs had made was

1  that the current sample was not specified for this type of

2  process, and Plaintiffs came back and JND came back and said:

3  No, we have never done it with a sample before.

4      Apple, you know, as Your Honor suggested at the last

5  hearing, talked to its data scientists experts.  And, you know,

6  according to them -- again, with the caveat that it's Apple

7  position that this whole exercise cannot be done reliably.  You

8  know, we have taken that position from the beginning; but

9  obviously we are working with Plaintiffs to try to provide them

10  the data that they can use to implement some methodology.

11      So with that caveat, I will note that Apple's experts tell

12  me that with the current sample of ▮▮▮▮▮ accounts, there is

13  almost a 98 percent probability that a given errant value in

14  one of those fields -- for example, the C-A-L-I, Cali, instead

15  of C-A for California or whatnot -- a given errant value will

16  affect at least -- there is a 98 percent probability that a

17  given errant value that affects at least 1,000 accounts will

18  show up in the sample.

19      So, what I'm getting at here is:  If something is

20  pervasive throughout the data set, if it is affecting at least

21  1,000 accounts, there is a 98 percent probability with the

22  current sample that you will see that error.  So you will be

23  able to identify that error and clean it up with code in the

24  sample.

25      If you take that sample size up to ▮▮▮▮▮ accounts,

1    then you would have a 99.99 percent probability that a given --

2    given errant value that affects at least 500 accounts would be

3    captured in the sample.

4        So we think there is a way to clean the sample -- to clean

5    the data here using the sample to write this iterative code

6    using the sample.

7        The fact of the matter is like -- a sample, like I said, I

8    think has to be used because Plaintiffs are not suggesting that

9    they go line-by-line.

10       With respect to the matching, we would submit that the

11   same -- the same thing is true.  The reality is that JND must

12   develop some different algorithms and codes to do the payor

13   matching exercise.

14       In their declaration, Mr. Thompson acknowledges that,

15   quote-unquote -- quote (as read:) "██████████████████████████

16   ████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████

18   ██████████████████████"

19       So Plaintiffs realize that we cannot achieve -- no one can

20   expect to achieve perfection here.

21       So the question is:  How much data do you need to get you

22   to a place where you can develop a methodology that can be

23   implemented across the whole data set?

24       And we would submit that there is -- there is a sample --

25   again, if Plaintiffs want to come back and say it's more than a

1    ███████ you should produce ███████, Apple is very much

2    willing to have that conversation with Plaintiffs.  I invited

3    them to make that proposal, and the only response we received

4    was simply "JND has never done it with a sample."

5    To me, that doesn't mean it can't be done.  It just means

6    they haven't done it before.

7    With respect to the risks involved with producing this

8    data, it is a massive data set of personal identifying

9    information for, you know, like I said, over ███████

10    consumers which translates into ███████ records.

11    So it is a massive data set and it's information that

12    again, would facilitate payments.  That it's payor identifying

13    information.  It is information that would facilitate payments.

14    If there were to be a data breach of that data, it would

15    be necessary -- could be necessary to notify all of those

16    consumers pursuant to Apple -- applicable laws and regulations

17    about data breach.

18    We are talking about -- I mean, that would present a

19    massive harm to Apple and also, you know, to consumers,

20    allowing their leaked information potentially to be used by bad

21    actors.

22    So while Mr. Burt is correct, that Apple, you know,

23    expressed a lot of concern about the linking data -- that is,

24    the data that would allow you to see a given app store user's

25    transaction history -- and we appreciate the fact that

1    Plaintiffs have moved off seeking that linking data -- there

2    still is real threat, we believe, with exposing this volume of

3    data to a potential security breach.

4        As Mr. Burt previewed in his remarks, for the first time

5    in the declaration JND previewed that ███████████████████

6    ████████████████████████████████████████████

7        ███████████████████████████████████████████████

8    ████████████████  ██████████████████████████████

9    ████████████

10       They haven't been able to articulate to us ███████████████

11   ███████████████████████████████████████████████████████

12   ██████████████████████████████████████████████████████

13   █████████████████████████████████████████████████

14   ████████████████████████████████████████████████████

15   █████████████████████████████████████████████████████

16   ████████    So we have a concern about that as well.

