# EXHIBIT D

BETSY C. MANIFOLD (182450)
STEPHANIE AVILES (350289)
RACHELE R. BYRD (190634)
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA  92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com
byrd@whafh.com
saviles@whafh.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
rifkin@whafh.com
guiney@whafh.com
burt@whafh.com

*Class Counsel for Plaintiffs*

[Additional Counsel Appear on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR<br><br>**PLAINTIFFS' AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES**<br><br>Hon. Yvonne Gonzalez Rogers |

1  Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Rules"), Plaintiffs submit these Amended Objections and Responses to Defendant Apple Inc.'s First Set of Interrogatories to Plaintiffs, dated April 12, 2024.

**RESERVATION OF RIGHTS**

The responses set forth below are based on the best information presently known and available to Plaintiffs as of the date of these responses. Plaintiffs' review of documents and development of legal theories are ongoing. Further, substantial additional document productions were just received on November 15, 2024. Plaintiffs are actively working to review the production. Moreover, the parties have not yet exchanged merits expert reports. *See BB & T Corp. v. United States*, 233 F.R.D. 447, 450-51 (M.D.N.C. 2006) ("[W]hen there is an expert report which will touch on the very contentions at issue, the Court should normally delay contention discovery until after the expert reports have been served, which may then render moot any further contention discovery."). Plaintiffs therefore object to these Interrogatories as premature and reserve the right to further amend or supplement the response to each Interrogatory. Having also previously reserved the right to amend or supplement all interrogatory responses, Plaintiffs now amend their responses to Interrogatories Nos. 5 and 7 as follows.

**GENERAL OBJECTIONS**

Plaintiffs make the following General Objections, which are continuing in nature and incorporated into each of the below Specific Objections. None of the General or Specific Objections (collectively the "Objections") is an admission as to the relevance, materiality, authenticity, or admissibility of any information and all objections on that basis are reserved.

1.  Plaintiffs object to the Interrogatories and the Definitions contained therein to the extent that they impose or seek to impose burdens, requirements, or discovery obligations greater than, different from, or inconsistent with those authorized under the Rules, Orders of the Court, and any other applicable law. Plaintiffs will construe these Interrogatories consistently with the Rules, Orders of the Court, and applicable law.

2.  Plaintiffs object to the Interrogatories and Definitions to the extent they seek disclosure of information protected under the attorney-client privilege, attorney work product

1  doctrine, or any other applicable privilege or immunity. Should any such disclosure by Plaintiffs occur, it is inadvertent and shall not constitute a waiver of any privilege, protection, or immunity.

3.  Plaintiffs object to the Interrogatories and Definitions to the extent they seek conclusions of law.

4.  Plaintiffs object to the Interrogatories and Definitions to the extent that they are vague, ambiguous, overly broad, unduly burdensome, unreasonable, lacking particularity, irrelevant to the claims and defenses to any party in this Action, or not proportional to the needs of this case.

5.  Plaintiffs object to the Interrogatories to the extent they are unreasonably cumulative or duplicative with other discovery (including other Interrogatories).

6.  Plaintiffs object to the extent that the Interrogatories and Definitions purport to impose an obligation to conduct anything beyond a reasonable search for responsive information such that they impose an undue burden on the Plaintiffs or exceed their obligations under the Rules.

7.  Plaintiffs object to the Interrogatories and Definitions to the extent they seek information not in their possession, custody, or control; are public or already in Defendant's possession or are available from other sources to which Defendant has access; or are available through less burdensome, less expensive, or more convenient or efficient means.

8.  Plaintiffs object to the Definition of "Document(s)" as overly broad and unduly burdensome, insofar is it purports to impose obligations beyond those required under the Rules. Plaintiffs will interpret that term in accordance with those Rules.

9.  Plaintiffs object to the Interrogatories and Instructions to the extent they are not limited to a reasonable time period and are outside the scope of discovery. The Relevant Time Period set forth in the Instructions exceeds the Class Period as certified. Plaintiffs will respond for the Class Period of July 10, 2008 to February 2, 2024.

10. Plaintiffs object to the Interrogatories as vague and ambiguous, as it is unclear what Defendant seeks when it writes "describe in detail," rendering them overbroad and unduly burdensome under Rule 26.

11. Plaintiffs object to the Interrogatories to the extent they ask for ***all factual bases***

supporting Plaintiffs' contentions. *See, e.g.*, *Santillan v. Verizon Connect, Inc.*, 2022 WL 428170, at *2 (S.D. Cal. Feb. 10, 2022) ("Courts will generally find contention interrogatories overly broad and unduly burdensome on their face to the extent they ask for 'every fact' or 'all facts' which support identified allegations or defenses. . . . Interrogatories may, however, ask for the 'principal or material' facts which support an allegation or defense." (cleaned up)); *Former Shareholders of Cardiospectra, Inc. v. Volcano Corp.*, 2013 WL 5513275, at *2 (N.D. Cal. Oct. 4, 2013) ("[L]isting every single fact in support of their contentions would be unduly burdensome on the plaintiffs. But Volcano is entitled to know the *material* facts in support of the plaintiffs' contentions."). Plaintiffs will respond to the Interrogatories with material facts.

