# EXHIBIT E

**GIBSON DUNN**

Eli M. Lazarus
Of Counsel
T: +1 415.393.8340
M: +1 650.814.7016
elazarus@gibsondunn.com

January 30, 2025

<u>VIA E-MAIL</u>

Kyle M. Wood
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M. Street, N.W., Suite 400
Washington, D.C.  20036

Rachele R. Byrd
Wolf Haldenstein Adler Freeman & Herz LLP
750 B Street, Suite 1820
San Diego, CA  92101

Re:   *In re Apple iPhone Antitrust Litig.*, No. 4:11-cv-06714-YGR (N.D. Cal.)
      Plaintiffs' Interrogatory Responses

Dear Counsel:

I write in relation to Plaintiffs' Responses and Objections to Apple's First Set of Interrogatories.

Through their original and amended interrogatory responses, served on May 13, 2024, and on November 26, 2024, respectively, Plaintiffs made several statements that appear to attempt to improperly enlarge the scope of their allegations in the Third Amended Complaint (Dkt. 229, "TAC"), which remains the operative complaint.  These statements include assertions that purport to inject additional alleged markets into the case as well as new assertions about Apple's purported conduct regarding "iOS developer tools," "anti-steering," "cross-platform messaging," and "digital wallets":

- "Apple has unlawfully foreclosed competition in the iOS app distribution and in-app payment aftermarket . . . [by] conditioning developers' access to iOS developer tools and iOS device customers on exclusive use of the Apple App Store and in-app purchase." Plaintiffs' Response to Interrogatory No. 15.

- "Apple has unlawfully foreclosed competition in the iOS app distribution and in-app payment aftermarket . . . [by] preventing consumers from becoming aware of cheaper options through its anti-steering provision."  Plaintiffs' Response to Interrogatory No. 15.

- "Apple also takes affirmative steps to increase switching costs for iOS device owners, including making certain services exclusive to the Apple ecosystem and by restricting features such as cross-platform messaging and digital wallets."  Plaintiffs' Response to Interrogatory No. 2; *see also* Plaintiffs' Response to Interrogatory No. 6 ("Apple increases switching costs in various ways, including by making certain services

# GIBSON DUNN

Kyle M. Wood  
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.

January 30, 2025  
Page 2

exclusive to the Apple ecosystem and by restricting cross-platform messaging and digital wallets"); Plaintiffs' Response to Interrogatory No. 10 ("Customers are additionally locked in to their iOS devices due to the significant costs they must incur should they decide to abandon their iOS devices; switching costs include: . . . loss of access to services (e.g., messaging services and digital wallets) that do not work across platforms").

As you know, over three years ago the Court denied Plaintiffs leave to file a fourth amended complaint "given the unjustified delay, considerable prejudice, and lack of good cause" for their tardy attempt to add a claim under California's Unfair Competition Law and allegations regarding anti-steering provisions. Dkt. 573 at 2. It remains too late to add such (or any other) allegations now, much less through the improper vehicle of interrogatory responses. "A plaintiff cannot amend his complaint through an answer to an interrogatory." *Redmond v. Sirius Int'l Ins. Corp.*, 2013 WL 5273953 at *2 (E.D. Wis. Sept. 18, 2013); *see also Udom v. Fonseca*, 846 F.2d 1236, 1238 (9th Cir. 1988) ("[A]ttempting to expand the scope of [a] complaint by making allegations in a collateral document not subject to counter by means of an answer or motion to dismiss" is "an inadequate substitute for amending the complaint."). Accordingly, Plaintiffs may not pursue any theories in relation to any new "allegations" at any upcoming stage of the case. For example, Plaintiffs cannot rely on these responses to make arguments relating to unalleged relevant-market definitions; Plaintiffs alleged only a single "aftermarket for iOS applications." TAC ¶ 76.

Separately, we note that, through the amendments to their interrogatory responses, Plaintiffs have now removed references to conduct relating to the iPod touch. *See* Plaintiffs' Amended Responses to Apple's Interrogatory Nos. 5 and 7. Because Apple's Interrogatory Nos. 5 and 7 required Plaintiffs to identify "each and every market and sub-market you allege or contend is relevant to the claims in your complaint" and "the relevant products" that are "relevant to the claims alleged in your complaint," and Plaintiffs have deleted previous language from their prior interrogatory responses regarding the iPod touch, we understand that Plaintiffs are no longer pursuing any claims arising out of purchases made through or otherwise in relation to the iPod touch device.

Sincerely,

*[signature: Eli L.]*

Eli M. Lazarus  
Of Counsel

EML