UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR |
|---|---|

**JOINT DISCOVERY LETTER BRIEF REGARDING DEFENDANT APPLE INC.'S NOTICES OF DEPOSITION ISSUED TO PROFESSORS DANIEL L. MCFADDEN AND JOSEPH E. STIGLITZ**

The Honorable Thomas Hixson
United States District Court for the Northern District of California
Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Judge Hixson,

Plaintiffs and Defendant Apple Inc. ("Apple" and together with Plaintiffs, the "Parties") respectfully submit this joint statement regarding the Parties' disagreement over the manner in which Apple will depose two of Plaintiffs' disclosed expert witnesses, Prof. Daniel L. McFadden and Prof. Joseph E. Stiglitz, on May 14 and May 30, 2025, respectively. Specifically, the Parties disagree over the length of Prof. McFadden's deposition, and whether Prof. Stiglitz's deposition on that day (and any future day later during the period for expert discovery) will occur remotely or in person.

Counsel for the Parties have met and conferred and exchanged correspondence in a good faith effort to resolve the disputes set forth below. Efforts to resolve the disputes without the Court's assistance were unavailing.

Respectfully submitted,

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

By: */s/ Rachele R. Byrd*
Rachele R. Byrd

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

*Plaintiffs' Class Counsel*

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Caeli A. Higney*
Caeli A. Higney

*Counsel for Defendant Apple Inc.*

**PUBLIC REDACTED VERSION**

**Plaintiffs' Position**

**Introduction and relief requested:** Plaintiffs seek a limited protective order that ensures that Apple's forthcoming depositions of Prof. Daniel L. McFadden and Prof. Joseph E. Stiglitz occur without undue burden. *First*, the Court should limit Apple's deposition of Prof. McFadden to three hours and on only newly-disclosed material Apple has identified. Prof. McFadden has submitted four expert reports so far in this case, and his merits-stage report mirrors them. He has been deposed four times already for roughly 24 hours. Three hours is more than sufficient for Apple to conduct its requested inquiry. *Second*, the Court should order that any deposition(s) of Prof. Stiglitz occur remotely. Prof. Stiglitz will temporarily reside in Spain from May through mid-July to accommodate his attendance to European professional engagements. Apple cannot insist that Prof. Stiglitz board one or more transatlantic flights to New York City for in-person deposition(s).

**Background:** On March 7, 2025, in accordance with the Court's schedule for exchanging opening expert reports, *see* ECF No. 940 at 2, Plaintiffs disclosed Profs. McFadden and Stiglitz as testifying experts. Apple has noticed each expert for a deposition. *See* **Ex. A** (McFadden); **Ex. B** (Stiglitz).

Prof. McFadden, a Nobel Prize-winning economist, is Plaintiffs' lead damages expert. During the class certification stage of this case, Plaintiffs disclosed to Apple a total of four expert reports from Prof. McFadden (ECF Nos. 442-11, 556-1, 679-1, and 708-3) and two declarations (ECF Nos. 598-5 and 702-2). In those submissions, Prof. McFadden both described the econometric model he developed to calculate both individualized and class-wide damages, and he detailed the model's output. Apple deposed Prof. McFadden four times on those submissions, on August 3, 2021; November 5, 2021; December 5, 2022; and February 17, 2023. In denying Apple's *Daubert* motion and granting class certification, the Court accepted Prof. McFadden's methodology for demonstrating impact and estimating damages for the Class. *See* ECF No. 789. In his merits-stage report (**Ex. C**), Prof. McFadden restates the framework of his (unchanged) econometric model. This time, though, Prof. McFadden did not apply the model to the App Store transactions data himself. Dr. Minjae Song, another of Plaintiffs' disclosed testifying experts, led that effort. Dr. Song submitted his own report, *see* Ex. C ¶ 4, and will be deposed, *see* **Ex. D** at 9, 10.

Prof. Stiglitz, a Nobel Prize-winning economist, opines on Plaintiffs' alleged foremarkets and aftermarket; how Apple has durable monopoly power in the aftermarket for the sale of iOS apps and in-app content; and about Apple's harmful anticompetitive conduct. He is spending May, June, and most of July working from the Spanish town Cadaqués, as he has for almost 20 years. He has a number of longstanding European engagements during the summer months (including speeches, events, and meetings), and finds that residing in Cadaqués eases the mental and physical tolls of constant transatlantic travel. Prof. Stiglitz's planning for this year's Cadaqués stay began in July 2024. This year, among other obligations, Prof. Stiglitz has a significant planning role in the UN Financing for Development Conference in Seville, requiring numerous personal meetings with the Spanish finance minister, and, in his role as the head of the Jubilee Commission for debt reduction, he will attend global economics meetings in Spain, in Georgia, and at the Vatican.

