UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE APPLE IPHONE ANTITRUST LITIGATION

Case No. 11-cv-06714-YGR (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 958

The parties have a dispute concerning two depositions.

<u>Prof. Daniel L. McFadden.</u>  McFadden is Plaintiffs' lead damages expert.  During the class certification phase of the case, Apple deposed him four times.  Apple now seeks to depose him a fifth time in connection with his merits-stage report.  Plaintiffs state that little has changed and ask that his deposition be limited to three hours and that Apple be limited to inquiring only into new material.  The Court disagrees.  Given what is at stake in this case, Apple is entitled to depose McFadden for a full seven hour deposition now that he has a merits-stage report.  The Court will not limit Apple to questioning only about material that Plaintiffs consider new.

<u>Prof. Joseph E. Stiglitz.</u>  Stiglitz opines on Plaintiffs' alleged foremarkets and aftermarket.  He will be in the Spanish town of Cadaques for May, June and most of July for a number of longstanding work engagements.  Plaintiffs argue that Stiglitz should be deposed remotely.  Apple disagrees and argues he should be deposed in person in New York.  The Court finds that Apple has the right to depose Stiglitz in person, but also is generally of the view that lawyers should go to witnesses, not the other way around.  The Court doesn't mean that lawyers should fly around the world deposing witnesses on their vacations, but Stiglitz is not on vacation.  The Court takes Apple's point that normally Stiglitz could be assumed to be in New York because he works at

Columbia University, but that's not where he is now. Accordingly, if Apple wants to depose Stiglitz in person, it must do so in Spain. If Apple declines to travel, it will have to depose Stiglitz remotely.

**IT IS SO ORDERED.**

Dated: May 5, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge

2