```
 1                UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3     Before The Honorable Thomas S. Hixson, Magistrate Judge
 4
 5  IN RE:                        ) Case No. C 11-06714-YGR
                                  )
 6  APPLE iPHONE ANTITRUST        )
    LITIGATION                    )
 7  _____ )
 8                                  San Francisco, California
                                    Wednesday, May 14, 2025
 9
10   TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
                 RECORDING 3:00 - 3:13 = 13 minutes
11
    APPEARANCES:
12
    For Plaintiffs:
13                              Wolf Haldenstein Adler Freeman
                                  & Herz
14                              750 B Street, Suite 1820
                                San Diego, California 92101
15                         BY:  STEPHANIE AVILES, ESQ.

16                              Wolf Haldenstein Adler Freeman
                                  & Herz
17                              270 Madison Avenue
                                New York, New York 10016
18                         BY:  THOMAS H. BURT, ESQ.

19                              Kellogg Hansen Todd Figel
                                  & Frederick PLLC
20                              1615 M Street, NW
                                Suite 400
21                              Washington, DC 20036
                           BY:  KYLE M. WOOD, ESQ.
22  For Apple, Inc.:
                                Gibson, Dunn & Crutcher, LLP
23                              1700 M Street, NW
                                Washington, DC 20036
24                         BY:  HARRY R.S. PHILLIPS, ESQ.

25          (APPEARANCES CONTINUED ON THE NEXT PAGE.)
```

*Echo Reporting, Inc.*

```
                                                                    2
 1  For Apple, Inc.:
                              Gibson, Dunn & Crutcher, LLP
 2                            One Embarcadero Center
                              Suite 2600
 3                            San Francisco, California
                                 94111
 4                       BY:  CAELI A. HIGNEY, ESQ.
                              KATHERINE WARREN MARTIN, ESQ.
 5
    Transcribed by:           Echo Reporting, Inc.
 6                            Contracted Court Reporter/
                              Transcriber
 7                            echoreporting@yahoo.com

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1  Wednesday, May 14, 2025                              3:00 p.m.
 2                     P-R-O-C-E-E-D-I-N-G-S
 3                            --oOo--
 4           THE CLERK:  Good afternoon.  We are here in civil
 5  action 11-6714, In Re: Apple iPhone Antitrust Litigation.
 6  The Honorable Thomas S. Hixson presiding.
 7      Counsel, please state your appearances.  Let's start
 8  with Plaintiff's counsel.
 9             MS. AVILES (via Zoom):  Good afternoon.  Stephanie
10  Aviles of Wolf Haldenstein for Plaintiffs.  I'm joined on
11  the --
12             THE COURT:  Good afternoon.
13             MS. AVILES:  -- line with my colleague, Thomas
14  Burt and co-counsel Kyle Wood of Kellogg Hansen.
15             THE COURT:  Good afternoon.
16             MR. PHILLIPS (via Zoom):  Good afternoon --
17             THE CLERK:  Defendants.
18             MR. PHILLIPS:  -- this is Harry -- sorry -- this
19  is Harry Phillips of Gibson Dunn for Apple.  I'm joined by
20  my colleague, Caelia Higney, and we have another colleague
21  on the public line, Katherine Warren Martin, who is
22  listening in as well.
23             THE COURT:  Good afternoon.  I understand that the
24  parties have a dispute concerning where in Spain Professor
25  Stiglitz ought to be deposed.  So Plaintiffs, why don't you
```

1  go first.
2          MS. AVILES:  Thank you, your Honor.  Good
3  afternoon.  Stephanie Aviles for Plaintiff.
4      Your Honor, Apple's email to the Court requesting this
5  hearing omitted material facts that Madrid is an eight-and-
6  a-half-hour-drive away from Professor Stiglitz's residence
7  in Cadaques.  Plaintiffs understood the spirit of the
8  Court's order was to save the witness from arduous travel by
9  ordering Apple to go to Professor Stiglitz or depose him
10 remotely.  Instead, Apple has done neither, effectively
11 trading an eight hour direct transatlantic flight for an
12 eight-and-a-half-hour car ride from Cadaques to Madrid.
13     Your Honor, a quick Google search reveals ample options
14 for hosting the deposition in Cadaques, or at least in
15 hotels in nearby cities.  Figueres in Girona.  Girona itself
16 is home to a commercial airport with 11 gates for domestic
17 and international flights and has some familiar hotels like
18 the Best Western, which has three meeting rooms, and the
19 Double Tree, which has five meeting rooms.  Yet, Apple
20 insists the deposition must take place in Madrid and has
21 offered no other alternative.  If Apple finds it too
22 burdensome to travel to Cadaques, we can proceed remotely
23 with the deposition.  In fact, it's within the Court's
24 discretion to order that.
25     The bottom line, your Honor, is that the

