| | |
|---|---|
| THEODORE J. BOUTROUS JR. (SBN 132099)<br>tboutrous@gibsondunn.com<br>DANIEL G. SWANSON (SBN 116556)<br>dswanson@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520 | CYNTHIA E. RICHMAN, D.C. Bar No. 492089*<br>crichman@gibsondunn.com<br>HARRY R. S. PHILLIPS, D.C. Bar No. 1617356*<br>hphillips@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1700 M Street, N.W.<br>Washington, DC 20036<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539 |
| CAELI A. HIGNEY (SBN 268644)<br>chigney@gibsondunn.com<br>JULIAN W. KLEINBRODT (SBN 302085)<br>jkleinbrodt@gibsondunn.com<br>DANA L. CRAIG (SBN 251865)<br>dcraig@gibsondunn.com<br>ELI M. LAZARUS (SBN 284082)<br>elazarus@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | *Attorneys for Defendant Apple Inc.*<br><br>*Admitted pro hac vice |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**JOINT OMNIBUS SEALING MOTION RE: PLAINTIFFS' MOTION TO MODIFY CLASS DEFINITION AND APPROVE NOTICE TO THE CLASS** |

Gibson, Dunn & Crutcher LLP

JOINT OMNIBUS SEALING MOTION RE: PLAINTIFFS' MOTION TO MODIFY CLASS DEFINITION AND APPROVE NOTICE TO THE CLASS, 4:11-cv-06714-YGR

1   Pursuant to Civil Local Rule 79-5 and this Court's order modifying sealing procedures (Dkt. No. 664), the Plaintiffs and Defendant Apple Inc. (the "Parties") file this Joint Omnibus Sealing Motion in connection with Plaintiffs' Motion to Modify Class Definition and Approve Notice to the Class (Dkt. No. 951), to seal documents which contain information the Parties contend is sealable under controlling authority, including the Local Rules. *See* L.R. 79-5. The Parties accordingly move to seal portions of the documents identified in the Declaration of Caeli A. Higney ("Higney Declaration") and the Declaration of Rachele R. Byrd ("Byrd Declaration") filed concurrently herewith.

In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Here, the less-restrictive test for "good cause" applies because the underlying dispute is non-dispositive. *See In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) (applying good cause standard for class certification opposition and related filings). The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Moreover, the Court has previously granted similar requests in this case. *See, e.g.*, Dkt. 631 (Order re: Pending Administrative Motions to Seal, Mar. 29, 2022).

Good cause for sealing each document covered by this motion is described in the Higney Declaration and Byrd Declaration filed concurrently herewith.

## CONCLUSION

The Parties respectfully request that the Court seal the identified information.

Gibson, Dunn & Crutcher LLP

1
JOINT OMNIBUS SEALING MOTION RE: PLAINTIFFS' MOTION TO MODIFY CLASS DEFINITION AND APPROVE NOTICE TO THE CLASS, 4:11-CV-06714-YGR

| | | |
|---|---|---|
| 1 | Dated: May 20, 2025 | WOLF HALDENSTEIN ADLER |
| 2 | | FREEMAN & HERZ LLP |
| 3 | | By:   /s/ *Rachele R. Byrd* |
| | | Rachele R. Byrd |
| 4 | | Mark C. Rifkin |
| | | Matthew M. Guiney |
| 5 | | Thomas H. Burt |
| | | Betsy C. Manifold |
| 6 | | Stephanie Aviles |
| | | 750 B Street, Suite 1820 |
| 7 | | San Diego, CA 92101 |

    KELLOGG, HANSEN, TODD, FIGEL &
    FREDERICK, P.L.L.C.

        David C. Frederick (*pro hac vice*)
        Aaron M Panner (*pro hac vice*)
        Kyle M. Wood (*pro hac vice*)
        Ashle J. Holman (*pro hac vice*)
        Anna K. Link (*pro hac vice*)

    *Plaintiffs' Class Counsel*

Dated: May 20, 2025            GIBSON, DUNN & CRUTCHER LLP

                    By:   /s/ *Caeli A. Higney*
                        Caeli A. Higney
                        Julian W. Kleinbrodt
                        Dana L. Craig
                        Eli M. Lazarus
                        One Embarcadero Center, Suite 2600
                        San Francisco, CA 94111

                        Daniel G. Swanson
                        333 South Grand Avenue
                        Los Angeles, CA 90071

                        Cynthia E. Richman (*pro hac vice*)
                        Harry R. S. Phillips (*pro hac vice*)
                        1700 M Street, N.W.
                        Washington, D.C. 20036

                    *Attorneys for Defendant Apple Inc.*

Gibson, Dunn &
Crutcher LLP

2
JOINT OMNIBUS SEALING MOTION RE: PLAINTIFFS' MOTION TO MODIFY CLASS DEFINITION AND
APPROVE NOTICE TO THE CLASS, 4:11-CV-06714-YGR

## E-FILING ATTESTATION

I, Caeli A. Higney, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the other signatory identified above has concurred in this filing.

*/s/ Caeli A. Higney*
Caeli A. Higney

Gibson, Dunn & Crutcher LLP

3
JOINT OMNIBUS SEALING MOTION RE: PLAINTIFFS' MOTION TO MODIFY CLASS DEFINITION AND APPROVE NOTICE TO THE CLASS, 4:11-CV-06714-YGR