THEODORE J. BOUTROUS JR. (SBN 132099)
  tboutrous@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
  dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CAELI A. HIGNEY (SBN 268644)
  chigney@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
  jkleinbrodt@gibsondunn.com
DANA L. CRAIG (SBN 251865)
  dcraig@gibsondunn.com
ELI M. LAZARUS (SBN 284082)
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

CYNTHIA E. RICHMAN, D.C. Bar No. 492089*
  crichman@gibsondunn.com
HARRY R. S. PHILLIPS, D.C. Bar No. 1617356*
  hphillips@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Apple Inc.*

*Admitted *pro hac vice*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**DECLARATION OF CAELI A. HIGNEY IN SUPPORT OF JOINT OMNIBUS SEALING MOTION** |

Pursuant to Civil Local Rule 79-5, I, Caeli A. Higney, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am an attorney at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple", together with Plaintiffs, "Parties") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration in support of the Parties' Joint Omnibus Sealing Motion, filed concurrently herewith ("Motion").

3. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that potential bad actors will exploit any release of Apple's highly sensitive, proprietary information for their financial gain and other illicit purposes. As such, in the regular course of conducting its business, Apple takes extensive measures to protect the confidentiality of its proprietary systems and sensitive data.

4. In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Here, the less-restrictive good cause test applies because the underlying dispute is non-dispositive. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5, and this Court has previously done so in this action. *See* Dkt. 631 (Order re: Pending Administrative Motions to Seal, Mar. 29, 2022); *see also*, *e.g.*, *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration in support of sealing.

other confidential research, development, or commercial information." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). And a request for protection of information that "might become a vehicle for improper purposes" satisfies even the higher "compelling reasons" standard. *Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 WL 11357787, at *4 (N.D. Cal. July 2, 2008).

5. Apple seeks to seal non-public and competitively sensitive financial information, business information, and data concerning consumers' purchases which, if revealed, would cause Apple economic harm and put it at a competitive disadvantage. Apple takes many steps, and undertakes substantial efforts, to safeguard such highly sensitive proprietary information. In fact, most Apple employees do not have access to much of this information as a result of Apple's efforts to safeguard consumer privacy and the integrity of Apple data and systems. Disclosure of certain portions of this information could aid malicious actors seeking unauthorized access and data exfiltration. There is no less restrictive alternative because the redactions are narrowly applied to protect only specific confidential information related to Apple's business and customers.

6. Below is a chart detailing the specific items that are sealable for the reasons explained herein:

| Document or Portion of Document Sought to be Sealed | Portions of Document Sought to Be Sealed | Evidence Offered in Support of Sealing |
|---|---|---|
| Dkt. 953-8: Plaintiffs' Notice of Motion and Motion to Modify Class Definition and Approve Notice to the Class; Memorandum of Points and Authorities (attached hereto as **Exhibit 1**) | <u>Data Fields</u>: Page 8, line 21 after "information such as." and line 22 before "for each"<br><br><u>App Store Transaction Data and Financial Information</u>: Page 8, line 21 after "information such as" and before "for each"<br>Page 8, line 24 after "matched approximately" and before "Apple IDs"<br>Page 9, beginning of line 2 and before "App Store transactions"<br>Page 9, line 23 after "damages are" and before "The total"<br>Page 10, line 3 after "damages are" and line 4 before "The total" | <u>Data Fields</u>: Public disclosure of this information would potentially assist and encourage bad actors in efforts to access and exfiltrate Apple's confidential data and personal identifiable information concerning consumers. Public disclosure of this confidential data would also harm Apple's competitive standing. |

