BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
STEPHANIE AVILES (350289)
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com
byrd@whafh.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
rifkin@whafh.com
guiney@whafh.com
burt@whafh.com

*Class Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR<br><br>**DECLARATION OF RACHELE R. BYRD IN SUPPORT OF JOINT OMNIBUS SEALING MOTION** |

I, Rachele R. Byrd, declare as follows:

1. I am an attorney duly licensed to practice before all the courts of the State of California. I am a partner of the law firm Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), Class Counsel for Plaintiffs. I am familiar with JND Legal Administration's ("JND") treatment of highly proprietary and confidential information, based on my personal experience representing Plaintiffs and retaining and working with JND in its deduplication of Apple's payor data.[1] Unless otherwise indicated, I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. I submit this declaration pursuant to Civil Local Rule 79-5 in support of the parties' Joint Omnibus Sealing Motion to seal certain portions of documents filed in connection with Plaintiffs' Motion to Modify Class Definition and Approve Notice to the Class (ECF No. 951).

3. Plaintiffs move to seal: (1) portions of the Declaration of Darryl Thompson (the "Thompson Declaration") because it contains JND's confidential and proprietary information (*see* ECF Nos. 952-2); (2) portions of the Supplemental Expert Report of Darryl Thompson (the "Thompson Supplemental Expert Report"), attached as Exhibit 11 to the Declaration of Eli M. Lazarus in Support of Apple's Opposition to Plaintiffs' Motion to Modify Class Definition and Approve Notice to the Class ("Lazarus Declaration") (ECF No. 957-11); and (3) Exhibit 20 to the Lazarus Declaration, which is portions of the deposition transcript of plaintiff Edward Lawrence and contains Mr. Lawrence's personally identifiable information, specifically his email addresses and a phone number.

4. In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense;

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5, and this Court has previously done so in this action. *See* ECF No. 631 (Order re: Pending Administrative Motions to Seal, Mar. 29, 2022); *see also, e.g., Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, ECF Nos. 548-1, 554 (N.D. Cal. Apr. 13 & 22, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 5:13-00282-EJD, ECF Nos. 76, 82 (N.D. Cal. Oct. 8, 2018). I am personally familiar with JND's safeguarding of its proprietary trade secret information, but if the Court deems this declaration insufficient, Plaintiffs respectfully request that they be permitted to file a further declaration in support of sealing.

-1-

and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). Here, the less-restrictive good cause test applies because the underlying dispute is non-dispositive. The Court has "broad latitude" "to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (emphasis in original). And a request for protection of information that "might become a vehicle for improper purposes," "such as the use of records to . . . release trade secrets" satisfies even the higher "compelling reasons" standard. *Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 WL 11357787, at *4 (N.D. Cal. July 2, 2008). *See also Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-HSG, 2018 WL 6002319, at *1 (N.D. Cal. Nov. 15, 2018) ("Courts have found that 'confidential business information' in the form of '. . . business strategies' satisfies the 'compelling reasons' standard.") (citation omitted).

5.    Plaintiffs requested JND evaluate a sample data set of Apple Payor Data that Apple produced and subsequently deduplicate the Payor Data. The Thompson Declaration and the Supplemental Thompson Report discuss confidential client information and also the steps JND took to deduplicate/rollup the Apple Payor Data. The processes and steps JND took to accomplish the deduplication of payor data constitute JND's proprietary information. JND relies on the methods for deduplication that Mr. Thompson employed, and explained in his Declaration and Supplemental Report, as a competitive differentiator in the claims administration field. These methods are trade secrets, and revelation to the public or to competitors would damage Mr. Thompson's and JND's ability to compete within the field. Filing the portions of Thompson Declaration identified below under seal will not in any way inhibit the public's ability to understand the proceedings, as the information was offered by Mr. Thompson only to explain how he deduplicated Apple's Payor Data.

6.    Furthermore, portions of Exhibit 20 to the Lazarus Declaration contain Mr. Lawrence's personally identifiable information, specifically his email addresses and a phone

-2-

1  number. Disclosing this information would place Mr. Lawrence at risk of identity theft and
2  invasion of privacy. This Court has granted motions to seal personal identifying information. *See,*
3  *e.g., Epic Games, Inc. v. Apple Inc.*, No. 4:20-CV-05640-YGR, 2021 WL 1925460, at *3 (N.D.
4  Cal. Apr. 30, 2021) (Granting motion to seal "personal identifying information, including names,
5  phone numbers, and email addresses.") Plaintiffs respectfully request the Court also seal the
6  below-identified portions of Exhibit 20 to the Lazarus Declaration.
7        7.    Below is a chart detailing the specific items that are sealable for the reasons
8  explained herein:

| Document or Portion of Document Sought to be Sealed | Portions of Document Sought to Be Sealed | Evidence Offered in Support of Sealing |
|---|---|---|
| Dkt. 952-2: Declaration of Rachele R. Byrd in Support of Plaintiffs' Motion to Modify Class Definition and Approve Notice to the Class, Ex. B (Declaration of Darryl Thompson) | ¶ 3 (entire); and<br>¶ 15 (entire, including subsections (a) through (h)).<br><br>(As highlighted in blue in C. Higney Decl., Ex. 3) | These portions of the Thompson Declaration discuss confidential client information and the steps JND took to deduplicate/rollup the Apple payor data. The processes and steps JND took to accomplish the deduplication constitute JND's proprietary information. |
| Dkt. 957-11: Declaration of Eli M. Lazarus in Support of Apple's Opposition to Plaintiffs' Motion to Modify Class Definition and Approve Notice to the Class ("Lazarus Decl."), Ex. 11 (Supplemental Thompson Expert Report) | ¶ 4 (entire); and<br>¶ 17 (entire, including subsections (a) through (h)).<br><br>(As highlighted in blue in C. Higney Decl., Ex. 3) | These portions of the Thompson Supplemental Expert Report discuss confidential client information and the steps JND took to deduplicate/rollup the Apple payor data. The processes and steps JND took to accomplish the deduplication constitute JND's proprietary information. |

| Document or Portion of Document Sought to be Sealed | Portions of Document Sought to Be Sealed | Evidence Offered in Support of Sealing |
|---|---|---|
| Dkt. 957-16: Declaration of Eli M. Lazarus in Support of Apple's Opposition to Plaintiffs' Motion to Modify Class Definition and Approve Notice to the Class, Ex. 20 (Excerpts of July 23, 2020 Deposition of Edward Hamlin Lawrence, Jr.) | Email addresses at 71:1, 71:5, and 71:8, and telephone number at 71:19<br><br>(As highlighted in R. Byrd Decl., Ex. 1) | The contact information of a named plaintiff may be sealed to protect their personal privacy and against the risk of identity theft. |

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. Executed May 20, 2025, at Poway, California.

           *Rachele R. Byrd*
           RACHELE R. BYRD