UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 11-cv-06714-YGR (TSH)<br><br>**ORDER RE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 959, 969 |

In ECF No. 969 Apple has filed a motion to seal the unredacted versions of two items. The first is a joint discovery letter brief, which has three references to the amount of money the Plaintiff class is suing Apple for. The second is an excerpt from an expert report by Minjae Song, which provides some information about how the damages number was derived. Because the underlying discovery dispute is non-dispositive, Apple needs to satisfy the less demanding "good cause" test instead of the more demanding "compelling reason" test.

The Court accepts that the highlighted items in the Song report excerpt satisfy this test. However, the Court does not see how there is good cause to redact the bottom line damages number set forth in the joint discovery letter brief. That doesn't reveal anything confidential. Accordingly, the Court **ORDERS** Apple to file the Song report excerpt in the public record with the highlighted items redacted, and the Court **ORDERS** Apple to file the joint discovery letter brief in the public record with no redactions, within two days.

Also, the original motion to consider whether another party's material should be sealed included the expert report of Daniel McFadden, but Apple did not ask to seal any portion of that report in its "omnibus" motion at ECF No. 969. Accordingly, if this means that Apple is not seeking to seal the McFadden report, then the Court **ORDERS** Apple to file that report in the

public record without redaction within two days. Alternatively, if that is not what Apple meant, then the Court **ORDERS** Apple to file a clarification of its intent within two days.

**IT IS SO ORDERED.**

Dated: May 28, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge

2