THEODORE J. BOUTROUS JR., SBN 132099
tboutrous@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CAELI A. HIGNEY, SBN 268644
chigney@gibsondunn.com
JULIAN W. KLEINBRODT, SBN 302085
jkleinbrodt@gibsondunn.com
DANA L. CRAIG, SBN 251865
dcraig@gibsondunn.com
ELI M. LAZARUS, SBN 284082
elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*)
crichman@gibsondunn.com
HARRY R. S. PHILLIPS (D.C. Bar No. 1617356; *pro hac vice*)
hphillips2@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

Attorneys for Defendant Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR<br><br>**DECLARATION OF ELI M. LAZARUS IN SUPPORT OF STIPULATION AND [PROPOSED] ORDER MODIFYING EXPERT DISCOVERY SCHEDULE IN PART**<br><br>Hon. Yvonne Gonzalez Rogers |

I, Eli M. Lazarus, declare as follows:

1. I am an attorney duly licensed to practice before all the courts of the State of California. I am an attorney of the law firm Gibson, Dunn & Crutcher LLP, Counsel for Defendants. Unless otherwise indicated, I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. I submit this declaration pursuant to Civil Local Rule 6-2(a) in support of the Stipulation and [Proposed] Order Modifying Expert Discovery Schedule.

3. Plaintiffs and Defendant Apple Inc. (together, the "Parties") submitted the accompanying Stipulation and [Proposed] Order Modifying Expert Discovery Schedule to extend the time by two (2) weeks for Apple to serve an expert report rebutting Mr. Darryl Thompson's expert opinions, and to extend the time for Plaintiffs to take the deposition of that rebuttal expert by two (2) weeks or as necessary to accommodate that expert's obligations in a trial in unrelated litigation.

4. Between March and May 2025, the Parties had disagreements regarding the method by which Mr. Thompson's backup materials would be made available to Apple and its consultants, which the Parties were able to resolve without the need for motion practice.

5. Pursuant to the compromise the Parties reached, Plaintiffs transmitted Mr. Thompson's backup materials, which contained Apple Payor Data and what Plaintiffs designated as their legal administrator's Highly Confidential Source Code Material, to Apple's consultants on May 21, 23, and 28, 2025.

6. Given the circumstances, Defendant proposed that Parties stipulate to extend the time by two (2) weeks for Apple to serve an expert report rebutting Mr. Thompson's opinions; and Plaintiffs proposed that the Parties stipulate to extend time for Plaintiffs to take the deposition of that rebuttal expert by two (2) weeks or as necessary to accommodate that expert's obligations in a trial in unrelated litigation.

7. The Parties met and conferred on May 27, 2025, agreeing on the proposed extensions, and thus believe that good cause exists to so amend the Case Management and Pretrial

Order (as previously modified, including by ECF No. 940) with all other case deadlines and the February 2, 2026 trial date to remain unchanged.

8. Pursuant to Civil Local Rule 6-2(a)(2), the previous time modifications in this case are as follows:

    a. On March 29, 2012, the Court granted a motion to shorten time on briefing and hearing of Consumer Plaintiffs' Motion for Appointment of Interim Class Counsel (ECF No. 31);

    b. On April 13, 2012, the Court extended Defendant's time to respond to Plaintiffs' Consolidated Complaint and extended time to file an opposition brief (ECF No. 35);

    c. On May 14, 2012, the Court extended Defendant's deadline for filing its reply in support of its motion to dismiss Plaintiffs' Consolidated Complaint (ECF No. 49);

    d. On July 25, 2012, the Court extended Plaintiffs' time to file an Amended Complaint (ECF No. 77);

    e. On October 18, 2012, the Court extended Defendant's time to respond to Plaintiffs' Amended Consolidated Class Action Complaint (ECF No. 83);

    f. On November 15, 2012, the Court extended the briefing schedule on Defendant's motion to dismiss Plaintiffs' Amended Consolidated Complaint (ECF No. 93);

    g. On January 24, 2013, the Court continued the hearing on Defendant's motion to dismiss Plaintiffs' Amended Consolidated Class Action Complaint (ECF No. 105);

    h. On September 11, 2013, the Court extended by seven days Defendant's deadline to respond to Plaintiffs' Second Amended Complaint (ECF No. 114);

    i. On September 5, 2019, the Court continued the Case Management Conference from September 13, 2019 to October 7, 2019 (ECF No. 170);

    j. On January 9, 2020, the Court continued a further Case Management Conference from January 13, 2020 to August 3, 2020 (ECF No. 197);

    k. On March 26, 2020, the Court extended the deadline to complete private mediation to July 30, 2020 (ECF No. 205);

  l. On June 2, 2020, the Court extended the briefing schedule for Plaintiffs' Motion for Class Certification (ECF No. 209);

  m. On July 31, 2020, the Court continued the Case Management Conference from August 3, 2020 to January 11, 2021 (ECF No. 217);

  n. On January 8, 2021, the Court extended the briefing schedule for Plaintiffs' Motion for Class Certification (ECF No. 362);

  o. On January 20, 2021, the Court continued the discovery hearing from January 21, 2021 to January 25, 2021 (ECF No. 375);

  p. On June 28, 2021, the Court extended Defendant's time to reply to Plaintiffs' Administrative Motion for Entry of Supplemental Protective Orders (ECF No. 464);

  q. On August 16, 2021, the Court extended the briefing schedule for Defendant's Motion to Seal (ECF No. 484);

  r. On September 30, 2021, the Court extended the Motion for Class Certification reply brief by one week (ECF No. 541);

  s. On October 22, 2021, the Court extended the briefing schedule for Plaintiffs' Motion to Seal (ECF No. 560);

  t. On April 21, 2022, the Court set new case management and discovery deadlines following the April 11, 2022 hearing (ECF No. 640);

  u. On August 12, 2022, the Court extended the briefing schedule for Plaintiffs' Renewed Motion for Class Certification (ECF No 659);

  v. On December 19, 2022, the Court extended the briefing schedule for Plaintiffs' Renewed Motion for Class Certification (ECF No. 674);

  w. On March 6, 2023, the Court continued the Class Certification hearing from June 20, 2023 to June 23, 2023 (ECF No. 685);

  x. On April 3, 2023, the Court extended the briefing schedule for Defendant's Daubert motion (ECF No. 698); and

  y. On October 11, 2024, the Court extended the time for exchanging expert

reports and filing dispositive/Daubert/decertification motions (ECF No. 933);

z. On February 7, 2025, the Court extended the expert disclosure schedule (ECF No. 940).

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. Executed May 30, 2025 at San Francisco, California.

                                                */s/ Eli M. Lazarus*
                                                  Eli M. Lazarus