**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE APPLE IPHONE ANTITRUST LITIGATION** | Case No.: 4:11-CV-06714-YGR<br><br>**ORDER GRANTING IN PART MOTION TO MODIFY CLASS**<br><br>Re: Dkt. Nos. 951, 974 |

The Court heard argument on plaintiffs' motion to modify the class definition and approve notice to the class. For the reasons stated on the record at argument, the Court rules as follows:

The request to limit the class definition to include only qualifying foremarket purchases of iPhones and iPads only, and to exclude iPod Touch foremarket purchases, is **GRANTED.** Claims stemming from iPod Touch purchases are hereby **DISMISSED WITH PREJUDICE.**

The request to modify the class definition to apply the $10 lifetime spending threshold to Class members rather than Apple IDs is **DENIED WITHOUT PREJUDICE.** The Court noted at argument it expects parties to further brief the issue with forthcoming anticipated motions.

With regard to class notice, one substantive dispute remains, namely the appropriateness of a class notice referencing the possibility of injunctive relief where no injunctive class has been certified. Here, plaintiffs briefly mention injunctive relief in the operative complaint, but did so nowhere in any briefing on class certification.

As a general matter, the burden is on the party moving for class certification to state with specificity the class sought to be certified and the corresponding relief. "Membership in a class should be defined by the nature of the claim asserted and the relief sought." *See* Stevenson, J. and, James Fitzgerald, Fed. Civ. Pro. Before Trial (Rutter Group Prac. Guide) § 10:278. "The burden is

on the party seeking to maintain the action as a class action (normally, plaintiff) to establish a prima facie showing of each of the 23(a) prerequisites *and the appropriate 23(b) ground for a class action.*" *Id*. § 10:571 (emphasis supplied).

Plaintiffs did not move to certify an injunctive class, and the Court is unprepared to do so via class notice when its prior orders addressing the issue contemplated only a damages class. Plaintiffs argue that because a Rule 23(b)(3) class can in theory include claims for injunctive relief as well as damages, their proposed notice is proper. The Court disagrees. Plaintiffs had the opportunity to demonstrate an injunctive class was appropriate and chose not to. Apple subsequently engaged in discovery on the assumption that only a damages class was certified. The Court agrees with Apple that such a large change would be inappropriate at this late hour. The request to include language indicating the possibility of injunctive relief is **DENIED.** As to the remaining details of the notice, the Court indicated at argument that the parties are to rework the class notice and the Court will consider the parties' proposals after further discussion.[1]

This terminates Docket Nos. 951 and 974.

**IT IS SO ORDERED**.

Date: June 11, 2025

                                              _____
                                              **YVONNE GONZALEZ ROGERS**
                                              **UNITED STATES DISTRICT COURT JUDGE**

---

[1] The parties' joint stipulation and proposed order modifying the remaining schedule for expert discovery at Dkt. No. 974 is also **GRANTED.**

2