United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **In re Apple iPhone Antitrust Litigation** | **Case No.: 4:11-CV-06714-YGR**<br><br>**ORDER AUTHORIZING FILING OF MOTIONS AND RELIEVING PARTIES FROM SUMMARY JUDGMENT PRE-FILING CONFERENCE REQUIREMENT** |

The Court is in receipt of a series of letter briefs.

In one set, the parties seek to file *Daubert* motions. The deadline to file is August 4, 2025. Apple seeks permission to file two *Daubert* motions related to (i) Darryl Thompson and (ii) Professor Alan MacCormack; plaintiffs oppose. (Dkt. Nos. 986-2, 991-2, respectively.) Plaintiffs seek to file *Daubert* motions as to (i) Arun Sundararajan, (ii) James E. Malackowski, (iii) J. Alex Halderman, (iv) and Jonah Berger. (Dkt. No. 987-1.) Based upon the Court's review of the pre-filing letters submitted by the parties, no pre-filing conference is required. However, this Court only allows three *Daubert* challenges per side. *See* Standing Order re Civil Cases ¶ 11. No basis exists to relieve plaintiffs of this limitation.

One consolidated *Daubert* motion including all challenges shall be filed. Opening and opposition briefs shall not exceed 40 pages. Reply briefs shall not exceed 20 pages. The parties shall send courtesy copies of the Expert Reports which they are challenging (double sided and three-hole punched). The Court has sufficient binders.

Under Ninth Circuit authority, the Court cannot deny a party the filing of one summary judgment motion. Upon review of the letter briefs, Apple has permission to file its motion for summary judgment without a prefiling conference. Pursuant to the scheduling order at Docket No.

933, the *Daubert* motions, summary judgment motion, and any decertification motion shall be filed ***no later than* August 4**. Oppositions shall be filed 29 days after the filing of any such motion. Replies shall be filed 21 days after the filing of any such opposition. Given the sheer number of motions anticipated, it is unlikely that the Court will be prepared for oral argument by October 7 unless motions are fully briefed, at a minimum, three weeks prior to that date.

The parties are reminded of the requirement to file separate statements of fact in the format set forth in ¶ 9(c) of this Court's Standing Order, including the requirement that counsel attest that the evidence cited for each fact or dispute fairly and accurately supports the fact or dispute. In this action, the attorney or attorneys arguing the motion shall provide the attestation themselves and can anticipate being required to explain any inaccuracies at the hearing.

Hyperlinks to the evidence, referenced in ¶¶ 5(f) and 9(d), are required in this case.

Parties are reminded that when they chose to extend their own schedule by five months yet maintain their trial date, the Court only approved the revised schedule under the condition that the parties would need to prepare for trial without the benefit of a decision on the instant motions. There has been no request to continue the trial date.

Apple does not seek to seal material in Docket 986. Thus, with respect to all letter briefs at Docket 986, 987, and 991, any party seeking to seal information shall file **within two business days** of this Order the justification for such sealing. If none is filed, the motions are deemed withdrawn and the full documents shall be filed on the docket by the fourth business day after this Order.

**IT IS SO ORDERED**.

Date: July 15, 2025

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**