THEODORE J. BOUTROUS JR. (SBN 132099)
tboutrous@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CAELI A. HIGNEY (SBN 268644)
chigney@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
jkleinbrodt@gibsondunn.com
DANA L. CRAIG (SBN 251865)
dcraig@gibsondunn.com
ELI M. LAZARUS (SBN 284082)
elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

CYNTHIA E. RICHMAN, D.C. Bar No. 492089*
crichman@gibsondunn.com
HARRY R. S. PHILLIPS, D.C. Bar No. 1617356*
hphillips@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Apple Inc.*

*Admitted *pro hac vice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re Apple iPhone Antitrust Litigation

No. 4:11-cv-06714-YGR

**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL PRE-FILING LETTERS**

Pursuant to Civil Local Rule 79-5 and this Court's Order Authorizing Filing of Motions and Relieving Parties from Summary Judgment Pre-filing Conference Requirement (Dkt. 994), Apple Inc. ("Apple") files this Sealing Motion in connection with the Plaintiffs' Pre-filing Letters (Dkts. 987, 991), to seal documents which contain information the Apple contends is sealable under controlling authority, including the Local Rules. *See* L.R. 79-5. Apple moves to seal portions of the documents identified in the Declaration of Caeli A. Higney ("Higney Declaration") filed concurrently herewith.

**LEGAL STANDARD**

In determining whether to permit documents to be filed under seal, courts in the Ninth Circuit apply two separate standards: (1) the "compelling reason" test for sealing information in connection with motions for a determination on the merits of a claim or defense; and (2) the less-restrictive "good cause" test for sealing information in connection with non-dispositive filings. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Filings related to a *Daubert* motion are subject to "compelling reasons" test when they can "significantly affect the disposition of the issues in the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1100 (9th Cir. 2016). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Fed. Trade Comm'n v. DIRECTV, Inc.*, 2017 WL 840379, at *1 (N.D. Cal. Mar. 3, 2017) (quoting *Kamakana*, 447 F.3d at 1179).

**DISCUSSION**

This present Motion to Seal regarding the Plaintiffs' response to Apple's *Daubert* prefiling letter is subject to the "compelling reason" test. *See Ctr. for Auto Safety*, 809 F.3d at 1100.

Apple asks the Court to seal four specific, non-public, competitively sensitive numerical figures that would harm Apple and/or third parties if disclosed: specifically, information reflecting App Store transactional information and payor data. Non-public financial information is routinely sealed because it can expose sensitive information to competitors that would provide an unfair advantage in the future. *See, e.g., Apple Inc. v. Samsung Electronics Co.*, Ltd., 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying

Ninth Circuit law and finding abuse of discretion in denying sealing of "profit, cost, and margin data" under the "compelling reasons" standard); *Vigdor v. Super Lucky Casino, Inc.*, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (finding "compelling reasons" to seal "business and financial information relating to the operations of Defendants"). The Supreme Court has also more generally recognized that sealing may be appropriate to prevent documents being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, courts routinely seal information where disclosure could harm a litigant's competitive standing. *See, e.g., Philips v. Ford Motor Co.*, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that a "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "information discussing Safeway's pricing strategy" under the "compelling reasons" standard).

Compelling reasons for sealing the specific figures subject to this request is described in the Higney Declaration filed concurrently herewith.

**CONCLUSION**

Apple respectfully request that the Court seal the identified information.

Dated: July 17, 2025

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Caeli A. Higney*

Caeli A. Higney
Julian W. Kleinbrodt
Dana L. Craig
Eli M. Lazarus
One Embarcadero Center, Suite 2600
San Francisco, CA 94111

Daniel G. Swanson
333 South Grand Avenue
Los Angeles, CA 90071

Cynthia E. Richman (*pro hac vice*)
Harry R. S. Phillips (*pro hac vice*)
1700 M Street, N.W.
Washington, D.C. 20036

*Attorneys for Defendant Apple Inc.*