THEODORE J. BOUTROUS JR. (SBN 132099)
tboutrous@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CAELI A. HIGNEY (SBN 268644)
chigney@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
jkleinbrodt@gibsondunn.com
DANA L. CRAIG (SBN 251865)
dcraig@gibsondunn.com
ELI M. LAZARUS (SBN 284082)
elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

CYNTHIA E. RICHMAN, D.C. Bar No. 492089*
crichman@gibsondunn.com
HARRY R. S. PHILLIPS, D.C. Bar No. 1617356*
hphillips@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Apple Inc.*

*admitted pro hac vice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Apple iPhone Antitrust Litigation | No. 4:11-cv-06714-YGR<br><br>**DECLARATION OF CAELI A. HIGNEY IN SUPPORT OF DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL PRE-FILING LETTERS** |

Gibson, Dunn & Crutcher LLP

DECLARATION OF CAELI A. HIGNEY ISO DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL PRE-FILING LETTERS, 4:11-CV-06714-YGR

Pursuant to Civil Local Rule 79-5, I, Caeli A. Higney, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court. I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case. I am familiar with Apple's treatment of highly proprietary and confidential information, based on my personal experience representing Apple.[1] I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in support of Apple's Sealing Motion, filed concurrently herewith ("Motion").

2. I am aware that the law of this Circuit allows information related to dispositive motions to be filed under seal for compelling circumstances. I also understand that courts often seal dispositive filings where documents include non-public financial information or other competitively sensitive business materials.

3. Apple operates in an intensely competitive marketplace. It occupies a unique position as a leader with respect to a number of highly dynamic technologies. Apple has serious and legitimate concerns that competitors or potential bad actors will exploit any release of Apple's highly sensitive, proprietary information for their financial gain and other illicit purposes. As such, in the regular course of conducting its business, Apple takes extensive measures to protect the confidentiality of its proprietary systems and sensitive data, which includes transactional and payor information.

4. Apple asks the Court to seal four specific numerical figures relating to the App Store transactional and payor information. These figures reflect non-public and competitively sensitive financial information, business information, and data concerning consumers' transactions which, if revealed, would cause Apple economic harm and put it at a competitive disadvantage. Apple takes many steps, and undertakes substantial efforts, to safeguard such highly sensitive proprietary

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5, and this Court has previously done so in this action. *See* Dkt. 631 (Order re: Pending Administrative Motions to Seal, Mar. 29, 2022); *see also*, *e.g.*, *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, No. 10-02863-EJD, Dkt. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, No. 13-00282-EJD, Dkt. 76 (N.D. Cal. Oct. 8, 2018). I am personally familiar with Apple's safeguarding of proprietary information, but if the Court deems this declaration insufficient, Apple respectfully requests that it be permitted to file a further declaration in support of sealing.

Gibson, Dunn & Crutcher LLP

1
DECLARATION OF CAELI A. HIGNEY ISO DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL PRE-FILING LETTERS, 4:11-CV-06714-YGR

1  information. In fact, most Apple employees do not have access to much of this information as a result
2  of Apple's efforts to safeguard consumer privacy and the integrity of Apple data and systems.
3  Competitors who gain access to these insights could strategically exploit Apple's proprietary
4  knowledge to undermine Apple's business plans. Speculative investors obtaining such sensitive data—
5  divorced from its greater context—could misinterpret or misuse this information, potentially causing
6  unnecessary volatility, investor confusion, and reputational harm to Apple.

7      5. Below is a chart detailing the specific items that are sealable for the reasons explained
8  herein:

| Document Sought to be Sealed | Portions of Document Sought to be Sealed | Basis to Seal |
|---|---|---|
| Dkt. 991-2: Plaintiffs' Response to Apple's Request for Leave to File Daubert Motions | Page 2 after "App Store commerce" to before "over the Class" and after "developers of" and before ". Prof. McFadden's damages"<br><br>Page 3 after "one impacting" to before "%) of records" and after "spoil the other" to before "% of Mr. Thompson's reliable" | These portions should be sealed because they reflect Apple's non-public business and user data information and competitively sensitive information, which if publicly disclosed would put Apple at a competitive disadvantage in the marketplace. |

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on July 17, 2025 in San Francisco, CA.

/s/ Caeli A. Higney
Caeli A. Higney

Gibson, Dunn & Crutcher LLP

2
DECLARATION OF CAELI A. HIGNEY ISO DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL PRE-FILING LETTERS, 4:11-CV-06714-YGR