1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT APPLE INC.'S MOTION TO DECERTIFY THE CLASS**<br><br>The Honorable Yvonne Gonzalez Rogers<br><br>Date:<br>Time:<br>Courtroom:  1, 4th Floor |
|---|---|

Before the Court is Defendant Apple Inc.'s Motion to Decertify the Class. The Court, having considered all the papers submitted by the parties, the arguments presented at the hearing on Apple's motion, and the relevant authorities, HEREBY ORDERS AS FOLLOWS:

1. The Court GRANTS Apple's Motion to Decertify the Class in its entirety; and
2. The Court directs that PLAINTIFFS' CLASS SHALL BE DECERTIFIED, for the following reasons:
    a. Plaintiffs' class fails the predominance requirement of Federal Rule of Civil Procedure 23(b)(3). Because Plaintiffs have failed to proffer a reliable methodology for relating transactions to class members or for determining which class members were injured, it is impossible to determine injury, damages, standing, or even the class members' identities on a classwide basis, "in one stroke." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664 (9th Cir. 2022) (en banc). The class also continues to have an unacceptably "great number of" unharmed class members, *id.* at 669 n.14—over ten million (even by Plaintiffs' estimates).
    b. Plaintiffs' class excludes numerous individuals who, according to Plaintiffs' experts, were injured. The class will therefore not fully resolve all claims against Apple and is not a superior way to resolve this dispute, contravening Rule 23(b)(3). *See Mr. Dee's, Inc. v. Inmar*, 127 F.4th 925, 932 (4th Cir. 2025). Named Plaintiffs' willingness to jettison class members they believe to be injured also proves that they do not adequately represent all class members, contra Rule 23(a)(4). *See Taison Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, 308 F.R.D. 630, 641 (N.D. Cal. 2015).
    c. Plaintiffs lack a reliable classwide injury and damages model because their only model relies on multiple faulty inputs and assumptions. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013).

**IT IS SO ORDERED.**

DATED: _____, 2025

_____
THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE