THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CAELI A. HIGNEY, SBN 268644
  chigney@gibsondunn.com
JULIAN W. KLEINBRODT, SBN 302085
  jkleinbrodt@gibsondunn.com
DANA L. CRAIG, SBN 251865
  dcraig@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

CYNTHIA E. RICHMAN, D.C. Bar No. 492089*
  crichman@gibsondunn.com
HARRY R. S. PHILLIPS, D.C. Bar No. 1617356*
  hphillips@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Apple Inc.*

*Admitted *pro hac vice*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO CONTINUE TRIAL DATE** |

**INTRODUCTION**

Apple moves to continue the current trial date of February 2, 2026, by at least five months, until July 2026 or another time convenient for the Court.  As the Court observed, and as Apple posited to Plaintiffs in negotiating the stipulated schedule, the current trial date does not afford sufficient time for the Court to resolve the pending dispositive motions and for class members to receive notice in an efficient and logical sequence.  Dkt. 933 at 7.  A logical sequence begins with a decision on decertification: Apple's motion to decertify is already pending, and as the Court noted over two months ago, "[i]f we know we're getting a motion to decertify, why would you send notice?"  May 30, 2025 Hrg. Tr. 17:16–17.  In other words, the notice process should commence only if the class remains certified.  If, however, the Court denies Apple's decertification motion, and once the notice period ends, the Court may then decide Apple's pending summary-judgment motion, consistent with the one-way intervention rule, which requires the opt-out deadline to lapse before a ruling on the merits, in advance of trial.  *See Villa v. S.F. Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1021 (N.D. Cal. 2015).

The current schedule does not allow for this orderly and efficient resolution of Apple's motions.  Plaintiffs' delay in proposing a notice plan requires the Court to consider decertification *at the same time* notice is being sent to the class, creating an unnecessary burden for the Court.  Apple's request to continue the trial date by at least five months would enable the Court to act in a stepwise fashion without any unfair prejudice to Plaintiffs whose own delays and inability to satisfy the Rule 23(b)(3) criteria are at the root of this request.  Continuing the trial date will "shift the burden" created by the compressed schedule away from the Court, as Apple had originally proposed to Plaintiffs.  It will also allow the parties to benefit from the Court's ruling on summary judgment and to attend to any issues that may arise during the notice and opt-out process.  There is good cause to continue the trial date.

**BACKGROUND**

Since the Court granted Plaintiffs' renewed motion to certify a class in February 2024, Dkt. 789, Apple has diligently sought to move this case forward.  In July 2024, the Court issued a scheduling order that set expert discovery and dispositive motion deadlines, along with a trial date of February 2, 2026.  Dkt. 891.  On October 3, 2024, to allow more time for the completion of document and data productions and for Plaintiffs to run their model, the parties stipulated to extend the expert and

1    dispositive motion deadlines.  Dkt. 932.  In related discussions with Plaintiffs, Apple had also proposed

2    continuing trial "to allow for sufficient time for the Court to issue a decision on any dispositive motions

3    before trial."  Lazarus Decl. Ex. 1.  But Plaintiffs opposed a trial continuance, *see* Lazarus Decl. Ex. 2,

4    so Apple agreed to a truncated expert discovery schedule that preserved the February trial date,

5    Dkt. 932.  On October 11, 2024, the Court granted the parties' stipulation with a qualification, noting

6    that "[t]he parties have conveniently agreed to extend their own schedule and yet maintain a trial date

7    which shifts the burden to the Court.  The Court will maintain that date, but the parties will be required

8    to prepare for trial with or without a ruling on the filed motions."  Dkt. 933 at 7.

9         Apple completed production of payor data on November 7, 2024.  Dkt. 957-2 ¶ 13.  In February

10   2025, having heard nothing from Plaintiffs on the subject, Apple proposed that the parties discuss a

11   class-notice plan.  Dkt. 956-16 at 6.  And in March, Apple asked Plaintiffs to provide a list of ID

12   numbers that Plaintiffs believe to represent members of the class, so that Apple could begin work on

13   the time-consuming process of identifying associated email addresses.  Dkt. 957-14.

14        On March 7, 2025, the parties served opening expert reports in which some of Plaintiffs' experts

15   introduced new theories, borrowed from *Epic*, challenging Apple's IAP mandate and anti-steering

16   provisions.  *See* Dkt. 1004 at 16.  The injection of these liability theories at such a late stage in litigation,

17   and after the close of fact discovery, was procedurally improper: They are not pleaded in the operative

18   Complaint, *see* Dkt. 229, and the maneuver is a transparent attempt to evade the Court's previous ruling

19   *in 2021* denying Plaintiffs' belated efforts to expand their claims, Dkt. 573 at 6–7.  Expert discovery

20   concluded on July 17, stretching beyond the anticipated deadline due to Plaintiffs' improper delays in

21   disclosing one of their experts and producing his backup.  *See* Dkt. 1002-1 at 5–6.

