# Exhibit 1

# GIBSON DUNN

Eli M. Lazarus
Of Counsel
T: +1 415.393.8340
M: +1 650.814.7016
elazarus@gibsondunn.com

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

September 10, 2024

<u>VIA E-MAIL</u>

Kyle M. Wood
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
Sumner Square
1615 M. Street, N.W.
Suite 400
Washington, D.C.  20036-3215

Re:  *In re Apple iPhone Antitrust Litig.*, No. 4:11-cv-06714-YGR (N.D. Cal.) – Response to Plaintiffs' Sept. 3, 2024 Letter re Forthcoming Discovery & Related Scheduling Issues

Dear Mr. Wood:

I write in response to your September 3, 2024 letter ("Letter"). Apple continues to work diligently to complete all outstanding document and data productions as efficiently as possible. As noted below, Apple does not agree that the parties are at an impasse regarding the scheduling issues discussed in your Letter. While Apple cannot agree to all of Plaintiffs' requests, we believe the parties can reach a comprehensive, mutually agreeable resolution.

## I.   Protocol for Completing Productions Responsive to RFP Nos. 63-69.

<u>Custodians</u>: Contrary to Plaintiffs' suggestion, Judge Hixson's order required Apple to "identify a *reasonable* number of custodians who are likely to have responsive documents," not *all* of the individuals who are likely to have responsive documents. ECF No. 919 at 5 (emphasis added). Messrs. Schiller and Oliver are together a reasonable number of custodians for the requests at issue here. As you note in your Letter, these two individuals are likely to have responsive documents, and have worked alongside other individuals on related issues. Plaintiffs' suggestion of eight additional custodians is not a "narrowly targeted" custodian list. For instance, Plaintiffs now seek the documents of Ann Thai merely because she, together with Mr. Oliver, will be filling the role of Head of Worldwide App Store going forward, well after the February 2024 cutoff date *that Plaintiffs proposed* for documents responsive to these RFPs. Moreover, any relevant documents held by Ms. Thai are likely to be duplicative of those held by the custodians to which Apple has agreed. The burden of adding more custodians such as Ms. Thai outweighs the value of any additional documents that would be produced.

Nonetheless, in the spirit of compromise, Apple will offer Craig Federighi and Trystan Kosmynka as custodians in addition to Messrs. Schiller and Oliver for RFP Nos. 63-69. Together, documents from Messrs. Schiller, Oliver, Federighi, and Kosmynka should provide

# GIBSON DUNN

Kyle M. Wood  
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.

September 10, 2024  
Page 3

it can substantially complete production of the files Apple has agreed to produce as described in this letter by November 15, 2024.

Regarding the production of the previously agreed-upon materials from the DOJ File, as Apple noted in its August 20 letter, Apple needs to re-review these materials not just to determine responsiveness (as Plaintiffs suggest), but also to protect third-party confidentiality.

Regarding Apple's production of documents responsive to RFP Nos. 63-68 and a refresh of files from custodians Schiller, Kosmynka, Neuenschwander, Cue, Federighi, Parekh, Fischer, Oliver, and Cook for the period of October 1, 2019 through February 2, 2024, Apple has, and will continue to, provide Plaintiffs with rolling productions of these materials as expeditiously as possible. And as indicated in its August 20 letter, Apple will produce documents responsive to RFP Nos. 70-73 as they are identified during the searches already being conducted for the custodial refreshes. As Apple noted during the parties' meet and confer call on August 26, Apple has been willing to accommodate Plaintiffs by prioritizing certain custodial files, but your Letter rejected this proposal.

### III.   Timing of Parties' Expert Reports and Modification of Case Schedule

Apple agrees with Plaintiffs that an extension of the expert discovery deadlines and hearing date for dispositive motions is warranted, but Apple cannot agree to the proposal to modify the case schedule as written in your Letter.

*First*, while Apple can agree to extend the expert discovery deadlines, Plaintiffs' rationale heaps blame on Apple without acknowledging Plaintiffs' contribution to the delay and Apple's efforts to accommodate Plaintiffs' experts. For example, on July 10, 2024, Apple produced to Plaintiffs an extensive sample of payor data for over one million user accounts; JND should have been using the past two months with that data to develop its methodology for matching payors. Plaintiffs have not explained why JND requires three additional months with the Payor Data before it can provide a potential list of class members to Apple. It now appears that this delay is a significant driver of the lengthy extension of the opening expert report deadline that Plaintiffs seek. Nonetheless, assuming that JND provides a list of potential class members to Apple on December 12, Apple can agree to a schedule that allows Apple eight weeks to provide a list to Plaintiffs that matches transaction IDs to the linked payor IDs in the list provided by JND. This accounts for Apple's holiday shutdown, which we noted on the August 26 meet and confer call (and which Plaintiffs are familiar with from the past several holiday seasons). If Plaintiffs were able to provide JND's list by November 25, Apple believes it could provide a list of linked transactions significantly sooner. Furthermore, because Apple is providing rolling productions to Plaintiffs, there is no reason why Dr. Abrantes-Metz cannot complete her report and provide Prof. McFadden with the information necessary to complete the second stage of his analysis well before Plaintiffs receive Apple's final document productions. During the parties' August 26 meet and confer, you represented that Dr. Abrantes-Metz does not require the completion of Apple's document productions to begin her analysis or to draft her report. Instead, Plaintiffs simply wish to review newly produced documents to verify that those documents do

