# Exhibit 2

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
___
(202) 326-7900

FACSIMILE:
(202) 326-7999

September 17, 2024

CONTAINS CONFIDENTIAL
APPLE INFORMATION

*Via Electronic Mail*

Eli Lazarus
Gibson, Dunn & Crutcher LLP
One Embarcadero Center
Suite 2600
San Francisco, CA 94111-3715

    Re:    *In re Apple iPhone Antitrust Litig.*, No. 4:11-cv-06714-YGR (N.D. Cal.) –
              Outstanding Discovery Issues

Dear Mr. Lazarus:

      Thank you for your September 10 letter. In the interest of expediency, we are providing our positions on Apple's proposed custodians, production of the *Epic Games v. Apple* documents, and modifications to the case schedule. We will address issues related to search terms once we receive those from you. Please send those promptly, as we cannot have further delay in getting these productions finalized.

**I.    Apple's "Highly Confidential" Designation of Its Letters**

      As an initial matter, your September 10 letter (at 2) requests that Plaintiffs treat "all information" discussed in the letters to date "as 'Highly-Confidential – Attorneys' Eyes Only' as required by the Protective Order." Such a categorical designation is improper. As you know, Apple has a duty to limit confidentiality designations to "only those parts of . . . documents . . . that qualify [for protection] – so that other portions of the . . . documents . . . for which protection is not warranted are not swept unjustifiably within the ambit of th[e] Order." ECF No. 381 ¶ 5.1. "Mass, indiscriminate, or routinized designations are prohibited." *Id.* Such impermissible designations can "expose [Apple] to sanctions." *Id.*

      This letter, which discusses document custodians, scheduling amendments, and the *Epic Games* Coordinated Discovery Order, does not meet the high bar established for designating information as "Highly Confidential – Attorneys' Eyes Only." *See id.* ¶ 2.8. Based on your

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Mr. Eli Lazarus
September 17, 2024
Page 4

other countries concerning anti-steering and alternative payments," and Epic's proposed search terms. *Epic Games* ECF No. 1008. Regardless, Apple's strained reading of the Discovery Coordination Order in search of a loophole is not persuasive. The Order refers to discovery sought by parties and non-parties because those are the parties that typically seek and produce discovery in civil litigation; there is no indication the parties meant to *exclude* discovery the Court itself ordered (and that Apple is required to produce). Discovery ordered by the Court is no less relevant; if anything, it is more relevant.

*Third*, your letter suggests Apple's *Epic Games* productions are not relevant because the Court in *Epic Games* is seeking to remedy Apple's violation of the UCL, whereas the Plaintiffs here assert an antitrust claim. But the relevance of the documents does not turn on the legal theory being asserted; documents can be (and commonly are) relevant to both antitrust and UCL claims—which are often asserted together because they are closely related. And here, the documents Apple will soon be producing to Epic Games are squarely relevant in this litigation: they bear on both Apple's intent and pro-competitive defenses—by showing how Apple prioritizes protecting its App Store profits above all else. Indeed, Judge Hixson granted Epic Games's request for an order compelling Apple to produce documents reflecting its decision-making processes for allowing alternative payment processors, and removing anti-steering restrictions, in response to regulation changes in South Korea and the European Union (among other jurisdictions) because "Apple's program for compliance with the permanent injunction [here in the United States] is based on and informed by its responses to similar regulations in [those] other countries." *Epic Games* ECF No. 1008 at 2; *see Epic Games* ECF No. 1002 at 2-4 (Epic Games's request). By extension, then, documents concerning how Apple went about complying with the permanent injunction are relevant to the issues in this case, too. *See* ECF No. 919 at 5 ("Some of the things Apple is now required to do in the EU are among the things Plaintiffs want the Court to order Apple to do in the U.S., so discovery into how Apple is able to do them in the EU is relevant.").

As noted, we intend to seek prompt relief from the Court on this issue.

**IV.    Case Schedule Modifications**

As a general matter, any scheduling modification that involves moving the trial date is a non-starter for Plaintiffs. More than enough time exists in the remaining schedule for the parties to submit expert reports and summary judgment / *Daubert* motions, assuming Judge Gonzalez Rogers grants either party leave to do so. With that in mind, we respond to each of the remaining points you raised in your letter and propose a revised case schedule in the chart below.

*First*, while we do not understand why these document productions have taken so long, in the interest of compromise, Plaintiffs will agree to Apple's proposed deadline of November 15, 2024, for Apple to substantially complete the outstanding productions, i.e., production of the

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Mr. Eli Lazarus
September 17, 2024
Page 5

DOJ File; documents responsive to RFP Nos. 63-68 and 70-73; and the custodial refreshes ordered by the Court.

*Second*, Plaintiffs understand that Apple might be able to provide a list of transaction IDs accompanying payor IDs before the holidays if JND provides its de-duplicated list of payor IDs on or before November 25.  While Plaintiffs will strive to do so, they cannot commit to such a turnaround at this early stage.  Unless further analysis of the just-produced payor data reveals otherwise, Plaintiffs' current three-month estimate is the most realistic timeframe for JND to complete its de-duplication process.  Plaintiffs propose that Apple commit to providing a list of aggregated transactions within 50 days of receipt of JND's list.

