BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
STEPHANIE AVILES (350289)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
rifkin@whafh.com
guiney@whafh.com
burt@whafh.com

*Class Counsel for Plaintiffs*

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO CONTINUE TRIAL DATE** |

**INTRODUCTION**

Apple's improper administrative motion seeks to delay the trial of this fourteen-year-old litigation by five months for no good cause. The motion should be denied for four reasons. *First*, the motion is procedurally improper. Under Local Civil Rules 7-11 and 40-1, a party cannot seek to delay trial by an administrative motion. *Second*, on the merits, Apple has shown no good cause to delay trial. Notice can be sent to Class members now with ample time for them to elect whether to seek to exclude themselves before the Court rules on any of the pending dispositive motions, which will not even be *heard*, at the earliest, until October 7 and 14, 2025, and may not be ruled upon before trial. *Third*, any risk that the Court may not rule upon those motions prior to trial is the result of Apple's discovery delays, which necessitated a change to the original pretrial schedule ordered on July 11, 2024. And *fourth*, delaying the trial needlessly risks unduly prejudicing Plaintiffs.

**ARGUMENT**

**I.    Apple Cannot Use an Administrative Motion to Continue the Trial.**

Apple's motion is procedurally improper, which is "by itself grounds for denial." *Gagetta v. Walmart, Inc.*, 2024 WL 1559724, at *1 (N.D. Cal. Mar. 1, 2024). Civil Local Rule 7-11 expressly applies only to motions that seek relief "not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge." A motion to postpone trial is not such an "administrative matter." *See, e.g.*, *Silva v. B&G Foods, Inc.*, 2023 WL 5920089, at *1 (N.D. Cal. Aug. 9, 2023); *Silverman v. City & County of San Francisco*, 2012 WL 6019309, at *1 (N.D. Cal. Dec. 3, 2012). Civil Local Rule 40-1 is clear that "[n]o continuance of a scheduled trial will be granted except by order of the Court issued in response to a motion made in accordance with the provisions of Civil L.R. 7." *See also* Civ. L-R 16-2(d) (motions "seek[ing] relief from an obligation imposed by [Rule] 16" should be filed "pursuant to Civil L.R. 7").

**II.    There Is Ample Time for Plaintiffs to Distribute Notice to Absent Class Members.**

If the Court considers the substance of Apple's motion, it should deny the motion as lacking merit. Apple argues that sending notice to the Class creates a risk of "one-way intervention" while its motion to decertify is pending. That argument is unavailing. "One-way intervention" issues

arise when a liability ruling might *precede* a class certification ruling. *See Corns v. Laborers Int'l Union of N. Am.*, 2014 WL 1319363, at *4 (N.D. Cal. Mar. 31, 2014) (Gonzales Rogers, J.); *Lopez v. Liberty Mut. Ins. Co.*, 2020 WL 13042575, at *2 (C.D. Cal. Oct. 20, 2020) ("[T]he one-way intervention rule only applies to pre-certification motions."). As this Court has explained, those circumstances create a risk that "members of a class not yet certified can wait for the court's ruling on summary judgment and either opt in to a favorable ruling or avoid being bound by an unfavorable one." *Corns*, 2014 WL 1319363, at *4.

That risk does not exist here. The Class was certified more than a year ago and the Court has resolved the parties' dispute over modifying the Class definition – all **before** any dispositive liability ruling. Plaintiffs' *Daubert* motion will be heard on October 7, 2025, and Apple's *Daubert*, summary judgment, and decertification motions will not be heard until October 14, 2025. Those motions may not be ruled upon – if at all – prior to trial. *See* Dkt. 933 at 7 ("The Court will maintain that [trial] date, but the parties will be required to prepare for trial with or without a ruling on the filed motions."). The conditions that give rise to a risk of "one-way intervention" do not exist here.

Apple also feigns concern that sending notice before the Court rules on its motion to decertify could be wasteful. It cites no caselaw, from the Ninth Circuit or elsewhere, in which any court has delayed trial for such a reason. As Plaintiffs' counsel explained during the May 30, 2025, hearing on their motion to approve the Class notice and modify the Class definition, notice should be sent to Class members **before** the Court rules on Apple's now-pending dispositive motions. *See* May 30 Hrg. Tr. 16:23-18:10. That remains so today.

