UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | Case No. 4:11-cv-06714-YGR<br><br>**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO PRECLUDE EXPERT OPINIONS OF JAMES E. MALACKOWSKI, CPA, ARUN SUNDARARAJAN, Ph.D., AND JONAH BERGER, Ph.D.** |

i

Gibson, Dunn & Crutcher LLP

[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO PRECLUDE EXPERT OPINIONS OF JAMES E. MALACKOWSKI, ARUN SUNDARARAJAN, AND JONAH BERGER
CASE NO. 4:11-CV-06714-YGR

Before the Court is Plaintiffs' *Daubert* Motion to preclude the expert opinions of James Malackowski, CPA, Arun Sundararajan, Ph.D., and Jonah Berger, Ph.D. ("*Daubert* Motion"). The Court, having considered all the papers submitted by the parties, the arguments presented, and the relevant authorities, HEREBY ORDERS that Plaintiffs' *Daubert* Motion is DENIED.

**MR. MALACKOWSKI**

The Court DENIES Plaintiffs' *Daubert* Motion to exclude Mr. Malackowski's opinions on Apple's research investment and IP-protected innovations.

Under Federal Rule of Evidence 702, an expert must be qualified by "knowledge, skill, experience, training, or education" as to the subject matter of their opinion. Mr. Malackowski is retained by Apple to (1) provide an overview of Apple's innovation associated with iOS and the App Store—in particular, as it is reflected in the tools, technologies, and services that Apple creates and makes available to developers—and the IP that protects that innovation, Dkt. 1000-3 (Malackowski Rep.) ¶ 15, and (2) analyze if and how Plaintiffs' experts address Apple's IP in their analyses relating to the suggested alternatives in the but-for world and the App Store's profitability, Dkt. 1000-4 (Malackowski Reb. Rep.) ¶ 4.

Plaintiffs contend that Mr. Malackowski is unqualified because he is not an economist and therefore cannot critique the economic analyses of Plaintiffs' experts. Mot. 9–10. But the law does not require an expert to hold a particular academic degree. They only need to possess sufficient specialized knowledge, skill, experience, training, or education to assist the jury. *See Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 669–70 (N.D. Cal. 2021). This Court has previously qualified Mr. Malackowski as an expert for the same subject matter in *Epic Games* litigation and continues to find Mr. Malackowski well-qualified to opine on these issues, given his extensive experience in valuing intellectual property assets and analyzing accounting metrics as a Certified Public Accountant and a Certified Licensing Professional. *See Epic Games, Inc. v. Apple Inc.*, 559 F. Supp. 3d 898, 972 & n.333 (N.D. Cal. 2021) (citing Malackowski's trial testimony); Dkt. 1000-3 (Malackowski Rep.) ¶¶ 2, 7.

Next, Plaintiffs further challenge Mr. Malackowski's methodology, arguing that he merely tallied Apple's patent, copyright, and trademark grants without any comparative benchmark or independent brand valuation. Mot. 3–7. Rule 702 requires that expert testimony be the product of

Gibson, Dunn & Crutcher LLP

[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO PRECLUDE EXPERT OPINIONS OF JAMES E. MALACKOWSKI, ARUN SUNDARARAJAN, AND JONAH BERGER
CASE NO. 4:11-CV-06714-YGR

reliable principles and methods, and that the expert has reliably applied those principles and methods to the facts of the case. *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010); *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1235 (9th Cir. 2017). Rule 702, however, does not prescribe a particular methodology. Here, Mr. Malackowski's opinions are based on a multi-step, data-driven methodology, including a 19-year longitudinal analysis of Apple's research and development investment, an asset-by-asset review of hundreds of App Store-related patents, copyrights, and trademarks, and mapping of those intellectual property assets to the developer tools, technologies, and services they protect. *See, e.g.*, Dkt. 1000-3 (Malackowski Rep.) ¶¶ 75–79, 88, 148, 153–64, 166, 169–77, 181, 189, App'x C (discussing findings); Ex. 4 (Malackowski Dep.) 30:4–24. He also critiques Plaintiffs' ROCE/WACC and but-for-world analyses using established accounting principles and IP licensing practices. *See* Dkt. 1000-4 (Malackowski Reb. Rep.) ¶¶ 87–99. Mr. Malackowski's use of independent and reliable third-party brand valuation reports is also proper and consistent with accepted expert practice. Fed. R. Evid. 703; *see, e.g.*, *Highfields Capital I, LP v. Sea World Ent., Inc.*, 2022 WL 1037210, at *16 (S.D. Cal. Apr. 6, 2022) (holding that expert's testimony on brand value helped jurors understand its significance in business, a subject outside common knowledge).

