UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

IN RE APPLE IPHONE ANTITRUST LITIGATION

No. 4:11-cv-06714-YGR

**[PROPOSED] ORDER DENYING DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT**

DATE: October 14, 2025
TIME: 2:00 p.m.
COURTROOM: 1, 4th Floor

The Honorable Yvonne Gonzalez Rogers

Before the Court is Defendant Apple Inc.'s ("Apple") Motion for Summary Judgment (Dkt. No. 1004). The Court, having considered all the papers submitted by the parties, the supporting evidence, the arguments presented at the evidentiary hearing on Apple's motion, and the relevant authorities, HEREBY ORDERS that Apple's Motion for Summary Judgment is DENIED in its entirety for the reasons below:

1. Issue One: Apple claims Plaintiffs do not account for the two-sided nature of the App Store, but that disagreement raises factual disputes over how to assess competitive effects. *See Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1203 (9th Cir. 1997) ("relevant market is a factual determination for the jury"); *Ohio v. Am. Express Co.*, 585 U.S. 529, 543 (2018) ("*Amex*") (market definition is a way for the jury "to measure the defendant's ability to lessen or destroy competition.") (cleaned up). Specifically, disagreements over App Store market conditions such as the strength of indirect network effects, cross-elasticity of demand, monopolization on both sides of the App Store, and the App Store's similarity to a traditional retailer generate material factual disputes. *See* Facts 36-46 (listing relevant factual disputes).[1] Those disputes are for the jury. *Cf.* Jury Instr. No. 23, *Epic Games, Inc. v. Google LLC*, No. 3:20-cv-05671-JD (N.D. Cal Dec. 6, 2023), Dkt. No. 592. Further, "[a]ll *Amex* held is that to establish that a practice is anticompetitive *in certain* two-sided markets, the plaintiff must establish an anticompetitive impact on the 'market as a whole.'" *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 985 (9th Cir. 2023) (emphasis added). The evidence, taken in the light most favorable to Plaintiffs, could support a finding of harm to the market as a whole. *See* Facts 43-46.

2. Issue Two: Plaintiffs allege that Apple uses its contractual and technical restrictions – along with its market power in iOS devices and aftermarket conditions – to interfere with

[1] All references to "Facts" are to the statements in the Moving Party's Undisputed Material Facts and Supporting Evidence And Opposing Party's Additional Material Facts.

dealings between iOS device owners and iOS app developers. *See also* Opp. to Mot. for Summ. J. at 10-13 (discussing evidence of interference). "A monopolist's efforts 'to limit the abilities *of third parties* to deal with rivals' is . . . not a refusal to deal with the monopolist's competitors." *CoStar Grp., Inc. v. Com. Real Est. Exch., Inc.*, 141 F.4th 1075, 1090 (9th Cir. 2025) (emphasis added) (citation omitted); *see also Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 463 n.8 (1992) ("Assuming, *arguendo,* that Kodak's refusal to sell parts to any company providing service can be characterized as a unilateral refusal to deal, its alleged sale of parts to third parties on condition that they buy service from Kodak is not."); *United States v. Apple, Inc.*, 2025 WL 1829127, at *17 (D.N.J. June 30, 2025) (rejecting Apple's refusal to deal argument); *United States v. Google LLC*, 778 F. Supp. 3d 797, 865-67 (E.D. Va. 2025). Apple's challenged restrictions should be evaluated by the jury under the rule of reason. *See Epic Games*, 67 F.4th at 983.

3. Issue Three: A reasonable jury could conclude Apple's App Store restrictions are part of an anticompetitive scheme to foreclose competition, not mere design choice. *See* Facts 47-75. The jury should therefore assess them under the rule of reason. *See Epic Games*, 67 F.4th at 994-95; *United States v. Microsoft Corp.*, 253 F.3d 34, 64-71, 84-96 (D.C. Cir. 2001); *Google LLC*, 778 F. Supp. 3d at 867-71; *Apple Inc.*, 2025 WL 1829127, at *12-13. Apple's argument relies on disputed factual assertions about consumer appeal and supposed security risks that the jury must be allowed to weigh against Plaintiffs' evidence of "associated anticompetitive conduct." *Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991, 998-99 (9th Cir. 2010); *see* Facts 26, 69-74.

