BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
STEPHANIE AVILES (350289)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA  92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com
byrd@whafh.com
saviles@whafh.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
rifkin@whafh.com
guiney@whafh.com
burt@whafh.com

*Class Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR<br><br>**DECLARATION OF RACHELE R. BYRD IN SUPPORT OF PLAINTIFFS' OPPOSITIONS TO DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT, *DAUBERT* MOTION, AND MOTION TO DECERTIFY THE CLASS**<br><br>DATE:         October 14, 2025<br>TIME:         2:00 p.m.<br>COURTROOM: 1, 4th Floor<br><br>The Honorable Yvonne Gonzalez Rogers |

I, Rachele R. Byrd, declare as follows:

1. I am an attorney duly licensed to practice before all courts of the State of California, I am a partner of the law firm Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), Class Counsel for Plaintiffs. I submit this declaration in support of Plaintiffs' oppositions to Apple Inc.'s Motion for Summary Judgment, *Daubert* motion, and Motion to Decertify the Class. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. **Exhibit 1** is a true and correct copy of an excerpt of the December 17, 2020 deposition of Ron Okamoto, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

3. **Exhibit 2** is a true and correct copy of an excerpt of the January 7, 2021 deposition of Matthew Fischer, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

4. **Exhibit 3** is a true and correct copy of an excerpt of the January 12, 2021 deposition of Phillip Shoemaker, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

5. **Exhibit 4** is a true and correct copy of an excerpt of the January 13, 2021 deposition of C.K. Haun, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

6. **Exhibit 5** is a true and correct copy of an excerpt of the February 2, 2021 deposition of Trystan Kosmynka, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

7. **Exhibit 6** is a true and correct copy of an excerpt of the February 10, 2021 deposition of Craig Federighi, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

8. **Exhibit 7** is a true and correct copy of an excerpt of the February 11, 2021 deposition of Aashish Patel (NVIDIA Corp.), with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

9. **Exhibit 8** is a true and correct copy of an excerpt of the February 11, 2021 deposition of Philip Schiller, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

10. **Exhibit 9** is a true and correct copy of an excerpt of the February 12, 2021 deposition of Tim Cook, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

11. **Exhibit 10** is a true and correct copy of an excerpt of the March 8, 2021 deposition of Scott Forstall, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

12. **Exhibit 11** is a true and correct copy of an excerpt of the March 28, 2021 deposition of Daniel Rubinfeld, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

13. **Exhibit 12** is a true and correct copy of an excerpt of the July 30, 2021 deposition of Einer Elhauge, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

14. **Exhibit 13** is a true and correct copy of an excerpt of the August 3, 2021 deposition of Daniel McFadden, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

15. **Exhibit 14** is a true and correct copy of an excerpt of the November 5, 2021 deposition of Daniel McFadden, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

16. **Exhibit 15** is a true and correct copy of an excerpt of the December 5, 2022 deposition of Daniel McFadden, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

17. **Exhibit 16** is a true and correct copy of an excerpt of the December 15, 2022 deposition of Rosa Abrantes-Metz, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

18. **Exhibit 17** is a true and correct copy of a letter from Eli Lazarus to Rachele Byrd and Kyle Wood, dated September 12, 2024.

19. **Exhibit 18** is a true and correct copy of an excerpt of the May 14, 2025 deposition of Daniel McFadden, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

20. **Exhibit 19** is a true and correct copy of an excerpt of the May 23, 2025 deposition of Alan MacCormack, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

21. **Exhibit 20** is a true and correct copy of an excerpt of the May 23, 2025 deposition of Rosa Abrantes-Metz, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

22. **Exhibit 21** is a true and correct copy of an excerpt of the May 30, 2025 deposition of Joseph Stiglitz, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

23. **Exhibit 22** is a true and correct copy of an excerpt of the June 4, 2025 deposition of Minjae Song, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

24. **Exhibit 23** is a true and correct copy of an excerpt of the June 5, 2025 deposition of Darryl Thompson.

25. **Exhibit 24** is a true and correct copy of a letter from Kyle Wood to Eli Lazarus, dated October 7, 2024.

26. **Exhibit 25** is a true and correct copy of an excerpt of the June 26, 2025 deposition of Arun Sundararajan, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

27. **Exhibit 26** is a true and correct copy of an excerpt of the June 25, 2025 deposition of Joseph Stiglitz, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

28. **Exhibit 27** is a true and correct copy of a letter from Eli Lazarus to Rachele Byrd and Kyle Wood, dated October 25, 2024.

29. **Exhibit 28** is a true and correct copy of an excerpt of the July 1, 2025 deposition of Ginger Jin, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

30. **Exhibit 29** is a true and correct copy of an excerpt of the July 3, 2025 deposition of Minjae Song, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

31. **Exhibit 30** is a true and correct copy of an excerpt of the July 11, 2025 deposition of Rosa Abrantes-Metz, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

32.     **Exhibit 31** is a true and correct copy of an excerpt of the July 17, 2025 deposition of Victoria Stodden.

33.     **Exhibit 32** is a true and correct copy of the Opening Expert Report of Alan MacCormack, dated March 6, 2025.

34.     **Exhibit 33** is a true and correct copy of the Opening Expert Report of Rosa Abrantes-Metz, Ph.D., dated March 7, 2025, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

35.     **Exhibit 34** is a true and correct copy of the Opening Expert Report of Ned Barnes, CPA, dated March 7, 2025, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

36.     **Exhibit 35** is a true and correct copy of the Opening Expert Report of M. Keith Chen, Ph.D., dated March 7, 2025, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

37.     **Exhibit 36** is a true and correct copy of the Opening Expert Report of Wayne Hoyer, Ph.D., dated March 7, 2025, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

38.     **Exhibit 37** is a true and correct copy of the Opening Expert Report and Declaration of Ginger Jin, Ph.D., dated March 7, 2025, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

39.     **Exhibit 38** is a true and correct copy of the Opening Expert Report of Daniel McFadden, Ph.D., dated March 7, 2025, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

40.     **Exhibit 39** is a true and correct copy of the Opening Expert Report and Declaration of Itamar Simonson, Ph.D., dated March 7, 2025, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

41.     **Exhibit 40** is a true and correct copy of the Opening Expert Report of Minjae Song, Ph.D., dated March 7, 2025, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

42. **Exhibit 41** is a true and correct copy of the Opening Expert Report of Joseph Stiglitz, Ph.D., dated March 7, 2025, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

43. **Exhibit 42** is a true and correct copy of the Opening Expert Report and Declaration of Arun Sundararajan, Ph.D., dated March 7, 2025, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

44. **Exhibit 43** is a true and correct copy of the Opening Expert Report of Tadayoshi Kohno, Ph.D., dated March 7, 2025, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

45. **Exhibit 44** is a true and correct copy of the Supplemental Expert Report of Darryl Thompson, dated April 16, 2025, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

46. **Exhibit 45** is a true and correct copy of the Rebuttal Expert Report of Rosa Abrantes-Metz, Ph.D., dated June 13, 2025, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

47. **Exhibit 46** is a true and correct copy of the Rebuttal Expert Report of Joseph Stiglitz, Ph.D., dated June 13, 2025, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

48. **Exhibit 47** is a true and correct copy of the Rebuttal Expert Report of Tadayoshi Kohno, Ph.D., dated June 13, 2025, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

49. **Exhibit 48** is a true and correct copy of the Rebuttal Expert Report and Declaration of Arun Sundararajan, Ph.D., dated June 13, 2025, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

50. **Exhibit 49** is a true and correct copy of the Rebuttal Expert Report of Wayne Hoyer, Ph.D., dated June 13, 2025, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

51. **Exhibit 50** is a true and correct copy of a letter from Eli Lazarus to Rachele Byrd and Kyle Wood, dated November 7, 2024.

52. **Exhibit 51** is a true and correct copy of the Rebuttal Expert Report and Declaration of Victoria Stodden, Ph.D., dated June 27, 2025.

53. **Exhibit 52** is a true and correct copy of the Supplemental Expert Report of Minjae Song, Ph.D., dated August 1, 2025.

54. **Exhibit 53** is a true and correct copy of a letter from Mark Rifkin to Eli Lazarus, dated May 4, 2025.

55. **Exhibit 54** is a true and correct copy of a document titled, "Apple Video Partner Program," dated 2020, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_09980457, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

56. **Exhibit 55** is a true and correct copy of a publicly available Apple document titled, "Apple Media Services Terms and Conditions," as available and accessed on August 29, 2025 (at https://www.apple.com/legal/internet-services/itunes/), with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

57. **Exhibit 56** is a true and correct copy of a publicly available Apple document titled, "Apple, US developers agree to App Store updates that will support businesses and maintain a great experience for users," dated August 26, 2021, as available (at https://www.apple.com/newsroom/2021/08/apple-us-developers-agree-to-app-store-updates/), with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

58. **Exhibit 57** is a true and correct copy of an email from Nancy Paxton (Apple) to Tim Cook (Apple), dated January 24, 2015, that Apple produced in the above-captioned case, bearing Bates label APL-EG_09278862, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

59. **Exhibit 58** is a true and correct copy of an email from Eric Friedman (Apple) to Srinivas Vedula (Apple), dated January 25, 2016, that Apple produced in the above-captioned

case, bearing Bates label APL-APPSTORE_09166610, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

60. **Exhibit 59** is a true and correct copy of an email from Bill Havlicek (Apple) to Trystan Kosmynka (Apple), dated December 15, 2016, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_11045202, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

61. **Exhibit 60** is a true and correct copy of an email from Mary Ann Brunson (Apple) to Alston Cheek (Apple), dated September 15, 2017, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_09869802, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

62. **Exhibit 61** is a true and correct copy of an email from Mary Ann Brunson (Apple) to Trystan Kosmynka (Apple), dated September 25, 2017, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_06713744, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

63. **Exhibit 62** is a true and correct copy of a publicly available Apple document titled, "iOS and iPadOS Software License Agreement," as available and accessed on August 29, 2025 (at https://www.apple.com/legal/sla/docs/iOS18_iPadOS18.pdf), with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

64. **Exhibit 63** is a true and correct copy of an email from "App Review Policy" to "App Review Org," dated June 4, 2018, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_00318230, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

65. **Exhibit 64** is a true and correct copy of a document titled, "Market study into mobile app stores," dated April 11, 2019, that Apple produced in the above-captioned case, bearing Bates label APL-EG_02273420, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

66. **Exhibit 65** is a true and correct copy of an email from Craig Federighi (Apple) to Ivan Krstic (Apple), dated August 22, 2019, that Apple produced in the above-captioned case,

BYRD DECL. ISO PLAINTIFFS' OPPS. TO DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT, *DAUBERT* MOTION, AND MOTION TO DECERTIFY THE CLASS
Case No. 11-cv-06714-YGR
-7-

bearing Bates label APL-EG_04107164, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

67. **Exhibit 66** is a true and correct copy of an email from Tom Reybrun (Apple) to Bill Havlicek (Apple), dated August 27, 2019, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_06587460, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

68. **Exhibit 67** is a true and correct copy of an email from Dan Martinez (Apple) to Trystan Kosmynka (Apple), dated October 24, 2019, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_02921977, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

69. **Exhibit 68** is a true and correct copy of a document titled, "Apple Media Services Terms and Conditions," dated November 8, 2019, that Apple produced in the above-captioned case, bearing Bates label APL-EG_07832391, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

70. **Exhibit 69** is a true and correct copy of a document titled, "Software the Focus of WWDC, Hardware Launches not quite as Broad as Expected," dated June 11, 2012, that Apple produced in the above-captioned case, bearing Bates label APL-EG_10018126, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

71. **Exhibit 70** is a true and correct copy of a document titled, "Apple Developer Program License Agreement," dated March 23, 2020, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_10429513, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

72. **Exhibit 71** is a true and correct copy of a document titled, "Apple Developer Program License Agreement," dated June 22, 2020, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_10137264, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

73. **Exhibit 72** is a true and correct copy of a document titled, "App Store Pricing Vision & Approach," dated July 2020, that Apple produced in the above-captioned case, bearing

Bates label APL-APPSTORE_10342115, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

74. **Exhibit 73** is a true and correct copy of a document titled, "Apple One (1) Year Limited Warranty," dated July 21, 2020, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_06928875, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

75. **Exhibit 74** is a true and correct copy of an email from Philip Schiller (Apple) to Fred Sainz (Apple) and Sean Cameron (Apple), dated November 19, 2020, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_10767225, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

76. **Exhibit 75** is a true and correct copy of a document titled, "Q2'21 Q&A," dated April 27, 2021, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_10929194, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

77. **Exhibit 76** is a true and correct copy of a document titled, "Haiku Article Preview," dated June 2, 2021, that Apple produced in the above-captioned case, bearing Bates label APL-EG_09483903, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

78. **Exhibit 77** is a true and correct copy of an email from Bill Havlicek (Apple) to Adam Dema (Apple), Sean Cameron (Apple), and Trystan Kosmynka (Apple), dated October 26, 2022, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_10890472, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

79. **Exhibit 78** is a true and correct copy of an email from Peter Ajemian (Apple) to Carson Oliver (Apple), Gustavo Donda (Apple), Jason Cody (Apple), and Ryan Olson (Apple), dated April 29, 2023, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_10908929, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

80.     **Exhibit 79** is a true and correct copy of a document titled, "Updates to Apple's App Ecosystem in the EU Pressing Briefing," dated January 2024, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_10888329, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

81.     **Exhibit 80** is a true and correct copy of a document titled, "Schedule 2," dated June 10, 2024, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_11288950, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

82.     **Exhibit 81** is a true and correct copy of an excerpt of a spreadsheet that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_10871795, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

83.     **Exhibit 82** is a true and correct copy of a document titled, "Many enhancements but no big surprises at WWDC," dated June 11, 2012, that Apple produced in the above-captioned case, bearing Bates label APL-EG_10018066, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

84.     **Exhibit 83** is a true and correct copy of an email from Peter Ajemian (Apple) to Phil Schiller, dated October 21, 2021, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_11453959 with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

85.     **Exhibit 84** is a true and correct copy of a document titled, "Existing Programs and Exceptions," undated, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_10871989, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

86.     **Exhibit 85** is a true and correct copy of a document titled, "Interview Prep - DMA Announce," undated, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_11433454, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

87. **Exhibit 86** is a true and correct copy of a document titled, "Introducing the News Partner Program," undated, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_11289619, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

88. **Exhibit 87** is a true and correct copy of an email from "FierceMobileContent" to Shaan Pruden (Apple), dated April 3, 2009, that Apple produced in the above-captioned case, bearing Bates label APL-EG_01895633, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

89. **Exhibit 88** is a true and correct copy of a letter from Horacio Gutierrez (Spotify) to Bruce Sewell (Apple), dated June 26, 2016, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_10991276, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

90. **Exhibit 89** is a true and correct copy of a document titled, "App Store Review Guidelines," dated September 11, 2020, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_10745991, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

91. **Exhibit 90** is a true and correct copy of an email from Scott Forstall (Apple) to Scott Forstall (Apple), dated February 21, 2012, that Apple produced in the above-captioned case, bearing Bates label APL-EG_00875856, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

92. **Exhibit 91** is a true and correct copy of an email from Matt Fischer (Apple) to Ron Okamoto (Apple), dated March 6, 2012, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_00207407, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

93. **Exhibit 92** is a true and correct copy of Plaintiffs' Responses and Objections to Defendant Apple Inc.'s First Set of Interrogatories, dated May 13, 2024, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

94. **Exhibit 93** is a true and correct copy of Plaintiffs' Amended and Supplemental Responses and Objections to Defendant Apple Inc.'s First Set of Interrogatories, dated November 26, 2024, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

95. **Exhibit 94** is a true and correct excerpt of a copy of the trial testimony of Tim Cook, *Epic Games, Inc. v. Apple, Inc.*, No. C-20-5640 YGR, May 21, 2021, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

96. **Exhibit 95** is a true and correct copy of an email from Ramona Lin to Rachele Byrd and Kyle Wood, dated July 10, 2024.

97. **Exhibit 96** is a true and correct copy of a letter from Eli Lazarus to Rachele Byrd and Kyle Wood, dated July 10, 2024.

98. **Exhibit 97** is a true and correct copy of a document titled, "iPad Buyer Survey FY18-Q3 Report US, UK, France, Germany, China, and Japan," dated 2018, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_10339734, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

99. **Exhibit 98** is a true and correct copy of an email from Arthur Rangel (Apple) to Phillip Schiller (Apple) and Barry Peters (Apple), dated January 22, 2013, that Apple produced in the above-captioned case, bearing Bates label APL-EG_06218185, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

100. **Exhibit 99** is a true and correct copy of a document titled, "iPad Owner FY21-Q4 Report," dated 2021, that Apple produced in the above-captioned case, bearing Bates label APL-APPSTORE_11109932, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

101. **Exhibit 100** is a true and correct copy of a document titled, "App Store Review Guidelines," dated June 7, 2021, that Apple produced in the above-captioned case, bearing Bates

///
///
///
///

label APL-APPSTORE_10859338, with highlighting added pursuant to Standing Order in Civil Cases Rule 9(d).

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed September 2, 2025, at San Diego, California.

                                              */s/ Rachele R. Byrd*
                                              RACHELE R. BYRD