# EXHIBIT 129

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA    **ORIGINAL**

BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE

| | | |
|---|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) ) | NO. C 05-00037 YGR<br><br>PAGES 1101 - 1310<br><br>**JURY TRIAL VOLUME 6**<br><br><br>OAKLAND, CALIFORNIA<br>MONDAY, DECEMBER 8, 2014 |

**REPORTERS' TRANSCRIPT OF PROCEEDINGS**

APPEARANCES:

FOR PLAINTIFFS:       ROBBINS GELLER RUDMAN & DOWD LLP
                      655 WEST BROADWAY, SUITE 1900
                      SAN DIEGO, CALIFORNIA  92101
                 BY:  ALEXANDRA S. BERNAY,
                      JENNIFER N. CARINGAL,
                      PATRICK COUGHLIN,
                      STEVEN M. JODLOWSKI,
                      CHARLES MCCUE,
                      CARMEN A. MEDICI,
                      BONNY E. SWEENEY, ATTORNEYS AT LAW

                      BONNETT FAIRBOURN FRIEDMAN & BALINT PC
                      4023 CAIN BRIDGE ROAD
                      FAIRFAX, VIRGINIA 22030
                 BY:  FRANCIS J. BALINT, JR.
                      ATTORNEY AT LAW

        (APPEARANCES CONTINUED NEXT PAGE)

REPORTED BY:          RAYNEE H. MERCADO, CSR NO. 8258
                      DIANE E. SKILLMAN, CSR NO. 4909

   PROCEEDINGS REPORTED BY ELECTRONIC/MECHANICAL STENOGRAPHY;
TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530*

**MS. SWEENEY:** YOUR HONOR --

**THE COURT:** HOLD ON. BECAUSE I HAVE A DIFFERENT QUESTION FOR YOU. YOU CAN ANSWER THIS QUESTION, TOO.

AS YOU ALL KNOW, I RECEIVED AN EMAIL OVER THE WEEKEND WHICH I THEN FORWARDED, I HAD MY LAW CLERK FORWARD TO THE PARTIES, DO YOU HAVE ANOTHER PLAINTIFF?

AND ANSWER ME WHETHER IT IS YOUR POSITION THAT A NONLAWYER CAN HAVE AN OWNERSHIP INTEREST IN A LAW FIRM.

**MS. SWEENEY:** AS TO THE LATTER QUESTION, YOUR HONOR, I'M GOING TO ASK MR. BALINT TO ADDRESS THAT.

BUT WITH RESPECT TO THE FIRST QUESTION, OVER THE WEEKEND AND ON FRIDAY, YOUR HONOR, WE RECEIVED A NUMBER OF INQUIRIES FROM PEOPLE WHO THOUGHT THEY WERE MEMBERS OF THE CLASS. AND WE INTERVIEWED MANY OF THEM, AND THERE ARE SEVERAL CLASS MEMBERS WHO HAVE STEPPED FORWARD WHO BOUGHT AN AFFECTED IPOD DURING THE CLASS PERIOD.

SO THE ANSWER TO THE FIRST QUESTION IS, YES, WE CERTAINLY HAVE ANOTHER PLAINTIFF.

AND RELATED TO THE QUESTION YOU ASKED OF MR. ISAACSON, PLAINTIFFS AGREE WITH YOUR HONOR THAT IT CREATES TREMENDOUS DIFFICULTY IF THIS MOTION IS DEFERRED. SO WE THINK IT MAKES SENSE TO DECIDE IT MORE PROMPTLY BEFORE THE VERDICT, AND THEN IF NECESSARY, PLAINTIFFS CAN SUBSTITUTE IN ANOTHER CLASS REPRESENTATIVE.

**THE COURT:** THE DIFFICULTY IS CLEARLY WITHIN MY

|   |   |
|---|---|
| 1 | DISCRETION, ISN'T IT, AT THIS POINT? |
| 2 | **MS. SWEENEY:** WELL, PERHAPS, YOUR HONOR, BUT THERE IS |
| 3 | AN INEFFICIENCY IN PROCEEDING THAT WAY. |
| 4 | **MR. ISAACSON:** ONE OTHER FACTOR I SHOULD INTRODUCE IS |
| 5 | MR. COUGHLIN TOLD ME TODAY PLAINTIFFS ARE CONSIDERING |
| 6 | RECALLING MARIANNA ROSEN. SO IT'S POSSIBLE THE COURT MAY WANT |
| 7 | TO HEAR MORE OF HER TESTIMONY. |
| 8 | **THE COURT:** DO YOU WANT TO ADDRESS MY OTHER QUESTION? |
| 9 | HOW CAN A NONLAWYER HAVE AN OWNERSHIP INTEREST IN A LAW |
| 10 | FIRM? |
| 11 | **MR. BALINT:** YOUR HONOR, AS I UNDERSTAND THE LAW |
| 12 | FIRM, IT'S A PROFESSIONAL ASSOCIATION AND A NONLAWYER CANNOT |
| 13 | BE A MEMBER OF THE ASSOCIATION. BUT THE MARITAL COMMUNITY, |
| 14 | THE ASSETS, THE STOCK IN THE COMPANY HELD BY THE HUSBAND IS |
| 15 | CONSIDERED A MARITAL ASSET IN FLORIDA. AND, FOR EXAMPLE, |
| 16 | WOULD BE SOMETHING THAT WOULD BE ALLOCATED IN A DIVORCE |
| 17 | PROCEEDING, FOR EXAMPLE. |
| 18 | **THE COURT:** YOU DON'T THINK IT WOULD BE LIQUIDATED? |
| 19 | SHE MAY HAVE -- |
| 20 | **MR. BALINT:** HER INTEREST WOULD BE QUANTIFIED IN SOME |
| 21 | WAY. |
| 22 | **THE COURT:** IT WOULD HAVE TO BE QUANTIFIED. |
| 23 | **MR. BALINT:** EXACTLY. |
| 24 | **THE COURT:** A NONLAWYER CAN'T HOLD STOCK. |
| 25 | **MR. BALINT:** NO. THE STOCK IS HELD IN THE NAME OF |

```
 1    THE HUSBAND, BUT IT'S A MARITAL ASSET.  AND SO IN THE EVENT --
 2    THAT'S WHY IT WOULD HAVE TO BE QUANTIFIED IN THE EVENT OF A
 3    DIVORCE.
 4            THE COURT:  WELL, YOU'VE CERTAINLY CREATED A PROBLEM
 5    ON THE PLAINTIFFS' SIDE.
 6         ALL RIGHT.  IT'S 1:40.  I HAVE A SHORT 2:00 O'CLOCK
 7    CALENDAR.  WE HAVE SOME OTHER THINGS TO DO.
 8         GET SOME LUNCH.  WE WILL STAND IN RECESS UNTIL 2:45.
 9            MR. BALINT:  THANK YOU, YOUR HONOR.
10            MR. ISAACSON:  THANK YOU, YOUR HONOR.
11         (RECESS TAKEN AT 1:40 P.M.; RESUMED AT 2:53 P.M.)
12         (PROCEEDINGS HELD OUTSIDE THE PRESENCE OF THE JURY.)
13            THE CLERK:  REMAIN SEATED.  COURT IS IN SESSION.
14    COME TO ORDER.
15            THE COURT:  ALL RIGHT.  WE ARE BACK ON THE RECORD.
16    THE RECORD WILL REFLECT THAT THE JURY IS OBVIOUSLY NOT HERE.
17         I HAVE NOW HAD AN OPPORTUNITY TO FINISH MY REVIEW OF
18    APPLE'S LATEST FILING.  AS YOU ALL KNOW, I RECEIVED THE
19    INITIAL MOTION ON FRIDAY, HAD THOSE CASES WITH ME, AND THEN
20    RECEIVED THE BRIEFING IN CASES BY THE PLAINTIFFS OVER THE
21    WEEKEND.
22    ==IN LIGHT OF THE DOCUMENTATION PROVIDED BY APPLE, I AM==
23    ==CONCERNED THAT MS. ROSEN DOES NOT POSSESS THE SAME INTEREST OR==
24    ==SUFFER THE SAME INJURY AS THE ABSENT CLASS MEMBERS.==  I AM
25    TROUBLED ABOUT HER FAILURE TO PREVIOUSLY DISCLOSE THE
```

```
1    SPECIFICS OF THESE IPODS IN RESPONSES TO INTERROGATORIES
2    EARLIER IN THIS CASE AND THE FAILURE OF PLAINTIFFS' COUNSEL
3    THEMSELVES TO INVESTIGATE SUFFICIENTLY THE ADEQUACY OF THEIR
4    NAMED PLAINTIFFS BEFORE TRIAL.
5         NEVERTHELESS, THE COURT IS MINDFUL OF THE MILLIONS OF
6    ABSENT CLASS MEMBERS WHO PURCHASED A RELEVANT IPOD DURING THE
7    CLASS PERIOD, WHICH IS CONFIRMED BY APPLE'S DOCUMENTATION, AND
8    I DO NOT BELIEVE THAT APPLE DISPUTES THAT SUCH PEOPLE EXIST.
9         THE COURT HAS AN AFFIRMATIVE OBLIGATION AND DUTY TO
10   PROTECT THE INTEREST OF THE CLASS ABSENT CLASS MEMBERS.  THIS
11   IS A PRINCIPLE WELL-ESTABLISHED BY THE CASE LAW.
12        THE COURT REFERS TO *SILBER VERSUS MABON*, 957 F.2D AT 697,
13   701.  IT'S A NINTH CIRCUIT CASE 1992.  AND IT'S ALSO CONFIRMED
14   IN THE ROUND TREATISE ON NEWBERG ON CLASS ACTIONS SECTION 1-5,
15   FIFTH EDITION.
16        BASED UPON WHAT HAS BEEN PUT BEFORE THE COURT, THE COURT
17   FINDS THAT ROSEN HAD STANDING AS OF THE TIME OF CLASS, THE
18   INITIAL CLASS CERTIFICATION.  HOWEVER, DUE TO THE EVIDENCE
19   ADDUCED AT TRIAL, I FIND THAT SHE'S INADEQUATE TO REPRESENT
20   THE CLASS.
21        IN A 2011 OPINION IN *PITTS VERSUS TERRIBLE HERBST, INC.*,
22   THE NINTH CIRCUIT, CITING THE UNITED STATES SUPREME COURT
23   RECOGNIZED THE QUOTE, UPON CERTIFICATION, THE CLASS ACQUIRES A
24   LEGAL STATUS SEPARATE FROM THE INTEREST ASSERTED BY THE CLASS
25   REPRESENTATIVE, SO THAT AN ARTICLE III CONTROVERSY NOW EXISTS
```