1  BETSY C. MANIFOLD (182450)
2  RACHELE R. BYRD (190634)
   STEPHANIE AVILES (350289)
3  **WOLF HALDENSTEIN ADLER**
     **FREEMAN & HERZ LLP**
4  750 B Street, Suite 1820
   San Diego, CA 92101
5  Telephone: (619) 239-4599
   Facsimile: (619) 234-4599
6  manifold@whafh.com
   byrd@whafh.com

7  MARK C. RIFKIN (*pro hac vice*)
   MATTHEW M. GUINEY (*pro hac vice*)
8  THOMAS H. BURT (*pro hac vice*)
   **WOLF HALDENSTEIN ADLER**
9    **FREEMAN & HERZ LLP**
10 270 Madison Ave
   New York, NY 10016
11 Telephone: (212) 545-4600
   Facsimile: (212) 686-0114
12 rifkin@whafh.com
   guiney@whafh.com
13 burt@whafh.com

14 *Co-Class Counsel*

15 [Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO TEMPORARILY SEAL THE OCTOBER 14, 2025 HEARING**<br><br>CTROOM:  1, 4th Floor<br>JUDGE:    Hon. Yvonne Gonzalez Rogers |

Pursuant to Civil Local Rule 7-11, Plaintiffs respectfully request that a portion of the October 14 hearing be closed to the general public. Specifically, Plaintiffs request that the Court close the courtroom when the parties discuss Apple's *Daubert* Motion to Exclude the Opinions of Mr. Darryl Thompson, *see* Dkt. No. 1002 ("the *Daubert* Motion"), and preclude Apple from discussing, in any detail, Mr. Thompson's methodology in open Court in relation to any other pending Motion. Plaintiffs request that the transcript of the parties' arguments relating to the *Daubert* Motion remain temporarily under seal following oral argument, and that, upon receipt of the final hearing transcript, the Court provide Plaintiffs 21 days to file a motion to seal only those portions of the transcript that contain sealable information.

Mr. Thompson is the Chief Information Officer and Chief Operating Officer for JND Legal Administration, one of the country's largest legal administrators. Plaintiffs retained him to apply his expertise in data deduplication to identify duplicate records from a raw dataset of potential Class members' personal identifying information. *See* Dkt. No. 1029 at 1, 4-7.

In two declarations, Mr. Thompson has explained how JND considers the methods he applied during his engagement to be highly proprietary, trade secret information. *See* Dkt. No. 905 (Thompson Decl., Aug. 8, 2024); Dkt. No. 1031-6 (Thompson Decl., Sept. 3, 2025). The methodology that Mr. Thompson set forth in his expert report and discussed during his deposition, and that Apple has challenged in the *Daubert* Motion, has never been disclosed to anyone outside of JND. *See, e.g.*, Dkt. No. 1031-6 ¶ 13 ("Before this engagement, I have never provided any of our code files to anyone outside of my firm[.]"); Dkt. No. 905 ¶ 9(b) (Mr. Thompson is not aware of any case in which JND walked another company "step-by-step through what [JND] do[es]"). That is because the methods by which Mr. Thompson and others at JND deduplicate data are competitively sensitive. "The way [JND] distinguishes itself is on the efficiency and efficacy of its work," so if JND's methods were ever inadvertently disclosed, it "would cause incalculable damage to [JND's] competitive position." Dkt. No. 1031-6 ¶ 13; *see also* Dkt. No. 905 ¶ 7(b) (JND's deduplication algorithms are "JND's proprietary work" and would be "extremely valuable in the highly competitive claims administration industry"); *id.* ¶¶ 7(c), 7(g), 9(a) (reaffirming the proprietary nature of all of JND's methods, including but not limited to its data cleaning methods

1   and matching logic; "[t]hese processes have been developed over many years and are based on
2   [JND's] particular expertise").  Accordingly, Plaintiffs have consistently designated any materials
3   discussing Mr. Thompson's methods as Highly Confidential – Attorneys' Eyes Only, and the
4   underlying code files Mr. Thompson relied on as Highly Confidential – Source Code material.  *See*
5   Dkt. No. 381.
6          On October 10, Apple nonetheless informed Plaintiffs that it intends to discuss in open
7   Court all aspects of Mr. Thompson's methodology.  *See* Webster Decl. ¶ 6.  The only "limit" Apple
8   proposed in this regard is that it would not "quote from or display" the code files that Mr.
9   Thompson produced (which reside, to Plaintiffs' knowledge, solely on an air-gapped computer
10  located at the offices of Apple's expert consultant).  *Id.*  That supposed limitation does nothing to
11  protect JND from the disclosure of all of its proprietary, trade secret material.
12         While the public has a general right of access to court proceedings, the Ninth Circuit has
13  recognized that this Court may limit the public's access to information relating to non-dispositive
14  motions for "good cause," *see Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010),
15  and relating to dispositive motions for "compelling reasons," *Kamakana v. City & Cty. of
16  Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  One compelling reason to seal a courtroom is to
17  prevent the "release [of] trade secrets." *Kamakana*, 447 F.3d at 1179.  That protection against the
18  disclosure of trade secrets extends to nonparties.  *See, e.g.*, *Saint Alphonsus Med. Ctr. - Nampa,
19  Inc. v. St. Luke's Health Sys., Ltd.*, 2013 WL 5883736, at *1 (D. Idaho Oct. 18, 2013) ("compelling
20  reasons" justified closing the courtroom to protect "sensitive information . . . that could have a
21  devastating financial impact on the parties (and third parties) if revealed"); *Microsoft Corp. v.
22  Motorola, Inc.*, 2012 WL 5476846, at *3 (W.D. Wash. Nov. 12, 2012) (sealing trial exhibits
23  regarding "non-party technical information" and closing the courtroom to "unauthorized persons"
24  during testimony concerning the same); *see also Brady v. Delta Energy & Commc'ns, Inc.*, 2024
25  WL 4869170, at *2 (C.D. Cal. Feb. 15, 2024) (finding "compelling reasons to seal because each
26  exhibit contains confidential financial information pertaining to non-parties"); *Icon-IP Pty Ltd. v.
27  Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015) (finding
28  compelling reasons to seal commercially-sensitive non-party information); *Cox v. Roadrunner*

*Intermodal Servs., LLC*, 2019 WL 2546538, at *2 (E.D. Cal. June 20, 2019) (same).

Here, compelling reasons exist to seal the courtroom when the parties discuss Apple's *Daubert* Motion targeted at Mr. Thompson and to preclude Apple from discussing, in any detail, Mr. Thompson's methodology in open Court in relation to any other pending Motion. The only way for "the parties to have a meaningful discussion" with the Court about the merits of the *Daubert* Motion are to discuss the intricacies of Mr. Thompson's methodology. *AliveCor, Inc. v. Apple Inc.*, Case No. 21-cv-03958-JSW (Dec. 5, 2023, Dkt. No. 266). But, as explained, that discussion necessarily requires an in-depth explanation of proprietary, trade secret material belonging to JND, a nonparty to this action. Plaintiffs' narrow proposal to seal the courtroom only for the discussion of the *Daubert* motion relating to Mr. Thompson and then proposing redactions to the hearing transcript for public disclosure "appropriately balances the public's interest" in this matter. *Id.*; *see also Microsoft*, 2012 WL 5476846, at *3; *Saint Alphonsus Med. Ctr.*, 2013 WL 5883736, at *1. Indeed, Judge Hixson previously approved this same procedure that Plaintiffs and Apple jointly proposed in August 2024, when Mr. Thompson's methodology was going to be discussed in detail to resolve a discovery dispute between the Parties. *See* Dkt. No. 907 at 3 (arguing that the Parties' joint motion "satisfies even the higher 'compelling reasons' standard"); Dkt. No. 910 (granting the motion to seal as it related to the portion of the hearing dedicated to Mr. Thompson's methods, and further granting Plaintiffs' motion to permanently seal Mr. Thompson's August 2024 declaration). Apple has provided no reason for its change in position.

For these reasons, Plaintiffs respectfully request that the Court close the courtroom to the public during arguments on Apple's *Daubert* Motion to Exclude the Opinions of Mr. Darryl Thompson, and preclude Apple from discussing, in any detail, Mr. Thompson's methodology in open Court in relation to any other pending Motion. A Proposed Order consistent with these requests accompanies this Motion.

| | | |
|---|---|---|
| 1 | DATED: October 12, 2025 | **KELLOGG, HANSEN, TODD, FIGEL &** |
| 2 | | **FREDERICK, P.L.L.C** |
| 3 | | By:   */s/ James M. Webster* |
| 4 | | JAMES M. WEBSTER |

DAVID C. FREDERICK (*pro hac vice*)
MARK C. HANSEN (*pro hac vice*)
AARON M. PANNER (*pro hac vice*)
JAMES M. WEBSTER (*pro hac vice*)
LILLIAN V. SMITH (*pro hac vice*)
ALEX A. PARKINSON (*pro hac vice*)
ALEX P. TREIGER (*pro hac vice*)
CAROLINE A. SCHECHINGER (*pro hac vice*)
KYLE M. WOOD (*pro hac vice*)
ASHLE J. HOLMAN (*pro hac vice*)
KELLEY C. SCHIFFMAN (*pro hac vice*)
ANNA K. LINK (*pro hac vice*)
ANTHONY R. GUTTMAN (*pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL &**
   **FREDERICK, P.L.L.C**
1615 M Street, NW Suite 400
Washington, D.C. 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999
dfrederick@kellogghansen.com
mhansen@kellogghansen.com
apanner@kellogghansen.com
jwebster@kellogghansen.com
lsmith@kellogghansen.com
aparkinson@kellogghansen.com
atreiger@kellogghansen.com
cschechinger@kellogghansen.com
kwood@kellogghansen.com
aholman@kellogghansen.com
kschiffman@kellogghansen.com
alink@kellogghansen.com
aguttman@kellogghansen.com

**WOLF HALDENSTEIN ADLER**
   **FREEMAN & HERZ LLP**
RACHELE R. BYRD (190634)
BETSY C. MANIFOLD (182450)
STEPHANIE AVILES (350289)
750 B Street, Suite 1820

1
2
         San Diego, CA  92101
         Telephone: 619/239-4599
         Facsimile: 619/234-4599

3
4
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
270 Madison Ave
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212/686-0114

5
6
7
8
9 *Class Counsel for Plaintiff*

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

PLAINTIFFS' ADMIN. MOTION TO TEMPORARILY SEAL OCT. 14, 2025 HEARING
Case No. 11-cv-06714-YGR
-5-