| | |
|---|---|
| BETSY C. MANIFOLD (182450) <br> RACHELE R. BYRD (190634) <br> STEPHANIE AVILES (350289) <br> **WOLF HALDENSTEIN ADLER** <br>   **FREEMAN & HERZ LLP** <br> 750 B Street, Suite 1820 <br> San Diego, CA 92101 <br> Telephone: (619) 239-4599 <br> Facsimile: (619) 234-4599 <br> manifold@whafh.com <br> byrd@whafh.com <br><br> MARK C. RIFKIN (*pro hac vice*) <br> MATTHEW M. GUINEY (*pro hac vice*) <br> THOMAS H. BURT (*pro hac vice*) <br> **WOLF HALDENSTEIN ADLER** <br>   **FREEMAN & HERZ LLP** <br> 270 Madison Ave <br> New York, NY 10016 <br> Telephone: (212) 545-4600 <br> Facsimile: (212) 686-0114 <br> rifkin@whafh.com <br> guiney@whafh.com <br> burt@whafh.com <br><br> *Co-Class Counsel* <br><br> [Additional Counsel Appear on Signature Page] | CYNTHIA E. RICHMAN (D.C. Bar No. 492089; *pro hac vice*) <br> crichman@gibsondunn.com <br> HARRY R. S. PHILLIPS (D.C. Bar No. 1617356; *pro hac vice*) <br> hphillips@gibsondunn.com <br> **GIBSON, DUNN & CRUTCHER LLP** <br> 1050 Connecticut Avenue, N.W. <br> Washington, D.C. 20036 <br> Telephone: 202.955.8500 <br> Facsimile: 202.467.0539 <br><br> THEODORE J. BOUTROUS JR., SBN 132099 <br> tboutrous@gibsondunn.com <br> DANIEL G. SWANSON, SBN 116556 <br> dswanson@gibsondunn.com <br> **GIBSON, DUNN & CRUTCHER LLP** <br> 333 South Grand Avenue <br> Los Angeles, CA 90071 <br> Telephone: 213.229.7000 <br> Facsimile: 213.229.7520 <br><br> *Counsel for Defendant Apple Inc.* <br><br> [Additional Counsel Appear on Signature Page] |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR <br><br> **JOINT SUPPLEMENTAL BRIEF REGARDING APPLE'S PRODUCTION OF PAYOR CREDIT CARD DATA** <br><br> CTROOM:   1, 4th Floor <br> JUDGE:   Hon. Yvonne Gonzalez Rogers |

PUBLIC REDACTED VERSION

**Plaintiffs' Position:** On July 10, 2024, Apple produced a sample of "user-generated" payor data that it receives but does not verify in the ordinary course. Dkt. 1035-15 at 2 (July 10 production letter); *see* Dkt. 1031-5 at 4-8 (full history of dispute). Apple simultaneously gave Plaintiffs a data dictionary defining the "▇▇▇▇▇" field as including a hash value for the "last four digits of payment card number." Dkt. 1035-14 at 1. A hash value is a randomized string of over 60 letters and numbers that, here, masks the ability to tell if the string on its face represents a 4-digit or 16-digit credit card number. *See* Dkt. 1031-6 ¶ 7(g); Byrd Decl. Ex. A (payor record with ▇▇▇▇▇ value). On July 30, Plaintiffs told Apple that Mr. Thompson "need[s] the full card number, not just the last four digits" for the ▇▇▇▇▇ field to serve as a reliable matching criterion. Byrd Decl. Ex. B; *see* Dkt. 920-4 at 8:23-9:2 ("full hashed credit cards" give a "stronger indicator" of a match). Apple did not respond. *See* Byrd Decl. Ex. B. Two weeks later, Judge Hixson compelled Apple to produce the full dataset "in the same manner that it produced the sample." Dkt. 919 at 1; *see* Dkt. 922-2 at 6:7-18. Apple produced it on September 12 and supplemented twice. Dkts. 1032-17, 1032-27, 1034-5. Each time, Apple "refer[red] [Plaintiffs] to the limitations and qualifications for that data listed in [its] July 10, 2024 transmittal letter." *E.g.*, Dkt. 1032-17 at 2. On September 23, Plaintiffs inquired about certain changes Mr. Thompson noted in the data. Byrd Decl. Ex. C. Apple's reply never disclosed that the ▇▇▇▇▇ field represented full credit card numbers. *See id.* Apple did not supply a new data dictionary, so Mr. Thompson relied on the July 2024 version's representation that the ▇▇▇▇▇ field included "only the last four digits of one's credit card" and decided not to use that field in his analysis because he already knew it would not create reliable matches. Dkt. 1031-6 ¶ 7(i). During his June 5, 2025, deposition, Apple's counsel first suggested the ▇▇▇▇▇ field in the September 12, 2024 (and later) productions included full credit card numbers in hashed form. *See* Dkt. 1003-17 at 138:2-7. Prof. Stodden's rebuttal report, served on June 27, 2025, stated only that the ▇▇▇▇▇ field included "hashed payment card information." Dkt. 1052-29 ¶ 50 & Ex. 1. During her July 17 deposition, she testified that her "understand[ing]," from data observations and "information from counsel," was the ▇▇▇▇▇ field represented full credit card numbers. Byrd Decl. Ex. D at 92:11-96:1. Apple did not confirm her understanding of the ▇▇▇▇▇ field's contents until questioned by the Court during the October 14 hearing.

**Apple's Position:** In July 2024, Apple provided a payor data sample to Plaintiffs and explained the sample included the "hash of [the] last four digits of payment card number[s]." Dkt. 1035-14. Plaintiffs initially inquired about the availability of "full hashed credit cards." Dkt. 914 at 16:1–2; *see also* Ex. B. But at the hearing on August 9, 2024, when Judge Hixson asked, "What specifically are you asking me to order Apple to produce," Plaintiffs made no mention of full credit card numbers, and sought only "the fields of payor information produced in the sample," noting they "have a methodology that works" with such data. Dkt. 922-2 at 6:7–15, 9:11. Judge Hixson ordered Apple to produce "the fields of payor information that were in the sample." Dkt. 919.

On September 12, 2024, Apple produced a data set that included the fields of payor data previously made available. *See* Dkt. 1032-17 (Apple transmittal letter referring back to the "limitations and qualifications" noted in Dkt. 1035-15 that the data were unverified and user-generated data and saying nothing about credit card digits). Though not required, Apple's full payor data production contained the complete 16-digit hashed credit card numbers. Apple's transmittal letter did not comment on the extent of credit card values in the production (nor on any other field of information), *id.*, and Plaintiffs never asked if this data included full card values or only the last four digits. A qualified data scientist could have quickly determined this by running a routine "frequency" check—a "commonly used" statistical method. Dkt. 1003-30 ¶ 111.

As a matter of course, Prof. Stodden ran such a check on multiple fields of data, *see, e.g.*, *id.* ¶¶ 111, 115, and observed ▉ million unique credit card values—far more than the 10,000 values possible if only four digits were produced. *See* Dkt. 1047-17 at 82:6–83:2, 92:11–21. She thus deduced "probably there's a representation of the full credit card number." *Id.*; *see also* Ex. D at 82:23–24, 95:15–23 (deduction was "based on [Stodden's] investigation of the data" as counsel only informed her the relevant field contained hashed credit card information (not the number of digits)). Despite never asking the Court for full credit card values, and despite failing to recognize he had them, Mr. Thompson opined he had successfully identified App Store payors, making "a reliable determination of unique individuals." Dkt. 1052-25, Ex. 1, ¶ 17, (at PDF page 122); Dkt. 1003-36 ¶ 19. He cannot complain now that the panacea for all his failings is data he said he did not need and should have known he already had.

| | |
|---|---|
| DATED: October 16, 2025 | **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP** |
| | By:  /s/ Rachele R. Byrd  |
| | RACHELE R. BYRD |
| | |
| | BETSY C. MANIFOLD (182450) |
| | RACHELE R. BYRD (190634) |
| | STEPHANIE AVILES (350289) |
| | 750 B Street, Suite 1820 |
| | San Diego, CA  92101 |
| | Telephone: 619/239-4599 |
| | Facsimile: 619/234-4599 |
| | |
| | MARK C. RIFKIN (*pro hac vice*) |
| | MATTHEW M. GUINEY (*pro hac vice*) |
| | THOMAS H. BURT (*pro hac vice*) |
| | **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP** |
| | 270 Madison Ave |
| | New York, NY 10016 |
| | Telephone: 212/545-4600 |
| | Facsimile: 212/686-0114 |
| | |
| | DAVID C. FREDERICK (*pro hac vice*) |
| | MARK C. HANSEN (*pro hac vice*) |
| | AARON M. PANNER (*pro hac vice*) |
| | JAMES M. WEBSTER (*pro hac vice*) |
| | LILLIAN V. SMITH (*pro hac vice*) |
| | ALEX A. PARKINSON (*pro hac vice*) |
| | ALEX P. TREIGER (*pro hac vice*) |
| | CAROLINE A. SCHECHINGER (*pro hac vice*) |
| | KYLE M. WOOD (*pro hac vice*) |
| | ASHLE J. HOLMAN (*pro hac vice*) |
| | KELLEY C. SCHIFFMAN (*pro hac vice*) |
| | ANNA K. LINK (*pro hac vice*) |
| | ANTHONY R. GUTTMAN (*pro hac vice*) |
| | **KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C** |
| | 1615 M Street, NW Suite 400 |
| | Washington, D.C. 20036 |
| | Telephone:  (202) 326-7900 |
| | Facsimile:  (202) 326-7999 |
| | dfrederick@kellogghansen.com |
| | mhansen@kellogghansen.com |

apanner@kellogghansen.com
jwebster@kellogghansen.com
lsmith@kellogghansen.com
aparkinson@kellogghansen.com
atreiger@kellogghansen.com
cschechinger@kellogghansen.com
kwood@kellogghansen.com
aholman@kellogghansen.com
kschiffman@kellogghansen.com
alink@kellogghansen.com
aguttman@kellogghansen.com

*Class Counsel for Plaintiffs*

DATED: October 16, 2025

**GIBSON, DUNN & CRUTCHER LLP**

By:   */s/ Cynthia E. Richman*
       CYNTHIA E. RICHMAN

Cynthia E. Richman (*pro hac vice*)
crichman@gibsondunn.com
Harry R. S. Phillips (*pro hac vice*)
hphillips@gibsondunn.com
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: 202.955.8234
Facsimile: 202.530.9691

Theodore J. Boutrous Jr. (132099)
tboutrous@gibsondunn.com
Daniel G. Swanson (116556)
dswanson@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Caeli A. Higney (268644)
chigney@gibsondunn.com
Julian W. Kleinbrodt (302085)
jkleinbrodt@gibsondunn.com
Dana L. Craig (251865)
dcraig@gibsondunn.com
Eli M. Lazarus (284082)
elazarus@gibsondunn.com

**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Counsel for Defendant Apple Inc.*