THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile:  213.229.7520

CAELI A. HIGNEY, SBN 268644
  chigney@gibsondunn.com
JULIAN W. KLEINBRODT, SBN 302085
  jkleinbrodt@gibsondunn.com
DANA L. CRAIG, SBN 251865
  dcraig@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile:  415.393.8306

CYNTHIA E. RICHMAN, D.C. Bar No. 492089*
  crichman@gibsondunn.com
HARRY R. S. PHILLIPS, D.C. Bar No. 1617356*
  hphillips@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile:  202.467.0539

*Attorneys for Defendant Apple Inc.*

*admitted pro hac vice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL SONG DECLARATION**<br><br>The Honorable Yvonne Gonzalez Rogers |

Apple hereby submits the following opposition to Plaintiffs' Administrative Motion for Leave to File the Supplemental Declaration of Minjae Song., Ph.D ("Admin Mot."). *See* Dkt. 1059.

**1.** At the October 14, 2025 hearing, the Court—with no opposition from Plaintiffs—struck from the record two untimely and improper submissions from their damages expert, Dr. Song, attempting to backfill analyses he could have done in his expert reports. *See* Declaration of Cynthia E. Richman ("Richman Decl.") Ex. A (Oct. 14, 2025 Hr'g Tr.) at 29:22–30:10. Plaintiffs now seek leave to file another declaration from Dr. Song, which they say is "not an untimely expert disclosure." Admin. Mot. 1. Yet this third declaration furnishes new opinions about the Named Plaintiffs' alleged damages that should have been disclosed in Dr. Song's expert reports due months earlier. It should be rejected for the same reasons as Dr. Song's two prior untimely submissions.

Plaintiffs do not demonstrate cause for their late submission. *See* Fed. R. Civ. P. 26, 37; Dkt. 201 (Order on Expert Stip.) ¶ 4. Plaintiffs claim they were "unable to provide [] information" about the Named Plaintiffs' damages at last week's hearing because Apple had not challenged those damages at summary judgment. *See* Admin. Mot. at 1. But the Named Plaintiffs litigating this case have the burden of showing that they, as individuals, were damaged by Apple's alleged conduct. *See, e.g.*, *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (named plaintiffs must have standing); *Lierboe v. State Farm Mut. Auto Ins. Co.*, 350 F.3d 1018, 1022–23 (9th Cir. 2003) (same); *see also Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 666 (9th Cir. 2022) (en banc) ("measurable damages" are an element of Plaintiffs' claims). Because the McFadden-Song damages model is Plaintiffs' only method for proving damages, Dr. Song should have run the model for the four Named Plaintiffs in his Opening Report in March 2025. He did not do so. Nor did he do so in his June 2025 Rebuttal Report, after Apple and Prof. Prince pointed out Mr. Hayter's lack of injury in a May 2025 filing. *See* Dkt. 957-17 (Prince Decl.) ¶ 19. Plaintiffs were thus "unable to provide [] information" about the Named Plaintiffs' damages not because Apple hadn't challenged them, Admin. Mot. at 1, but because Plaintiffs declined to timely disclose any expert opinion on a critical issue for which they bear the burden of proof. *See* Ex. A (Oct. 14, 2025 Hr'g Tr.) at 75:4–22. The Court's scrutiny of that failure does not grant Plaintiffs the right to a do-over after briefing and argument have concluded.

Gibson, Dunn & Crutcher LLP

Plaintiffs' and Dr. Song's claim that his staff, "at [his] direction," had "previously calculated the individual damages for all four Named Plaintiffs," Dkt. 1059-1 (Song Supp. Decl.) ¶ 3, is another attempt by Plaintiffs to rewrite the history of this case, see Ex. A (Oct. 14, 2025 Hr'g Tr.) at 13:22–14:22. First, it is contrary to Plaintiffs' in-court representations. See id. at 72:13–16 (Song "didn't compute the damages for any one individual"); id. at 74:2–7 (Song "does not have" the information needed to "calculate the damages for those [named] plaintiffs"); id. 75:6–15 (Song "hasn't taken that step" of calculating damages for the Named Plaintiffs). Even more astounding, it is contrary to Dr. Song's own testimony. When Dr. Song was deposed in June 2025, he testified that he wasn't asked to calculate, and thus "didn't check," whether any Named Plaintiff was injured:

> Q. Do you have an opinion about whether any of the named plaintiffs in this case were injured by Apple's conduct?
>
> A. Again, for the -- the reason that -- that I explained, I -- I -- I -- I didn't check it.
>
> Q. You haven't calculated what the named plaintiffs' damages, if any, would be under your model?
>
> MR. RIFKIN: Objection to form.
>
> THE WITNESS: Again, I -- I have not found ways in which I can identify named plaintiffs in the transactions data.
>
> Q. Well, don't you have their transactions?
>
> A. But, again, having transactions from somebody is not enough to find their transactions in the transactions data.
>
> […]
>
> Q. Did you review Professor Prince's declaration submitted in connection with the motion to redefine the class?
>
> A. I did read his declarations -- declaration.
>
> Q. And you responded to it at least in part, correct?
>
> A. Correct.
>
> Q. Did you investigate his finding regarding Mr. Hayter and whether or not he suffered damages according to your model?
>
> A. I did not investigate that.
>
> Q. Okay. Do you have any reason to disagree with Professor Prince's opinion that Mr. Hayter was not injured, according to your model?

|   |   |
|---|---|
| 1 | MR. RIFKIN: Objection to form. |
| 2 | THE WITNESS: I did not look into that. |
| 3 | BY MR. SWANSON: Q. Do you plan to do that at any point before trial, look at the damages of the named plaintiffs? |
| 4 | |
| 5 | A. If asked and if I have all the information that I need, I can. |

Richman Decl. Ex. B (Song June 4, 2025 Dep.) at 262:21–267:15. The eleventh-hour claim that Song directed staff to perform calculations he previously, repeatedly swore were not undertaken contradicts his testimony (and Plaintiffs' counsels' more recent representations) and should not be credited.

Nor is it enough that the McFadden-Song model "calculate[d] damages for each transaction." Admin. Mot. 1. That argument makes a mockery of Rule 26 by implying that Song could offer any opinion whatsoever about the results of his model, whether or not they were previously disclosed in his reports, simply because he turned over the model's output to Apple. *Id.* That is not how expert discovery works. *See* Fed. R. Civ. P. 26(a)(2)(B). These opinions about the Named Plaintiffs' damages have not been tested or rebutted by Apple's experts because they were not timely disclosed. Their disclosure at this late juncture—after summary judgment, *Daubert* motions, and decertification are fully briefed and argued—is neither harmless nor justified. *See* Fed. R. Civ. P. 37(c)(1). The Court should deny Plaintiffs' administrative motion.

**2.** If the Court allows Plaintiffs to file the Supplemental Song Declaration, however, its contents support rather than defeat summary judgment and decertification of the class. The results confirm that Mr. Hayter has negative damages (*i.e.*, is monetarily better off) in the but-for world when all the conduct at issue is assumed unlawful by the model. But even accepting Dr. Song's figures at face value,[1] they show that Mr. Hayter has *higher* damages when *less* than all of the challenged conduct is assumed anticompetitive. *See* Dkt. 1059-1 (Song Suppl. Decl.) ¶ 4. Specifically, his damages are *higher* when the model assumes Apple's price tiers are lawful conduct than when those tiers are

---

[1] Song's declaration only measures harm according to the Named Plaintiffs' (currently identified) accounts, not to them as individual payors. Indeed, Apple understands that Dr. Song's numbers for Mr. Pepper include only those for "Rob Pepper" and not "Robert." Apple's experts also have not yet received backup from Dr. Song necessary to attempt to replicate his results.

assumed to be unlawful and anticompetitive.[2] *See id.* That absurd result (which is also observed for named plaintiff Schwartz) confirms the model fails under the Supreme Court's decision in *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), because it constitutes "a methodology that identifies damages that are not the result of the wrong." *Id.* at 37. This is a liability issue, not just a defect that calls class certification in question. "*Comcast* requires plaintiffs be able to show that their damages stemmed from the defendant's actions that created the legal liability." *Noohi v. Johnson & Johnson Consumer Inc.*, 146 F.4th 854, 865 (9th Cir. 2025) (cleaned up). Here, Mr. Hayter's supposed "damages" are due solely to pricing that is assumed lawful.[3] But "[p]rices whose level above what an expert deems 'competitive' has been caused by factors unrelated to an accepted theory of antitrust harm are not 'anticompetitive' in any sense relevant." *Comcast*, 569 U.S. at 38. Mr. Hayter's (and Mr. Schwartz's) "price tier" damages are caused by just such an unrelated factor because tier prices are assumed (by Dr. Song) to be lawful and thus "are not 'anticompetitive' in any sense relevant." *Id.* Summary judgment is thus wholly appropriate since the McFadden-Song model generates no cognizable damages for Mr. Hayter (or for millions of others like him).

3. Lastly, Plaintiffs purport in a footnote to dismiss Mr. Hayter's individual claims "to avoid any potential confusion at trial" given "his lack of damages under one of Plaintiffs' damages models." Admin. Mot. 1 n.1. As already noted, Mr. Hayter lacks cognizable damages. If Plaintiffs concede that Mr. Hayter has no injury, the Court should grant Apple's motion for summary judgment as to his individual claims. *See* Dkt. 1004–33 (MSJ) at 23. Regardless, dismissal of Mr. Hayter will not prevent identical "confusion" (and accompanying individualized inquiry) at trial given that there are almost 3 million payors who, like Mr. Hayter, are uninjured under the McFadden-Song model except when price tiers are assumed to be lawful. Apple reserves the right to call Mr. Hayter (and others like him) to the witness stand to explore these individualized issues at trial.[4]

---

[2] In the "flexible pricing" scenario, all conduct challenged by Plaintiffs—including the price tier mandate—is assumed to be unlawful. In the "price tiers" scenario, the model treats tier pricing as lawful while continuing to treat the remaining conduct as unlawful. That is, the difference between the two damage computations is entirely due to whether tier pricing is lawful or unlawful.

[3] This is so whether tier pricing is lawful when imposed by Apple or when freely chosen by developers.

[4] Because Apple has answered and moved for summary judgment, Plaintiffs cannot dismiss Mr. Hayter's claims voluntarily without a stipulation or court order. Fed. R. Civ. P. 21(a).

* * *

The Court should deny Plaintiffs' administrative motion for leave to file a third supplemental report from Dr. Song. If the Court grants such leave, however, Apple respectfully requests it be allowed to file a responsive supplemental declaration of no more than 2 pages.

DATED: October 20, 2025  GIBSON, DUNN & CRUTCHER LLP

By: /s/ Cynthia E. Richman

Theodore J. Boutrous Jr.
Daniel G. Swanson
Cynthia E. Richman
Caeli A. Higney
Julian W. Kleinbrodt
Dana L. Craig
Eli M. Lazarus
Harry R. S. Phillips

*Attorneys for Defendant Apple Inc.*