1  BETSY C. MANIFOLD (182450)
   RACHELE R. BYRD (190634)
2  STEPHANIE AVILES (350289)
   **WOLF HALDENSTEIN ADLER**
3   **FREEMAN & HERZ LLP**
   750 B Street, Suite 1820
4  San Diego, CA  92101
   Telephone: (619) 239-4599
5  Facsimile: (619) 234-4599
   manifold@whafh.com
6  byrd@whafh.com
   saviles@whafh.com
7
8  MARK C. RIFKIN (*pro hac vice*)
   MATTHEW M. GUINEY (*pro hac vice*)
9  THOMAS H. BURT (*pro hac vice*)
   **WOLF HALDENSTEIN ADLER**
10  **FREEMAN & HERZ LLP**
   270 Madison Ave
11 New York, NY 10016
   Telephone: (212) 545-4600
12 Facsimile: (212) 686-0114
   rifkin@whafh.com
13 guiney@whafh.com
   burt@whafh.com
14
15 *Class Counsel for Plaintiffs*

16 [Additional Counsel Appear on Signature Page]

17
UNITED STATES DISTRICT COURT
18
NORTHERN DISTRICT OF CALIFORNIA
19
OAKLAND DIVISION
20

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR RENEWED REQUEST FOR EVIDENTIARY HEARING RE: APPLE'S FRE 702 AND *DAUBERT* OBJECTIONS TO DARRYL THOMPSON'S OPINIONS**<br><br>Hon. Yvonne Gonzalez Rogers |

PUBLIC REDACTED VERSION

Pursuant to Local Rule 7-11, Plaintiffs Robert Pepper, Stephen H. Schwartz, and Edward Lawrence ("Named Plaintiffs") hereby join and renew Apple's request "to hold an evidentiary hearing to determine whether Apple's Daubert and Rule 702 objections to Mr. Thompson['s] . . . opinions should be sustained." Dkt. No. 1001 at 2. Plaintiffs submit that the Court's assessment of Mr. Thompson's deduplication methodology would benefit from live testimony. Mr. Thompson can explain his matching process and rationales for it in person better than can be conveyed in writing, especially because, as the Court noted, Apple's motion requires resolving highly technical and complex questions. A hearing would also afford the Court and the parties an opportunity to explore the importance of Apple's recent confirmation that it chose not to disclose the full scope of data provided to Mr. Thompson. *See* Dkt. No. 1060 at 2.

In its *Daubert* motion, Apple argues Mr. Thompson's methodologies are unreliable and his opinions should be excluded. Dkt. No. 1002-1 at 8-24. Apple's motion to decertify also, incorrectly, casts its qualms with Mr. Thompson and his methods as relevant to the Court's Rule 23(b)(3) analysis. Dkt. No. 1006-1 at 11-15; *but see* Dkt. No. 1031-4 at 11-13 (detailing how under *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017), and later cases applying it, "[t]he impact of Mr. Thompson's work on absent Class members' claims . . . is ***null***") (emphasis added). Questions from the Court during the October 14th hearing on both motions suggest further clarification of Mr. Thompson's deduplication experience and his work in this case would assist the Court. *See, e.g.*, Dkt. No. 1062 at 46:17-20 (acknowledging complexity of so-called "Kim" problem). This case is particularly appropriate for an evidentiary hearing because of the large volume and complexity of expert materials submitted. An evidentiary hearing would afford the Court the opportunity not only to engage with Mr. Thompson directly, but also to gauge his credibility and expertise, and assess what analyses he could conduct with the knowledge that the data include full hashed credit card numbers.

For example, Mr. Thompson can explain why he could not readily determine that, contrary to Apple's repeated representations, Apple had produced hashed complete payment card numbers (not just the last four digits). *See* Dkt. No. 1060 at 1; Dkt. No. 1031-6 ¶ 7(g). A hearing will let Mr. Thompson explain for the first time why, had he known he had complete payment card numbers, he could have avoided the "Kim" problem, as well as similar first name problems. Although such issues

affect a very small fraction of all payor records, he can incorporate full payment card numbers into his deduplication analysis and provide updated results in approximately six weeks. *See also* Dkt. No. 1031-5 at 26-27; Dkt. No. 1031-6 ¶ 37. (Further post-trial de-duplication work during claims administration can even more accurately allocate damages to individual payors. *See* Dkt. No. 1031-6 ¶ 34 ("The only way to know if two records both contain accurate data and accurately reflect the same unique customer is to do what we would do during class action claim administration: send correspondence both directly to the noted address and indirectly (*e.g.*, a notice posted online), and give the customer the opportunity to verify or correct their information.").)

In addition, an evidentiary hearing will give the Court a fuller opportunity to determine the reliability of his deduplication methodology. For example, Mr. Thompson can further explain why, in his decades of real-world experience, the "Robert/Rob" issue Apple has identified[1] is best resolved by conservatively treating "Robert" and "Rob" as two people for liability purposes rather than the same person. *See* Dkt. No. 1031-5 at 25-26; Dkt. No. 1032-23 at 155:14-25, 207:6-20. Likewise, Mr. Thompson can further explain why identifying far more people who used King Salmon, Alaska as their address than actually live in that small town is not a deduplication error or failure of his methodology, as Apple and Prof. Stodden argue, but rather the result produced by data that Apple's customers provided to Apple. *See* Dkt. No. 1031-5 at 26; Dkt. No. 1031-6 ¶ 36. He can also explain the reasons that leaving those payors – whom no one disputes are real people who made real App Store purchases during the Class Period – in the Class (which is all that has happened because of Mr. Thompson's efforts) is preferable to excluding them. At most, that overestimates the number of uninjured class members by undermatching payors. *See* Dkt. No. 1031-6 ¶ 36. Lastly, Mr. Thompson can explain exactly why a meaningful error rate cannot reliably be calculated based on Apple's reliance on consumer-generated information, *see* Dkt. No. 1031-6 ¶¶ 33-34, a point neither Apple nor its expert

---

[1] Prof. Stodden was unable to identify any way for statisticians to resolve nickname issues with certainty. Declaration of Rachele R. Byrd in Support of Plaintiffs' Admin. Mot. for Renewed Request for Evidentiary Hearing, Exhibit 1 (Stodden Depo. Tr.) at 67:18-70:8. At best, she said ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 71:3-6 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮").


1  dispute, *see* Dkt. No. 1033-1 at 105:2-25, 116:16-117:2, 117:14-118:5 (████████████
2  ████████████████████████████████████████████████████████████████████
3  ████████████████); Dkt. No. 922-2 at 11:5-10 ("[I]t's Apple position [sic] that this whole exercise
4  cannot be done reliably. . . . [W]e have taken that position from the beginning.").[2]

5  However, at this late stage of the proceedings, if the Court views this issue as important to trial
6  procedures (as opposed to post-trial claims administration), a *Daubert* hearing could assist the Court.[3]
7  Evidentiary hearings are routinely used in antitrust class actions to evaluate expert opinions in the class
8  certification context. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 36–38 (2013) (citing expert
9  testimony at evidentiary hearing). The Ninth Circuit has also recognized that evidentiary hearings are
10 helpful to resolve class certification motions. *See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee
11 Foods LLC*, 31 F.4th 651 (9th Cir. 2022) (three-day evidentiary hearing); *Painters & Allied Trades
12 Dist. Council 82 Health Care Fund v. Takeda Pharm. Co.*, No. 23-55742, 2025 WL 1683472, at *2
13 (9th Cir. June 16, 2025) (approving "rigorous analysis" undertaken in *Olean* which included expert
14 testimony at evidentiary hearing and reports).

15 This Court has previously held a *Daubert* hearing when determining whether to exclude an
16 expert before trial. *See United States v. Baras,* No. CR 11-00523 YGR, 2013 WL 6502846, at *14
17 (N.D. Cal. Dec. 11, 2013) (scheduling evidentiary hearing "to determine whether either of these
18 experts can adequately articulate a causal connection for their opinions."). And other courts in this

---

[2] In fact, during post-certification discovery, Apple urged Judge Hixson to compel Mr. Thompson to provide his proprietary code to Apple so that Apple could do the payor deduplication itself and provide the results of the work to Plaintiffs for use in their damages model. *See, e.g.*, Dkt. No. 920-2 at 13:9-17 (Plaintiffs should "come up with a methodology and have Apple implement" it); Dkt. No. 922-2 at 9:15-14:16 (same).

[3] Plaintiffs regret that they were unable to identify class members from the payor identification data that Apple collected with 100% certainty. But it would be legal error to decertify the class. *See Briseno*, 844 F.3d at 1131 (post-trial claims administration proceedings are the forum in which a class action defendant may "individually challenge the claims of absent class members if and when they file claims for damages"); *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513–14 (9th Cir. 2013) (holding a district court abused its discretion by denying class certification on the belief that individual damages questions predominated over common ones; the panel pointed out the record contained evidence that "would enable the court to accurately calculate damages and related penalties for each [individual class member's] claim . . . once the common liability questions are adjudicated"); FED. R. CIV. P. 23(b)(3) advisory committee's note to 1966 amendment (contemplating the certification of class actions "despite the need, if liability is found, for separate determinations of the damages suffered by individuals within the class").

1  District have held evidentiary hearings when the court believed that a *Daubert* motion could affect the
2  outcome of a class certification motion. *See, e.g.*, *Simon and Simon, PC v. Align Tech. Inc.,* No. 20-
3  CV-03754-VC*,* 2023 WL 8261297, at *3 (N.D. Cal. Sept. 29, 2023) (two-day evidentiary hearing);
4  *In re Capacitors Antitrust Litig.*, No. 14-CV-03264-JD, 2020 WL 870927, at *2 (N.D. Cal. Feb. 21,
5  2020). Indeed, the Ninth Circuit has "encourage[d]" district courts "to hold a hearing . . . to provide
6  plaintiffs with an opportunity to respond to defendants' [*Daubert*] challenges." *In re Hanford Nuclear*
7  *Rsrv. Litig.*, 292 F.3d 1124, 1139 (9th Cir. 2002).

8  For these reasons, Plaintiffs join Apple's unopposed request for a four-hour evidentiary hearing allowing live testimony from Mr. Thompson to explain his deduplication methodologies and results and from Prof. Stodden to examine and cross-examine her on Apple's *Daubert* challenges as to Mr. Thompson. In the alternative, if the Court is not inclined to hold a hearing, Plaintiffs respectfully request that the Court permit Mr. Thompson to file a supplemental report within six (6) weeks to update his analysis to account for the payment card data that Apple failed to disclose it had produced.

DATED:  October 20, 2025

**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**

By:  */s/ Rachele R. Byrd*
RACHELE R. BYRD (190634)
BETSY C. MANIFOLD (182450)
STEPHANIE AVILES (350289)
750 B Street, Suite 1820
San Diego, CA  92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
byrd@whafh.com
manifold@whafh.com
saviles@whafh.com

**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
270 Madison Ave
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212/686-0114
rifkin@whafh.com
guiney@whafh.com
burt@whafh.com

DAVID C. FREDERICK (*pro hac vice*)
MARK C. HANSEN (*pro hac vice*)
AARON M. PANNER (*pro hac vice*)
JAMES WEBSTER (*pro hac vice*)
LILLIAN V. SMITH (*pro hac vice*)
ALEX A. PARKINSON (*pro hac vice*)
ALEX TREIGER (*pro hac vice*)
CAROLINE SCHECHINGER (*pro hac vice*)
KYLE M. WOOD (*pro hac vice*)
ASHLE J. HOLMAN (*pro hac vice*)
KELLEY C. SCHIFFMAN (*pro hac vice*)
ANNA K. LINK (*pro hac vice*)
ANTHONY R. GUTTMAN (*pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C**
1615 M Street, NW Suite 400
Washington, D.C. 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999
dfrederick@kellogghansen.com
mhansen@kellogghansen.com
jwebster@kellogghansen.com
apanner@kellogghansen.com
lsmith@kellogghansen.com
aparkinson@kellogghansen.com
atreiger@kellogghansen.com
cschechinger@kellogghansen.com
kwood@kellogghansen.com
aholman@kellogghansen.com
kschiffman@kellogghansen.com
alink@kellogghansen.com
aguttman@kellogghansen.com

*Class Counsel for Plaintiffs*