BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
STEPHANIE AVILES (350289)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599
manifold@whafh.com
byrd@whafh.com
saviles@whafh.com

MARK C. RIFKIN (pro hac vice)
MATTHEW M. GUINEY (pro hac vice)
THOMAS H. BURT (pro hac vice)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
rifkin@whafh.com
guiney@whafh.com
burt@whafh.com

*Interim Co-Class Counsel*

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR |
| | **STIPULATION AND [PROPOSED] ORDER STAYING ALL TRIAL AND PRETRIAL DEADLINES** |
| | The Honorable Yvonne Gonzalez Rogers |

1          Pursuant to Federal Rule of Civil Procedure 16(b) and Civil Local Rules 6-2 and 7-12, Plaintiffs

2    Robert Pepper, Stephen H. Schwartz, and Edward Lawrence (collectively, "Plaintiffs"), and Defendant

3    Apple Inc. ("Defendant" and, together with Plaintiffs, the "Parties"), by and through their respective

4    counsel, hereby agree as follows:

5          WHEREAS, on October 27, 2025, this Court entered an Order Granting Apple's *Daubert*

6    Motion to Exclude the Expert Testimony of Darryl Thompson and Motion to Decertify the Class (Dkt.

7    No. 1069) ("the Decertification Order");

8          WHEREAS, the Court "advise[d]" the Parties "that it is inclined to stay the action" should

9    Plaintiffs seek the Ninth Circuit's permission to appeal the Decertification Order, *id.* at 27;

10          WHEREAS, on October 31, 2025, the Parties met and conferred regarding the pretrial

11    deadlines and trial date in this matter in light of the Decertification Order;

12          WHEREAS, during the Parties' October 31 meet and confer, Plaintiffs proposed that the Parties

13    agree to stay all pretrial deadlines in this matter, including the trial date, while they seek the Ninth

14    Circuit's permission to appeal the Decertification Order and that Apple further stipulate to Plaintiffs'

15    efforts to take trial depositions of two of their experts, Profs. Joseph Stiglitz and Daniel McFadden,

16    both of whom are over the age of eighty, to preserve their testimony for a future trial;

17          WHEREAS, on November 4, 2025, Apple (i) informed Plaintiffs that it agreed a stay in these

18    proceedings would be appropriate but expressed multiple concerns about Plaintiffs' proposed trial

19    depositions, including the concern that the topic was premature at this time; (ii) proposed to resume

20    discussion of the issue of trial depositions should the Ninth Circuit allow Plaintiffs to appeal the

21    Decertification Order; and (iii) stated its willingness to consider reasonable requests by Plaintiffs to

22    substitute qualified experts on appropriate terms and conditions should Profs. McFadden or Stiglitz

23    become involuntarily unavailable to testify at trial during the pendency of Plaintiffs' appeal (should

24    one be taken and allowed);

25          WHEREAS, separately, on October 28, 2025, Apple requested that Plaintiffs' class notice

26    administrator delete consumer email addresses that Apple had provided for the purpose of

27    administering class notice;

28

WHEREAS, on November 7, 2025, Plaintiffs confirmed that their notice administrator has segregated the at-issue email addresses and locked access to them, but noted that there was otherwise no obligation under the Protective Order or Notice Plan requiring their deletion at this time;

WHEREAS, on November 10, 2025, Plaintiffs filed a Petition for Permission to Appeal Pursuant to Federal Rule of Civil Procedure 23(f) in the United States Court of Appeals for the Ninth Circuit ("the Rule 23(f) Petition"), which seeks interlocutory review of the Decertification Order, in Case No. 25-7122;

WHEREAS, Plaintiffs do not agree with Apple's concerns preventing a stipulation to Plaintiffs' contemplated trial depositions of Profs. Stiglitz and McFadden and reserve all rights, but agree judicial economy and the Court's resources are best served by staying all pretrial deadlines and postponing the February 2, 2026 trial date until the Ninth Circuit rules on the Rule 23(f) Petition or any appeal, if review is granted;

WHEREAS, the Parties thus believe that good cause exists to amend the Case Management and Pretrial Order to stay all pretrial deadlines and to postpone the February 2, 2026 trial date;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED among the Parties, through their respective counsel and subject to approval of the Court, that:

1. All pretrial deadlines shall be stayed, subject to being reset after the Ninth Circuit issues a ruling on Plaintiffs' Rule 23(f) Petition, or – if the Ninth Circuit grants review – until the mandate issues on the Rule 23(f) appeal, pursuant to Paragraph 4 below;

2. The stay in pretrial deadlines shall not impact the Parties' rights to seek appropriate relief in this Court during the proceedings before the Ninth Circuit as may become necessary, including, but not limited to, Plaintiffs' right to pursue (and Apple's right to oppose) trial depositions of Profs. Joseph Stiglitz and Daniel McFadden and Apple's right to file (and Plaintiffs' right to oppose) an administrative motion to compel Plaintiffs' deletion of consumer email addresses that Apple shared with Plaintiffs only for the purpose of class notice;

3. The trial currently scheduled to begin on February 2, 2026, shall be postponed until such date to be set by the Court;

4. Within fourteen (14) days after the Ninth Circuit denies Plaintiffs' Rule 23(f) Petition or, if the Ninth Circuit grants Plaintiffs' 23(f) Petition, within fourteen (14) days after the Ninth Circuit issues a mandate in a Rule 23(f) appeal, the Parties shall provide this Court with a joint status report advising whether a continued stay would be appropriate for some period of time or, if a continued stay is unnecessary, proposing a schedule for further proceedings.

5. Deadlines related to the Parties' forthcoming joint motion or stipulation to seal materials in relation to Apple's motion for summary judgment, Apple's motion to decertify the class, and both Parties' *Daubert* motions shall be as reflected in the Parties' stipulation at Dkt. No. 1073.

**IT IS SO STIPULATED.**

DATED:  November 12, 2025               **WOLF HALDENSTEIN ADLER**
                                                        **FREEMAN & HERZ LLP**


                                    By:     */s/ Rachele R. Byrd*

                                            RACHELE R. BYRD (190634)
                                            BETSY C. MANIFOLD (182450)
                                            STEPHANIE AVILES (350289)
                                            750 B Street, Suite 1820
                                            San Diego, CA 92101
                                            Telephone:  619/239-4599
                                            Facsimile:  619/234-4599

                                            **WOLF HALDENSTEIN ADLER**
                                              **FREEMAN & HERZ LLP**
                                            MARK C. RIFKIN (*pro hac vice*)
                                            MATTHEW M. GUINEY(*pro hac vice*)
                                            THOMAS H. BURT (*pro hac vice*)
                                            270 Madison Avenue
                                            New York, New York 10016
                                            Telephone:  212/545-4600
                                            Facsimile:  212/545-4677

                                            DAVID C. FREDERICK (*pro hac vice*)
                                            MARK C. HANSEN (*pro hac vice*)
                                            AARON M. PANNER (*pro hac vice*)
                                            JAMES WEBSTER (*pro hac vice*)
                                            LILLIAN V. SMITH (*pro hac vice*)
                                            ALEX A. PARKINSON (*pro hac vice*)

ALEX TREIGER (*pro hac vice*)
CAROLINE SCHECHINGER (*pro hac vice*)
KYLE M. WOOD (*pro hac vice*)
ASHLE J. HOLMAN (*pro hac vice*)
KELLEY C. SCHIFFMAN (*pro hac vice*)
ANNA K. LINK (*pro hac vice*)
ANTHONY R. GUTTMAN (*pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL &**
 **FREDERICK, P.L.L.C**
1615 M Street, NW Suite 400
Washington, D.C. 20036
Telephone:  (202) 326-7900
Facsimile:  (202) 326-7999
dfrederick@kellogghansen.com
mhansen@kellogghansen.com
jwebster@kellogghansen.com
apanner@kellogghansen.com
lsmith@kellogghansen.com
aparkinson@kellogghansen.com
atreiger@kellogghansen.com
cschechinger@kellogghansen.com
kwood@kellogghansen.com
aholman@kellogghansen.com
kschiffman@kellogghansen.com
alink@kellogghansen.com
aguttman@kellogghansen.com

*Interim Co-Class Counsel*

DATED:  November 12, 2025

**GIBSON, DUNN & CRUTCHER LLP**

By:     */s/ Cynthia E. Richman*

THEODORE J. BOUTROUS JR. (SBN 132099)
tboutrous@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  213.229.7000
Facsimile:  213.229.7520

CYNTHIA E. RICHMAN (*pro hac vice*)
crichman@gibsondunn.com
HARRY R. S. PHILLIPS (*pro hac vice*)
hphillips@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

CAELI A. HIGNEY (SBN 268644)
chigney@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
jkleinbrodt@gibsondunn.com
DANA L. CRAIG (SBN 251865)
dcraig@gibsondunn.com
ELI M. LAZARUS (SBN 284082)
elazarus@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Apple Inc.*

## E-FILING ATTESTATION

I, Rachele R. Byrd, am the ECF User whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the other signatory identified above has concurred in this filing.

*/s/ Rachele R. Byrd*
RACHELE R. BYRD

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: November 13, 2025

THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE