THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

CAELI A. HIGNEY, SBN 268644
  chigney@gibsondunn.com
JULIAN W. KLEINBRODT, SBN 302085
  jkleinbrodt@gibsondunn.com
DANA L. CRAIG, SBN 251865
  dcraig@gibsondunn.com
ELI M. LAZARUS, SBN 284082
  elazarus@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200
Facsimile: 415.393.8306

CYNTHIA E. RICHMAN, D.C. Bar No. 492089*
  crichman@gibsondunn.com
HARRY R. S. PHILLIPS, D.C. Bar No. 1617356*
  hphillips@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Apple Inc.*

*admitted pro hac vice

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING REGARDING THE NINTH CIRCUIT'S OPINION IN *ALIVECOR, INC. v. APPLE INC.*, NO. 24-1392 (9TH CIR. JAN. 8, 2026)** |

Pursuant to Civil Local Rule 7-11, Defendant Apple Inc. ("Apple") files this administrative motion to respectfully request leave for Apple and Plaintiffs Robert Pepper, Stephen H. Schwartz, and Edward Lawrence (collectively, the "Parties"), to file short supplemental briefs addressing the Ninth Circuit's published opinion in *AliveCor, Inc. v. Apple Inc.*, No. 24-1392 (9th Cir. Jan. 8, 2026), Dkt. No. 83, attached hereto as **Exhibit A**.

In *AliveCor*, the plaintiff brought a Section 2 Sherman Act challenge against Apple's withdrawal of access to certain heartrate data when it updated the Apple Watch operating system in 2018. The district court (White, J.) granted summary judgment for Apple because Apple's changes improved Apple Watch and therefore constituted a lawful product improvement. *See AliveCor, Inc. v. Apple Inc.*, 2024 WL 591864, at *12–15 (N.D. Cal. Feb. 13, 2024). The Ninth Circuit affirmed summary judgment on the ground that, whether or not Apple's conduct was a *per se* lawful product improvement, it was properly classified as a lawful refusal to deal with rivals. *See* Ex. A at 3, 16–17.

Apple submits that the Ninth Circuit's decision in *AliveCor* supports granting its pending motion for summary judgment on Plaintiffs' Section 2 Sherman Act claims because, as Apple argued in that motion, those claims improperly challenge lawful product improvements and lawful refusals to deal with rivals. *See* Dkt. 1004 (Motion for Summary Judgment) §§ IV.B–C; Dkt. 1031-1 (Plaintiffs' Opposition Brief) §§ IV.B–C; Dkt. 1044 (Reply Brief) §§ II.B–C. Apple therefore respectfully requests that the Parties be afforded the opportunity to be heard on the impact of this binding, precedential Ninth Circuit decision on Apple's pending motion for summary judgment.

Apple asked Plaintiffs to join this administrative motion or otherwise stipulate to the requested relief, but they declined to do so. *See* Declaration of Cynthia E. Richman ¶¶ 3–4. Plaintiffs asserted that supplemental briefing is unwarranted because this case is stayed pending Plaintiffs' Rule 23(f) appeal and because it is more "efficient" for the parties to submit supplemental briefing after that appeal is decided. *See id.* Ex. B. But although the Court has stayed the trial and pretrial deadlines, it maintains jurisdiction over all aspects of this case not bound up in the Rule 23(f) appeal. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (an "interlocutory appeal [] 'divests the district court of its control over those aspects of the case involved in the appeal'" (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)); Dkt. 1078 at 3 (clarifying that stay in pretrial deadlines does not impact filing of other motions). The Ninth Circuit's decision in *AliveCor* goes to the heart of Plaintiffs' case.

Granting Apple's summary judgment motion as *AliveCor* requires would obviate the need for the Rule 23(f) appeal itself, not to mention any further briefing following that appeal. Thus, allowing briefing on this dispositive precedent better promotes efficiency than Plaintiffs' piecemeal alternative. In any event, there is no sound reason to delay briefing even if the Court intends to decide the motion after a decision on the current appeal, as summary judgment does not turn on class certification.[1]

Accordingly, Apple requests permission for the Parties to file briefs, if they so choose, not to exceed four pages addressing the relevance of *AliveCor*, to be filed at 5:00 PM Pacific Time no later than three business days after such permission is granted. *See* Dkt. 775 (granting similar request to file simultaneous supplemental briefs concerning orders in the *Google Play Store* antitrust litigation).

A proposed order accompanies this motion.

DATED: January 21, 2026         **GIBSON, DUNN & CRUTCHER LLP**

By:   */s/ Cynthia E. Richman*
       CYNTHIA E. RICHMAN

Cynthia E. Richman (*pro hac vice*)
crichman@gibsondunn.com
Harry R. S. Phillips (*pro hac vice*)
hphillips@gibsondunn.com
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: 202.955.8234
Facsimile: 202.530.9691

Theodore J. Boutrous Jr. (132099)
tboutrous@gibsondunn.com
Daniel G. Swanson (116556)
dswanson@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Caeli A. Higney (268644)
chigney@gibsondunn.com
Julian W. Kleinbrodt (302085)
jkleinbrodt@gibsondunn.com
Dana L. Craig (251865)
dcraig@gibsondunn.com

---

[1] Plaintiffs also suggest, unconvincingly, that *AliveCor* is "inapposite" despite involving the same defendant, the same statute, and the same theories of harm. Richman Decl. Ex. B. Plaintiffs will have the opportunity to address *AliveCor*'s relevance in the proposed supplemental briefing.

Gibson, Dunn & Crutcher LLP

APPLE'S ADMIN. MOT. TO FILE SUPPLEMENTAL BRIEFING
REGARDING *ALIVECOR, INC. v. APPLE INC.*
Case No. 4:11-cv-06714-YGR
-2-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Eli M. Lazarus (284082)
elazarus@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Counsel for Defendant Apple Inc.*