# EXHIBIT 16

# GIBSON DUNN

Eli M. Lazarus
Of Counsel
T: +1 415.393.8340
M: +1 650.814.7016
elazarus@gibsondunn.com

HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

March 28, 2025

VIA ELECTRONIC MAIL

Mark C. Rifkin
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Ave.
New York, NY 10016

Kyle M. Wood
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3215

Re:    Declaration of Darryl Thompson

Dear Counsel:

I write on behalf of Apple Inc. ("Apple") regarding the March 7, 2025, Declaration of Darryl Thompson ("Thompson Declaration"), which also bears the label "Expert Report of Darryl Thompson."

On the March 7, 2025 deadline to serve opening expert reports in this matter, Plaintiffs served the Thompson Declaration on Apple. Mr. Thompson is identified as the chief information officer and chief operating officer for JND Legal Administration. His Declaration, which was sworn and signed by Mr. Thompson on that same March 7 deadline, broadly describes JND's purported process for deduplicating Apple's payor data based on "well-accepted methods of consolidating contact data in the claims administration field." Thompson Decl. ¶ 8. He offers the "opinion" that "based on [his] considerable experience and the methods [he] applied here," the ▮▮ billion payor records provided by Apple represent approximately ▮▮ million unique individuals and that this is a "reliable determination of unique individuals." *Id.* ¶¶ 8-10, 16-18.

Plaintiffs did not, however, include Mr. Thompson in their disclosure of "ten (10) expert witnesses whom Plaintiffs may call at trial to present evidence." *See* Plaintiffs' Disclosure of Expert Witnesses (March 7, 2025). Plaintiffs also did not serve a standalone expert report from Mr. Thompson, instead attaching his Declaration as an exhibit to the Expert Report of Minjae Song. *See* Song Report Ex. 1. Nor did Plaintiffs serve any backup materials related to the Thompson Declaration on the deadline for such productions under the Order Granting Expert Stipulation (Dkt. 201); and Plaintiffs have since told Apple they have no plans to disclose backup material from Mr. Thompson. *See* R. Byrd March 18, 2025 Email to R. Lin (confirming that Plaintiffs have not produced backup materials for Mr. Thompson and that "there are no other reports for which backup materials" will be produced). That said, the Thompson Declaration nevertheless bears

# GIBSON DUNN

Page 2

the stamp "Expert Report of Darryl Thompson."  The Thompson Declaration was signed on the deadline for opening expert reports.  *See* Dkt. 940 at 3.  And the opinions in the Thompson Declaration purport to meet the definition of expert testimony under the Federal Rules of Evidence because they are, by his own estimation, "based on scientific, technical, or other specialized knowledge."  Fed. R. Evid. 701(c); *see* Thompson Decl. ¶¶ 10, 12, 15, 17 (repeatedly referencing technical expertise).

Apple therefore requests clarification from Plaintiffs as to whether they are disclosing Mr. Thompson as "a witness" whom they "may use at trial to present evidence under Federal Rule 702, 703, or 705" who is "retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(A)-(B).

If Plaintiffs' position is that Mr. Thompson is not an expert witness required to produce a report under Rule 26(a)(2)(B), please confirm that Plaintiffs will not call him to testify as a witness at any trial or hearing in this matter nor rely on his opinions in support of or opposition to any motion. *See* Fed. R. Civ. P. 37(c)(1).  Please also confirm that Plaintiffs will withdraw the opinions of any other expert witnesses, including Dr. Song and Professor McFadden, to the extent they rely on Mr. Thompson's work.  *See* Song Report ¶ 70 & n.113 (explaining reliance on payor data matched by JND); ¶ 84 & Fig. 13 (presenting numbers of harmed and unharmed payors); McFadden Report ¶ 58 (opining that his model "can be used to identify which Class members were harmed and which were unharmed" given matching of data).  Courts routinely exclude expert opinions as lacking a "factual basis to support [the] opinions" where the expert relies on evidence not properly disclosed under Rule 26.  *See, e.g., Nichia Corp. v. Feit Elec. Co., Inc.*, 2022 WL 17222250, at *12 (C.D. Cal. Oct. 12, 2022) (excluding an expert's opinions citing Rule 37 because the expert relied on technical evidence not disclosed during discovery); *GPNE Corp. v. Apple Inc.*, 2014 WL 3870256, at *7 (N.D. Cal. Aug. 6, 2014) (excluding expert's damages opinion for relying on a technical expert's opinions that were not "separately disclosed by [plaintiff's] technical expert"); *Alaman v. Life Ins. Co. of N. Am.*, 2011 WL 2160242, *2 (D. Mont. June 1, 2011) ("Expert opinions will not be admitted unless the expert has been identified, and the facts or data considered for that expert's opinion have been disclosed in the expert's signed report.").  And Courts have "squarely rejected any argument that Rule 703 extends so far as to allow an expert to testify about the conclusions of other experts" who do not testify themselves.  *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 409 (6th Cir. 2006) (collecting cases).

If Plaintiffs' position is that Mr. Thompson is an expert witness, please:

1.  confirm that the Thompson Declaration attached as Exhibit 1 to Dr. Song's report is intended to be Mr. Thompson's opening expert report under Rule 26 and the Case Management Order;

2.  explain why Plaintiffs failed to comply with the Order Granting Expert Stipulation and produce, within two business days of the service of the Thompson Declaration, any "documents or data referred to" in the Thompson Declaration that were not previously produced, and "[t]o the extent the disclosures in [his] report include, rely upon, or describe exhibits, information, or data processed or modeled by a computer at the direction of an expert in the course of forming the expert's opinions" the "native copies

# GIBSON DUNN

of the data along with the appropriate programs, software, and instructions." *See* Dkt. 201 ¶ 2;

3. immediately produce all backup data, programs, code, and documents that Mr. Thompson relied upon in forming the opinions contained in his Declaration. *See* Dkt. 201 ¶ 2; Dkt. 877 at 4-5 (Apple explaining that "JND will have to turn over its matching protocol to Apple regardless, as required by Rule 26 and the expert evidence stipulation and order in this case"). This production must include (without limitation):

   a. documents and data sufficient to replicate the "methods of consolidating payor data" referenced in the Thompson Declaration, Decl. ¶¶ 8, 12;

   b. the "data cleansing algorithm" Mr. Thompson purportedly "developed" to make data usable for matching, *id.* ¶ 15.b;

   c. all versions of the "deduplication algorithm" Mr. Thompson claims to have written and used for this project, *id.* ¶¶ 15.d-15.f (describing Mr. Thompson's "iterative process" of applying algorithms to payor data and revising algorithm based on results);

   d. the "proprietary standards" Mr. Thompson apparently relied upon to "evaluat[e]" the strength of identifying information, *id.* ¶ 15.e; and

   e. the results of Mr. Thompson's purported "cross-check[]" of certain Apple payor data against publicly available address data, *id.* ¶ 15.g.

4. immediately supplement the Thompson Declaration with the following information required by the Order Granting Expert Stipulation: (i) a list of all publications authored in the previous ten years, (ii) a list of all other cases in which, during the previous four years, Mr. Thompson has testified as an expert at trial or by deposition, and (iii) a statement of Mr. Thompson's hourly rate paid for his work on this matter. *See* Dkt. 201 ¶ 1.

To the extent appropriate under the Protective Order in this case, the above materials can be produced as Highly Confidential—Attorneys' Eyes Only.

Finally, regardless of Plaintiffs' position on the above questions, Apple intends to depose Mr. Thompson regarding his opinions and the basis for those opinions. Please confirm that Plaintiffs will make Mr. Thompson available for a deposition and provide dates that he is available for an in-person deposition between April 28 and May 16.

**Given the compressed timeline for expert discovery and need to schedule multiple depositions, Apple requests a response to this letter by Wednesday, April 2.** Apple reserves all rights, including to move to strike the Thompson Declaration, and the opinions of any experts who rely on it, to the extent Plaintiffs fail to comply with the orders and Federal Rules governing expert discovery.

**GIBSON DUNN**

Page 4

Sincerely,

GIBSON, DUNN & CRUTCHER LLP

Eli M. Lazarus