# EXHIBIT 29

# GIBSON DUNN

Eli M. Lazarus
Of Counsel
T: +1 415.393.8340
M: +1 650.814.7016
elazarus@gibsondunn.com

CONFIDENTIAL

August 15, 2025

VIA EMAIL

Mark C. Rifkin
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

Rachele R. Byrd
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA 92101

Kyle M. Wood
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3215

Re:     *In re Apple iPhone Antitrust Litigation*, Case No. 4:11-cv-06714-YGR (N.D. Cal.)

Counsel:

We write in response to your August 13 email, which partially responded to our letter of August 2 concerning the untimely and improper supplemental report of Dr. Song.  Your email leaves unanswered many key questions and creates additional confusion, including as discussed below:

1. Are Plaintiffs withdrawing their purported expert for payor identification Darryl Thompson, along with Song's payor-based damages calculations, in favor of the account-based damages calculations in Song's supplemental report?  Plaintiffs are not entitled to hedge their bets and keep damages calculations in limbo while waiting to learn whether the Court will exclude Mr. Thompson.

2. Your email states, "We asked Dr. Song to prepare this supplement after the Court refused Plaintiffs' request to modify the class definition to apply the $10 spending cut-off at the payor level rather than the Apple ID level (based on Apple's opposition to our request) and after we reviewed your rebuttal expert reports and your Daubert motion with Dr. Song.  His supplemental expert report addresses issues that Apple raised in those documents.  In other words, Dr. Song's supplemental expert report addresses recent events that have occurred after his original and rebuttal reports were prepared and exchanged."  That is no explanation for why Song's supplemental report was requested or created.  His merits reports already calculated "Damages for Current Class Definition."  Song Report at 104-105, figures 24 & 25.  So the Court's decision not to change the class definition did not necessitate any new opinions.  You have identified no

# GIBSON DUNN

Re:    In re Apple iPhone Antitrust Litigation,
Case No. 4:11-cv-06714-YGR (N.D. Cal.)                                    Page 2

new facts in Apple's rebuttal reports that would justify an out-of-time supplement to Song's opinions.  And Apple's Daubert motion was served three days after you served the Song supplemental report, so your statement that you requested the supplemental report after reviewing the Daubert motion is plainly false.

3.  The Song supplemental report's reversion to analyzing based on accounts rather than payors identified by Mr. Thompson creates further confusion that threatens to disturb the notice plan that the parties have discussed.  Your email of August 5 proposes to send us a list of ██████████ (that is, identifiers for payors as identified by Mr. Thompson).  We responded on August 6 asking that you also "include the ██████████ associated with each ████████████████████████████d and an indication of which of those ██████████ Plaintiffs believe satisfy the current $10 cutoff," as you had previously confirmed you would do (see June 24, 2025 Email from R. Byrd).  Plaintiffs have not responded to our August 6 email.  Your August 5 email also proposes that your list of ██████████ would include indications of whether Plaintiffs contend that a given payor is injured.  Can you please explain why you propose including those indications, which appear to us to be extraneous to the identification of email addresses for purposes of class notice?  To be clear, Apple does not accept or agree with Mr. Thompson's assignment of ██████████ (or Plaintiffs' calculations of injury to class members), even if, at Plaintiffs' request, Apple provides email addresses based on ██████████.  Apple is prepared to move quickly to provide email addresses for class notice but needs to understand the email addresses that Plaintiffs request.  In order to resolve these issues as quickly as possible, we propose that the parties meet and confer today.  Please let us know when your team is available.

We will respond separately regarding your proposal to make Dr. Song available for a deposition.  Apple reserves all rights.


Sincerely,

*Eli Z*

Eli M. Lazarus
Of Counsel
EML