# EXHIBIT 41

BETSY C. MANIFOLD (182450)
RACHELE R. BYRD (190634)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
manifold@whafh.com
byrd@whafh.com

MARK C. RIFKIN (*pro hac vice*)
MATTHEW M. GUINEY (*pro hac vice*)
THOMAS H. BURT (*pro hac vice*)
**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
270 Madison Ave
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
rifkin@whafh.com
guiney@whafh.com
burt@whafh.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE ANTITRUST LITIGATION | No. 4:11-cv-06714-YGR |
| | **DECLARATION OF MINJAE SONG, Ph.D. IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT** |
| | CTROOM:    1, 4th Floor<br>JUDGE:    Hon. Yvonne Gonzalez Rogers |

[UNREDACTED VERSION]

I, Minjae Song, Ph.D., declare as follows:

1.    I submit this Declaration in support of Plaintiffs' Response to Apple's Motion for Summary Judgment and Opposition to Apple's *Daubert* Motion to Exclude the Opinions of Mr. Darryl Thompson & Prof. Alan MacCormack. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto.

2.    I submitted expert reports in this matter on March 7, 2025, June 13, 2025, and August 1, 2025.[1] I detailed my qualifications in Section I.A of my March 2025 Opening Report and provided my updated curriculum vitae in Appendix A of my June 2025 Rebuttal Report.

3.    In those prior reports, I estimated Class-wide damages by applying Prof. McFadden's damages model to all genres in the App Store transactions data. I provided calculations for both the scenario where Apple's price tiers are maintained ("Price Tier" scenario) and the scenario where Apple's price tiers are eliminated ("Flexible Pricing" scenario).[2]

4.    In its motion for summary judgment, Apple claims that Mr. Hayter does not suffer any monetary damages under Plaintiffs' damages model.[3]

5.    Using data Apple previously produced regarding Apple IDs for the named Plaintiffs, I have calculated that Mr. Hayter incurred monetary damages under the Price Tier scenario.[4]

6.    I understand that Apple's *Daubert* Motion calls into question the soundness of my implementation of Prof. McFadden's damages model because I calculated individual damages by

---

[1]    Expert Report of Minjae Song, Ph.D., *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, (N.D. Cal.), March 7, 2025 (hereafter referred to as the "Song 2025 Opening Report"). Rebuttal Expert Report of Minjae Song, Ph.D., *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, (N.D. Cal.), June 13, 2025. Supplemental Expert Report of Minjae Song, Ph.D., *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, (N.D. Cal.), August 1, 2025 (hereafter referred to as the "Song 2025 Supplemental Report").

[2]    Song 2025 Opening Report, ¶¶ 62-63. *See also,* Song 2025 Opening Report, Figure 13. *See also,* Song 2025 Supplemental Report, Figure 1.

[3]    Defendant Apple Inc.'s Notice of Motion and Motion for Summary Judgment; Memorandum of Points and Authorities in Support Thereof, *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, (N.D. Cal.), October 14, 2025, pp. 2, 23.

[4]    Apple previously produced a table identifying which anonymized accounts (███████") in the App Store transactions data it attributes to each named Plaintiff. *See* Letter from Daniel G. Swanson to Rachele R. Byrd (February 27, 2023).

assigning transactions to "payors," or individual Apple customers, relying in part on the deduplication work that Mr. Thompson conducted.[5]

7.    In fact, I have calculated Class-wide damages using Prof. McFadden's damages model both by assigning transactions to "payors" and by assigning transactions to the anonymized Apple IDs ██████████ already present in the App Store transactions data. In my Opening Report, I calculated individual damages by relying on data provided by Apple that mapped transactions to "payors," or Apple customers, that I understand were identified through Mr. Thompson's deduplication work. My analysis found that ████████ payors spent more than $10 on at least one account.[6] Those ████████ payors completed ████████ paid transactions on the App Store.[7] In my Supplemental Report, I calculated individual damages by mapping transactions to Apple IDs as Prof. McFadden had done at the class certification stage. That analysis found that ████████ Apple ID accounts had more than $10 in spending.[8]

8.    A comparison of the calculations at the "payor" level with those at the Apple ID level shows that ████████████ of transactions are included in both the Apple ID-based damages estimates and the payor-based damages estimates.[9]

9.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 2nd day of September, 2025, at Washington, D.C.

---

[5]    Defendant Apple Inc.'s Motion to Decertify the Class, *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, (N.D. Cal.), August 4, 2025, at 7:23-25.
[6]    Song 2025 Opening Report, ¶ 74.
[7]    Song 2025 Opening Report, ¶ 74.
[8]    Song 2025 Supplemental Report, Figure 1. Those 194,349,978 Apple IDs completed 18,241,568,917 paid transactions on the App Store, excluding the same set of transactions I removed as part of the data-cleaning steps described in my Opening Report. *See* Song 2025 Opening Report, ¶ 74 and Appendix C.5.
[9]    I can determine which transactions overlapped between the Apple ID-based and payor-based damages calculations by comparing the transaction IDs (████████) included in the list of ████████ paid transactions associated with payors that spent more than $10 on at least one account to the transaction IDs included in the list of ████████ paid transactions associated with Apple ID accounts with more than $10 in spending. For this comparison, I exclude transactions in which the quantity purchased is negative but the amount spent is positive.

DATED: September 2, 2025

Dr. Minjae Song