# EXHIBIT 42

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT**

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

|  |  |
|---|---|
| **IN RE APPLE IPHONE ANTITRUST LITIGATION** | **No. 4:11-cv-06714-YGR** |
|  | **Hon. Yvonne Gonzalez Rogers** |

SUPPLEMENTAL EXPERT REPORT OF

# MINJAE SONG, PH.D.

**AUGUST 1, 2025**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER

## CONTENTS

**I. Introduction** ...................................................................................................................1

**II. The Use of Apple IDs to Identify Class Members and Calculate Class-wide Damages** .....2

**III. Conclusion** ...................................................................................................................3

**Appendix A Materials Relied Upon** .............................................................................4

Figure 1: Class-Wide Damages Calculated by Identifying Class Members at the Account Level  3

Supplemental Expert Report of Minjae Song, Ph.D.                                    No. 4:11-cv-06714-YGR

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER

# I. Introduction

1. I previously submitted Expert Reports and Declarations in this matter on August 25, 2021, July 23, 2022, January 30, 2024, March 7, 2025, May 6, 2025, and June 13, 2025.[1] I detailed my qualifications in Section I.A of my March 2025 Opening Report and provided my updated curriculum vitae in Appendix A of my June 2025 Rebuttal Report.[2]

2. Counsel for Consumer Plaintiffs ("Counsel") has informed me that at a May 30, 2025 hearing regarding Consumer Plaintiffs' Motion to Modify Class Definition and in the Court's subsequent Order filed on June 11, 2025, the Court declined to modify the application of the $10 spending cut-off to the Payor ID level and opted to maintain its application at the Apple ID level.[3] Accordingly, Counsel has instructed me to identify Class members and calculate Class-wide damages using Apple IDs ("accounts") rather than payor IDs.

---

[1] Declaration of Minjae Song in Support of Plaintiffs' Opposition to Defendant Apple Inc.'s Daubert Motion to Exclude Testimony of Professor Daniel L. McFadden, *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, (N.D. Cal.), August 25, 2021. Declaration of Minjae Song in Support of Administrative Motion for an Order Modifying the Briefing and Hearing Schedule on Plaintiffs' Motion for Class Certification, *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, (N.D. Cal.), July 23, 2022. Declaration of Minjae Song, Ph.D., in Response to Order for Supplemental Information in Further Support of Renewed Motion for Class Certification, *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, (N.D. Cal.), January 30, 2024. Expert Report of Minjae Song, Ph.D., *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, (N.D. Cal.), March 7, 2025 (hereafter referred to as the "Song 2025 Opening Report"). Declaration of Minjae Song, Ph.D., *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, (N.D. Cal.), May 6, 2025. Rebuttal Expert Report of Minjae Song, Ph.D., *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, (N.D. Cal.), June 13, 2025 (hereafter referred to as the "Song 2025 Rebuttal Report").

[2] Song 2025 Opening Report, Section I.A. *See also,* Song 2025 Rebuttal Report, Appendix A.

[3] *In re Apple iPhone Antitrust Litig.*, No. 4:11-cv-06714-YGR, Hearing Tr. at 21:14–22:4 (N.D. Cal. May 30, 2025) (ordering to leave the Class definition "THE WAY IT IS," but also stating, "THIS CAN BE REVISITED IN BRIEFING, AND YOU SHOULD PLAN ON ADDRESSING IT WITH THE NEXT ROUND OF BRIEFING THAT COMES IN."); *In re Apple iPhone Antitrust Litig.*, No. 4:11-cv-06714-YGR, ECF No. 981, at *1 (N.D. Cal. June 11, 2025) (order) (denying without prejudice the "request to modify the class definition to apply the $10 lifetime spending threshold to Class members rather than Apple IDs," and noting "it expects parties to further brief the issue with forthcoming anticipated motions.").

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER

## II. The Use of Apple IDs to Identify Class Members and Calculate Class-wide Damages

3. In these calculations, I include any accounts (rather than payors) with more than $10 in total spending and classify each account as harmed or unharmed.[4] The damages model and the parameter estimates used in these calculations are unchanged from my March 2025 Opening Report.

4. Figure 1 below summarizes the results of my calculations under two different But-For pricing scenarios. The top panel presents results assuming that Apple's price tiers would not exist in the But-For world ("Flexible Pricing scenario"). The bottom panel presents results assuming either that Apple's price tiers persist in the But-For world or that developers set their prices at so-called focal prices absent Apple's price tier restrictions ("Price Tier scenario"). For each But-For pricing scenario, I report the number of included accounts, the spending associated with those accounts, and their resulting net harm both in total and broken out by harmed and unharmed accounts.

5. The total damages across harmed and unharmed accounts that meet the $10 spending cutoff are estimated at $20.382 billion under the Flexible Pricing scenario and $20.199 billion under the Price Tier scenario. The percentage of unharmed accounts is estimated to be 5.1 percent under the Flexible Pricing scenario and 5.8 percent under the Price Tier scenario.[5]

---

[4]    I classify accounts with positive monetary damages on net as "harmed" and accounts with zero or negative monetary damages as "unharmed." *See* Song 2025 Opening Report, ¶ 73.

[5]    $\frac{9,937,236}{194,349,978} \times 100\% = 5.1\%$ and $\frac{11,357,443}{194,349,978} \times 100\% = 5.8\%$.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER

**FIGURE 1: CLASS-WIDE DAMAGES CALCULATED BY IDENTIFYING CLASS MEMBERS AT THE ACCOUNT LEVEL**

|  |  | Total | Harmed Accounts | Unharmed Accounts |
|---|---|---|---|---|
|  |  | [A] | [B] | [C] |
| **Flexible But-For Pricing** |  |  |  |  |
| Number of Accounts | [1] | 194,349,978 | 184,412,742 | 9,937,236 |
| Spending (in $ millions) | [2] | ■■■ | ■■■ | ■ |
| Net Harm (in $ millions) | [3] | $20,382 | $20,414 | -$32 |
| **Price Tiers in But-For World** |  |  |  |  |
| Number of Accounts | [4] | 194,349,978 | 182,992,535 | 11,357,443 |
| Spending (in $ millions) | [5] | ■■■ | ■■■ | ■ |
| Net Harm (in $ millions) | [6] | $20,199 | $20,219 | -$19 |

Source: Brattle analysis of App Store transactions data.

Notes: Class-wide damages are calculated by applying the mean demand coefficients estimated across 75 0.1 percent samples to simulate But-For prices and estimate app-month overcharges. I then apply the estimated app-month overcharge to every App Store transaction in the data belonging to accounts that meet the $10 spending cutoff. Total damages shown in column [A] net out any negative damages from unharmed accounts. Total spending is computed as the sum of account-level spending from harmed and unharmed accounts. Columns [B] and [C] show statistics for harmed and unharmed accounts, respectively. Transactions associated with missing accounts are excluded. The analysis excludes transactions with a missing ("NA") genre, which amount to ■ in gross revenue. *See* Song 2025 Opening Report, Workpaper_Average Commission by Genre, 'missing_genre_rev.csv.'

# III. Conclusion

6. I reserve the right to supplement, update, or revise my opinions and analyses based on any information, documents, or data that are made available to me.

Minjae Song, Ph.D.

August 1, 2025

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER

## Appendix A Materials Relied Upon

### EXPERT REPORTS

Expert Report of Minjae Song, Ph.D., *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, (N.D. Cal.), March 7, 2025.

Rebuttal Expert Report of Minjae Song, Ph.D., *In re Apple iPhone Antitrust Litigation,* No. 4:11-cv-06714-YGR, (N.D. Cal.), June 13, 2025.

### DECLARATIONS

Declaration of Minjae Song in Support of Administrative Motion for an Order Modifying the Briefing and Hearing Schedule on Plaintiffs' Motion for Class Certification*, In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, (N.D. Cal.), July 23, 2022.

Declaration of Minjae Song in Support of Plaintiffs' Opposition to Defendant Apple Inc.'s Daubert Motion to Exclude Testimony of Professor Daniel L. McFadden, *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, (N.D. Cal.), August 25, 2021.

Declaration of Minjae Song, Ph.D., *In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, (N.D. Cal.), May 6, 2025.

Declaration of Minjae Song, Ph.D., in Response to Order for Supplemental Information in Further Support of Renewed Motion for Class Certification*, In re Apple iPhone Antitrust Litigation*, No. 4:11-cv-06714-YGR, (N.D. Cal.), January 30, 2024.

### CASE MATERIALS

*In re Apple iPhone Antitrust Litig.*, No. 4:11-cv-06714-YGR, ECF No. 981 (N.D. Cal. June 11, 2025) (order).

*In re Apple iPhone Antitrust Litig.*, No. 4:11-cv-06714-YGR, Hearing Tr. (N.D. Cal. May 30, 2025).

**CERTIFICATE OF SERVICE**

I, Jasmin Rangel, hereby certify that I am a citizen of the United States, over the age of eighteen, and not a party to the within action.  I hereby certify that on August 1, 2025, I delivered the foregoing documents:

**SUPPLEMENTAL EXPERT REPORT OF MINJAE SONG, PH.D.**

via electronic mail, pursuant to an agreement among the parties for electronic service, to the counsel listed on the attached service list.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 1st day of August 2025 at San Diego, California.

By: _____

JASMIN RANGEL

IN RE APPLE iPHONE ANTITRUST LITIGATION
Case No.: 4:11-cv-06714-YGR
Service List – July 15, 2025
Page 1

## CLASS COUNSEL FOR PLAINTIFFS

Betsy C. Manifold
Rachele R. Byrd
Stephanie Aviles
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA 92101
619/239-4599
619/234-4599 (fax)
manifold@whafh.com
byrd@whafh.com
saviles@whafh.com

Mark C. Rifkin
Matthew M. Guiney
Thomas H. Burt
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Ave.
New York, NY 10016
212/545-4600
212/545-4677 (fax)
rifkin@whafh.com
guiney@whafh.com
burt@whafh.com

David C. Frederick
Aaron M. Panner
Kyle M. Wood
Kelley Schiffman
Anna Link
Ashle Holman
James M. Webster, III
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, NW Suite 400
Washington, D.C. 20036
202/326-7900
202/326-7999 (fax)
dfrederick@kellogghansen.com
apanner@kellogghansen.com
kwood@kellogghansen.com
kschiffman@kellogghansen.com
alink@kellogghansen.com
aholman@kellogghansen.com
jwebster@kellogghansen.com

## COUNSEL FOR DEFENDANT

Theodore J. Boutrous Jr.
Richard J. Doren
Daniel G. Swanson
Dana Lynn Craig
Michael J. Holecek
Jason C. Lo
Jay P. Srinivasan
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
213/229-7000
213/229-7520 (fax)
tboutrous@gibsondunn.com
rdoren@gibsondunn.com
dswanson@gibsondunn.com
dcraig@gibsondunn.com
mholecek@gibsondunn.com
jlo@gibsondunn.com
jsrinivasan@gibsondunn.com

Rachel S. Brass
Eli M. Lazarus
Caeli A. Higney
Julian W. Kleinbrodt
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
415/393-8293
415/393-8306 (fax)
rbrass@gibsondunn.com
elazarus@gibsondunn.com
chigney@gibsondunn.com
JKleinbrodt@gibsondunn.com
AppleCounsel-Pepper-External@gibsondunn.com

Cynthia E. Richman
Harry Phillips
GIBSON, DUNN & CRUTCHER LLP
1700 M Street N.W.
Washington, D.C. 20036-4504
202/955-8234
202/530-9691 (fax)
crichman@gibsondunn.com
hphillips2@gibsondunn.com

IN RE APPLE iPHONE ANTITRUST LITIGATION
Case No.: 4:11-cv-06714-YGR
Service List – July 15, 2025
Page 2

Betty X. Yang
GIBSON DUNN AND CRUTCHER LLP
2100 McKinney Ave, Suite 1100
Dallas, TX 75201
214/698-3100
214/571-2900 (fax)
BYang@gibsondunn.com

Zainab Ahmad
GIBSON, DUNN AND CRUTCHER
200 Park Avenue
New York, NY 10166-0193
212-351-2609
ZAhmad@gibsondunn.com

David R. Eberhart
Anna T. Pletcher
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
415/984-8700
415/984-8701 (fax)
deberhart@omm.com
apletcher@omm.com

Michelle S. Lowery
McDERMOTT WILL & EMERY LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
310/277-4110
310/277-4730 (fax)
mslowery@mwe.com

Elizabeth Rodd
McDERMOTT WILL & EMERY LLP
200 Clarendon Street, Floor 58
Boston, MA 02116-5021
617-835-4040
617-321-4577 (fax)
erodd@mwe.com

John J. Calandra
McDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, NY 10017-3852
212-547-5400
212-547-5444 (fax)
jcalandra@mwe.com

Hannah L. Cannom
Bethany M. Stevens
WALKER STEVENS CANNOM LLP
500 Molina Street #118
Los Angeles, CA 90013
213/337-9972
213/403-4906 (fax)
hcannom@wscllp.com
bstevens@wscllp.com