# EXHIBIT 42

**Pages 1 - 20**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Thomas S. Hixson, Magistrate Judge

IN RE APPLE iPHONE ANTITRUST     )
LITIGATION,                      )   **NO. C 11-06714 YGR (TSH)**
_____  )

San Francisco, California
Friday, August 9, 2024

<u>**SEALED TRANSCRIPT OF VIDEOCONFERENCE PROCEEDINGS OF THE**</u>
<u>**OFFICIAL ELECTRONIC SOUND RECORDING 11:14 - 11:41 a.m.**</u>

<u>**APPEARANCES**</u>: (via videoconference)

For Plaintiffs:

WOLF, HALDENSTEIN, ADLER, FREEMAN
& HERZ LLP
270 Madison Avenue
New York, New York  10016
BY:  **THOMAS H. BURT, ATTORNEY AT LAW**

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK
Sumner Square
1615 M Street NW
Washington, D.C.  20036
BY:  **KYLE M. WOOD, ATTORNEY AT LAW**

For Defendant:

GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center - Suite 2600
San Francisco, California  94111
BY:  **CAELI A. HIGNEY, ATTORNEY AT LAW**

Transcribed By:     Marla F. Knox, RPR, CRR, RMR
United States Official Court Reporter

the correction.

Rose, it looks like Ms. Lin is in the waiting room.

**MR. BURT:**  Your Honor, I recognize Ms. Lin as an appropriate participant in this call.

**THE COURT:**  And does Apple as well?

**MS. HIGNEY:**  Yes, Your Honor.

(Pause in proceedings.)

**THE COURT:**  Okay.  Thank you.

**THE CLERK:**  She is joining, Judge.

**THE COURT:**  Great.  The parties have filed under seal the declaration of Darryl Thompson, which I have had the opportunity to review.  So, let me turn to Plaintiffs for your argument, please.

**MR. BURT:**  Thank you, Your Honor.  What Apple asked for, which was a ministerial set of instructions or algorithm or code that would allow Apple to do the process within its own walls of matching up payors to accounts -- bearing in mind that we have already accepted that Apple can do the matching of transactions to people and that that need never leave its walls beyond the very small sample that already has -- the information about the people, not their transactions, the process of matching that, that Apple had hoped would be simple, ministerial, replicable, verifiable, it is not.

I think the factual record made by the declaration is that it just isn't.  It is an iterative process that isn't only

iterative but requires judgment.

It requires specialized expertise and problem solving. It's not the sort of thing that can just be embodied in a set of instructions.

So that idea, it just doesn't exist. And I think the factual record is quite clear on that.

As to the idea that somehow JND could walk Apple through it so that Apple could maintain the payor information within its own walls instead of within the air gapped information to JND and then be sort of slowly coached through the process one iteration at a time, I think also the factual record is that that is not practicable.

I'm going to point out three places in the declaration that bear directly on this. It is subparagraph 7D, 7K and 9B, where JND says we don't know how to do that.

It is -- it is quite a different thing to teach somebody what one does with expertise. I don't think I could coach somebody through being a litigator step-by-step as they litigated a case.

I don't expect JND to try to coach people through the de-duplication process that it does through the experience it has developed over years and many very large engagements.

So, Apple has had since February to articulate how -- how it is that the personally identifying information, not the transactions, and we -- again, we understand that matching the

transactions -- what apps people buy, what content they buy in them -- we understand that that's very sensitive; and we have agreed that Apple can keep that forever within its own walls except for -- except for the small sample that has already been turned over so that it can never be matched to an individual person.  And that when it's turned over for the --

THE COURT:  Let me pause you right here.  What specifically are you asking me to order Apple to produce to JND?  You have described it as "account information" or "personal identifying information."  What's the right terminology of what you are asking for?

MR. BURT:  Payor information.

THE COURT:  Payor information?

MR. BURT:  Payor information.  It is the fields of payor information produced in the sample.

(Pause in proceedings.)

THE COURT:  And is it for all potential class members?

MR. BURT:  Yes, Your Honor.

(Pause in proceedings.)

THE COURT:  And would I also want to say not including transactional information?

MR. BURT:  I believe that's correct, not -- we all know what the transactional information means.  We all know what the payor identifying information means.  I don't think anyone is confused about definitions there, Your Honor.

**THE COURT:** Okay. Well, good. Thank you. I just wanted to make sure I say the right thing in my order but continue.

**MR. BURT:** So, I don't think that we have ever heard articulated a particular risk that applies to the payor identification information, not to the transactional information.

I think we have set up all the safeguards that could be reasonably required in these circumstances, and we are now talking about a process that is Plaintiffs' obligation to perform.

We have gone out of our way to find a vendor that can do it, that has already passed muster with Apple. And on top of that, we have imposed some -- we have worked with Apple to create some fairly stringent restrictions on how the information is used to make sure that we -- we give that more safeguarding than I think is even necessary here for that information.

Apple has never come back and said: Now, here is the threat model we are concerned about. Here is the thing, leaving aside the transactions, but just that payor identification information that is particularly sensitive.

Now, I expect that Apple is going to raise something with Your Honor that came up, as Apple says, for the first time in the declaration.