# EXHIBIT 50

CONFIDENTIAL PURSUANT TO THE PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

IN RE APPLE IPHONE

ANTITUST LITIGATION,          Case No. 11-cv-06714

_____          YGR (TSH)

DONALD R. CAMERON, et al.,

    Plaintiffs,

       vs.          Case No. 19-cv-03074

YGR (TSH)

Apple Inc.,

    Defendant.

_____

 **CONFIDENTIAL PURSUANT TO THE PROTECTIVE ORDER**

ZOOM DEPOSITION OF EINER ELHAUGE

(Reported Remotely via Video & Web Videoconference)

Newton, Massachusetts (Deponent's location)

Friday, July 30, 2021

Volume I

STENOGRAPHICALLY REPORTED BY:

REBECCA L. ROMANO, RPR, CSR, CCR

California CSR No. 12546

Nevada CCR No. 827

Oregon CSR No. 20-0466

Washington CCR No. 3491

JOB NO. 4731140

PAGES 1 - 324

Page 1

CONFIDENTIAL PURSUANT TO THE PROTECTIVE ORDER

available on Microsoft tablets?                    02:51:54

A.   But I think true Microsoft tablets are --
are very trivial market share, so that's why I
think there's a -- a fine approximation to
calculate the share in this overly broad market for    02:52:08
all app distribution by including the App Store and
the Google Play Store.

Q.   So you disregarded it because you believe
it's a trivial market share?  Is that why you
didn't include Steam transactions?                  02:52:23

A.   Well, we don't have any good data for it.
At least I don't currently.  And frankly, if there
was, I would include them in this calculation.  It
would not in any way change the class-wide nature
of the calculation.  It might change the numbers    02:52:41
somewhat, but it would remain the class-wide number
in a class-wide methodology.

Here I'm just trying to establish this --
you know, the existence of class-wide methodologies
for addressing the relevant issues on this          02:52:54
alternative market definition, that is -- that's
one I disagree with.

Q.   Professor, how does evidence that a firm
has been able to successfully exclude rivals
directly prove that the firm has market power?      02:53:10

Page 159

CONFIDENTIAL PURSUANT TO THE PROTECTIVE ORDER

A.   Well, unless you have power, you're not   02:53:13
going to be able to exclude your rivals, because if
you're able to impose a -- a condition that
excludes your rivals, you must have enough market
power to be able to impose that condition.   02:53:24

Q.   Can you identify any specific iOS app
stores that Apple excluded?

A.    iOS app stores that they excluded.
Well, sure.  I mean, I -- because -- what, Cydia
was one that had a very high market share and --   02:53:49
not high market share.  They had a -- a significant
amount of sales and, you know, typing exclusivity
restraints has sharply reduced those sales.

        And I think Epic obviously was one and
they want to enter into this market, but they're   02:54:07
being excluded by the use of restraints.  And --
let's see.  I mentioned another one as well.

        Yeah, and -- and I -- I would say not
that they've attempted to do so, but that Google,
Amazon and Steam are all very likely entrants and   02:54:39
thus they're being excluded currently by these
exclusivity restraints.  But in the but-for world,
I conclude that they are highly likely to enter.

Q.   And your opinion is that if Google
entered the but-for world, the relevant market that   02:54:56

Page 160

Veritext Legal Solutions
866 299-5127

you define would be more competitive, thanks to    02:54:59

Google's participation?

A.    Yes.    If Google was competing with Apple

in the same market, the -- the market would be more

competitive.    02:55:11

Q.    Have you analyzed whether Apple's

30 percent default commission rate was

supracompetitive when adopted in 2008?

MS. MANIFOLD:    Objection.

THE DEPONENT:    Yes.    I think this goes    02:55:28

back to the question you raised before.    My

preliminary opinion is it had monopoly power then,

so the price was anticompetitive from the get-go.

Q.    (By Mr. Swanson)    Is that opinion -- does

that opinion appear in your report?    02:55:42

A.    No.    As I've already said, it wasn't

necessary for any of my conclusions.    But I think

it would be relevant if somebody tried to make the

argument that because it was 30 percent back then,

that that's a competitive commission.    02:55:56

Q.    Are you familiar with the term "critical

mass" as it's used in connection with multisided

platforms?

A.    Yes.

Q.    Can you define the term?    02:56:11

Page 161

CONFIDENTIAL PURSUANT TO THE PROTECTIVE ORDER

I, Rebecca L. Romano, a Registered Professional Reporter, Certified Shorthand Reporter, Certified Court Reporter, do hereby certify:

That the foregoing proceedings were taken before me remotely at the time and place herein set forth; that any deponents in the foregoing proceedings, prior to testifying, were administered an oath; that a record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; that the foregoing transcript is true record of the testimony given.

Further, that if the foregoing pertains to the original transcript of a deposition in a Federal Case, before completion of the proceedings, review of the transcript [ ] was [X] was not requested.

I further certify I am neither financially interested in the action nor a relative or employee of any attorney or any party to this action.

IN WITNESS WHEREOF, I have this date subscribed my name.

Dated: August 1, 202

_____
Rebecca L. Romano, RPR, CCR
CSR. No 12546

Page 321

Veritext Legal Solutions
866 299-5127