# EXHIBIT 76

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

———

(202) 326-7900

FACSIMILE:
(202) 326-7999

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

April 8, 2025

*Via Electronic Mail*

Eli Lazarus
Gibson, Dunn & Crutcher LLP
One Embarcadero Center
Suite 2600
San Francisco, CA 94111-3715

> Re: *In re Apple iPhone Antitrust Litig.*, No. 4:11-cv-06714-YGR (N.D. Cal.)

Dear Mr. Lazarus:

Thank you for your letters of March 28 and April 7, 2025, regarding Darryl Thompson's report. As I confirmed to you via email on April 2, Apple should consider Mr. Thompson an expert witness under Rule 26(a)(2)(A).

Contrary to your claims, Plaintiffs have not violated any Rule or Order in this case, nor have they "failed" to produce the data and documents that Mr. Thompson relied upon in performing his deduplication work. Pursuant to the protocol that Apple demanded, Apple delivered the entirety of the data that Mr. Thompson worked with to an air-gapped computer that only he could access. *See* ECF No. 882 ¶ 5(c); Email from T. Burt to C. Higney et al. (May 1, 2024, 5:18 p.m. ET) (confirming that the then-unproduced payor data "will enjoy the full protections at JND that we have discussed, residing in an air-gapped environment under access controls"). The NCOA database, referenced in paragraph 15(g) of Mr. Thompson's report, is publicly available and therefore did not need to be produced. *See* ECF No. 201 ¶ 2 ("Documents that are publicly available must be identified but need not be produced absent specific request.").

Although under no obligation to do so under the Federal Rules or the operative Order Granting Expert Stipulation, Plaintiffs will make the air-gapped computer available to Apple and its expert consultants for inspection during JND's normal business hours from 9:00 a.m. PT to 5:00 p.m. PT at its office space located at 1100 2nd Avenue, Suite 105, Seattle, Washington, 98101. The data that Apple produced to Plaintiffs, and iterations of Mr. Thompson's work, remain available on that computer. The parties must treat that data and work product as HIGHLY CONFIDENTIAL – PAYOR DATA Information or Items under the Supplemental

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Mr. Eli Lazarus
April 8, 2025
Page 2

Protective Order Governing Payor Data.  *See* ECF No. 882 ¶ 2(c).  As a result, Plaintiffs cannot honor Apple's request to produce any of that data to Apple by means of electronic transfer; it must remain in the air-gapped environment.  *See* ECF No. 882 ¶ 5(c) ("Receiving Party shall not copy, remove, or otherwise transfer any portion of the 'HIGHLY CONFIDENTIAL – PAYOR DATA' Information or Items onto any recordable media or recordable device, except solely for the purpose of creating a backup of the work product that exists on the secure computer in the unlikely event the secure computer experiences a hardware or system failure.").  Of course, you must treat the data on the air-gapped computer according to the same demanding terms you imposed on us: you may not copy, remove, or otherwise transfer any portion of the data; you may not bring any writing materials into the secure room with you; and you must log all those who enter the room to inspect the computer.

Although under no obligation to do so under the Federal Rules or the operative Order Granting Expert Stipulation, Plaintiffs also will make available for inspection the algorithms Mr. Thompson developed to assist in his deduplication efforts.  Given the proprietary and trade secret nature of those algorithms, Plaintiffs will be designating them as "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.  *See* ECF No. 381 ¶ 2.9 (defining this category of material as "extremely sensitive 'Confidential Information or Items' representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software . . . designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by a less restrictive means"); *id.* ¶ 8(a) ("[A] Producing Party may designate source code as 'HIGHLY CONFIDENTIAL – SOURCE CODE' if it compromises or includes confidential, proprietary, or trade secret source code.").  This designation should come as no surprise to Apple, as it has known Plaintiffs' and JND's position regarding the proprietary and trade secret nature of JND's deduplication algorithms since May 2024.  *See* ECF No. 877 at 4; ECF No. 905 ¶¶ 7(b)-(c), 7(g), 9(a) (Mr. Thompson averring to the highly proprietary nature of JND's deduplication process).  Mr. Thompson's proprietary code used for deduplication also resides exclusively on the air-gapped computer at JND's Seattle office, making that computer the ideal location for Apple's inspection.  *See id.* ¶ 8(c) ("Any source code shall be made available for inspection in a format through which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times at a location that is mutually agreed upon. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device."). That, too, must be treated by you according to those same demanding terms.

Finally, Plaintiffs will soon be serving a Supplemental Expert Report of Darryl Thompson, which will include a specification of Mr. Thompson's hourly rate.  *See* ECF No. 201

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Mr. Eli Lazarus
April 8, 2025
Page 3

¶ 1.  Mr. Thompson has not authored any publications in the last ten years.  Nor has Mr. Thompson testified as an expert at trial or by deposition in any matter within the last four years. As you will recall, Plaintiffs have already provided Apple a list of class action settlement administrations for which Mr. Thompson reviewed or oversaw the review of data in the last four years.  That list is appended to Mr. Thompson's original submission as Appendix B.

We trust this resolves the issues raised in your March 28 and April 7 letters.  Plaintiffs are available to meet and confer if useful.

Very truly yours,

*/s/ Kyle M. Wood*

Kyle M. Wood

cc:   Counsel of Record