17       **THE COURT:**  Well, I mean, ████████████████████████████

18   ████████████████████████████████████████    That doesn't

19   seem like a terribly complicated or novel idea.  What's your

20   response to that?

21       **MS. HIGNEY:**  Quite frankly, Your Honor, I'm not sure

22   why the date -- but like █████████████████████████████████

23   █████████████████████████████.

24       Again, the exercise is not identifying potential contact

25   information.  We are not talking about a class notice process

**SEALED PROCEEDINGS**

 1  here.

 2      We are talking about figuring out if two different payor

 3  records in the app store are the same people.

 4      So we don't need ███████████████ information.  We just

 5  need to see, oh, payor A was at this address, this phone

 6  number, this credit card.  Payor B different address, same

 7  phone number, same credit card.  We think those are the same

 8  payor.

 9      And it's that exercise of matching them up.  I don't know

10  why they need ████████████ information to perform that

11  exercise.

12      **THE COURT:**  Well, they say that ████████████████████

13  ████████████████████████████████████████████████████████████

14  ██████████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████████████

16  ██████████████████████████████

17      And ████████████████████████████████████████████████████

18  ████████████████████████that could help, you know, winnow down

19  any ones that are still in dispute.

20      Conceptually, I don't see why that doesn't make sense.

21  What do you think?

22      **MS. HIGNEY:**  Well, I think -- again, perhaps

23  conceptually in a case where we were talking about a few

24  hundred or a few thousand; but I just don't think that's going

25  to be the case here -- it again goes to this, they need to be

 1   writing some kind of code.  They can't be doing this in a

 2   manual way.

 3        And so, I think the leftovers that we are talking about

 4   could be huge.  The volume of those -- I mean, I think Mr. Burt

 5   previously acknowledged, it will be in the ███████████████

 6   ███████████    We are not talking about hundreds or thousands here.

 7        And again, it is just not clear to me why if they are not

 8   able to tell based on all of the data fields that Apple is

 9   already providing, ████████████████████████████████████████

10   ██████████████

11                  (Pause in proceedings.)

12        **THE COURT:**  Okay.  Well, thank you.  Would Plaintiffs

13   like to respond?

14        **MR. BURT:**  Only briefly, Your Honor, because I

15   recognize that you have -- you have shown a lot of patience in

16   hearing us out today.

17        First, if the John Smith on Rally Road is the John Smith

18   on Birchill Road and Transunion already knows that, it's not

19   really a question of whether ███████████████████████████████

20   ████████████████████████████████████████████████████████

21   ███████████████████████████████

22        If Apple doesn't link those two people by saying this

23   person moved but ███████████████████████████████  we should

24   use that.

25        Second, Apple has said that they maintain the position

**SEALED PROCEEDINGS**

1  that the process can't be done.  And that's really a sticking

2  point.  How can Apple ask us to work with them to complete a

3  process that they also say can't be completed.

4      And, third, on the core issue here, whether this can be

5  done in a way that is ministerial and verifiable within Apple's

6  walls, I think the factual record is the factual record.  Thank

7  you, Your Honor.

8          **THE COURT:**  Thank you, Counsel.

9      I'm granting Plaintiffs' motion to compel and I'm ordering

10  Apple to produce to JND the payor information for the potential

11  class members.

12      As discussed, it won't include the transactional

13  information.  It's just the payor information, the fields that

14  Apple provided in the sample, I'm ordering Apple to provide

15  that for all potential class members to JND.

16      We have now had a number of hearings on this issue, and I

17  have reviewed the declaration of Darryl Thompson, and

18  Plaintiffs have shown that this is the only way that JND will

19  be able to determine which payors are the same people.

20      They have made a persuasive showing on this point, and I

21  am persuaded.

22      Having JND be able to create code that it could turn over

23  to Apple to implement strikes me as not viable, and it does

24  matter to me that Apple's position is that the entire exercise

25  that JND is performing simply can't be done reliably.

**SEALED PROCEEDINGS**

1    That gives me great concern about having JND operate in

2    the dark and not have access to full data and try to guess at

3    what code it should write.

4    I just don't think that that's a viable process.  JND

5    needs to have information to the -- payor information for all

6    potential class members.

7    I take very seriously Apple's concerns about security and

8    a data breach or a potential data breach.  Those are major

9    concerns.  Apple is right to raise them.

10    However, Plaintiffs have made a sufficient showing that

11    JND has done everything reasonable and will do everything

12    reasonable to protect against a data breach, and I think that

13    JND has made a sufficient showing in that regard.

14    So, I am ordering Apple to produce that information.  I

15    will also issue a written order essentially saying the same

16    thing, likely later today.

17    Do Plaintiffs have any questions?

18    **MR. BURT:**  I do not.  Thank you, Your Honor.

19    **THE COURT:**  Does Apple have any questions?

20    **MS. HIGNEY:**  Your Honor, we would just respectfully

21    ask that the order provides that Apple could produce that

22    information in the same manner in which the sample was

23    produced; that is, pursuant to the parties supplemental

24    protective order if Plaintiffs agree but --

25    **THE COURT:**  You want them produced in the same manner

1    that Apple produced the sample?

2          **MS. HIGNEY:**  Correct.

3          **THE COURT:**  Is that okay with Plaintiffs?

4          **MR. BURT:**  That sounds right to me, Your Honor.  We

5    expect to treat it in the same manner.

6          **THE COURT:**  Okay.  That all -- I will include that in

7    my order, and I do hereby order that.

8          **MR. BURT:**  Well --

9          **THE COURT:**  Go ahead.

10          **MR. BURT:**  I'm realizing as Ms. Higney says that,

11    Your Honor, if that's -- except to the extent that's

12    inconsistent with what we have revealed to the Court and is

13    embodied in the Thompson declaration about ███████████████

14    ████████████████████████████████████████████████████

15    █████████    With the caveat that we don't want to adopt

16    protections in the protective order that overwrite that need,

17    other than that we expect to treat it -- just as we did the

18    sample.

19          **THE COURT:**  And Apple's response?

20          **MS. HIGNEY:**  Well -- well, Your Honor, we have

21    concerns about taking that -- ██████████████████████████

22    ████████████████████████████████████████████████████

23      I would say if Plaintiffs make a showing down the road

24    that that is necessary to ██████████████████████    Apple

25    would be willing to entertain that at that point but right now

**SEALED PROCEEDINGS**

1   it feels very speculative.

2        **THE COURT:**  I think Plaintiffs have made a sufficient

3   showing that they can perform address verification.  And so,

4   I'm going to order that Apple may produce the payor information

5   in the same manner that Apple produced the sample.

6        However, Plaintiffs may engage in address verification as

7   they have described in the Thompson declaration as may be

8   necessary.

9        **MS. HIGNEY:**  Understood, Your Honor.

10       **THE COURT:**  All right.  Is there anything further that

11  Plaintiffs would like to raise at the hearing today?

12       **MR. BURT:**  There is not, Your Honor.

13       **THE COURT:**  Anything further from Apple?

14       **MS. HIGNEY:**  There is not, Your Honor.

15       **THE COURT:**  All right.  Thank you, Counsel.  The

16  matter is submitted.

17       **MR. BURT:**  Thank you, Your Honor.

18       **MS. HIGNEY:**  Thank you.

19       **THE CLERK:**  Thank you, everyone.  We are off the

20  record in this matter and court is in recess.

21            (Proceedings adjourned at 11:41 a.m.)

22                  ---oOo---

23

24

25

1          **CERTIFICATE OF REPORTER**

2                I certify that the foregoing is a correct transcript

3     from the record of proceedings in the above-entitled matter.

4

5     DATE:   August 12, 2024

6

7

8

9          _____

10             Marla F. Knox, CSR No. 14421, RPR, CRR, RMR
               United States District Court – Official Reporter
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25