12. Plaintiffs reserve their rights to modify, remove, or otherwise alter their responses to these Interrogatories in accordance with any further meet and confers with Defendant on these matters.

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 5:**

Please identify each and every market and sub-market YOU allege or contend is relevant to the claims alleged in YOUR COMPLAINT and describe the factual bases for such allegation or contention, INCLUDING whether you contend that there is any foremarket relevant to the claims alleged in YOUR COMPLAINT and what that relevant market is.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to and without waiving their General Objections set forth above, Plaintiffs further object that this Interrogatory implicates expert testimony that has not yet occurred, and so is premature. *See BB & T Corp.*, 233 F.R.D. at 450–51 ("[W]hen there is an expert report which will touch on the very contentions at issue, the Court should normally delay contention discovery until after the expert reports have been served, which may then render moot any further contention discovery."). Plaintiffs also object to this Interrogatory on the grounds that Apple fails to define "relevant" within the context of this Interrogatory. Without waiving the foregoing objections, Plaintiffs respond as follows:

1  Plaintiffs allege a single-brand aftermarket for the distribution of iOS apps and in-app content. *See* McFadden Opening Rep. ¶¶ 43-46. The corresponding foremarket is the market for "OS installed mobile devices," in which Apple's iPhone, iPad, and (former) iPod Touch compete for sales against other mobile devices. *Id.* ¶ 44 ("In the primary market, consumers choose OS installed mobile devices such as iOS mobile devices or Android mobile devices."). Within the broader foremarket for OS installed mobile devices, there is also a foremarket for smartphones, in which Apple primarily competes with Android devices. *See* DOJ Compl. ¶ 181.

The "app downloads and in-app purchases are part of a single aftermarket for *iOS device consumers*." McFadden Opening Rep. ¶ 46. For *iOS app developers*, in contrast, app distribution and in-app payment processing are different products. *See Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 996 (9th Cir. 2023) (noting that iOS developers "Facebook, Microsoft, Spotify, Match, and Netflix, have all tried to convince Apple to let them develop their own in-app payment solutions."). Similarly, for iOS developers, Apple's iOS developer tools and the Apple App Store are distinct products, with Apple conditioning access to the former on exclusive use of the latter through the Developer Product Licensing Agreement. *See* ECF No. 442-22, § 7.3. These restrictions on iOS app developers form part of Apple's scheme to monopolize the market for distribution of iOS applications and in-app content. *See* Compl. ¶¶ 10, 43-49. Particular submarkets for certain app categories (e.g., gaming apps, weather apps, etc.) may also be relevant to Plaintiffs' claims and expert analyses.

**AMENDED AND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs maintain there is a single-brand aftermarket for the distribution of iOS apps and in-app content. *See* McFadden Opening Rep., ¶¶ 43-46. The corresponding primary foremarkets are the smartphone market (including the Apple iPhone) and the tablet market (including the Apple iPad), which are both "OS installed mobile devices." *Id.* at ¶ 44. In both markets, Apple's devices primarily compete against Android-installed mobile devices. *Id.* at ¶¶ 18 & 19.

The "app downloads and in-app purchases are part of a single aftermarket for *iOS device consumers*." McFadden Opening Rep. ¶ 46. Apple effectively requires consumers who purchase its iPhones and iPads also to purchase all apps and in-app purchases through the Apple App Store.

1  For *iOS app developers*, app distribution and in-app payment processing are different products. *See Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 996 (9th Cir. 2023) (noting that iOS developers "Facebook, Microsoft, Spotify, Match, and Netflix, have all tried to convince Apple to let them develop their own in-app payment solutions."). Apple conditions developers' access to the Apple App Store on developers' use of Apple's in-app payment processing methods, as opposed to other secure payment methods. Similarly, for iOS developers, Apple's iOS developer tools and the Apple App Store are distinct products, with Apple conditioning access to the developer tools on exclusive use of the Apple App Store through the Developer Program License Agreement. *See* ECF No. 442-22, § 7.3. These restrictions on iOS app developers form part of Apple's scheme to monopolize the market for distribution of iOS applications and in-app content. *See* Compl. ¶¶ 10, 43-49. Particular submarkets for certain app categories (e.g., gaming apps, weather apps, etc.) may also be relevant to Plaintiffs' claims and expert analyses.

**INTERROGATORY NO. 7:**

Please identify the relevant products sold and acquired in each and every market and sub-market YOU allege or contend is relevant to the claims alleged in YOUR COMPLAINT and describe the factual bases supporting such contention, INCLUDING the factual basis for YOUR contention in Paragraph 76 of YOUR COMPLAINT that the IOS APPLICATIONS MARKET includes "the market for in-app purchases for iOS devices."

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to and without waiving their General Objections set forth above, Plaintiffs respond as follows:

The Apple devices relevant to this matter are the iPhone, iPad (including all iPad Pro, iPad Mini, and iPad Air models as well as standard iPads), and iPod touch, all of which run on or have run on Apple's proprietary iOS operating system. *See* McFadden Opening Rep. ¶ 16. The aftermarket for iOS device consumers is the market for distribution of iOS apps and in-app purchases. *See id.* ¶ 46 ("app downloads and in-app purchases are part of a single aftermarket

for *iOS device consumers* as they choose apps based on their needs, not based on whether apps are IAP apps or not").

**AMENDED RESPONSE TO INTERROGATORY NO. 7:**

The Apple devices relevant to this matter are the iPhone and the iPad (including all iPad Pro, iPad Mini, and iPad Air models as well as standard iPads), which run on or have run on Apple's proprietary iOS operating system.  *See* McFadden Opening Rep., ¶ 16.  The aftermarket for iOS device consumers is the market for distribution of iOS apps and in-app purchases.  *See id.* at ¶ 46 ("app downloads and in-app purchases are part of a single aftermarket for *iOS device consumers* as they choose apps based on their needs, not based on whether apps are IAP apps or not").

DATED:  November 26, 2024

WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP

By:  */s/* Rachele R. Byrd

BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
STEPHANIE AVILES (350289)
750 B Street, Suite 1820
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:   619/234-4599
manifold@whafh.com
byrd@whafh.com
saviles@whafh.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Telephone:  212/545-4600
Facsimile:   212/545-4677

DAVID C. FREDERICK (*pro hac vice*)
AARON M. PANNER (*pro hac vice*)
KYLE M. WOOD (*pro hac vice*)
ASHLE J. HOLMAN (*pro hac vice*)
KELLEY C. SCHIFFMAN (*pro hac vice*)
ANNA K. LINK (*pro hac vice*)

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999
dfrederick@kellogghansen.com
apanner@kellogghansen.com
kwood@kellogghansen.com
aholman@kellogghansen.com
kschiffman@kellogghansen.com
alink@kellogghansen.com

*Class Counsel for Plaintiffs*

MICHAEL LISKOW
GEORGE FELDMAN
 MCDONALD, PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
561/232-6002
mliskow@4-justice.com

*Attorneys for Plaintiff Robert Pepper*

**VERIFICATION**

I, Stepen H. Schwartz, do solemnly declare and affirm under the penalty of perjury that the foregoing PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES are true and correct to the best of my knowledge, information, and belief.

Executed on November 27, 2024.

                                                                        DocuSigned by:
                                                                        STEPHEN SCHWARTZ
                                                                        DF6D11731C5A46B...
                                              _____
                                                          STEPHEN H. SCHWARTZ

## VERIFICATION

I, Robert Pepper, do solemnly declare and affirm under the penalty of perjury that the foregoing PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES are true and correct to the best of my knowledge, information, and belief.

Executed on November 26, 2024.

Signed by:
E78923E112FE434...
ROBERT PEPPER

**VERIFICATION**

I, Edward W. Hayter, do solemnly declare and affirm under the penalty of perjury that the foregoing PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES are true and correct to the best of my knowledge, information, and belief.

Executed on November 27, 2024.



_____
EDWARD W. HAYTER

## VERIFICATION

I, Edward Lawrence, do solemnly declare and affirm under the penalty of perjury that the foregoing PLAINTIFFS' AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT APPLE INC.'S FIRST SET OF INTERROGATORIES are true and correct to the best of my knowledge, information, and belief.

Executed on November E1, 2024.

*[Signed by: /s/ Edward Lawrence — C68647F3DE174FD...]*

EDWARD LAWRENCE

# CERTIFICATE OF SERVICE

I, Jasmin Rangel, hereby certify that I am a citizen of the United States, over the age of eighteen, and not a party to the within action. I hereby certify that on December 2, 2024, I delivered the foregoing documents:

**PLAINTIFFS' AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT APPLE INC.'S FIRSTP SET OF INTERROGATORIES**

via electronic mail, pursuant to an agreement among the parties for electronic service, to the counsel listed on the attached service list.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 2nd day of December 2024 at San Diego, California.

By: _____
JASMIN RANGEL

IN RE APPLE iPHONE ANTITRUST LITIGATION
Case Nos.: 4:11-cv-06714-YGR
Service List – October 1, 2024
Page 1

**COUNSEL FOR CONSUMER PLAINTIFFS**

Betsy C. Manifold
Rachele R. Byrd
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA 92101
619/239-4599
619/234-4599 (fax)
manifold@whafh.com
byrd@whafh.com

Mark C. Rifkin
Matthew M. Guiney
Thomas H. Burt
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016
212/545-4600
212/545-4677 (fax)
rifkin@whafh.com
guiney@whafh.com
burt@whafh.com

David C. Frederick
Aaron M. Panner
Kyle M. Wood
Joshua Hafenbrack
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, NW Suite 400
Washington, D.C. 20036
202/326-7900
202/326-7999 (fax)
dfrederick@kellogghansen.com
apanner@kellogghansen.com
kwood@kellogghansen.com
jhafenbrack@kellogghansen.com

Michael Liskow
GEORGE FELDMAN
  MCDONALD, PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
561/232-6002
mliskow@4-justice.com

Randall Scott Newman
RANDALL S. NEWMAN, ESQ.
99 Wall St., Suite 3727
New York, NY 10005
212-797-3737
212-797-3172 (fax)
rsn@randallnewman.net

Joseph M Alioto, Sr
Jamie Lynne Miller
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA 94104
(415) 434-8900
(415) 434-9200 (fax)
jmalioto@aliotolaw.com

Theresa Driscoll Moore
LAW OFFICE OF THERESA
D. MOORE, PC
One Sansome Street
Ste 35th Floor
San Francisco, CA 94104
415-613-1414
TMoore@aliotolaw.com

Lawrence Genaro Papale
LAW OFFICES OF LAWRENCE
G. PAPALE
The Cornerstone Building
1308 Main Street, Suite 117
St. Helena, CA 94574
707-963-1704
lgpapale@papalelaw.com

**COUNSEL FOR DEFENDANT**

Theodore J. Boutrous Jr.
Richard J. Doren
Daniel G. Swanson
Dana Lynn Craig
Michael J. Holecek
Jason C Lo
Jay P. Srinivasan
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue

Los Angeles, CA 90071-3197
213/229-7000
213/229-7520 (fax)
tboutrous@gibsondunn.com
rdoren@gibsondunn.com
dswanson@gibsondunn.com
dcraig@gibsondunn.com
mholecek@gibsondunn.com
jlo@gibsondunn.com
jsrinivasan@gibsondunn.com

Rachel S. Brass
Eli M. Lazarus
Caeli A. Higney
Julian Wolfe Kleinbrodt
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
415/393-8293
415/393-8306 (fax)
rbrass@gibsondunn.com
elazarus@gibsondunn.com
chigney@gibsondunn.com
JKleinbrodt@gibsondunn.com
AppleAppStoreDiscovery@gibsondunn.com
AppleAppStore@gibsondunn.com

Cynthia E. Richman
Harry R. S. Phillips
GIBSON, DUNN & CRUTCHER LLP
1700 M Street N.W.
Washington, D.C. 20036-4504
202/955-8234
202/530-9691 (fax)
crichman@gibsondunn.com
HPhillips@gibsondunn.com

Betty X Yang
GIBSON DUNN AND CRUTCHER LLP
2100 McKinney Ave, Suite 1100
Dallas, TX 75201
214/698-3100
214/571-2900 (fax)
BYang@gibsondunn.com

David R. Eberhart
Anna T. Pletcher
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
415/984-8700
415/984-8701 (fax)
deberhart@omm.com
apletcher@omm.com

Elena Zarabozo
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, DC 20006
202/383-5300
202/383-5414 (fax)
ezarabozo@omm.com

Michelle Lowery
McDERMOTT WILL & EMERY LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
310/277-4110
310/277-4730 (fax)
mslowery@mwe.com

Elizabeth Rodd
McDERMOTT WILL & EMERY LLP
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
617-835-4040
617-321-4577 (fax)
erodd@mwe.com

John J. Calandra
Nicole Castle
Alphonse J. Squillante
McDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, NY 10017-3852
212-547-5400
212-547-5444 (fax)
jcalandra@mwe.com
ncastle@mwe.com
asquillante@mwe.com

Hannah L. Cannom
Bethany M. Stevens
WALKER STEVENS CANNOM LLP
500 Molina Street #118
Los Angeles, CA 90013
213/337-9972
213/403-4906 (fax)
hcannom@wscllp.com
bstevens@wscllp.com

Karen Hoffman Lent
Evan R Kreiner
SKADDEN ARPS SLATE MEAGHER FLOM LLP
One Manhattan West
395 9th Ave
New York, NY 10001
212-735-3000
karen.lent@skadden.com
evan.kreiner@skadden.com

Patrick T. Hein
ALLEN OVERY SHEARMAN STERLING
US LLP
140 New Montgomery St, Fl 10
San Francisco, CA 94105-3225
415-616-1218
patrick.hein@aoshearman.com