On April 7, 2025, Apple requested Profs. McFadden's and Stiglitz's availability to be deposed in person during the month of May. Ex. D at 14. Plaintiffs promptly objected to both requests. Plaintiffs explained that a fifth deposition of Prof. McFadden was unreasonably cumulative, duplicative, burdensome, and disproportionate to the needs of the case, given that his merits-stage report offered no new substance. *See* FED. R. CIV. P. 26(b)(1), (c). Yet Apple insists that Prof.

McFadden (now 87 years old) sit for a full-day, seven-hour deposition simply because his report is now a merits-stage report. In an effort to compromise, Plaintiffs agreed to make Prof. McFadden available for a three-hour deposition. Ex. D at 8. Apple refused that offer. *Id.* at 5.

Prof. Stiglitz is available for remote depositions during the expert discovery period. Apple insists that he return to New York City to be deposed, even though all but two of the more than 50 fact and expert witness depositions taken prior to April 2025, were conducted remotely over Zoom: Prof. McFadden's January 2023 and Dr. Rosa Abrantes-Metz's December 2022 depositions. *See id.* at 7. Prof. Stiglitz will likely have to sit for two separate depositions because of the parties' agreement that experts like Prof. Stiglitz, who will serve opening and rebuttal reports, will be made available for up to ten total hours of deposition time during expert discovery. *See id.* at 9-11.

**Analysis:** The Court should enter a protective order limiting Prof. McFadden's May 14 deposition to three hours of questioning and requiring that any depositions of Prof. Stiglitz occur remotely. District courts hold "wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994); *see* FED. R. CIV. P. 30(b)(4) (courts may order a deposition "by other remote means"). Courts may also issue a protective order to shield a deponent from "annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c).

Prof. McFadden: The Court should limit Prof. McFadden's deposition to three hours in length, and order that Apple's questioning may only explore the new, previously undisclosed material it has identified to Plaintiffs during their meet-and-confer process. *See* Ex. D at 10.

Prof. McFadden's opening, merits-stage expert report is 25 pages and mirrors his prior reports. Section I summarizes his assignment and opinions. In Section II, Prof. McFadden observes how certain of Prof. Stiglitz's opinions are "consistent" with ones he previously offered during the class certification stage. Ex. C ¶¶ 12-19. Section III reiterates his opinions that Apple's App Store commission functions like a sales tax, the impact of which can be apportioned between consumers and developers using a tax incidence framework, and that said impact is common to all Class members. Ex. C ¶¶ 20-37; *see* ECF No. 442-11 §§ VI.A-B; ECF No. 556-1 § II.B.1; ECF No. 708-3 ¶¶ 19-20. Section IV summarizes the econometric model he created to calculate individualized and class-wide damages, which was the center of the parties' and the Court's attention during class certification. Ex. C ¶¶ 38-59; *see* ECF No. 442-11 §§ VI.D-VI.E; ECF No. 556-1 §§ II.A, IV.B; ECF No. 679-1 §§ III-VI & App'x E; ECF No. 708-3 §§ III.C, IV.C.

Plaintiffs offered to make Prof. McFadden available for three hours so that Apple may inquire into allegedly "new" material: 1) opinions "about whether certain class members are 'unharmed;'" 2) citations to other of Plaintiffs' experts' opinions; 3) Dr. Song's application of Prof. McFadden's model to all app genres; and 4) Prof. McFadden's public writings about Apple in the last two years. Ex. D at 8, 10. Now, Apple cites two myopic excerpts of an earlier deposition it also wants to revisit. *Infra* at 5. Like other cases where Apple made similar demands, that is unduly burdensome, cumulative, disproportionate to the needs of the case, and borders on harassment. *See, e.g.*, *Davidson v. Apple, Inc.*, 2019 WL 1230438, at *2–3 (N.D. Cal. Mar. 15, 2019) (Demarchi, J.) (limiting Apple's deposition of two of plaintiffs' experts, who served reports and were already deposed once, to only new material, and further limiting one deposition to four hours); *Paris v. Progressive Am. Ins. Co.*, 2021 WL 3375873, at *2 (S.D. Fla. Feb. 12, 2021) (limiting second deposition of expert to only new opinions); *Bradley v. Hertz Corp.*, 2019 WL 1428882, at *4 (S.D. Ill. Mar. 29, 2019) (same). Indeed, the Rules typically bar two (let alone

five) depositions of an expert without leave. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). This Court should order that Apple may depose Prof. McFadden for three hours only on the new material Apple has identified.

Prof. Stiglitz:   Good cause exists for the Court to order that any deposition of Prof. Stiglitz occur remotely. "Preparing and sitting for a deposition is always a burden." *Amini Innovation Corp. v. McFerran Home Funishings, Inc.*, 300 F.R.D. 406, 412 (C.D. Cal. 2014). Apple's demand that Prof. Stiglitz appear in New York City for any depositions unreasonably amplifies those burdens. Far from any ordinary "inconvenience" (*contra infra* at 6), Prof. Stiglitz (now 82 years old) would need to arrange for travel from his working headquarters in Cadaqués to the nearest airport in Barcelona, multiple-day stays in New York City, and round-trip transatlantic flights to New York City. Then he must combat the effects of jet lag upon his arrival in New York City, during his depositions, and upon his return to Cadaqués.

Or Prof. Stiglitz could log onto Zoom and be deposed at far less expense, time, and strain, just like virtually every other witness in this case. Remote depositions are "a prudent and effective way to conduct discovery." *Health v. Nautilus Ins. Co.*, 2022 WL 18031825, at *2 (S.D. Cal. Dec. 31, 2022); *see Lopez v. CIT Bank, N.A.*, 2015 WL 10374104, at *2 (N.D. Cal. Dec. 18, 2015) (ordering remote depositions, which are "effective, efficient, and cost effective"). Indeed, courts in this District "liberally grant[]" leave to conduct remote depositions. *Carrico v. Samsung Elecs. Co.*, 2016 WL 1265854, at *1 (N.D. Cal. Apr. 1, 2016). Apple says it needs in-person depositions to assess Prof. Stiglitz's credibility. But its case law – about deposing fact witnesses (*Rubio*), party witnesses (*360 Destination*), or the "sole" expert (*Lewis*) – is inapposite. Plus, assessing credibility is the jury's job, not opposing counsel's. And even if that weren't true, Plaintiffs have shown ample good cause under Rule 26 for remote depositions, *see Carrico*, 2016 WL 1265854, at *1 (ordering remote depositions of two South Korean witnesses over the defendants' insistence on in-person depositions); *Guillen v. Bank of Am. Corp.*, 2011 WL 3939690, at *1 (N.D. Cal. Aug. 31, 2011) (ordering remote depositions where Plaintiffs' counsel had already "conducted five (5) Skype video depositions"). Apple's last second compromise (*see infra* at 6 n.1), first made on May 2 during briefing, does nothing to eliminate the burdens of an in-person deposition on May 30. The Court should require Apple to depose Prof. Stiglitz remotely.

**Apple's Position:**

Apple seeks to depose two experts—Daniel McFadden and Joseph Stiglitz—whose testimony could make or break a case challenging Apple's App Store business model and demanding more than [REDACTED] in (untrebled) damages. Plaintiffs' request to limit those depositions would unfairly prejudice Apple in preparing for dispositive motions and trial and should be denied.

**Background:**

Prof. McFadden: McFadden is Plaintiffs' "lead damages expert." *Supra*. His March 7 report details a damages methodology for calculating the prices that class members allegedly would have paid for apps and in-app content if Apple had not centralized iOS app distribution through the App Store. Ex. C §§ III-IV & App'x C. Although another expert, Dr. Minjae Song, purportedly "implemented" the model, McFadden says he "conferred regularly" with Song throughout the process. *Id.* ¶ 4. Plaintiffs intend to rely on McFadden's model to claim (untrebled) damages of more than [REDACTED]. **Ex. E** (Song) ¶ 84 & Fig. 13.

McFadden disclosed a version of his model at the class certification stage and was deposed in 2021. After the model was ruled unreliable and certification denied, Dkt. 630, McFadden was deposed in connection with a renewed certification motion in 2022 and 2023. All those depositions were confined by the purpose of his testimony at that stage—namely, to show "whether common methods and evidence c[ould] be used to quantify" damages. Dkt. 442-11 ¶ 10. Although Plaintiffs claim his methodology is "unchanged" at the merits, there are material differences. Notably, McFadden had previously run his model on only three App Store genres and had measured harm only to Apple ID accounts, not individual class members. *See* Dkt. 789 at 1, 26. Song now purports to implement McFadden's model for all App Store genres (based on new developer data and the opinions of another new expert, Prof. MacCormack) and applies it to individuals. Ex. E ¶¶ 9-10. McFadden also offers new opinions about the work of Plaintiffs' other experts, including Song and Stiglitz. *See, e.g.*, Ex. C ¶¶ 5, 8, 15, 19. After initially refusing to make McFadden available at all, Plaintiffs later agreed to a deposition limited to three hours and confined to topics Apple's counsel mentioned as examples in an email. Ex. D at 8, 10, 12.

Prof. Stiglitz: Stiglitz is a new expert at the merits phase and by all appearances is Plaintiffs' chief economic expert witness. His March 7 report spans 187 pages and covers the waterfront of antitrust liability issues in this case—from Apple's alleged anticompetitive conduct and its supposed effects on consumers (§§ III-IV, VIII-IX), to the alleged relevant markets for iOS apps (§ V.B) and devices (§ VI), to Apple's alleged monopoly power over iOS apps (§ V.A, V.C), to supposed device switching costs and information frictions (§ VII). *See* Ex. **F** (Stiglitz TOC).

Apple first approached Plaintiffs on April 7 about deposing Stiglitz in person in New York where he works at Columbia University. Ex. D at 14. Plaintiffs responded two days later that Stiglitz "will be out of the country for the entirety of the months of May and June" and "can only accommodate a remote deposition" via video. *Id.* at 12. Plaintiffs could not say whether they knew about his European travel before Stiglitz served his opening report. *Id.* at 4-5. Instead, they simply "assumed depositions would be conducted virtually," *id.*—notwithstanding that Apple, since the Covid pandemic ended, has consistently deposed Plaintiffs' experts in person (including McFadden and another economist, Dr. Rosa Abrantes-Metz). Apple also signaled its intent to conduct in-person depositions of Plaintiffs' merits experts in March of this year. *See id.* at 20.

**Analysis:** The Court should deny Plaintiffs' request for a protective order limiting McFadden's deposition and requiring Stiglitz's deposition to occur remotely. Far from creating "annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1), Apple seeks to take customary expert depositions under Federal Rule defaults that are fully justified by the importance of these witnesses to Plaintiffs' case.

Prof. McFadden: At trial, Plaintiffs will rely entirely on McFadden's model to seek more than [redacted] in (untrebled) damages for a class containing more than half the U.S. population. A deposition of up to seven hours on his merits expert report is more than proportional given the "amount in controversy" and "importance of the issues at stake." Fed. R. Civ. P. 26(b)(1).

Rule 26(b)(4)(A) provides that parties "may depose any person who has been identified" as a trial expert and must do so "only after the [expert's] report is provided." And such depositions presumptively last "1 day of 7 hours" under Rule 30. Fed. R. Civ. P. 30(d)(1). Plaintiffs cite no exception for experts who previously testified earlier in the litigation (much less experts whose multiple depositions arose from their own errors and unreliable work). Nor would that make sense—the purpose of a merits expert deposition is to "enable the opposing party to prepare fully for cross-examination." Fed. Prac. & Pro. § 2031; *United States v. UBS AG*, 2009 WL 10669553, at *1 (S.D. Fla. May 21, 2009). Courts therefore allow additional depositions of individuals deposed in an earlier phase when the issues "deserve further attention during merits discovery." *Succs'r Agency to Frmr Emeryville Redevel'nt Agency v. Swagelok Co.*, 2020 WL 7042860, at *2 (N.D. Cal. Dec. 1, 2020). In antitrust class actions, that means the same experts are often subject to discovery both at the certification stage and in preparation for trial. *See, e.g.*, *In re Google Play Store Antitrust Litig.*, 2023 WL 5532128, at *2-4, 9 (N.D. Cal. Aug. 28, 2023) (excluding expert "at the merits stage" when record was "substantially more developed than at class certification").

Plaintiffs' focus on McFadden's prior depositions ignores the difference between class and merits discovery and that McFadden's *Daubert* failings required multiple class-phase depositions. McFadden's two 2021 depositions (on successive reports) were limited to whether Plaintiffs had "m[et] the conditions for class certification." Dkt. 581-3 at 226:4-12. His 2022 deposition focused on a "supplemental" report issued only because the Court excluded his first model as unreliable. Ex. 688-10 at 19:20-25 ("I came prepared to answer questions about … what I've done in the supplemental report."). And his 2023 deposition focused on numerous "error[s]" his staff made that required him to reissue his supplemental report. Ex. 688-11 at 10:4-11:6. Indeed, when Apple inquired about certain topics, McFadden dismissed them as "merit stage" issues, Dkt. 688-11 at 93:13-94:16, that he "didn't come … prepared to discuss," Dkt. 581-3 at 236:3-9.

None of those depositions afforded the opportunity for comprehensive trial preparation to which Apple is entitled under the Federal Rules. Although Apple will use less than seven hours with McFadden if possible, it is allowed to depose him without limitation on the testimony he will offer to the jury—including merits testimony about Apple's conduct "consistent" with that of other experts, liability testimony on how his model works as now implemented using new inputs from new experts, whether Song's implementation is consistent with McFadden's design, and credibility issues such as recent advocacy for class action plaintiffs. *See* Brief of Nobel Laureate Economists Joseph Stiglitz and Daniel McFadden, *Laboratory Corp. of Am. v. Davis*, No. 24-304 (U.S. Apr. 7, 2025). Plaintiffs' lead case, *Davidson*, supports Apple because it allowed Apple to redepose the expert for "seven hours of testimony on the record." 2019 WL 1230438, at *2.

Prof. Stiglitz: The Court should also require Stiglitz's May 30 deposition to occur in person in New York.[1] Here too, Plaintiffs have not shown cause to depart from the Federal Rules, which provide that "the noticing party, may generally choose … the deposition's location," *Carrico*, 2016 WL 1265854, at *1; *see* Fed. R. Civ. P. 30(b)(1), and make in-person depositions the default absent an order or stipulation otherwise. *Id.* (b)(4).

Prof. Stiglitz is Plaintiffs' lead economist on liability issues and will testify at trial in person. Assessing such centrally important testimony is of course the jury's job; that is exactly why an "[i]n-person deposition[] [is] crucial to assessing [Stiglitz's] potential presentation at trial, veracity, and credibility." *Rubio v. City of Visalia*, 2022 WL 193072, at *2 (E.D. Cal. Jan. 21, 2022) (ordering in-person deposition); *Lewis v. CoreCivic of Tennessee, LLC*, 2023 WL 5944279, at *2 (S.D. Cal. Sept. 12, 2023) (ordering in-person deposition of important expert witness to "better appraise his credibility before trial"); *360 Destination Grp. Fla., LLC v. 360 DG, LLC*, 2023 WL 8870574, at *2 (C.D. Cal. Nov. 2, 2023) (similar, to "get a feel for the witness's potential effectiveness at trial"). Plaintiffs identify no specific conflict between Stiglitz's "longstanding European engagements during the summer months," *supra*, and the May 30 date of the deposition; and complaints about the "tolls" of transatlantic travel, *supra*, are just "ordinary concerns attendant to travel" that all deponents must endure, *Moore v. EO Prods., LLC*, 2024 WL 4441488, at *2 (N.D. Cal. Oct. 8, 2024) (ordering deponent to fly from New York to California for deposition); *Richardson v. Grey*, 2025 WL 843768, at *2 (D. Idaho Mar. 18, 2025) ("[I]nconvenience due to employment, family life, and travel" is no "compelling reason … to mandate remote depositions."). Moreover, a remote deposition on U.S. time will last late into the night in Europe, imposing "strain" on Stiglitz, *supra*, and affecting his ability to testify fully. Based on the schedule in place since last October, Plaintiffs and Stiglitz should have anticipated that Apple would take expert depositions in the months of May and June, and that it would elect to do so in person as it has all expert depositions since 2022. *Carrico* and *Guillen*, in which the *taking party* requested a remote deposition, are inapposite. 2016 WL 1265854, at *1; 2011 WL 3939690, at *1. The Court should deny Plaintiffs' request for a protective order.

[1] Apple does not object to any second deposition of Stiglitz taking place remotely if Apple can depose him in person on May 30.

Dated: May 2, 2025

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

By: *__/s/ Rachele R. Byrd__*

Rachele R. Byrd
Mark C. Rifkin
Matthew M. Guiney
Thomas H. Burt
Betsy C. Manifold
Stephane P. Aviles
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619.239.4599

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

David C. Frederick (*pro hac vice*)
Aaron M Panner (*pro hac vice*)
Kyle M. Wood (*pro hac vice*)
Ashle J. Holman (*pro hac vice*)
Anna K. Link (*pro hac vice*)

*Plaintiffs' Class Counsel*

Dated: May 2, 2025

GIBSON, DUNN & CRUTCHER LLP

By: *__/s/ Caeli A. Higney__*

Caeli A. Higney
Julian W. Kleinbrodt
Dana L. Craig
Eli M. Lazarus
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200

Daniel G. Swanson
333 South Grand Avenue
Los Angeles, CA 90071

Cynthia E. Richman (*pro hac vice*)
Harry R. S. Phillips
1700 M Street, N.W.
Washington, D.C. 20036

*Attorneys for Defendant Apple Inc.*

**E-FILING ATTESTATION**

I, Rachele R. Byrd, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the other signatory identified above has concurred in this filing.

*/s/ Rachele R. Byrd*
Rachele R. Byrd