1 unreasonableness and travel concerns that Plaintiffs
2 articulated in their letter brief, still persist because of
3 Apple's insistence that the deposition take place 481 miles
4 away in Madrid.
5     Thank you.
6         THE COURT:  Thank you.
7     And, Apple, let's have your comments please.
8         MR. PHILLIPS:  Yes, thank you, your Honor.
9     In your order last week, you know, you denied
10 Plaintiff's request for a virtual deposition, and instead
11 you held that if Apple wants to depose Professor Stiglitz in
12 person, it must do so in Spain.  And that's just what we are
13 doing.
14     We've noticed the deposition to take place in Madrid in
15 Spain at the offices of Apple's Counsel.  Madrid is the most
16 convenient location for international travel and for
17 arranging office space and deposition support.  And,
18 contrary to what Plaintiff just represented, it's not a
19 difficult place to get to from where Professor Stiglitz
20 resides in Cadaques.  We found that if you search on Google,
21 it's a five-hour train ride, basically, from a nearby town.
22     So we -- Madrid is a convenient location and the
23 Plaintiffs are insisting that we come to Figueres, which is
24 a small town about an hour from Cadaques.  It's not at all
25 accessible, much -- for counsel, much less for court

6

1  reporters, videographers and the like, who would need to
2  attend a deposition.
3      We view this clearly as a tactic to prevent us from
4  taking Professor Stiglitz's deposition in person, as your
5  Honor held that we have a right to do.  And Plaintiff's
6  objection to holding the deposition in Madrid don't hold
7  water.
8      They can -- first -- you know, their main objection to
9  a New York deposition was the burden of transatlantic travel
10 jet lag and the like.  Well, doing it in Madrid clearly
11 solves that problem.
12     Second, Plaintiffs haven't pointed to any particular
13 reason that Professor Stiglitz can't travel to Madrid, such
14 as a preexisting, you know, engagement.  And they can hardly
15 complain that it's burdensome for him to do so, because as
16 they noted in their joint-letter brief, Professor Stiglitz
17 is already traveling all around Europe during summer.  He's
18 going to Seville, he's going to the (indiscernible), he's
19 going to Georgia.  And, in fact, today he gave a speech near
20 Copenhagen in Denmark.  So the idea that it's unduly
21 burdensome to travel to Madrid is just preposterous.
22     He also -- I mean, indeed, he appears to travel to
23 Madrid for work.  The same joint-letter brief that the
24 Plaintiff filed before the Court mentions a meeting with a
25 Spanish finance master, who is -- we found is based in

1 Madrid.  And a prior draft of the brief mentions explicitly
2 that he was traveling to Madrid for meetings.  And in the
3 correspondence we shared with the Court, we found other
4 examples of him giving speeches in Madrid in the summer
5 months.  So Plaintiffs haven't pointed to any specific
6 commitment that prevents him from traveling to Madrid, and
7 it doesn't seem unduly burdensome to do so.
8     And, just on the, you know, the practicalities of --
9 the practicalities here are, we have a deposition that's
10 noticed to take place on May the 30th in Spain.  We have to
11 arrange for court reporters, we have to arrange for
12 videographers.  At this late stage, it's much more
13 convenient to do that in Madrid, which is the legal capital
14 of Spain, which has international law offices where Apple's
15 counsel is based, than to do so in -- in Figueres, which as
16 far as we can tell is a tourist town with some municipal
17 buildings and a Salvador Dali museum.  Or much less,
18 Cadaques, which is a pea-sized village town.
19     So, you know, we -- in this compressed time frame to
20 both arrange the deposition, and also given the exigencies
21 of the schedule here, with expert discovery closing quite
22 soon, we just think that Madrid is the most convenient
23 option for both counsel and Professor Stiglitz to get this
24 -- to get this deposition done in person.
25         THE COURT:  Thank you, Counsel.

8

1       And, Plaintiffs, would you like to reply?
2            MS. AVILES: Yes, your Honor. Thank you.
3       I would just like to point out that opposing Counsel
4  says that it's -- it's not difficult for Professor Stiglitz
5  to get to Madrid, and that same argument can apply to Apple.
6  It's not difficult for Apple to get to Cadaques.
7       And in your order on May 5th, your Honor, you told
8  Apple that Counsel is to go to the witnesses, and Professor
9  Stiglitz, while he may have business travel about Spain at
10 the time, he's not in Madrid on that date. He's in
11 Cadaques. So he doesn't have anything scheduled in Madrid
12 then and to go to Professor Stiglitz would require them to
13 go to Cadaques.
14      And, on the note that opposing Counsel said we are --
15 Plaintiffs are insisting in Figueres. That was just an
16 option and a compromise that Plaintiffs were offering
17 opposing Counsel that, if you feel like Cadaques is too
18 inconvenient, which we just heard they said isn't a hard
19 place to get to from Madrid, if they want to fly into Madrid
20 and touch base with their legal firm and resources there and
21 then travel to Cadaques, then you know, we can meet him and
22 produce Professor Stiglitz's -- I think it's
23 (indiscernible), if I remember correctly. It's only an hour
24 or so from Cadaques. And so, there was that compromise
25 offered, but Apple still insists that it is about their

1 inconvenience, yet Plaintiffs don't see it that way,
2 considering we've heard how easily that Apple -- or Apple
3 saying Professor Stiglitz can get to Madrid.  It's not about
4 Apple's alleged inconvenience and looks more like Apple is
5 doing its best to burden Professor Stiglitz on the day of
6 his deposition, your Honor.
7     Thank you.
8         MR. PHILLIPS:  May I respond, your Honor?
9         THE COURT:  Oh, yes.  Go ahead.
10         MR. PHILLIPS:  Just on the point that Plaintiff's
11 Counsel just made -- raised just now.  This isn't about
12 Apple's convenience, this is about arranging a deposition in
13 a remote location -- faraway location that requires travel
14 for court reporters, videographers -- it requires arranging
15 a deposition in a foreign country on short notice.
16     You know, Apple's Counsel can -- can get to Cadaques,
17 I'm sure, but it's whether we would have somewhere to do the
18 deposition in the first place when we get there, is the
19 issue that we are grappling with and whether we can -- we
20 can arrange for a court reporter and videographer to get
21 there as well, is the primary concern here.
22     Again, you know, it's -- Professor Stiglitz clearly
23 travels to Madrid a decent amount.  It's far more convenient
24 for doing a U.S. litigation deposition.  And he's a paid
25 expert.  He -- and this is a case where his testimony, you

10

1  know, could determine the fate of a case with a class that's
2  half the U.S. population.  It shouldn't be a -- it shouldn't
3  be a major inconvenience for him to travel a little bit to a
4  place that he goes many times, apparently, to do this
5  deposition.
6       It -- I'll leave it at that.  Thank you.
7           THE COURT:  All right.  Thank you, Counsel.  I
8  rule in favor of Apple and I order that Stiglitz's
9  deposition take in Madrid.  I think that Apple is entitled
10 to conduct this important deposition in a major city and
11 does not need to go to a small town, or a medium-sized town.
12      From the joint-discovery letter brief that the parties
13 had filed originally on this issue, Plaintiffs made clear
14 that Professor Stiglitz would be traveling around Europe
15 during his time in Spain this summer.  So I expect that he
16 would be going to places as far as Madrid, or farther, based
17 on what Plaintiffs said in the joint-discovery letter brief.
18 And therefore, I do not think it is a burden for Stiglitz to
19 travel to Madrid for this deposition.  And so, I order that
20 this deposition take place in Madrid.
21      Plaintiffs, is there anything further you wanted to
22 discuss on this call today?
23          MS. AVILES:  Not at this time, your Honor.  Thank
24 you.
25          THE COURT:  Apple, is there anything further that

```
                                                               11
 1  you want to discuss on this call today?
 2           MR. PHILLIPS:  Nothing further, your Honor.  Thank
 3  you.
 4           THE COURT:  All right.  Thank you, Counsel.  I'm
 5  not going to issue a written order.  I've issued my order on
 6  the record and so that's -- the order that I've stated on
 7  the order is the Court's order that the deposition will take
 8  place in Madrid.
 9       And, with that, we're concluded.  Have a good
10  afternoon, Counsel.
11           MS. AVILES:  Thank you, your Honor.
12           MR. PHILLIPS:  Thank you.
13       (Proceedings adjourned at 3:13 p.m.)
14
15
16
17
18
19
20
21
22
23
24
25
```

12

1                CERTIFICATE OF TRANSCRIBER

2

3     I certify that the foregoing is a true and correct
4  transcript, to the best of my ability, of the above pages of
5  the official electronic sound recording provided to me by
6  the U.S. District Court, Northern District of California, of
7  the proceedings taken on the date and time previously stated
8  in the above matter.
9     I further certify that I am neither counsel for,
10 related to, nor employed by any of the parties to the action
11 in which this hearing was taken; and, further, that I am not
12 financially nor otherwise interested in the outcome of the
13 action.

14
15                  [signature]

16            Echo Reporting, Inc., Transcriber
17              Thursday, May 15, 2025