Gibson, Dunn & Crutcher LLP

| Document or Portion of Document Sought to be Sealed | Portions of Document Sought to Be Sealed | Evidence Offered in Support of Sealing |
|---|---|---|
| | (As highlighted in red in C. Higney Decl., Ex. 1, simultaneously filed with this omnibus motion. The yellow highlighting in this document represents the initial redactions applied to the document when filed on the public docket but which the Parties no longer seek to maintain under seal.) | App Store Transaction Data and Financial Information: The redacted material reflects confidential information concerning Apple's financial information and user data. Public disclosure of this confidential data would harm Apple's competitive standing. |
| Dkt. 953-3: Byrd Decl. Ex. A (excerpts from March 7, 2025 Expert Report of Joseph R. Stiglitz) (attached hereto as **Exhibit 2**) | Apple Confidential Financial Information: Page 126, ¶ 247 after "iPhones are" and before "and have increased"; after "percent in 2017" to and before "percent in 2023" Page 126, ¶ 248 after "revenue, within the range of" and before "percent for iPhones" Page 126, ¶ 248 after "are within the range of" and before "percent for iPhones" Page 126, ¶ 248 after "remained above" and after "494" Page 131 fn. 514 after "note that" and before "percent" Page 136, ¶ 266 after "iPads.$^{535}$" and before "$^{536}$ The high" Page 136 fn. 536 after "rate to be" after "*See*" Page 137, ¶ 268 after "industry analyses." and before "$^{540}$ Additionally"; after "this included" through end of paragraph Page 137 fn. 540 after "*Ibid*" and before "*See*" Page 139, ¶ 273 after "revenue has exceeded" and before "in the smartphone"; after stable between: and before "since 2017"; after "units has exceeded" and before "since 2011"; | Apple Confidential Financial Information: The identified portions of this document contain non-public information concerning Apple's financial information. This information is treated as highly confidential, even within Apple. In accordance with prior Court orders, Apple has proposed redacting financial information from the past three years. Public disclosure of this confidential data would harm Apple's competitive standing. Apple Codenames: Apple has also redacted confidential codenames for projects. Public disclosure of this confidential data would harm Apple's competitive standing and potentially assist bad actors in efforts to access Apple's non-public data. |

| Document or Portion of Document Sought to be Sealed | Portions of Document Sought to Be Sealed | Evidence Offered in Support of Sealing |
|---|---|---|
| | after "varied between" and before "and"; after "and" and before "since 2018"<br>Page 139, ¶ 274 after "Since 2012" and before "smartphone users"<br>Page 140, Fig. 7 recent years in chart<br>Page 140, Fig. 8 recent years in chart<br>Page 155, ¶ 301 after "is generally over" and before "in the tablet"; after "generally above" and before "Apple's substantial"<br>Page 155, Fig. 9 recent years in chart<br>Page 156, Fig. 10 recent years in chart<br>Page 156, ¶ 302 after "stated that" and before "Apple cites"; after "cites this" and before "repeatedly in"<br>Page 158, ¶ 305 after "remained above" and before "for most of"<br><br>Apple Codenames:<br>Page 130 fn. 512 after "iPhone models," and before "I am"<br>Page 148 fn. 583 after "coded as" and before "are the iPad"<br><br>(As highlighted in yellow in C. Higney Decl., Ex. 2, simultaneously filed with omnibus motion.) | |
| Dkt. 953-4: Byrd Decl. Ex. B (Declaration of Darryl Thompson) (attached hereto as **Exhibit 3**) | Apple User Data:<br>Page 4, ¶ 6 after "such as" and before "for every payor"<br>Page 6, ¶ 14 after "missing the" through end of paragraph<br>Page 7, ¶ 16 after "from approximately" and before "to 246 million"<br><br>Apple Data Fields:<br>Page 5, ¶ 9 after "records) for approximately" and before "records"<br>Page 5, ¶ 10 after "records from approximately" and before "to approximately" | Apple objects to Plaintiffs' assertion that Darryl Thompson's Declaration includes sealable "trade secret" information.<br><br>However, Apple has identified portions of the declaration that should be sealed because those portions contain non-public information concerning Apple's user data and data fields. |

| Document or Portion of Document Sought to be Sealed | Portions of Document Sought to Be Sealed | Evidence Offered in Support of Sealing |
|---|---|---|
|  | Page 5, ¶ 11 after "included" through end of paragraph<br>Page 6, ¶ 13 after "provided approximately" and before "records that we"<br>Page 6, ¶ 15 from beginning of paragraph and before "we commenced"<br>Page 8, ¶ 18 after "three fields" through end of paragraph<br><br>(Apple's sealing requests are highlighted in <mark>yellow</mark> in C. Higney Decl., Ex. 3, simultaneously filed with omnibus motion. Plaintiffs' sealing requests are highlighted in <mark>blue</mark>.) | Apple User Data: The identified portions of this document contain non-public information concerning Apple's user data. The redacted information is treated as highly confidential, even within Apple. Most employees do not have access to this information as a result of Apple's efforts to safeguard consumer privacy and confidentiality and the integrity of Apple data and systems. Public disclosure of Apple's confidential data would harm its competitive standing. Public disclosure of this information could potentially assist bad actors in efforts to access Apple's non-public data.<br><br>Apple Data Fields: Public disclosure of the redacted data fields could potentially assist bad actors in efforts to access Apple's non-public data. Public disclosure of Apple's confidential data would harm its competitive standing. |
| Dkt. 953-5: Byrd Decl. Ex. C (Excerpts from Redacted Version of the March 7, 2025 Expert Report of | Apple User and Transaction Data: Page 8, ¶ 21 after "table, with" and before "which I"; after "consists of approximately" and before "App Store | Apple User and Transaction Data: The identified portions of this document contain |

| Document or Portion of Document Sought to be Sealed | Portions of Document Sought to Be Sealed | Evidence Offered in Support of Sealing |
|---|---|---|
| Minjae Song Ph.D.) (attached hereto as **Exhibit 4**) | transactions"; after "associated with" and before "unique anonymized" <br> Page 38, ¶ 70 after "deduplicated approximately" and before "potential payors"; after "customers from approximately" and before "records to"; after "payors to" and before "associated transactions" <br> Page 39, ¶ 74 after "able to match" and before "positive spend"; after "payors (and" and before "transactions)" <br> Page 104, Fig. 23 rows "Imaging (Photo & Video + Graphics & Design)" and "Health & Fitness + Medical" <br> Page 104, Fig. 24 rows "Spending (in $ millions)" and "Net Harm (in $ millions)" <br> Page 105, Fig. 24 notes after "amount to" and before "in gross" <br> Page 105, Fig. 25 rows "Spending (in $ millions)" and "Net Harm (in $ millions)" <br> Page 105, Fig. 25 notes after "amount to" and before "in gross" <br><br> Apple Data Fields: <br> Page 8, ¶ 21 after "table contains" and before "the Fact table" <br> Page 8, ¶ 21 after "provide addition" and before "The updated" <br><br> (As highlighted in yellow in C. Higney Decl., Ex. 4, simultaneously filed with omnibus motion.) | non-public information concerning Apple's user and transaction data. The redacted information is treated as highly confidential, even within Apple. Most employees do not have access to this information as a result of Apple's efforts to safeguard consumer privacy and confidentiality and the integrity of Apple data and systems. Public disclosure of Apple's confidential data would harm its competitive standing. <br><br> Apple Data Fields: Public disclosure of the redacted data fields could potentially assist bad actors in efforts to access Apple's non-public data. Public disclosure of Apple's confidential data would harm its competitive standing. |
| Dkt. 953-7: Byrd Decl. Ex. I (January 17, 2025 Letter) (attached hereto as **Exhibit 5**) | Page 1, ¶ 2 after "includes two columns" through end of the page <br><br> (As highlighted in yellow in C. Higney Decl., Ex. 5, simultaneously filed with omnibus motion.) | This identified portions of this document discuss non-public information concerning Apple's user data, as well as security precautions surrounding that data. This information is treated as highly confidential, even within Apple. Public |

| Document or Portion of Document Sought to be Sealed | Portions of Document Sought to Be Sealed | Evidence Offered in Support of Sealing |
|---|---|---|
| | | disclosure of Apple's confidential data would harm its competitive standing and potentially assist bad actors in efforts to access Apple's non-public data. |
| Dkt 957-1: Defendant Apple Inc.'s Opposition to Plaintiffs' Motion to Modify Class Definition and Approve Notice to the Class (attached hereto as **Exhibit 6**) | Apple User Data<br>Page 18, line 25 after "approximately" and before "payor records"<br><br>(As highlighted in red in C. Higney Decl., Ex. 6, simultaneously filed with this omnibus motion. The yellow and blue highlighting in this document represent the redactions initially applied when the document was filed on the public docket but which the Parties no longer seek to maintain under seal.) | Apple User Data:<br>The identified portions of this document contain non-public information concerning Apple's user data. This information is treated as highly confidential, even within Apple. Most employees do not have access to this information as a result of Apple's efforts to safeguard consumer privacy and confidentiality and the integrity of Apple data and systems. Public disclosure of Apple's confidential data would harm its competitive standing. |
| Dkt. 957-2: Declaration Of Eli M. Lazarus in Support of Apple's Opposition to Plaintiffs' Motion to Modify Class Definition and Approve Notice to the Class (attached hereto as **Exhibit 7**) | Apple Data Fields<br>Page 4, line 14 after "identifiers" and before "because"<br><br>(As highlighted in yellow in C. Higney Decl., Ex. 7, simultaneously filed with omnibus motion.) | Apple Data Fields:<br>The identified portions of this document contain non-public information concerning Apple's user data. Public disclosure of the data fields could potentially assist bad actors in efforts to access Apple's non-public data. Public disclosure of Apple's confidential data would harm its competitive standing. |

| Document or Portion of Document Sought to be Sealed | Portions of Document Sought to Be Sealed | Evidence Offered in Support of Sealing |
|---|---|---|
| | | |
| Dkt. 957-8: Lazarus Decl. Ex. 8 (attached hereto as **Exhibit 8**) | Apple Data Fields:<br>Page 1 after "combinations of" and before "corresponding to all"<br><br>(As highlighted in yellow in C. Higney Decl., Ex. 8, simultaneously filed with omnibus motion.) | Apple Data Fields:<br>The identified portions of this document contain non-public information concerning Apple's user data. Public disclosure of the data fields could potentially assist bad actors in efforts to access Apple's non-public data. Public disclosure of Apple's confidential data would harm its competitive standing. |
| Dkt. 957-9: Lazarus Decl. Ex. 9 (Excerpt of Mar. 7, 2025 Expert Report of Minjae Song Ph.D.) (attached hereto as **Exhibit 9**) | Apple User and Transaction Data:<br>Page 3, ¶ 10 after "includes" and before "that is necessary"<br>Page 38, ¶ 70 after "deduplicated approximately" and before "potential payors"; after "from approximately" and before "records to"; after "payors to" and before "associated transactions"<br>Page 43, ¶ 83 after "harmed Class members total" and before "and the "negative" damages"; after "unharmed Class members total" and before "The sum of"; after "estimated at" and before "with a standard"; after "error of" and before "This standard error"; after "falls between" and before "and"; after "and" and before "124"<br>Page 44, ¶ 84 after "harmed Class members total" and before "while the"; after "unharmed Class members total" and before "The sum of"; after "estimated total of" and before "damages, with a"; after "standard error of" and before "This standard | Apple User and Transaction Data:<br>The identified portions of this document contain non-public information concerning Apple's user and transaction data. The redacted information is treated as highly confidential, even within Apple. Most employees do not have access to this information as a result of Apple's efforts to safeguard consumer privacy and confidentiality and the integrity of Apple data and systems. Public disclosure of Apple's confidential data would harm its competitive standing. |

| Document or Portion of Document Sought to be Sealed | Portions of Document Sought to Be Sealed | Evidence Offered in Support of Sealing |
|---|---|---|
| | error"; after "falls between" and before "125"<br>Page 44, Fig. 13 rows "Spending (in $ millions)" and "Net Harm (in $ millions)"<br>Page 44 Fig. 13 notes after "damages estimates are" and before "for 'Flexible"; after "Pricing' and" and before "for 'Price Tiers"; after "amount to" and before "in gross"<br>Page 104, Fig. 23 rows "Imaging (Photo & Video + Graphics & Design)" and "Health & Fitness + Medical"<br>Page 104, Fig. 24 rows "Spending (in $ millions)" and "Net Harm (in $ millions)"<br>Page 105, Fig. 24 notes after "amount to" and before "in gross"<br>Page 105, Fig. 25 rows "Spending (in $ millions)" and "Net Harm (in $ millions)"<br><br>(As highlighted in yellow in C. Higney Decl., Ex. 9, simultaneously filed with omnibus motion.) | |
| Dkt. 957-11: Lazarus Decl. Ex. 11 (Excerpt of Apr. 16, 2025 Supplemental Expert Report of Darryl Thompson) (attached hereto as **Exhibit 10**) | Apple Data Fields:<br>Page 2, ¶ 8 after "contain information" and before "for every"<br>Page 3, ¶ 9 after "create a primary" and before "I understand"<br>Page 4, ¶ 13 after "included" through end of paragraph<br>Page 4, ¶ 16 after "missing the" through end of paragraph<br>Page 4, ¶ 17 after "additional" and before "we commenced"<br>Page 5, ¶ 17(e) after "matched on" and before "This tier produced"; after "is a match on" and before "This tier is"<br>Page 6, ¶ 20 after "three fields"<br><br>Apple User Data: | Apple Data Fields: Public disclosure of the redacted data fields could potentially assist bad actors in efforts to access Apple's non-public data. Public disclosure of Apple's confidential data would harm its competitive standing.<br><br>Apple User Data: The identified portions of this document contain non-public information concerning Apple's user data. The redacted information is treated as |

| Document or Portion of Document Sought to be Sealed | Portions of Document Sought to Be Sealed | Evidence Offered in Support of Sealing |
|---|---|---|
| | Page 3, ¶ 11 after "approximately" and before "records"<br>Page 3, ¶ 12 after "approximately" through end of paragraph<br>Page 4, ¶ 13 after "approximately" and before "records"<br>Page 4, ¶ 15 after "approximately" and before "records"<br>Page 4, ¶ 16 after "for some" and before "records"; after "missing approximately: and before "records"<br>Page 6, ¶ 18 after "from approximately" and before "to approximately"<br><br>(As highlighted in yellow in C. Higney Decl., Ex. 10, simultaneously filed with omnibus motion.) | highly confidential, even within Apple.  Most employees do not have access to this information as a result of Apple's efforts to safeguard consumer privacy and confidentiality and the integrity of Apple data and systems. Public disclosure of Apple's confidential data would harm its competitive standing. |
| Dkt. 957-12: Lazarus Decl. Ex. 12 (Mar. 28, 2025 Letter from Eli Lazarus to Mark Rifkin and Kyle Wood) (attached hereto as **Exhibit 11)** | Apple User Data:<br>Page 1 after "applied here,' the" and before "payor records provided"<br><br>(As highlighted in yellow in C. Higney Decl., Ex. 11, simultaneously filed with omnibus motion.) | Apple User Data:<br>The identified portions of this document contain non-public information concerning Apple's user data.  The redacted information is treated as highly confidential, even within Apple.  Most employees do not have access to this information as a result of Apple's efforts to safeguard consumer privacy and confidentiality and the integrity of Apple data and systems. Public disclosure of Apple's confidential data would harm its competitive standing. |
| Dkt. 957-14: Lazarus Decl. Ex. 16 (Apr. 1, 2025 Email from Eli Lazarus and Mar. 17, 2025 Email from | Apple Data Fields:<br>Page 1 after "please identify the" and before "in the produced"; after "along | Apple Data Fields:<br>Public disclosure of the redacted data fields could potentially assist bad |

10
DECLARATION OF CAELI A. HIGNEY IN SUPPORT OF JOINT OMNIBUS SEALING MOTION
4:11-CV-06714-YGR

| Document or Portion of Document Sought to be Sealed | Portions of Document Sought to Be Sealed | Evidence Offered in Support of Sealing |
|---|---|---|
| Katherine Warren Martin) (attached hereto as **Exhibit 12**) | with the" and before "that JND"; after "from those" and before "accounts." Page 2 after "a list of the" and before "values for App" <br><br>(As highlighted in yellow in C. Higney Decl., Ex. 12, simultaneously filed with omnibus motion.) | actors in efforts to access Apple's non-public data. Public disclosure of Apple's confidential data would harm its competitive standing. |
| Dkt. 957-17: Declaration of Jeffrey T. Prince in Support of Apple's Opposition to Plaintiffs' Motion to Modify Class Definition and Approve Notice to the Class (attached hereto as **Exhibit 13**) | Apple User and Transaction Data: Page 3, ¶ 8 after "excludes approximately" and before "iPod touch"; after "more than" and before "in billings" Page 4, Ex. 1 last four rows <br><br>Apple Data Fields: Page 9 fn. 29 after "the associated" and before "also attempt" <br><br>(As highlighted in yellow in C. Higney Decl., Ex. 13, simultaneously filed with omnibus motion.) | Apple User and Transaction Data: The identified portions of this document contain non-public information concerning Apple's user and transaction data. The redacted information is treated as highly confidential, even within Apple. Most employees do not have access to this information as a result of Apple's efforts to safeguard consumer privacy and confidentiality and the integrity of Apple data and systems. Public disclosure of Apple's confidential data would harm its competitive standing. <br><br>Apple Data Fields: Public disclosure of the redacted data fields could potentially assist bad actors in efforts to access Apple's non-public data. Public disclosure of Apple's confidential data would harm its competitive standing. |

| Document or Portion of Document Sought to be Sealed | Portions of Document Sought to Be Sealed | Evidence Offered in Support of Sealing |
|---|---|---|
| Dkt. 962-1: Plaintiffs' Reply in Support of Motion to Modify Class Definition and Approve Notice to the Class (attached hereto as **Exhibit 14**) | <u>Apple User and Transaction Data</u>: Page 4, line 19 after "approximately" and before "App Store"<br><br>(As highlighted in red in C. Higney Decl., Ex. 14, simultaneously filed with omnibus motion. The yellow highlighting in this document represents the initial redactions applied to the document when filed on the public docket but which the Parties no longer seek to maintain under seal.) | <u>Apple User and Transaction Data</u>: The identified portions of this document contain non-public information concerning Apple's user and transaction data. The redacted information is treated as highly confidential, even within Apple. Most employees do not have access to this information as a result of Apple's efforts to safeguard consumer privacy and confidentiality and the integrity of Apple data and systems. Public disclosure of Apple's confidential data would harm its competitive standing. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on May 20, 2025, in San Francisco, California.

/s/ *Caeli A. Higney*
Caeli A. Higney