22        Meanwhile, Plaintiffs moved the Court to approve their proposed class-notice plan and to

23   modify the class to eliminate iPod transactions and to alter the $10 cutoff to apply to all of a payor's

24   accounts, instead of just one.  Dkt. 953-8.  Following a May 30, 2025 hearing, the Court dismissed with

25   prejudice Plaintiffs' claims related to iPod transactions and deferred a ruling on Plaintiffs' request to

26   modify the $10 cutoff.  The Court also gave guidance on revisions to the class notice.  Dkt. 981 at 2.

27        During the two months since that hearing, Apple reiterated its March request that Plaintiffs send

28   a list of class member IDs so Apple can identify emails for notice distribution.  Lazarus Decl. Ex. 3.

1   On August 5, almost a month after Apple provided edits on the notice, Plaintiffs sent Apple a proposed

2   stipulation, seeking approval of class notice, and indicated that they would send Apple a list of class

3   member IDs.  *Id.*

4         The Court directed the parties to file motions for summary judgment, decertification, and

5   related *Daubert* motions by August 4.  Dkt. 994.  In doing so, the Court again reminded the parties of

6   its qualified agreement to extend interim case deadlines and noted "[t]here has been no request to

7   continue the trial."  *Id*.  Briefing of the parties' motions will conclude on September 23, and they will

8   not be heard until mid-October or later.  *Id.*  In light of these developments, Apple asked Plaintiffs to

9   stipulate to extend the trial date; Plaintiffs again declined to do so.  Lazarus Decl. ¶ 6; *id.* Ex. 3.

10                                    **LEGAL STANDARD**

11        District courts have broad discretion to modify a pretrial schedule "upon a showing of good

12  cause."  Fed. R. Civ. P. 16(b).  Good cause exists if the current schedule "cannot reasonably be met

13  despite the diligence of the party seeking the extension."  *Johnson v. Mammoth Recreations, Inc.*, 975

14  F.2d 604, 607 (9th Cir. 1992).

15                                        **ARGUMENT**

16        Good cause exists to continue the trial date by at least five months.  First, an extension is needed

17  to avoid costly and potentially unnecessary class notice, particularly since Plaintiffs delayed the notice

18  process so significantly that a notice plan has not yet been approved and Apple's motion to decertify

19  is now on file.  Notice will not be necessary if the Court decertifies the class.  Second, even if the Court

20  denies Apple's decertification motion, a continuance will also avoid one-way intervention problems by

21  allowing the opt-out period to close after the Court's decertification ruling but before the Court resolves

22  Apple's summary-judgment motion.

23        **A.    The Current Schedule Does Not Allow Time for A Decision on Decertification
               Prior to the Issuance of Notice**

24        As the Court recognized, it makes little sense for Plaintiffs to send class notice to hundreds of

25  millions of consumers only for the class to be decertified.  *See* May 30, 2025 Hrg. Tr. 17:16–17.  And

26  as Apple has explained in its pending motion for decertification and accompanying *Daubert* motion,

27  Plaintiffs' class claims should not proceed because, despite their assurances, Plaintiffs still have not

28

Gibson, Dunn &
Crutcher LLP

1    provided a model that can reliably identify class members or winnow out the uninjured (or even identify

2    class members).  Dkt. 1002-1 at 8–24, 1006-1.  The significant deficiencies in Plaintiffs' model—and

3    particularly the de-duplication analysis performed by Mr. Darryl Thompson—are only underscored by

4    Plaintiffs' remarkable attempt to belatedly serve a supplemental report of Dr. Minjae Song on August

5    1, one business day before Apple's decertification motion was due.  *See* Dkt. 1006-1 at 2 n.1.

6          There is no way for the Court to decide Apple's decertification motion and then allow sufficient

7    time for the class-notice period to open and close prior to February 2, 2026.  Briefing on Apple's

8    motions will be complete on September 23, and any hearing will be set at least three weeks later in

9    mid-October at the earliest.  *See* Dkt. 994.  Plaintiffs' latest proposal indicates that notice will take over

10   150 days to complete once approved.  So even if Plaintiffs started the class-notice process in late-

11   October—assuming the Court denied decertification immediately after a mid-October hearing—the

12   class opt-out period would not close until mid-March, over a month *after* trial is slated to start.  Thus,

13   the current schedule requires Plaintiffs to begin the class-notice process before the Court resolves

14   decertification or further class-definition issues, despite the inefficiency in doing so.

15         These complications have arisen despite Apple's diligence and are largely the result of

16   Plaintiffs' insistence on keeping the trial date and their delay in seeking approval to send class notice

17   despite their obligation to distribute notice to all class members at the earliest possible time.  *See*

18   Manual for Complex Litigation (Fourth) § 21.311 (2004); *Schwarzchild v. Tse*, 69 F.3d 293, 295 (9th

19   Cir. 1995) ("[T]he plaintiff class [should] receive[] notice of the action well *before* the merits of the

20   case are adjudicated." (emphasis in original)); *Amavizca v. Nutra Mfg., LLC*, 2021 WL 4945242, at *4

21   (C.D. Cal. June 15, 2021) (issuing a show-cause order for "class should not be decertified in light of

22   Plaintiff's failure to timely seek approval of his proposed class notice" when "Plaintiff did not take

23   action [for] a full four months" after certification).  Here, Plaintiffs waited over a year after certification

24   to draft a proposed class notice—and only did so in response to Apple's prompting.  *See* Dkt. 956-16.

25         Additionally, had Plaintiffs been diligent in seeking approval to send class notice, the one-way

26   intervention problem that will delay a decision on summary judgment (regardless of the Court's

27   schedule) would not have arisen.  Apple cannot be faulted for Plaintiffs' lack of diligence, and good

28   cause therefore exists to continue the trial date.  *See, e.g.*, *Dragos v. Cornea*, 2021 WL 843142, at *2

DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO CONTINUE TRIAL DATE
4:11-CV-06714-YGR

Gibson, Dunn &
Crutcher LLP

(W.D. Wash. Mar. 5, 2021) (continuing trial date where the moving party had been diligent).

**B.     The Current Schedule Does Not Afford Time for the Court to Provide Necessary Pre-Trial Guidance on Key Issues in Light of Plaintiffs' Evolving Claims**

The current schedule also leaves little time to resolve Apple's motion for summary judgment or the parties' *Daubert* motions prior to trial, as the Court warned would be the case.  Dkt. 994 at 2. The need for the Court's guidance on these motions has become more acute given the new theories Plaintiffs have attempted to introduce through their experts.  Dkt. 1004 at 16.  Knowing whether the Court will allow these claims to proceed is key to both parties' trial preparations as it will influence the scope of jury instructions, motions *in limine*, and exhibits.  To the extent the Court narrows the case by rejecting these or other claims in deciding Apple's motions, the exhibits, proposed instructions, and other disputes the parties will ask the Court to address may be narrowed in kind.  Courts have found good cause to continue a trial date where the parties need additional time to prepare for trial given new legal or fact developments, *see, e.g.*, *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 8189560, at *3 (N.D. Cal. Nov. 27, 2023), and where a continuance "would assist in facilitating orderly and efficient conduct of the case," *Teixeira v. Mozilla Corp.*, 2025 WL 1770859, at *3 (W.D. Wash. June 25, 2025).

**C.     A Continuance Will Benefit The Court And The Parties**

Allowing the Court sufficient time to resolve the pending motions in a logical and efficient sequence will reduce the burden on the Court, benefit the parties, and cause no prejudice to Plaintiffs. To the contrary, an extension will save Plaintiffs from sending out a potentially unnecessary class notice if the class is decertified or an incorrect notice if the class definition is changed.  Continuing the trial date will also afford the Court more time to resolve the parties' *Daubert* motions and Apple's summary-judgment motion prior to trial without running afoul of the one-way intervention rule while also reducing the burdens on the Court and parties by potentially streamlining trial preparations.  *See* Dkt. 933 at 7 (noting that the current schedule "shift[ed] the burden to the Court").

**CONCLUSION**

Apple respectfully requests that the Court grant Apple's request to continue the trial date by at least five months.

Gibson, Dunn &
Crutcher LLP

1    DATED:  August 8, 2025                     **GIBSON, DUNN & CRUTCHER LLP**

2                                               By:    /s/ Cynthia E. Richman
3                                                      Cynthia E. Richman

4                                               Cynthia E. Richman (*pro hac vice*)
                                                crichman@gibsondunn.com
5                                               Harry R. S. Phillips (*pro hac vice*)
                                                hphillips@gibsondunn.com
6                                               1700 M Street, N.W.
                                                Washington, D.C. 20036-4504
7                                               Telephone:  202.955.8234
                                                Facsimile:  202.530.9691

8                                               Theodore J. Boutrous Jr. (132099)
                                                tboutrous@gibsondunn.com
9                                               Daniel G. Swanson (116556)
                                                dswanson@gibsondunn.com
10                                              **GIBSON, DUNN & CRUTCHER LLP**
                                                333 South Grand Avenue
11                                              Los Angeles, CA 90071-3197
                                                Telephone:  213.229.7000
12                                              Facsimile:  213.229.7520

13                                              Caeli A. Higney (268644)
                                                chigney@gibsondunn.com
14                                              Julian W. Kleinbrodt (302085)
                                                jkleinbrodt@gibsondunn.com
15                                              Dana L. Craig (251865)
                                                dcraig@gibsondunn.com
16                                              Eli M. Lazarus (284082)
                                                elazarus@gibsondunn.com
17                                              **GIBSON, DUNN & CRUTCHER LLP**
                                                One Embarcadero Center, Suite 2600
18                                              San Francisco, CA 94111-3715
                                                Telephone:  415.393.8200
19                                              Facsimile:  415.393.8306

20                                              *Attorneys for Defendant Apple Inc.*

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

6

DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO CONTINUE TRIAL DATE
4:11-CV-06714-YGR