# GIBSON DUNN

Kyle M. Wood  
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.

September 10, 2024  
Page 4

not require a change to Dr. Abrantes-Metz's report. Nonetheless, Apple will agree to a schedule that will further accommodate Plaintiffs' experts.

*Second*, Apple will not agree to a schedule that truncates the time for rebuttal reports. The original case schedule contemplated 120 days for the parties to submit rebuttal reports following the opening expert report deadline; Plaintiffs' proposal leaves only 41 days. Plaintiffs' lopsided proposal provides Plaintiffs with several months to prepare their opening reports while limiting time to prepare rebuttal reports to a few weeks. Apple also notes that the original schedule allows for 45 days after the rebuttal report deadline until the completion of expert discovery, while Plaintiffs proposal leaves only 36 days. Apple could agree to this modification, if Plaintiffs will agree that the parties will have 120 days to submit rebuttal reports following the opening expert report deadline.

*Third,* in addition to modifying the expert discovery deadlines, Apple believes the revised schedule should clarify the deadlines for hearing dispositive motions, *Daubert* motions, and a motion to decertify. Apple understands the May 8, 2024 "heard by" date in the Court's July 11, 2024 Case Management Order to be the date for a pre-hearing conference regarding dispositive motions. We do not believe this date could be understood as the date to hear fully-briefed motions because that would imply an unworkable conflict with the schedule for expert discovery. Even assuming the default briefing schedule (which would likely be far too short for a case of this complexity), pursuant to the Court's Standing Order, § 9(a), a party would be required to file a letter requesting a pre-filing conference date for a dispositive motion before expert discovery has even closed. Apple proposes that the merits hearing date for dispositive motions be set for at least three months after the close of expert discovery to allow for sufficient briefing time, with briefing deadlines to be set at the prefiling conference.

*Fourth*, the schedule should move the compliance date, pre-trial conference dates, and trial date to allow for sufficient time for the Court to issue a decision on any dispositive motions before trial.

Apple therefore proposes the following modifications to the case schedule:

| Event | Current Deadline | Plaintiffs' Proposal | Apple's Proposal |
|---|---|---|---|
| Production of Information Responsive to RFP No. 69 | n/a | September 6, 2024 | September 6, 2024 |
| Production of Payor Data | n/a | September 9 or 12, 2024 | September 12, 2024 |
| Substantial Completion of Apple's Outstanding Document Productions | n/a | November 1, 2024 | November 15, 2024 |

**GIBSON DUNN**

Kyle M. Wood  
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.

September 10, 2024  
Page 5

| | | | |
|---|---|---|---|
| Deadline for JND to provide Apple with a list of potential class members | n/a | December 12, 2025 | December 12, 2025 |
| Deadline for Apple to Provide a list to Plaintiffs that matches transaction IDs to payor IDs in the list provided by JND | n/a | January 12, 2025 | February 6, 2025 |
| Opening Expert Reports | October 10, 2024 | February 21, 2025 | March 13, 2025 |
| Rebuttal Expert Reports | February 7, 2025 | April 3, 2025 | July 11, 2025 |
| Expert Discovery Cutoff | March 24, 2025 | May 9, 2025 | August 15, 2025 |
| Prefiling Conference on Dispositive Motions | May 8, 2025 at 2:00 p.m. | n/a | September 11, 2025 |
| Hearing on Dispositive/*Daubert* Motions/Motion to Decertify | n/a | On or after June 13, 2025, at the Court's convenience | On or after January 27, 2026, at the Court's convenience |
| Compliance Deadline | November 28, 2025 at 9:01 a.m. | | February 16, 2026 |
| Joint Pretrial Conference Statement | December 5, 2025 | | March 5, 2026 |
| First Pretrial Conference | December 17, 2025 | | March 13, 2026 |
| Second Pretrial Conference | January 9, 2026 | | April 17, 2026 |
| Trial Date | February 2, 2026 | | May 18, 2026 |