*Third*, Plaintiffs disagree that the parties need 120 days for rebuttal reports.  In the spirit of compromise, however, we will agree to lengthen the period for rebuttal expert reports for an additional month (as shown in the chart below).

Additionally, please confirm that, on the opening expert report submission deadline, Apple will disclose and provide reports from all of its testifying experts.

*Fourth*, after further review of the February 26, 2024, Case Management Conference transcript, Plaintiffs disagree that the current May 8, 2025, date listed in the Case Management Order is for a hearing on pre-filing authorization submissions.  As you will recall, the parties originally proposed to submit dispositive motions on that date, which left six weeks between the end of expert discovery and the submission of dispositive motions.  ECF No. 791 at 6.  During the February 26 Case Management Conference, the Court pointed out that "there are requirements before you can file . . . .  You'll have to come and talk ***before that time***."  ECF No. 801 at 5:13-15 (emphasis added).  The Court then approved the parties' proposed briefing schedule—including the May 8, 2025, deadline for opening briefs—and offered a "tentative[]" hearing date of August 26, 2025.  *Id.* at 5:17-20.

In light of this exchange, Plaintiffs understand the Court to expect the parties to submit pre-filing authorization letters and attend the required hearing in the window between the close of expert discovery and the submission of dispositive motions.  Plaintiffs therefore believe that the best reading of the Court's current schedule is to treat the May 8, 2025, date as the dispositive motions deadline, with the parties to submit pre-filing authorization letters for motions in the weeks preceding that submission deadline.  In an effort to compromise, Plaintiffs have proposed some amendments to the schedule below that would afford the parties the original six-week period within which to submit pre-filing authorization letters and to finalize dispositive motions. Among other modifications, Plaintiffs propose to shorten the timeframe for briefing those dispositive / *Daubert* motions from a total of four months (as Apple has proposed) to two months, approximately the same amount of time the parties previously agreed upon and submitted for the Court's approval, *see* ECF No. 791 at 6.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Mr. Eli Lazarus
September 17, 2024
Page 6

With these modifications, as reflected in the table below,[3] the parties can preserve the Compliance Deadline, Pretrial Conference, and Trial dates.

| Event | Current Deadline | Plaintiffs' Proposal | Apple's Sept. 10 Counter | Plaintiffs' Sept. 13 Proposal |
|---|---|---|---|---|
| Substantial Completion of Apple's Outstanding Document Productions | n/a | November 1, 2024 | November 15, 2024 | November 15, 2024 |
| Deadline for JND to provide Apple with a list of potential class members | n/a | n/a | December 12, 2024[4] | December 12, 2024 |
| Deadline for Apple to provide a list to Plaintiffs that matches transaction IDs to payor IDs in the list provided by JND | n/a | n/a | February 6, 2025 | January 31, 2025, or 50 days after receipt of JND's list, whichever is earlier |
| Opening Expert Reports | October 10, 2024 | February 21, 2025 | March 13, 2025 | March 6, 2025 |
| Rebuttal Expert Reports | February 7, 2025 | April 3, 2025 | July 11, 2025 | May 16, 2025 |
| Expert Discovery Cutoff | March 24, 2025 | May 9, 2025 | August 15, 2025 | June 16, 2025 |
| Submission of Dispositive Motions/ *Daubert* Motions/ Motions to Decertify | May 8, 2025, at 2:00 p.m. | n/a | n/a | July 28, 2025 |
| Dispositive/*Daubert* Motions/ Motion to Decertify Oppositions | n/a | n/a | n/a | August 28, 2025 |
| Dispositive/*Daubert* Motions/ Motion to Decertify Replies | n/a | n/a | n/a | September 15, 2025 |

---

[3] Plaintiffs omit the September 6 and 12 deadlines included in prior correspondence.

[4] Apple's proposed schedule noted a deadline of December 12, 2025.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Mr. Eli Lazarus
September 17, 2024
Page 7

| Hearing on Dispositive/ *Daubert* Motions/ Motion to Decertify | August 20, 2025, at 2:00 p.m. | On or after June 13, 2025, at the Court's convenience | On or after January 27, 2026, at the Court's convenience | On or after September 30, 2025, at the Court's convenience |
|---|---|---|---|---|
| Compliance Deadline | November 28, 2025, at 2:00 p.m. | n/a | February 16, 2026 | November 28, 2025, at 2:00 p.m. |
| Joint Pretrial Conference Statement | December 5, 2025 | | March 5, 2026 | December 5, 2025 |
| First Pretrial Conference | December 17, 2025 | | March 13, 2026 | December 17, 2025 |
| Second Pretrial Conference | January 9, 2026 | | April 17, 2026 | January 9, 2026 |
| Trial Date | February 2, 2026 | | May 18, 2026 | February 2, 2026 |

\* \* \*

      We are available to meet and confer at Apple's earliest convenience.  Thank you for your prompt attention to these matters.

Very truly yours,

*/s/ Kyle M. Wood*

Kyle M. Wood

cc:   Counsel of Record