There is a simple way to avoid Apple's apparent concern (at 5) that the Class opt-out period will not expire before trial. The Court can, and should, promptly deny Apple's Motion, order Apple to produce Class members' email addresses immediately, and order the Parties to file a stipulation and proposed order concerning Class notice within three business days of the Court's Order. Even if it took another month for Plaintiffs to obtain Class members' email addresses from Apple, the opt-out period would end well before trial. If Plaintiffs give email addresses to their claims administrator on September 15, the administrator could start sending notices on October 30. The administrator would finish sending notices within 30 days, i.e., by December 1. Then

members would have 35 days—by January 5, 2026—to opt out. That leaves nearly a full month for Plaintiffs to handle opt-outs and for the Court to decide pretrial motions, including Apple's motion for summary judgment, which would at that point properly apply to the entire Class.

Conversely, if the Class is decertified, then Class members will simply have received notice of a class action that has been decertified. That risk ***always*** exists, as the Court can modify or withdraw a class certification order any time before or during trial. "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). "A district court may decertify a class at any time." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009). *See also Siqueiros v. Gen. Motors LLC*, 676 F. Supp. 3d 776, 788-89 (N.D. Cal. 2023) (denying post-trial motion to decertify). If Apple's argument had any merit, notice would never be sent until after a case is fully and finally resolved and all appeals have been exhausted.

Plaintiffs have identified all potential members in the certified Class. The Court resolved the Parties' disputes over modifying the Class definition. The Parties have drafted short and long form Class notices incorporating the Notice Project's guidance. The only remaining prerequisites to sending individualized Class notice are (1) the Court's approval of the notice plan, and (2) Apple's production of Class members' email addresses, which are within Apple's sole possession. *See* Fed. R. Civ. P. 23(c)(2)(B). Apple's motion, which seeks to postpone trial by at least five months, prevents Plaintiffs from satisfying both. Yet no good cause supports Apple's effort. The Parties will continue to "prepare for trial with or without a ruling on the filed motions" as they have for the last ten months. ECF No. 933 at 7. If the Court decertifies the Class during or after the distribution of notice, Plaintiffs will update the notice as required. Apple suffers no prejudice. Plaintiffs bear the risk that distributing notice in the face of a decertification motion will be a waste of money if the Court grants the motion.

Finally, despite Apple's efforts (at 1-3) to show otherwise, Plaintiffs exercised all due diligence in distributing Class notice. To distribute individualized notice, Plaintiffs needed the data necessary to identify potential Class members. Plaintiffs began those efforts in April 2024, ECF No. 877 at 2-3, but Apple did not complete its productions until November 2024, *see* ECF

1  No. 919 at 1-2; ECF No. 1008 at 2.  From there, Plaintiffs' expert, Mr. Darryl Thompson, took on
2  the task of deduplicating the produced payor data to identify potential Class members.  With that
3  work product, plus Dr. Song's individualized damages estimates, Plaintiffs began drafting Class
4  notice forms and shared those with Apple on February 28, 2025, and Apple shared revisions on
5  March 17.  ECF No. 956-16 at 1-2.  But progress stalled on April 7, when Plaintiffs notified Apple
6  that they intended to move to modify the Class definition.  ECF No. 957-2 ¶ 29.  After the Court's
7  May 30 hearing, Plaintiffs promptly shared revised notices (incorporating the Notice Project's
8  insight) on June 13 and again on June 24.  Apple reverted on July 7, and while triple-tracking
9  expert depositions and pre-filing authorization letters, Plaintiffs finalized the notices and shared a
10 draft stipulation on August 5.  ECF No. 1008-4 at 3-4.  Apple responded with this notice of this
11 Motion.  *Id.* at 1-2.  Absent this Motion, the Parties would be prepared to send notice.  Apple's
12 claim that Plaintiffs have unduly delayed in this process lacks merit.
13       In sum, there is no good cause to delay trial.  Apple's pending motions present no risk of
14 one-way intervention, and there remains ample time to distribute notice before trial.  The Court
15 should deny Apple's Motion and direct the Parties to turn their attention to Class notice now.

16 **III.    The Possibility that Apple's Dispositive Motions May Not be Ruled Upon Before Trial
17           Is Not Good Cause for Delaying the Trial.**

18       After seeking to lay the blame for delay at Plaintiffs' feet, Apple also frets that the Court
19 will not have sufficient time to decide its dispositive motions prior to trial.  As the Court will recall,
20 the *original* pretrial schedule entered after class certification on July 11, 2024 – more than a year
21 ago – set the February 2, 2026, trial date and required that all dispositive and *Daubert* motions
22 were "to be heard by May 8, 2025, at 2:00 p.m." Dkt. No. 891 at 1. That left more than enough
23 time for the Court to hear and decide those motions. However, as the Court also will recall, after
24 numerous discovery disputes and several rulings by Magistrate Judge Hixson compelling Apple
25 to produce documents and data necessary for Plaintiffs to run their damages model on the full set
26 of App Store transactions, Apple's delay required the parties to agree to adjust the original pre-
27 trial schedule, extending the deadline for expert discovery by nearly four months and extending
28 the hearing date on dispositive motions **by five months** to "on or after October 7, 2025, at the

Court's convenience," while preserving the February 2, 2026, trial date.  *See* Dkt. No. 933 at 3. That the change to the pretrial schedule shortened the time to decide the dispositive and *Daubert* motions was not lost on the Court, which noted in an endorsement: "The parties have conveniently agreed to extend their own schedule and yet maintain a trial date which shifts the burden to the Court. The Court will maintain that date but the parties will be required to prepare for trial with or without a ruling on the filed motions." *Id*. at 6.

Not coincidentally, Apple's motion to delay the trial by five months seeks to reclaim the *same* five months the parties lost as a result of the discovery delays and discovery motion practice. Having caused the delay, Apple cannot complain that the Court may not rule on its motions – which it did not even file in time for the Court to hear them on October 7, 2025 – prior to trial.

## IV.   Delaying the Trial Date Prejudices Plaintiffs.

Finally, Apple's motion to delay the trial – which is now only four months away – is not only unnecessary, but it needlessly risks unduly prejudicing Plaintiffs.

Delaying the trial another five months, or more, will prejudice Plaintiffs, not Apple.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he existence or degree of prejudice to the party opposing the modification" is relevant to Rule 16(b) inquiry).  This case concerns events dating as far back as 2008, so any further "[d]elay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007).  Delay also risks the unavailability of key witnesses.  Plaintiffs' Nobel Prize winning economists, whose testimony is key to Plaintiffs' liability and damages case, are both over the age of eighty.  Plaintiffs will suffer incurable prejudice should either or both experts be unable to testify at trial.

## **CONCLUSION**

For these reasons, the Court should deny Apple's Motion to Continue Trial Date.  Instead, to facilitate the speedy and just resolution of this case, *see* Fed. R. Civ. P. 1, the Court should direct the Parties to submit a stipulation and proposed order approving Class notice within three days.

DATED: August 12, 2025         By:      /s/ *Rachele R. Byrd*
                                                    RACHELE R. BYRD

BETSY C. MANIFOLD
manifold@whafh.com
RACHELE R. BYRD
byrd@whafh.com
STEPHANIE AVILES
aviles@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA  92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599

MARK C. RIFKIN
rifkin@whafh.com
MATTHEW M. GUINEY
guiney@whafh.com
THOMAS H. BURT (*pro hac vice*)
burt@whafh.com
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114

DAVID C. FREDERICK (*pro hac vice*)
AARON M. PANNER (*pro hac vice*)
JAMES M. WEBSTER (*pro hac vice*)
KYLE M. WOOD (*pro hac vice*)
ASHLE J. HOLMAN (*pro hac vice*)
KELLEY C. SCHIFFMAN (*pro hac vice*)
ANNA K. LINK (*pro hac vice*)
ANTHONY R. GUTTMAN (*pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL &**
  **FREDERICK, P.L.L.C**
1615 M Street, NW Suite 400
Washington, D.C. 20036
Telephone:  202/326-7900
Facsimile:  202/326-7999
dfrederick@kellogghansen.com
apanner@kellogghansen.com
jwebster@kellogghansen.com
kwood@kellogghansen.com
aholman@kellogghansen.com
kschiffman@kellogghansen.com
alink@kellogghansen.com
aguttman@kellogghansen.com

*Class Counsel for Plaintiffs*