Lastly, the Court is not persuaded by Plaintiffs' argument that Mr. Malackowski's opinions constitute impermissible legal conclusions. Rather, he references legal frameworks and the existence of legal rights as part of his analysis, as experts are permitted to do so long as they do not usurp the court's role in defining the law. *See Hangarter v. Provident Life & Accident. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004); *In re Korean Ramen Antitrust Litig.*, 281 F. Supp. 3d 892, 933 (N.D. Cal. 2017).

**PROFESSOR SUNDARARAJAN**

The Court DENIES Plaintiffs' Daubert Motion to exclude Professor Sundararajan's opinions.

Plaintiffs, again, challenged Prof. Sundararajan's qualification because he does not have a degree in economics. Mot. 11–18. Rule 702 provides that an expert's qualifications are to be assessed holistically and "does not require an expert to hold specific credentials or qualifications in the relevant subject matter." *Synnex Corp. v. Axis Ins. Co.*, 2023 WL 2530930, at *6 (N.D. Cal. Mar. 15, 2023). Here, Prof. Sundararajan meets this requirement. Prof. Sundararajan is the Harold Price Professor of Entrepreneurship and Professor of Technology, Operations and Statistics at NYU Stern. He brings

2

[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO PRECLUDE EXPERT OPINIONS OF JAMES E. MALACKOWSKI, ARUN SUNDARARAJAN, AND JONAH BERGER
CASE NO. 4:11-CV-06714-YGR

Gibson, Dunn & Crutcher LLP

1  relevant interdisciplinary academic and professional background including his award-winning
2  scholarship on digital platforms and two-sided markets, extensive peer-reviewed publications, and
3  graduate-level teaching in digital economics.  Dkt. 1000-8 (Sundararajan Rep.) ¶ 2; Sundararajan Decl.
4  ¶¶ 4–7.  Prof. Sundararajan's reports and deposition also demonstrate his familiarity with the
5  economics of two-sided transaction platforms.  *See* Dkt. 1000-8 (Sundararajan Rep.) ¶¶ 37–43, 45–
6  106; Dkt. 1000-9 (Sundararajan Reb. Rep.) ¶¶ 66–68, 200–08; Ex. 15 (Sundararajan Dep.) 84:5–17,
7  112:5–113:5, 291:12–299:10.

8  Plaintiffs' arguments that Prof. Sundararajan lacks expertise in certain subfields is unavailing.
9  Courts have routinely admitted expert economic testimony on antitrust and platform issues without
10 requiring narrow specialization in every sub-issue.  *See*, *e.g.*, *Natchitoches Par. Hosp. Serv. Dist. v.*
11 *Tyco Int'l, Ltd.*, 2009 WL 3053855, at *3 (D. Mass. Sept. 21, 2009) (finding antitrust law professor
12 with no econometrics expertise "qualified to perform regressions and other technical statistical
13 analyses").

14 Plaintiffs' argument that Prof. Sundararajan lacks expertise in privacy and security also
15 mischaracterizes his testimony, as he applies accepted economic principles to explain economic
16 incentives and rationales of market participants to facilitate trusted interactions on two-sided platforms,
17 a subject well within the purview of economic expert testimony.  *See* Dkt. 1000-8 (Sundararajan Rep.)
18 ¶ 71, § VI.C; *In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D. 5, 31 (S.D.N.Y. 2020); *Restore*
19 *Robotics, LLC v. Intuitive Surgical, Inc.*, 2022 WL 19408080, at *6 (N.D. Fla. Feb. 7, 2022).

20 The Court further finds that Prof. Sundararajan's opinions are both reliable and relevant.  Here,
21 Prof. Sundararajan synthesizes peer-reviewed literature on indirect network effects, platform
22 governance, and pricing, and applies this framework to the facts regarding the App Store's
23 simultaneous matching of developers and consumers.  *See Epic Games, Inc. v. Apple, Inc.*, 67 F.4th
24 946, 1000–01 (9th Cir. 2023); Dkt. 1000-9 (Sundararajan Reb. Rep.) App'x Ex. C.1.  He critiques
25 Plaintiffs' liability and damages experts for failing to account for platform two-sidedness and cross-
26 side network effects.  *See* Dkt. 1000-9 (Sundararajan Reb. Rep.) §§ IV.B.2–3.  These opinions bear
27 directly on material issues.
28

3
[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO PRECLUDE EXPERT OPINIONS OF JAMES E.
MALACKOWSKI, ARUN SUNDARARAJAN, AND JONAH BERGER
CASE NO. 4:11-CV-06714-YGR

Gibson, Dunn &
Crutcher LLP

Plaintiffs' remaining arguments do not warrant exclusion either. *Otto v. LeMahieu*, 2021 WL 1615311, at *4 (N.D. Cal. Apr. 26, 2021) (holding that an expert's testimony is speculative when it is "untethered to and unsupported by any facts in the record," not when an expert calibrates his certitude.); *MediaTek inc. v. Freescale Semiconductor, Inc.*, 2014 WL 971765, at *1 (N.D. Cal. Mar. 5, 2014) (relying upon opinions of other experts does not amount to impermissible parroting); *MediaTek Inc.*, 2014 WL 971765, at *2 (rejecting request to exclude background sections); *Wendell*, 858 F.3d at 1232–35 (permitting opinions growing naturally out of experts' own independent research when "the testimony is based on 'scientifically valid principles'").

### PROFESSOR BERGER

The Court also DENIES Plaintiffs' *Daubert* Motion to exclude Professor Berger's rebuttal of Plaintiffs' expert Professor M. Keith Chen's opinions on non-monetary switching costs and life-cycle costs.

Following the same line of argument as in the rest of their motion, Plaintiffs contend that Prof. Berger is unqualified to rebut the opinions of Plaintiffs' expert, Prof. Chen, on non-monetary switching costs and life-cycle costs, because Prof. Berger lacks the specific expertise required to address these topics. Rule 702 permits rebuttal experts to critique another expert's methodology and conclusions, provided the rebuttal testimony is within the expert's expertise and will assist the trier of fact. *See United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1141 (9th Cir. 1999). Prof. Berger is a tenured marketing professor at the Wharton Business School with over 20 years of experience in the field of consumer behavior who has published more than 75 peer-reviewed publications on consumer behavior, switching costs, brand loyalty, and decision making. Dkt. 1000-12 (Berger Rep.) ¶¶ 1–2. This experience squarely qualifies him to assess Prof. Chen's behavioral-economics opinions under the standards of Rule 702. These arguments do not warrant exclusion.

Plaintiffs also contend that Prof. Berger's methodology is deficient because he "merely reviewed" literature used by Plaintiffs' expert. Mot. 30. The law is clear that the expert's methodology is reliable if it applies the opposing expert's "own methodology in order to opine that a different conclusion should be reached." *See In re Ripple Labs, Inc. Litig.*, 2024 WL 4583525, at *4 (N.D. Cal. Oct. 24, 2024). That is what Prof. Berger has done here. He reviewed every academic article and case

4

Gibson, Dunn & Crutcher LLP

[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO PRECLUDE EXPERT OPINIONS OF JAMES E. MALACKOWSKI, ARUN SUNDARARAJAN, AND JONAH BERGER
CASE NO. 4:11-CV-06714-YGR

material cited by Prof. Chen, surveying additional, widely accepted literature on lifecycle pricing, status-quo bias, and brand loyalty, and applied established consumer-behavior principles to identify gaps and misinterpretations in Prof. Chen's analysis. Dkt. 1000-14 (Berger Reb. Rep.) ¶¶ 76–77, 93, 121, 105, App'x C (materials relied upon). Prof. Berger's opinions do not usurp the role of the jury and will help the jury assess the persuasiveness, veracity, and credibility of Prof. Chen's opinions. *Howard v. Tanium, Inc.*, 2025 WL 1906659, at *11 (N.D. Cal. July 10, 2025).

**IT IS SO ORDERED.**

DATED: _____, 2025

THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

Gibson, Dunn & Crutcher LLP

5

[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO PRECLUDE EXPERT OPINIONS OF JAMES E. MALACKOWSKI, ARUN SUNDARARAJAN, AND JONAH BERGER
CASE NO. 4:11-CV-06714-YGR