4. Issue Four: Apple had fair notice of Plaintiffs' in-app purchasing and anti-steering allegations through the operative complaint's allegations of Apple's "anticompetitive scheme to monopolize the aftermarket for iOS applications," including "in-app purchases." Dkt. No. 229, Ex. A ¶¶ 4-5; *see*, *e.g.*, *id.* ¶¶ 8-9, 62, 76. Plaintiffs' specific

evidence related to Apple's use of contractual IAP and anti-steering restrictions for that purpose do not "exceed[] the complaint's scope and the limits of discovery such that defendants could not fairly anticipate it." *Wormuth v. Lammersville Union Sch. Dist.*, 305 F. Supp. 3d 1108, 1118 (E.D. Cal. 2018); *see also FTC v. Ivy Cap., Inc.*, 616 F. App'x 360, 361-62 (9th Cir. 2015); *Safeway, Inc. v. Abbott Lab'ys*, 761 F. Supp. 2d 874, 890-91 (N.D. Cal. 2011). Nor can Apple claim prejudice, where it offered its own merits expert report disputing the IAP and anti-steering allegations, Ex. 42 (Sundararajan Rep.) ¶ 10, and examined Plaintiffs' experts on that topic, *see* Opp. to Mot. for Summ. J. at 19.

5. Issue Five: Plaintiffs' in-app purchasing allegations are timely. Plaintiffs' original complaint put Apple on notice of claims for monopolization and attempted monopolization based on allegations that Apple's anticompetitive conduct forced iOS device users to pay supracompetitive prices "for *products* sold in the iPhone Applications Aftermarket." Dkt. No. 1 ¶¶ 87, 93 (emphasis added). Moreover, the operative complaint's allegations regarding in-app purchases relate back to the original complaint under Federal Rule of Civil Procedure 15(c) because they "simply add detail." *Klein v. Meta Platforms, Inc.*, 2022 WL 17477101, at *2 (N.D. Cal. Dec. 6, 2022); *see*, *e.g.*, *E.W. French & Sons, Inc. v. Gen. Portland Inc.*, 885 F.2d 1392, 1396 (9th Cir. 1989); *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.29 (9th Cir. 1982); *Jasper v. C.R. England, Inc.*, 2013 WL 12138579, at *7 (C.D. Cal. June 27, 2013).

6. Issue Six: Plaintiffs' damages model presents admissible evidence of injury; Apple's contrary arguments are unpersuasive for the reasons set forth in the Court's order denying Apple's *Daubert* Motion to Exclude the Opinions of Mr. Darryl Thompson & Prof. Alan McCormack. It is not necessary, as Apple contends, for Plaintiffs' model to "segregate and attribute a fixed amount of damages to any one act" because the fact finder could conclude that the model provides a just and reasonable estimate of damages from Apple's

monopolization "aris[ing] from a series of unlawful acts intertwined with one another." *MCI Comm'cns Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081, 1161 (7th Cir. 1983); *LePage's Inc. v. 3M*, 324 F.3d 141, 166 (3d Cir. 2003). Further, Plaintiffs have presented evidence, for the jury to weigh, that Dr. Abrantes-Metz's model does not depend on Plaintiffs prevailing on each alleged theory of anticompetitive conduct. *See* Fact 77.

7. Issue Seven: Apple's contention that Mr. Hayter has no damages is premature. He will have damages if the jury finds Apple violated Section 2 but that price tiers are lawful. Song Decl. ¶¶ 3-5.

**IT IS SO ORDERED.**

DATE: ________________

________________________________
THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE